Roksana D. Moradi-Brovia (Bar No. 266572)
W. Sloan Youkstetter (Bar No. 296681)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
roksana@RHMFirm.com
sloan@RHMFirm.com

*Proposed Attorneys for Debtor*
Northern Holdings, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SATNA ANA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:20-bk-13014-MW |
| | Chapter 11 |
| NORTHERN HOLDINGS, LLC, | **STATUS REPORT; DECLARATION OF LEROY CODDING IN SUPPORT THEREOF** |
| Debtor. | |
| | Date: January 13, 2021<br>Time: 9:00 a.m.<br>Place: Courtroom 6C<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE AND HIS COUNSEL OF RECORD; AND ALL CREDITORS AND PARTIES IN INTEREST:**

Northern Holdings, LLC, the debtor and debtor-in-possession ("DIP") herein (hereinafter "Debtor"), commenced its bankruptcy case by filing an emergency voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code") on October 28, 2020.

The Debtor is operating and managing its affairs as a DIP pursuant to §1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this Chapter 11 case.

**RESNIK HAYES MORADI LLP**

Per the order of this Court (Docket No. 12), the Debtor hereby submits its Status Report:

A. **Introduction.**

The Debtor is a Minnesota LLC created on April 30, 2012 for the purpose of acquiring and restructuring a wine importer/distribution company in St. Paul, MN. Subsequently, the business held a minority stake in a newly formed import company and later disbanded in spinoffs. *Leroy Codding is the sole and managing member of the Debtor.*

The Debtor currently owns and operates three real properties as follows:

| | |
|---|---|
| "Live Oak"<br><br>2380 Live Oak Road<br>Paso Robles, CA  93446<br><br>*2 homes on the property.*<br><br>Unit #1 is vacant (tenant moved 10/20/2020); the unit is currently being renovated and is not ready for occupation. Mr. Codding is personally paying for the renovations. The Debtor estimates that the renovation will be completed by January 30, 2021.<br><br>Tenant #2 is former owner Erich Russell who pays $12,000; lease ends 1/1/2022; rent is current.<br><br>*Debtor will contract with a third-party to farm and will receive revenue from fruit sales.* | FMV $9,700,000<br><br>1st TD:<br>Farm Credit (cross-collateralized with 1172 and Texas Road)<br>$19,040,509.25 (per the Motion for Relief)<br><br>Property Taxes:<br>County of San Luis Obispo County Tax Collector<br>$13,625.84 |

**RESNIK HAYES MORADI LLP**

2

| | |
|---|---|
| "1172"<br><br>1172 San Marcos Road<br>Paso Robles, CA 93446<br><br>*Winery facility (42,000 sq ft) and residential apartment.*<br><br>Winery tenant is Rabbit Ridge Wine Winery. Base rate of $15,000/month; rent is current. Profit share of third-party Custom Crush revenue of approximately $11,400/month. Billed monthly in arrears.<br><br>Apartment tenant is Bill Tolar who pays $1,600; lease ends 6/30/2021; rent is current.<br><br>*Debtor will contract with a third party to farm and will receive revenue from fruit sales.* | FMV $11,500,000<br><br>1st TD:<br>Farm Credit (cross-collateralized with Live Oak and Texas Road)<br>$19,040,509.25 (per the Motion for Relief)<br><br>Property Taxes:<br>County of San Luis Obispo County Tax Collector<br>$3,200,000 |
| "Texas Road"<br><br>APN 027-145-022<br><br>42-acre vineyard (permits obtained for a single-family residence but no plan to proceed with construction at this point).<br><br>*Debtor will contract with a third-party to farm and will receive revenue from fruit sales.* | FMV $4,300,000<br><br>1st TD:<br>Farm Credit (cross-collateralized with 1172 and Live Oak)<br>$19,040,509.25 (per the Motion for Relief)<br><br>Property Taxes:<br>County of San Luis Obispo County Tax Collector<br>$6,618.26 |

The Debtor acquired the above properties from Erich Russell on October 27, 2020.

The Debtor also owns equipment: various pumps and irrigation capital equipment; trellis systems, miscellaneous winery equipment.

This case was filed in order to stop a foreclosure sale of the Debtor's real properties by lienholder Farm Credit and so that it can reorganize its financial affairs.

**B. <u>Whether debtor is in compliance with all of its duties under 11 U.S.C. §§ 521, 1106, and 1107, and all applicable guidelines of the Office of the United States Trustee ("UST"):</u>**

The Debtor believes that it is in substantial compliance with its obligations as a DIP at this time. The only remaining compliance that must be submitted to the UST is updated insurance policies to name the Debtor as the insured and to add the UST as an additional interested party, and voided DIP checks. Both will be submitted by the time of the Status Conference.

**C. <u>Whether debtor has employed any professionals. If so, whether the Court has approved the employment:</u>**

The Debtor filed its *Application to Employ Resnik Hayes Moradi LLP as General Bankruptcy Counsel* on November 17, 2020 [Docket No. 25]. No objections to the proposed employment have been received.

The Debtor may employ a real estate broker if it is unable to sell the 1172 property itself.

**D. <u>Whether all administrative tax claims have been fully paid on a current basis. If not, what is the size and nature of delinquency:</u>**

The Debtor has not paid its postpetition property taxes yet. Because the Debtor is actively looking for financing, it believes that any financing secured will pay all postpetition property taxes in full.

The Debtor owes $13,236.52 on Texas Road. The Debtor owes $27,251.68 on Live Oak.

///
///
///
///

**RESNIK HAYES MORADI LLP**

E. **The status of debtor's postpetition operations:**

Farm Credit filed its *Motion for Relief from the Automatic Stay under 11 U.S.C. §362(d)(1), (2), and (4)* (the "Motion for Relief") on November 6, 2020 [Docket No. 11]. After review of the Debtor's *Objection* thereto [Docket No. 24] and the *Supplemental Declaration* in support of the Objection [Docket No. 28], and Farm Credit's Reply [Docket No. 27)], the Court entered its *Order Continuing Hearing on Motion for Relief from Stay* [Docket No. 32] on December 2, 2020; continuing the hearing on the Motion for Relief to March 22, 2020.

The Debtor's goal in this case is to quickly sell the 1172 property and secure financing to pay off Farm Credit, thereby resolving its liens on the remaining two properties.

To that end, the Debtor is currently negotiating the sale of the 1172 property for approximately $11,400,000. Currently, the Debtor has two potential buyers, Rabbit Ridge Wine Winery (insider) and Continental/Broken Earth Winery (third-party). However, the Debtor is also working with the USDA to secure financing for 1172 in case it is unable to sell it. Additionally, the Debtor is negotiating with Broken Earth Winery to do a custom crush arrangement that would lead to lease option/buyout.

The Debtor is actively looking to obtain financing for Live Oak for approximately $9,500,000.

The Debtor is also currently negotiating lease agreements of some or all of the vineyard blocks to third party growers. This will generate additional income for the Debtor and assist in the process of securing a new loan.

The Debtor is trying to secure more business with Custom Crush. It is also actively negotiating with Broken Earth Winery and WarRoom Ventures to lease vineyard blocks. This incremental business would result in additional income of approximately $12,000 per month and a windfall of $230,000 to $600,000 for harvest in September and October.

The Debtor is negotiating for vineyard leases on San Marcos. The Debtor is attempting to have a third-party lease of a portion of the vineyard and is trying to secure a planting/fruit sales contract with Justin Winery.[1]

F. **The status of any postpetition litigation involving debtor:**

The Debtor does not anticipate any postpetition litigation.

G. **The status of any executory contracts or unexpired leases involving non-residential real property with respect to which debtor is a lessee, and debtor's intentions regarding the assumption/rejection of such contracts and leases:**

The Debtor has a profit share of a third-party entity Custom Crush's revenue of approximately $11,400/month. *The Debtor intends to assume this contract.*

The Debtor is not a lessee to any unexpired leases involving nonresidential real property.

H. **Estimated date on which a plan and disclosure statement will be filed and served, if the same has not been filed already:**

The Debtor proposes April 30, 2021 as the deadline to file its disclosure statement in support of Chapter 11 plan of reorganization and Chapter 11 plan or reorganization.

///
///
///
///
///
///
///
///

---

[1] Justin Winery is part of the Wonderful Company.

**RESNIK HAYES MORADI LLP**

6

### I. **Reasons why a plan and disclosure statement cannot be filed until the date stated above:**

As set forth above, the Debtor is currently marketing the 1172 property for sale is also working on securing financing to pay off the Farm Credit debt. The Debtor hopes to at a minimum obtain a new loan and/or sell the 1172 property with Court authority before it files its Disclosure Statement and Plan as this progress in resolving claims will bolster the feasibility of its Plan.

### J. **The proposed deadline for filing proofs of claim:**

The Debtor proposes March 22, 2021 as the deadline to file claims.

### K. **Whether the estate has any potential avoidance actions as described in 11 U.S.C. § 546:**

The Debtor is still investigating whether the estate has any avoidance actions.

### L. **Debtor's intentions with respect to the use of cash collateral:**

The Debtor's noncash collateral income supports its various expenses at this time and therefore the Debtor is segregating rents from each property in its respective DIP cash collateral bank account and will continue to do so until it obtains confirmation of a plan. In the event the Debtor needs to use the rents it will be seek consent from Farm Credit via stipulation or will file a motion for approval of use of cash collateral; alternatively, the Debtor's principal will fund those expenses.

Dated: December 23, 2020                **RESNIK HAYES MORADI LLP**

                                                          **By:    /s/ Roksana D. Moradi-Brovia**
                                                               **Roksana D. Moradi-Brovia**
                                                                **W. Sloan Youkstetter**
                                                                *Proposed Attorneys for Debtor*
                                                                 Northern Holdings, LLC

**RESNIK HAYES MORADI LLP**

# DECLARATION OF LEROY CODDING

I, Leroy Codding, declare as follows:

1. I am over the age of 18. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2. I am the sole and managing member and the custodian of records of Northern Holdings, LLC, the debtor and debtor-in-possession herein (the "Debtor"). I am authorized to make decisions for the Debtor.

3. The Debtor commenced this case on October 28, 2020.

4. The Debtor is a Minnesota LLC that I created on April 30, 2012 for the purpose of acquiring and restructuring a wine importer/distribution company in St. Paul, MN. Subsequently, the business held a minority stake in a newly formed import company and later disbanded in spinoffs.

5. The Debtor currently owns and operates three real properties as follows.

| "Live Oak" | FMV $9,700,000 |
|---|---|
| 2380 Live Oak Road<br>Paso Robles, CA  93446<br><br>*2 homes on the property.*<br><br>Unit #1 is vacant (tenant moved 10/20/2020); the unit is currently being renovated and is not ready for occupation. Mr. Codding is personally paying for the renovations. The Debtor estimates that the renovation will be completed by January 30, 2021.<br><br>Tenant #2 is former owner Erich Russell who pays $12,000; lease ends 1/1/2022; rent is current. | 1st TD:<br>Farm Credit (cross-collateralized with 1172 and Texas Road)<br>$19,040,509.25 (per the Motion for Relief)<br><br>Property Taxes:<br>County of San Luis Obispo County Tax Collector<br>$13,625.84 |

**RESNIK HAYES MORADI LLP**

8

| | | |
|---|---|---|
| | *Debtor will contract with a third-party to farm and will receive revenue from fruit sales.* | |
| | "1172"<br><br>1172 San Marcos Road<br>Paso Robles, CA 93446<br><br>*Winery facility (42,000 sq ft) and residential apartment.*<br><br>Winery tenant is Rabbit Ridge Wine Winery. Base rate of $15,000/month; rent is current. Profit share of third-party Custom Crush revenue of approximately $11,400/month. Billed monthly in arrears.<br><br>Apartment tenant is Bill Tolar who pays $1,600; lease ends 6/30/2021; rent is current.<br><br>*Debtor will contract with a third party to farm and will receive revenue from fruit sales.* | FMV $11,500,000<br><br>1st TD:<br>Farm Credit (cross-collateralized with Live Oak and Texas Road)<br>$19,040,509.25 (per the Motion for Relief)<br><br>Property Taxes:<br>County of San Luis Obispo County Tax Collector<br>$3,200,000 |
| | "Texas Road"<br><br>APN 027-145-022<br><br>42-acre vineyard (permits obtained for a single-family residence but no plan to proceed with construction at this point).<br><br>*Debtor will contract with a third-party to farm and will receive revenue from fruit sales.* | FMV $4,300,000<br><br>1st TD:<br>Farm Credit (cross-collateralized with 1172 and Live Oak)<br>$19,040,509.25 (per the Motion for Relief)<br><br>Property Taxes:<br>County of San Luis Obispo County Tax Collector<br>$6,618.26 |

6. The Debtor acquired the above properties from Erich Russell on October 27, 2020.

7. The Debtor also owns equipment: various pumps and irrigation capital equipment; trellis systems, miscellaneous winery equipment.

///

**RESNIK HAYES MORADI LLP**

9

8. This case was filed in order to stop a foreclosure sale of the Debtor's real properties by lienholder Farm Credit and so that it can reorganize its financial affairs.

9. I believe that the Debtor is in substantial compliance with its obligations as a DIP at this time. The only remaining compliance that must be submitted to the UST is updated insurance policies to name the Debtor as the insured and to add the UST as an additional interested party, and voided DIP checks. Both will be submitted by the time of the Status Conference.

10. The Debtor has not paid its postpetition property taxes yet. Because the Debtor is actively looking for financing, I believe that any financing secured will pay all postpetition property taxes in full. The Debtor owes $13,236.52 on Texas Road. The Debtor owes $27,251.68 on Live Oak.

11. The Debtor filed its *Application to Employ Resnik Hayes Moradi LLP as General Bankruptcy Counsel* on November 17, 2020 [Docket No. 25]. No objections to the proposed employment have been received. The Debtor may employ a real estate broker if it is unable to sell the 1172 property itself.

12. Farm Credit filed its *Motion for Relief from the Automatic Stay under 11 U.S.C. §362(d)(1), (2), and (4)* (the "Motion for Relief") on November 6, 2020 [Docket No. 11]. After review of the Debtor's *Objection* thereto [Docket No. 24] and the *Supplemental Declaration* in support of the Objection [Docket No. 28], and Farm Credit's Reply [Docket No. 27], the Court entered its *Order Continuing Hearing on Motion for Relief from Stay* [Docket No. 32] on December 2, 2020; continuing the hearing on the Motion for Relief to March 22, 2020.

13. The Debtor's goal in this case is to quickly sell the 1172 property and secure financing to pay off Farm Credit, thereby resolving its liens on the remaining two properties.

14. To that end, I am currently negotiating the sale of the 1172 property for approximately $11,400,000. Currently, the Debtor has two potential buyers, Rabbit Ridge Wine Winery (insider) and Continental/Broken Earth Winery (third-party). However, I am

**RESNIK HAYES
MORADI LLP**

10

also working with the USDA to secure financing for 1172 in case it is unable to it. Additionally, I am negotiating with Broken Earth Winery to do a custom crush arrangement that would lead to lease option/buyout.

15. I am actively looking to obtain financing for Live Oak for approximately $9,500,000.

16. I am also currently negotiating lease agreements of some or all of the vineyard blocks to third party growers. This will generate additional income for the Debtor and assist in the process of securing a new loan.

17. I am trying to secure more business with Custom Crush. I am also actively negotiating with Broken Earth Winery and WarRoom Ventures to lease vineyard blocks. This incremental business would result in additional income of approximately $12,000 per month and a windfall of $230,000 to $600,000 for harvest in September and October.

18. I am negotiating for vineyard leases on San Marcos. The Debtor is attempting to have a third-party lease of a portion of the vineyard and is trying to secure a planting/fruit sales contract with Justin Winery.[2]

19. I hope to at a minimum obtain a new loan and/or sell the 1172 property with Court authority before it files its Disclosure Statement and Plan as this progress in resolving claims will bolster the feasibility of its Plan.

20. The Debtor has a profit share of a third-party entity Custom Crush's revenue of approximately $11,400/month. The Debtor intends to assume this contract. The Debtor is not a lessee to any unexpired leases involving nonresidential real property.

///
///
///
///
///

---

[2] Justin Winery is part of the Wonderful Company.

**RESNIK HAYES MORADI LLP**

21. The Debtor's noncash collateral income supports its various expenses at this time and therefore the Debtor is segregating rents from each property in its respective DIP cash collateral bank account and will continue to do so until it obtains confirmation of a plan In the event the Debtor needs to use the rents it will be seek consent from Farm Credit via stipulation or will file a motion for approval of use of cash collateral; alternatively, I will fund those expenses.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this December 22, 2020 at _____Orange_____, California.

By: _____

**Leroy Codding**
*Declarant*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*): <u>STATUS REPORT; DECLARATION OF LEROY CODDING IN SUPPORT THEREOF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>12/23/2020</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) <u>12/23/2020</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

No <u>Judge's Copy</u> required for documents less than 25-pages per GENERAL ORDER 20-06 - IN RE: PROCEDURES FOR PHASED REOPENING DURING COVID-19 PUBLIC EMERGENCY.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>12/23/2020</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/23/2020 | Ja'Nita Fisher | /s/ Ja'Nita Fisher |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                           **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) [CONTINUED]**:

- **Nancy S Goldenberg     nancy.goldenberg@usdoj.gov**
- **Michael J Gomez     mgomez@frandzel.com, dmoore@frandzel.com**
- **Roksana D. Moradi-Brovia     roksana@rhmfirm.com, matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com**
- **Matthew D. Resnik     matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com**
- **United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov**
- **Reed S Waddell     rwaddell@frandzel.com, sking@frandzel.com**
- **Gerrick Warrington     gwarrington@frandzel.com, sking@frandzel.com**

**2. SERVED BY UNITED STATES MAIL [CONTINUED]:**

Northern Holding, LLC
13217 Jamboree Rd #429s
Tustin CA 92783

ALL CREDITORS:

Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA 95812

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Employment Development Dept.
Bankruptcy Group MIC 92E
Po Box 826880
Sacramento, CA 94280

California Department of Tax and Fee
Administration
Account Information Group MIC:29
P.O. Box 942879
Sacramento, CA 94279

U. S. Securities and Exchange Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

Attorney General
United States Department of Justice
Ben Franklin Station
P. O. Box 683
Washington, DC 20044

Civil Process Clerk
United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

Erich Russell
2380 Live Oak Road
Paso Robles, CA 93446

Farm Credit West
3755 Atherton Rd
11707 Fair Oaks Blvd
Rocklin, CA 95765

Farm Credit West, FLCA
c/o Frandzel Robins Bloom & Csato, L.C.
Attn: Michael J. Gomez, Reed Waddell
and Gerrick Warrington
1000 Wilshire Boulevard, 19th Floor
Los Angeles, California 90017

Mortgage Lender Services as Agent
Farm Credit West, FLCA, as Trustee
11707 Fair Oaks Blvd
Fair Oaks, CA 95628

San Luis Obispo Tax Collector
1055 Monterey St Room D290
San Luis Obispo, CA 93408