1  PETER C. ANDERSON
   United States Trustee
2  Nancy S. Goldenberg (Bar No. 167544)
   Attorney for the U.S. Trustee
3  Ronald Reagan Federal Building & U.S. Courthouse
   411 West Fourth Street, Suite 7160
4  Santa Ana, CA  92701-8000
   Telephone: (714) 338-3400
5  Facsimile: (714) 338-3421
   Email:  Nancy.Goldenberg@usdoj.gov
6

7
                    UNITED STATES BANKRUPTCY COURT
8                    CENTRAL DISTRICT OF CALIFORNIA
                          SANTA ANA DIVISION
9

10  In re:                              CASE NUMBER:  8:20-bk-13014-MW

11                                      CHAPTER 11

12  NORTHERN HOLDING, LLC,

13                                      NOTICE OF MOTION AND MOTION BY
                                        UNITED STATES TRUSTEE TO DISMISS
14              Debtor.                  OR CONVERT CASE PURSUANT TO 11
                                        U.S.C. §1112(b); DECLARATIONS OF
15                                      NANCY S. GOLDENBERG AND MARILYN S.
                                        SORENSEN; POINTS AND AUTHORITIES
16                                      AND EXHIBITS

17

18                                      DATE:    March 22, 2021
                                        TIME:    2:00 P.M.
19                                      CTRM:    6C

20      **TO THE HONORABLE MARK S. WALLACE, DEBTOR, DEBTOR'S ATTORNEY, AND**
21  **PARTIES IN INTEREST:**

22
        **NOTICE IS HEREBY GIVEN** that on the above date and time and in the indicated
23
    courtroom, the United States Trustee for Region 16 (hereafter "U.S. Trustee") moves this Court
24
    for an Order dismissing this case, or converting it to one under Chapter 7, on the grounds set
25
    forth below.  In addition, the U.S. Trustee hereby requests that this Court fix any Quarterly Fees
26
    due and payable to the U.S. Trustee at the time of the hearing of this motion as an administrative
27
    expense of this estate and that this Court order the Debtor to pay such expense forthwith.
28

                                           1

**In view of the Coronavirus Pandemic, Judge Wallace adopts the following measures until further notice:**

Online registration with CourtCall is available. For those who want to register online, simply go to **www.Courtcall.com** and there you can follow the instructions for online registration. It is imperative that parties register with CourtCall as early as possible to permit sufficient time for CourtCall to process your request and for the Court to be notified by CourtCall that you are appearing in a matter. You can also contact CourtCall *directly* by telephoning (866) 582-6878.

Please use a landline for higher reception and clarity. Speaker phones are prohibited. After CourtCall has connected your phone line to the Courtroom, please put your phone on mute until your calendar number is called to avoid interfering with other hearings in progress.

If you wish to oppose this Motion, you must **file a written response** with the Bankruptcy Court and serve a copy of it upon the U.S. Trustee at the address set forth in the upper left-hand corner of this document, upon the Debtor and the Debtor's attorney **no less than fourteen (14) days** prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief. *Local Bankruptcy Rule 9013-1(f) and (h).*

Respectfully Submitted,

UNITED STATES TRUSTEE FOR REGION 16

Dated:  February 16, 2021        */s/ Nancy S. Goldenberg*
Nancy S. Goldenberg
Attorney for the U.S. Trustee

# I.
## INTRODUCTION

The U.S. Trustee is seeking to dismiss or convert this case for the following reasons:

(1) This case is a two-party dispute in which the Debtor took title to all scheduled assets the day it filed for bankruptcy relief, in a continuing effort to prevent foreclosure on real property, which was scheduled for the following day.  This same real property was the subject of a prior bankruptcy filed by the previous titleholder and a current tenant of the Debtor's real property.

(2) The day before its bankruptcy filing the Debtor also contracted to sell Rabbit Ridge Wine Sales, Inc. ("Rabbit Ridge") and related assets for over $2.6 million. This sale appears to not have been consummated as the estate has not received the notes payable provided for in the agreement. Further, Rabbit Ridge is not listed as an estate asset and no potential cause of action against the purchaser is listed in the schedules.

(3) The Debtor has failed to submit complete profit & loss statements, a Chapter 11 mandate, in its monthly operating reports ("MORs"). This continuing omission prevents any party-in-interest and this Court from assessing the Debtor's true financial viability as no operational expenses have been reported.

(4) Rental income has repeatedly been collected and held for months by estate fiduciaries before being deposited in debtor-in-possession bank accounts. Further, it appears that significant rental income *still* has not been collected and deposited, and some rent checks have been returned for insufficient funds.

(5) Despite testimony at Debtor's §341 meeting last fall that the Debtor was working to generate additional income by leasing another portion of its property, no financial benefit has been realized from these efforts.

(6) The Debtor has scheduled massive pre-petition secured real property tax debt aggregating more than $3.2 million and has failed to make any real property tax payments since its filing. It also has failed to file income tax statements since 2014.

(7) The Debtor's most recent MOR for the period of January 2021 shows that some of the financial representations made in its recent Status Report are inaccurate and misleading.

## II.

## STATEMENT OF FACTS

1.    **Filing of Chapter 11 Petition**

On October 28, 2020, Northern Holding, LLC ("Debtor") filed a voluntary Chapter 11 petition. **See PACER docket attached hereto at Exhibit A and voluntary petition at Exhibit B to the accompanying declaration of Marilyn Sorensen ("Sorensen Dec.").** On November 10, 2020, it filed schedules and a statement of financial affairs. **See Schedules at Exhibit C to the Sorensen Dec.**

2.    **Debtor's Scheduled Assets and Liabilities**

Debtor's schedules included title to three parcels of real property: (1) 1172 San Marcos Road, Paso Robles, CA ("1172 San Marcos") valued at $11.5 million and comprised of a winery facility and an apartment; (2) a contiguous 42-acre vineyard at APN 027-145-022 valued at $4.3 million ("Texas Road"); and (3) 2389 Live Oak Road, Paso Robles, CA ("2389 Live Oak") valued at $9.7 million and comprised of two houses and a vineyard (collectively the "Real Properties"). **See Exhibit C at bates stamp pages 032-033.** The only personal property disclosed was machinery and equipment valued at $2.5 million; no cash or cash equivalents were scheduled. **See Exhibit C at bates stamp pages 028-031.**

Scheduled liabilities included a $19.8 million claim by Farm Credit West ("FCW") secured by Real Properties and secured real property tax claims aggregating $3,220,244. **See Exhibit C at bates stamp pages 035-036.** The only general unsecured claim is a $6.44 million claim held by Erich Russell, which arose from Mr. Russell's transfer of title of assets to the Debtor on the day the bankruptcy was filed. **See Exhibit C at bates stamp page 039 and the accompanying declaration of Nancy S. Goldenberg ("Goldenberg Dec. at par. 3).**

3.    **Debtor Acquired All Scheduled Assets On The Day It Filed Its Chapter 11 Case**

On the day of its bankruptcy filing, the Debtor acquired title to its scheduled assets from Erich Russell; it paid $25.5 million for the Real Properties by issuing a $6.44 million balloon note

to Mr. Russell due in five years and taking assignment of all debt, without FCW's consent. **See Goldenberg Dec. at par. 2.** For several years before the Debtor obtained title to the Real Properties, it held no assets.  It was created in 2012 by Debtor's managing member, Leroy Codding, for another business purpose. It had not had a bank account in its name (or any other asset) since 2018. In fact, Mr. Codding testified that the Debtor has been dormant since 2018 and that he has been its only managing member since its inception. **See Goldenberg Dec. at par. 2.**

4.    **Foreclosure Sale Scheduled for the Day after Debtor's Bankruptcy Filing**

FCW originally scheduled a Notice of Default to proceed with a foreclosure sale on the Real Properties in June of 2017, when Mr. Russell held title to them. Mr. Russell was able to delay the foreclosure sale by obtaining a State Court preliminary injunction and then, on January 10, 2020, by filing a Chapter 11 case, *In re Erich Lee Russell*, 9:20-bk-10035-DS ("Russell Case").  **See the Supplemental Declaration of Kevin E. Ralph in Support of FCW's Motion for Relief from Stay at Exhibit D to the Goldenberg Dec. at bates stamp pages 069-070 and the Russell Case docket at Exhibit E to the Goldenberg Dec.** In Mr. Russell's bankruptcy, FCW filed a motion for relief from the stay to proceed with foreclosure and thereafter agreed to forebear on its foreclosure efforts. Mr. Codding, as mortgage broker to Mr. Russell, was a party to the forbearance stipulation and negotiated with FCW, on behalf of Mr. Russell. **See Exhibit D at bates stamp pages 072-073 and Exhibit E at bates stamp page 092 (docket no. 53).** When FCW refused a request by Mr. Codding to extend the forbearance beyond October 28, 2020, the Real Properties were transferred by Mr. Russell to this Debtor (controlled by Mr. Codding) and it filed this Chapter 11 case. **See Exhibit D at bates stamp page 073.**

5.    **The Majority of the Rent Earned by the Debtor is From Related Parties**

The Debtor leases a 7,000 square foot residence at 2380 Live Oak to Mr. Russell (former owner of the Real Properties) for $12,000 per month. **See Real Property Questionnaire at Exhibit F to the Sorensen Dec, bates stamp pages 132-139 and 141-146.** It also entered into a rental agreement with Rabbit Ridge Wine Sales, Inc. as tenant, effective October 27, 2020, to

pay $15,000 per month and 20% custom crush income to the Debtor for rent of the vineyard at 1170 San Marcos. **See Exhibit F, bates stamp pages 103-116.**

### 6.    Debtor Contracted to Sell Assets the Day Before Its Bankruptcy Filing

On October 27, 2020, the Debtor signed an asset sale agreement to transfer Rabbit Ridge Wine Sales, Inc. ("Rabbit Ridge") and related assets to Fluid Wine Fund I LLC; the agreement was notarized post filing - on November 5, 2020. It provided that the Debtor, as seller, would receive a $2.5 million five-year balloon note and a $163,000 90-day note. Mr. Codding signed for both the buyer and the seller. **See Asset Purchase Agreement at Exhibit G.** None of the notes payable to the Debtor have been collected by the estate or are reflected in the Debtor's Schedules; Rabbit Ridge also is not reflected as an asset of the Debtor. **See Exhibit C.**

### 7.    Failure to Provide Complete Profit and Loss Statements

The financial information on file is inadequate. The Debtor has consistently filed MORs which do not contain expenses on required profit and loss statements. **See Debtor's MORs filed to date at Exhibit H to the Sorensen Dec.** This omission has continued even though the U.S. Trustee has directed that these statements be included. **See emails at Exhibit I.** This information is particularly critical for assessing the Debtor's financial condition as its January 2021 MOR indicates that Mr. Codding is personally paying certain of the Debtor's expenses. **See Exhibit H at bates stamp page 226.** This disclosure raises concerns about the Debtor's ability to continue to operate and to reorganize.

### 8.    Rental Income Not Being Deposited into DIP Accounts

The Debtor is not properly performing its fiduciary duties. It has repeatedly collected rental income without timely depositing it into the proper DIP accounts; some rental income still has not been collected or deposited and other has been held by management for months. While the Debtor tries to explain that a two-week quarantine caused delay in these deposits between

November and December 2020, these delays covered different time frames and extended for far longer than a two-week period. **See Sorensen Dec. at par. 7, Exhibit H and February 10, 2020 Status Report at Exhibit J to the Sorensen Dec. at bates stamp page 241.**

### 9.    Reorganization Efforts Have Not Progressed

Months ago, at the Debtor's §341 meeting, Mr. Codding testified that the Debtor was working to generate additional income by leasing a portion of its vineyard along with olive trees. As evidenced by the MORs filed for November, December, and January, no income has been realized from these efforts. **See Goldenberg Dec. at par. 2 and Exhibit H.** Moreover, the Debtor has failed to seek Court authorization to retain the professional it is using to help it prepare MORs. **See emails about MOR professional at Exhibit K.**

### 10.    The Debtor Continues to Accrue Massive Real Property Tax Debt

The Debtor has scheduled massive pre-petition secured real property tax debt aggregating more than $3.2 million and has failed to make any real property tax payments since its filing. **See Exhibit C at bates stamp page 035-036 and Exhibit J at bates stamp page 241.** It also has failed to file income tax statements since 2014. **See U.S. Trustee Compliance Declaration attached as Exhibit L to the Sorensen Dec. at bates stamp page 259**.

### 11.    Debtor's Recent Status Report Contains Misleading Information About Its Income

The Debtor's recently filed Status Report contains seriously misleading information about its financial condition. In detailing the habitually late deposit of rent checks, Mr. Codding's supporting declaration under oath indicates that two rent checks collected from Mr. Russell (for November and December rent), each in the amount of $12,000, were deposited during December.  However, bank statements included with the December MOR show that only one $12,000 deposit was made – on December 30, 2020 – and that deposit was returned due to

insufficient funds on January 4, 2021. Since Mr. Codding's declaration was dated weeks later –

on February 9 – it misrepresented that $24,000 in rent payments from Mr. Russell were

deposited during December when in fact *no* rent from Mr. Russell was realized.  **See Exhibit J**

**at bates stamp page 241 and Sorensen Dec. at par. 7.** This omission falsely paints the

Debtor's financial position in a more favorable light and raises serious questions as to the

reliability of any financial information provided.

### III.

### POINTS AND AUTHORITIES
### Cause Exists To Dismiss or Convert This Case

The U.S. Trustee respectfully submits the following memorandum of points and authorities

in support of his motion to dismiss or convert this case pursuant to 11 U.S.C. §1112(b). Under 11

U.S.C. §1112(b)(1), the Court may dismiss or convert a case if a movant establishes "cause".

While 11 U.S.C. §1112 lists several factors constituting cause, the list is not exhaustive.

The Court can consider other factors as they arise and use its equitable powers to reach an

appropriate result in each case. *In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375

(9th Cir. BAP 2000).  Here, as discussed below, there are several factors that constitute cause to

dismiss this case.

**A.    Cause Exists Because The Debtor Was Capitalized On the Same Day**
**      As Its Bankruptcy Filing.**

In the Ninth Circuit BAP case of *In re Duvar Apt., Inc.*, 205 B.R. 196 (9th Cir.BAP 1996)

the court there held:

> [T]he transfer of the distressed property to the **newly created debtor** occurred in
>
> February.  Although the bankruptcy petition was not filed until August, six months
>
> later, it was filed approximately two weeks after Amresco gave Houriani notice to
>
> cure the default or risk foreclosure.  These facts constitute a prima facie case of

bad faith filing under the new debtor syndrome.

*Duvar Apt., Inc.*, 205 B.R. at 201.(emphasis added).  The court in *Duvar* concluded by stating

that once a *prima facie* case of bad faith is demonstrated, as is the case here, the burden shifts

to the debtor to demonstrate a good faith business reason for the transfer and the bankruptcy

filing. *Id.* at 201.

Here the timeline is even more compelling.  The Debtor, a dormant holding company

which held no assets for years, received title to its scheduled assets on the same day of its

bankruptcy filing when a foreclosure of the Real Properties to which it took title was scheduled

for the next day.  This clearly is a basis for dismissal under the new debtor syndrome.

## B.    Cause Exists Because The Debtor Has Failed to Provide Financial Information

Under § 1112(b)(4)(H), the term "cause" includes "failure timely to provide information or

attend meetings reasonably requested by the United States Trustee...[.]" Case law also provides

that the Debtor-in-Possession is a fiduciary to the estate and its creditors.  "If a Debtor remains in

possession-- that is, if a trustee is not appointed-- the Debtor's directors bear essentially the

same fiduciary obligation to creditors as would the trustee for a Debtor out of possession.  *In re*

*Commodity Future Trading Comm'n v. Weintraub*, 471 U.S. 343, 355, 105 S.Ct. 1986, 1994, 85

L.ED. 2d 372 (1985) (citing *Wolf v. Weinstein*, 372 U.S. 633, 649-52 & 651, 83 S.Ct. 969, 979-

808, 980, 10 L.Ed. 2d 33 (1963).  The hallmark of a trustee is accountability and segregation of

funds.  These rules are reflected in the requirements (for example) that the Debtor-in-Possession

open a separate DIP account, file monthly DIP statements with the United States Trustee and

obtain court approval for transactions out of the ordinary course of business.  *In re Nugelt, Inc.*,

142 B.R. 661 (Bankr. D. Del. 1992).

As set forth above in the Statement of Facts, the Debtor has failed to comply with LBR

2015-2(a) and (b) and Guidelines and Requirements for Chapter 11 Debtors In Possession by failing to file complete profit and loss statements within its MORs which are crucial to monitoring its financial condition. In addition, the Debtor has failed to timely deposit estate assets and has provided financial reporting that is wholly unreliable. Further, it is using a professional for which it failed to seek Court authorization. These issues prevent the Court, the U.S. Trustee and other interested parties from assessing the true financial picture and show failure to adhere to fiduciary responsibilities.

## C.    Cause Exists Because the Debtor's Reorganization Has Not Progressed

Cause is not limited to the enumerated provisions set forth in §1112(b)(4).  *Consolidated Pioneer, supra.*  For example, as indicated in the Statement of Facts above, cause exists in the instant case because the Debtor has not demonstrated its ability to reorganize.  It has not collected all rents due and has failed to secure additional rental income. The financial picture is so bleak that its principal is paying estate expenses.  Further, the Debtor does not have the ability to satisfy its significant and mounting property tax claims under 11 U.S.C. § 1129(a)(9)(D) and § 1112(b)(4)(I).

## IV.
## CONCLUSION

For each and all of the above reasons, and also based upon such other and further oral and/or documentary evidence as may be presented at the time of the hearing, the U.S. Trustee respectfully requests as follows:

//

//

A.  That this Court grant the U.S. Trustee's motion herein and dismiss or convert this case to one under chapter 7; and

B.  That this Court order such other and further relief as it deems appropriate under the circumstances.

Respectfully Submitted,

UNITED STATES TRUSTEE FOR REGION 16

Dated: February 16, 2021

*/s/ Nancy S. Goldenberg*
Nancy S. Goldenberg
Attorney for the U.S. Trustee

//

//

## **DECLARATION OF MARILYN S. SORENSEN**

I, Marilyn S. Sorensen, hereby declare and state as follows:

1.      I am employed as a Bankruptcy Analyst by the United States Trustee ("U.S. Trustee") for Region 16. This declaration is filed in support of the U.S. Trustee's Motion To Dismiss or Convert the case of *In re Northern Holding, LLC*, case number 8:20-bk-13014-MW.

2.      According to the Court docket, on October 28, 2020, Northern Holding, LLC ("Debtor") filed a voluntary Chapter 11 petition. **A true and correct copy of the PACER docket I accessed on February 16, 2021, is attached hereto at Exhibit A and a conformed copy of the voluntary petition is attached hereto at Exhibit B.** On November 10, 2020, it filed schedules and a statement of financial affairs. **A conformed copy of the Schedules is attached hereto as Exhibit C.**

3.      The Debtor's schedules included title to three parcels of real property: (1) 1172 San Marcos Road, Paso Robles, CA ("1172 San Marcos") valued at $11.5 million and comprised of a winery facility and an apartment; (2) a contiguous 42-acre vineyard at APN 027-145-022 valued at $4.3 million ("Texas Road"); and (3) 2389 Live Oak Road, Paso Robles, CA ("2389 Live Oak") valued at $9.7 million and comprised of two houses and a vineyard (collectively the "Real Properties"). **See Exhibit C at bates stamp pages 032-033.** The only personal property disclosed was machinery and equipment valued at $2.5 million; no cash or cash equivalents were scheduled. **See Exhibit C at bates stamp pages 028-031.**

Scheduled liabilities included a $19.8 million claim by Farm Credit West ("FCW") secured by Debtor's real properties and secured real property tax claims aggregating $3,220,244. **See Exhibit C at bates stamp pages 035-036.**

4.      The Debtor provided Real Property Questionnaires ("RPQs") to the U.S. Trustee on

November 5, 2020, and the Debtor's lease with Erich and Joanne Russell on November 9, 2020, **true and correct copies of which are attached hereto as Exhibit F.** The Debtor leases a 7,000 square foot residence at 2380 Live Oak to Mr. Russell for $12,000 per month. **See Exhibit F, bates stamp pages 132-139 and 141-146.** It also entered into a rental agreement with Rabbit Ridge Wine Sales, Inc. as tenant, effective October 27, 2020, to pay $15,000 per month and 20% custom crush income to the Debtor for rent of the vineyard at 1170 San Marcos. **See Exhibit F, bates stamp page 103-116**.

5.    On October 27, 2020, the Debtor signed an asset sale agreement to transfer Rabbit Ridge Wine Sales, Inc. ("Rabbit Ridge") and related assets to Fluid Wine Fund I LLC; the agreement was notarized on November 5, 2020. It provided that the Debtor, as seller, would receive a $2.5 million five-year balloon note and a $163,000 90-day note. Mr. Codding signed for both the buyer and the seller. **See Asset Purchase Agreement at Exhibit G.** None of the notes payable to the Debtor have been collected by the estate or are reflected in the Debtor's Schedules. The Debtor's interest in Rabbit Ridge also is not in its schedules. **See Exhibit C.**

6.    The Debtor has consistently filed MORs which do not contain expenses on required profit and loss statements. **Conformed copies of the Debtor's Second Amended November 2020 MOR, December 2020 MOR and January 2021 MOR are attached hereto as Exhibit H.** I requested that the Debtor amend its November and December 2020 profit and loss statements on February 2, 2021, but to date, no such amendments have been filed. **See the email chain between Debtor's counsel and myself at Exhibit I.** The January MOR also did contain a complete profit and loss statement. The January 2021 MOR indicates that Mr. Codding is personally paying certain of the Debtor's expenses. **See Exhibit H at bates stamp page 226.**

7.    I reviewed each MOR and determined that the Debtor has repeatedly collected rental income without timely depositing it into the proper DIP accounts. Further, some rental income

months. **See Exhibit H and the Status Report filed on February 10, 2021, attached hereto at Exhibit J, bates stamp page 241.**

8.      The Debtor has scheduled pre-petition secured real property tax debt aggregating more than $3.2 million and has failed to make any real property tax payments since its filing. **See Exhibits C at bates stamp page 035-036 and Exhibit J at bates stamp page 241.**

9.      The Debtor has not filed any income tax statements since 2014, as is evidenced by the statements it made in the compliance declaration it submitted to the U.S. Trustee on November 5, 2020, a true and correct copy of which is attached as **Exhibit K.**

10.      Mr. Codding's declaration under oath supporting the Status Report indicates that two rent checks collected from Mr. Russell (for November and December rent), each in the amount of $12,000, were deposited during December.  However, bank statements included with the December and January MORs, which I have reviewed, show that only one $12,000 deposit was made – on December 30, 2020 – and that deposit was returned due to insufficient funds on January 4, 2021. Mr. Codding's declaration was dated weeks later – on February 9, 2021. **See Exhibit J at bates stamp page 246.**

I declare under penalty of perjury and under the laws of the State of California and the United States of America that the foregoing is true and correct, and if called as a witness I could and would completely testify thereto.  Executed this 16th day of February 2021 at Lake Forest, California.

Marilyn S. Sorensen
Bankruptcy Analyst

## DECLARATION OF NANCY S. GOLDENBERG

I, Nancy S. Goldenberg, hereby declare and state as follows:

1.      I am employed as a Trial Attorney by the United States Trustee ("U.S. Trustee")for Region 16 and am employed by the U.S. Trustee. This declaration is filed in support of the U.S. Trustee's Motion To Dismiss or Convert the case of *In re Northern Holding, LLC*, case number 8:20-bk-13014-MW ("Debtor").

2.      I conducted the Debtor's meeting of creditors held under 11 U.S.C. §341(a) ("341 Meeting") on November 20, 2020. At the 341 Meeting, Leroy Codding testified under oath as the Debtor's representative as follows:

(a) On the day of its bankruptcy filing, the Debtor acquired title to its scheduled assets from Erich Russell. It paid $25.5 million for the three parcels by issuing a $6.44 million balloon note to Mr. Russell due in five years and assignment of all debt.

(b) Since 2018, the Debtor has held no assets.

(c) He created the Debtor in 2012 for another business purpose.

(d) The Debtor has not had a bank account in its name (or any other asset) since 2018.

(e) The Debtor has been dormant since 2018.

(f) He has been the Debtor's only managing member since its inception.

(g) The Debtor was working to generate additional income by leasing a portion of its vineyard along with olive trees.

3.      The only scheduled general unsecured claim is a $6.44 million claim held by Erich Russell, which arose from Mr. Russell's transfer of title of assets to the Debtor on the day the bankruptcy was filed. **See Exhibit C at bates stamp pages 039.**

4.      Farm Credit West ("FCW") originally scheduled a Notice of Default to proceed with a foreclosure sale on the Debtor's Real Properties in June of 2017, when Mr. Russell held title to

them. Mr. Russell was able to delay the foreclosure sale by obtaining a State Court preliminary injunction and then filing a Chapter 11 case, *In re Erich Lee Russell*, 9:20-bk-10035-DS ("Russell Case"). **See the Supplemental Declaration of Kevin E. Ralph in Support of FCW's Motion for Relief from Stay at Exhibit D at bates stamp pages 069-070 and the Russell Case docket at Exhibit E.** In Mr. Russell's bankruptcy, FCW filed a motion for relief from the stay to proceed with foreclosure and thereafter agreed to forebear on its foreclosure efforts. Mr. Codding, as mortgage broker to Mr. Russell, was a party to the forbearance stipulation and negotiated with FCW, on behalf of Mr. Russell. **See Exhibit D at bates stamp pages 072-073 and Exhibit E at bates stamp page 092, docket entry no. 53.** When FCW refused a request by Mr. Codding to extend the forbearance beyond October 28, 2020, the Real Properties were transferred by Mr. Russell to this Debtor (controlled by Mr. Codding) and it filed this Chapter 11 case. **See Exhibit D at at bates stamp page 073.**

5.    Mr. Codding testified at the Debtor's §341 meeting last fall that the Debtor was working to generate additional income by leasing a portion of its vineyard along with olive trees. As evidenced by the MORs, no income has been realized from these efforts. **See Exhibit H.**

6.    The Debtor has failed to seek Court authorization to retain a professional it is using to help it prepare MORs. **See the email chain attached hereto at Exhibit K.**

I declare under penalty of perjury and under the laws of the State of California and the United States of America that the foregoing is true and correct, and if called as a witness I could and would completely testify thereto.  Executed this 16th day of February 2021 at Newport Beach, California.

/s/ Nancy S. Goldenberg

# Exhibit "A"

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:20-bk-13014-MW

|  |  |
|---|---|
| | *Date filed:* 10/28/2020 |
| *Assigned to:* Mark S Wallace | *341 meeting:* 11/20/2020 |
| Chapter 11 | *Deadline for filing claims:* 03/31/2021 |
| Voluntary | *Deadline for filing claims (govt.):* 04/26/2021 |
| Asset | |

**Debtor**
**Northern Holding, LLC**
143 1/2 S. Olive Street
Orange, CA 92866
ORANGE-CA
Tax ID / EIN: 45-5164440

represented by **Roksana D. Moradi-Brovia**
RESNIK HAYES MORADI LLP
17609 Ventura Blvd., Suite 314
Encino, CA 91316
(818) 285-0100
Fax : (818) 855-7013
Email: roksana@rhmfirm.com

**Matthew D. Resnik**
Resnik Hayes Moradi
17609 Ventura Blvd. Suite 314
Encino, CA 91316
(818)285-0100
Fax : (818)855-7013
Email: matt@rhmfirm.com

**U.S. Trustee**
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

represented by **Nancy S Goldenberg**
411 W Fourth St Ste 7160
Santa Ana, CA 92701-8000
714-338-3416
Fax : 714-338-3421
Email: nancy.goldenberg@usdoj.gov

| Filing Date | #· | Docket Text |
|---|---|---|
| 10/28/2020 | 1<br>(15 pgs; 3 docs) | Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1717 Filed by Northern Holdings, LLC Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 11/12/2020. Schedule A/B: Property (Form 106A/B or 206A/B) due 11/12/2020. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 11/12/2020. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 11/12/2020. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 11/12/2020. Schedule H: Your Codebtors (Form 106H or 206H) due 11/12/2020. Declaration Under Penalty of Perjury for Non-Individual Debtors (Form 202) due 11/12/2020. Statement of Financial Affairs (Form 107 or 207) due 11/12/2020. Disclosure of Compensation of Attorney for |

EXHIBIT "A"                    001

2/16/2021

Case 8:20-bk-13014-MW    Doc 60    Filed 02/16/21    Entered 02/16/21 17:04:12    Desc
Main Document    Page 19 of 290
(ECF - U.S. Bankruptcy Court 2.1 - LIVE)

| | | |
|---|---|---|
| | | Debtor (Form 2030) due 11/12/2020. Incomplete Filings due by 11/12/2020. Chapter 11 Plan due by 02/25/2021. Disclosure Statement due by 02/25/2021. (Resnik, Matthew) (Entered: 10/28/2020) |
| 10/28/2020 | | Receipt of Voluntary Petition (Chapter 11)(8:20-bk-13014) [misc,volp11] (1717.00) Filing Fee. Receipt number 51963025. Fee amount 1717.00. (re: Doc# 1) (U.S. Treasury) (Entered: 10/28/2020) |
| 10/29/2020 | 2 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 11/20/2020 at 10:00 AM at UST-SA1, TELEPHONIC MEETING. CONFERENCE LINE:1-866-919-0527, PARTICIPANT CODE:2240227. (Corona, Heidi) (Entered: 10/29/2020) |
| 10/29/2020 | 3 (24 pgs) | Statement of Related Cases (LBR Form 1015-2.1) Filed by Creditor Farm Credit West, FLCA. (Gomez, Michael) (Entered: 10/29/2020) |
| 10/29/2020 | 4 (3 pgs) | Request for special notice Filed by Creditor Farm Credit West, FLCA. (Gomez, Michael) (Entered: 10/29/2020) |
| 10/29/2020 | 5 (3 pgs) | Notice *of Continuation of Perfection of Security Interests; Demand for Adequate Protection; and Demand of Sequestration of Cash Collateral Pursuant to 11 U.S.C. §§ 362(b)(3), 363(c)(4), 363(e), 546(b), and 552(b)* Filed by Creditor Farm Credit West, FLCA. (Gomez, Michael) (Entered: 10/29/2020) |
| 10/31/2020 | 6 (4 pgs) | BNC Certificate of Notice (RE: related document(s)2 Meeting of Creditors Chapter 11 (Corporations or Partnerships) (309F1)) No. of Notices: 9. Notice Date 10/31/2020. (Admin.) (Entered: 10/31/2020) |
| 10/31/2020 | 7 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Northern Holdings, LLC) No. of Notices: 1. Notice Date 10/31/2020. (Admin.) (Entered: 10/31/2020) |
| 10/31/2020 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Northern Holdings, LLC) No. of Notices: 1. Notice Date 10/31/2020. (Admin.) (Entered: 10/31/2020) |
| 11/06/2020 | 9 | Request for a Certified Copy Fee Amount $11. The document will be sent via email to :matt@rhmfirm.com: Filed by Debtor Northern Holdings, LLC (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Resnik, Matthew) (Entered: 11/06/2020) |
| 11/06/2020 | | Receipt of Request for a Certified Copy(8:20-bk-13014-MW) [misc,paycert] ( 11.00) Filing Fee. Receipt number 52011630. |

2/16/2021                                           CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)

| | | |
|---|---|---|
| | | Fee amount 11.00. (re: Doc# 9 ) (U.S. Treasury) (Entered: 11/06/2020) |
| 11/06/2020 | 10 | Certified Copy Emailed to matt@rhmfirm.com (Entered: 11/06/2020) |
| 11/06/2020 | <u>11</u><br>(314 pgs; 5 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2380 Live Oak Rd, Paso Robles, CA 93446 . Fee Amount $181, Filed by Creditor Farm Credit West, FLCA (Attachments: # <u>1</u> Memorandum of Points and Authorities # <u>2</u> Supplemental Declaration of Kevin Ralph # <u>3</u> Declaration of Reed Waddell # <u>4</u> Request for Judicial Notice) (Gomez, Michael) (Entered: 11/06/2020) |
| 11/06/2020 | | Receipt of Motion for Relief from Stay - Real Property(8:20-bk-13014-MW) [motion,nmrp] ( 181.00) Filing Fee. Receipt number 52013163. Fee amount 181.00. (re: Doc# <u>11</u>) (U.S. Treasury) (Entered: 11/06/2020) |
| 11/06/2020 | 14 | Hearing Set (RE: related document(s)<u>11</u> Motion for Relief from Stay - Real Property (2380 Live Oak Rd, Paso Robles, CA 93446) filed by Creditor Farm Credit West, FLCA) The Hearing date is set for 11/30/2020 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/09/2020) |
| 11/09/2020 | <u>12</u><br>(4 pgs) | Order: (1) Setting Hearing on Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case (S/C Hearing to be Set January 13, 2021 at 9:00 AM) (BNC-PDF) (Related Doc # <u>1</u> ) Signed on 11/9/2020 (Le, James) (Entered: 11/09/2020) |
| 11/09/2020 | 13 | Hearing Set (RE: related document(s)<u>1</u> STATUS CONFERENCE Hearing RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 case) Status hearing to be held on 1/13/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/09/2020) |
| 11/09/2020 | <u>15</u><br>(3 pgs) | Chapter 11 or Chapter 9 Cases Non-Individual:: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Form 104 or 204) *Amended with Proof of Service* Filed by Debtor Northern Holdings, LLC. (Resnik, Matthew) (Entered: 11/09/2020) |
| 11/10/2020 | <u>16</u><br>(6 pgs) | Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under Chapter 11 (Official Form 201A) (New 12/2015) *with Proof of Service* Filed by Debtor Northern Holdings, LLC. (Resnik, Matthew) (Entered: 11/10/2020) |
| 11/10/2020 | <u>17</u> | Summary of Assets and Liabilities for Non-Individual |

EXHIBIT "A"                                                       003

| | | |
|---|---|---|
| | (28 pgs) | (Official Form 106Sum or 206Sum) , Declaration Under Penalty of Perjury for Non-Individual Debtors (Official Form 202) , Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule D Non-Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Non-Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Non-Individual: Your Codebtors (Official Form 106H or 206H) , Statement of Financial Affairs for Non-Individual Filing for Bankruptcy (Official Form 107 or 207) , Disclosure of Compensation of Attorney for Debtor (Official Form 2030) *with Proof of Service* Filed by Debtor Northern Holdings, LLC (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Resnik, Matthew) (Entered: 11/10/2020) |
| 11/11/2020 | 18 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Waddell, Reed. (Waddell, Reed) (Entered: 11/11/2020) |
| 11/11/2020 | 19 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Warrington, Gerrick. (Warrington, Gerrick) (Entered: 11/11/2020) |
| 11/11/2020 | 20 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)12 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 11/11/2020. (Admin.) (Entered: 11/11/2020) |
| 11/13/2020 | 21 (8 pgs) | Notice *of Order, with Proof of Service* Filed by Debtor Northern Holding, LLC (RE: related document(s)12 Order: (1) Setting Hearing on Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case (S/C Hearing to be Set January 13, 2021 at 9:00 AM) (BNC-PDF) (Related Doc # 1) Signed on 11/9/2020). (Moradi-Brovia, Roksana) (Entered: 11/13/2020) |
| 11/13/2020 | 22 | Request for a Certified Copy Fee Amount $11. The document will be sent via email to :roksana@rhmfirm.com: Filed by Debtor Northern Holding, LLC (RE: related document(s)16 Attachment to Voluntary Petition for Non-Individuals (Chapter 11) (Official Form 201A)). (Moradi-Brovia, Roksana) (Entered: 11/13/2020) |
| 11/13/2020 | | Receipt of Request for a Certified Copy(8:20-bk-13014-MW) [misc,paycert] ( 11.00) Filing Fee. Receipt number 52044317. Fee amount 11.00. (re: Doc# 22 ) (U.S. Treasury) (Entered: 11/13/2020) |
| 11/13/2020 | 23 | Certified Copy Emailed to roksana@rhmfirm.com (Entered: 11/13/2020) |
| 11/16/2020 | 24 | Opposition to (related document(s): 11 Notice of motion and |

EXHIBIT "A"                    004

| | | |
|---|---|---|
| | (177 pgs) | motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2380 Live Oak Rd, Paso Robles, CA 93446 . Fee Amount $181, filed by Creditor Farm Credit West, FLCA) *; Declarations of Leroy Codding and Brian A. Sheaffer in Support Thereof, with Proof of Service* Filed by Debtor Northern Holding, LLC (Moradi-Brovia, Roksana) (Entered: 11/16/2020) |
| 11/17/2020 | 25 (43 pgs) | Application to Employ Resnik Hayes Moradi LLP as General Bankruptcy Counsel *Application of Debtor and Debtor-In-Possession for Authority to Employ Resnik Hayes Moradi LLP as its General Bankruptcy Counsel; Declarations of Leroy Codding and Roksana D. Moradi-Brovia in Support Thereof, with Proof of Service* Filed by Debtor Northern Holding, LLC (Moradi-Brovia, Roksana) (Entered: 11/17/2020) |
| 11/17/2020 | 26 (8 pgs) | Notice *of Application, with Proof of Service* Filed by Debtor Northern Holding, LLC (RE: related document(s)25 Application to Employ Resnik Hayes Moradi LLP as General Bankruptcy Counsel *Application of Debtor and Debtor-In-Possession for Authority to Employ Resnik Hayes Moradi LLP as its General Bankruptcy Counsel; Declarations of Leroy Codding and Roksana D. Moradi-Brovia in Support Thereof, with Proof of Service* Filed by Debtor Northern Holding, LLC). (Moradi-Brovia, Roksana) (Entered: 11/17/2020) |
| 11/23/2020 | 27 (73 pgs; 7 docs) | Reply to (related document(s): 11 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2380 Live Oak Rd, Paso Robles, CA 93446 . Fee Amount $181, filed by Creditor Farm Credit West, FLCA) *Reply In Support Of Farm Credit West, Flcas Motion For Relief From The Automatic Stay* Filed by Creditor Farm Credit West, FLCA (Attachments: # 1 Declaration of Michael Gomez ISO Reply # 2 Declaration of Reed Waddell ISO Reply # 3 Declaration of Gerrick M. Warrington ISO Reply # 4 Evidentiary Objection to Coddling Declarfation # 5 Evidentiary Objection to Sheaffer Declaration # 6 Supplemental Request for Judicial Notice) (Gomez, Michael) (Entered: 11/23/2020) |
| 11/23/2020 | 28 (42 pgs) | Declaration re: *(Supplemental) of Leroy Codding in Support of Opposition to Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362, with Proof of Service* Filed by Debtor Northern Holding, LLC (RE: related document(s)24 Opposition). (Moradi-Brovia, Roksana) (Entered: 11/23/2020) |
| 11/24/2020 | 29 (7 pgs) | Objection (related document(s): 28 Declaration filed by Debtor Northern Holding, LLC) *Farm Credit West, FLCAs Evidentiary Objections To, And Motion To Strike, Supplemental Declaration Of Leroy Codding In Support Of* |

EXHIBIT "A"

| | | |
|---|---|---|
| | | *Debtors Opposition To Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362* Filed by Creditor Farm Credit West, FLCA (Gomez, Michael) Warning: Item subsequently amended by docket entry no: 30 Modified on 11/24/2020 (Le, James). (Entered: 11/24/2020) |
| 11/24/2020 | 30 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT LOCATED UNDER Bankruptcy Events BK - Motions/Applications -> Strike (motion)** . (RE: related document(s)29 Objection filed by Creditor Farm Credit West, FLCA) (Le, James) (Entered: 11/24/2020) |
| 11/24/2020 | 31 (7 pgs) | Motion to strike *Farm Credit West, FLCAs Evidentiary Objections To, And Motion To Strike, Supplemental Declaration Of Leroy Codding In Support Of Debtors Opposition To Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362* Filed by Creditor Farm Credit West, FLCA (Gomez, Michael). Related document(s) 28 Declaration filed by Debtor Northern Holding, LLC. Modified on 11/24/2020 (Le, James). (Entered: 11/24/2020) |
| 11/30/2020 | 33 | Hearing Continued (RE: related document(s)11 Motion for Relief from Stay - Real Property ([RE: 2380 Live Oak Rd, Paso Robles, CA 93446] filed by Creditor Farm Credit West, FLCA) The Hearing date is set for 3/22/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Order by Court. (Le, James) (Entered: 12/04/2020) |
| 12/02/2020 | 32 (1 pg) | Order Continuing Hearing on Motion for Relief From Stay to March 22, 2021 at 9:00 AM (BNC-PDF) (Related Doc # 11 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2380 Live Oak Rd, Paso Robles, CA 93446) Signed on 12/2/2020 (Le, James) (Entered: 12/02/2020) |
| 12/04/2020 | 34 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)32 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/04/2020. (Admin.) (Entered: 12/04/2020) |
| 12/07/2020 | 35 (58 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) , *with Proof of Service* Filed by Debtor Northern Holding, LLC (RE: related document(s)25 Application to Employ Resnik Hayes Moradi LLP as General Bankruptcy Counsel *Application of Debtor and Debtor-In-Possession for Authority to Employ Resnik Hayes Moradi LLP as its General Bankruptcy Counsel; Declarations of Leroy Codding and Roksana D.*). (Moradi-Brovia, Roksana) (Entered: 12/07/2020) |

EXHIBIT "A"    006

CM/ECF - U.S. Bankruptcy Court (v6.2.1 - LIVE)

2/16/2021

| | | |
|---|---|---|
| 12/15/2020 | <u>36</u><br>(10 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending 10/31/2020 Filed by Debtor Northern Holding, LLC. (Moradi-Brovia, Roksana) (Entered: 12/15/2020) |
| 12/15/2020 | <u>37</u><br>(26 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending 11/30/2020 Filed by Debtor Northern Holding, LLC. (Moradi-Brovia, Roksana) (Entered: 12/15/2020) |
| 12/23/2020 | <u>38</u><br>(15 pgs) | Status report ; *Declaration of Leroy Codding in Support Thereof, with Proof of Service* Filed by Debtor Northern Holding, LLC (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 11)). (Moradi-Brovia, Roksana) (Entered: 12/23/2020) |
| 12/31/2020 | <u>39</u><br>(26 pgs) | Monthly Operating Report. Operating Report Number: Amended #2. For the Month Ending 11/30/2020 Filed by Debtor Northern Holding, LLC. (Moradi-Brovia, Roksana) (Entered: 12/31/2020) |
| 01/04/2021 | <u>40</u><br>(2 pgs) | Order Granting Application of Debtor-In-Possession for Authority Employ Resnik Hayes Moradi LLP as its General Bankruptcy Counsel (BNC-PDF) (Related Doc # <u>25</u>) Signed on 1/4/2021. (Le, James) (Entered: 01/04/2021) |
| 01/06/2021 | <u>41</u><br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>40</u> Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 01/06/2021. (Admin.) (Entered: 01/06/2021) |
| 01/13/2021 | 49 | Hearing Continued (RE: related document(s)<u>1</u> STATUS CONFERENCE RE: (1) Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case) Status hearing to be held on 2/24/2021 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace. Bar Date for Proof of Claim: March 31, 2021. Notice of Bar Date Filed and Served By: January 20, 2021. Plan and Disclosure Statement Due: July 31, 2021. Plan to be Confirmed before: November 30, 2021. Court to Prepare Order. (Le, James) (Entered: 01/25/2021) |
| 01/18/2021 | <u>42</u><br>(20 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Notice of Motion and Motion for Order Extending Debtor's Exclusivity Period to File a Chapter 11 Plan of Reorganization; Memorandum of Points and Authorities; Declaration of Leroy Codding in Support Thereof, with Proof of Service* Filed by Debtor Northern Holding, LLC (Moradi-Brovia, Roksana) (Entered: 01/18/2021) |

| | | |
|---|---|---|
| 01/18/2021 | <u>43</u><br>(5 pgs) | Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 , *with Proof of Service* Filed by Debtor Northern Holding, LLC. (Moradi-Brovia, Roksana) (Entered: 01/18/2021) |
| 01/18/2021 | <u>44</u><br>(26 pgs) | Monthly Operating Report. Operating Report Number: 2nd Amended #2. For the Month Ending 11/30/2020 Filed by Debtor Northern Holding, LLC. (Moradi-Brovia, Roksana) (Entered: 01/18/2021) |
| 01/18/2021 | <u>45</u><br>(25 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending 12/31/2020 Filed by Debtor Northern Holding, LLC. (Moradi-Brovia, Roksana) (Entered: 01/18/2021) |
| 01/18/2021 | 46 | Hearing Set (RE: related document(s)<u>42</u> Motion to Extend/Limit Exclusivity Period filed by Debtor Northern Holding, LLC) The Hearing date is set for 2/8/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 01/19/2021) |
| 01/19/2021 | <u>47</u><br>(1 pg) | Scheduling Order - Bar Date for Proof of Claims is set for March 31, 2021. Notice of Bar Date shall be filed and served by January 22, 2021. Debtor shall file a Plan and Disclosure Statement on or before July 31, 2021. A Plan shall be confirmed on or before November 30, 2021. Next Status Conference is set for February 24, 2021 at 9:00 AM (BNC-PDF) (Related Doc # <u>1</u> Status Conference on Chapter 11 Case) Signed on 1/19/2021 (Le, James) (Entered: 01/19/2021) |
| 01/21/2021 | <u>48</u><br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>47</u> ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 01/21/2021. (Admin.) (Entered: 01/21/2021) |
| 01/25/2021 | <u>50</u><br>(9 pgs) | Objection (related document(s): <u>42</u> Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Notice of Motion and Motion for Order Extending Debtor's Exclusivity Period to File a Chapter 11 Plan of Reorganization; Memorandum of Points and Authoriti filed by Debtor Northern Holding, LLC) Objections To Notice Of Motion And Motion For Order Extending Debtors Exclusivity Period To File A Chapter 11 Plan Of Reorganization Filed by Creditor Farm Credit West, FLCA* (Waddell, Reed) (Entered: 01/25/2021) |
| 02/01/2021 | <u>51</u><br>(21 pgs) | Reply to (related document(s): <u>50</u> Objection filed by Creditor Farm Credit West, FLCA) *; Declaration of Leroy Codding in Support Thereof, with Proof of Service* Filed by Debtor Northern Holding, LLC (Moradi-Brovia, Roksana) (Entered: 02/01/2021) |

EXHIBIT "A"                                                    008

| 02/08/2021 | 52 | Hearing Held (RE: related document(s)42 Motion to Extend/Limit Exclusivity Period filed by Debtor Northern Holding, LLC) Motion Granted. Order by Debtor. (Le, James) (Entered: 02/08/2021) |
|---|---|---|
| 02/08/2021 | 53 (7 pgs) | Notice of lodgment , with Proof of Service Filed by Debtor Northern Holding, LLC (RE: related document(s)42 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Notice of Motion and Motion for Order Extending Debtor's Exclusivity Period to File a Chapter 11 Plan of Reorganization; Memorandum of Points and Authorities; Declaration of Leroy Codding in Support Thereof, with Proof of Service Filed by Debtor Northern Holding, LLC). (Moradi-Brovia, Roksana) (Entered: 02/08/2021) |
| 02/10/2021 | 54 (15 pgs) | Status report ; Declaration of Leroy Codding in Support Thereof, with Proof of Service Filed by Debtor Northern Holding, LLC (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Moradi-Brovia, Roksana) (Entered: 02/10/2021) |
| 02/12/2021 | 55 (2 pgs) | Order Granting Debtor's Motion to Extend Exclusivity Period to File a Chapter 11 Plan of Reorganization - Exclusive Period is Extended to June 25, 2021. The Debtor's Right to Solicity Acceptance of a Chapter 11 Plan of Reorganization is Extended from April 26, 2021 through and including September 23, 2021. (BNC-PDF) (Related Doc # 42 ) Signed on 2/12/2021 (Le, James) (Entered: 02/12/2021) |
| 02/14/2021 | 56 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)55 Order on Motion to Extend Exclusivity Period (BNC-PDF)) No. of Notices: 1. Notice Date 02/14/2021. (Admin.) (Entered: 02/14/2021) |
| 02/15/2021 | 57 (53 pgs) | Application to Employ Hilco Real Estate, LLC as Real Estate Agent ; Declarations of Leroy Codding and Sarah Baker in Support Thereof, with Proof of Service Filed by Debtor Northern Holding, LLC (Moradi-Brovia, Roksana) (Entered: 02/15/2021) |
| 02/15/2021 | 58 (9 pgs) | Notice of Application, with Proof of Service Filed by Debtor Northern Holding, LLC (RE: related document(s)57 Application to Employ Hilco Real Estate, LLC as Real Estate Agent ; Declarations of Leroy Codding and Sarah Baker in Support Thereof, with Proof of Service Filed by Debtor Northern Holding, LLC). (Moradi-Brovia, Roksana) (Entered: 02/15/2021) |
| 02/16/2021 | 59 (28 pgs) | Monthly Operating Report. Operating Report Number: 4. For the Month Ending 1/31/2021 Filed by Debtor Northern |

EXHIBIT "A"                                                009

2/16/2021                              CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)

| | | |
|---|---|---|
| | | Holding, LLC. (Moradi-Brovia, Roksana) (Entered: 02/16/2021) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/16/2021 12:02:05 | | | |
| **PACER Login:** | jzayicek:6481377:4299065 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:20-bk-13014-MW Fil or Ent: filed From: 10/1/2020 To: 2/16/2021 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

EXHIBIT "A"                                                    010

# Exhibit "B"

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____   Chapter ___11___

☐ Check if this an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Northern Holdings, LLC |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 45-5164440 |

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 143 1/2 S. Olive Street<br>Orange, CA 92866<br>Number, Street, City, State & ZIP Code | 13217 Jamboree Road, #429<br>Tustin, CA 92782<br>P.O. Box, Number, Street, City, State & ZIP Code |
| Orange<br>County | **Location of principal assets, if different from principal place of business**<br>1172 San Marcos Road Paso Robles, CA 93446<br>Number, Street, City, State & ZIP Code |

**5.  Debtor's website (URL)** _____

**6.  Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

EXHIBIT "B"          011

Debtor    Northern Holdings, LLC                                                    Case number (*if known*) _____
          Name

**7.    Describe debtor's business**     A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   _____   _____

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**     *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (*excluding debts owed to insiders or affiliates*) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**     ■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| | District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number | _____ |

**10.    Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**     ■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | _____ | | | Relationship | _____ |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number, if known | _____ |

EXHIBIT "B"                                                    012

Debtor   **Northern Holdings, LLC**                                          Case number (*if known*)
              Name

**11. Why is the case filed in**        Check all that apply:
**this district?**
☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
     preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or**      ☑ **No**
**have possession of any**
**real property or personal**      ☐ **Yes.**   Answer below for each property that needs immediate attention. Attach additional sheets if needed.
**property that needs**
**immediate attention?**
                                          **Why does the property need immediate attention?** (Check all that apply.)

                                          ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

                                               What is the hazard? _____

                                          ☐ It needs to be physically secured or protected from the weather.

                                          ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
                                               livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

                                          ☐ Other

                                          **Where is the property?** _____
                                                                              Number, Street, City, State & ZIP Code

                                          **Is the property insured?**

                                          ☐ **No**

                                          ☐ **Yes.**   Insurance agency _____

                                                          Contact name _____

                                                          Phone _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of**    .    Check one:
**available funds**
☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of**      ☑ 1-49                    ☐ 1,000-5,000            ☐ 25,001-50,000
**creditors**                   ☐ 50-99                   ☐ 5001-10,000           ☐ 50,001-100,000
                                   ☐ 100-199                 ☐ 10,001-25,000         ☐ More than100,000
                                   ☐ 200-999

**15. Estimated Assets**        ☐ $0 - $50,000            ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion
                                   ☐ $50,001 - $100,000      ☑ $10,000,001 - $50 million    ☐ $1,000,000,001 - $10 billion
                                   ☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million   ☐ $10,000,000,001 - $50 billion
                                   ☐ $500,001 - $1 million   ☐ $100,000,001 - $500 million  ☐ More than $50 billion

**16. Estimated liabilities**   ☐ $0 - $50,000            ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion
                                   ☐ $50,001 - $100,000      ☑ $10,000,001 - $50  million   ☐ $1,000,000,001 - $10 billion
                                   ☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million   ☐ $10,000,000,001 - $50 billion
                                   ☐ $500,001 - $1 million   ☐ $100,000,001 - $500 million  ☐ More than $50 billion

---

Official Form 201                   **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                   **013**          page 3

**EXHIBIT "B"**

| Debtor | Northern Holdings, LLC | Case number (*if known*) |
|---|---|---|
| | Name | |

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   October 28, 2020
   MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Leroy Codding
Printed name

Title   Managing Member

**18. Signature of attorney**

X /s/ Matthew D, Resnik
Signature of attorney for debtor

Date   October 28, 2020
   MM / DD / YYYY

Matthew D. Resnik
Printed name

RESNIK HAYES MORADI, LLP.
Firm name

17609 Ventura Blvd.
Ste 314
Encino, CA 91316
Number, Street, City, State & ZIP Code

Contact phone   (818) 285-0100       Email address   matt@rhmfirm.com

(SBN 182562) CA
Bar number and State

EXHIBIT "B"

Fill in this information to identify the case:

| Debtor name | Northern Holdings, LLC |
|---|---|
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known): | |

☐ Check if this is an

amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Bank of America PO Box 15019 Wilmington, DE 19850 | | | | | | $21,533.55 |
| Capital One P.O. Box 60599 City Of Industry, CA 91716 | | | | | | $3,039.97 |
| Electro-Steam Generator Corp. 50 Indel Avenue Rancocas, NJ 08073 | | | | | | $5,382.00 |
| Erich Russell 2380 Live Oak Road Paso Robles, CA 93446 | | | | | | $6,400,000.00 |
| PG&E P.O. Box 99700 Sacramento, CA 95899-7300 | | | | | | $27,346.20 |
| Sunbelt Rentals P.O. Box 409211 Atlanta, GA 30384 | | | | | | $12,894.68 |
| West Coast Wine Partners 134 Church Street Sonoma, CA 95476 | | | | | | $13,630.00 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

EXHIBIT "B"          015

# United States Bankruptcy Court
## Central District of California

In re    Northern Holdings, LLC

Debtor(s)

Case No.

Chapter    11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Leroy Codding | | | 100% |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Managing Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    October 28, 2020

Signature    Leroy Codding

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

EXHIBIT "B"                                                      016

# STATEMENT OF RELATED CASES
# INFORMATION REQUIRED BY LBR 1015-2
# UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

None

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

None

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

None

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

None

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _____ **Orange** _____ , California.

Date: _____ October 28, 2020 _____

Leroy Codding
Signature of Debtor 1

Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                              Page 1                    F 1015-2.1.STMT.RELATED.CASES
                                    EXHIBIT "B"                                              017

UNANIMOUS WRITTEN CONSENT OF

THE MANAGING MEMBERS

NORTHERN HOLDINGS, LLC.

DATED: October 28, 2020

Pursuant to §307(b) of the California Corporations Code and the operating agreement of the LLC, the undersigned, being the Managing Member of the LLC, and in lieu of a meeting, hereby unanimously adopts the following recitals and resolutions:

WHEREAS, the Managing Member has determined that the LLC needs to take advantage of the benefits of Chapter 11 of the Bankruptcy Code to reorganize the debt structure of the LLC; and,

THEREFORE IT IS RESOLVED, that the LLC is authorized to file a Voluntary Petition under Chapter 11 of the Bankruptcy Code and attempt to reorganize thereunder; and,

IT IS FURTHER RESOLVED, that, Leroy Codding, Managing Member, is hereby authorized and instructed to take whatever actions he deems appropriate to file the Chapter 11 petition and see the case to complete reorganization.


Managing Member


_____
Leroy Codding

EXHIBIT "B"                                                                018

| Attorney or Party Name, Address, Telephone & FAX Nos., and State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Matthew D. Resnik<br>17609 Ventura Blvd.<br>Ste 314<br>Encino, CA 91316<br>(818) 285-0100 Fax: (818) 855-7013<br>California State Bar Number: (SBN 182562) CA<br>matt@rhmfirm.com | |

☑ *Attorney for:  Debtor*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>        Northern Holdings, LLC<br><br>                                         Debtor(s), | CASE NO.:<br>ADVERSARY NO.:<br>CHAPTER:    11 |
|---|---|
|                                         Plaintiff(s), | **CORPORATE OWNERSHIP STATEMENT<br>PURSUANT TO  FRBP 1007(a)(1)<br>and 7007.1, and LBR 1007-4** |
|                                         Defendant(s). | [No hearing] |

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this Statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I,    Leroy Codding                                      , the undersigned in the above-captioned case, hereby declare
                *(Print Name of Attorney or Declarant)*
under penalty of perjury under the laws of the United States of America that the following is true and correct:

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                                 F 1007-4.CORP.OWNERSHIP.STMT

EXHIBIT "B"                                                                                        019

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1.      I have personal knowledge of the matters set forth in this Statement because:

      ☑ I am the president or other officer or an authorized agent of the Debtor corporation

      ☐ I am a party to an adversary proceeding

      ☐ I am a party to a contested matter

      ☐ I am the attorney for the Debtor corporation

2.a.    ☐ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:

      *[For additional names, attach an addendum to this form.]*

b.      ☑ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

October 28, 2020

Date

By: _____

Signature of Debtor, or attorney for Debtor

Name:    Leroy Codding,  Managing Member

Printed name of Debtor, or attorney for Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                            **F 1007-4.CORP.OWNERSHIP.STMT**

EXHIBIT "B"                                          020

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Matthew D. Resnik<br>17609 Ventura Blvd.<br>Ste 314<br>Encino, CA 91316<br>(818) 285-0100 Fax: (818) 855-7013<br>California State Bar Number: (SBN 182562) CA<br>matt@rhmfirm.com | |

☐ *Debtor(s) appearing without an attorney*

■ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    Northern Holdings, LLC | CASE NO.:<br><br>CHAPTER: 11 |
|---|---|
| | **VERIFICATION OF MASTER MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
|                                            Debtor(s). | |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __2__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date:  October 28, 2020

_____
Signature of Debtor 1

Date:  _____

_____
Signature of Debtor 2 (joint debtor) ) (if applicable)

Date:  October 28, 2020

_____
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                                                 **F 1007-1.MAILING.LIST.VERIFICATION**

EXHIBIT "B"                                                                                    021

Northern Holdings, LLC
13217 Jamboree Road, #429
Tustin, CA 92782


Matthew D. Resnik
RESNIK HAYES MORADI, LLP.
17609 Ventura Blvd.
Ste 314
Encino, CA 91316


Bank of America
PO Box 15019
Wilmington, DE 19850


California Dept of Tax and Fee Admi
Special Ops, MIC 29
PO Box 942879
Sacramento, CA 94279-0005


Capital One
P.O. Box 60599
City Of Industry, CA 91716


Electro-Steam Generator Corp.
50 Indel Avenue
Rancocas, NJ 08073


Erich Russell
2380 Live Oak Road
Paso Robles, CA 93446


Farm Credit West
3755 Atherton Rd
11707 Fair Oaks Blvd
Rocklin, CA 95765


EXHIBIT "B"                                    022

Franchise Tax Board
Attn: Bankruptcy Unit
P.O. Box 2952
Sacramento, CA 95812-2952


Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346


Mortgage Lender Services as Agent
Farm Credit West, FLCA, as Trustee
11707 Fair Oaks Blvd
Fair Oaks, CA 95628


PG&E
P.O. Box 99700
Sacramento, CA 95899-7300


San Luis Obispo Tax Collector
1055 Monterey St Room D290
San Luis Obispo, CA 93408


Sunbelt Rentals
P.O. Box 409211
Atlanta, GA 30384


West Coast Wine Partners
134 Church Street
Sonoma, CA 95476

EXHIBIT "B"                                                    023

# Exhibit "C"

Roksana D. Moradi-Brovia (Bar No. 266572)
Matthew D. Resnik (Bar No. 182562)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
**Telephone:** (818) 285-0100
**Facsimile:** (818) 818-855-7013
roksana@ RHMFirm.com
matthew@ RHMFirm.com

*Attorneys for Debtor*
Northern Holding, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | ) Case No. 8:20-bk-13014-MW |
| | ) |
| **Northern Holding, LLC,** | ) Chapter 11 |
| | ) |
| | ) **SUMMARY OF ASSETS AND** |
| Debtor. ) | **LIABILITIES; SCHEDULES A/B, D, E/F,** |
| | ) **G, H; DECLARATION RE NON-** |
| | ) **INDIVUDUAL DEBTORS SCHEDULES;** |
| | ) **STATEMENT OF FINANCIAL AFFAIRS;** |
| | ) **DISCLOSURE OF ATTORNEY** |
| | ) **COMPENSATION** |
| | ) |
| | ) |

///
///
///
///
///
///
///

EXHIBIT "C"                                    024

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Northern Holding, LLC |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | 8:20-bk-13014-MW |

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___November 10, 2020___    X _____
Signature of individual signing on behalf of debtor

Leroy Codding
Printed name

Managing Member
Position or relationship to debtor

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

EXHIBIT "C"          025

Fill in this information to identify the case:

Debtor name    Northern Holding, LLC

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    8:20-bk-13014-MW

☐ Check if this is an
   amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals      12/15

| Part 1: | Summary of Assets |
|---|---|

1.    **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*.....................................................................    $     25,500,000.00

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*.................................................................    $     2,500,000.00

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*..................................................................    $     28,000,000.00

| Part 2: | Summary of Liabilities |
|---|---|

2.    **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*....................    $     23,020,244.10

3.    **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................    $     0.00

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*........................    +$     6,440,000.00

4.    **Total liabilities** ...............................................................................................
    Lines 2 + 3a + 3b          $     29,460,244.10

EXHIBIT "C"

026

| Fill in this information to identify the case: |
|---|

Debtor name    Northern Holding, LLC

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    8:20-bk-13014-MW

☐ Check if this is an
amended filing

## Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property                          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.
Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties
which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts
or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write
the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an
additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset
schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the
debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. Does the debtor have any cash or cash equivalents?

■ No.  Go to Part 2.
☐ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

Current value of
debtor's interest

| Part 2: | Deposits and Prepayments |
|---|---|

6. Does the debtor have any deposits or prepayments?

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

10. Does the debtor have any accounts receivable?

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
|---|---|

13. Does the debtor own any investments?

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. Does the debtor own any inventory (excluding agriculture assets)?

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?

■ No.  Go to Part 7.

EXHIBIT "C"
027

| Debtor | Northern Holding, LLC | Case number *(if known)* | 8:20-bk-13014-MW |
|---|---|---|---|
| | Name | | |

☐ Yes Fill in the information below.

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

**Part 8:    Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.  Go to Part 9.
■ Yes Fill in the information below.

| | General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|---|
| 47. | Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles | | | |
| 48. | Watercraft, trailers, motors, and related accessories *Examples:* Boats, trailers, motors,<br>floating homes, personal watercraft, and fishing vessels | | | |
| 49. | Aircraft and accessories | | | |
| 50. | Other machinery, fixtures, and equipment (excluding farm<br>machinery and equipment) | | | |
| | Equipment   (see attached list) | $0.00 | Appraisal | $2,500,000.00 |

| 51. | **Total of Part 8.** | $2,500,000.00 |
|---|---|---|
| | Add lines 47 through 50.  Copy the total to line 87. | |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
■ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 9:    Real property**

**54. Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| | Description and location of<br>property<br>Include street address or other<br>description such as Assessor<br>Parcel Number (APN), and type<br>of property (for example,<br>acreage, factory, warehouse,<br>apartment or office building, if<br>available. | Nature and<br>extent of<br>debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|---|---|

EXHIBIT "C"

028

*Attachment 1*

029

## Winery Equipment Schedule

| Photo# | Description | S/N | Hrs/Miles | Condition | Notes | Value |
|---|---|---|---|---|---|---|
| 1 | 900 Gal French Oak Foudre (Qty of 2) | | | Average | 2014 - 2015 | $ 24,000 |
| 2 | 600 Gal French Oak Foudre | | | Average | | $ 7,000 |
| 2 | 2,900 Gal French Oak Tanks (Qty of 11) | | | Average | 2014 - 2015 | $ 280,500 |
| 3 | Waukesha 2085 (Qty of 4) | | | Average | | $ 14,000 |
| 4 | Waukesha 130 | | | Average | | $ 9,000 |
| 5 | Toyota 42-6FGU15 | 63061 | 8,251 | Average | 3k#, LPG | $ 4,000 |
| 6 | Willmes 25 ton press | 15361 | | Average | | $ 40,000 |
| 7 | Willmes 7.5 ton press | 40433 | | Average | 2002 | $ 20,000 |
| 8 | Velo 150 Rotary fermenter | 51240 | | Average | 1998 | $ 10,000 |
| 9 | Velo 150 Rotary fermenter | 51241 | | Average | 1998 | $ 10,000 |
| 10 | Velo 150 Rotary fermenter | 51242 | | Average | 1998 | $ 10,000 |
| 11 | Incline Elevator | | | Average | upgraded large hopper | $ 25,000 |
| 12 | Toyota 42-6FGU18 | 60505 | 5,646 | Average | 3,530#, LPG, SS | $ 5,000 |
| 13 | Velo Lees Filter Mdl FECC1A | 0053C418 | | Average | 40x40, 1994 | $ 7,500 |
| 14 | Della Toffola Plate Filter | 252570 | | Average | | $ 6,500 |
| 15 | Willmes press | | | Fair | 1.5 t/h white, 3 t/h red | $ 7,500 |
| 16 | Velo Cross Flow Filter TMF-3-A-02 | TMF00100 | | Good | 2014 | $ 60,000 |
| 17 | Plate Filter | | | Average | 20 Plates | $ 2,500 |
| 18 | Della Toffola Plate Filter | | | Fair | 40 Plates | $ 5,000 |
| 19 | Delta E4 Destemmer | 011300 | | Average | | $ 18,000 |
| 20 | 6 Inch Waukesha Must Pump | | | Average | | $ 15,000 |
| 21 | Unscrambler Table | | | Average | | $ 5,000 |
| 22 | GAI 600 Filler and Corker | AC85000 | | Average | 2003 | $ 25,000 |
| 23 | Faccio Cork Hopper mdl EST | 114 | | Average | 2008 | $ 5,000 |
| 24 | GAI 4612 DL Capper | | | Average | | $ 95,000 |
| 25 | Kosme Labeler mdl 7209T5Z2 | 3709 | | Average | 2003 | $ 35,000 |
| 26 | 3M Top Case Sealer | | | Average | 2008 | $ 1,500 |
| N/A | 10 HP Waukesha Cent. Pumps (Qty of 31) | | | Average | | $ 139,500 |
| N/A | 2 Barrel Racks (Qty of 1,000) | | | Average | | $ 50,000 |
| N/A | Toyota 7FGU20 | 67049 | 3,388 | Average | 3,340#, LPG, Bindumper | $ 5,500 |
| N/A | Crush Pad Hopper | | | Average | 14" Auger, 20', 5 ton | $ 20,000 |
| N/A | Ozone Generator | | | Average | | $ 7,500 |
| N/A | Waukesha Pump (Qty of 5) | | | Average | | $ 22,500 |
| N/A | Oak Barrels (Qty of 1,290) | | | Average | | $ 96,750 |

EXHIBIT "C"

### *Wine Tank Schedule*

| Capacity | Quantity | Tank ID's | | Value |
|---|---|---|---|---|
| 550 | 5 | N/A | $ | 33,750.00 |
| 693 | 1 | 37 | $ | 8,500.00 |
| 1,339 | 1 | 136 | $ | 9,000.00 |
| 1,501 | 1 | 36 | $ | 10,000.00 |
| 1,551 | 8 | 38, 39, 40, 41, 42, 43, 44, 45 | $ | 84,000.00 |
| 1,693 | 1 | 135 | $ | 11,500.00 |
| 2,000 | 1 | 134 | $ | 12,000.00 |
| 2,088 | 1 | 34, 35, | $ | 12,500.00 |
| 2,155 | 2 | 101, 102 | $ | 26,000.00 |
| 2,525 | 2 | 32, 33 | $ | 28,500.00 |
| 2,924 | 2 | 133 | $ | 31,000.00 |
| 3,002 | 1 | 109, 110, 115, 120 | $ | 16,000.00 |
| 3,500 | 4 | 114, 122, 123, 124, 125, 130, 131 | $ | 72,000.00 |
| 3,774 | 7 | 3, 4, 5, 6 | $ | 131,250.00 |
| 3,807 | 4 | 103, 108, 121, 128, 129 | $ | 76,000.00 |
| 4,012 | 5 | 104, 105, 106, 107, 111, 112, 113, 116 | $ | 100,000.00 |
| 4,559 | 9 | 7, 8, 9 | $ | 198,000.00 |
| 4,844 | 3 | 117, 118, 126, 127 | $ | 69,000.00 |
| 5,310 | 5 | 132 | $ | 123,750.00 |
| 5,961 | 9 | 12, 13, 14, 20, 21, 22, 23, 24 | $ | 247,500.00 |
| 7,150 | 1 | 2 | $ | 32,250.00 |
| 7,190 | 1 | 1 | $ | 32,500.00 |
| 8,530 | 7 | 10, 11, 15, 16, 17, 18, 19 | $ | 264,250.00 |
| 8,531 | 6 | 26, 27, 28, 29, 30, 31 | $ | 226,500.00 |
| 10,328 | 1 | 57 | $ | 44,750.00 |
| **389,714** | **88** | | $ | **1,900,500.00** |

*Attachment 3*

### *Vineyard Equipment Schedule*

| Qty | Description | | Value |
|-----|-------------|---|-------|
| 3 | Landini Trekker vineyard track tractors | $ | 37,500 |
| 8 | 2, 1/2 ton bin grape trailers | $ | 32,000 |
| 2 | Dodge 3/4 ton Desil 4x4 pickup trucks | $ | 25,000 |
| 2 | Ford F 150 4x4 Pickup trucks | $ | 20,000 |
| 3 | 3, 1/2 ton bin grape trailers | $ | 18,000 |
| 1 | New Holland TK 90 vineyard trac tractor | $ | 15,000 |
| 1 | Caterpillar 246 skid steer w/ fork, and grapple bucket attachments | $ | 15,000 |
| 1 | Landini 75v vineyard wheel tractor | $ | 12,500 |
| 2 | TCM 3000 lb Forklifts | $ | 12,000 |
| 1 | Caterpillar RC 60 6000 lb All Terrin Forklift | $ | 10,000 |
| 2 | Polaris 6x6 atv's | $ | 10,000 |
| 1 | Ford F 550 4x4 flatbed truck | $ | 10,000 |
| 1 | New Holland TC 29 vineyard wheel tractor | $ | 7,500 |
| 1 | Trail Master 25ft flat deck trailer | $ | 7,500 |
| 1 | Dodge 3/4 ton 2wd pickup truck | $ | 7,500 |
| 1 | Ford F 150 2wd Pickup truck | $ | 6,500 |
| 1 | Lift master fork attachement bin dumper | $ | 5,500 |
| 1 | 1000 gal water trailer / mix station | $ | 5,000 |
| 1 | Schmeiser 4ft vineyard grain drill | $ | 5,000 |
| 1 | Kubota RTV 900 utility vehicle | $ | 5,000 |
| 1 | Kubota RTV 500 Utility vehicle | $ | 5,000 |
| 1 | Trail Master 14 ft dump trailer | $ | 5,000 |
| 1 | Dodge 1/2 ton 2wd pickup truck | $ | 5,000 |
| 1 | Caterpillar D6-9U track tractor | $ | 5,000 |

| Debtor | Northern Holding, LLC | Case number *(if known)* | 8:20-bk-13014-MW |
|--------|------------------------|--------------------------|-------------------|
|        | Name                   |                          |                   |

| | | | | | |
|---|---|---|---|---|---|
| 55.1. | 1172 San Marcos Road, Paso Robles, CA 93446 ("1172 property"); winery facility (42,000 sq ft) and residential apartment; APN 026-104-001.  Winery tenant is Rabbit Ridge Wine Winery;  base rate of $15,000/month (rents are current and segregated); profit share of third party Custom Crush revenue billed monthly in arrears.  Apartment tenant is Bill Tolar who pays $1,600 (rents are current and segregated); lease ends 6/30/2021.  Debtor is working on securing a contract with a third party to farm the land and will receive revenue from rents and fruit sales. | Fee simple | $0.00 | Appraisal | $11,500,000.00 |
| 55.2. | 2380 Live Oak Road, Paso Robles, CA 93446 ("Live Oak property"); 2 homes on the property and vineyard;  APN 026-342-039.  Unit #1 ("small") is currently vacant; new tenants slated to move in on/or about 12/1/2020 for $1,800/month.  Unit #2 ("large") is leased to former owner Erich Russell for $12,000 monthly (rents are current and segregated); lease ends 1/1/2022. Debtor is working on securing a contract with a third party to farm the land and will receive revenue from rents and fruit sales. | Fee simple | $0.00 | Appraisal | $9,700,000.00 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

EXHIBIT "C"

032

| Debtor | Northern Holding, LLC | | Case number *(if known)* | 8:20-bk-13014-MW |
|---|---|---|---|---|
| | Name | | | |

| | | | | | |
|---|---|---|---|---|---|
| 55.3. | APN 027-145-022 ("Texas Road property"); no street address for this property, access through 1172 San Marcos Road, Paso Robles, CA 93446;  42 acre vineyard.  Debtor is working on securing a contract with a third party to farm the land and will receive revenue from rents and fruit sales. | Fee simple | $0.00 | Appraisal | $4,300,000.00 |

**56.**    **Total of Part 9.**

     Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
     Copy the total to line 88.

$25,500,000.00

**57.**    **Is a depreciation schedule available for any of the property listed in Part 9?**

     ■ No
     ☐ Yes

**58.**    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

     ■ No
     ☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

     ■ No.  Go to Part 11.
     ☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
     Include all interests in executory contracts and unexpired leases not previously reported on this form.

     ■ No.  Go to Part 12.
     ☐ Yes Fill in the information below.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

EXHIBIT "C"

Best Case Bankruptcy

033

| Debtor | Northern Holding, LLC | Case number *(if known)* 8:20-bk-13014-MW |
|---|---|---|
| | Name | |

**Part 12:**   **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $2,500,000.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*..................................................> | | $25,500,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $2,500,000.00 | + 91b. $25,500,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $28,000,000.00 |

EXHIBIT "C"

034

**Fill in this information to identify the case:**

Debtor name    Northern Holding, LLC

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    8:20-bk-13014-MW

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1: List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** Farm Credit West, FLCA<br>Creditor's Name<br><br>c/o Frandzel Robins Bloom & Csato<br>Attn: Michael J. Gomez,Reed Waddell<br>1000 Wilshire Boulevard, 19th Floor<br>Los Angeles, CA 90017<br>Creditor's mailing address | Describe debtor's property that is subject to a lien<br>Cross-collateralized lien on 1172, Live Oak and Texas Road. Loan assumed by Debtor from Erich Russell. | $19,800,000.00 | $25,500,000.00 |

Describe the lien

Creditor's email address, if known

**Is the creditor an insider or related party?**
■ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
■ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

Date debt was incurred

**Last 4 digits of account number**
4101;1101

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

| | | | |
|---|---|---|---|
| **2.2** San Luis Obispo Tax Collector<br>Creditor's Name<br>1055 Monterey St Room D290<br>San Luis Obispo, CA 93408<br>Creditor's mailing address | Describe debtor's property that is subject to a lien<br>1172 property | $3,200,000.00 | $11,500,000.00 |

Describe the lien
Property Taxes

**Is the creditor an insider or related party?**
■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

Date debt was incurred

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

EXHIBIT "C"

035

| Debtor | Northern Holding, LLC | Case number (if known) | 8:20-bk-13014-MW |
|---|---|---|---|
| | Name | | |

**Last 4 digits of account number**

| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.3 | San Luis Obispo Tax Collector | | | |
|---|---|---|---|---|
| | Creditor's Name | Describe debtor's property that is subject to a lien | $13,625.84 | $0.00 |
| | 1055 Monterey St Room D290 | Live Oak property | | |
| | San Luis Obispo, CA 93408 | | | |
| | Creditor's mailing address | | | |

**Describe the lien**
Property Taxes

**Is the creditor an insider or related party?**
■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
2020
**Last 4 digits of account number**

| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.4 | San Luis Obispo Tax Collector | | | |
|---|---|---|---|---|
| | Creditor's Name | Describe debtor's property that is subject to a lien | $6,618.26 | $0.00 |
| | 1055 Monterey St Room D290 | Texas Road property | | |
| | San Luis Obispo, CA 93408 | | | |
| | Creditor's mailing address | | | |

**Describe the lien**
Property Taxes

**Is the creditor an insider or related party?**
■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
2020
**Last 4 digits of account number**

| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.    | $23,020,244.10 |

**Part 2:  List Others to Be Notified for a Debt Already Listed in Part 1**

---

Official Form 206D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page 2 of 3

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

EXHIBIT "C"

036

| Debtor | Northern Holding, LLC | Case number (if known) | 8:20-bk-13014-MW |
|---|---|---|---|
| | Name | | |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Farm Credit West<br>3755 Atherton Rd<br>11707 Fair Oaks Blvd<br>Rocklin, CA 95765 | Line  2.1 | |
| Mortgage Lender Services as Agent<br>Farm Credit West, FLCA, as Trustee<br>11707 Fair Oaks Blvd<br>Fair Oaks, CA 95628 | Line  2.1 | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                         Best Case Bankruptcy

EXHIBIT "C"

037

Case 8:20-bk-13014-MW    Doc 17    Filed 11/10/20    Entered 11/10/20 18:02:37    Desc
Main Document    Page 15 of 28

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Northern Holding, LLC |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | 8:20-bk-13014-MW |

☐ Check if this is an
amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address<br>California Dept of Tax and Fee Admi<br>Special Ops, MIC 29<br>PO Box 942879<br>Sacramento, CA 94279-0005 | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
| Date or dates debt was incurred | Basis for the claim: | | |
| Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |
| **2.2** Priority creditor's name and mailing address<br>Franchise Tax Board<br>Attn: Bankruptcy Unit<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
| Date or dates debt was incurred | Basis for the claim: | | |
| Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

EXHIBIT "C"

038

| Debtor | Northern Holding, LLC | | Case number (if known) | 8:20-bk-13014-MW |
|---|---|---|---|---|
| | Name | | | |

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|---|---|---|---|---|

**Internal Revenue Service**
P.O. Box 7346
Philadelphia, PA 19101-7346

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred _____

Basis for the claim: _____

Last 4 digits of account number _____

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

- ■ No
- ☐ Yes

---

**Part 2:   List All Creditors with NONPRIORITY Unsecured Claims**

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $6,440,000.00 |
|---|---|---|---|

**Erich Russell**
2380 Live Oak Road
Paso Robles, CA 93446

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred  10/27/2020

Last 4 digits of account number _

Basis for the claim:  Carry-back unsecured debt via purchase owed to prior owner.

Is the claim subject to offset? ■ No  ☐ Yes

---

**Part 3:   List Others to Be Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

---

**Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 6,440,000.00 |
| 5c. Total of Parts 1 and 2 Lines 5a + 5b = 5c. | 5c. | $ | 6,440,000.00 |

---

EXHIBIT "C"

039

| Fill in this information to identify the case: |
| --- |

| Debtor name | Northern Holding, LLC |
| --- | --- |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | 8:20-bk-13014-MW |

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
      ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
      ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*        *Property*
(Official Form 206A/B).

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | Apartment at 1172 property. | |
| --- | --- | --- | --- |
| | State the term remaining | Lease ends 6/30/2021 | Bill Tolar |
| | List the contract number of any government contract | | 1172 San Marcos Road Paso Robles, CA 93446 |

| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | Lease for "larger unit" at Live Oak. | |
| --- | --- | --- | --- |
| | State the term remaining | Lease ends 1/1/2022 | Erich Russell |
| | List the contract number of any government contract | | 2380 Live Oak Road Paso Robles, CA 93446 |

| 2.3. | State what the contract or lease is for and the nature of the debtor's interest | Lease for winery facility at 1172 property. | |
| --- | --- | --- | --- |
| | State the term remaining | Lease ends 1/1/2022 | Rabbit Ridge Wine Sales, Inc. |
| | List the contract number of any government contract | | 1170 San Marcos Road Paso Robles, CA |

EXHIBIT "C"

040

| Fill in this information to identify the case: |
| --- |

Debtor name    Northern Holding, LLC

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)   8:20-bk-13014-MW

☐ Check if this is an
    amended filing

## Official Form 206H
## Schedule H: Your Codebtors          12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

#### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

     *Column 1: Codebtor*                                        *Column 2: Creditor*

| | Name | Mailing Address | Name | Check all schedules that apply: |
| --- | --- | --- | --- | --- |
| 2.1 | Erich Russell | 2380 Live Oak Road<br>Paso Robles, CA 93446 | Farm Credit West, FLCA | ■ D   2.1<br>☐ E/F ____<br>☐ G ____ |

EXHIBIT "C"

041

Fill in this information to identify the case:

Debtor name    Northern Holding, LLC

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    8:20-bk-13014-MW

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:   Income

**1. Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| From the beginning of the fiscal year to filing date:<br>From 1/01/2020 to Filing Date | ■ Operating a business<br>☐ Other | $0.00 |
| For prior year:<br>From 1/01/2019 to 12/31/2019 | ■ Operating a business<br>☐ Other | $0.00 |
| For year before that:<br>From 1/01/2018 to 12/31/2018 | ■ Operating a business<br>☐ Other | $0.00 |

**2. Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

### Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

EXHIBIT "C"

042

| Debtor | Northern Holding, LLC | Case number (if known) | 8:20-bk-13014-MW |
|---|---|---|---|

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

## Part 3:   Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

■ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

## Part 4:   Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

EXHIBIT "C"

043

Debtor    Northern Holding, LLC _____    Case number *(if known)*    8:20-bk-13014-MW

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | | |

**Part 6:    Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1.    RESNIK HAYES MORADI, LLP. 17609 Ventura Blvd. Ste 314 Encino, CA 91316 | Attorney fees $33,283 plus $1,717 filing fee | 10/28/2020 | $33,283.00 |
| **Email or website address** matt@rhmfirm.com | | | |
| **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:    Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

EXHIBIT "C"

044

Debtor   Northern Holding, LLC                                      Case number *(if known)*   8:20-bk-13014-MW

- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

### Part 9:   Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

### Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

### Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

EXHIBIT "C"

045

| Debtor | Northern Holding, LLC | Case number *(if known)* | 8:20-bk-13014-MW |
|---|---|---|---|

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:  Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:  Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1.  Northern Holding, LLC | | **Dates business existed**<br>EIN:     45-5164440<br><br>From-To  2012 - present |

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

EXHIBIT "C"

046

| Debtor | Northern Holding, LLC | Case number (if known) | 8:20-bk-13014-MW |
|---|---|---|---|

| Name and address | | Date of service From-To |
|---|---|---|
| 26a.1. | Dominic Levis<br>1212 York Road, Ste. C-300<br>Lutherville Timonium, MD 21093 | 2013 - 2017 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

**Name and address**

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Leroy Codding | | Sole owner and managing member | 100% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

EXHIBIT "C"

047

Debtor    Northern Holding, LLC                                              Case number *(if known)*  8:20-bk-13014-MW

 

■  No
☐  Yes. Identify below.

**Name of the parent corporation**                                    **Employer Identification number of the parent corporation**

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■  No
☐  Yes. Identify below.

**Name of the pension fund**                                          **Employer Identification number of the parent corporation**

EXHIBIT "C"                            048

Fill in this information to identify the case:

Debtor name     Northern Holding, LLC

United States Bankruptcy Court for the:     CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)     8:20-bk-13014-MW

☐ Check if this is an
amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

| Part 14: | Signature and Declaration |
| --- | --- |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in
connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true
and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     November 10, 2020

_____     Leroy Codding
Signature of individual signing on behalf of the debtor     Printed name

Position or relationship to debtor     Managing Member

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
■ No
☐ Yes

EXHIBIT "C"

049

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Central District of California

In re  Northern Holding, LLC
Debtor(s)

Case No.  8:20-bk-13014-MW

Chapter  11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 33,283.00 |
| Prior to the filing of this statement I have received | $ | 33,283.00 |
| Balance Due | $ | 0.00 |

2.  $  1,717.00   of the filing fee has been paid.

3.  The source of the compensation paid to me was:

■ Debtor        ☐ Other (specify):

4.  The source of compensation to be paid to me is:

■ Debtor        ☐ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.  [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

November 10, 2020
Date

/s/ Matthew D. Resnik
Matthew D. Resnik
*Signature of Attorney*
RESNIK HAYES MORADI, LLP.
17609 Ventura Blvd.
Ste 314
Encino, CA 91316
(818) 285-0100  Fax: (818) 855-7013
matt@rhmfirm.com
*Name of law firm*

---

EXHIBIT "C"

050

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*): **SUMMARY OF ASSETS AND LIABILITIES; SCHEDULES A/B, D, E/F, G, H; DECLARATION RE NON-INDIVUDUAL DEBTORS SCHEDULES; STATEMENT OF FINANCIAL AFFAIRS; DISCLOSURE OF ATTORNEY COMPENSATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/10/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Nancy S Goldenberg**   nancy.goldenberg@usdoj.gov
- **Michael J Gomez**   mgomez@frandzel.com, dmoore@frandzel.com
- **Matthew D. Resnik**   matt@rhmfirm.com,
  roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 11/10/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**No Judge's Copy required for documents less than 25-pages per GENERAL ORDER 20-04 - IN RE: PROCEDURES FOR PHASED REOPENING DURING COVID-19 PUBLIC EMERGENCY.**

**Northern Holding, LLC**
**13217 Jamboree Rd #429**
**Tustin CA 92783**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/10/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
☐                                                                                      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/10/2020 | Daniel Lavin | /s/ Daniel Lavin |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# Exhibit "D"

1  Michael J. Gomez (State Bar No. 251571)
     mgomez@frandzel.com
2  Reed S. Waddell (State Bar No. 106644)
     rwaddell@frandzel.com
3  Gerrick M. Warrington (State Bar No. 294890)
     gwarrington@frandzel.com
4  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   1000 Wilshire Boulevard, Nineteenth Floor
5  Los Angeles, California 90017-2427
   Telephone: (323) 852-1000
6  Facsimile: (323) 651-2577

7  Attorneys for Secured Creditor
   FARM CREDIT WEST, FLCA

8

9

10                    **UNITED STATES BANKRUPTCY COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12                         **SANTA ANA DIVISION**

13

14  | In re | Case No. 8:20-bk-13014-MW |

15  NORTHERN HOLDINGS, LLC,          Chapter 11

16         Debtor.                   **MEMORANDUM OF POINTS AND**
                                     **AUTHORITIES IN SUPPORT OF FARM**
17                                   **CREDIT WEST, FLCA'S MOTION FOR**
                                     **RELIEF FROM AUTOMATIC STAY**
18

19                                   Date:    November 30, 2020
                                     Time:    9:00 a.m.
20                                   Place:   Courtroom 6C
                                              United States Bankruptcy Court
21                                            411 W. Fourth Street
                                              Santa Ana, CA 92701
22

23                                   Hon. Mark S. Wallace

24

25

26

27

28

EXHIBIT "D"                                           052

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE:**

Farm Credit West, FLCA ("FCW") submits the following Memorandum of Points and Authorities in support of its Motion for Relief from Automatic Stay ("Motion").

## I.    INTRODUCTION

This bankruptcy is a blatant scheme to hinder, delay, and defraud FCW to prevent its foreclosure sale. First, we have the traditional skeletal filing on the eve of the foreclosure sale with very few creditors. Next, we have two bankruptcies timed to stop a foreclosure sale. The first bankruptcy involved the same property over which relief from stay was litigated and granted in favor of FCW. Then, we have one of those bankruptcies occurring once state court litigation went awry for the debtor. Finally, we have an unauthorized transfer of real property to an affiliated insider of the prior debtor, also occurring on the eve of a foreclosure sale.

Equity demands relief. Not only must *in rem* relief from the automatic stay be granted, but extraordinary relief must be granted too in order to prevent the furtherance of more schemes.

## II.    FACTUAL BACKGROUND

This is the tortured story of two loans to Erich Lee Russell ("Russell") and his spouse, and their protracted attempts to thwart a foreclosure sale of their winery and vineyard.

### A.    Loan 1

On or about March 5, 2007, FCW made a $17,500,000.00 loan ("Loan 1") to Russell and Joanne Russell ("J. Russell" and together with Russell, "Borrowers"). Loan 1 is secured by a deed of trust and assignment of rents ("Deed of Trust") recorded in the San Luis Obispo County Recorder's Office on March 23, 2007, as instrument number 2007019418, against Russell's real property located in San Luis Obispo County (the "Real Property Collateral").

As additional security for Loan 1, the Borrowers and Rabbit Ridge Wine Sales, Inc. ("Rabbit Ridge"), executed and delivered to FCW a security agreement ("Security Agreement"), granting FCW a security interest on all of their existing and after-acquired goods, farm products,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  inventory, bulk and cased wine inventory, accounts, general intangibles, equipment, and proceeds

2  thereof, including fixtures on certain real property more particularly described in the Security

3  Agreement ("Personal Property Collateral" and together with Real Property Collateral,

4  "Collateral").[1]  (Kevin Ralph ["Ralph"] Decl. ¶¶ 3 - 7, Exhs. 1 - 5.)

5      **B.**    **Loan 2**

6      On or about January 15, 2009, FCW made a further advance of $3,525,000.00 ("Loan 2")

7  to the Borrowers.  The Borrowers each also executed and delivered to FCW a Notice of Advance

8  Under Deed of Trust ("Notice of Advance"), which constituted an advance secured by the Deed of

9  Trust, which Notice of Advance was recorded on February 6, 2009, in the San Luis Obispo

10  County Recorder's Office, assigned document number 2009-005727.  (Ralph Decl. ¶ 8, Exhs. 6 -

11  7.)

12      **C.**    **The Workouts and the Foreclosure**

13      The Borrowers later defaulted on their loan obligations to FCW, resulting in the Borrowers

14  and FCW entering into four separate Loan Restructure and Workout Agreements.  The fourth such

15  workout agreement ("Fourth Workout") was entered into between the Borrowers and FCW on or

16  about March 11, 2015, *over five years ago now*, and entailed a forbearance by FCW along with the

17  sale of certain real property collateral.

18      On or about December 9, 2015, the Borrowers and FCW entered into the First Amendment

19  to the Fourth Workout, which entailed a further forbearance by FCW as well as payments by the

20  Borrowers and the sale of certain real estate to pay down FCW's delinquent debt.

21      The Borrowers further defaulted on their obligations, and on June 12, 2017, FCW recorded

22  a Notice of Default regarding its Real Property Collateral secured by the Deed of Trust.  On

23  October 2, 2019, after **two more** years of workout attempts, FCW recorded its notice of sale.

24      Prior to FCW's nonjudicial foreclosure sale, Russell filed a complaint in San Luis Obispo

25  Superior Court and obtained a temporary restraining order, halting the foreclosure sale.  On

26

27

28

---

[1] Rabbit Ridge also guaranteed the Borrowers' obligations to FCW.

3

EXHIBIT "D"

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1   January 10, 2020, however, the Superior Court denied Russell's motion for preliminary injunction,

2   and Russell filed for chapter 11 hours later.  (Ralph Decl. ¶¶ 9 - 13, Exhs. 8 – 12.)

3   **D.      The First Bankruptcy; Case No. 9:20-bk-10035-DS**

4   Russell's petition was a face-sheet filing, lacking any schedules or a statement of financial

5   affairs.  When Russell did file Schedules, they only disclosed three other creditors, the County for

6   property taxes, an insider (his co-borrower spouse), and only one general, unsecured creditor.

7   (Ralph Decl. ¶ 14, Exh. 15.)

8   On February 10, 2020, Russell filed a Status Conference Report ("Status Report")

9   (Dkt. 36), attaching Budget Projections ("Budget"), reflecting, among other things, that Russell

10   leases all of his property to his wholly-owned corporation, Rabbit Ridge.  The Status Report and

11   Budget reflected that Russell receives no rent, per se, from his corporation.  Rather, apparently, the

12   corporation merely funds the expenses related to Russell's winery operating on the property.

13   Russell has never provided FCW with a written lease.

14   On January 15, 2020, FCW filed and served, in accordance with the exception to the

15   automatic stay set forth in 11 U.S.C. § 362(b)(3), its *Notice of Continuation of Perfection of*

16   *Security Interests, Demand for Adequate Protection; and Demand of Sequestration of Cash*

17   *Collateral Pursuant to 11 U.S.C. §§ 362(b)(3), 363(c)(4), 363(e), 546(b), and 552(b)* (Dkt. 11),

18   which Russell ignored.  FCW had to compel compliance with 11 U.S.C. § 363(c) by filing a

19   motion with the Court, which the Court granted (Dkt. 51).

20   As of January 10, 2020, FCW was owed not less than $19,040,509.25.  (Ralph Decl. ¶ 15.)

21   According to the Declaration of Erich Russell in Response to Farm Credit West Motion re Use,

22   Accounting and Control of Cash Collateral ("Russell Declaration") (Dkt. 45) filed on February 14,

23   2020, the Collateral is worth only $15,000.000.00.  (Ralph Decl. ¶ 29, Exh. 13, Russell Decl., ¶ 8

24   ["I believe all of the current Russell Property including the winery equipment and farm equipment

25   are currently worth approximately $15,000,000, which is approximately $5,000,000 less than is

26   allegedly owed to FCW."]).  The "Russell Property" is defined in the Russell Declaration as

27   Debtor's real property and improvements.  (Ralph Decl. ¶ 29, Exh. 13, Russell Decl., ¶ 2.)

28   / / /

Case 8:20-bk-13014-MW   Doc 60   Filed 02/16/21   Entered 02/16/21 17:04:12   Desc
Case 8:20-bk-13014-MW   Main Document   Page 76 of 290   Entered 11/06/20 17:15:51   Desc
Memorandum of Points and Authorities   Page 5 of 14

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**E.     Relief From Stay and the Dismissal of Case No. 9:20-bk-10035-DS**

On March 3, 2020, FCW filed its lift stay motion in Russell's case (Dkt. 53).  Russell initially opposed the motion (Dkt. 61), however, after discussions with Russell's counsel and Russell's loan broker, a fellow named Leroy "Lee" Codding, Russell and FCW arrived at a stipulation for relief from stay.  Under the stipulation, FCW agreed that, among other things, in exchange for relief from stay, it would forbear from foreclosing on the Real Property Collateral until July 24, 2020, and that if Russell paid FCW $15.4 million on or before July 24, 2020, FCW would accept that figure in full satisfaction of its debt.  (Ralph Decl. ¶ 16, Exh. 17.)

The Court approved the relief from stay stipulation, finding Russell had no equity in the Collateral and that the Collateral was not adequately protected, lifting the stay under both 11 U.S.C. §§ 362(d)(1) and (d)(2).  As part of the lift stay stipulation, Rabbit Ridge and Russell's non-filing spouse agreed that that if they filed for bankruptcy, it would be presumed that their case was filed in bad faith   (Ralph Decl. ¶ 16, Exh. 17, at internal p.6 ¶ 7, and Exh. 18.)

Later on in the case, finding that Russell had violated court orders and sought to have his case dismissed following a request for relief from the automatic stay, the Court dismissed Russell's case and barred him from filing for bankruptcy again for 180 days.  (Ralph Decl. ¶ 17, Exh. 19.)

**F.     A Further Forbearance**

Following the dismissal of his bankruptcy, Russell, through his broker, Lee Codding, requested an extension of the July 24, 2020 forbearance period.  As an accommodation and in exchange for a forbearance fee of $200,000, FCW agreed to extend the forbearance period until October 28, 2020.  The foreclosure sale was continued to October 29, 2020.  (Ralph Decl. ¶¶ 18-21, Exhs. 20, 21, 28, and 29; Reed Waddel Decl. ["Waddell Decl."] Decl. ¶¶ 4-5, Exhs. 28 and 29.)

With the foreclosure sale date approaching, Mr. Codding requested another extension of the forbearance period.  FCW declined the request.  As the foreclosure sale date marched closer, FCW's communications to Mr. Codding and Russell regarding the status of the payment to FCW went unanswered.  (Ralph Decl. ¶ 22, Exh. 22.)

/ / /

**G.    The Second Bankruptcy**

Finally, just thirty minutes before the foreclosure sale, Mr. Codding unexpectedly surfaced and advised FCW that:

> We could not get funding finalized as per the deadline under Rabbit Ridge's current structure . . .The Russells have signed everything over to an LLC I have.

FCW next learned that an entity it had never heard of before called Northern Holdings, LLC, contacted the foreclosure trustee, claimed an interest in the Real Property Collateral, and asserted it had filed for bankruptcy and its bankruptcy filing stopped the sale.  (Ralph Decl. ¶¶ 22-23, Exh. 23.)

Upon investigating the matter further, FCW found that three quitclaim deeds had been signed from Russell to Northern Holdings, LLC (the "Debtor") the day before the foreclosure sale. In reviewing the petition for the Debtor and the other case commencement documents, FCW learned that:

- The Debtor filed for bankruptcy within hours of the recording of the quitclaim deeds, on the eve of the foreclosure sale.

- The petition was a face sheet filing without schedules.

- Mr. Codding, *i.e.*, Mr. Russell's loan broker, signed the petition on behalf of the Debtor.

- Mr. Codding apparently completely owns the Debtor.

- Mr. Russell is listed as one of only six creditors of the Debtor with a large, unsecured claim.

- Mr. Codding flagrantly failed to report to the Court and creditors of this case's relationship with the prior Russell bankruptcy.

- Mr. Codding failed to list the County of San Luis Obispo which is owed millions of dollars in property taxes secured by the Real Property Collateral

(Ralph Decl. ¶¶ 25-27, Exhs. 24-25.)

/ / /

/ / /

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**H.    Additional Lack of Adequate Protection**

To make matters worse, FCW's requests to the Debtor to account for its cash collateral have gone unheeded.  (Ralph Decl. ¶ 28, Exh. 26.)  This case is unfolding much like the Russell where FCW had to obtain a court order directing Russell to comply with his cash collateral obligations.  In the meantime, FCW has also now learned that the County of San Luis Obispo is now owed $3 million in property taxes, accruing interest at a rate in excess of 18% per annum and default penalties, and that it is noticed its own tax sale of the Real Property Collateral.  (Waddel Decl. ¶ 3, Exhs. 14, 16, and 27.)  Mr. Codding has also apparently taken over FCW's guarantor, Rabbit Ridge, and is acting as, among other things, its Chief Executive Officer. (Exh. 29.)

**III.    ARGUMENT**

    **A.    FCW is Entitled to Relief from Stay Because "Cause" Exists Under § 362(d)(1).**

Under § 362(d)(1) of the Bankruptcy Code, a bankruptcy court shall grant relief from the automatic stay "for cause."  "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." *MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985).

Lack of adequate protection constitutes "cause" under § 362(d)(1). *Ellis v. Parr (In re Ellis)*, 60 B.R. 432, 435 (9th Cir. BAP 1985).  An insufficient equity cushion may support a finding that a secured creditor is not adequately protected.  *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396, 1401 (9th Cir. 1984).

The existence of bad faith in commencing a bankruptcy case constitutes cause for granting relief from the stay pursuant to § 362(d)(1). 3 COLLIER ON BANKRUPTCY ¶ 362.07[3][a] (Richard Levin & Henry J. Sommer, eds., 16th Ed.) (citing *In re Laguna Assoc. Ltd. Partnership*, 30 F.3d 734 (6th Cir. 1994); *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023 (11th Cir. 1989)).  A bankruptcy filing arising from a two-party dispute, while not constituting *per se* bad faith, will constitute bad faith where "it is an apparent two-party dispute that can be resolved outside of the Bankruptcy Court's jurisdiction." *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 616 (9th

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1    Cir. BAP 2014) (quoting *Oasis at Wild Horse Ranch, LLC v. Sholes (In re Oasis at Wild Horse*

2    *Ranch, LLC)*, 2011 WL 4502102, at *10 (9th Cir. BAP Aug. 26, 2011) (citing *N. Cent. Dev. Co. v.*

3    *Landmark Capital Co. (In re Landmark Capital Co.)*, 27 B.R. 273, 279 (Bankr. D. Ariz. 1983))).

4    Hallmarks of a "bad faith" filing include, in pertinent part, no available sources of income to fund

5    a plan of reorganization or fund adequate protection payments, few and small unsecured creditors,

6    bankruptcy filed on eve of foreclosure after failing to obtain injunction in state court, and where

7    bankruptcy offers little more than further delay. *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994)

8    (citing *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072-73 (5th Cir. 1986) other citations

9    omitted).

10    Here, "cause" exists for the Court to grant relief from stay to FCW under § 362(d)(1) based

11    upon lack of adequate protection and because this case was filed in "bad faith." First, there is

12    presently no equity cushion in the Collateral according to Russell. Further, this Court already

13    found there is no equity in the Collateral as part of its prior relief from stay ruling, and the Debtor

14    should be bound by the same result on collateral estoppel grounds and because the Debtor is a

15    non-statutory insider of Russell. 11 U.S.C. § 101(31); *see In re Winstar Commc'ns Inc.*, 554 F.3d

16    382 (3d Cir. 2009). And, FCW's currently *under*secured collateral position in the Real Property

17    Collateral is eroding postpetition due to the accrual of *ad valorem* real property taxes. Not

18    mention the fact that the Debtor is completely ignoring its cash collateral obligations to FCW, just

19    like Mr. Russell did in his prior bankruptcy.

20    In addition, and as further "cause" for relief form stay, this case was filed in bad faith—on

21    the day before the foreclosure sale was to occur. This is also the second case in the same year

22    involving the same property where FCW previously obtained relief from stay. In addition, the

23    prior bankruptcy case was filed the same day the Superior Court rejected Russell's legal

24    arguments for a preliminary injunction. There are only five unsecured creditors (one of which is

25    an insider, Mr. Russell). FCW provided Russell with plenty of opportunities to cure the defaults,

26    he received one form of forbearance or another since 2015, with the most recent forbearance

27    expiring on October 28, 2020. Hence, this case has no chance of reorganizing and was filed

28

1  merely to delay FCW's foreclosure remedies.[2]  Unless relief from stay is granted immediately,

2  FCW will suffer irreparable harm as its secured property interests will be further eroded.  Further,

3  this case is just another extension of the two party dispute between FCW and Russell, and

4  whatever delay tactic Russell and those working in concert with him can conjure up.  Accordingly,

5  "cause" exists sufficient to allow the Court to grant relief from stay.

6          **B.**        **FCW is Also Entitled to Relief Under § 362(d)(2) Because There is No**

7                  **"Equity" in the Collateral and it is Not "Necessary for an Effective**

8                  **Reorganization" that is "In Prospect."**

9          Title 11 U.S.C. §362(d)(2) states, in pertinent part, that "the court shall grant relief from

10  the stay . . . if—(A) the debtor does not have any equity in such property; and (B) such property is

11  not necessary to effective reorganization." While the movant has the burden of establishing the

12  lack of equity, the debtor has the burden to show "all other issues," including that the property is

13  necessary to an effective reorganization. *See* 11 U.S.C. § 362(g).  Property is necessary to an

14  effective reorganization only where there is a "reasonable possibility of a successful

15  reorganization within a reasonable time." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest*

16  *Assoc.*, 484 U.S. 365, 376 (1988) (citation omitted).

17          There is no equity in the Collateral and there is no chance at a successful reorganization

18  whatsoever here.  Total liens on the Property are well over $20 million and the Collateral is only

19  worth $15 million according to Mr. Russell, which the Court already previously found.  The

20  Debtor is bound by that ruling under collateral estoppel rules and because it is a non-statutory

21  insider of Mr. Russell.  In addition, the Debtor will be unable to demonstrate that the Collateral is

22  "necessary for an effective reorganization" that is "in prospect."  This case was filed on October

23  28, 2020, the same day that an extension of an arm's length forbearance expired that was

24  negotiated as part of a prior bankruptcy case affecting the same property.  The Debtor owes over

25  $3 million in ad valorem real property taxes, which accrue interest at the statutory rate in excess of

26  18% per annum.

27

28       [2] Once schedules are actually filed, FCW reserves the right to augment the record and its argument on this score.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1    For these reasons, FCW requests stay relief under § 362(d)(2).

2    **C.    This Bankruptcy Was Filed as Part of a Scheme to Hinder, Delay, and**

3    **Defraud FCW, Involving Both a Transfer of the Property and Multiple**

4    **Bankruptcy Cases Affecting the Property**

5    Section 362(d)(4) provides, in pertinent part, that

6    (4) with respect to a stay of an act against real property under subsection (a), by a
     creditor whose claim is secured by an interest in such real property, if the court finds

7    that the filing of the petition was part of a scheme to delay, hinder, or defraud
     creditors that involved either—

8    (A) transfer of all or part ownership of, or other interest in, such real property
     without the consent of the secured creditor or court approval; or

9    (B) multiple bankruptcy filings affecting such real property.

10   11 U.S.C. § 362(d)(4). *See also In re Dorsey*, 476 B.R. 261, 267 (Bankr. C.D. Cal. 2012) (citation

11   omitted); COLLIER ON BANKRUPTCY, ¶ 362.07[6] (16th ed.) (citations omitted).

12   To obtain relief under § 362(d)(4), the court must find that three elements are present.

13   *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470

14   B.R. 864, 870 (B.A.P. 9th Cir. BAP 2012).  First, the filing of the bankruptcy petition must have

15   been part of a scheme.[3]  Second, the object of the scheme must have been to delay, hinder, or

16   defraud creditors.  Third, the scheme must involve either (a) the transfer of some interest in the

17   real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy

18   filings affecting the property.  *Id.*

19   A "scheme" means "an intentional artful plot or plan to delay, hinder or defraud creditors."

20   *In re Duncan & Forbes Dev., Inc.*, 368 B.R. 27, 32 (Bankr. C.D. Cal. 2006) (citing Black's Law

21   Dictionary (8th ed. 2004)).  "It is not common to have direct evidence of an artful plot or plan to

22   deceive others."  *Id.*  Section 362(d)(4) does not require that the debtor be a party to the scheme.

23   If an insider of the debtor engaged in the scheme, that showing is a sufficient basis for relief

24   under § 362(d)(4).  *Id.*

25   / / /

26

27   ───────────────
     [3] The Debtor's actual participation in the "scheme" is not required for the movant to obtain

28   relief under section 362(d)(4).  *In re Vazquez*, 580 B.R. 526 (Bankr. C.D. Cal. 2017); *In re 4th
     Street East Investors, Inc.*, 474 B.R. 709, 710 (Bankr. C.D. Cal. 2012).

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Case 8:20-bk-13014-MW    Doc 60    Filed 02/16/21    Entered 02/16/21 17:04:12    Desc
Case 8:20-bk-13014-MW    Main Document    Page 82 of 290    Entered 11/06/20 17:15:51    Desc
Memorandum of Points and Authorities    Page 11 of 14

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

"Delay" and "hinder" essentially mean the same thing: to stall a creditor from collecting on its debt. *Id.* at 34. Mere hindrance and delay occurs when a party simply acts to stall a foreclosure sale. *See In re Smith*, 395 B.R. 711, 719 (Bankr. D. Kan. 2008) ("There is no question that debtor intended to hinder delay…she conceded that she filed the present case to delay the sheriff's sale.") The term "defraud" contains more meaning, generally conveying a scheme to avoid paying creditors and is commonly proven by circumstantial evidence of the "badges of fraud." *In re Duncan & Forbes Dev., Inc.*, 368 B.R. at 35.

The "badges of fraud" include:

(1) a close relationship between the transferor and the transferee;

(2) that the transfer was in anticipation of a pending suit;

(3) that the transferor was insolvent or in poor financial condition at the time;

(4) that all or substantially all of the transferor's property was transferred;

(5) that the transfer so completely depleted the transferor's assets that the creditor has been hindered or delayed in recovering any part of the judgment; and

(6) the transferor received inadequate consideration for the transfer.

*In re Woodfield*, 978 F.2d 516, 518 (9th Cir. 1992).

Moreover, when Congress constructed the "*in rem*" relief in § 362(d)(4) it was not writing a blank slate. For years before the enactment of BAPCPA courts fashioned "*in rem*" orders to curb abusive bankruptcy filings. *See, e.g., In re Fernandez*, 212 B.R. 361, 371 (Bankr. C.D. Cal. 1997) ("Otherwise, the bankruptcy process becomes a farce and parties to bankruptcy cases pursuing legitimate interests before the court will be put to a seemingly endless round of motions, based solely on a Lewis Carroll view of the working of the automatic stay and the workings of due process."); *see also* Luis F. Chaves, *In Rem Bankruptcy Refiling Bars: Will They Stop Abuse of the Automatic Stay Against Mortgagees?*, 24 CAL. BANKR. J. NO. 1, p.3 (1998).

The abuses were only limited by imagination. *E.g., In re Duvar Apt.*, 205 B.R. 196 (B.A.P. 9th Cir. 1996) (highlighting the "new debtor syndrome"); *see also Final Report of the Bankruptcy Foreclosure Scam Task Force*, 32 LOY. L.A. L. REV. 1063, 1069-1073, 1092 (June 1999) (enumerating abuses like transfers of fractional interests and serial filings and

recommending a modification of § 362 as the ultimate fix). This history cannot be ignored. It "informs our understanding of the language of the [Bankruptcy] Code." *Kelly v. Robinson*, 479 U.S. 36, 44 (1986).

Here, the Debtor's filing of the bankruptcy petition was part of the "scheme," because the petition was used as part of a plan to delay and hinder FCW's foreclosure sale by quitclaiming the Real Property Collateral to the Debtor and having the Debtor—an entity that FCW has never heard of or ever done business with before—on the eve of the foreclosure sale.

This was a continuation of a scheme, which involved the prior bankruptcy case of Russell. Each time the scheme involves the filing of a bankruptcy case with a face sheet filing when it is clear that all other avenues to block the foreclosure sale have been exhausted and that the foreclosure sale will proceed. Last time, it was the denial of Russell's request for a preliminary injunction and this time it was the expiration of the forbearance.

In addition, Russell made the transfer in violation of its covenant to not to transfer any interest in the Real Property Collateral contained in the Deed of Trust. *See In re Duncan & Forbes Dev., Inc.*, 368 B.R. at 37 ("lenders frequently negotiate a right to approve any transfer or sale of the collateral. In such circumstance, § 362(d)(4) may properly authorize relief from stay if such approval is not obtained. . . "). These circumstances all indicate a plot to frustrate the foreclosure efforts. Notably, in inducing FCW to further forbear until October, 2020, Mr. Russell represented to FCW that he would "not ask for any additional extensions or take any further actions to stop the foreclosure if FCW does not receive the $15.4 million." (Waddell Decl. ¶ 5, Exh. 29.)

Movant has also clearly been defrauded. Almost all of the badges of fraud are present. (A) There is a close relationship between the transferor and the transferee – Russell transferred the real property from himself to a company that his loan broker owns and the loan broker was *extensively* involved in negotiating the terms of the forbearance and the payoff. Indeed, the transferee is a non-statutory insider of Russell.

(B) The transfer was made in anticipation of creditor action. The Borrowers previously defaulted on the loans years ago and the filing occurred on the eve of the foreclosure sale. *See In*

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

EXHIBIT "D"
063

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  *re Woodfield*, 978 F.2d at 519 ("The Debtors concededly were trying to…prevent seizure of

2  assets.").

3      (C) The transferor was insolvent or in poor financial condition.  Russell made judicial

4  admissions that the Collateral was only worth $15 million, which the Court adopted in in making

5  its lift stay ruling.  Russell's debts, on the other hand, now exceed $20 million.  *See id.* ("The

6  partnership was admittedly in poor financial condition at the time, having defaulted on several

7  obligations.").

8      (D) The transferor hindered or delayed the creditor from its recovery as a result of the

9  transfer.  Movant discussed this issue above.  *See also id.* ("They omitted the transfers from their

10  statement of financial affairs in bankruptcy.").

11      (E) The transferor received inadequate consideration for the transfer.  According to the List

12  of 20 Largest Unsecured Creditors, Russell is owed over $6 million by the Debtor.  Hence, it looks

13  like Russell received nothing in terms of money or money's worth.

14      Finally, this scheme involved ***both*** the fraudulent transfer of the Real Property Collateral

15  without FCW's consent or court approval (§ 362(d)(4)(A)), ***and*** two bankruptcy cases affecting

16  the Russell Property Collateral (*i.e.*, the Russell bankruptcy case and the instant case)

17  (§ 362(d)(4)(B)).

18      For these reasons, FCW is entitled to *in rem* stay relief under section 362(d)(4).

19      **D.      The Court Should Waive Federal Rule of Bankruptcy Procedure 4001(a)(3)**

20      Federal Rule of Bankruptcy Procedure, Rule 4001(a)(3) provides that "An order granting a

21  motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until

22  the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R.

23  Bankr. P. 4001(a)(3).

24      Good cause exists for the Court to waive the 14-day stay imposed by Rule 4001(a)(3).  In

25  particular, the stay causes unnecessary delay, preventing FCW from immediately exercising its

26  non-bankruptcy law remedies.  Such delay is prejudicial to FCW and completely unnecessary.

27  Given the bad faith scheme to hinder, delay, and defraud FCW, the 14-day stay should be waived

28  to prevent further continuing prejudice to FCW due to delay.

**IV.    <u>CONCLUSION</u>**

WHEREFORE, FCW requests that the Court granting the Motion and allow it to proceed with its non-bankruptcy law remedies with respect to the Collateral.

DATED:  November 5, 2020

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL J. GOMEZ
REED S. WADDELL
GERRICK M. WARRINGTON

By:  _____/s/ Michael J. Gomez_____
MICHAEL J. GOMEZ
Attorneys for FARM CREDIT WEST, FLCA

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Michael J. Gomez (State Bar No. 251571)
    mgomez@frandzel.com
Reed S. Waddell (State Bar No. 106644)
    rwaddell@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
    gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
FARM CREDIT WEST, FLCA

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>NORTHERN HOLDINGS, LLC,<br><br>        Debtor | Case No. 8:20-bk-13014-MW<br><br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF KEVIN E. RALPH IN SUPPORT OF FARM CREDIT WEST, FLCA'S MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date:    November 30, 2020<br>Time:   9:00 a.m.<br>Place:  Courtroom 6C<br>       United States Bankruptcy Court<br>       411 W. Fourth Street<br>       Santa Ana, CA 92701<br><br>Hon. Mark S. Wallace |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

I, Kevin E. Ralph, declare:

1.     I am employed by Farm Credit West, FLCA ("FCW") in the capacity of Executive Vice President, Administrative Services at its offices located in Rocklin, California. I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto. This declaration is submitted in support of FCW's Motion for Relief from the Automatic Stay ("Motion"), seeking relief from the automatic stay in the instant bankruptcy case of Northern Holdings, LLC ("Debtor").

## Custodian Of Records

2.     I am one of the persons charged with the responsibility for the administration, monitoring, and collection of the loan obligations of Erich Lee Russell ("Borrower") to FCW. I am required to know and, in fact, am familiar with the jobs of the FCW's employees and the methods they use in making bookkeeping entries and maintaining the records for which I am ultimately responsible. I am one of the custodians of the books, records, and files of FCW that pertain to the Loans made by FCW to the Borrower. I have personally worked on the books, records, and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of FCW, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of FCW's business at or near the time of the acts, conditions, or events to which they relate. Any such document was prepared in the ordinary course of business of FCW by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.

## The Loan Documents

**A.    Loan 1**

3.     On or about March 5, 2007, FCW made a $17,500,000.00 loan to the Borrower ("Loan 1"). Loan 1 is evidenced by a Promissory Note and Loan Agreement ("Note 1") in the amount of $17,500,000.00, which the Borrower and Joanne Russell ("J. Russell" and together with Borrower, "Borrowers") executed and delivered to FCW. Note 1 reflects a March 1, 2037,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  maturity date. A true and correct copy of Note 1 is attached as **Exhibit 1** to the Motion.

2      4.    Note 1 is secured by a deed of trust and assignment of rents ("Deed of Trust"),

3  which the Borrower executed and delivered to FCW on or about March 5, 2007. The Deed of

4  Trust was recorded in the San Luis Obispo County Recorder's Office on March 23, 2007, as

5  instrument number 2007019418, against the Borrower's real property located in San Luis Obispo

6  County: Parcel A (APN 026,342,039); Parcel A-1, Parcel A-2, Parcel B (APN: 026,021,070),

7  Parcel C (APN: 027,145,022), Parcel C-1, Parcel D (APN: 026,104,011), Parcel E (APN:

8  014,311,014), Parcel E-1; and the following real property located in Sonoma County: Parcel One

9  and Parcel Two (APN: 110-070-026-000) (collectively, "Real Property Collateral"), creating a

10  first-position lien on the Real Property Collateral. A true and correct copy of the Deed of Trust is

11  attached as **Exhibit 2** to the Motion. FCW's lien on certain parcels were reconveyed thereafter.[1]

12      5.    As additional security for Note 1, on or about March 5, 2007, the Borrowers and

13  Rabbit Ridge Wine Sales, Inc., a California corporation ("Rabbit Ridge"), executed and delivered

14  to FCW a security agreement ("Security Agreement"), granting FCW a security interest on all

15  existing and after-acquired goods, farm products, inventory, bulk and cased wine inventory,

16  accounts, general intangibles, equipment, and proceeds thereof, including fixtures on certain real

17  property more particularly described in the Security Agreement ("Personal Property Collateral"

18  and together with Real Property Collateral, "Collateral"). A true and correct copy of the Security

19  Agreement is attached as **Exhibit 3** to the Motion.

20      6.    On or about March 5, 2007, Rabbit Ridge entered into a Continuing Guaranty

21  ("Rabbit Ridge Guaranty"), whereby it unconditionally and irrevocably guarantied Borrowers'

22  payment and performance obligations to FCW, as set forth in more detail therein. A true and

23  correct copy of the Rabbit Ridge Guaranty is attached as **Exhibit 4** to the Motion.

24

25      [1] On September 8, 2011, FCW recorded a Deed of Partial Reconveyance in the San Luis

26  Obispo County Recorder's Office, reconveying Parcel E and Parcel E-1. On September 7, 2017, FCW recorded a Deed of Partial Reconveyance in the San Luis Obispo County Recorder's Office,

27  and a Deed of Reconveyance in the Sonoma County Recorder's Office, reconveying Parcel One and Parcel Two. On June 20, 2019, FCW recorded a Deed of Partial Reconveyance in the San

28  Luis Obispo County Recorder's Office, reconveying "Parcel B" (APN: 026,021,070).

3

DECLARATION OF KEVIN E. RALPH
EXHIBIT "D"

068

7.     On April 6, 2004, FCW filed a UCC-1 financing statement with the California

Secretary of State, perfecting its security interest in the Personal Property Collateral, which filing

was assigned filing number 0410760031 ("UCC-1"). Copies of the UCC-1 and its amendments

and continuation statements are collectively attached as **Exhibit 5** to the Motion.

**B.    Loan 2**

8.     On or about January 15, 2009, FCW made a further advance of $3,525,000.00

("Loan 2") to the Borrowers. Loan 2 is evidenced by a Promissory Note and Loan Agreement

("Note 2") dated January 15, 2009, executed by the Borrowers and delivered to FCW. Note 2

reflects a January 1, 2029, maturity date. A true and correct copy of Note 2 is attached as **Exhibit**

**6** to the Motion. The Borrowers each also executed and delivered to FCW a Notice of Advance

Under Deed of Trust ("Notice of Advance"), which constituted an advance secured by the Deed of

Trust, which Notice of Advance was recorded on February 6, 2009, in the San Luis Obispo

County Recorder's Office, assigned document number 2009-005727. A true and correct copy of

the Notice of Advance is attached as **Exhibit 7** to the Motion.

**The Workouts and the Foreclosure**

9.     The Borrowers later defaulted on their loan obligations to FCW, resulting in the

Borrowers and FCW entering into four separate Loan Restructure and Workout Agreements. The

fourth such workout agreement ("Fourth Workout") was entered into between the Borrowers and

FCW on or about March 11, 2015, and entailed forbearance by FCW along with the sale of certain

real property collateral. A true and correct copy of the Fourth Workout is attached as **Exhibit 8** to

the Motion.

10.    On or about December 9, 2015, the Borrowers and FCW entered into the First

Amendment to the Fourth Workout, which entailed further forbearance by FCW as well as

payments by the Borrowers and the sale of certain real estate to pay down FCW's delinquent debt

("First Amendment to Fourth Workout"). A true and correct copy of the First Amendment to

Fourth Workout is attached as **Exhibit 9** to the Motion.

11.    The Borrowers further defaulted on their obligations, and on June 12, 2017, FCW

recorded a Notice of Default ("NOD"). A true and correct copy of the NOD is attached as

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  **Exhibit 10** to the Motion.

2      12.    On October 2, 2019, after years of workout attempts, FCW recorded its notice of

3  sale ("NOTS") regarding its Real Property Collateral secured by the Deed of Trust. A true and

4  correct copy of the NOTS is attached as **Exhibit 11** to the Motion.

5      13.    Next, the Borrower filed a complaint against FCW in the San Luis Obispo Superior

6  Court, obtaining a temporary restraining order to halt FCW's non-judicial foreclosure sale. Later,

7  Borrower sought a preliminary injunction in Superior Court, which was denied on January 10,

8  2020. Attached as **Exhibit 12** to the Motion is a true and correct copy of the Superior Court's

9  order denying the request for a preliminary injunction.

10                **The First Bankruptcy**

11      14.    On January 10, 2020, the same day that the Borrower's preliminary injunction was

12  denied by the state court, the Borrower filed a voluntary chapter 11 bankruptcy petition,

13  commencing: _In re: Erich Lee Russell_, U.S.B.C. (C.D. Cal.) Case No: 9:20-bk-10035-DS ("First

14  Case"), before the Honorable Deborah J. Saltzman in this Court's Northern Division. The petition

15  was a face-filing, lacking any schedules or a statement of financial affairs. The Borrower later

16  filed Bankruptcy Schedules disclosing only four creditors, including FCW. Attached as **Exhibit**

17  **15** to the Motion are true and correct copies of the Borrower's bankruptcy petition and his

18  Bankruptcy Schedules along with his Statement of Financial Affairs.

19                **Amounts Owed**

20      15.    As of January 10, 2020, FCW was owed not less than $19,040,509.25 composed of

21  the following:

22          a.    Principal (Loan 1) in an amount not less than $12,764,541.01; plus

23          b.    Interest in an amount not less than $2,254,852.80; plus

24          c.    Fees in an amount not less than $822,768.62; plus

25          d.    Principal (Loan 2) in an amount not less than $2,548,948.76; plus

26          e.    Interest in an amount not less than $426,787.47; plus

27          f.    Fees in an amount not less than $186,224.87; plus

28          g.    Attorneys' fees and cost in an amount not less than $35,113.63, plus interest

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  on those fees of $1,272.09; plus

2          h.      Additional interest, late fees, other fees, and attorneys' fees and costs in

3  amounts according to proof.[2]

4                                      **Relief From Stay**

5          16.     In the First Case, FCW filed a motion for relief from the automatic stay. The

6  Borrower stipulated to stay relief under certain conditions, including that foreclosure sale would

7  not be held until at least July 24, 2020. In exchange, during that time, the Borrower had the

8  opportunity to pay FCW's loan off at the discounted amount of $15.4 million. A true and correct

9  copy of the relief from stay stipulation in the First Case is attached as **Exhibit 17** to the Motion.

10  The Bankruptcy Court approved the stipulation and granted FCW relief from the automatic stay

11  under 11 U.S.C. § 362(d)(1) and (d)(2). A true and correct copy of the relief from stay order in the

12  First Case is attached as **Exhibit 18** to the Motion.

13         17.     During the First Case, the Bankruptcy Court ultimately dismissed the case on the

14  Motion of the United States Trustee, with a 180-day bar on the Borrower re-filing under 11 U.S.C.

15  § 109(g)(1) and (g)(2). A true and correct copy of the Dismissal Order, with a 180-day bar refiling

16  based on findings related to 11 U.S.C. §, 109(g)(1) and (g)(2) issued in the First Case is attached

17  as **Exhibit 19** to the Motion.

18                                    **Subsequent Events**

19         18.     Following the dismissal of the First Case, and as the July 24, 2020 expiration of the

20  Forbearance Period approved in Judge Saltzman's relief from stay Order (Exhibit 18) approached,

21  Borrower requested that FCW again forbear from foreclosing on its collateral until October 28,

22  2020 so that Borrower could again try to arrange funding to pay its obligations to FCW at the

23  $15.4 Million "discounted" figure. In exchange for, among other things, a forbearance fee of

24  $200,000, FCW consented to the request and agreed that during that time, the Borrower once

25  again had the opportunity to pay FCW's loan off at the discounted amount of $15.4 million. The

26  agreement was memorialized pursuant to a Forbearance Agreement between FCW, the Borrowers,

27  _____

28          [2] At this point, as of October 29, 2020, because of accruing interest, fees, and costs, FCW
is actually owed over $19.75 million.

1   and Rabbit Ridge dated July 28, 2020.  A true and correct copy of the Forbearance Agreement is

2   attached as **Exhibit 20** to the Motion.  Once the conditions precedent required in the Forbearance

3   Agreement occurred, FCW continued the trustee's sale to October 29, 2020.

4          19.    Dating back several years, (*i.e.* prior to and during  the Borrower's First Case, and

5   continuing through the week the Petition was filed in this case, the Borrower was always

6   "represented by" a gentlemen named Lee Codding, who was known to me as the Borrower's real

7   estate and loan "agent," who was authorized to structure and negotiate, and who did attempt to

8   structure and negotiate, on Borrower's behalf, several of the various forbearance arrangements

9   and/or discounted payoff arrangements that Borrower sought to negotiate with FCW from time to

10  time.  With Borrower's express and implied authorization (and with the express authorization of

11  Borrower's bankruptcy counsel in the First Case), I have negotiated with, discussed, obtained

12  information from and other wise "dealt with," Mr. Codding on Borrower's behalf on numerous

13  occasions over a period of several years, involving a number of different business scenarios

14  involving the Borrower and his defaulted obligations to FCW, including the July 28, 2020,

15  Forbearance  Agreement.  Attached as **Exhibit 21** to the Motion are true and correct copies of

16  some of my email correspondence with Mr. Codding (and said email's attachments) that was

17  exchanged in July of 2019, prior to the filing of the First Case.

18         20.    During the pendency of the First Case, Mr. Codding's involvement as an agent,

19  representative and broker for Borrower continued without interruption.  As detailed more

20  specifically in **Exhibit 28** incorporated into the Motion via the Declaration of Reed S. Waddell

21  (counsel for FCW) filed herewith, is the email confirmation by Borrower's bankruptcy counsel in

22  the First Case advising that Mr. Codding was authorized to speak on Borrower's behalf regarding

23  the then pending forbearance/payoff transaction with FCW then being discussed, and confirming

24  that Mr. Codding was, indeed, the best resource for FCW to deal with resolving the issues facing

25  the Borrower with respect to FCW's collateral, then pending at that time.

26         21.    Once the First Case was dismissed, Mr. Codding was also involved in the

27  negotiations and discussions leading up to the execution of the Forbearance Agreement.  As

28  detailed more specifically in **Exhibit 29** incorporated into the Motion via the Declaration of Reed

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

DECLARATION OF KEVIN E. RALPH
EXHIBIT "D"
                                                                                    072

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1    S. Waddell are emails with Borrower's bankruptcy counsel, on which Mr. Codding was copied,

2    wherein the Borrower tried to alter the terms of the potential forbearance shortly before the

3    foreclosure sale set for late July, 2020.

4        22.    As the October 29, 2020 payoff deadline in the Forbearance Agreement approached

5    I received fewer and fewer communications from Mr. Codding. My emails effectively went

6    unanswered as to whether or not the Borrower would be able to close the $15.4 million pay off by

7    October 28, 2020. Attached as **Exhibit 22** to the Motion are true and correct copies of some of

8    my email correspondence with Mr. Codding in the days just prior to the October 29, 2020

9    scheduled foreclosure sale.

10        23.    Finally, out of the blue, at 10:29 a.m. on October 29, 2020 the morning of the long-

11    scheduled foreclosure sale, just thirty-one minutes before FCW's scheduled foreclosure sale, I

12    received an email from Mr. Codding telling me (the emphasis being mine):

13        We could not get funding finalized as per the deadline under Rabbit Ridge's current

14        structure . . . *The Russells have signed everything over to an LLC I have.* (emphasis

15        added).

16    A true and correct copy of Mr. Codding's October 29, 2020 email is attached as **Exhibit 23**.

17        24.    In the morning of October 29, 2020, I also learned via a telephone call from the

18    foreclosure trustee's sale agent, that an entity I had never heard of before called Northern

19    Holdings, LLC was claiming that it had filed for chapter 11 and that its automatic stay prevented

20    FCW's foreclosure sale from proceeding. After briefly discussing FCW's options with counsel

21    with respect to this new entity and its "surprise" claim of an ownership interest the Real Property

22    Collateral, I determined that FCW had no choice but to postpone the foreclosure sale scheduled to

23    take place only minutes later.

24                         **The Second Bankruptcy**

25        25.    After learning of the bankruptcy filing, I was able to obtain copies of three

26    Quitclaim Deeds purporting to transfer title to the Real Property Collateral from the Borrower to

27    the Debtor. True and correct copies of the recorded versions of the three Quitclaim Deeds that I

28

EXHIBIT "D"

073

1    received are collectively attached as **Exhibit 24**.  The Quitclaim Deeds were recorded on October

2    28, 2020, the day before FCW's scheduled foreclosure sale.

3        26.    FCW's counsel provided me with the bankruptcy petition for the Debtor prior to the

4    scheduled 11:00 a.m. sale.  In reviewing the petition and the case commencement documents that

5    went along with the petition (there were no Bankruptcy Schedules), I learned that the Debtor filed

6    for bankruptcy on October 28, 2020, the same day on which the Quitclaim Deeds were recorded.

7    True and correct copies of the Debtor's bankruptcy petition and case commencement documents

8    are attached as **Exhibit 25**.

9        27.    I also learned from List of Equity Security Holders included in Exhibit 25, that Mr.

10   Codding, the Borrower's real estate loan broker and agent, claims to own 100% of the Debtor and

11   that he signed the petition on behalf of the Debtor, but he utterly failed to disclose the First Case to

12   the Court and to creditors.  According to the List of 20 Largest Unsecured Creditors included in

13   Exhibit 25, the Debtor also owes the Borrower over $6 million.  From the mailing matrix included

14   with the petition, FCW was only listed as one of six creditors of the Debtor.

15       28.    Further, immediately upon learning of the bankruptcy filing by the Debtor, FCW's

16   counsel demanded an accounting of FCW's cash collateral because, among other things, Mr.

17   Codding said the "Russells have signed everything over to an LLC I have."  To date, FCW has not

18   received any accounting whatsoever for its cash collateral.  A true and correct copy of the

19   accounting demand is attached as **Exhibit 26**.

20   <u>**Value of Collateral**</u>

21       29.    In the First Case, the Borrower filed a declaration on February 14, 2020, in

22   Response to Farm Credit West Motion re Use, Accounting and Control of Cash Collateral

23   ("Russell Declaration") (Dkt. 45).  In particular, at Paragraph 8 of the Russell Declaration,

24   Borrower stated that "I believe all of the current Russell Property including the winery equipment

25   and farm equipment are currently worth approximately $15,000,000, which is approximately

26   $5,000,000 less than is allegedly owed to FCW."  Russell Decl., ¶ 8.  The "Russell Property" is

27   defined in the Russell Declaration as Borrower's real property and improvements.  Russell Decl.,

28   ¶ 2.  For the purposes of the Motion to satisfy 11 U.S.C. § 362(g)(1) only, FCW adopts

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1    Borrower's $15 million valuation of the Collateral, which the Bankruptcy Court already also

2    adopted in granting FCW relief form the automatic stay in the First Case. A true and correct copy

3    of the Russell Declaration is attached as **Exhibit 13**.

4    <u>**Lack of Equity in Collateral**</u>

5    30.    Based on Borrower's sworn statements and admissions regarding the value of the

6    Collateral, which the Court adopted in its earlier relief from stay ruling, and in comparison to the

7    outstanding amounts owed to FCW by Borrower, there is no equity in the Collateral.

8    <u>**Postpetition Diminution in FCW's Collateral Position**</u>

9    31.    There is no equity cushion protecting against postpetition erosion of FCW's

10    collateral position and secured property interests in the Real Property Collateral. Since the filing

11    of the bankruptcy petition, (a) upon information and belief, the Personal Property Collateral is

12    depreciating and will continue to depreciate from Debtor and/or Borrower's unauthorized use of

13    same, and (b) based on my review of the Declaration of Reed S. Waddell (FCW's counsel in both

14    the First Case and in this case), the delinquent ad valorem real property taxes outstanding on the

15    Real Property Collateral, which are secured by senior liens, currently total more than $3.2 million

16    and continue accruing additional interest and penalties at more than 18% per annum under

17    applicable state law.

18    I declare under penalty of perjury under the laws of the United States of America that the

19    foregoing is true and correct, and that this Declaration was executed on this 6th day of November,

20    2020, at Rocklin, California.

21

22                         Kevin E. Ralph

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  Michael J. Gomez (State Bar No. 251571)
    mgomez@frandzel.com
2  Reed S. Waddell (State Bar No. 106644)
    rwaddell@frandzel.com
3  Gerrick M. Warrington (State Bar No. 294890)
    gwarrington@frandzel.com
4  FRANDZEL ROBINS BLOOM & CSATO, L.C.
    1000 Wilshire Boulevard, Nineteenth Floor
5  Los Angeles, California 90017-2427
    Telephone: (323) 852-1000
6  Facsimile: (323) 651-2577

7  Attorneys for Secured Creditor
    FARM CREDIT WEST, FLCA

8

9

10                  **UNITED STATES BANKRUPTCY COURT**

11                   **CENTRAL DISTRICT OF CALIFORNIA**

12                         **SANTA ANA DIVISION**

13

14  | In re | Case No. 8:20-bk-13014-MW |

15  NORTHERN HOLDINGS, LLC,              Chapter 11

16          Debtor                       **DECLARATION OF REED S. WADDELL**
                                          **IN SUPPORT OF FARM CREDIT WEST,**
17                                        **FLCA'S MOTION FOR RELIEF FROM**
                                          **AUTOMATIC STAY**
18

19                                        Date:    November 30, 2020
                                          Time:    9:00 a.m.
20                                        Place:   Courtroom 6C
                                                   United States Bankruptcy Court
21                                                 411 W. Fourth Street
                                                   Santa Ana, CA 92701
22

23                                        Hon. Mark S. Wallace

24

25

26

27

28

3992477.1 | 100967-0004                          1

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

I, Reed S. Waddell, declare and state that:

1.      I am Of Counsel to Frandzel Robins Bloom & Csato, L.C., counsel of record to Farm Credit West, FLCA ("FCW"), secured creditor in the instant bankruptcy case.  I am duly licensed to practice law in the State of California, and have been admitted to, *inter alia*, all of the U.S. District Courts, and U.S. Bankruptcy Courts located within the State of California, including this Court.  Except for any matters asserted below on information and belief (and of which I am informed and believe are true), I have personal knowledge of the facts set forth herein, which are known by me to be true and correct.  If called upon as a witness, I could and would competently testify as to such matters. This declaration is submitted in support of FCW's Motion for Relief From the Automatic Stay filed concurrently herewith (the "Motion").]

2.      On November 3, 2020, I contacted the San Luis Obispo County's Auditor-Controller / Tax Collector-Assessor's Office (the "County") by telephone to discuss the delinquent ad valorem real property taxes due on the real property quitclaimed by Mr. Erich Russell to Northern Holdings, LLC (the "Debtor") on which FCW holds a valid and perfected first priority Deed of Trust (the "Quitclaimed Property").  I spoke with a Ms. Aldrich, who I later learned holds the title of "Payment Processing Specialist" with the County, and asked her to provide me with publicly available information as to delinquent ad valorem real property taxes due on the Quitclaimed Property.  Ms. Aldrich indicated she was "generally familiar" with Mr. Russell's significant property tax delinquencies, but indicated she had not been made aware of either Mr. Russell's quit claim deeds transferring his properties to the Debtor, or the Debtor's corresponding bankruptcy filing.

3.      Ms. Aldrich then took a few minutes to research the "primary" Assessor's Parcel Number ("APN")  [APN No. 026-104-001] associated with the Quitclaimed Properties, and advised me of, and provided me with, the following:

(i)      Notice to Sell – Ms. Aldrich advised that outstanding and unpaid property taxes on the Quitclaimed Property are delinquent dating back to 2009, causing the County to record its *Notice of Power To Sell Tax Defaulted Property* (the "Notice to Sell") in the Official Records of San Luis Obispo as Instrument No. 2020-58805, on October 20, 2020.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1    A true and correct copy of the Notice to Sell is attached as **Exhibit 14** to the Motion, and

2    incorporated herein by reference.

3           (ii)     Current Property Taxes - The 2020-2021 (current) fiscal year property taxes

4    due on the Quitclaimed Property are $110,144.80, divided into two equal installments, due

5    November 1, 2020 and February 1, 2021, respectively.  A true and correct copy of *Secured*

6    *Property Tax Details* report prepared by the County Assessor's Office and transmitted to

7    me by Ms. Aldrich via email on November 3, 2020, is attached as **Exhibit 27** to the

8    Motion, and incorporated herein by reference; and

9           (iii)    Delinquent Property Taxes – Real property taxes with respect to the

10   Quitclaimed Property are delinquent from 2009 through the present date, and require an

11   immediate payment of $3,076,695.67 (the "Redemption Amount") to be made to the

12   County in order for said property to be redeemed from the Notice to Sell.  Attached as

13   **Exhibit 16** to the Motion, and incorporated herein by reference is a true and correct copy

14   of the *Redemption Details*, prepared by the County and transmitted to me by Ms. Aldrich

15   by email on November 3, 2020, which details the more than $3 million in delinquent

16   property tax assessments and associated penalties now encumbering Quitclaimed Property

17   in the amount set forth above, which under state law continue to accrue interest and

18   penalties at 18% per annum with a lien priority higher than the "first priority" lien of

19   FCW's Deed of Trust.

20          4.       Additionally, I represented FCW in the chapter 11 bankruptcy known as *In re:*

21   *Erich Lee Russell*, U.S.B.C. (C.D. Cal.) Case No: 9:20-bk-10035-DS ("First Case").  In March of

22   2020, during the pendency of the First Case, FCW was contacted directly by a Mr. Lee Codding, a

23   gentleman known to FCW as a real estate and loan broker who had in the past represented Mr.

24   Russell in negotiations with FCW and others over possible forbearance, restructure and/or payoff

25   deals involving FCW's real and personal property collateral.  Because Mr. Codding was not at that

26   time approved by the Court as a professional of Mr. Russell's estate, I asked Mr. Russell's

27   bankruptcy counsel in the First Case, Kari A. Ley, Esq., as to Mr. Codding's "bona fides" and

28   authority to negotiate for Mr. Russell with respect to Mr. Russell's obligations to FCW and FCW's

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1   real and personal property collateral.  Attached as **Exhibit 28** to the Motion is a true and correct

2   copy of the email exchange I had with Mr. Russell's bankruptcy counsel on March 13, 2020,

3   where Mr. Ley validated and approved Mr. Codding's status as an agent and spokesperson for Mr.

4   Russell in negotiations with FCW.

5        5.      After the First Case was dismissed, Mr. Russell requested another forbearance

6   beyond what was contemplated by the relief from stay stipulation approved by the Court in the

7   First Case.  FCW conveyed to Mr. Russell that it would be willing to provide a 90 day

8   forbearance, on the same conditions as the relief from stay stipulation, in exchange for a fee of

9   $200,000.  As the foreclosure sale approached, Mr. Russell tried to negotiate a different deal, but

10  FCW's position remained firm and ultimately Mr. Russell, his spouse, and Rabbit Ridge, Inc.,

11  accepted those terms.  Attached as **Exhibit 29** to the Motion is true and correct copies of an email

12  exchange between FCW and Mr. Ley (Mr. Russell's bankruptcy counsel) from July 27, 2020, on

13  which I and Mr. Codding were copied, dealing with the forbearance requested in July, 2020.  As

14  part of those discussions, Mr. Russell, *i.e.*, Mr. Codding's principal in the matter, represented that

15  he "agrees and stipulates that <u>he will not ask for any additional extensions or take any further</u>

16  <u>actions to stop the foreclosure if FCW does not receive the $15.4 million</u> as provided in paragraph

17  4 of the Stipulation by the end of the extension to October 28, 2020" (the emphasis being mine).

18       I declare under penalty of perjury under the laws of the United States of America that the

19  foregoing is true and correct, and that this Declaration was executed on this 6th day of November,

20  2020, at Los Angeles, California.

21

22                                          _____/s/ Reed S. Waddell_____
                                            Reed S. Waddell
23

24

25

26

27

28

1   Michael J. Gomez (State Bar No. 251571)
      mgomez@frandzel.com
2   Reed S. Waddell (State Bar No. 106644)
      rwaddell@frandzel.com
3   Gerrick M. Warrington (State Bar No. 294890)
      gwarrington@frandzel.com
4   FRANDZEL ROBINS BLOOM & CSATO, L.C.
    1000 Wilshire Boulevard, Nineteenth Floor
5   Los Angeles, California 90017-2427
    Telephone: (323) 852-1000
6   Facsimile: (323) 651-2577

7   Attorneys for Secured Creditor
    FARM CREDIT WEST, FLCA

8

9

10                  **UNITED STATES BANKRUPTCY COURT**

11                   **CENTRAL DISTRICT OF CALIFORNIA**

12                        **SANTA ANA DIVISION**

13

14   In re                                    Case No. 8:20-bk-13014-MW

15   NORTHERN HOLDINGS, LLC,                   Chapter 11

16         Debtor.
                                              **REQUEST FOR JUDICIAL NOTICE IN**
17                                            **SUPPORT OF FARM CREDIT WEST,**
                                              **FLCA'S MOTION FOR RELIEF FROM**
18                                            **AUTOMATIC STAY**

19                                            Date:    November 30, 2020
                                             Time:    9:00 a.m.
20                                            Place:   Courtroom 6C
                                                      United States Bankruptcy Court
21                                                    411 W. Fourth Street
                                                      Santa Ana, CA 92701
22
                                             Hon. Mark S. Wallace
23

24

25

26

27

28

3989371.1  |  100967-0004                    1

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  **TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY**

2  **JUDGE:**

3      Farm Credit West, FLCA ("FCW") respectfully requests that the Court take judicial notice

4  of the following documents pursuant to Federal Rule of Evidence 201:

5      1.    Ruling on Motion for Preliminary Injunction entered on January 10, 2020, in San

6  Luis Obispo Superior Court, a true and correct copy of which is attached as **Exhibit 12**.

7      2.    Declaration of Erich Russell in Response to Farm Credit West Motion re Use,

8  Accounting and Control of Cash Collateral filed on February 14, 2020, from Case No. 9:20-bk-

9  10035-DS, Docket Number 45, a true and correct copy of which is attached as **Exhibit 13**.

10      3.    Notice of Power to Sell Tax Defaulted Property, recorded with the County

11  Recorder's Office for San Luis Obispo County, a true and correct copy of which is attached as

12  **Exhibit 14**.

13      4.    The Voluntary Petition, Bankruptcy Schedules, and Statement of Financial Affairs

14  from Case No. 9:20-bk-10035-DS, true and correct copies of which is attached as **Exhibit 15**.

15      5.    The Relief from Stay Stipulation from Case No. 9:20-bk-10035-DS, Docket

16  Number 75, a true and correct copy of which is attached as **Exhibit 17**.

17      6.    The Relief from Stay Order from Case No. 9:20-bk-10035-DS, Docket Number 80,

18  a true and correct copy of which is attached as **Exhibit 18**.

19      7.    The Order Dismissing Case No. 9:20-bk-10035-DS, Docket Number 107, a true

20  and correct copy of which is attached as **Exhibit 19**.

21      8.    Quitclaim Deeds recorded with the County Recorder's Office for San Luis Obispo

22  County, copies of which are attached as **Exhibit 24.**

23      9.    The Voluntary Petition, List of 20 Largest Unsecured Creditors, List of Equity

24  Security Holders, and Mailing Matrix in this case, Docket Number 1, a true and correct copy is

25  attached as **Exhibit 25**.

26  / / /

27  / / /

28  / / /

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1    10.    FCW's Notice of Continuation of Perfection of Security Interests, Demand for

2  Adequate Protection; and Demand of Sequestration of Cash Collateral Pursuant to 11 U.S.C. §§

3  362(b)(3), 363(c)(4), 363(e), 546(b), and 552(b) filed in this case, Docket Number 5, a true and

4  correct copy of which is attached as **Exhibit 26**.

5    11.    Statement of Information for Rabbit Ridge Wine Sales, Inc. filed with the

6  California Secretary of State on or about October 27, 2020, a copy of which is attached as **Exhibit**

7  **30**.

8

9

10  DATED:  November 5, 2020          FRANDZEL ROBINS BLOOM & CSATO, L.C.
                                      MICHAEL J. GOMEZ
11                                    REED S. WADDELL
                                      GERRICK M. WARRINGTON
12

13

14                                    By:      /s/ Michael J. Gomez
15                                          MICHAEL J. GOMEZ
                                            Attorneys for Secured Creditor
16                                          FARM CREDIT WEST, FLCA

17

18

19

20

21

22

23

24

25

26

27

28

3989371.1 | 100967-0004

3

REQUEST FOR JUDICIAL NOTICE

EXHIBIT "D"

082

Exhibit "E"

**PlnDue, DsclsDue, BARDEBTOR, RestrictedDISMISSED, CLOSED**

## U.S. Bankruptcy Court
## Central District of California (Santa Barbara)
## Bankruptcy Petition #: 9:20-bk-10035-DS

*Date filed:* 01/10/2020
*Date terminated:* 06/19/2020
*Debtor dismissed:* 06/04/2020
*341 meeting:* 04/23/2020
*Deadline for objecting to discharge:* 04/13/2020

*Assigned to:* Deborah J. Saltzman
Chapter 11
Voluntary
Asset

*Debtor disposition:* Dismissed for Abuse

**Debtor**
**Erich Lee Russell**
2380 Live Oak Road
Paso Robles, CA 93446
SAN LUIS OBISPO-CA
SSN / ITIN: xxx-xx-1147
*dba* **Russell Family Farms**

represented by **Kari L Ley**
Law Offices of Kari L. Ley
264 Clovis Ave, Ste 208
Clovis, CA 93612
559-324-6545
Fax : 559-324-6548
Email: Ley1238@att.net

**U.S. Trustee**
**United States Trustee (ND)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

represented by **Brian D Fittipaldi**
United States Department of
Justice/OUST
1415 State Street
Suite 148
Santa Barbara, CA 93101
805-957-4100
Fax : 805-957-4103
Email: brian.fittipaldi@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 01/10/2020 | <u>1</u><br>(15 pgs; 3 docs) | Chapter 11 Voluntary Petition Individual. Fee Amount $1717 Filed by Erich Lee Russell Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 1/24/2020. Schedule A/B: Property (Form 106A/B or 206A/B) due 1/24/2020. Schedule C: The Property You Claim as Exempt (Form 106C) due 1/24/2020. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 1/24/2020. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 1/24/2020. Schedule G: Executory Contracts and Unexpired Leases (Form |

| | | |
|---|---|---|
| | | 106G or 206G) due 1/24/2020. Schedule H: Your Codebtors (Form 106H or 206H) due 1/24/2020. Schedule I: Your Income (Form 106I) due 1/24/2020. Schedule J: Your Expenses (Form 106J) due 1/24/2020. Declaration About an Individual Debtors Schedules (Form 106Dec) due 1/24/2020. Statement of Financial Affairs (Form 107 or 207) due 1/24/2020. Chapter 11 Statement of Your Current Monthly Income (Form 122B) Due: 1/24/2020. Statement of Related Cases (LBR Form F1015-2) due 1/24/2020. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 1/24/2020. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 1/24/2020. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 1/24/2020. Incomplete Filings due by 1/24/2020. (Rust, Kam) (Entered: 01/10/2020) |
| 01/10/2020 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Erich Lee Russell . (Rust, Kam) (Entered: 01/10/2020) |
| 01/10/2020 | 3 (1 pg) | Certificate of Credit Counseling Filed by Debtor Erich Lee Russell . (Rust, Kam) (Entered: 01/10/2020) |
| 01/10/2020 | 4 (4 pgs) | ORDER SCHEDULING CHAPTER 11 STATUS CONFERENCE (Date: February 18, 2020, Time: 11:30 a.m.) (BNC-PDF) (Related Doc # 1 ) Signed on 1/10/2020 (Rust, Kam) (Entered: 01/10/2020) |
| 01/10/2020 | 5 | Hearing Set (RE: related document(s)1 Chapter 11 Voluntary Petition Individual. filed by Debtor Erich Lee Russell) Status hearing to be held on 2/18/2020 at 11:30 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Deborah J. Saltzman (Rust, Kam) (Entered: 01/10/2020) |
| 01/10/2020 | | Receipt of Chapter 11 Filing Fee - $1717.00 by 00. Receipt Number 90026586. (admin) (Entered: 01/10/2020) |
| 01/12/2020 | 6 (2 pgs) | BNC Certificate of Notice (RE: related document (s)1 Voluntary Petition (Chapter 11) filed by Debtor Erich Lee Russell No. of Notices: 2. Notice Date 01/12/2020. (Admin.) (Entered: 01/12/2020) |

| 01/12/2020 | 7<br>(2 pgs) | BNC Certificate of Notice (RE: related document (s)1 Voluntary Petition (Chapter 11) filed by Debtor Erich Lee Russell) No. of Notices: 2. Notice Date 01/12/2020. (Admin.) (Entered: 01/12/2020) |
| --- | --- | --- |
| 01/12/2020 | 8<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)4 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 01/12/2020. (Admin.) (Entered: 01/12/2020) |
| 01/14/2020 | 9<br>(3 pgs) | Meeting of Creditors 341(a) meeting to be held on 2/13/2020 at 09:00 AM at RM 148, 1415 State St., Santa Barbara, CA 93101. Last day to oppose discharge or dischargeability is 4/13/2020. (Rust, Kam) (Entered: 01/14/2020) |
| 01/15/2020 | 10<br>(3 pgs) | Request for special notice Filed by Creditor Farm Credit West, FLCA. (Gomez, Michael) (Entered: 01/15/2020) |
| 01/15/2020 | 11<br>(3 pgs) | Notice *of Continuation of Perfection of Security Interests; Demand for Adequate Protection; and Demand of Sequestration of Cash Collateral Pursuant to 11 U.S.C. §§ 362(b)(3), 363(c)(4), 363 (e), 546(b), and 552(b)* Filed by Creditor Farm Credit West, FLCA. (Gomez, Michael) (Entered: 01/15/2020) |
| 01/16/2020 | 12<br>(4 pgs) | BNC Certificate of Notice (RE: related document (s)9 Meeting of Creditors Chapter 11) No. of Notices: 6. Notice Date 01/16/2020. (Admin.) (Entered: 01/16/2020) |
| 01/25/2020 | 13<br>(46 pgs) | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Amended Schedule J: Your |

| | | |
|---|---|---|
| | | Expenses (Official Form 106J) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Chapter 11 Statement of Your Current Monthly Income (Official Form 122B) Filed by Debtor Erich Lee Russell (RE: related document(s) 1 Voluntary Petition (Chapter 11)). (Ley, Kari) (Entered: 01/25/2020) |
| 01/25/2020 | 14 (2 pgs) | Disclosure of Compensation of Attorney for Debtor (Official Form 2030) Filed by Debtor Erich Lee Russell (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Ley, Kari) (Entered: 01/25/2020) |
| 01/25/2020 | 15 (1 pg) | Statement of Related Cases (LBR Form 1015-2.1) Filed by Debtor Erich Lee Russell (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Ley, Kari) (Entered: 01/25/2020) |
| 01/25/2020 | 16 (1 pg) | Verification of Master Mailing List of Creditors (LBR Form F1007-1) Filed by Debtor Erich Lee Russell (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Ley, Kari) (Entered: 01/25/2020) |
| 01/25/2020 | 17 (1 pg) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Erich Lee Russell (RE: related document(s) 1 Voluntary Petition (Chapter 11)). (Ley, Kari) (Entered: 01/25/2020) |
| 01/25/2020 | 18 (3 pgs) | Proof of service *of Order Scheduling Ch 11 Status Conference* Filed by Debtor Erich Lee Russell (RE: related document(s) 5 Hearing (Bk Other) Set). (Ley, Kari) (Entered: 01/25/2020) |
| 01/29/2020 | 19 (3 pgs) | Notice *of Request for Tax Returns and Periodic Reports Pursuant to 11 U.S.C. 521(f) and Fed. R. Bankr. P. 2015.3* Filed by Creditor Farm Credit West, FLCA. (Gomez, Michael) (Entered: 01/29/2020) |
| 02/03/2020 | 20 (1 pg) | ORDER and notice of dismissal for failure to file schedules, statements, and/or plan - **Debtor** Dismissed. (BNC) Signed on 2/3/2020 (RE: related |

| | | |
|---|---|---|
| | | document(s)2 Statement About Your Social Security Numbers (Official Form 121) filed by Debtor Erich Lee Russell, 9 Meeting of Creditors Chapter 11). (Handy, Brad) (Entered: 02/03/2020) |
| 02/03/2020 | 21 (1 pg) | Notice of dismissal (BNC) (Handy, Brad) (Entered: 02/03/2020) |
| 02/05/2020 | 22 (2 pgs) | BNC Certificate of Notice (RE: related document (s)21 Notice of dismissal (BNC)) No. of Notices: 6. Notice Date 02/05/2020. (Admin.) (Entered: 02/05/2020) |
| 02/05/2020 | 23 (2 pgs) | BNC Certificate of Notice (RE: related document (s)20 ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (Option A or Option B) (BNC)) No. of Notices: 6. Notice Date 02/05/2020. (Admin.) (Entered: 02/05/2020) |
| 02/06/2020 | 24 (9 pgs) | Motion to vacate dismissal *and Proof of Service* Filed by Debtor Erich Lee Russell (Ley, Kari) (Entered: 02/06/2020) |
| 02/06/2020 | 25 (67 pgs) | Declaration re: *of Attorney Kari L. Ley in Support of Motion to Vacate Order Dismissing Case for Failure to Timely File Schedules and Other Documents; Exhibits; and Proof of Service* Filed by Debtor Erich Lee Russell (RE: related document(s) 24 Motion to vacate dismissal *and Proof of Service*). (Ley, Kari) (Entered: 02/06/2020) |
| 02/06/2020 | 26 (4 pgs) | Notice of lodgment *of Order on Motion to Vacate Order Dismissing Case for Failure to Timely File Schedules and Other Documents; and Proof of Service* Filed by Debtor Erich Lee Russell (RE: related document(s)20 ORDER and notice of dismissal for failure to file schedules, statements, and/or plan - **Debtor** Dismissed. (BNC) Signed on 2/3/2020 (RE: related document(s)2 Statement About Your Social Security Numbers (Official Form 121) filed by Debtor Erich Lee Russell, 9 Meeting of Creditors Chapter 11)., 24 Motion to vacate dismissal *and Proof of Service* Filed by Debtor Erich Lee Russell, 25 Declaration re: *of Attorney Kari L. Ley in Support of Motion to Vacate Order Dismissing Case for Failure to Timely File Schedules and Other Documents; Exhibits; and Proof of Service* Filed by Debtor |

| | | |
|---|---|---|
| | | Erich Lee Russell (RE: related document(s)24 Motion to vacate dismissal *and Proof of Service*).). (Ley, Kari) (Entered: 02/06/2020) |
| 02/07/2020 | <u>27</u> (1 pg) | ORDER GRANTING MOTION TO VACATE ORDER DISMISSING CASE FOR FAILURE TO TIMELY FILE SCHEDULES AND OTHER DOCUMENTS (BNC-PDF) Signed on 2/7/2020 (RE: related document(s)24 Motion to vacate dismissal filed by Debtor Erich Lee Russell). (Ortiz, Amber) (Entered: 02/07/2020) |
| 02/07/2020 | <u>28</u> (1 pg) | Notice to creditors (RE: related document(s)24 26 Motion to vacate dismissal filed by Debtor Erich Lee Russell). (BNC-PDF) (Ortiz, Amber) (Entered: 02/07/2020) |
| 02/07/2020 | <u>29</u> (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Gomez, Michael. (Gomez, Michael) (Entered: 02/07/2020) |
| 02/07/2020 | <u>30</u> (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Waddell, Reed. (Waddell, Reed) (Entered: 02/07/2020) |
| 02/07/2020 | <u>31</u> (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Warrington, Gerrick. (Warrington, Gerrick) (Entered: 02/07/2020) |
| 02/09/2020 | <u>32</u> (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)28 Notice to creditors (BNC-PDF)) No. of Notices: 6. Notice Date 02/09/2020. (Admin.) (Entered: 02/09/2020) |
| 02/09/2020 | <u>33</u> (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)27 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 02/09/2020. (Admin.) (Entered: 02/09/2020) |
| 02/10/2020 | <u>34</u> (155 pgs; 4 docs) | Motion *to: (1) Restrict the Use of Cash Collateral; (2) Segregate Cash Collateral; (3) Obtain an Accounting; and (4) Grant Related Relief; Memorandum of Points and Authorities* Filed by Creditor Farm Credit West, FLCA (Attachments: # <u>1</u> Declaration of Kevin Ralph # <u>2</u> Declaration of Michael J. Gomez # <u>3</u> Request for Judicial Notice) (Gomez, Michael) (Entered: 02/10/2020) |

| | | |
|---|---|---|
| 02/10/2020 | <u>35</u><br>(2 pgs) | Application shortening time *Application for Order Setting Hearing on Shortened Notice* Filed by Creditor Farm Credit West, FLCA (Gomez, Michael) (Entered: 02/10/2020) |
| 02/10/2020 | <u>36</u><br>(19 pgs) | Status report *Debtor Erich Lee Russell Status Conference Statement, and Proof of Service* Filed by Debtor Erich Lee Russell (RE: related document(s)<u>4</u> Order (Generic) (BNC-PDF)). (Ley, Kari) (Entered: 02/10/2020) |
| 02/10/2020 | <u>37</u><br>(4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice (BNC-PDF) (Related Doc # <u>35</u> ) Signed on 2/10/2020 (Handy, Brad) (Entered: 02/10/2020) |
| 02/10/2020 | 38 | Hearing Set (RE: related document(s)<u>34</u> Generic Motion filed by Creditor Farm Credit West, FLCA) The Hearing date is set for 2/18/2020 at 11:30 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Deborah J. Saltzman (Handy, Brad) (Entered: 02/10/2020) |
| 02/11/2020 | <u>39</u><br>(9 pgs) | Notice *of Order Granting Application for Order Setting Hearing on Shortened Basis on Farm Credit West, FLCAs Motion to: (1) Restrict the Use of Cash Collateral; (2) Segregate Cash Collateral; (3) Obtain an Accounting; and (4) Grant Related Relief* Filed by Creditor Farm Credit West, FLCA (RE: related document(s)<u>37</u> Order Granting Application and Setting Hearing on Shortened Notice (BNC-PDF) (Related Doc # <u>35</u>) Signed on 2/10/2020). (Gomez, Michael) (Entered: 02/11/2020) |
| 02/12/2020 | <u>40</u><br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>37</u> Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 02/12/2020. (Admin.) (Entered: 02/12/2020) |
| 02/13/2020 | <u>41</u><br>(4 pgs) | Declaration re: *Declaration of Gerrick M. Warrington re Service and Notice* Filed by Creditor Farm Credit West, FLCA (RE: related document(s) <u>34</u> Motion *to: (1) Restrict the Use of Cash Collateral; (2) Segregate Cash Collateral; (3) Obtain an Accounting; and (4) Grant Related Relief; Memorandum of Points and Authorities,* <u>35</u> Application shortening time *Application for Order* |

| | | |
|---|---|---|
| | | *Setting Hearing on Shortened Notice).* (Warrington, Gerrick) (Entered: 02/13/2020) |
| 02/13/2020 | | Receipt of Certification Fee - $11.00 by 03. Receipt Number 90026647. (admin) (Entered: 02/13/2020) |
| 02/13/2020 | | Receipt of Photocopies Fee - $3.50 by 03. Receipt Number 90026647. (admin) (Entered: 02/13/2020) |
| 02/14/2020 | 42 | Continuance of Meeting of Creditors (Rule 2003 (e)) Filed by U.S. Trustee United States Trustee (ND). 341(a) Meeting Continued to 3/12/2020 at 09:30 AM at 1415 State St., Santa Barbara, CA 93101-2511. (Fittipaldi, Brian) (Entered: 02/14/2020) |
| 02/14/2020 | <u>43</u> (26 pgs) | Notice *Response Of Farm Credit West, Flca To Debtor's Status Conference Statement With Request For Immediate Dismissal Or Conversion; Declaration Of Reed S. Waddell* Filed by Creditor Farm Credit West, FLCA (RE: related document(s) <u>36</u> Status report *Debtor Erich Lee Russell Status Conference Statement, and Proof of Service* Filed by Debtor Erich Lee Russell (RE: related document (s)<u>4</u> Order (Generic) (BNC-PDF)).). (Waddell, Reed) (Entered: 02/14/2020) |
| 02/14/2020 | <u>44</u> (7 pgs) | Response To Farm Credit West Motion Re Use. Accounting And Control of Cash Collateral; and Proof of Service Filed by Debtor Erich Lee Russell (Ley, Kari) Modified on 2/18/2020 (Handy, Brad). (Entered: 02/14/2020) |
| 02/14/2020 | <u>45</u> (5 pgs) | Declaration re: *Erich Russell In Response To Farm Credit West Motion Re Use. Accounting And Control of Cash Collateral; and Proof of Service* Filed by Debtor Erich Lee Russell (RE: related document(s)<u>34</u> Motion *to: (1) Restrict the Use of Cash Collateral; (2) Segregate Cash Collateral; (3) Obtain an Accounting; and (4) Grant Related Relief; Memorandum of Points and Authorities*, <u>44</u> Motion to Prohibit Use of Cash Collateral *Erich Russell Response To Farm Credit West Motion Re Use. Accounting And Control of Cash Collateral; and Proof of Service*). (Ley, Kari) (Entered: 02/14/2020) |
| 02/17/2020 | | |

| | | |
|---|---|---|
| | <u>46</u><br>(13 pgs) | Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): 1 as General Bankruptcy Counsel *; and Proof of Service* Filed by Debtor Erich Lee Russell (Ley, Kari) (Entered: 02/17/2020) |
| 02/17/2020 | <u>47</u><br>(6 pgs) | Declaration re: *Statement of Disinterestedness for Employment of Professional Person Under FRCP 2014; and Proof of Service* Filed by Debtor Erich Lee Russell (RE: related document(s)<u>46</u> Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): 1 as General Bankruptcy Counsel *; and Proof of Service*). (Ley, Kari) (Entered: 02/17/2020) |
| 02/18/2020 | 48 | Hearing Held - Granted (RE: related document(s)<u>34</u> Generic Motion filed by Creditor Farm Credit West, FLCA) (Bertelsen, Susan) (Entered: 02/19/2020) |
| 02/18/2020 | 49 | Hearing Held and Hearing Continued - Chapter 11 Status Conference to be held on 3/24/2020 at 11:30 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Deborah J. Saltzman (Bertelsen, Susan) (Entered: 02/19/2020) |
| 02/20/2020 | <u>50</u><br>(8 pgs) | Notice of lodgment *Farm Credit West, FLCAs Motion To: (1) Restrict The Use Of Cash Collateral; (2) Segregate Cash Collateral; (3) Obtain An Accounting; And (4) Grant Related Relief* Filed by Creditor Farm Credit West, FLCA (RE: related document(s)<u>34</u> Motion *to: (1) Restrict the Use of Cash Collateral; (2) Segregate Cash Collateral; (3) Obtain an Accounting; and (4) Grant Related Relief; Memorandum of Points and Authorities* Filed by Creditor Farm Credit West, FLCA (Attachments: # 1 Declaration of Kevin Ralph # 2 Declaration of Michael J. Gomez # 3 Request for Judicial Notice)). (Warrington, Gerrick) (Entered: 02/20/2020) |
| 02/24/2020 | <u>51</u><br>(3 pgs) | ORDER GRANTING FARM CREDIT WEST, FLCA'S MOTION TO: (1) RESTRICT THE USE OF CASH COLLATERAL; (2) SEGREGATE CASH COLLATERAL; (3) OBTAIN AN ACCOUNTING; AND (4) GRANT RELATED RELIEF (BNC-PDF) (Related Doc # <u>34</u>) Signed on |

| | | |
|---|---|---|
| | | 2/24/2020 (Ortiz, Amber) Modified on 2/24/2020 (Ortiz, Amber). (Entered: 02/24/2020) |
| 02/26/2020 | 52 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)51 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 02/26/2020. (Admin.) (Entered: 02/26/2020) |
| 03/03/2020 | 53 (251 pgs; 5 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2380 Live Oak Road, Paso Robles, CA 93446 . Fee Amount $181, Filed by Creditor Farm Credit West, FLCA (Attachments: # 1 Memorandum of Points and Authorities # 2 Declaration of Kevin E. Ralph # 3 Declaration of Reed Waddell # 4 Request for Judicial Notice) (Gomez, Michael) (Entered: 03/03/2020) |
| 03/03/2020 | | Receipt of Motion for Relief from Stay - Real Property(9:20-bk-10035-DS) [motion,nmrp] ( 181.00) Filing Fee. Receipt number 50757748. Fee amount 181.00. (re: Doc# 53) (U.S. Treasury) (Entered: 03/03/2020) |
| 03/03/2020 | 54 (4 pgs) | Objection (related document(s): 46 Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): 1 as General Bankruptcy Counsel *; and Proof of Service* filed by Debtor Erich Lee Russell) Filed by U.S. Trustee United States Trustee (ND) (Fittipaldi, Brian) (Entered: 03/03/2020) |
| 03/04/2020 | 55 | ENTERED DUE TO CLERICAL ERROR. Notice to Filer of Error and/or Deficient Document Incorrect hearing date/time/location was selected. March 24, 2020 has been closed to self-calendaring. Please select another date. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION. (RE: related document(s)53 Motion for Relief from Stay - Real Property filed by Creditor Farm Credit West, FLCA) (Bertelsen, Susan) Modified on 3/4/2020 (Bertelsen, Susan). (Entered: 03/04/2020) |
| 03/04/2020 | 56 | Hearing Set (RE: related document(s)53 Motion for Relief from Stay - Real Property filed by Creditor Farm Credit West, FLCA) The Hearing date is set |

| | | |
|---|---|---|
| | | for 3/24/2020 at 11:30 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Deborah J. Saltzman (Bertelsen, Susan) (Entered: 03/04/2020) |
| 03/06/2020 | <u>57</u> (7 pgs) | Ex parte application *to Continue Hearing on Farm Credit West Motion for Relief From Automatic Stay, and Status Conference, and Declaration of Attorney Kari L. Ley in Support Thereof; and Proof of Service* Filed by Debtor Erich Lee Russell (Ley, Kari) (Entered: 03/06/2020) |
| 03/06/2020 | <u>58</u> (5 pgs) | Notice of lodgment *of Order Granting Motion to Continue Hearing on Farm Credit West Motion for Relief From Automatic Stay, and Status Conference; and Proof of Service* Filed by Debtor Erich Lee Russell (RE: related document(s)<u>53</u> Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2380 Live Oak Road, Paso Robles, CA 93446 . Fee Amount $181, Filed by Creditor Farm Credit West, FLCA (Attachments: # 1 Memorandum of Points and Authorities # 2 Declaration of Kevin E. Ralph # 3 Declaration of Reed Waddell # 4 Request for Judicial Notice), 56 Hearing Set (RE: related document(s)<u>53</u> Motion for Relief from Stay - Real Property filed by Creditor Farm Credit West, FLCA) The Hearing date is set for 3/24/2020 at 11:30 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Deborah J. Saltzman, <u>57</u> Ex parte application *to Continue Hearing on Farm Credit West Motion for Relief From Automatic Stay, and Status Conference, and Declaration of Attorney Kari L. Ley in Support Thereof; and Proof of Service* Filed by Debtor Erich Lee Russell). (Ley, Kari) (Entered: 03/06/2020) |
| 03/09/2020 | <u>59</u> (2 pgs) | ORDER DENYING APPLICATION TO CONTINUE HEARING ON FARM CREDIT WEST MOTION FOR RELIEF FROM AUTOMATIC STAY, AND STATUS CONFERENCE (BNC-PDF) (Related Doc # <u>57</u> ) Signed on 3/9/2020 (Ortiz, Amber) (Entered: 03/09/2020) |
| 03/10/2020 | <u>60</u> (5 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Motion in Individual Chapter 11 Case* |

| | | |
|---|---|---|
| | | *Authorizing Debtor in Possession to Employ General Bankruptcy Counsel; and Proof of Service* Filed by Debtor Erich Lee Russell (RE: related document(s)46 Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): 1 as General Bankruptcy Counsel *; and Proof of Service* Filed by Debtor Erich Lee Russell). (Ley, Kari) (Entered: 03/10/2020) |
| 03/10/2020 | 61 (17 pgs) | Memorandum of points and authorities *in Opposition to Farm Credit West Motion for Relief From Automatic Stay; and Proof of Serviuce* Filed by Debtor Erich Lee Russell. (Ley, Kari) (Entered: 03/10/2020) |
| 03/10/2020 | 62 (44 pgs) | Declaration re: *of Erich Russell in Opposition to Farm Credit West Motion for Relief From Automatic Stay; and Proof of Service* Filed by Debtor Erich Lee Russell. (Ley, Kari) (Entered: 03/10/2020) |
| 03/11/2020 | 63 | Continuance of Meeting of Creditors (Rule 2003 (e)) Filed by U.S. Trustee United States Trustee (ND). 341(a) Meeting Continued to 4/23/2020 at 10:30 AM at 1415 State St., Santa Barbara, CA 93101-2511. (Fittipaldi, Brian) (Entered: 03/11/2020) |
| 03/11/2020 | 64 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)59 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 03/11/2020. (Admin.) (Entered: 03/11/2020) |
| 03/11/2020 | 65 (8 pgs; 2 docs) | U.S. Trustee Motion to dismiss or convert *Convert Case; Declaration of Alfred Cooper IIIConvert Case; Declaration of Alfred Cooper III with proof of service* Filed by U.S. Trustee United States Trustee (ND). (Attachments: # 1 Declaration of Brian D. Fittipaldi)(Fittipaldi, Brian) (Entered: 03/11/2020) |
| 03/12/2020 | 66 | Hearing Set (RE: related document(s)65 U.S. Trustee Motion to dismiss or convert filed by U.S. Trustee United States Trustee (ND)) The Hearing date is set for 4/28/2020 at 11:30 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case |

| | | |
|---|---|---|
| | | judge is Deborah J. Saltzman (Ortiz, Amber) (Entered: 03/12/2020) |
| 03/12/2020 | 67 (1 pg) | **Entered due to clerical error. Please refer to docket #68.** Notice of UST's motion to dismiss - chapter 11 (BNC) (Ortiz, Amber) Modified on 3/12/2020 (Ortiz, Amber). (Entered: 03/12/2020) |
| 03/12/2020 | 68 (1 pg) | Notice of UST's motion to dismiss or convert case - chapter 11 to 7 (BNC) (Ortiz, Amber) (Entered: 03/12/2020) |
| 03/12/2020 | 69 (8 pgs) | Document/Correspondence (RE: related document (s)46 Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1) filed by Debtor Erich Lee Russell) (Rust, Kam) (Entered: 03/12/2020) |
| 03/13/2020 | 70 (1 pg) | NOTICE REGARDING TELEPHONIC HEARING (BNC-PDF) (Rust, Kam). Related document(s) 1 Chapter 11 Status Conference, 53 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2380 Live Oak Road, Paso Robles, CA 93446 . Fee Amount $181, filed by Creditor Farm Credit West, FLCA. Modified on 3/13/2020 (Rust, Kam). (Entered: 03/13/2020) |
| 03/14/2020 | 71 (2 pgs) | BNC Certificate of Notice (RE: related document (s)68 Notice of UST's motion to dismiss or convert case - Ch 11 to 7 (BNC)) No. of Notices: 6. Notice Date 03/14/2020. (Admin.) (Entered: 03/14/2020) |
| 03/15/2020 | 72 (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)70 Notice to creditors (BNC-PDF)) No. of Notices: 6. Notice Date 03/15/2020. (Admin.) (Entered: 03/15/2020) |
| 03/17/2020 | 73 (17 pgs; 2 docs) | Reply to (related document(s): 61 Memorandum of points and authorities filed by Debtor Erich Lee Russell, 62 Declaration filed by Debtor Erich Lee Russell) *Reply to Russell Memorandum of Points and Authorities in Opposition to Farm Credit West, FLCA's Motion for Relief From Automatic Stay* Filed by Creditor Farm Credit West, FLCA (Attachments: # 1 Affidavit Declaration of Reed S. Waddell) (Waddell, Reed) (Entered: 03/17/2020) |

| | | |
|---|---|---|
| 03/17/2020 | <u>74</u><br>(8 pgs) | Statement *Evidentiary Objections to Declaration of Erich Russell in Opposition to Farm Credit West Motion for Relief from Automatic Stay; Motion to Strike* Filed by Creditor Farm Credit West, FLCA. (Waddell, Reed) (Entered: 03/17/2020) |
| 03/23/2020 | <u>75</u><br>(13 pgs) | Stipulation By Farm Credit West, FLCA and *Debtor For Relief From Automatic Stay* Filed by Creditor Farm Credit West, FLCA (Waddell, Reed) (Entered: 03/23/2020) |
| 03/23/2020 | 76 | Notice to Filer of Error and/or Deficient Document **Other - Please upload order at your earliest convenience.** (RE: related document(s)<u>75</u> Stipulation filed by Creditor Farm Credit West, FLCA) (Handy, Brad) (Entered: 03/23/2020) |
| 03/24/2020 | <u>77</u><br>(7 pgs) | Notice of lodgment *of Order Approving Stipulation for Relief from Stay* Filed by Creditor Farm Credit West, FLCA (RE: related document(s)<u>75</u> Stipulation By Farm Credit West, FLCA and *Debtor For Relief From Automatic Stay* Filed by Creditor Farm Credit West, FLCA). (Warrington, Gerrick) (Entered: 03/24/2020) |
| 03/24/2020 | <u>78</u><br>(2 pgs) | Order Denying Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1) (BNC-PDF) (Related Doc # <u>46</u>) Signed on 3/24/2020. (Handy, Brad) (Entered: 03/24/2020) |
| 03/24/2020 | <u>79</u><br>(8 pgs) | Notice of lodgment *of Amended Form of Order Approving Stipulation for Relief from Stay* Filed by Creditor Farm Credit West, FLCA (RE: related document(s)<u>75</u> Stipulation By Farm Credit West, FLCA and *Debtor For Relief From Automatic Stay* Filed by Creditor Farm Credit West, FLCA). (Warrington, Gerrick) (Entered: 03/24/2020) |
| 03/24/2020 | | Hearing Held and Continued (RE: related document(s) <u>53</u> MOTION FOR RELIEF FROM STAY - REAL PROPERTY filed by Farm Credit West, FLCA) Hearing to be held on 04/28/2020 at 11:30 AM 1415 State Street Courtroom 201 Santa Barbara, CA 93101 for <u>53</u>, (Handy, Brad) Modified on 3/26/2020 (Handy, Brad). (Entered: 03/26/2020) |
| 03/25/2020 | <u>80</u><br>(3 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) |

| | | |
|---|---|---|
| | | (Related Doc # 53 ) Signed on 3/25/2020 (Rust, Kam) (Entered: 03/25/2020) |
| 03/26/2020 | 81 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)78 Order on Motion For Order Employing Professional (Ch 11)-(LBR 2014-1) (BNC-PDF)) No. of Notices: 1. Notice Date 03/26/2020. (Admin.) (Entered: 03/26/2020) |
| 03/27/2020 | 82 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)80 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 03/27/2020. (Admin.) (Entered: 03/27/2020) |
| 04/02/2020 | 83 (18 pgs) | Monthly Operating Report. Operating Report Number: One. For the Month Ending 01/2020 *and Proof of Service* Filed by Debtor Erich Lee Russell. (Ley, Kari) (Entered: 04/02/2020) |
| 04/02/2020 | 84 (27 pgs) | Monthly Operating Report. Operating Report Number: Two. For the Month Ending 02/2020 *and Proof of Service* Filed by Debtor Erich Lee Russell. (Ley, Kari) (Entered: 04/02/2020) |
| 04/02/2020 | 85 (4 pgs) | Notice *of Telephonic Meeting of Creditors Held Pursuant to 11 U.S.C. § 341(a)* Filed by U.S. Trustee United States Trustee (ND) (RE: related document(s) 63 Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (ND). 341(a) Meeting Continued to 4/23/2020 at 10:30 AM at 1415 State St., Santa Barbara, CA 93101-2511.). (Fittipaldi, Brian) (Entered: 04/02/2020) |
| 04/03/2020 | 86 (3 pgs) | Certificate of Service *of Notice of Telephonic Meeting of Creditors Held Pursuant to 11 U.S.C. § 341(a)* Filed by U.S. Trustee United States Trustee (ND) (RE: related document(s)85 Notice). (Fittipaldi, Brian) (Entered: 04/03/2020) |
| 04/14/2020 | 87 (11 pgs) | Notice of motion/application *to Employ CPA Thomas Rackerby; and Proof of Service* Filed by Debtor Erich Lee Russell. (Ley, Kari) (Entered: 04/14/2020) |
| 04/14/2020 | 88 (13 pgs) | Notice of motion/application *to Employ Attorney Kari l. Ley as General Bankruptcy Counsel; and* |

| | | | |
|---|---|---|---|
| | | | *Proof of Service* Filed by Debtor Erich Lee Russell. (Ley, Kari) (Entered: 04/14/2020) |
| 04/14/2020 | <u>89</u><br>(6 pgs) | | Declaration re: *Statement of Disinterestedness for Employment of Attorney Kari L. Ley as General Bankruptcy Counsel; and Proof of Service* Filed by Debtor Erich Lee Russell. (Ley, Kari) (Entered: 04/14/2020) |
| 04/14/2020 | <u>90</u><br>(8 pgs) | | Memorandum of points and authorities *in Opposition to U.S. Trustee Motion to Dismiss or Convert Case* Filed by Debtor Erich Lee Russell. (Ley, Kari) (Entered: 04/14/2020) |
| 04/14/2020 | <u>91</u><br>(7 pgs) | | Declaration re: *of Attorney Kari L. Ley in Opposition to U.S. Trustee Motion to Dismiss or Convert Case; and Proof of Service* Filed by Debtor Erich Lee Russell. (Ley, Kari) (Entered: 04/14/2020) |
| 04/14/2020 | <u>92</u><br>(11 pgs) | | Status Report for Chapter 11 Status Conference *; and Proof of Service* Filed by Debtor Erich Lee Russell. (Ley, Kari) (Entered: 04/14/2020) |
| 04/15/2020 | <u>93</u><br>(21 pgs) | | Monthly Operating Report. Operating Report Number: Three. For the Month Ending 03/31/2020 *and Proof of Service* Filed by Debtor Erich Lee Russell. (Ley, Kari) (Entered: 04/15/2020) |
| 04/24/2020 | <u>94</u><br>(4 pgs) | | Objection (related document(s): <u>88</u> Notice of motion/application filed by Debtor Erich Lee Russell) *Objection to Employment of the Law Offices of Kari Ley* Filed by U.S. Trustee United States Trustee (ND) (Fittipaldi, Brian) (Entered: 04/24/2020) |
| 04/24/2020 | <u>95</u><br>(3 pgs) | | Objection (related document(s): <u>87</u> Notice of motion/application filed by Debtor Erich Lee Russell) *Objection to Employment Application of Thomas Rackerby, CPA* Filed by U.S. Trustee United States Trustee (ND) (Fittipaldi, Brian) (Entered: 04/24/2020) |
| 04/27/2020 | 96 | | Notice to Filer of Error and/or Deficient Document. **Incorrect docket event was used to file this document. Please use motion event code. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT** |

| | | |
|---|---|---|
| | | **DOCKET EVENT.** (RE: related document(s)<u>87</u> Notice of motion/application filed by Debtor Erich Lee Russell) (Ortiz, Amber) (Entered: 04/27/2020) |
| 04/27/2020 | 97 | Notice to Filer of Error and/or Deficient Document. **Incorrect docket event was used to file this document. Please use motion event code. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)<u>88</u> Notice of motion/application filed by Debtor Erich Lee Russell) (Ortiz, Amber) (Entered: 04/27/2020) |
| 04/28/2020 | 98 | Hearing Vacated - Order Granting Motion for Relief entered on 03/25/20 (RE: related document(s)<u>53</u> Motion for Relief from Stay - Real Property filed by Creditor Farm Credit West, FLCA) (Ortiz, Amber) (Entered: 04/28/2020) |
| 04/28/2020 | | Hearing Held and Continued (RE: related document(s) <u>65</u> U.S. TRUSTEE MOTION TO DISMISS OR CONVERT filed by United States Trustee (ND)) Hearing to be held on 06/01/2020 at 11:30 AM 1415 State Street Courtroom 201 Santa Barbara, CA 93101 for <u>65</u>, (Ortiz, Amber) (Entered: 04/28/2020) |
| 04/28/2020 | 99 | Hearing Held and Continued (RE: related document(s)<u>92</u> Status Report for Chapter 11 Status Conference filed by Debtor Erich Lee Russell) Status hearing to be held on 6/1/2020 at 11:30 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Deborah J. Saltzman (Ortiz, Amber) (Entered: 04/28/2020) |
| 05/11/2020 | <u>100</u> (20 pgs; 3 docs) | Motion to Dismiss Debtor *Voluntary Dismissal of Case* Filed by Debtor Erich Lee Russell (Attachments: # <u>1</u> Memorandum of Points and Authorities in Support of Debtor Erich Lee Russell Motion for Voluntary Dismissal of Case # <u>2</u> Declaration of Erich Russell in Support of Motion for Voluntary Dismissal) (Ley, Kari) (Entered: 05/11/2020) |
| 05/12/2020 | 101 | Hearing Set (RE: related document(s)<u>100</u> Dismiss Debtor filed by Debtor Erich Lee Russell) The Hearing date is set for 6/1/2020 at 11:30 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. |

| | | |
|---|---|---|
| | | The case judge is Deborah J. Saltzman (Ortiz, Amber) (Entered: 05/12/2020) |
| 05/18/2020 | 102 (4 pgs) | Statement *of Position re Motion to Dismiss* Filed by Creditor Farm Credit West, FLCA. (Waddell, Reed) (Entered: 05/18/2020) |
| 05/28/2020 | 103 (5 pgs) | Memorandum of points and authorities *in Reply to Farm Credit West's Statement of Position Re Debtor Erich Lee Russell's Motion for Voluntary Dismissal of Case; and Proof fo Service* Filed by Debtor Erich Lee Russell. (Ley, Kari) (Entered: 05/28/2020) |
| 06/01/2020 | 104 | Hearing Held, GRANTED, 109(g)(1) and (2) 180 day bar to refiling (RE: related document(s)65 U.S. Trustee Motion to dismiss or convert filed by U.S. Trustee United States Trustee (ND)) (Rust, Kam) (Entered: 06/01/2020) |
| 06/01/2020 | 105 | Hearing Held, DENIED (RE: related document(s) 100 Dismiss Debtor filed by Debtor Erich Lee Russell) (Rust, Kam) (Entered: 06/01/2020) |
| 06/01/2020 | 106 | Hearing Held RE: Chapter 11 Status Conference. Off calendar (Rust, Kam) (Entered: 06/01/2020) |
| 06/04/2020 | 107 (2 pgs) | ORDER GRANTING THE UNITED STATES TRUSTEES MOTION TO DISIMISS CASE WITH A BAR TO REFILING - dismissal with special restriction-period against re-filing a new bankruptcy case - **Debtor** Dismissed for 180 Days. (BNC-PDF) Barred Debtor Russell, Erich Lee starting 6/4/2020 to 11/30/2020 Signed on 6/4/2020 (RE: related document 65 United States Trustees Motion Under 11 U.S.C. § 1112(b) to Dismiss or Convert Case (Bertelsen, Susan) Modified on 6/4/2020 (Bertelsen, Susan). (Entered: 06/04/2020) |
| 06/04/2020 | 108 (1 pg) | Notice of dismissal with restriction for against debtor's refiling (BNC) (Bertelsen, Susan) (Entered: 06/04/2020) |
| 06/06/2020 | 109 (2 pgs) | BNC Certificate of Notice (RE: related document(s) 108 Notice of dismissal with restriction for against debtor's refiling (BNC)) No. of Notices: 6. Notice Date 06/06/2020. (Admin.) (Entered: 06/06/2020) |
| 06/06/2020 | | |

EXHIBIT "E"                    100

| | | |
|---|---|---|
| | 110<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)107 ORDER of dismissal with special restriction-period against re-filing a new bankruptcy case (BNC-PDF)) No. of Notices: 1. Notice Date 06/06/2020. (Admin.) (Entered: 06/06/2020) |
| 06/19/2020 | 111 | Bankruptcy Case Closed - DISMISSED. An Order dismissing the above referenced case was entered and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the case is closed. (Rust, Kam) (Entered: 06/19/2020) |
| 06/29/2020 | 112 | Request for a Certified Copy Fee Amount $11. (RE: related document(s)107 ORDER of dismissal with special restriction-period against re-filing a new bankruptcy case (BNC-PDF)) (Rust, Kam) (Entered: 06/29/2020) |
| 06/29/2020 | | Receipt of Certification Fee - $11.00 by 03. Receipt Number 90026793. (admin) (Entered: 06/29/2020) |
| 06/29/2020 | | Receipt of Photocopies Fee - $1.00 by 03. Receipt Number 90026793. (admin) (Entered: 06/29/2020) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/12/2021 14:00:31 | | |
| PACER Login: | alikashover:6466032:4299065 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 9:20-bk-10035-DS Fil or Ent: filed From: 1/1/2020 To: 2/12/2021 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| | 11 | Cost: | 1.10 |

| Billable Pages: | | | | |
|---|---|---|---|---|

Exhibit "F"

Attorney or Party Name, Address, Telephone and FAX

Roksana D. Moradi (Bar No. 266572)
RESNIK HAYES MORADI LLP
17609 Ventura Blvd., Suite 314
Encino, CA 91316
Telephone: (818)285-0100
Facsimile: (818) 855-7013

☐ Pro Se Debtor

| **OFFICE OF THE UNITED STATES TRUSTEE**<br>**LOS ANGELES DIVISION** | **SUBMIT TO UNITED STATES TRUSTEE**<br>**– DO NOT FILE WITH COURT** |
|---|---|
| In Re:<br><br>Northern Holdings, LLC<br><br>Debtor-In-Possession. | Case Number:<br>   8:20-bk-13014-MW<br><br>**REAL PROPERTY QUESTIONNAIRE**<br><br>CHECK ONE BOX:<br><br>☑ Owned   ☐ Being Purchased ☐ |

Within seven (7) days after the filing of the petition, every chapter 11 Debtor in Possession which holds any interest in any parcel of real property shall provide the United States Trustee with a completed Real Property Questionnaire (form UST-5). Included within the meaning of the phrase "any interest in any parcel of real property" are real property leases, land sales contracts, open escrows and other transactions under with the Debtor presently may not be a titleholder of record.

The United States Trustee deems the requested information necessary to carry out his statutory responsibilities to monitor and evaluate all pending Chapter 11 cases in this District. Therefore, failure to timely and fully submit this form for each parcel of real property may result in the filing of a motion to dismiss this case, convert this case to one under Chapter 7 or for appointment of a Trustee. Consequently, the Debtor is required to fully answer each question contained in each section of this Questionnaire that applies to the particular parcel of real property involved. A separate Questionnaire is to be filed for each parcel of real property. If additional space is required for any answer, and continuation sheet specifying the Section and Question involved should be attached.

| **SECTION ONE: PROPERTY OWNED OR BEING PURCHASED BY DEBTOR** |
|---|
| A.    Address of property including county and state in which it is located:<br><br>   1172 San Marcos Road, Paso Robles, CA 93446 |
| B.    Legal Description of Property (i.e. Lot and Tract Number, including Tax Assessor's I.D. Number)<br><br>   APN 026-104-001 |
| C.    Percentage interest in the property owned by the Debtor: **100%** |
| D.    Date of Debtor's Acquisition of the Property: 10/28/2020<br>   Purchase Price: $ **11,500.000** |

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | 8:20-bk-13014-MW |

---

**E.** Type of real property (i.e. single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved.)

Single family residence and vineyard

---

**F.** Description of property (i.e. square footage, number of units, number of offices, amenities, condition):

2,351 sq ft;  6,766,044 lot size

---

**G.** Development status of property:
(1) Permits (type, date issued, expiration date):

N/A

(2) In construction (date of commencement, estimated date and cost of completion, name of construction lender):

(3) Rehabilitation (specify nature, cost and status of rehabilitation effort):

---

**H.** Present Fair Market Value: $ 11,500,000

---

**I.** State source and basis of the above fair market value: (attach a copy of latest appraisal)

Appraisal

---

**J.** Does the property meet all federal, state, and local requirements including, but not limited to; health, building, safety, OSHA, earthquake and fire regulations? ✓ YES ☐ NO (If the answer is "NO," briefly explain and attach copies of any complaints, citations and/or recorded documents which specify the substance of the alleged violations)

---

**K.** State the name of the titleholder of records as of the date of the filing of the Petition:
Northern Holdings, LLC

---

**L.** State the name of the Grantor of the property to the titleholder set forth in "K" above:
Erich Russell

---

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | 8:20-bk-13014-MW |

| M. | Is the titleholder, specified in "K" above, the Debtor in this Chapter 11 proceeding? ☑ YES ☐ NO (If "NO," explain why the titleholder and the Debtor are different persons/entities) |
|---|---|

| N. | State the date of the last transfer of any interest in the property and the name of the transferor and transferee: 10/28/2020 |
|---|---|

| O. | Was title to the property transferred to the Debtor within ninety (90) days prior to the filing of the Chapter 11 Petition? ☑ YES ☐ NO (If "YES," state the reason for the transfer) |
|---|---|

| P. | If the Debtor is a partnership, did all of the general partners consent to the filing of the Chapter 11 Petition? ☐ YES ☐ NO (If "YES," attach documentation to indicate such consent was given by all partners, if "NO," explain why all did not consent and identify each non-consenting partner). N/A |
|---|---|

| Q. | Is the property currently occupied? ☑ YES ☐ NO |
|---|---|

| R. | Does the Debtor, its principals or any other person or entity related to the Debtor or its principals occupy or use any portion of the property? ☐ YES ☑ NO (If "YES," state the name of the tenant, nature of the relationship to the Debtor and terms of the agreement, if any) |
|---|---|

| S. | Does any other person/entity other than the Debtor use, lease or occupy any portion of the property? ☑ YES ☐ NO (If "YES", state name of each person/entity, whether it is relation, affiliated or doing business with the Debtor or any principal of the Debtor, and state the terms of such use, lease or occupancy) Rabbit Ridge Wine Sale $15,000 base rate and 20% of custom crush revenue -  wine making & production (average $11,400). Bill Tolar $1,600 apartment |
|---|---|

| T. | Has the Bankruptcy Petition been recorded in the Office of the Recorder of the county in which this property is located? ☐ YES ☑ NO (If "YES," state the Date of Recordation and Instrument Number or Book and Page Number) |
|---|---|

| In Re: | Northern Holdings, LLC | | Case No.: | 8:20-bk-13014-MW |
|---|---|---|---|---|
| | | Debtor. | | |

## SECTION TWO: FINANCIAL STATUS OF OWNED PROPERTY

A.   List Voluntary encumbrances of record against the property (e.g. mortgages, stipulated judgments):

| | Lender Name | Current Principal Balance | Installment Amount | Frequency (Mo/Qtr/Yr) |
|---|---|---|---|---|
| 1st: | Farm Credit West | $19,632.00 | cross collateralized | loan with 2 other APN's |
| 2nd: | | | | |
| 3rd: | | | | |
| 4th: | | | | |

| | Maturity Date | Date of Last Payment | Number of Delinquent Installments |
|---|---|---|---|
| 1st: | | | |
| 2nd: | | | |
| 3rd: | | | |
| 4th: | | | |

B.   List involuntary encumbrances of record against the property (tax, mechanics's and other liens, judgments, lis pendens):

| Type of lien | Amount Claimed | Date of recordation |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

C.   Was a Notice of Default and/or a Notice of Sale recorded prior to the filing of the bankruptcy petition? ☑ YES ☐ NO
(If "YES," state which document was recorded, the name of the lender, and the date of recordation)

Notice of Trustee Sale dated 10/2/2019

D.   Property Taxes:
(1) Assessed value of property per latest real property Tax Bill $ 10,839,454

(2) Annual taxes and installment due dates:  $110,145  April & December

(3) Indicate the due dates and amounts of any Tax Bills which have not been paid:

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | 8:20-bk-13014-MW |

---

### SECTION THREE: SALE OF PROPERTY

A.  Has a real estate broker been employed? ☐ YES ☑ NO (If "YES," state the name of the broker, name of the salesperson, date employed, company name, address and telephone number and the listing agreement expiration date)

N/A

B.  Has an application to employ the broker been filed with the court? ☐ YES ☐ NO

C.  How long as the property been listed or advertised for sale with the current broker?

D.  Has any written offer been received? ☐ YES ☐ NO (If "YES," state the terms of each such written offer)

E.  What is the date the property was first listed for sale with any broker?

F.  What is the current listing price? (attach a copy of the listing agreement) $

G.  Have other attempts been made to sell the property? ☐ YES ☐ NO (If "YES," for each such attempt, state the date, asking price and result)

H.  Explain other alternatives considered as to the disposition of the property (i.e. refinancing, capital infusion, stipulation with lender):

---

### SECTION FOUR: PURCHASE OF PROPERTY

A.  Is the Debtor currently purchasing this parcel of real property? ☐ YES ☑ NO (If "YES," state the name, address and telephone number of the seller)

B.  Is the Debtor a party to a land Sales Contract or other arrangement by which actual title is to be taken at some point in the future? ☐ YES ☐ NO (If "YES," attach a copy of any written documents which state the terms of such transaction).

C.  If an escrow has been opened, state the escrow company name, name of escrow officer, address, and telephone number: (attach a copy of the purchase agreement and Escrow Instruction

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | 8:20-bk-13014-MW |

| | |
|---|---|
| D. | What is the purchase price? $ |

**SECTION FIVE: PROPERTY LEASED BY DEBTOR AS LESSEE**

A.    Address of property including county and state in which it is located:

N/A

B.    Type of real property (i.e., single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved):

C.    Description of property (i.e. square footage, number of units, number of offices, amenities, condition)?

D.    Is the Debtor or any principal of the Debtor affiliated with or related to the lessor? ☐ YES ☐ NO (If "YES," explain the relationship)

E.    Does a written lease exist? ☐ YES ☐ NO (If "YES," attach a copy of the lease).

F.    Lease payment amount: $      per ☐ Month ☐ Quarter ☐ Year

G.    Number of pre-petition delinquent payments:

H:    Total dollar amount of pre-petition delinquent lease and related payments: $

I.    Specify the type, amount and date of any deposits paid to the lessor (i.e., security deposits, first and last months'' rent)

J.    Describe provisions in the lease for increases in the lease payments:

K.    Describe type of lease (i.e. triple net, minimum plus percentage of sales, gross lease) and state basic lease terms:

L.    When did the lease commence?
When is the lease termination date?

| In Re: | Northern Holdings, LLC | Case No.: |
|---|---|---|
| | Debtor. | 8:20-bk-13014-MW |

M.    Does the lease provide any options to extend the term of the lease?    ☐ YES    ☐ NO (If "YES," describe each option)

N.    List the improvements made and fixtures installed by the Debtor (i.e., items so attached or integrated with the property so as to render them legally non-removable) and state the cost:

## SECTION SIX: INSURANCE

A.    State the following as to each policy of insurance (attach a copy of the declaration page of each current policy):

| Type of Insurance | Name of Ins Agent | Ins Company | Policy Number | Amt. of Coverage | Exp. Date |
|---|---|---|---|---|---|
| General Liability | Patricia Marroquin | 3605-90-82 WCE | 3605-90-82 WCE | $1,000,000/5,839,100 | 4/15/2021 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

B.    If any policy payments are delinquent, so state and provide the amount and number of installments that are past due:

## SECTION SEVEN: INCOME FROM RENTAL OF PROPERTY

A.    What is the actual gross monthly income being received from rental of the property? $ $26,400

B.    What is the current occupancy rate and the square footage presently being leased?

C.    If the property were fully leased, state the anticipated gross monthly income: $

D.    Itemize the total monthly expenses *excluding* debt service:

utilities        $1,700
misc. repairs    $1,500
insurance        $1.066

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | **8:20-bk-13014-MW** |

E.    Is there any person or entity managing the property? ☐ YES ☒ NO (If "YES," state the name, address, and telephone number of the managing person/company and attach a copy of the management company's fidelity bond)

F.    What are the terms of the management agreement?  (If written, attach a copy of the agreement)

N/A

G.    Is the manager of the property related to or affiliated with the Debtor in any way? ☐ YES ☐ NO (If "YES," explain the relationship or affiliation)

H.    Is any person and/or entity occupying any portion of the property at a reduced rental rate or at no rental charge? ☐ YES ☐ NO (If "YES," explain fully)

I declare under penalty of perjury that the answers contained in the foregoing Real Property Questionnaire are true and correct to the best of my knowledge, information and belief.  I have full authority to make the above answers on behalf of the debtor in possession.

Dated:  11/3/2020

Print Name and Title of Authorized Agent for Debtor in Possession          Signature of Authorized Agent for Debtor in Possession

**Leroy Codding, Managing Member**

# CALIFORNIA RESIDENTIAL LEASE/RENTAL AGREEMENT

**LANDLORD**    _NORTHERN HOLDING, LLC_

**TENANT(S)**    _RABBIT RIDGE WINE SALES, INC_

**PROPERTY ADDRESS:**    _1170 San Marcos Rd_

_Paso Robles_

**1. RENTAL AMOUNT:** Beginning _10/27_, 20 _22_ TENANT agrees to pay LANDLORD the sum of $ _15000_ per month in advance on the _1_ day of each calendar month. Said rental payment shall be delivered by TENANT to LANDLORD or his designated agent to the following location: _____. Rent must be actually received by LANDLORD, or designated agent, in order to be considered in compliance with the terms of this agreement.

**2. TERM:** The premises are leased on the following lease term: (please check one item only)

☐ Month-to-Month

(or)

☒ Until _1/1/2022_, 20 _22_.

**3. SECURITY DEPOSITS:** TENANT shall deposit with landlord the sum of $_____ as a security deposit to secure TENANT'S faithful performance of the terms of this lease. The security deposit shall not exceed two times the monthly rent. After all the TENANTS have left, leaving the premises vacant, the LANDLORD may use the security deposit for the cleaning of the premises, any unusual wear and tear to the premises or common areas, and any rent or other amounts owed pursuant to the lease agreement or pursuant to Civil Code Section 1950.5. TENANT may not use said deposit for rent owed during the term of the lease. Within 21 days of the TENANT vacating the premises, LANDLORD shall furnish TENANT a written statement indicating any amounts deducted from the security deposit and returning the balance to the TENANT. If TENANT fails to furnish a forwarding address to LANDLORD, then LANDLORD shall send said statement and any security deposit refund to the leased premises.

**4. INITIAL PAYMENT:** TENANT shall pay the first month rent of $_____ and the security deposit in the amount of $_____ for a total of $ _15000_. ~~Said~~ _cc_ ~~payment shall be made in the form of cash or cashier's check and is all due prior to occupancy.~~ _ST_

**5. OCCUPANTS:** The premises shall not be occupied by any person other than those designated above as TENANT with the exception of the following named persons: _____
_____.

EXHIBIT "F"

If LANDLORD, with written consent, allows for additional persons to occupy the premises, the rent shall be increased by $_____ for each such person. Any person staying 14 days cumulative or longer, without the LANDLORD'S written consent, shall be considered as occupying the premises in violation of this agreement.

**6. SUBLETTING OR ASSIGNING:** TENANT agrees not to assign or sublet the premises or any part thereof, without first obtaining written permission from LANDLORD.

**7. UTILITIES:** TENANT shall pay for all utilities and/or services supplied to the premises with the following exception: _____Well Pumps_____

**8. PARKING:** TENANT ☐ is not ☐ is (check one) assigned a parking space. If assigned a parking space it shall be designated as space #_____ TENANT may only park a vehicle that is registered in the TENANT'S name.

TENANT may not assign, sublet, or allow any other person to use this space. The TENANT uses this space exclusively for parking of passenger automobiles. No other type of vehicle or item may be stored in this space without prior written consent of LANDLORD. TENANT may not wash, repair, or paint in this space or at any other common area on the premises. Only vehicles that are operational and currently registered in the State of California may park in this space. Any vehicle that is leaking any substance must not be parked anywhere on the premises.

**9. CONDITION OF PREMISES:** TENANT acknowledges that the premises have been inspected. Tenant acknowledges that said premises have been cleaned and all items, fixtures, appliances, and appurtenances are in complete working order. TENANT promises to keep the premises in a neat and sanitary condition and to immediately reimburse landlord for any sums necessary to repair any item, fixture or appurtenance that needed service due to TENANT'S; or TENANT'S invitee, misuse or negligence.

☐ TENANT shall be responsible for the cleaning or repair to any plumbing fixture where a stoppage has occurred.

☐ TENANT shall also be responsible for repair or replacement of the garbage disposal where the cause has been a result of bones, grease, pits, or any other item that normally causes blockage of the mechanism.

**10. ALTERATIONS:** TENANT shall not make any alterations to the premises, including but not limited to installing aerials, lighting fixtures, dishwashers, washing machines, dryers or other items without first obtaining written permission from LANDLORD. TENANT shall not change or install locks, paint, or wallpaper said premises without LANDLORD'S prior written consent, TENANT shall not place placards, signs, or other exhibits in a window or any other place where they can be viewed by other residents or by the general public.

**11. LATE CHARGE/BAD CHECKS:** A late charge of 6% of the current rental amount shall be incurred if rent is not paid when due. If rent is not paid when due and landlord issues a 'Notice To Pay

EXHIBIT "F"

Rent Or Quit', TENANT must tender cash or cashier's check only. If TENANT tenders a check, which is dishonored by a banking institution, than TENANT shall only tender cash or cashier's check for all future payments. This shall continue until such time as written consent is obtained from LANDLORD. In addition, TENANT shall be liable in the sum of $_____ for each check that is returned to LANDLORD because the check has been dishonored.

**12. NOISE AND DISRUPTIVE ACTIVITIES:** TENANT or his/her guests and invitees shall not disturb, annoy, endanger or inconvenience other tenants of the building, neighbors, the LANDLORD or his agents, or workmen nor violate any law, nor commit or permit waste or nuisance in or about the premises. Further, TENANT shall not do or keep anything in or about the premises that will obstruct the public spaces available to other residents. Lounging or unnecessary loitering on the front steps, public balconies or the common hallways that interferes with the convenience of other residents is prohibited.

**13. LANDLORD'S RIGHT OF ENTRY:** LANDLORD may enter and inspect the premises during normal business hours and upon reasonable advance notice of at least 24 hours to TENANT. LANDLORD is permitted to make all alterations, repairs and maintenance that in LANDLORD'S judgment is necessary to perform. In addition LANDLORD has all right to enter pursuant to Civil Code Section 1954. If the work performed requires that TENANT temporarily vacate the unit, then TENANT shall vacate for this temporary period upon being served a 7 days notice by LANDLORD. TENANT agrees that in such event that TENANT will be solely compensated by a corresponding reduction in rent for those many days that TENANT was temporarily displaced.

If the work to be performed requires the cooperation of TENANT to perform certain tasks, then those tasks shall be performed upon serving 24 hours written notice by LANDLORD. (EXAMPLE -removing food items from cabinets so that the unit may be sprayed for pests)

**14. REPAIRS BY LANDLORD:** Where a repair is the responsibility of the LANDLORD, TENANT must notify LANDLORD with a written notice stating what item needs servicing or repair. TENANT must give LANDLORD a reasonable opportunity to service or repair said item. TENANT acknowledges that rent will not be withheld unless a written notice has been served on LANDLORD giving LANDLORD a reasonable time to fix said item within the meaning of Civil Code Section 1942. Under no circumstances may TENANT withhold rent unless said item constitutes a substantial breach of the warrantee of habitability as stated in Code of Civil Procedure Section 1174.2.

**15. PETS:** No dog, cat, bird, fish or other domestic pet or animal of any kind may be kept on or about the premises without LANDLORD"S written consent.

**16. FURNISHINGS:** No liquid filled furniture of any kind may be kept on the premises. If the structure was built in 1973 or later TENANT may possess a waterbed if he maintains waterbed insurance valued at $100,000 or more. TENANT must furnish LANDLORD with proof of said insurance. TENANT must use bedding that complies with the load capacity of the manufacturer. In addition, TENANT must also be in full compliance with Civil Code Section 1940.5.

☐ TENANT shall not install or use any washer, dryer, or dishwasher that was not already furnished with the unit.

**17. INSURANCE:** TENANT may maintain a personal property insurance policy to cover any losses sustained to TENANT'S personal property or vehicle. It is acknowledged that LANDLORD does not maintain this insurance to cover personal property damage or loss caused by fire, theft, rain, water overflow/leakage, acts of GOD, and/or any other causes.

It is acknowledged that LANDLORD is not liable for these occurrences. It is acknowledged that TENANT'S insurance policy shall solely indemnify TENANT for any losses sustained. TENANT'S failure to maintain said policy shall be a complete waiver of TENANT'S right to seek damages against LANDLORD for the above stated losses. The parties acknowledge that the premises are not to be considered a security building which would hold LANDLORD to a higher degree of care.

**18. TERMINATION OF LEASE/RENTAL AGREEMENT:** If this lease is based on a fixed term, pursuant to paragraph 2, then at the expiration of said fixed term this lease shall become a month to month tenancy upon the approval of LANDLORD. Where said term is a month to month tenancy, either party may terminate this tenancy by the serving of a 30-day written notice.

**19. POSSESSION:** If premises cannot be delivered to TENANT on the agreed date due to loss, total or partial destruction of the premises, or failure of previous TENANT to vacate, either party may terminate this agreement upon written notice to the other party at their last known address. It is acknowledged that either party shall have no liability to each other except that all sums paid to LANDLORD will be immediately refunded to TENANT.

**20. ABANDONMENT:** It shall be deemed a reasonable belief by the LANDLORD that an abandonment of the premises has occurred where the, within the meaning of Civil Code Section 1951.2, where rent has been unpaid for 14 consecutive days and the TENANT has been absent from unit for 14 consecutive days. In that event, LANDLORD may serve written notice pursuant to Civil Code Section 1951.2. If TENANT does not comply with the requirements of said notice in 18 days, the premises shall be deemed abandoned.

**21. WAIVER:** LANDLORD'S failure to require compliance with the conditions of this agreement, or to exercise any right provided herein, shall not be deemed a waiver by LANDLORD of such condition or right. LANDLORD'S acceptance of rent with knowledge of any default under agreement by TENANT shall not be deemed a waiver of such default, nor shall it limit LANDLORD'S rights with respect to that or any subsequent right. If is further agreed between the parties that the payment of rent at any time shall not be a waiver to any UNLAWFUL DETAINER action unless LANDLORD in writing specifically acknowledges that this constitutes a waiver to the UNLAWFUL DETAINER action.

**22. VALIDITY/SEVERABILITY:** If any provision of this agreement is held to be invalid, such invalidity shall not affect the validity or enforceability of any other provision of this agreement.

**23. ATTORNEY FEES:** In the event action is brought by any party to enforce any terms of this agreement or to recover possession of the premises, the prevailing party shall recover from the other party reasonable attorney fees.

It is acknowledged, between the parties, that jury trials significantly increase the costs of any litigation between the parties. It is also acknowledged that jury trials require a longer length of time to

adjudicate the controversy. On this basis, all parties waive their rights to have any matter settled by jury trial.

**24. NOTICES:** All notices to the tenant shall be deemed served upon mailing by first class mail, addressed to the tenant, at the subject premises or upon personal delivery to the premises whether or not TENANT is actually present at the time of said delivery. All notices to the landlord shall be served by mailing first class mail or by personal delivery to the manager's apartment or to:

_____.

**25. PERSONAL PROPERTY OF TENANT:** Once TENANT vacates the premises, the LANDLORD shall store all personal property left in the unit for 18 days. If within that time period, TENANT does not claim said property, LANDLORD may dispose of said items in any manner LANDLORD chooses.

**26. ADDITIONAL RENT:** All items owed under this lease shall be deemed additional rent.

**27. APPLICATION:** All statements in TENANT'S application must be true or this will constitute a material breach of this lease.

**28. GOVERNING LAW:** This Lease shall be governed by and construed in accordance with the laws of the State of California.

**29. MEGAN'S LAW:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides.

**30. ADDITIONAL TERMS:** _TENANT will pay 20% Custom Credit revenue to NAC on top of BASIS RATE - billed in arrears monthly._

**Notice: The California Department of Justice, sheriff's departments, police departments serving jurisdictions of 200,000 or more and many other local law enforcement authorities maintain for public access a data base of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of Section 290.4 of the Penal Code. The database is updated on a quarterly basis and a source of information about the presence of these individuals in any neighborhood. The Department of Justice also maintains a Sex Offender Identification Line through which inquiries about individuals may be made. This is a "900" telephone service. Callers must have specific information about individuals they are checking. Information regarding neighborhoods is not available through the "900" telephone service.**

**31. ENTIRE AGREEMENT:** The foregoing agreement, including any attachments incorporated by reference, constitute the entire agreement between the parties and supersedes any oral or written representations or agreements that may have been made by either party. Further, TENANT represents that TENANT has relied solely on TENANT'S judgment in entering into this agreement.

EXHIBIT "F"

TENANT acknowledges having been advised to consult with independent legal counsel before entering into this Agreement and has decided to waive such representation and advice. TENANT acknowledges that TENANT has read and understood this agreement and has been furnished a duplicate original.

LANDLORD/AGENT'S SIGNATURE _____

DATE _10/27/2020_   *Northern Holding, LLC*

TENANT'S SIGNATURE _____

DATE _6-27-20_   *RRWS, INC*

TENANT'S SIGNATURE _____

DATE _____

**This document was electronically submitted
to San Luis Obispo County for recording**

**2019042149**

Tommy Gong
San Luis Obispo - County Clerk-Recorder
10/02/2019 11:07 AM

Recorded at the request of:
PACIFIC COAST TITLE

Titles: 1      Pages: 5

Fees: $108.00
Taxes: $0.00
Total: $108.00

RECORDING REQUEST BY

Simplifile

AND WHEN RECORDED MAIL TO

MORTGAGE LENDER SERVICES, INC.
11707 Fair Oaks Blvd., Ste 202
Fair Oaks, CA 95628

---

Space above this line for recorder's use only

Trustee Sale No. 129680-1      Loan No. 8060924-101 & 8278571-101      Title Order No.
95311476
APN 026-104-001; 026-342-039; 027-145-022      TRA No.

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 03/05/2007. UNLESS YOU
TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF
YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU,
YOU SHOULD CONTACT A LAWYER.

---

FARM CREDIT WEST, FLCA as the duly appointed Trustee WILL SELL AT PUBLIC
AUCTION TO THE HIGHEST BIDDER FOR CASH (payable at time of sale in lawful money
of the United States, by cash, a cashier's check drawn by a state or national bank, a check
drawn by a state or federal credit union, or a check drawn by a state or federal savings and
loan association, savings association, or savings bank specified in section 5102 of the
Financial Code and authorized to do business in this state) all right, title and interest
conveyed to and now held by it under said Deed of Trust described as follows:

Trustor(s):   ERICH RUSSELL, ALSO KNOWN AS ERICH L. RUSSELL

Deed of Trust:      recorded on 03/23/2007 as Document No.  2007-019418; Notice of
Advance Under Deed of Trust recorded on 02/06/2009 as Document No.  2009005727 of
official records in the Office of the Recorder of San Luis Obispo County, California.

Date of Trustee's Sale:   11/07/2019 at 11:00 AM

Trustee's Sale Location:   In the breezeway adjacent to the County General Services
Building, 1087 Santa Rosa Street, San Luis Obispo, CA 93408

The property situated in said County, California describing the land therein:

PARCEL A:  APN 026,342,039 THE NORTHEAST QUARTER OF SECTION 12, IN
TOWNSHIP 27 SOUTH, RANGE 11 EAST MOUNT DIABLO BASE AND MERIDIAN, IN THE
COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO THE
OFFICIAL PLAT OF THE SURVEY OF SAID LAND APPROVED BY THE SURVEYOR
GENERAL.

EXHIBIT "F"                                                    117

Trustee Sale No. 129680-1
Loan No. 8060924-101 & 8278571-101
Title Order No. 95311476
APN 026-104-001; 026-342-039; 027-145-022

PARCEL A-1: AN EASEMENT FOR UTILITY PURPOSES BEGINNING AT LIVE OAK ROAD AND EXTENDING NORTH OVER THE EAST 10 FEET ON THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 12, TOWNSHIP 27, RANGE 11, MOUNT DIABLO BASE AND MERIDIAN, IN THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT OF THE SURVEY OF SAID LAND APPROVED BY THE SURVEYOR GENERAL.

PARCEL A-2: AN EASEMENT TO PROVIDE INGRESS, EGRESS, PUBLIC UTILITIES AND INCIDENTAL PURPOSES TO THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER OF SECTION 12, TOWNSHIP 27 SOUTH, RANGE 11 EAST, MOUNT DIABLO BASE AND MERIDIAN OVER, UNDER AND UPON A STRIP OF LAND 30 FEET WIDE LOCATED IN THE SOUTHEAST QUARTER OF SECTION 12, TOWNSHIP 27 SOUTH, RANGE 11 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT OF THE SURVEY OF SAID LAND APPROVED BY THE SURVEYOR GENERAL, AND LYING EQUALLY ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTERLINE:COMMENCING AT THE EAST QUARTER CORNER OF SAID SECTION 12, SAID CORNER BEING SHOWN AS A 1/2" REBAR CAPPED RCE 14994 IN BOOK 1, PAGE 159 OF OFFICIAL RECORDS;THENCE ALONG THE NORTHERLY LINE OF THE SOUTHEAST QUARTER OF SAID SECTION 12, SOUTH 89°29'51" WEST 1,393.11 FEET MORE OR LESS TO THE SOUTHWEST CORNER OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SAID SECTION 12 AND THE TRUE POINT OF BEGINNING;THENCE LEAVING SAID NORTHERLY LINE SOUTH 20°22'08" WEST, 701.76 FEET TO A POINT WHICH BEARS SOUTH 70°16' EAST, 17.00 FEET FROM THE CENTER OF A 48' LIVE OAK TREE;THENCE SOUTH 10°30'20" WEST, 341.71 FEET TO A POINT WHICH BEARS SOUTH 79°29' EAST, 15.00 FEET FROM THE CENTER OF A CATTLE GUARD;THENCE SOUTH 79°29' EAST TO THE CENTER OF LIVE OAK ROAD (COUNTY ROAD NO. M5262).THE SIDE LINES OF THE ABOVE MENTIONED 30 FOOT STRIP SHALL BE LENGTHENED AND SHORTENED TO MEET THE BEGINNING AND ENDING BOUNDARY LINES.

PARCEL C: APN: 027,145,022 GOVERNMENT LOTS 3 AND 4 AND THE EAST HALF OF THE SOUTHWEST QUARTER OF SECTION 31, TOWNSHIP 25 SOUTH, RANGE 12 EAST MOUNT DIABLO BASE AND MERIDIAN, IN THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT OF THE SURVEY OF SAID LAND APPROVED BY THE SURVEYOR GENERAL, AS DESCRIBED IN CERTIFICATE OF COMPLIANCE RECORDED SEPTEMBER 13, 1985 AS INSTRUMENT NO. 052170 OF OFFICIAL RECORDS.EXCEPTING THEREFROM AN UNDIVIDED 1/2 INTEREST IN THE LAND OWNERS SHARE OF ROYALTIES FROM OIL, GAS, OTHER HYDROCARBONS, OR MINERALS ACTUALLY PRODUCED ON OR FROM SAID LAND OR ANY PART THEREOF, AS RESERVED BY GEORGE BLECHEN AND MARIE BLECHEN, HIS WIFE AND ELSIE LOOSE, A WIDOW IN DEED DATED MAY 16, 1958 AND RECORDED JUNE 10, 1958 IN BOOK 943, PAGE 507 OF OFFICIAL RECORDS.ALSO EXCEPTING 50% OF GRANTORS PRESENT INTEREST IN ALL OIL, GAS AND OTHER HYDROCARBONS AND OTHER MINERALS THAT ARE ON OR MAY BE ON OR WITHIN SAID LANDS, TOGETHER WITH 50% INTEREST IN AND TO ALL OIL, GAS AND OTHER HYDROCARBONS AND OTHER MINERALS AS SAME MAY BE INCREASED UPON EXPIRATION OF ROYALTY INTERESTS AS RESERVED IN DEED DATED MAY 16, 1958 EXECUTED BY GEORGE

EXHIBIT "F"

118

BLECHEN AND MARIE BLECHEN, HIS WIFE AND BY ELSIE LOOSE, A WIDOW AND RECORDED JUNE 10, 1958 IN BOOK 943, PAGE 507 OF OFFICIAL RECORDS.SUCH MINERAL RESERVATIONS IN FAVOR OF GRANTORS HEREIN ARE WITHOUT ANY RIGHT OF ENTRY TO THE SURFACE OF SAID LAND AND ARE WITHOUT ANY RIGHT OF ENTRY TO THE FIRST 500 FEET ADJACENT TO AND LYING BENEATH THE SURFACE OF SAID LAND.

PARCEL C-1: A 30 FOOT WIDE EASEMENT FOR INGRESS, EGRESS AND INCIDENTAL PURPOSES OVER THAT PORTION OF LOT 4 OF "HOME OF THE ALMOND", IN THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO MAP RECORDED IN BOOK 2, PAGE 17 OF MAPS, THE CENTERLINE OF WHICH IS MORE PARTICULARLY DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHEAST CORNER OF SAID LOT 4;THENCE ALONG THE EASTERLY LINE OF LOT 4, NORTH 0°30'00" WEST, 65.00 FEET TO THE POINT OF BEGINNING;THENCE PARALLEL TO THE SOUTH LINE OF LOT 4, NORTH 89°45'00" WEST 203.81 FEET;THENCE SOUTH 73°38'54" WEST, 138.47 FEET;THENCE SOUTH 78°42'47" WEST, 52.18 FEET TO A POINT THAT LIES 15.00 FEET NORTH OF THE SOUTH LINE OF SAID LOT 4;THENCE 15 FEET NORTHERLY OF AND PARALLEL TO SAID SOUTH LINE OF LOT 4, NORTH 89°45'00" WEST, 559.74 FEET TO THE WESTERLY LINE OF LOT 4.

PARCEL D: APN: 026,104,001 LOT 4 OF SECTION 5, LOTS 1, 2, 3 AND 4, THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER AND THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 6, ALL IN TOWNSHIP 26 SOUTH, RANGE 12 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.EXCEPTING THEREFROM THAT PORTION LYING SOUTH OF SAN MARCOS ROAD.ALSO EXCEPTING THEREFROM 1/2 OF THE OIL, GAS, MINERAL AND OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS RESERVED BY ROBERT L. LINNETT, A MARRIED MAN AND HENRY C. BRIGHAM, A MARRIED MAN IN EQUAL SHARES BY DEED RECORDED JUNE 21, 1977 IN BOOK 1988, PAGE 755 OF OFFICIAL RECORDS.

The property heretofore described is being sold "as is". The street address and other common designation, if any, of the real property described above is purported to be: VINEYARDS, PASO ROBLES, CA 93446. Directions may be obtained by written request submitted to the beneficiary within 10 days after the first publication of this notice at the following address: Farm Credit West, FLCA c/o Mortgage Lender Services, Inc., 11707 Fair Oaks Blvd, Ste 202, Fair Oaks CA 95628

BENEFICIARY HEREBY ELECTS TO CONDUCT A UNIFIED FORECLOSURE SALE PURSUANT TO THE PROVISIONS OF CALIFORNIA COMMERCIAL CODE SECTION 9604(a)(1)(B) AND TO INCLUDE IN THE NON-JUDICIAL FORECLOSURE OF THE ESTATE DESCRIBED IN THIS NOTICE OF TRUSTEE'S SALE ALL OF THE PERSONAL PROPERTY AND FIXTURES, TOGETHER WITH REPLACEMENTS AND PROCEEDS, IF APPLICABLE, DESCRIBED IN THE SECURITY AGREEMENT DATED 03/05/2007 AND IN A UCC-1 FINANCING STATEMENT FILED WITH THE SECRETARY OF STATE, STATE OF CALIFORNIA ON 04/06/2004 AS DOCUMENT NO. 0410760031 , AND BETWEEN THE ORIGINAL TRUSTOR AND THE ORIGINAL BENEFICIARY, AS IT MAY HAVE BEEN AMENDED FROM TIME TO TIME, AND PURSUANT TO ANY OTHER INSTRUMENTS BETWEEN THE TRUSTOR AND BENEFICIARY REFERENCING A SECURITY INTEREST IN PERSONAL PROPERTY. BENEFICIARY RESERVES ITS RIGHT TO REVOKE ITS ELECTION AS TO SOME OR ALL OF SAID PERSONAL PROPERTY AND/OR FIXTURES,

EXHIBIT "F"                                                                119

Trustee Sale No. 129680-1
Loan No. 8060924-101 & 8278571-101
Title Order No. 95311476
APN 026-104-001; 026-342-039; 027-145-022.

OR TO ADD ADDITIONAL PERSONAL PROPERTY AND/OR FIXTURES TO THE
ELECTION HEREIN EXPRESSED, AT BENEFICIARY'S SOLE ELECTION, FROM TIME TO
TIME AND AT ANY TIME UNTIL THE CONSUMATION OF THE TRUSTEE'S SALE TO BE
CONDUCTED PURSUANT TO THE DEED OF TRUST AND THIS NOTICE OF TRUSTEE'S
SALE. A DESCRIPTION OF THE PERSONAL PROPERTY, WHICH WAS GIVEN AS
SECURITY FOR TRUSTOR'S OBLIGATION IS: ALL NOW EXISTING AND AFTER
ACQUIRED GOODS, FARM PRODUCTS, INVENTORY, ACCOUNTS, ACCOUNTS
RECEIVABLE, DOCUMENTS, PAYMENT INTANGIBLES, CHATTEL PAPER, AND
GENERAL INTANGIBLES, TOGETHER WITH ALL CROPS, GROWING OR TO BE GROWN
ON THAT CERTAIN REAL PROPERTY MORE PARTICULARLY DESCRIBED ABOVE AND
ALSO INCLUDING ALL NOW EXISTING AND AFTER ACQUIRED FIXTURES,
MACHINERY, PARTS, ATTACHMENTS, ACCESSIONS, REPLACEMENTS, EQUIPMENT,
AND WINERY EQUIPMENT INCLUDING BUT NOT LIMITED TO ALL BOTTLING LINE
EQUIPMENT, WINERY TANKS AND ALL STAINLESS STEEL TANKS, TOGETHER WITH
ALL INSURANCE PROCEEDS, WITHOUT LIMITATION, RECEIVED AS PAYMENT FOR
THE LOSS AND/OR DAMAGE TO SAID COLLATERAL. NO WARRANTY IS MADE THAT
ANY OR ALL OF THE PERSONAL PROPERTY STILL EXISTS OR IS AVAILABLE FOR THE
SUCCESSFUL BIDDER AND NO WARRANTY IS MADE AS TO THE CONDITION OF ANY
OF THE PERSONAL PROPERTY, WHICH SHALL BE SOLD "AS-IS, WHERE-IS".

The undersigned Trustee disclaims any liability for any incorrectness of the street address
and other common designation, if any, shown herein.

Said sale will be made, but without covenant or warranty, expressed or implied, regarding
title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured
by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any,
under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee
and of the trusts created by said Deed of Trust, to-wit: **$18,809,653.88 (Estimated)**. Accrued
interest and additional advances, if any, will increase this figure prior to sale. The Beneficiary
may elect to bid less that the full credit bid.

The beneficiary under said Deed of Trust heretofore executed and delivered to the
undersigned a written Declaration of Default and Demand for Sale, and a written Notice of
Default and Election to Sell. The undersigned caused said Notice of Default and Election to
Sell to be recorded in the county where the real property is located and more than three
months have elapsed since such recordation.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and
exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder
shall have no further recourse.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you
should understand that there are risks involved in bidding at a trustee auction. You will be
bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does
not automatically entitle you to free and clear ownership of the property. You should also be

EXHIBIT "F"                                                        120

aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 916-939-0772 or visit this Internet Web site www.nationwideposting.com, using the file number assigned to this case 129680-1. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date: October 1, 2019

MORTGAGE LENDER SERVICES, INC., as Agent for
FARM CREDIT WEST, FLCA, as Trustee
11707 Fair Oaks Blvd., Ste 202
Fair Oaks, CA 95628
(916) 962-3453

Sale Information Line: 916-939-0772 or www.nationwideposting.com

_Marsha Townsend_

Marsha Townsend, Chief Financial Officer

MORTGAGE LENDER SERVICES, INC. MAY BE A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

EXHIBIT "F"

121

# APN 027-145-022

| Attorney or Party Name, Address, Telephone and FAX | |
| --- | --- |
| Roksana D. Moradi (Bar No. 266572)<br>RESNIK HAYES MORADI LLP<br>17609 Ventura Blvd., Suite 314<br>Encino, CA 91316<br>Telephone: (818)285-0100<br>Facsimile: (818) 855-7013 | |

☐ Pro Se Debtor

| OFFICE OF THE UNITED STATES TRUSTEE<br>LOS ANGELES DIVISION | SUBMIT TO UNITED STATES TRUSTEE<br>– DO NOT FILE WITH COURT |
| --- | --- |
| In Re:<br><br>**Northern Holdings, LLC**<br><br>Debtor-In-Possession. | Case Number:<br>8:20-bk-13014-MW<br>**REAL PROPERTY QUESTIONNAIRE**<br>CHECK ONE BOX:<br>☑ Owned    ☐ Being Purchased  ☐ |

Within seven (7) days after the filing of the petition, every chapter 11 Debtor in Possession which holds any interest in any parcel of real property shall provide the United States Trustee with a completed Real Property Questionnaire (form UST-5). Included within the meaning of the phrase "any interest in any parcel of real property" are real property leases, land sales contracts, open escrows and other transactions under which the Debtor presently may not be a titleholder of record.

The United States Trustee deems the requested information necessary to carry out his statutory responsibilities to monitor and evaluate all pending Chapter 11 cases in this District. Therefore, failure to timely and fully submit this form for each parcel of real property may result in the filing of a motion to dismiss this case, convert this case to one under Chapter 7 or for appointment of a Trustee. Consequently, the Debtor is required to fully answer each question contained in each section of this Questionnaire that applies to the particular parcel of real property involved. A separate Questionnaire is to be filed for each parcel of real property. If additional space is required for any answer, and continuation sheet specifying the Section and Question involved should be attached.

| **SECTION ONE: PROPERTY OWNED OR BEING PURCHASED BY DEBTOR** |
| --- |
| A.     Address of property including county and state in which it is located:<br><br> APN 027-145-022; no street address for this property, access through 1172 San Marcos Road, Paso Robles, CA 93446 |
| B.     Legal Description of Property (i.e. Lot and Tract Number, including Tax Assessor's I.D. Number)<br><br> APN 027-145-022 |
| C.     Percentage interest in the property owned by the Debtor: **100%** |
| D.     Date of Debtor's Acquisition of the Property: 10/28/2020<br>     Purchase Price: $ 4,300,000 |

Effective September 1, 2011                           **EXHIBIT "F"**                           UST-1.5

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | 8:20-bk-13014-MW |

---

E.    Type of real property (i.e. single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved.)

**Farm and ranch**

---

F.    Description of property (i.e. square footage, number of units, number of offices, amenities, condition):

**lot size 6,751,800**

---

G.    Development status of property:
(1) Permits (type, date issued, expiration date):

**N/A**

(2) In construction (date of commencement, estimated date and cost of completion, name of construction lender):

(3) Rehabilitation (specify nature, cost and status of rehabilitation effort):

---

H.    Present Fair Market Value: $ **4,300,000**

---

I.    State source and basis of the above fair market value: (attach a copy of latest appraisal)

**Appraisal**

---

J.    Does the property meet all federal, state, and local requirements including, but not limited to; health, building, safety, OSHA, earthquake and fire regulations? ☑ YES ☐ NO (If the answer is "NO," briefly explain and attach copies of any complaints, citations and/or recorded documents which specify the substance of the alleged violations)

---

K.    State the name of the titleholder of records as of the date of the filing of the Petition:
**Northern Holdings, LLC**

---

L.    State the name of the Grantor of the property to the titleholder set forth in "K" above:
**Erich Russell**

---

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | 8:20-bk-13014-MW |

**M.**  Is the titleholder, specified in "K" above, the Debtor in this Chapter 11 proceeding? ✓ YES ☐ NO
(If "NO," explain why the titleholder and the Debtor are different persons/entities)

**N.**  State the date of the last transfer of any interest in the property and the name of the transferor and transferee:
10/28/2020

**O.**  Was title to the property transferred to the Debtor within ninety (90) days prior to the filing of the Chapter 11 Petition?
✓ YES ☐ NO (If "YES," state the reason for the transfer)

**P.**  If the Debtor is a partnership, did all of the general partners consent to the filing of the Chapter 11 Petition?
☐ YES ☐ NO (If "YES," attach documentation to indicate such consent was given by all partners, if "NO," explain why all did not consent and identify each non-consenting partner).
**N/A**

**Q.**  Is the property currently occupied? ☐ YES ✓ NO

**R.**  Does the Debtor, its principals or any other person or entity related to the Debtor or its principals occupy or use any portion of the property? ✓ YES ☐ NO (If "YES," state the name of the tenant, nature of the relationship to the Debtor and terms of the agreement, if any)
**Debtor will contract with third party to farm and will receive revenue from fruit sales.**

**S.**  Does any other person/entity other than the Debtor use, lease or occupy any portion of the property? ☐ YES ✓ NO
(If 'YES", state name of each person/entity, whether it is relation, affiliated or doing business with the Debtor or any principal of the Debtor, and state the terms of such use, lease or occupancy)

**T.**  Has the Bankruptcy Petition been recorded in the Office of the Recorder of the county in which this property is located?
☐ YES ✓ NO (If "YES," state the Date of Recordation and Instrument Number or Book and Page Number)

| In Re: Northern Holdings, LLC | Case No.: 8:20-bk-13014-MW |
|---|---|
| Debtor. | |

## SECTION TWO: FINANCIAL STATUS OF OWNED PROPERTY

A.    List Voluntary encumbrances of record against the property (e.g. mortgages, stipulated judgments):

| | Lender Name | Current Principal Balance | Installment Amount | Frequency (Mo/Qtr/Yr) |
|---|---|---|---|---|
| 1st: | Farm Credit West | 19, 863 | cross collateralized | loan with 2 other APN's |
| 2nd: | | | | |
| 3rd: | | | | |
| 4th: | | | | |

| | Maturity Date | Date of Last Payment | Number of Delinquent Installments |
|---|---|---|---|
| 1st: | | | |
| 2nd: | | | |
| 3rd: | | | |
| 4th: | | | |

B.    List involuntary encumbrances of record against the property (tax, mechanics's and other liens, judgments, lis pendens):

| Type of lien | Amount Claimed | Date of recordation |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

C.    Was a Notice of Default and/or a Notice of Sale recorded prior to the filing of the bankruptcy petition? ☑ YES  ☐ NO
(If "YES," state which document was recorded, the name of the lender, and the date of recordation)
Notice of Trustee Sale dated 10/2/2019

D.    Property Taxes:
(1) Assessed value of property per latest real property Tax Bill $ 1,221,443

(2) Annual taxes and installment due dates: $13,237  April & December

(3) Indicate the due dates and amounts of any Tax Bills which have not been paid:

**EXHIBIT "F"**

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | 8:20-bk-13014-MW |

## SECTION THREE: SALE OF PROPERTY

A.     Has a real estate broker been employed?  ☐ YES ☑ NO (If "YES," state the name of the broker, name of the salesperson, date employed, company name, address and telephone number and the listing agreement expiration date)

**N/A**

B.     Has an application to employ the broker been filed with the court? ☐ YES ☐ NO

C.     How long as the property been listed or advertised for sale with the current broker?

D.     Has any written offer been received?  ☐ YES ☐ NO (If "YES," state the terms of each such written offer)

E.     What is the date the property was first listed for sale with any broker?

F.     What is the current listing price? (attach a copy of the listing agreement) $

G.     Have other attempts been made to sell the property? ☐ YES ☐ NO (If "YES," for each such attempt, state the date, asking price and result)

H.     Explain other alternatives considered as to the disposition of the property (i.e. refinancing, capital infusion, stipulation with lender):

## SECTION FOUR: PURCHASE OF PROPERTY

A.     Is the Debtor currently purchasing this parcel of real property?  ☐ YES ☑ NO (If "YES," state the name, address and telephone number of the seller)

**N/A**

B.     Is the Debtor a party to a land Sales Contract or other arrangement by which actual title is to be taken at some point in the future? ☐ YES ☐ NO (If "YES," attach a copy of any written documents which state the terms of such transaction).

C.     If an escrow has been opened, state the escrow company name, name of escrow officer, address, and telephone number: (attach a copy of the purchase agreement and Escrow Instruction

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | **8:20-bk-13014-MW** |

| D. | What is the purchase price? $ |
|---|---|

**SECTION FIVE: PROPERTY LEASED BY DEBTOR AS LESSEE**

A.  Address of property including county and state in which it is located:

N/A

B.  Type of real property (i.e., single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved):

C.  Description of property (i.e. square footage, number of units, number of offices, amenities, condition)?

D.  Is the Debtor or any principal of the Debtor affiliated with or related to the lessor? ☐ YES ☐ NO (If "YES," explain the relationship)

E.  Does a written lease exist? ☐ YES ☐ NO (If "YES," attach a copy of the lease).

F.  Lease payment amount: $                    per ☐ Month ☐ Quarter ☐ Year

G.  Number of pre-petition delinquent payments:

H:  Total dollar amount of pre-petition delinquent lease and related payments: $

I.  Specify the type, amount and date of any deposits paid to the lessor (i.e., security deposits, first and last months'' rent)

J.  Describe provisions in the lease for increases in the lease payments:

K.  Describe type of lease (i.e. triple net, minimum plus percentage of sales, gross lease) and state basic lease terms:

L.  When did the lease commence?
When is the lease termination date?

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | 8:20-bk-13014-MW |

**M.** Does the lease provide any options to extend the term of the lease? ☐ YES ☐ NO (If "YES," describe each option)

**N.** List the improvements made and fixtures installed by the Debtor (i.e., items so attached or integrated with the property so as to render them legally non-removable) and state the cost:

## SECTION SIX: INSURANCE

**A.** State the following as to each policy of insurance (attach a copy of the declaration page of each current policy):

| Type of Insurance | Name of Ins Agent | Ins Company | Policy Number | Amt. of Coverage | Exp. Date |
|---|---|---|---|---|---|
| General Liability | Patricia Marroquin | Federal Insurance Co. | 3605-90-82 WCE | $1,000,000/5,839,100 | 4/15/2021 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**B.** If any policy payments are delinquent, so state and provide the amount and number of installments that are past due:

## SECTION SEVEN: INCOME FROM RENTAL OF PROPERTY

**A.** What is the actual gross monthly income being received from rental of the property? $ N/A

**B.** What is the current occupancy rate and the square footage presently being leased?

**C.** If the property were fully leased, state the anticipated gross monthly income: $

**D.** Itemize the total monthly expenses *excluding* debt service:

Insurance $1,066

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | **8:20-bk-13014-MW** |

**E.** Is there any person or entity managing the property? [ ] YES [X] NO (If "YES," state the name, address, and telephone number of the managing person/company and attach a copy of the management company's fidelity bond)

**F.** What are the terms of the management agreement? (If written, attach a copy of the agreement)

N/A

**G.** Is the manager of the property related to or affiliated with the Debtor in any way? [ ] YES [ ] NO (If "YES," explain the relationship or affiliation)

**H.** Is any person and/or entity occupying any portion of the property at a reduced rental rate or at no rental charge? [ ] YES [ ] NO (If "YES," explain fully)

I declare under penalty of perjury that the answers contained in the foregoing Real Property Questionnaire are true and correct to the best of my knowledge, information and belief. I have full authority to make the above answers on behalf of the debtor in possession.

Dated: 11/3/2020

Print Name and Title of Authorized Agent for Debtor in Possession                Signature of Authorized Agent for Debtor in Possession

**Leroy Codding, Managing Member**

Effective September 1, 2011                         EXHIBIT "F"                         130 *TLA-5*

# 2380 LIVE OAK ROAD

Attorney or Party Name, Address, Telephone and FAX

Roksana D. Moradi (Bar No. 266572)
RESNIK HAYES MORADI LLP
17609 Ventura Blvd., Suite 314
Encino, CA 91316
Telephone: (818)285-0100
Facsimile: (818) 855-7013

☐ Pro Se Debtor

| OFFICE OF THE UNITED STATES TRUSTEE<br>LOS ANGELES DIVISION | SUBMIT TO UNITED STATES TRUSTEE<br>– DO NOT FILE WITH COURT |
|---|---|
| In Re:<br><br>Northern Holdings, LLC<br><br>Debtor-In-Possession. | Case Number:<br>8:20-bk-13014-MW<br><br>**REAL PROPERTY QUESTIONNAIRE**<br><br>CHECK ONE BOX:<br><br>✓ Owned ☐  Being Purchased ☐ |

Within seven (7) days after the filing of the petition, every chapter 11 Debtor in Possession which holds any interest in any parcel of real property shall provide the United States Trustee with a completed Real Property Questionnaire (form UST-5). Included within the meaning of the phrase "any interest in any parcel of real property" are real property leases, land sales contracts, open escrows and other transactions under which the Debtor presently may not be a titleholder of record.

The United States Trustee deems the requested information necessary to carry out his statutory responsibilities to monitor and evaluate all pending Chapter 11 cases in this District. Therefore, failure to timely and fully submit this form for each parcel of real property may result in the filing of a motion to dismiss this case, convert this case to one under Chapter 7 or for appointment of a Trustee. Consequently, the Debtor is required to fully answer each question contained in each section of this Questionnaire that applies to the particular parcel of real property involved. A separate Questionnaire is to be filed for each parcel of real property. If additional space is required for any answer, and continuation sheet specifying the Section and Question involved should be attached.

| SECTION ONE: PROPERTY OWNED OR BEING PURCHASED BY DEBTOR |
|---|
| A.    Address of property including county and state in which it is located:<br><br>2380 Live Oak Road, Paso Robles, CA 93446 |
| B.    Legal Description of Property (i.e. Lot and Tract Number, including Tax Assessor's I.D. Number)<br><br>APN 026-342-039 |
| C.    Percentage interest in the property owned by the Debtor: **100%** |
| D.    Date of Debtor's Acquisition of the Property: 10/28/2020<br><br>Purchase Price: $ 9,700,000 |

Effective September 1, 2011

EXHIBIT "F"

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | **8:20-bk-13014-MW** |

E.    Type of real property (i.e. single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved.)

**2 homes**

F.    Description of property (i.e. square footage, number of units, number of offices, amenities, condition):

**3 bedroom  4 bathrooms   7,063 sq ft   6,969,600 lot size**

G.    Development status of property:
    (1) Permits (type, date issued, expiration date):

**N/A**

    (2) In construction (date of commencement, estimated date and cost of completion, name of construction lender):

    (3) Rehabilitation (specify nature, cost and status of rehabilitation effort):

H.    Present Fair Market Value: $ **9,700,000**

I.    State source and basis of the above fair market value: (attach a copy of latest appraisal)
**Appraisal**

J.    Does the property meet all federal, state, and local requirements including, but not limited to; health, building, safety, OSHA, earthquake and fire regulations? ☑ YES ☐ NO (If the answer is "NO," briefly explain and attach copies of any complaints, citations and/or recorded documents which specify the substance of the alleged violations)

K.    State the name of the titleholder of records as of the date of the filing of the Petition:
Northern Holdings, LLC

L.    State the name of the Grantor of the property to the titleholder set forth in "K" above:
Erich Russell

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | 8:20-bk-13014-MW |

**M.** Is the titleholder, specified in "K" above, the Debtor in this Chapter 11 proceeding? ☑ YES ☐ NO
(If "NO," explain why the titleholder and the Debtor are different persons/entities)

**N.** State the date of the last transfer of any interest in the property and the name of the transferor and transferee:
10/28/2020

**O.** Was title to the property transferred to the Debtor within ninety (90) days prior to the filing of the Chapter 11 Petition?
☑ YES ☐ NO (If "YES," state the reason for the transfer)

**P.** If the Debtor is a partnership, did all of the general partners consent to the filing of the Chapter 11 Petition?
☐ YES ☐ NO (If "YES," attach documentation to indicate such consent was given by all partners, if "NO," explain why all did not consent and identify each non-consenting partner).
N/A

**Q.** Is the property currently occupied? ☑ YES ☐ NO

**R.** Does the Debtor, its principals or any other person or entity related to the Debtor or its principals occupy or use any portion of the property? ☐ YES ☐ NO (If "YES," state the name of the tenant, nature of the relationship to the Debtor and terms of the agreement, if any)
Erich Russell (former owner)

**S.** Does any other person/entity other than the Debtor use, lease or occupy any portion of the property? ☑ YES ☐ NO
(If 'YES", state name of each person/entity, whether it is relation, affiliated or doing business with the Debtor or any principal of the Debtor, and state the terms of such use, lease or occupancy)
Erich Russell $12,000

**T.** Has the Bankruptcy Petition been recorded in the Office of the Recorder of the county in which this property is located?
☐ YES ☑ NO (If "YES," state the Date of Recordation and Instrument Number or Book and Page Number)

| In Re: Northern Holdings, LLC | Case No.: 8:20-bk-13014-MW |
|---|---|
| Debtor. | |

## SECTION TWO: FINANCIAL STATUS OF OWNED PROPERTY

A.    List Voluntary encumbrances of record against the property (e.g. mortgages, stipulated judgments):

| | Lender Name | Current Principal Balance | Installment Amount | Frequency (Mo/Qtr/Yr) |
|---|---|---|---|---|
| 1st: | Farm Credit West | $19,632.00 | cross collateralized | loan with 2 other APN's |
| 2nd: | | | | |
| 3rd: | | | | |
| 4th: | | | | |

| | Maturity Date | Date of Last Payment | Number of Delinquent Installments |
|---|---|---|---|
| 1st: | | | |
| 2nd: | | | |
| 3rd: | | | |
| 4th: | | | |

B.    List involuntary encumbrances of record against the property (tax, mechanics's and other liens, judgments, lis pendens):

| Type of lien | Amount Claimed | Date of recordation |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

C.    Was a Notice of Default and/or a Notice of Sale recorded prior to the filing of the bankruptcy petition? ☑YES ☐NO
(If "YES," state which document was recorded, the name of the lender, and the date of recordation)

Notice of Trustee Sale dated 10/2/2019

D.    Property Taxes:
(1) Assessed value of property per latest real property Tax Bill $ 2,521,736

(2) Annual taxes and installment due dates: $27,252 April & December

(3) Indicate the due dates and amounts of any Tax Bills which have not been paid:

| In Re: **Northern Holdings, LLC** <br><br> Debtor. | Case No.: <br> **8:20-bk-13014-MW** |
|---|---|

## SECTION THREE: SALE OF PROPERTY

A.　Has a real estate broker been employed? ☐ YES ☑ NO (If "YES," state the name of the broker, name of the salesperson, date employed, company name, address and telephone number and the listing agreement expiration date)

N/A

B.　Has an application to employ the broker been filed with the court? ☐ YES ☐ NO

C.　How long as the property been listed or advertised for sale with the current broker?

D.　Has any written offer been received? ☐ YES ☐ NO (If "YES," state the terms of each such written offer)

E.　What is the date the property was first listed for sale with any broker?

F.　What is the current listing price? (attach a copy of the listing agreement) $

G.　Have other attempts been made to sell the property? ☐ YES ☐ NO (If "YES," for each such attempt, state the date, asking price and result)

H.　Explain other alternatives considered as to the disposition of the property (i.e. refinancing, capital infusion, stipulation with lender):

## SECTION FOUR: PURCHASE OF PROPERTY

A.　Is the Debtor currently purchasing this parcel of real property? ☐ YES ☑ NO (If "YES," state the name, address and telephone number of the seller)

B.　Is the Debtor a party to a land Sales Contract or other arrangement by which actual title is to be taken at some point in the future? ☐ YES ☐ NO (If "YES," attach a copy of any written documents which state the terms of such transaction).

C.　If an escrow has been opened, state the escrow company name, name of escrow officer, address, and telephone number: (attach a copy of the purchase agreement and Escrow Instruction

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | 8:20-bk-13014-MW |

| D. | What is the purchase price? $ |
|---|---|

**SECTION FIVE: PROPERTY LEASED BY DEBTOR AS LESSEE**

| A. | Address of property including county and state in which it is located: |
|---|---|
| | N/A |

| B. | Type of real property (i.e., single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved): |
|---|---|

| C. | Description of property (i.e. square footage, number of units, number of offices, amenities, condition)? |
|---|---|

| D. | Is the Debtor or any principal of the Debtor affiliated with or related to the lessor? ☐ YES ☐ NO (If "YES," explain the relationship) |
|---|---|

| E. | Does a written lease exist? ☐ YES ☐ NO (If "YES," attach a copy of the lease). |
|---|---|

| F. | Lease payment amount: $ _____ per ☐ Month ☐ Quarter ☐ Year |
|---|---|

| G. | Number of pre-petition delinquent payments: |
|---|---|

| H: | Total dollar amount of pre-petition delinquent lease and related payments: $ |
|---|---|

| I. | Specify the type, amount and date of any deposits paid to the lessor (i.e., security deposits, first and last months" rent) |
|---|---|

| J. | Describe provisions in the lease for increases in the lease payments: |
|---|---|

| K. | Describe type of lease (i.e. triple net, minimum plus percentage of sales, gross lease) and state basic lease terms: |
|---|---|

| L. | When did the lease commence? When is the lease termination date? |
|---|---|

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | 8:20-bk-13014-MW |

**M.** Does the lease provide any options to extend the term of the lease? ☐ YES ☐ NO (If "YES," describe each option)

**N.** List the improvements made and fixtures installed by the Debtor (i.e., items so attached or integrated with the property so as to render them legally non-removable) and state the cost:

## SECTION SIX: INSURANCE

**A.** State the following as to each policy of insurance (attach a copy of the <u>declaration page</u> of each current policy):

| Type of Insurance | Name of Ins Agent | Ins Company | Policy Number | Amt. of Coverage | Exp. Date |
|---|---|---|---|---|---|
| General Liability | Patricia Marroquin | Federal Insurance Co. | 3605-90-82 WCE | $1,000,000/5,839,100 | 4/15/2021 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**B.** If any policy payments are delinquent, so state and provide the amount and number of installments that are past due:

## SECTION SEVEN: INCOME FROM RENTAL OF PROPERTY

**A.** What is the actual gross monthly income being received from rental of the property? $ 12,000

**B.** What is the current occupancy rate and the square footage presently being leased?

100%

**C.** If the property were fully leased, state the anticipated gross monthly income: $

**D.** Itemize the total monthly expenses *excluding* debt service:

insurance $1,066

| In Re: Northern Holdings, LLC | Case No.: |
|---|---|
| Debtor. | **8:20-bk-13014-MW** |

E.      Is there any person or entity managing the property? ☐ YES ☐ NO (If "YES," state the name, address, and telephone number of the managing person/company and attach a copy of the management company's fidelity bond)

F.      What are the terms of the management agreement?  (If written, attach a copy of the agreement)

G.      Is the manager of the property related to or affiliated with the Debtor in any way? ☐ YES ☐ NO (If "YES," explain the relationship or affiliation)

H.      Is any person and/or entity occupying any portion of the property at a reduced rental rate or at no rental charge? ☐ YES ☐ NO (If "YES," explain fully)

I declare under penalty of perjury that the answers contained in the foregoing Real Property Questionnaire are true and correct to the best of my knowledge, information and belief.  I have full authority to make the above answers on behalf of the debtor in possession.

Dated:   11/3/2020

Print Name and Title of Authorized Agent for Debtor in Possession

Signature of Authorized Agent for Debtor in Possession

**Leroy Codding, Managing Member**

Effective September 1, 2011

EXHIBIT "F"

139

*USTLA-5*

ttorney or Party Name, Ad ress, Telephone and FAX

Roksana D. Moradi-Brovia (Bar No. 266572)
RESNIK HAYES MORADI LLP
17609 Ventura Blvd., Suite 314
Encino,  CA 91316
Telephone:  (818)285-0100

☐  ro Se Debtor

| OFFICE OF THE UNITED STATES TRUSTEE<br>LOS ANGELES DIVISION | SUBMIT TO UNITED STATES<br>TRUSTEE - Do not file with the Court |
|---|---|
| In Re:<br><br>Northern Holdings, LLC<br><br><br>Debtor-In-Possession | Case Number:  **8:20-bk-13014-MW**<br><br>**Attorney's 7 Day Package Checklist**<br><br>☑ Check this box to in icate that this checklist<br>amen s or supplements   previously filed<br>checklist<br>**Amendment No.** 2 |

**You must attach each of the following documents or a satisfactory explanation of your failure to attach a document.  Failure to submit these documents in a timely fashion may result in a motion to convert or dismiss the case.  The submission of documents that are incomplete or not prepared in accordance with UTSP guidelines and requirements will be treated as a failure to submit.**

| Document Attached | Previously Submitted | Explanation Attached | | REQUIRED DOCUMENTS |
|---|---|---|---|---|
| | X | | 1. | Declaration of Debtor Regarding Compliance with UST Guidelines and Requirements for Chapter 11 Debtors in Possession |
| | X | | 1.1. | Real Property |
| X | X | | 1.2. | Bank Account Information |
| | X | | 1.3. | Insurance Coverage |
| | | N/A | 1.4. | Proof of Required Certificates and Licenses |
| | X | | 1.5. | List of Insiders |
| | | | 1.6. | Financial Statements |
| | | N/A | 1.7. | Health Care Business |
| | | N/A | 1.8. | Trust Agreements |
| | | TBA | 1.9. | Recordation of Chapter 11 Petition |
| | X | | 1.10. | Federal and State Tax Returns |
| | X | | 1.11. | Employee Benefit Plans |
| | X | | 2. | Projected cash flow statement for the first ninety (90) days from the initial filing date |
| | X | | 3. | Statement of Major Issues and Timetable Report |

☑  I h ve read and understood the Guidelines and Requirements for Chapter 11 Debtors In Possession.

Date :  11/6/2020 _____    Resnik Hayes Moradi LLP _____
                                      Law Firm Name

                                      By: _/s/ Roksana D. Moradi-Brovia, Esq._

                                      Attorney for Debtor or Debtor In Pro Per

Date :  11/6/2020 _____    I HEREBY APPROVE THE ATTACHED

                                      _____
                                              Signature of Debtor

**(Image of Original Signatures Required)**

EXHIBIT "F"

*Revised September 1, 2011*

140 USTLA-4

# CALIFORNIA RESIDENTIAL LEASE/RENTAL AGREEMENT

**LANDLORD** _NORTHERN HOLDING LLC_

**TENANT(S)** _ERICH & JOANNE RUSSELL_

**PROPERTY ADDRESS:** _2380 LIVE OAK RD_

_PASO ROBLES CA_

**1. RENTAL AMOUNT:** Beginning _10/27_ / , 20 _20_ TENANT agrees to pay LANDLORD the sum of $_1200_ per month in advance on the ____ day of each calendar month. Said rental payment shall be delivered by TENANT to LANDLORD or his designated agent to the following location: _From Vineyard Consulting income_. Rent must be actually received by LANDLORD, or designated agent, in order to be considered in compliance with the terms of this agreement.

**2. TERM:** The premises are leased on the following lease term: (please check one item only)

☐ Month-to-Month

(or)

☐ Until _1/1_ , 20 _22_.

**3. SECURITY DEPOSITS:** TENANT shall deposit with landlord the sum of $_____ as a security deposit to secure TENANT'S faithful performance of the terms of this lease. The security deposit shall not exceed two times the monthly rent. After all the TENANTS have left, leaving the premises vacant, the LANDLORD may use the security deposit for the cleaning of the premises, any unusual wear and tear to the premises or common areas, and any rent or other amounts owed pursuant to the lease agreement or pursuant to Civil Code Section 1950.5. TENANT may not use said deposit for rent owed during the term of the lease. Within 21 days of the TENANT vacating the premises, LANDLORD shall furnish TENANT a written statement indicating any amounts deducted from the security deposit and returning the balance to the TENANT. If TENANT fails to furnish a forwarding address to LANDLORD, then LANDLORD shall send said statement and any security deposit refund to the leased premises.

**4. INITIAL PAYMENT:** TENANT shall pay the first month rent of $_____ and the security deposit in the amount of $_____ for a total of $_____. Said payment shall be made in the form of cash or cashier's check and is all due prior to occupancy.

**5. OCCUPANTS:** The premises shall not be occupied by any person other than those designated above as TENANT with the exception of the following named persons: _____

_____.

EXHIBIT "F"

If LANDLORD, with written consent, allows for additional persons to occupy the premises, the rent shall be increased by $_____ for each such person. Any person staying 14 days cumulative or longer, without the LANDLORD'S written consent, shall be considered as occupying the premises in violation of this agreement.

**6. SUBLETTING OR ASSIGNING:** TENANT agrees not to assign or sublet the premises or any part thereof, without first obtaining written permission from LANDLORD.

**7. UTILITIES:** TENANT shall pay for all utilities and/or services supplied to the premises with the following exception: _____
_____.

**8. PARKING:** TENANT ☐ is not ☐ is (check one) assigned a parking space. If assigned a parking space it shall be designated as space #_____ TENANT may only park a vehicle that is registered in the TENANT'S name.

TENANT may not assign, sublet, or allow any other person to use this space. The TENANT uses this space exclusively for parking of passenger automobiles. No other type of vehicle or item may be stored in this space without prior written consent of LANDLORD. TENANT may not wash, repair, or paint in this space or at any other common area on the premises. Only vehicles that are operational and currently registered in the State of California may park in this space. Any vehicle that is leaking any substance must not be parked anywhere on the premises.

**9. CONDITION OF PREMISES:** TENANT acknowledges that the premises have been inspected. Tenant acknowledges that said premises have been cleaned and all items, fixtures, appliances, and appurtenances are in complete working order. TENANT promises to keep the premises in a neat and sanitary condition and to immediately reimburse landlord for any sums necessary to repair any item, fixture or appurtenance that needed service due to TENANT'S, or TENANT'S invitee, misuse or negligence.

☐ TENANT shall be responsible for the cleaning or repair to any plumbing fixture where a stoppage has occurred.

☐ TENANT shall also be responsible for repair or replacement of the garbage disposal where the cause has been a result of bones, grease, pits, or any other item that normally causes blockage of the mechanism.

**10. ALTERATIONS:** TENANT shall not make any alterations to the premises, including but not limited to installing aerials, lighting fixtures, dishwashers, washing machines, dryers or other items without first obtaining written permission from LANDLORD. TENANT shall not change or install locks, paint, or wallpaper said premises without LANDLORD'S prior written consent, TENANT shall not place placards, signs, or other exhibits in a window or any other place where they can be viewed by other residents or by the general public.

**11. LATE CHARGE/BAD CHECKS:** A late charge of 6% of the current rental amount shall be incurred if rent is not paid when due. If rent is not paid when due and landlord issues a 'Notice To Pay

Rent Or Quit', TENANT must tender cash or cashier's check only. If TENANT tenders a check, which is dishonored by a banking institution, than TENANT shall only tender cash or cashier's check for all future payments. This shall continue until such time as written consent is obtained from LANDLORD. In addition, TENANT shall be liable in the sum of $_____ for each check that is returned to LANDLORD because the check has been dishonored.

**12. NOISE AND DISRUPTIVE ACTIVITIES:** TENANT or his/her guests and invitees shall not disturb, annoy, endanger or inconvenience other tenants of the building, neighbors, the LANDLORD or his agents, or workmen nor violate any law, nor commit or permit waste or nuisance in or about the premises. Further, TENANT shall not do or keep anything in or about the premises that will obstruct the public spaces available to other residents. Lounging or unnecessary loitering on the front steps, public balconies or the common hallways that interferes with the convenience of other residents is prohibited.

**13. LANDLORD'S RIGHT OF ENTRY:** LANDLORD may enter and inspect the premises during normal business hours and upon reasonable advance notice of at least 24 hours to TENANT. LANDLORD is permitted to make all alterations, repairs and maintenance that in LANDLORD'S judgment is necessary to perform. In addition LANDLORD has all right to enter pursuant to Civil Code Section 1954. If the work performed requires that TENANT temporarily vacate the unit, then TENANT shall vacate for this temporary period upon being served a 7 days notice by LANDLORD. TENANT agrees that in such event that TENANT will be solely compensated by a corresponding reduction in rent for those many days that TENANT was temporarily displaced.

If the work to be performed requires the cooperation of TENANT to perform certain tasks, then those tasks shall be performed upon serving 24 hours written notice by LANDLORD. (EXAMPLE -removing food items from cabinets so that the unit may be sprayed for pests)

**14. REPAIRS BY LANDLORD:** Where a repair is the responsibility of the LANDLORD, TENANT must notify LANDLORD with a written notice stating what item needs servicing or repair. TENANT must give LANDLORD a reasonable opportunity to service or repair said item. TENANT acknowledges that rent will not be withheld unless a written notice has been served on LANDLORD giving LANDLORD a reasonable time to fix said item within the meaning of Civil Code Section 1942. Under no circumstances may TENANT withhold rent unless said item constitutes a substantial breach of the warrantee of habitability as stated in Code of Civil Procedure Section 1174.2.

**15. PETS:** No dog, cat, bird, fish or other domestic pet or animal of any kind may be kept on or about the premises without LANDLORD"S written consent.

**16. FURNISHINGS**: No liquid filled furniture of any kind may be kept on the premises. If the structure was built in 1973 or later TENANT may possess a waterbed if he maintains waterbed insurance valued at $100,000 or more. TENANT must furnish LANDLORD with proof of said insurance. TENANT must use bedding that complies with the load capacity of the manufacturer. In addition, TENANT must also be in full compliance with Civil Code Section 1940.5.

☐ TENANT shall not install or use any washer, dryer, or dishwasher that was not already furnished with the unit.

**17. INSURANCE:** TENANT may maintain a personal property insurance policy to cover any losses sustained to TENANT'S personal property or vehicle. It is acknowledged that LANDLORD does not maintain this insurance to cover personal property damage or loss caused by fire, theft, rain, water overflow/leakage, acts of GOD, and/or any other causes.

It is acknowledged that LANDLORD is not liable for these occurrences. It is acknowledged that TENANT'S insurance policy shall solely indemnify TENANT for any losses sustained. TENANT'S failure to maintain said policy shall be a complete waiver of TENANT'S right to seek damages against LANDLORD for the above stated losses. The parties acknowledge that the premises are not to be considered a security building which would hold LANDLORD to a higher degree of care.

**18. TERMINATION OF LEASE/RENTAL AGREEMENT:** If this lease is based on a fixed term, pursuant to paragraph 2, then at the expiration of said fixed term this lease shall become a month to month tenancy upon the approval of LANDLORD. Where said term is a month to month tenancy, either party may terminate this tenancy by the serving of a 30-day written notice.

**19. POSSESSION:** If premises cannot be delivered to TENANT on the agreed date due to loss, total or partial destruction of the premises, or failure of previous TENANT to vacate, either party may terminate this agreement upon written notice to the other party at their last known address. It is acknowledged that either party shall have no liability to each other except that all sums paid to LANDLORD will be immediately refunded to TENANT.

**20. ABANDONMENT:** It shall be deemed a reasonable belief by the LANDLORD that an abandonment of the premises has occurred where the, within the meaning of Civil Code Section 1951.2, where rent has been unpaid for 14 consecutive days and the TENANT has been absent from unit for 14 consecutive days. In that event, LANDLORD may serve written notice pursuant to Civil Code Section 1951.2. If TENANT does not comply with the requirements of said notice in 18 days, the premises shall be deemed abandoned.

**21. WAIVER:** LANDLORD'S failure to require compliance with the conditions of this agreement, or to exercise any right provided herein, shall not be deemed a waiver by LANDLORD of such condition or right. LANDLORD'S acceptance of rent with knowledge of any default under agreement by TENANT shall not be deemed a waiver of such default, nor shall it limit LANDLORD'S rights with respect to that or any subsequent right. It is further agreed between the parties that the payment of rent at any time shall not be a waiver to any UNLAWFUL DETAINER action unless LANDLORD in writing specifically acknowledges that this constitutes a waiver to the UNLAWFUL DETAINER action.

**22. VALIDITY/SEVERABILITY:** If any provision of this agreement is held to be invalid, such invalidity shall not affect the validity or enforceability of any other provision of this agreement.

**23. ATTORNEY FEES:** In the event action is brought by any party to enforce any terms of this agreement or to recover possession of the premises, the prevailing party shall recover from the other party reasonable attorney fees.

It is acknowledged, between the parties, that jury trials significantly increase the costs of any litigation between the parties. It is also acknowledged that jury trials require a longer length of time to

adjudicate the controversy. On this basis, all parties waive their rights to have any matter settled by jury trial.

**24. NOTICES:** All notices to the tenant shall be deemed served upon mailing by first class mail, addressed to the tenant, at the subject premises or upon personal delivery to the premises whether or not TENANT is actually present at the time of said delivery. All notices to the landlord shall be served by mailing first class mail or by personal delivery to the manager's apartment or to:

_____.

**25. PERSONAL PROPERTY OF TENANT:** Once TENANT vacates the premises, the LANDLORD shall store all personal property left in the unit for 18 days. If within that time period, TENANT does not claim said property, LANDLORD may dispose of said items in any manner LANDLORD chooses.

**26. ADDITIONAL RENT:** All items owed under this lease shall be deemed additional rent.

**27. APPLICATION:** All statements in TENANT'S application must be true or this will constitute a material breach of this lease.

**28. GOVERNING LAW:** This Lease shall be governed by and construed in accordance with the laws of the State of California.

**29. MEGAN'S LAW:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides.

**30. ADDITIONAL TERMS:**

_____

_____

_____

**Notice: The California Department of Justice, sheriff's departments, police departments serving jurisdictions of 200,000 or more and many other local law enforcement authorities maintain for public access a data base of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of Section 290.4 of the Penal Code. The database is updated on a quarterly basis and a source of information about the presence of these individuals in any neighborhood. The Department of Justice also maintains a Sex Offender Identification Line through which inquiries about individuals may be made. This is a "900" telephone service. Callers must have specific information about individuals they are checking. Information regarding neighborhoods is not available through the "900" telephone service.**

**31. ENTIRE AGREEMENT:** The foregoing agreement, including any attachments incorporated by reference, constitute the entire agreement between the parties and supersedes any oral or written representations or agreements that may have been made by either party. Further, TENANT represents that TENANT has relied solely on TENANT'S judgment in entering into this agreement.

TENANT acknowledges having been advised to consult with independent legal counsel before
entering into this Agreement and has decided to waive such representation and advice. TENANT
acknowledges that TENANT has read and understood this agreement and has been furnished a
duplicate original.

LANDLORD/AGENT'S SIGNATURE _____

DATE _____

TENANT'S SIGNATURE _____

DATE _10/22/2020_

TENANT'S SIGNATURE _____

DATE _10-20-20_

DATE _10-27-20_

EXHIBIT "F"

Exhibit "G"

## AGREEMENT TO PURCHASE AND SELL A CORPORATION AND ASSETS
### as of 10/27/2020

This serves as a purchase and sale agreement ("PSA") between the Parties identified below ("Buyer" and "Seller") for the purpose of defining and executing a definitive Purchase and Sale Agreement ("PSA") of a corporation, its assets and wine inventory.

Fluid Wine Fund I, LLC ("Buyer") wishes to acquire, and Northern Holding, LLC, ("Seller") wishes to sell the corporation and its assets including inventory, brands, and intellectual property related to Rabbit Ridge Wine Sales, Inc. The following terms shall apply to the sale of RFV/ RRWS:

**Purchase Price:** Two point five million ($2,500,000) for Seller's right, title and interest in RRWS. Plus, Wine Inventory, both cased goods and bulk, subject to review of current wine inventory list, IP, all brands, bank accounts, equipment, tasting room lease and customer lists.

Seller shall assign EDIL and payables at close. As well receivables shall be assigned. In addition a cash amount of $163,050.00 shall be left in company to cover short term operating expenses. RRWS and its assets are being sold As-Is.

**Seller Notes:** Fluid Wine Fund, LLC  entity will have notes due Seller as follows:
1) In the amount of $2,500,000 for the balance of purchase price The note will accrue 4.5% interest annually. Principal and interest are due in a balloon payment at 5 years. Seller shall leave $163,050.00 cash in at close.
2) Buyer will issue Seller a 90-day note at 5.5% annual interest compounded monthly for the $163,050.00 cash at close. This amount can be pre-paid without penalty to cover lease payments and other obligations.

**Purchase Funds:** Buyer states that all purchase funds are in the form of debt assumptions and seller note.

**Timing & Due Diligence:**
Due Diligence: Buyer removes all contingencies upon mutual execution of PSA. However, Buyer may continue to perform inspections and tests as required by Buyer (provided that Buyer may not conduct invasive tests without the prior consent of Seller, which consent may be granted or withheld by Seller in its sole discretion), in all cases at Buyer's sole cost.
Close shall occur 10/27/2020 upon mutual execution of PSA, unless amended.

**2020 Crop:** Buyer is responsible for 2020 intake.

**Seller's Documents:** Seller shall provide to Buyer, as reasonably available after Opening of Escrow, any and all due diligence materials as are reasonably requested by Buyer and which are in the possession of Seller.

**Confidentiality:** Buyer and Seller agree that all terms of this PSA and the PSA shall remain confidential and shall not be disclosed to third parties, except legal and financial advisors of

EXHIBIT "G"

0155147

Buyer and Seller, staff personnel, and those parties necessary to arrange and fund the acquisition and development financing.

**Disclaimer and Indemnification:** All statements and terms contained in this Agreement are based on Owner's current assumptions and knowledge as of the date of its presentation. Seller and Seller's Agent offer no warranty, and advise Buyer to rely solely on Buyer's discovery. Seller holds Buyer harmless and indemnifies Buyer from liability resulting from this transaction.

Accepted and Agreed to:

Seller: _____ Date: 10/27/2020
Lee Codding
Northern Holding, LLC

Buyer: _____ Date: 10/27/2020
Lee Codding
Fluid Wine Fund I, LLC

See Attached for
Notary Certificate

cc: Steven Jones

2 of 2

EXHIBIT "G"

0156148

# California Jurat Certificate

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _San Luis Obispo_ } s.s.

Subscribed and sworn to (or affirmed) before me on this _5th_ day of _November_ ,
                                                                         Month

20 _20_ , by _Lee Codding_ and
                    Name of Signer (1)

_N/A_ , proved to me on the basis of
        Name of Signer (2)

satisfactory evidence to be the person(s) who appeared before me.

_Megan O'Dwyer_
Signature of Notary Public

_Megan O'Dwyer_
For other required information (Notary Name, Commission No. etc.)

MEGAN O'DWYER
Commission # 2322499
Notary Public - California
San Luis Obispo County
My Comm. Expires March 11, 2024

Seal

———— OPTIONAL INFORMATION ————

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.

## Description of Attached Document

The certificate is attached to a document titled/for the purpose of

Agreement to Sell Purchase and
Sell a Corporation and Assets

containing _2_ pages, and dated _10/27/2020_

### Additional Information

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification ○ credible witness(es)

Notarial event is detailed in notary journal on:

Page # _____ Entry # _____

Notary contact: _____

Other

☐ Affiant(s) Thumbprint(s)  ☐ Describe: _____

© 2009-2015 Notary Learning Center. All Rights Reserved.    You can purchase copies of this form from our web site at TheNotarysStore.com

EXHIBIT "G"

**Exhibit "H"**

OFFICE OF THE UNITED STATES TRUSTEE

CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>Northern Holding, LLC<br><br>Debtor(s). | CHAPTER 11 (BUSINESS) | |
|---|---|---|
| | Case Number: | 8:20-bk-13014-MW |
| | Operating Report Number: | 2nd Amended #2 |
| | For the Month Ending: | 11/30/2020 |

## I. CASH RECEIPTS AND DISBURSEMENTS
### A. GENERAL DIP ACCOUNT

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS          0.00

2.  LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL          0.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:          0.00

4.  RECEIPTS DURING CURRENT PERIOD:
 *Custom Crush Income          0.00
 *$9,680.00 November Custom Crush Revenue for the lease override was billed in arrears with
   net-30 terms and Deposited in January.
 Contribution From Managing Member          25.00

 TOTAL RECEIPTS THIS PERIOD:          25.00

5.  BALANCE:          25.00

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
 Transfers to Other DIP Accounts (from page 2)          0.00
 Disbursements (from page 2)          0.00

 TOTAL DISBURSEMENTS THIS PERIOD:***          0.00

7.  ENDING BALANCE:          25.00

8.  General DIP Account Number:          xxxxxx3473

          Wells Fargo Bank, N.A.

 Depository Name & Location:          P.O. Box 6995

          Portland, OR  97228-6995

---

\*   All receipts must be deposited into the general account.

\*\*  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
    to whom, terms, and date of Court Order or Report of Sale.

\*\*\*This amount should be the same as the total from page 2.

**TOTAL DISBURSEMENTS FROM GENERAL DIP ACCOUNT FOR CURRENT PERIOD**

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| | | | No Disbursements This Period | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | TOTAL DISBURSEMENTS THIS PERIOD: | | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax), the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees: the "amount" column will be filled in for you

**EXHIBIT "H"**    151

## BANK RECONCILIATION

| | | | |
|---|---|---|---|
| Bank statement Date: | 11/30/2020 | Balance on Statement: | $25.00 |

**Plus deposits in transit (a):**

| | Deposit Date | Deposit Amount |
|---|---|---|
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |

**TOTAL DEPOSITS IN TRANSIT**      0.00

**Less Outstanding Checks (a):**

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**TOTAL OUTSTANDING CHECKS:**      0.00

**Bank statement Adjustments:** _____

**Explanation of Adjustments-**

| |
|---|
| |

**ADJUSTED BANK BALANCE:**      $25.00

\* It is acceptable to replace this form with a similar form

\*\* Please attach a detailed explanation of any bank statement adjustment

OFFICE OF THE UNITED STATES TRUSTEE

CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>Northern Holding, LLC<br><br><div align="right">Debtor(s).</div> | CHAPTER 11 (BUSINESS) | |
|---|---|---|
| | Case Number: | 8:20-bk-13014-MW |
| | Operating Report Number: | 2nd Amended #2 |
| | For the Month Ending: | 11/30/2020 |

<div align="center">

I. CASH RECEIPTS AND DISBURSEMENTS

A. TEXAS ROAD PROPERTY CASH COLLATERAL DIP ACCOUNT

</div>

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS            0.00

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL            0.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:            0.00

4.  RECEIPTS DURING CURRENT PERIOD:
Rental Income            0.00
Grape Sales            0.00
Contribution From Managing Member            25.00

TOTAL RECEIPTS THIS PERIOD:            25.00

5.  BALANCE:            25.00

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
Transfers to Other DIP Accounts (from page 2)            0.00
Disbursements (from page 2)            0.00

TOTAL DISBURSEMENTS THIS PERIOD:***            0.00

7.  ENDING BALANCE:            25.00

8.  Texas Road Property CC DIP Account Number:    xxxxxx7678

Depository Name & Location:    Wells Fargo Bank, N.A.
P.O. Box 6995
Portland, OR  97228-6995

*   All receipts must be deposited into the general account.

**  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
to whom, terms, and date of Court Order or Report of Sale.

***This amount should be the same as the total from page 2.

<div align="center">

EXHIBIT "H"            153

Page 4 of 26

</div>

## TOTAL DISBURSEMENTS FROM TEXAS REAL PROPERTY CASH COLLATERAL DIP ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transferred | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| | | | No Disbursements This Period | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax), the "amount" column will be filled in for you

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you

**TEXAS ROAD PROJECT, LLC DEBTOR IN POSSESSION DIP ACCOUNT**

## BANK RECONCILIATION

| | | |
|---|---|---|
| Bank statement Date: | 11/30/2020 | Balance on Statement: $25.00 |

**Plus deposits in transit (a):**

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

TOTAL DEPOSITS IN TRANSIT     0.00

**Less Outstanding Checks (a):**

| Check Number | Check Date | Check Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL OUTSTANDING CHECKS:     0.00

**Bank statement Adjustments:** _____

**Explanation of Adjustments-**

ADJUSTED BANK BALANCE:     $25.00

\* It is acceptable to replace this form with a similar form

\*\* Please attach a detailed explanation of any bank statement adjustment

Case 8:20-bk-13014-MW    Doc 60    Filed 02/16/21    Entered 02/16/21 17:04:12    Desc
Case 8:20-bk-13014-MW    Doc 44    Filed 01/18/21    Entered 01/18/21 18:52:25    Desc
UNITED STATES BANKRUPTCY COURT
Main Document    Page 7 of 26
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>Northern Holding, LLC<br><br><div align="right">Debtor(s).</div> | CHAPTER 11 (BUSINESS) | |
|---|---|---|
| | Case Number: | 8:20-bk-13014-MW |
| | Operating Report Number: | 2nd Amended #2 |
| | For the Month Ending: | 11/30/2020 |

## I. CASH RECEIPTS AND DISBURSEMENTS
## A. 1172 PROPERTY CASH COLLATERAL DIP ACCOUNT

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS     0.00

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL     0.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:     0.00

4.  RECEIPTS DURING CURRENT PERIOD:
    *Winery Facility Rental Income     0.00
    *Rents ($15K) were collected timely, but deposited in December.
    **Apartment Unit Rental Income     0.00
    **Rent ($1,600.00) was collected timely, but deposited in January.
    Contribution From Managing Member     25.00

    TOTAL RECEIPTS THIS PERIOD:     25.00

5.  BALANCE:     25.00

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    Transfers to Other DIP Accounts (from page 2)     0.00
    Disbursements (from page 2)     0.00

    TOTAL DISBURSEMENTS THIS PERIOD:***     0.00

7.  ENDING BALANCE:     25.00

8.  1172 Property CC DIP Account Number:     xxxxxx7686

    Depository Name & Location:     Wells Fargo Bank, N.A.
    P.O. Box 6995
    Portland, OR  97228-6995

\*   All receipts must be deposited into the general account.

\*\*  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
     to whom, terms, and date of Court Order or Report of Sale.

\*\*\*This amount should be the same as the total from page 2.

<div align="center">EXHIBIT "H"</div>

**TOTAL DISBURSEMENTS FROM INVESTMENT/CASH COLLATERAL ACCOUNT FOR CURRENT PERIOD**

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transferred | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| | | | No Disbursements This Period | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax), the "amount" column will be filled in for you

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

## 1172 PROPERTY ACCOUNT

## BANK RECONCILIATION

| | | | |
|---|---|---|---|
| Bank statement Date: | 11/30/2020 | Balance on Statement: | $25.00 |

**Plus deposits in transit (a):**

| Deposit Date | Deposit Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

| | |
|---|---|
| **TOTAL DEPOSITS IN TRANSIT** | 0.00 |

**Less Outstanding Checks (a):**

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

| | |
|---|---|
| **TOTAL OUTSTANDING CHECKS:** | 0.00 |

**Bank statement Adjustments:** _____

**Explanation of Adjustments-**

| |
|---|
| |

| | |
|---|---|
| **ADJUSTED BANK BALANCE:** | $25.00 |

* It is acceptable to replace this form with a similar form

** Please attach a detailed explanation of any bank statement adjustment

UNITED STATES TRUSTEE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re: | | CHAPTER 11 (BUSINESS) | |
|---|---|---|---|
| Northern Holding, LLC | | | |
| | | Case Number: | 8:20-bk-13014-MW |
| | | Operating Report Number: | 2nd Amended #2 |
| | Debtor(s). | For the Month Ending: | 11/30/2020 |

## I. CASH RECEIPTS AND DISBURSEMENTS
### A. LIVE OAK PROPERTY CASH COLLATERAL DIP ACCOUNT

| | | |
|---|---|---|
| 1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS | | 0.00 |
| 2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ACCOUNT REPORTS | | 0.00 |
| 3. BEGINNING BALANCE: | | 0.00 |

4. RECEIPTS DURING CURRENT PERIOD:
   *Unit 1 Rental Income ............................................. 0.00
   *Rent ($12K) was collected timely, but deposited in December.
   **Unit 2 Rental Income ........................................... 0.00
   **Renovations under way. Expect occupancy on February 1, 2021.
   Grape Sales ............................................................. 0.00
   Contribution From Managing Member ................... 25.00

   TOTAL RECEIPTS THIS PERIOD: ............................... 25.00

5. BALANCE: .................................................................... 25.00

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   Transfers to Other DIP Accounts (from page 2) ...... 0.00
   Disbursements (from page 2) ................................... 0.00

   TOTAL DISBURSEMENTS THIS PERIOD:*** ............... 0.00

7. ENDING BALANCE: ...................................................... 25.00

8. Live Oak Property CC DIP Account Number: ...... xxxxxx7694
                                                        Wells Fargo Bank, N.A.
   Depository Name & Location: ............................... P.O. Box 6995
                                                        Portland, OR  97228-6995

---

\*   All receipts must be deposited into the general account.
\*\*  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
     to whom, terms, and date of Court Order or Report of Sale.
\*\*\*This amount should be the same as the total from page 2.

## EXHIBIT "H"

TOTAL DISBURSEMENTS FROM LIVE GWL PROPERTY CASH COLLATERAL/DIP ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transferred | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| | | | No Disbursements This Period | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax), the "amount" column will be filled in for you

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you

EXHIBIT "H"                                          160

Page 11 of 26

**LIVE OAK PROFIT & LOSS ROLL-UP CHECKING ACCOUNT**

**BANK RECONCILIATION**

| Bank statement Date: | 11/30/2020 | Balance on Statement: | $25.00 |
|---|---|---|---|

Plus deposits in transit (a):

| | Deposit Date | Deposit Amount | |
|---|---|---|---|
| | _____ | _____ | |
| | _____ | _____ | |
| | _____ | _____ | |
| | _____ | _____ | |
| | _____ | _____ | |
| | _____ | _____ | |

| TOTAL DEPOSITS IN TRANSIT | | | 0.00 |
|---|---|---|---|

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount | |
|---|---|---|---|
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |

| TOTAL OUTSTANDING CHECKS: | | | 0.00 |
|---|---|---|---|

Bank statement Adjustments:   _____

Explanation of Adjustments-

| |
|---|
| |

| ADJUSTED BANK BALANCE: | | | $25.00 |
|---|---|---|---|

* It is acceptable to replace this form with a similar form

** Please attach a detailed explanation of any bank statement adjustment

# Wells Fargo Combined Statement of Accounts

November 30, 2020 ■ Page 1 of 7



NORTHERN HOLDING LLC
GENERAL ACCOUNT
DEBTOR IN POSSESSION
CH11 CASE #20-13014 (CCA)
13217 JAMBOREE RD # 429
TUSTIN CA 92782-9158

## Questions?

*Available by phone 24 hours a day, 7 days a week*
Telecommunications Relay Services calls accepted

**1-800-CALL-WELLS** (1 800 225 5935)

TTY: 1 800 877 4833
*En español:* 1 877 337 7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR 97228 6995

## Your Business and Wells Fargo

Visit wellsfargoworks.com to explore videos, articles, infographics, interactive tools, and other resources on the topics of business growth, credit, cash flow management, business planning, technology, marketing, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

Business Online Banking
Online Statements
Business Bill Pay
Business Spending Report
Overdraft Protection

## Summary of accounts

### Checking/Prepaid and Savings

| | Page | Account number | Ending balance last statement | Ending balance this statement |
|---|---|---|---|---|
| | 2 | 3473 | 0.00 | 25.00 |
| | 3 | 7678 | 0.00 | 25.00 |
| | 4 | 7686 | 0.00 | 25.00 |
| | 5 | 7694 | 0.00 | 25.00 |
| | **Total deposit accounts** | | **$0.00** | **$100.00** |

EXHIBIT "H"

162

November 30, 2020 ▪ Page 2 of 7



# Initiate Business Checking℠

## Statement period activity summary

| | | |
|---|---|---|
| Beginning balance on 11/6 | | $0.00 |
| Deposits/Credits | | 25.00 |
| Withdrawals/Debits | | 0.00 |
| **Ending balance on 11/30** | | **$25.00** |

**Account number**     **3473**

**NORTHERN HOLDING LLC**
**GENERAL ACCOUNT**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN)  121042882

For Wire Transfers use
Routing Number (RTN)  121000248

## Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 11/6 | | Edeposit IN Branch/Store 11/06/20 10 34 34 Am 515 Spring St Paso Robles CA 1273 | 25.00 | | 25.00 |
| **Ending balance on 11/30** | | | | | **25.00** |
| **Totals** | | | **$25.00** | **$0.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents and answers to common monthly service fee questions.

| Fee period 11/06/2020 - 11/30/2020 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|

We waived the fee this period to allow you to meet the requirements to avoid the monthly service fee. Your fee waiver is about to expire. You will need to meet one of the requirements to avoid the monthly service fee.

**How to avoid the monthly service fee**
Have any ONE of the following account requirements

| | Minimum required | This fee period |
|---|---|---|
| · Average ledger balance | $1,000.00 | $25.00 [ ] |
| · Minimum daily balance | $500.00 | $25.00 [ ] |

November 30, 2020 ■ Page 3 of 7



---

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0050 | 0.00 |
| Transactions | 1 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

---

**Other Wells Fargo Benefits**

Our National Business Banking Center customer service number 1 800 CALL WELLS (1 800 225 5935) hours of operation have temporarily changed to 7:00 a.m. to 11:00 p.m. Eastern Time, Monday through Saturday and Sunday 9:00 a.m. to 10:00 p.m. Eastern Time. Access to our automated banking system, the ability to report a fraud claim on your business credit or debit card, and access to report a lost or stolen business card will continue to be available 24 hours a day, 7 days per week. Thank you for banking with Wells Fargo. We appreciate your business.

 IMPORTANT ACCOUNT INFORMATION

Effective on or after November 30, 2020, (1) Wells Fargo branches will no longer be able to issue Wells Fargo Instant Issue Debit Cards and/or Business Instant Issue Debit Cards in certain circumstances, and (2) Wells Fargo branches in the states of South Carolina and Washington will no longer be able to issue Wells Fargo Instant Issue Debit Cards, Wells Fargo Business Instant Issue Debit Cards, and/or EasyPay Instant Cards. If you need a replacement card, you may request one by signing on to Wells Fargo Online® or calling the number on your statement. Once requested, replacement cards typically arrive in 5 to 7 calendar days. If you previously added your current Wells Fargo Debit Card or EasyPay Card to your Wells Fargo supported digital wallet, you may continue to make purchases and access Wells Fargo ATMs using your digital wallet while you wait for your replacement card to arrive. For more details on digital wallets, please visit wellsfargo.com/mobile/payments

## Initiate Business Checking℠

### Statement period activity summary

| | |
|---|---|
| Beginning balance on 11/6 | $0.00 |
| Deposits/Credits | 25.00 |
| Withdrawals/Debits | 0.00 |
| **Ending balance on 11/30** | **$25.00** |

Account number    **7678**

**NORTHERN HOLDING LLC**
**CASH COLLATERAL 1**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**
California account terms and conditions apply

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

### Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

Case 8:20-bk-13014-MW    Doc 44    Filed 01/18/21    Entered 01/18/21 18:52:25    Desc
Main Document    Page 16 of 26

November 30, 2020 ▪ Page 4 of 7

WELLS FARGO

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|------|------|------|------|------|
| 11/6 | | Deposit | 25.00 | | 25.00 |
| | | Ending balance on 11/30 | | | 25.00 |
| **Totals** | | | **$25.00** | **$0.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 11/06/2020 - 11/30/2020 | Standard monthly service fee $10.00 | You paid $0.00 |
|------|------|------|

We waived the fee this fee period to allow you to meet the requirements to avoid the monthly service fee. Your fee waiver is about to expire. Please ensure you meet one of the requirements to avoid the monthly service fee.

| How to avoid the monthly service fee | Minimum required | This fee period |
|------|------|------|
| Have any **ONE** of the following account requirements | | |
| • Average ledger balance | $1,000.00 | $25.00 ☐ |
| • Minimum daily balance | $500.00 | $25.00 ☐ |

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|------|------|------|------|------|------|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 1 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

## Initiate Business Checking℠

### Statement period activity summary

| | |
|------|------|
| Beginning balance on 11/6 | $0.00 |
| Deposits/Credits | 25.00 |
| Withdrawals/Debits | 0.00 |
| **Ending balance on 11/30** | **$25.00** |

Account number    7686

**NORTHERN HOLDING LLC**
**CASH COLLATERAL 2**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

### Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.



November 30, 2020 ■ Page 5 of 7



## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|--------------|-------------|-------------------|---------------------|---------------------|
| 11/6 | | Deposit | 25.00 | | 25.00 |
| Ending balance on 11/30 | | | | | 25.00 |
| **Totals** | | | **$25.00** | **$0.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents and answers to common monthly service fee questions.

| Fee period 11/06/2020 - 11/30/2020 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|

We waived the fee this fee period to allow you to meet the requirements to avoid the monthly service fee. Your fee waiver is about to expire. You will need to meet one of the requirements to avoid the monthly service fee.

| How to avoid the monthly service fee Have any ONE of the following account requirements | Minimum required | This fee period |
|---|---|---|
| · Average ledger balance | $1,000.00 | $25.00 [ ] |
| · Minimum daily balance | $500.00 | $25.00 [ ] |

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 1 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

## Initiate Business Checking℠

### Statement period activity summary

| | |
|---|---|
| Beginning balance on 11/6 | $0.00 |
| Deposits/Credits | 25.00 |
| Withdrawals/Debits | 0.00 |
| **Ending balance on 11/30** | **$25.00** |

Account number    7694

**NORTHERN HOLDING LLC**
**CASH COLLATERAL 3**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

California account terms and conditions apply

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

## Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

November 30, 2020 ◼ Page 6 of 7



## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|-------------|-------------|-------------------|--------------------|---------------------|
| 11/6 | | Deposit | 25.00 | | 25.00 |
| **Ending balance on 11/30** | | | | | **25.00** |
| **Totals** | | | **$25.00** | **$0.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|
| Fee period 11/06/2020 - 11/30/2020 | | |

We waived the fee this fee period to allow you to meet the requirements to avoid the monthly service fee. Your fee waiver is about to expire. You will need to meet one of the requirements to avoid the monthly service fee

| **How to avoid the monthly service fee** | Minimum required | This fee period |
|---|---|---|
| Have any **ONE** of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $25.00 [ ] |
| · Minimum daily balance | $500.00 | $25.00 [ ] |

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 1 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

Case 8:20-bk-13014-MW    Doc 60    Filed 02/16/21    Entered 02/16/21 17:04:12    Desc
Case 8:20-bk-13014-MW    Doc 44    Filed 01/18/21    Entered 01/18/21 18:52:25    Desc
Main Document    Page 192 of 290
Main Document    Page 19 of 26

November 30, 2020 ■ Page 7 of 7



## General statement policies for Wells Fargo Bank

■ **Notice:** Wells Fargo Bank, N.A. may furnish information about accounts belonging to individuals, including sole proprietorships, to consumer reporting agencies. If this applies to you, you have the right to dispute the accuracy of information that we have reported by writing to us at: Overdraft Collections and Recovery, P.O. Box 5058, Portland, OR 97208-5058.

You must describe the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation. In the case of information that relates to an identity theft, you will need to provide us with an identity theft report.

---

### Account Balance Calculation Worksheet

| | Number | Items Outstanding | Amount |
|---|---|---|---|

1  Use the following worksheet to calculate your overall account balance.

2  Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3  Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**

**A.** The ending balance
shown on your statement ............ $ _____

**ADD**

**B.** Any deposits listed in your
register or transfers into
your account which are not
shown on your statement

$ _____
$ _____
+ $ _____

TOTAL $ _____

**CALCULATE THE SUBTOTAL**

(Add Parts A and B)

TOTAL $ _____

**SUBTRACT**

**C.** The total outstanding checks and
withdrawals from the chart above ...... $ _____

**CALCULATE THE ENDING BALANCE**

(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register.

$ _____

Total amount $

**ENDING BALANCES FOR THE PERIOD:**

(Provide a copy of monthly account statements for each of the below)

| | |
|---|---|
| General DIP Account (3473): | 25.00 |
| Texas Road Property Cash Collateral DIP Account (7678): | 25.00 |
| 1172 Property Cash Collateral DIP Account (7686): | 25.00 |
| Live Oak Property Cash Collateral DIP Account (7694): | 25.00 |
| **Petty Cash (from below): | 0.00 |

**TOTAL CASH AVAILABLE:** 100.00

Petty Cash Transactions:

| Date | Purpose | Amount |
|---|---|---|
| N/A | | |
| | | |
| | | |
| | | |
| | | |

**TOTAL PETTY CASH TRANSACTIONS:** 0.00

* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#
** Attach Exhibit Itemizing all petty cash transactions

II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS
AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| *Farm Credit West, FLCA (Cross-Collateralized Lien on 1172, Live Oak, & Texas Road) | N/A | 19,800,000.00 | N/A | N/A |
| *Note was called and therefore there is no monthly mortgage payment amount due. The pre-default mortgage payment is unknown as the Debtor is not the borrower and does not have access to this information. The lienholder has not provided this information either, see Motion for Relief at Docket No. 11. | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax: _____ N/A
Total Wages Paid: _____ N/A

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | N/A | 0.00 | N/A |
| State Withholding | N/A | 0.00 | N/A |
| FICA- Employer's Share | N/A | 0.00 | N/A |
| FICA- Employee's Share | N/A | 0.00 | N/A |
| Federal Unemployment | N/A | 0.00 | N/A |
| Sales and Use | N/A | 0.00 | N/A |
| Real Property | N/A | 0.00 | N/A |
| TOTAL: | 0.00 | 0.00 | |

EXHIBIT "H"    170

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable Post-Petition | Accounts Receivable | |
|---|---|---|---|
|  |  | Pre-Petition | Post-Petition |
| 30 days or less | 0.00 | N/A | 0.00 |
| 31 - 60 days | 0.00 | N/A | 0.00 |
| 61 - 90 days | N/A | N/A | N/A |
| 91 - 120 days | N/A | N/A | N/A |
| Over 120 days | N/A | N/A | N/A |
| TOTAL: | 0.00 | 0.00 | 0.00 |

## V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | Chubb Insurance | 1,000,000/5,839,100 | 4/15/2021 | 4/15/2021 |
| Worker's Compensation | N/A | | | |
| Casualty | N/A | | | |
| Vehicle | N/A | | | |

## VI. UNITED STATES TRUSTEE QUARTERLY FEES
## (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 31-Dec-2020 | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | 0.00 | | | 0.00 | 0.00 |

\* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court.  Post-Petition Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

**EXHIBIT "H"**

171

## VII SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VIII.  SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

(ACCRUAL BASIS ONLY)

|  | Current Month | Cumulative Post-Petition |
|---|---|---|
| **Sales/Revenue:** | | |
| Custom Crush Income | 9,680.00 | 9,680.00 |
| Rental Income | 28,600.00 | 28,600.00 |
| Grape Sales | 0.00 | 0.00 |
| Less: Returns/Discounts | 0.00 | 0.00 |
| Net Sales/Revenue | 38,280.00 | 38,280.00 |
| | | |
| **Cost of Goods Sold:** | | |
| Beginning Inventory at cost | 0.00 | 0.00 |
| Purchases | 0.00 | 0.00 |
| Less: Ending Inventory at cost | 0.00 | 0.00 |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| | | |
| **Gross Profit** | 38,280.00 | 38,280.00 |
| | | |
| Other Operating Income (Itemize) | 0.00 | 0.00 |
| | | |
| **Operating Expenses:** | | |
| Payroll - Insiders | 0.00 | 0.00 |
| Payroll - Other Employees | 0.00 | 0.00 |
| Payroll Taxes | 0.00 | 0.00 |
| Other Taxes (Itemize) | 0.00 | 0.00 |
| Depreciation and Amortization | Unknown | Unknown |
| Rent Expense - Real Property | 0.00 | 0.00 |
| Lease Expense - Personal Property | 0.00 | 0.00 |
| Insurance | 0.00 | 0.00 |
| Real Property Taxes | 0.00 | 0.00 |
| Telephone and Utilities | 0.00 | 0.00 |
| Repairs and Maintenance | 0.00 | 0.00 |
| Travel and Entertainment (Itemize) | 0.00 | 0.00 |
| Miscellaneous Operating Expenses (Itemize) | 0.00 | 0.00 |
| Total Operating Expenses | 0.00 | 0.00 |
| Net Gain/(Loss) from Operations | 38,280.00 | 38,280.00 |
| | | |
| **Non-Operating Income:** | | |
| Interest Income | 0.00 | 0.00 |
| Contributions from Managing Member | 100.00 | 100.00 |
| Other (Itemize) | 0.00 | 0.00 |
| Total Non-Operating income | 100.00 | 100.00 |
| | | |
| **Non-Operating Expenses:** | | |
| Interest Expense | 0.00 | 0.00 |
| Legal and Professional (Itemize) | 0.00 | 0.00 |
| Other (Itemize) | 0.00 | 0.00 |
| Total Non-Operating Expenses | 0.00 | 0.00 |
| | | |
| **NET INCOME/(LOSS)** | 38,380.00 | 38,380.00 |

<div align="center">

EXHIBIT "H"                                173

Page 24 of 26

</div>

Case 8:20-bk-13014-MW    Doc 44    Filed 01/18/21    Entered 01/18/21 18:52:25    Desc
Main Document    Page 25 of 26

(ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
| Unrestricted Cash | 9,705.00 | |
| Restricted Cash | 28,675.00 | |
| Accounts Receivable | 0.00 | |
| Inventory | 0.00 | |
| Notes Receivable | 0.00 | |
| Prepaid Expenses | 0.00 | |
| Other (Itemize) | 0.00 | |
| Total Current Assets | | 38,380.00 |
| | | |
| Property, Plant, and Equipment | 28,000,000.00 | |
| Accumulated Depreciation/Depletion | Unknown | |
| Net Property, Plant, and Equipment | | 28,000,000.00 |
| | | |
| Other Assets (Net of Amortization): | | |
| Due from Insiders | 0.00 | |
| Other (Itemize) | 0.00 | |
| Total Other Assets | | 0.00 |
| TOTAL ASSETS | | 28,038,380.00 |
| | | |
| LIABILITIES | | |
| Post-petition Liabilities: | | |
| Accounts Payable | 0.00 | |
| Taxes Payable | 0.00 | |
| Notes Payable | 0.00 | |
| Professional fees | 0.00 | |
| Secured Debt | 0.00 | |
| Other (Itemize) | 0.00 | |
| Total Post-petition Liabilities | | 0.00 |
| | | |
| Pre-petition Liabilities: | | |
| Secured Liabilities | 23,020,244.10 | |
| Priority Liabilities | 0.00 | |
| Unsecured Liabilities | 6,440,000.00 | |
| Other (Itemize) | 0.00 | |
| Total Pre-petition Liabilities | | 29,460,244.10 |
| TOTAL LIABILITIES | | 29,460,244.10 |
| | | |
| EQUITY: | | |
| Pre-petition Owners' Equity | (1,460,244.10) | |
| Post-petition Profit/(Loss) | 38,380.00 | |
| Direct Charges to Equity | 0.00 | |
| TOTAL EQUITY | | (1,421,864.10) |
| TOTAL LIABILITIES & EQUITY | | 28,038,380.00 |

**EXHIBIT "H"**

## XI. QUESTIONNAIRE

|  |  | No | Yes |
|---|---|---|---|

1. Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court? If "Yes", explain below:   **No** X   Yes ___

2. Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization? If "Yes", explain below:   **No** X   Yes ___

   Secured winery lessee, active negotiation on PSA; negotiating vineyard lease. Negotiating Live Oak sale.

3. State what progress was made during the reporting period toward filing a plan of reorganization

4. Describe potential future developments which may have a significant impact on the case:

5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.  None ✓

6. Did you receive any exempt income this month, which is not set forth in the operating report? If "Yes", please set forth the amounts and sources of the income below.   **No** X   Yes ___

I, Leroy Codding, Managing Member
declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

_____                    1/18/2021
Principal for Debtor-in-Possession                        Date

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>Northern Holding, LLC<br><br><br>Debtor(s). | CHAPTER 11 (BUSINESS) |
|---|---|
| | Case Number:      8:20-bk-13014-MW |
| | Operating Report Number: 3 |
| | For the Month Ending:    12/31/2020 |

## I. CASH RECEIPTS AND DISBURSEMENTS
### A. GENERAL DIP ACCOUNT

1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS      25.00

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ACCOUNT REPORTS      0.00

3. BEGINNING BALANCE:      25.00

4. RECEIPTS DURING CURRENT PERIOD:
   *Custom Crush Income      0.00
   *$11,402.00 December Custom Crush Revenue for the lease override was billed in arrears with net-30 terms and will be Deposited in early February.

   TOTAL RECEIPTS THIS PERIOD:      0.00

5. BALANCE:      25.00

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   Transfers to Other DIP Accounts (from page 2)      0.00
   Disbursements (from page 2)      0.00

   TOTAL DISBURSEMENTS THIS PERIOD:***      0.00

7. ENDING BALANCE:      25.00

8. General DIP Account Number:      xxxxxx3473
        Wells Fargo Bank, N.A.
   Depository Name & Location:      P.O. Box 6995
        Portland, OR  97228-6995

* All receipts must be deposited into the general account.

** Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold.
to whom, terms, and date of Court Order or Report of Sale.

*** This amount should be the same as the total from page 2

EXHIBIT "H"
Page 1 of 25

176

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| | | | No Disbursements This Period | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax), the "amount" column will be filled in for you

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees, the "amount" column will be filled in for you

## BANK RECONCILIATION

| Bank statement Date: | 12/31/2020 | Balance on Statement: | $25.00 |
|---|---|---|---|

**Plus deposits in transit (a):**

| | Deposit Date | Deposit Amount |
|---|---|---|
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |

| **TOTAL DEPOSITS IN TRANSIT** | | | 0.00 |
|---|---|---|---|

**Less Outstanding Checks (a):**

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

| **TOTAL OUTSTANDING CHECKS:** | | | 0.00 |
|---|---|---|---|

Bank statement Adjustments: _____

Explanation of Adjustments-

|  |
|---|
|  |

| **ADJUSTED BANK BALANCE:** | | | $25.00 |
|---|---|---|---|

\* It is acceptable to replace this form with a similar form

\*\* Please attach a detailed explanation of any bank statement adjustment

UNITED STATES DEPARTMENT OF JUSTICE

OFFICE OF THE UNITED STATES TRUSTEE

CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>Northern Holding, LLC<br><br><div align="right">Debtor(s).</div> | CHAPTER 11 (BUSINESS)<br><br>Case Number:    8:20-bk-13014-MW<br>Operating Report Number: 3<br>For the Month Ending:   12/31/2020 |
|---|---|

## I. CASH RECEIPTS AND DISBURSEMENTS
### A. TEXAS ROAD PROPERTY CASH COLLATERAL DIP ACCOUNT

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS     25.00

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL     0.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:     25.00

4.  RECEIPTS DURING CURRENT PERIOD:
    *Live Oak Property Rental Income     12,000.00
    *Deposit made into wrong account.  Rental income was transferred to the correct account in January.
    Grape Sales     0.00

    TOTAL RECEIPTS THIS PERIOD:     12,000.00

5.  BALANCE:     12,025.00

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    Transfers to Other DIP Accounts (from page 2)     0.00
    Disbursements (from page 2)     0.00

    TOTAL DISBURSEMENTS THIS PERIOD:***     0.00

7.  ENDING BALANCE:     12,025.00

8.  Texas Road Property CC DIP Account Number:     xxxxxx7678

                                       Wells Fargo Bank, N.A.
    Depository Name & Location:      P.O. Box 6995
                                         Portland, OR  97228-6995

---

\*   All receipts must be deposited into the general account

\*\*   Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
     to whom, terms, and date of Court Order or Report of Sale

\*\*\*This amount should be the same as the total from page 2

<div align="center">

EXHIBIT "H"

Page 4 of 25

</div>

<div align="right">179</div>

**TOTAL DISBURSEMENTS FROM TEXAS ROAD PROPERTY, CASH COLLATERAL DIP ACCOUNT FOR CURRENT PERIOD**

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| | | | No Disbursements This Period | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax), the "amount" column will be filled in for you

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees, the "amount" column will be filled in for you

**EXHIBIT "H"**
Page 5 of 25

180

## TEXAS ROAD PROPER DOCTOR CASH COLLATERAL DIP ACCOUNT

### BANK RECONCILIATION

| | | | |
|---|---|---|---|
| **Bank statement Date:** | 12/31/2020 | **Balance on Statement:** | $12,025.00 |

**Plus deposits in transit (a):**

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

| **TOTAL DEPOSITS IN TRANSIT** | | 0.00 |
|---|---|---|

**Less Outstanding Checks (a):**

| Check Number | Check Date | Check Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| **TOTAL OUTSTANDING CHECKS:** | | 0.00 |
|---|---|---|

**Bank statement Adjustments:** _____

**Explanation of Adjustments-**

| |
|---|
| |

| **ADJUSTED BANK BALANCE:** | | $12,025.00 |
|---|---|---|

\* It is acceptable to replace this form with a similar form

\*\* Please attach a detailed explanation of any bank statement adjustment

<div align="center">

EXHIBIT "H"

Page 6 of 25

</div>

181

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>Northern Holding, LLC<br><br>Debtor(s). | CHAPTER 11 (BUSINESS)<br><br>Case Number: 8:20-bk-13014-MW<br>Operating Report Number: 3<br>For the Month Ending: 12/31/2020 |
| --- | --- |

I. CASH RECEIPTS AND DISBURSEMENTS
A. 1172 PROPERTY CASH COLLATERAL DIP ACCOUNT

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS          25.00

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL          0.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:          25.00

4.  RECEIPTS DURING CURRENT PERIOD:
     *Winery Facility Rental Income          0.00
     *November Rents were Deposited into the Live Oak Property account in error. Corrected in January.
      December Rents ($15K) were collected timely, but deposited in January.
     **Apartment Unit Rental Income          0.00
     **Rent ($1,600.00) was collected timely, but deposited in January.

     TOTAL RECEIPTS THIS PERIOD:          0.00

5.  BALANCE:          25.00

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
     Transfers to Other DIP Accounts (from page 2)          0.00
     Disbursements (from page 2)          0.00

     TOTAL DISBURSEMENTS THIS PERIOD:***          0.00

7.  ENDING BALANCE:          25.00

8.  1172 Property CC DIP Account Number:          xxxxxx7686
                                                  Wells Fargo Bank, N.A.
     Depository Name & Location:          P.O. Box 6995
                                          Portland, OR  97228-6995

*   All receipts must be deposited into the general account
**  Include receipts from the sale of any real or personal property out of the ordinary course of business, attach an exhibit specifying what was sold,
    to whom, terms, and date of Court Order or Report of Sale.
*** This amount should be the same as the total from page 2

TOTAL DISBURSEMENTS FROM THIS PRINCIPAL/CASH COLLATERAL DIP ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| | | | No Disbursements This Period | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax), the "amount" column will be filled in for you

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you

## 1172 PROPERTY BANK ACCOUNT

### BANK RECONCILIATION

| | | | |
|---|---|---|---|
| Bank statement Date: | 12/31/2020 | Balance on Statement: | $25.00 |

**Plus deposits in transit (a):**

| | Deposit Date | Deposit Amount | |
|---|---|---|---|
| | _____ | _____ | |
| | _____ | _____ | |
| | _____ | _____ | |
| | _____ | _____ | |
| | _____ | _____ | |

**TOTAL DEPOSITS IN TRANSIT**     0.00

**Less Outstanding Checks (a):**

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**TOTAL OUTSTANDING CHECKS:**     0.00

**Bank statement Adjustments:**     _____

**Explanation of Adjustments-**

| |
|---|
| |

**ADJUSTED BANK BALANCE:**     $25.00

* It is acceptable to replace this form with a similar form

** Please attach a detailed explanation of any bank statement adjustment

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>Northern Holding, LLC<br><br><div align="right">Debtor(s).</div> | CHAPTER 11 (BUSINESS)<br><br>Case Number:           8:20-bk-13014-MW<br>Operating Report Number:  3<br>For the Month Ending:    12/31/2020 |

I. CASH RECEIPTS AND DISBURSEMENTS
A. LIVE OAK PROPERTY CASH COLLATERAL DIP ACCOUNT

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS ............... 25.00

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ACCOUNT REPORTS ............... 0.00

3.  BEGINNING BALANCE: ............... 25.00

4.  RECEIPTS DURING CURRENT PERIOD:
    *1172 Property Winery Facility Rental Income ............... 15,000.00
    *Deposit made into wrong account.  Rental income was transferred to the correct account in January.
    **Unit 1 Rental Income ............... 0.00
    **December Rent ($12K) was collected timely, but deposited in January.
    ***Unit 2 Rental Income ............... 0.00
    ***Renovations under way.  Expect occupancy on February 1, 2021.
    Grape Sales ............... 0.00

    TOTAL RECEIPTS THIS PERIOD: ............... 15,000.00

5.  BALANCE: ............... 15,025.00

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    Transfers to Other DIP Accounts (from page 2) ............... 0.00
    Disbursements (from page 2) ............... 0.00

    TOTAL DISBURSEMENTS THIS PERIOD:*** ............... 0.00

7.  ENDING BALANCE: ............... 15,025.00

8.  Live Oak Property CC DIP Account Number: ............... xxxxxx7694

    Depository Name & Location: ............... Wells Fargo Bank, N.A.
    P.O. Box 6995
    Portland, OR  97228-6995

* All receipts must be deposited into the general account.

** Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold, to whom, terms, and date of Court Order or Report of Sale.

TOTAL DISBURSEMENTS FROM LIVE OAK / ROBERTS CASH COLLATERAL DIP ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| | | | No Disbursements This Period | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 | 0.00 | $0.00 |

\* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

\*\* Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

**LIVE OAK PROPERTIES CASH COLLATERAL DIP ACCOUNT**

**BANK RECONCILIATION**

| | | | |
|---|---|---|---|
| Bank statement Date: | 12/31/2020 | Balance on Statement: | $15,025.00 |

**Plus deposits in transit (a):**

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

| | |
|---|---|
| TOTAL DEPOSITS IN TRANSIT | 0.00 |

**Less Outstanding Checks (a):**

| Check Number | Check Date | Check Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| | |
|---|---|
| TOTAL OUTSTANDING CHECKS: | 0.00 |

**Bank statement Adjustments:** _____

**Explanation of Adjustments-**

| |
|---|
| |

| | |
|---|---|
| ADJUSTED BANK BALANCE: | $15,025.00 |

\* It is acceptable to replace this form with a similar form

\*\* Please attach a detailed explanation of any bank statement adjustment

# Wells Fargo Combined Statement of Accounts

December 31, 2020  ■  Page 1 of 6



NORTHERN HOLDING LLC
GENERAL ACCOUNT
DEBTOR IN POSSESSION
CH11 CASE #20-13014 (CCA)
13217 JAMBOREE RD # 429
TUSTIN CA 92782-9158

### Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-CALL-WELLS**  (1-800-225-5935)

*TTY:* 1-800-877-4833
*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:*  Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR  97228-6995

## Your Business and Wells Fargo

Visit wellsfargoworks.com to explore videos, articles, infographics, interactive tools, and other resources on the topics of business growth, credit, cash flow management, business planning, technology, marketing, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☑ |
| Business Bill Pay | ☐ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |

## Summary of accounts

### Checking/Prepaid and Savings

| Account | Page | Account number | Ending balance last statement | Ending balance this statement |
|---|---|---|---|---|
| Initiate Business Checking℠ | 2 | 3473 | 25.00 | 25.00 |
| Initiate Business Checking℠ | 3 | 7878 | 25.00 | 12,025.00 |
| Initiate Business Checking℠ | 4 | 7886 | 25.00 | 25.00 |
| Initiate Business Checking℠ | 5 | 7894 | 25.00 | 15,025.00 |
| | | Total deposit accounts | $100.00 | $27,100.00 |

December 31, 2020 ▪ Page 2 of 6



# Initiate Business Checking℠

### Statement period activity summary

| | |
|---|---|
| Beginning balance on 12/1 | $25.00 |
| Deposits/Credits | 0.00 |
| Withdrawals/Debits | - 0.00 |
| **Ending balance on 12/31** | **$25.00** |

Account number:       3473

**NORTHERN HOLDING LLC**
**GENERAL ACCOUNT**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

### Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

### Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 12/01/2020 - 12/31/2020 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|

We waived the fee this fee period to allow you to meet the requirements to avoid the monthly service fee. This is the final period with the fee waived. For the next fee period, you need to meet one of the requirements to avoid the monthly service fee.

| How to avoid the monthly service fee | Minimum required | This fee period |
|---|---|---|
| Have any **ONE** of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $25.00 ☐ |
| · Minimum daily balance | $500.00 | $25.00 ☐ |

C1C1

### Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 0 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

### Other Wells Fargo Benefits

Our National Business Banking Center customer service number 1-800-CALL-WELLS (1-800-225-5935) hours of operation have temporarily changed to 7:00 a.m. to 11:00 p.m. Eastern Time, Monday through Saturday and Sunday 9:00 a.m. to 10:00 p.m. Eastern Time. Access to our automated banking system, the ability to report a fraud claim on your business credit or debit card, and access to report a lost or stolen business card will continue to be available 24 hours a day, 7 days per week. Thank you for banking with Wells Fargo. We appreciate your business.



December 31, 2020 ■ Page 3 of 6



# Initiate Business Checking℠

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 12/1 | $25.00 |
| Deposits/Credits | 12,000.00 |
| Withdrawals/Debits | - 0.00 |
| **Ending balance on 12/31** | **$12,025.00** |

Account number         7678

**NORTHERN HOLDING LLC**
**CASH COLLATERAL 1**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

## Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 12/30 | | Deposit Made In A Branch/Store | 12,000.00 | | 12,025.00 |
| **Ending balance on 12/31** | | | | | **12,025.00** |
| **Totals** | | | **$12,000.00** | **$0.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 12/01/2020 - 12/31/2020 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|

We waived the fee this fee period to allow you to meet the requirements to avoid the monthly service fee. This is the final period with the fee waived. For the next fee period, you need to meet one of the requirements to avoid the monthly service fee.

| How to avoid the monthly service fee | Minimum required | This fee period |
|---|---|---|
| Have any ONE of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $799.00 ☐ |
| · Minimum daily balance | $500.00 | $25.00 ☐ |

C1/C1

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 1 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

December 31, 2020 ■ Page 4 of 6



## Initiate Business Checking℠

### Statement period activity summary

| | |
|---|---|
| Beginning balance on 12/1 | $25.00 |
| Deposits/Credits | 0.00 |
| Withdrawals/Debits | - 0.00 |
| **Ending balance on 12/31** | **$25.00** |

Account number:    7686

**NORTHERN HOLDING LLC**
**CASH COLLATERAL 2**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

### Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

### Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 12/01/2020 - 12/31/2020 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|

We waived the fee this fee period to allow you to meet the requirements to avoid the monthly service fee. This is the final period with the fee waived. For the next fee period, you need to meet one of the requirements to avoid the monthly service fee.

| How to avoid the monthly service fee | Minimum required | This fee period |
|---|---|---|
| Have any ONE of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $25.00 ☐ |
| · Minimum daily balance | $500.00 | $25.00 ☐ |

C1C1

### Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 0 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

December 31, 2020 ▪ Page 5 of 6



## Initiate Business Checking℠

### Statement period activity summary

| | |
|---|---|
| Beginning balance on 12/1 | $25.00 |
| Deposits/Credits | 15,000.00 |
| Withdrawals/Debits | - 0.00 |
| **Ending balance on 12/31** | **$15,025.00** |

Account number:    7694

**NORTHERN HOLDING LLC**
**CASH COLLATERAL 3**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

### Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

### Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 12/30 | | Deposit Made In A Branch/Store | 15,000.00 | | 15,025.00 |
| **Ending balance on 12/31** | | | | | **15,025.00** |
| **Totals** | | | **$15,000.00** | **$0.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

### Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 12/01/2020 - 12/31/2020 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|

We waived the fee this fee period to allow you to meet the requirements to avoid the monthly service fee. This is the final period with the fee waived. For the next fee period, you need to meet one of the requirements to avoid the monthly service fee.

| How to avoid the monthly service fee | Minimum required | This fee period |
|---|---|---|
| Have any ONE of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $993.00 ☐ |
| · Minimum daily balance | $500.00 | $25.00 ☐ |

C1C1

### Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 1 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

December 31, 2020  ■  Page 6 of 6



## General statement policies for Wells Fargo Bank

■ **Notice:** Wells Fargo Bank, N.A. may furnish information about accounts belonging to individuals, including sole proprietorships, to consumer reporting agencies. If this applies to you, you have the right to dispute the accuracy of information that we have reported by writing to us at: Overdraft Collections and Recovery, P.O. Box 5058, Portland, OR 97208-5058.

You must describe the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation. In the case of information that relates to an identity theft, you will need to provide us with an identity theft report.

## Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance.

2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**

**A.** The ending balance
shown on your statement . . . . . . . . . . . . . . . . . . . . . $ _____

**ADD**

**B.** Any deposits listed in your                    $ _____
register or transfers into                          $ _____
your account which are not                          $ _____
shown on your statement.                          + $ _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**SUBTRACT**

**C.** The total outstanding checks and
withdrawals from the chart above . . . . . . . . . . . . . - $ _____

**CALCULATE THE ENDING BALANCE**
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register . . . . . . . . . . . . . . . . . . . . . $ _____

| Number | Items Outstanding | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| | Total amount $ | |

©2010 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. NMLSR ID 399801

EXHIBIT "H"

193

Case 8:20-bk-13014-MW   Doc 60   Filed 02/16/21   Entered 02/16/21 17:04:12   Desc
Case 8:20-bk-13014-MW   Main Document   Page 19 of 25

I. SUMMARY SCHEDULE OF CASH

**ENDING BALANCES FOR THE PERIOD:**

(Provide a copy of monthly account statements for each of the below)

| | |
|---|---|
| General DIP Account (3473): | 25.00 |
| Texas Road Property Cash Collateral DIP Account (7678): | 12,025.00 |
| 1172 Property Cash Collateral DIP Account (7686): | 25.00 |
| Live Oak Property Cash Collateral DIP Account (7694): | 15,025.00 |
| **Petty Cash (from below): | 0.00 |

**TOTAL CASH AVAILABLE:** 27,100.00

Petty Cash Transactions:

| Date | Purpose | Amount |
|---|---|---|
| N/A | | |
| | | |
| | | |
| | | |
| | | |

**TOTAL PETTY CASH TRANSACTIONS:** 0.00

\* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#

\*\* Attach Exhibit Itemizing all petty cash transactions

## II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS
### AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| *Farm Credit West, FLCA (Cross-Collateralized Lien on 1172, Live Oak, & Texas Road) | N/A | 19,800,000.00 | N/A | N/A |
| *Note was called and therefore there is no monthly mortgage payment amount due.  The pre-default mortgage payment is unknown as the Debtor is not the borrower and does not have access to this information.  The lienholder has not provided this information either, see Motion for Relief at Docket No. 11. | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

## III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax:     N/A

Total Wages Paid:     N/A

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | N/A | 0.00 | N/A |
| State Withholding | N/A | 0.00 | N/A |
| FICA- Employer's Share | N/A | 0.00 | N/A |
| FICA- Employee's Share | N/A | 0.00 | N/A |
| Federal Unemployment | N/A | 0.00 | N/A |
| Sales and Use | N/A | 0.00 | N/A |
| Real Property | N/A | 0.00 | N/A |
| TOTAL: | 0.00 | 0.00 | |

## IV.  AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable Post-Petition | Accounts Receivable | |
| --- | --- | --- | --- |
|  |  | Pre-Petition | Post-Petition |
| 30 days or less | 0.00 | N/A | 0.00 |
| 31 - 60 days | 0.00 | N/A | 0.00 |
| 61 - 90 days | 0.00 | N/A | 0.00 |
| 91 - 120 days | N/A | N/A | N/A |
| Over 120 days | N/A | N/A | N/A |
| TOTAL: | 0.00 | 0.00 | 0.00 |

## V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
| --- | --- | --- | --- | --- |
| General Liability | Chubb Insurance | 1,000,000/5,839,100 | 4/15/2021 | 4/15/2021 |
| Worker's Compensation | N/A |  |  |  |
| Casualty | N/A |  |  |  |
| Vehicle | N/A |  |  |  |

## VI.  UNITED STATES TRUSTEE QUARTERLY FEES
## (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
| --- | --- | --- | --- | --- | --- |
| 31-Dec-2020 | 0.00 | 325.00 |  |  | 325.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  | 325.00 |  | 0.00 | 325.00 |

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court  Post-Petition Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

## VII SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VIII.  SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

## PROFIT AND LOSS STATEMENT
### (ACCRUAL BASIS ONLY)

|  | Current Month | Cumulative Post-Petition |
|---|---|---|
| **Sales/Revenue:** | | |
| Custom Crush Income | 11,402.00 | 21,082.00 |
| Rental Income | 28,600.00 | 57,200.00 |
| Grape Sales | 0.00 | 0.00 |
| Less: Returns/Discounts | 0.00 | 0.00 |
| Net Sales/Revenue | 40,002.00 | 78,282.00 |
| | | |
| **Cost of Goods Sold:** | | |
| Beginning Inventory at cost | 0.00 | 0.00 |
| Purchases | 0.00 | 0.00 |
| Less: Ending Inventory at cost | 0.00 | 0.00 |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| | | |
| **Gross Profit** | 40,002.00 | 78,282.00 |
| | | |
| Other Operating Income (Itemize) | 0.00 | 0.00 |
| | | |
| **Operating Expenses:** | | |
| Payroll - Insiders | 0.00 | 0.00 |
| Payroll - Other Employees | 0.00 | 0.00 |
| Payroll Taxes | 0.00 | 0.00 |
| Other Taxes (Itemize) | 0.00 | 0.00 |
| Depreciation and Amortization | Unknown | Unknown |
| Rent Expense - Real Property | 0.00 | 0.00 |
| Lease Expense - Personal Property | 0.00 | 0.00 |
| Insurance | 0.00 | 0.00 |
| Real Property Taxes | 0.00 | 0.00 |
| Telephone and Utilities | 0.00 | 0.00 |
| Repairs and Maintenance | 0.00 | 0.00 |
| Travel and Entertainment (Itemize) | 0.00 | 0.00 |
| Miscellaneous Operating Expenses (Itemize) | 0.00 | 0.00 |
| Total Operating Expenses | 0.00 | 0.00 |
| Net Gain/(Loss) from Operations | 40,002.00 | 78,282.00 |
| | | |
| **Non-Operating Income:** | | |
| Interest Income | 0.00 | 0.00 |
| Contributions from Managing Member | 0.00 | 100.00 |
| Other (Itemize) | 0.00 | 0.00 |
| Total Non-Operating income | 0.00 | 100.00 |
| | | |
| **Non-Operating Expenses:** | | |
| Interest Expense | 0.00 | 0.00 |
| Legal and Professional (Itemize) | 0.00 | 0.00 |
| Other (Itemize) | 0.00 | 0.00 |
| Total Non-Operating Expenses | 0.00 | 0.00 |
| | | |
| **NET INCOME/(LOSS)** | 40,002.00 | 78,382.00 |

EXHIBIT "H"

**BALANCE SHEET**
(ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
| Unrestricted Cash | 21,082.00 | |
| Restricted Cash | 57,200.00 | |
| Accounts Receivable | 0.00 | |
| Inventory | 0.00 | |
| Notes Receivable | 0.00 | |
| Prepaid Expenses | 0.00 | |
| Other (Itemize) | 0.00 | |
| Total Current Assets | | 78,282.00 |
| | | |
| Property, Plant, and Equipment | 28,000,000.00 | |
| Accumulated Depreciation/Depletion | Unknown | |
| Net Property, Plant, and Equipment | | 28,000,000.00 |
| | | |
| Other Assets (Net of Amortization): | | |
| Due from Insiders | 0.00 | |
| Other (Itemize) | 0.00 | |
| Total Other Assets | | 0.00 |
| TOTAL ASSETS | | 28,078,282.00 |
| | | |
| LIABILITIES | | |
| Post-petition Liabilities: | | |
| Accounts Payable | 0.00 | |
| Taxes Payable | 0.00 | |
| Notes Payable | 0.00 | |
| Professional fees | 0.00 | |
| Secured Debt | 0.00 | |
| Other (Itemize) | 0.00 | |
| Total Post-petition Liabilities | | 0.00 |
| | | |
| Pre-petition Liabilities: | | |
| Secured Liabilities | 23,020,244.10 | |
| Priority Liabilities | 0.00 | |
| Unsecured Liabilities | 6,440,000.00 | |
| Other (Itemize) | 0.00 | |
| Total Pre-petition Liabilities | | 29,460,244.10 |
| TOTAL LIABILITIES | | 29,460,244.10 |
| | | |
| EQUITY: | | |
| Pre-petition Owners' Equity | (1,460,344.10) | |
| Post-petition Profit/(Loss) | 78,382.00 | |
| Direct Charges to Equity | 0.00 | |
| TOTAL EQUITY | | (1,381,962.10) |

## XI.  QUESTIONNAIRE

|  | No | Yes |
|---|---|---|

1.  Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court?  If "Yes", explain below:  **No** ☒  **Yes** ___

2.  Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization?  If "Yes", explain below:  **No** ☒  **Yes** ___

   Secured winery lessee, active negotiation on PSA; negotiating vineyard lease. Negotiating Live Oak sale.

3.  State what progress was made during the reporting period toward filing a plan of reorganization

4.  Describe potential future developments which may have a significant impact on the case:

5.  Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.  None  ✓

6.  Did you receive any exempt income this month, which is not set forth in the operating report?  If "Yes", please set forth the amounts and sources of the income below.  **No** ☒  **Yes** ___

I,  **Leroy Codding, Managing Member**
declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

_____                              01/15/2020
Principal for Debtor-in-Possession                              Date

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>Northern Holding, LLC<br><br>Debtor(s). | CHAPTER 11 (BUSINESS)<br><br>Case Number: 8:20-bk-13014-MW<br>Operating Report Number: 4<br>For the Month Ending: 1/31/2021 |
|---|---|

## I. CASH RECEIPTS AND DISBURSEMENTS
## A. GENERAL DIP ACCOUNT

1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS          25.00

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL
ACCOUNT REPORTS          0.00

3. BEGINNING BALANCE:          25.00

4. RECEIPTS DURING CURRENT PERIOD:
   *November Custom Crush Income          9,680.00
   *$11,402.00 December Custom Crush Revenue for the lease override was billed in arrears with
   net-30 terms and will be Deposited in mid February. $12,356.00 January Custom Crush Revenue for
   the lease override was billed in arrears with net-30 terms and will be Deposited in early March.

   TOTAL RECEIPTS THIS PERIOD:          9,680.00

5. BALANCE:          9,705.00

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   Transfers to Other DIP Accounts (from page 2)          0.00
   Disbursements (from page 2)          10.00

   TOTAL DISBURSEMENTS THIS PERIOD:***          10.00

7. ENDING BALANCE:          9,695.00

8. General DIP Account Number:          xxxxxx3473
   Depository Name & Location:    Wells Fargo Bank, N.A.
   P.O. Box 6995
   Portland, OR 97228-6995

* All receipts must be deposited into the general account
** Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold.
   to whom, terms, and date of Court Order or Report of Sale
***This amount should be the same as the total from page 2

EXHIBIT "H"          201
Page 1 of 28

TOTAL DISBURSEMENTS: DISBURSEMENTS FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| 1/29/2021 | EFT | Wells Fargo | Monthly Service Fee | | 10.00 | 10.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **TOTAL DISBURSEMENTS THIS PERIOD:** | | | | 0.00 | 10.00 | $10.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax), the "amount" column will be filled in for you

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees: the "amount" column will be filled in for you

## BANK RECONCILIATION

| Bank statement Date: | 1/31/2021 | Balance on Statement: | $9,695.00 |
|---|---|---|---|

**Plus deposits in transit (a):**

| | Deposit Date | Deposit Amount | |
|---|---|---|---|
| | _____ | _____ | |
| | _____ | _____ | |
| | _____ | _____ | |
| | _____ | _____ | |
| | _____ | _____ | |

**TOTAL DEPOSITS IN TRANSIT** | | | 0.00 |

**Less Outstanding Checks (a):**

| Check Number | Check Date | Check Amount | |
|---|---|---|---|
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |
| _____ | _____ | _____ | |

**TOTAL OUTSTANDING CHECKS:** | | | 0.00 |

**Bank statement Adjustments:** _____

**Explanation of Adjustments-**

**ADJUSTED BANK BALANCE:** | | | $9,695.00 |

\* It is acceptable to replace this form with a similar form

\*\* Please attach a detailed explanation of any bank statement adjustment

OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re: | CHAPTER 11 (BUSINESS) | |
|---|---|---|
| Northern Holding, LLC | Case Number: | 8:20-bk-13014-MW |
| | Operating Report Number: 4 | |
| Debtor(s). | For the Month Ending: | 1/31/2021 |

## I. CASH RECEIPTS AND DISBURSEMENTS
### A. TEXAS ROAD PROPERTY CASH COLLATERAL DIP ACCOUNT

1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS ................ 12,025.00

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ................ 0.00
   ACCOUNT REPORTS

3. BEGINNING BALANCE: ................ 12,025.00

4. RECEIPTS DURING CURRENT PERIOD:
   Grape Sales ................ 0.00

   TOTAL RECEIPTS THIS PERIOD: ................ 0.00

5. BALANCE: ................ 12,025.00

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   *12/30/20 Deposit Return (from page 2) ................ 12,000.00
   *See cover sheet (page 10) for Live Oak account re explanation on rental payments returned NSF.
   Disbursements (from page 2) ................ 12.00

   TOTAL DISBURSEMENTS THIS PERIOD:*** ................ 12,012.00

7. ENDING BALANCE: ................ 13.00

8. Texas Road Property CC DIP Account Number:    xxxxxx7678

| | |
|---|---|
| | Wells Fargo Bank, N.A. |
| Depository Name & Location: | P.O. Box 6995 |
| | Portland, OR 97228-6995 |

\* All receipts must be deposited into the general account.

\*\* Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold, to whom, terms, and date of Court Order or Report of Sale.

\*\*\*This amount should be the same as the total from page 2.

EXHIBIT "H"

204

**TOTAL DISBURSEMENTS FROM TEXAS ROAD PROPERTY CASH COLLATERAL DIP ACCOUNT FOR CURRENT PERIOD**

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| 1/4/2021 | EFT | xxxxxx7678 | 12/30/20 Deposit was Returned | 12,000.00 | | 12,000.00 |
| 1/4/2021 | EFT | Wells Fargo | Item Return Fee | | 12.00 | 12.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | **TOTAL DISBURSEMENTS THIS PERIOD:** | 12,000.00 | 12.00 | $12,012.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax). the "amount" column will
be filled in for you.
** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

TEXAS ROAD PROJECT, CASE 20-13014 MW - DIP ACCOUNT
## BANK RECONCILIATION

| Bank statement Date: | 1/31/2021 | Balance on Statement: | $13.00 |
|---|---|---|---|

**Plus deposits in transit (a):**

| | Deposit Date | Deposit Amount | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**TOTAL DEPOSITS IN TRANSIT**                     0.00

**Less Outstanding Checks (a):**

| Check Number | Check Date | Check Amount | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**TOTAL OUTSTANDING CHECKS:**                     0.00

**Bank statement Adjustments:**
**Explanation of Adjustments-**

**ADJUSTED BANK BALANCE:**                     $13.00

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>Northern Holding, LLC<br><br>Debtor(s). | CHAPTER 11 (BUSINESS)<br><br>Case Number:     8:20-bk-13014-MW<br>Operating Report Number: 4<br>For the Month Ending:   1/31/2021 |
| --- | --- |

## I. CASH RECEIPTS AND DISBURSEMENTS
## A. 1172 PROPERTY CASH COLLATERAL DIP ACCOUNT

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS          25.00

2.  LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL          0.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:          25.00

4.  RECEIPTS DURING CURRENT PERIOD:
    *December Winery Facility Rental Income          15,000.00
    January Rents ($15K) due and will be collected in February.
    **Nov. - Jan. Apartment Unit Rental Income          3,600.00
    **$1,200.00 January Rent Underpaid by Tenant - Collected in February.
    *Transfer From Live Oak Property Account (7694)          15,000.00
    *November Rents Deposited into the wrong account

    TOTAL RECEIPTS THIS PERIOD:          33,600.00

5.  BALANCE:          33,625.00

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    Transfers to Other DIP Accounts (from page 2)          0.00
    Disbursements (from page 2)          0.00

    TOTAL DISBURSEMENTS THIS PERIOD:***          0.00

7.  ENDING BALANCE:          33,625.00

8.  1172 Property CC DIP Account Number:          xxxxxx7686

    Depository Name & Location:
    Wells Fargo Bank, N.A.
    P.O. Box 6995
    Portland, OR  97228-6995

---

*   All receipts must be deposited into the general account.
**  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
    to whom, terms, and date of Court Order or Report of Sale
*** This amount should be the same as the total from page 2

EXHIBIT "H"          207
Page 7 of 28

**TOTAL DISBURSEMENTS FROM 1172 PROPERTY CASH COLLATERAL DIP ACCOUNT FOR CURRENT PERIOD**

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| | | | No Disbursements This Period | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | TOTAL DISBURSEMENTS THIS PERIOD: | | 0.00 | 0.00 | $0.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

## BANK RECONCILIATION

| Bank statement Date: | 1/31/2021 | Balance on Statement: | $33,625.00 |

**Plus deposits in transit (a):**

| | Deposit Date | Deposit Amount | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**TOTAL DEPOSITS IN TRANSIT** | | | 0.00 |

**Less Outstanding Checks (a):**

| Check Number | Check Date | Check Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**TOTAL OUTSTANDING CHECKS:** | | | 0.00 |

**Bank statement Adjustments:**

**Explanation of Adjustments-**

**ADJUSTED BANK BALANCE:** | | | $33,625.00 |

\* It is acceptable to replace this form with a similar form

\*\* Please attach a detailed explanation of any bank statement adjustment

OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re: | CHAPTER 11 (BUSINESS) | |
|--------|------------------------|--|
| Northern Holding, LLC | Case Number: | 8:20-bk-13014-MW |
| | Operating Report Number: | 4 |
| Debtor(s). | For the Month Ending: | 1/31/2021 |

## I. CASH RECEIPTS AND DISBURSEMENTS
### A. LIVE OAK PROPERTY CASH COLLATERAL DIP ACCOUNT

1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS     15,025.00

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ACCOUNT REPORTS     0.00

3. BEGINNING BALANCE:     15,025.00

4. RECEIPTS DURING CURRENT PERIOD:
   *December & January Unit 1 Rental Income     24,000.00
   *November Rent ($12K) was deposited into Texas property account in December incorrectly & was returned unpaid on 1/4/21. Collection efforts underway.
   **Unit 2 Rental Income     0.00
   **Renovations completed.
   Grape Sales     0.00

   TOTAL RECEIPTS THIS PERIOD:     24,000.00

5. BALANCE:     39,025.00

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   Transfer to 1172 Property DIP Account (from page 2)     15,000.00
   Disbursements (from page 2)     0.00

   TOTAL DISBURSEMENTS THIS PERIOD:***     15,000.00

7. ENDING BALANCE:     24,025.00

8. Live Oak Property CC DIP Account Number:     xxxxxx7694
       Wells Fargo Bank, N.A.
   Depository Name & Location:     P.O. Box 6995
       Portland, OR 97228-6995

\* All receipts must be deposited into the general account.
\*\* Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold, to whom, terms, and date of Court Order or Report of Sale.
\*\*\*This amount should be the same as the total from page 2.

EXHIBIT "H"     210

**TOTAL DISBURSEMENTS FROM LIVE ONE PROPERTY CASH COLLATERAL DIP ACCOUNT FOR CURRENT PERIOD**

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| 1/29/2021 | EFT | xxxxxx7686 | Transfer to 1172 Property Cash Collateral DIP Account - December Rents Deposited into Wrong Account | 15,000.00 | | 15,000.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 15,000.00 | 0.00 | $15,000.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax), the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

**EXHIBIT "H"**

211

LIVE OAK PROMENADE ROLLING HILLS ACCOUNT

## BANK RECONCILIATION

| Bank statement Date: | 1/31/2021 | Balance on Statement: | $24,025.00 |

**Plus deposits in transit (a):**

| | Deposit Date | Deposit Amount |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |

**TOTAL DEPOSITS IN TRANSIT** — 0.00

**Less Outstanding Checks (a):**

| Check Number | Check Date | Check Amount |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**TOTAL OUTSTANDING CHECKS:** — 0.00

**Bank statement Adjustments:**
**Explanation of Adjustments-**

**ADJUSTED BANK BALANCE:** — $24,025.00

\* It is acceptable to replace this form with a similar form

\*\* Please attach a detailed explanation of any bank statement adjustment

# Wells Fargo Combined Statement of Accounts

January 31, 2021 ■ Page 1 of 7



NORTHERN HOLDING LLC
GENERAL ACCOUNT
DEBTOR IN POSSESSION
CH11 CASE #20-13014 (CCA)
13217 JAMBOREE RD # 429
TUSTIN CA 92782-9158

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-CALL-WELLS** (1-800-225-5935)

*TTY:* 1-800-877-4833
*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR 97228-6995

## Your Business and Wells Fargo

Visit wellsfargoworks.com to explore videos, articles, infographics, interactive tools, and other resources on the topics of business growth, credit, cash flow management, business planning, technology, marketing, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☑ |
| Business Bill Pay | ☐ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |

## Summary of accounts

### Checking/Prepaid and Savings

| Account | Page | Account number | Ending balance last statement | Ending balance this statement |
|---|---|---|---|---|
| Initiate Business Checking℠ | 2 | )473 | 25.00 | 9,695.00 |
| Initiate Business Checking℠ | 3 | 7678 | 12,025.00 | 13.00 |
| Initiate Business Checking℠ | 4 | 7686 | 25.00 | 33,625.00 |
| Initiate Business Checking℠ | 5 | 7694 | 15,025.00 | 24,025.00 |
| | **Total deposit accounts** | | **$27,100.00** | **$67,358.00** |

January 31, 2021 ■ Page 2 of 7



# Initiate Business Checking℠

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 1/1 | $25.00 |
| Deposits/Credits | 9,680.00 |
| Withdrawals/Debits | - 10.00 |
| **Ending balance on 1/31** | **$9,695.00** |

Account number:    3473

**NORTHERN HOLDING LLC**
**GENERAL ACCOUNT**
**DEBTOR IN POSSESSION**
CH11 CASE #20-13014 (CCA)

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN):  121042882

For Wire Transfers use
Routing Number (RTN):  121000248

**Overdraft Protection**
This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 1/29 | | Edeposit IN Branch/Store 01/29/21 04:40:23 Pm 546 Spring St Paso Robles CA 1273 | 9,680.00 | | |
| 1/29 | | Monthly Service Fee | | 10.00 | 9,695.00 |
| **Ending balance on 1/31** | | | | | **9,695.00** |
| **Totals** | | | **$9,680.00** | **$10.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 01/01/2021 - 01/31/2021 | Standard monthly service fee $10.00 | You paid $10.00 |
|---|---|---|
| **How to avoid the monthly service fee** | Minimum required | This fee period |
| Have any ONE of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $962.00 ☐ |
| · Minimum daily balance | $500.00 | $25.00 ☐ |

The Monthly service fee summary fee period ending date shown above includes a Saturday, Sunday, or holiday which are non-business days
Transactions occurring after the last business day of the month will be included in your next fee period.
C1/C1

EXHIBIT "H"                214

January 31, 2021 ▪ Page 3 of 7



## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 1 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

### Other Wells Fargo Benefits

Our National Business Banking Center customer service number 1-800-CALL-WELLS (1-800-225-5935) hours of operation have temporarily changed to 7:00 a.m. to 11:00 p.m. Eastern Time, Monday through Saturday and Sunday 9:00 a.m. to 10:00 p.m. Eastern Time. Access to our automated banking system, the ability to report a fraud claim on your business credit or debit card, and access to report a lost or stolen business card will continue to be available 24 hours a day, 7 days per week. Thank you for banking with Wells Fargo. We appreciate your business.

# Initiate Business Checking℠

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 1/1 | $12,025.00 |
| Deposits/Credits | 0.00 |
| Withdrawals/Debits | - 12,012.00 |
| **Ending balance on 1/31** | **$13.00** |

Account number:        7678

**NORTHERN HOLDING LLC**
**CASH COLLATERAL 1**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

California account terms and conditions apply

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

### Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 1/4 | | Cashed/Deposited Item Retn Unpaid Fee | | 12.00 | |
| 1/4 | | Deposited Item Retn Unpaid - Paper 210104 | | 12,000.00 | 13.00 |
| **Ending balance on 1/31** | | | | | **13.00** |
| **Totals** | | | **$0.00** | **$12,012.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

January 31, 2021 ■ Page 4 of 7



## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 01/01/2021 - 01/31/2021 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|
| How to avoid the monthly service fee | Minimum required | This fee period |
| Have any ONE of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $1,175.00 ☑ |
| · Minimum daily balance | $500.00 | $13.00 ☐ |

The Monthly service fee summary fee period ending date shown above includes a Saturday, Sunday, or holiday which are non-business days. Transactions occurring after the last business day of the month will be included in your next fee period.
CVC1

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 1 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

# Initiate Business Checking℠

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 1/1 | $25.00 |
| Deposits/Credits | 33,600.00 |
| Withdrawals/Debits | - 0.00 |
| **Ending balance on 1/31** | **$33,625.00** |

Account number:    **7886**

**NORTHERN HOLDING LLC**
**CASH COLLATERAL 2**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

California account terms and conditions apply

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

## Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 1/29 | | Deposit Made in A Branch/Store | 18,600.00 | | |
| 1/29 | | Transfer IN Branch/Store - From Northern Holding LLC DOA xxxxxx7894 546 Spring St Paso Robles CA | 15,000.00 | | 33,625.00 |
| **Ending balance on 1/31** | | | | | **33,625.00** |
| **Totals** | | | **$33,600.00** | **$0.00** | |

The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.

January 31, 2021 ■ Page 5 of 7



## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 01/01/2021 - 01/31/2021 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|
| **How to avoid the monthly service fee** | Minimum required | This fee period |
| Have any ONE of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $3,277.00 ☑ |
| · Minimum daily balance | $500.00 | $25.00 ☐ |

The Monthly service fee summary fee period ending date shown above includes a Saturday, Sunday, or holiday which are non-business days. Transactions occurring after the last business day of the month will be included in your next fee period.
CVC1

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 3 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

# Initiate Business Checking℠

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 1/1 | $15,025.00 |
| Deposits/Credits | 24,000.00 |
| Withdrawals/Debits | - 15,000.00 |
| **Ending balance on 1/31** | **$24,025.00** |

Account number:     7594

**NORTHERN HOLDING LLC**
**CASH COLLATERAL 3**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 1/29 | | Deposit Made In A Branch/Store | 24,000.00 | | |
| 1/29 | | Transfer IN Branch/Store - to Northern Holding LLC DDA xxxxxx7686 546 Spring St Paso Robles CA | | 15,000.00 | 24,025.00 |
| **Ending balance on 1/31** | | | | | **24,025.00** |
| **Totals** | | | **$24,000.00** | **$15,000.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

EXHIBIT "H"

January 31, 2021 ● Page 6 of 7



**Monthly service fee summary**

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 01/01/2021 - 01/31/2021 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|
| **How to avoid the monthly service fee** | Minimum required | This fee period |
| Have any ONE of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $15,896.00 ☑ |
| · Minimum daily balance | $500.00 | $15,025.00 ☑ |

The Monthly service fee summary fee period ending date shown above includes a Saturday, Sunday, or holiday which are non-business days.
Transactions occurring after the last business day of the month will be included in your next fee period.
C\MC1

**Account transaction fees summary**

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 2 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

January 31, 2021 ▪ Page 7 of 7



---

### General statement policies for Wells Fargo Bank

▪ **Notice:** Wells Fargo Bank, N.A. may furnish information about accounts belonging to individuals, including sole proprietorships, to consumer reporting agencies. If this applies to you, you have the right to dispute the accuracy of information that we have reported to us at: Overdraft Collections and Recovery, P.O. Box 5058, Portland, OR 97208-5058.

You must describe the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation. In the case of information that relates to an identity theft, you will need to provide us with an identity theft report

---

### Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance

2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**

**A.** The ending balance
   shown on your statement . . . . . . . . . . . . . . . . . . . . . $ _____

**ADD**

**B.** Any deposits listed in your          $ _____
   register or transfers into            $ _____
   your account which are not            $ _____
   shown on your statement.            + $ _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**CALCULATE THE SUBTOTAL**
   (Add Parts A and B)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**SUBTRACT**

**C.** The total outstanding checks and
   withdrawals from the chart above . . . . . . . . . . . . . - $ _____

**CALCULATE THE ENDING BALANCE**
   (Part A + Part B - Part C)
   This amount should be the same
   as the current balance shown in
   your check register . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

| Number | Items Outstanding | Amount |
|--------|-------------------|--------|
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   | Total amount $ |

©2010 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. NMLSR ID 399801

**ENDING BALANCES FOR THE PERIOD:**

(Provide a copy of monthly account statements for each of the below)

| | |
|---|---:|
| General DIP Account (3473): | 9,695.00 |
| Texas Road Property Cash Collateral DIP Account (7678): | 13.00 |
| 1172 Property Cash Collateral DIP Account (7686): | 33,625.00 |
| Live Oak Property Cash Collateral DIP Account (7694): | 24,025.00 |
| **Petty Cash (from below): | 0.00 |

**TOTAL CASH AVAILABLE:**    | 67,358.00 |

**Petty Cash Transactions:**

| Date | Purpose | Amount |
|------|---------|--------|
| N/A | | |
| | | |
| | | |
| | | |
| | | |

**TOTAL PETTY CASH TRANSACTIONS:**    | 0.00 |

\* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#

\*\* Attach Exhibit Itemizing all petty cash transactions

## II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS
### AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| *Farm Credit West, FLCA (Cross-Collateralized Lien on 1172, Live Oak, & Texas Road) | N/A | 19,800,000.00 | N/A | N/A |
| *Note was called and therefore there is no monthly mortgage payment amount due. The pre-default mortgage payment is unknown as the Debtor is not the borrower and does not have access to this information. The lienholder has not provided this information either, see Motion for Relief at Docket No. 11. | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

## III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax: _____ N/A

Total Wages Paid: _____ N/A

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | N/A | 0.00 | N/A |
| State Withholding | N/A | 0.00 | N/A |
| FICA- Employer's Share | N/A | 0.00 | N/A |
| FICA- Employee's Share | N/A | 0.00 | N/A |
| Federal Unemployment | N/A | 0.00 | N/A |
| Sales and Use | N/A | 0.00 | N/A |
| Real Property | N/A | 0.00 | N/A |
| TOTAL: | 0.00 | 0.00 | |

**EXHIBIT "H"**

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable Post-Petition | Accounts Receivable | |
|---|---|---|---|
|  | | Pre-Petition | Post-Petition |
| 30 days or less | 0.00 | N/A | 0.00 |
| 31 - 60 days | 0.00 | N/A | 0.00 |
| 61 - 90 days | 0.00 | N/A | 0.00 |
| 91 - 120 days | N/A | N/A | N/A |
| Over 120 days | N/A | N/A | N/A |
| TOTAL: | 0.00 | 0.00 | 0.00 |

### V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | Chubb Insurance | 1,000,000/5,839,100 | 4/15/2021 | 4/15/2021 |
| Worker's Compensation | N/A | | | |
| Casualty | N/A | | | |
| Vehicle | N/A | | | |

### VI. UNITED STATES TRUSTEE QUARTERLY FEES
### (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 31-Dec-2020 | 0.00 | 325.00 | 28-Jan-2021 | 325.00 | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | 325.00 | | 325.00 | 0.00 |

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court. Post-Petition
Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

## VII SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VIII.  SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

## PROFIT AND LOSS STATEMENT
### (ACCRUAL BASIS ONLY)

| | Current Month | Cumulative Post-Petition |
|---|---|---|
| **\*Sales/Revenue:** | | |
| **\*Please See Attachment on Page 25** | | |
| Custom Crush Income | 12,356.00 | 33,438.00 |
| Rental Incom e | 28,600.00 | 85,800.00 |
| Grape Sales | 0.00 | 0.00 |
| Less: Returns/Discounts | 0.00 | 0.00 |
| Net Sales/Revenue | 40,956.00 | 119,238.00 |
| | | |
| Cost of Goods Sold: | | |
| Beginning Inventory at cost | 0.00 | 0.00 |
| Purchases | 0.00 | 0.00 |
| Less: Ending Inventory at cost | 0.00 | 0.00 |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| | | |
| **Gross Profit** | 40,956.00 | 119,238.00 |
| | | |
| Other Operating Income (Itemize) | 0.00 | 0.00 |
| | | |
| **\*Operating Expenses:** | | |
| **\*Please See Attachment on Page 26** Other | | |
| Taxes (Itemize) | 0.00 | 0.00 |
| Depreciation and Amortization | Unknown | Unknown |
| Rent Expense - Real Property | 0.00 | 0.00 |
| Lease Expense - Personal Property | 0.00 | 0.00 |
| Insurance | 0.00 | 0.00 |
| Real Property Taxes | 0.00 | 0.00 |
| Telephone and Utilities | 0.00 | 0.00 |
| Repairs and Maintenance | 0.00 | 0.00 |
| Travel and Entertainment (Itemize) | 0.00 | 0.00 |
| Miscellaneous Operating Expenses (Itemize) | 0.00 | 0.00 |
| Total Operating Expenses | 0.00 | 0.00 |
| | | |
| Net Gain/(Loss) from Operations | 40,956.00 | 119,238.00 |
| | | |
| Non-Operating Income: | | |
| Interest Income | 0.00 | 0.00 |
| Contributions from Managing Member | 0.00 | 100.00 |
| Other (Itemize) | 0.00 | 0.00 |
| Total Non-Operating income | 0.00 | 100.00 |
| | | |
| **\*Non-Operating Expenses:** | | |
| **\*Please See Attachment on Page 26** | | |
| Legal and Professional (Itemize) | 0.00 | 0.00 |
| Bank Fees | 22.00 | 22.00 |
| Other (Itemize) | 0.00 | 0.00 |
| Total Non-Operating Expenses | 22.00 | 22.00 |
| | | |
| **NET INCOME/(LOSS)** | 40,934.00 | 119,316.00 |

EXHIBIT "H"

| Income Chart for NHC | | | |
|---|---|---|---|
| Date | Amount | Reference | |
| | | | |
| November 2020 | $16,600.00 | 1172 Rent | |
| November 2020 | $12,000.00 | Live Oak Rent | |
| November 2020 | $9,680.00 | 1172 Override | |
| November 2020 | $0.00 | Crop Income - Texas Road | |
| November 2020 | $0.00 | Crop Income - 1172 | |
| November 2020 | $0.00 | Crop Income - Live Oak | |
| | | | |
| December 2020 | $16,600.00 | 1172 Rent | |
| December 2020 | $12,000.00 | Live Oak Rent | |
| December 2020 | $11,402.00 | 1172 Override | |
| November 2020 | $0.00 | Crop Income - Texas Road | |
| November 2020 | $0.00 | Crop Income - 1172 | |
| November 2020 | $0.00 | Crop Income - Live Oak | |
| | | | |
| January 2021 | $16,600.00 | 1172 Rent | Note: 1) January base lease due; will collect in February  2) $1200 in arrears from Tolar residence |
| January 2021 | $12,000.00 | Live Oak Rent | * in arrears 1month- discrepancy discovered in January report recap- Collection efforts underway |
| January 2021 | $12,356.00 | 1172 Override | |
| January 2021 | $0.00 | Crop Income - Texas Road | November 2020 |
| January 2021 | $0.00 | Crop Income - 1172 | November 2020 |
| January 2021 | $0.00 | Crop Income - Live Oak | November 2020 |

| Codding PERSONAL Funds Gifted to NHC for Company Expenses | | | | | |
|---|---|---|---|---|---|
| Date | Amount | Reference | Date | | |
| | | | | | |
| 11/21/2020 | $2,165.00 | Insurance | 11/21/2020 | | |
| 12/1/2020 | $500.00 | MOR retainer | 12/1/2020 | | |
| 12/15/2020 | $2,165.00 | Insurance | 12/15/2020 | | |
| 1/13/2021 | $200.00 | MOR replenish | 1/13/2021 | | |
| 1/20/2021 | $2,165.00 | Insurance | 1/20/2021 | | |
| 1/28/2021 | $325.00 | Quarterly Trustee Fee | 1/28/2021 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| Running total | $7,520.00 | | | | |

(ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---:|---|
| **Current Assets:** | | |
| Unrestricted Cash | 33,453.00 | |
| Restricted Cash | 85,800.00 | |
| Accounts Receivable | 0.00 | |
| Inventory | 0.00 | |
| Notes Receivable | 0.00 | |
| Prepaid Expenses | 0.00 | |
| Other (Itemize) | 0.00 | |
| **Total Current Assets** | | 119,253.00 |
| | | |
| **Property, Plant, and Equipment** | 28,000,000.00 | |
| **Accumulated Depreciation/Depletion** | Unknown | |
| **Net Property, Plant, and Equipment** | | 28,000,000.00 |
| | | |
| **Other Assets (Net of Amortization):** | | |
| Due from Insiders | 0.00 | |
| Other (Itemize) | 0.00 | |
| **Total Other Assets** | | 0.00 |
| **TOTAL ASSETS** | | 28,119,253.00 |
| | | |
| **LIABILITIES** | | |
| **Post-petition Liabilities:** | | |
| Accounts Payable | 0.00 | |
| Taxes Payable | 0.00 | |
| Notes Payable | 0.00 | |
| Professional fees | 0.00 | |
| Secured Debt | 0.00 | |
| Other (Itemize) | 0.00 | |
| **Total Post-petition Liabilities** | | 0.00 |
| | | |
| **Pre-petition Liabilities:** | | |
| Secured Liabilities | 23,020,244.10 | |
| Priority Liabilities | 0.00 | |
| Unsecured Liabilities | 6,440,000.00 | |
| Other (Itemize) | 0.00 | |
| **Total Pre-petition Liabilities** | | 29,460,244.10 |
| **TOTAL LIABILITIES** | | 29,460,244.10 |
| | | |
| **EQUITY:** | | |
| Pre-petition Owners' Equity | (1,460,307.10) | |
| Post-petition Profit/(Loss) | 119,316.00 | |
| Direct Charges to Equity | 0.00 | |
| **TOTAL EQUITY** | | (1,340,991.10) |

|  | No | Yes |
|---|---|---|

1. Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court?  If "Yes", explain below:

      No     Yes
      ____   ____

2. Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization?  If "Yes", explain below:

      No     Yes
      ____   ____

3. State what progress was made during the reporting period toward filing a plan of reorganization

4. Describe potential future developments which may have a significant impact on the case:

5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.  None

      No     Yes

6. Did you receive any exempt income this month, which is not set forth in the operating report?  If "Yes", please set forth the amounts and sources of the income below.

      ____   ____

I,  Leroy Codding, Managing Member
declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

_____    _____
Principal for Debtor-in-Possession    Date

EXHIBIT "H"
Page 28 of 28

Exhibit "I"

| | |
|---|---|
| **From:** | Roksana D. Moradi-Brovia, Esq. |
| **To:** | Sorensen, Marilyn (USTP) |
| **Subject:** | Re: Northern Holding, LLC (8: 20-bk-13014-MW) - financial questions |
| **Date:** | Tuesday, February 2, 2021 11:24:30 AM |

Thanks for this - sending to client right now.


**- Roksana D. Moradi-Brovia, Esq.\*** | *Partner*


*\*Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization*


**RESNIK HAYES MORADI LLP**

17609 Ventura Boulevard, Suite 314
Encino, CA 91316
**Direct Line:** (818) 933-2843
**Main Line:** (818) 285-0100
**Facsimile:** (818) 855-7013

**RESNIK HAYES MORADI LLP**
510 West Sixth Street, Suite 1220
Los Angeles, CA 90014
**Telephone:** (213) 572-0800
**Facsimile:** (213) 572-0860


www.RHMFirm.com

www.CentralDistrictInsider.com


     


**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. The information contained herein is intended only for use by the individual or entity named above. Unauthorized interception, review, use or disclosure is prohibited. If you are not the intended recipient, please destroy this email after advising by reply that you erroneously received this, and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the designated recipient does not waive the attorney-client privilege or work-product doctrine.


On Tue, Feb 2, 2021 at 11:03 AM Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov>
wrote:

**EXHIBIT "I"**                                              **229**

Roksana,

Nancy and I just discussed the response you sent yesterday. We would like the Debtor to file profit and loss statements for November and December 2020, which list all income and accrued expenses. All future Operating Reports must also include a completed profit and loss statement.

We need a detailed breakdown of all payments that Mr. Codding has made on behalf of the Debtor since the filing. If he continues to pay expenses for the Debtor, a detailed list should be included in future Operating Reports as well.

All financial transactions need to be entirely transparent.

Thank you,

Marilyn

**From:** Sorensen, Marilyn (USTP)
**Sent:** Monday, February 1, 2021 1:59 PM
**To:** Roksana D. Moradi-Brovia, Esq. <roksana@rhmfirm.com>
**Cc:** Matt Resnik <matt@rhmfirm.com>; Sloan Youkstetter <sloan@rhmfirm.com>; Goldenberg, Nancy (USTP) <Nancy.Goldenberg@UST.DOJ.GOV>
**Subject:** RE: Northern Holding, LLC (8: 20-bk-13014-MW) - financial questions

Thank you. Nancy will be back in the office tomorrow and we will review the responses together.

When were the checks received (see question from January 27th e-amil)? Why were checks held?

As an initial impression I would say that it's important that accurate profit and loss

**EXHIBIT "I"**                                                                         230

statements are filed every month.  When it comes time to file a Disclosure Statement, as you know, we rely upon the information in the profit and loss statements, and the operating reports in general, to determine the veracity of the projections and financial information. How is anyone to know whether the business is profitable if the statements do not tell us the income/ sales and the accrued expenses?  How much has Mr. Codding contributed post-petition to the Debtor?

Mr. Tolar has a signed lease, correct?  Did he pay the Debtor for November and December 2020, as well as January 2021?   The answer below does not specify that information, only referring to sorting out payments in the future.

Hope this helps initially,

Marilyn

**From:** Roksana D. Moradi-Brovia, Esq. <roksana@rhmfirm.com>
**Sent:** Monday, February 1, 2021 1:33 PM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@UST.DOJ.GOV>
**Cc:** Matt Resnik <matt@rhmfirm.com>; Sloan Youkstetter <sloan@rhmfirm.com>; Goldenberg, Nancy (USTP) <Nancy.Goldenberg@UST.DOJ.GOV>
**Subject:** Re: Northern Holding, LLC (8: 20-bk-13014-MW) - financial questions

Hi Marilyn,

Here are the reponses.

-Payments were sequestered - checks received and held - and now all deposited within the month. Jan. bank statement is attached.

-Debtor has spent no money as of yet. There are expenses which are being funded by Mr. Codding personally as gifts to the business, he did not include them in accruals "because they don't technically hit the books according to GAAP guidelines. I respectfully assert the profit and loss statement does not require revision, due to these expenses being funded externally as gifts to the business by me personally."

EXHIBIT "I"                                                               231

-As for the $1,600/month unit: "Tolar was a moving target. He was at his other home in Southern California for a majority of the holiday season. Had been leaving payments in a drop box that I was not aware of. Growing pains. We have that sorted out moving forward."

Mr. Codding has an appointment on Wend. to prepare the Jan MOR with Ms. Tyrell and we expect to have the report filed early. Please let me know what other comments you have so that they can review/discuss then.

Thanks.

- **Roksana D. Moradi-Brovia, Esq.\*** | *Partner*

*\*Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization*

**RESNIK HAYES MORADI LLP**

17609 Ventura Boulevard, Suite 314
Encino, CA 91316
**Direct Line:** (818) 933-2843
**Main Line:** (818) 285-0100
**Facsimile:** (818) 855-7013

**RESNIK HAYES MORADI LLP**
510 West Sixth Street, Suite 1220
Los Angeles, CA 90014
**Telephone:** (213) 572-0800
**Facsimile:** (213) 572-0860

www.RHMFirm.com

www.CentralDistrictInsider.com

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain

confidential and/or legally privileged information and is covered by the Electronic
Communications Privacy Act, 18 U.S.C. §§ 2510-2521. The information contained herein is
intended only for use by the individual or entity named above. Unauthorized interception,
review, use or disclosure is prohibited. If you are not the intended recipient, please destroy
this email after advising by reply that you erroneously received this, and that it has been
destroyed and permanently deleted from all of your email servers and work stations. The
receipt by anyone other than the designated recipient does not waive the attorney-client
privilege or work-product doctrine.

On Wed, Jan 27, 2021 at 10:52 AM Sorensen, Marilyn (USTP)
<Marilyn.Sorensen@usdoj.gov> wrote:

Good Morning Roksana, Matt, and Sloan,

Since the last e-mail (see below), the December Operating Report has been filed. Why
were the December deposits not made until December 30, 2020? When did the Debtor
receive the funds?

Please note the December profit-and-loss statement, which is accrual-based, lists no
expenses (see attached). This is contrary to documents submitted to our office and
indications at the Initial Debtor Interview that the Debtor had expenses every month.
Please explain and amend.

The comments regarding delayed deposits make it difficult to track with certainty but it
appears that the rental income that Bill Tolar owes ($1,600 per month) has not been
deposited in October, November, or December. What is the reason for this delay?

Thank you,

Marilyn

**From:** Sorensen, Marilyn (USTP)
**Sent:** Monday, December 28, 2020 11:06 AM
**To:** Roksana D. Moradi-Brovia, Esq. <roksana@rhmfirm.com>

**EXHIBIT "I"**                                                                233

**Cc:** Goldenberg, Nancy (USTP) <Nancy.Goldenberg@UST.DOJ.GOV>; Matt Resnik
<matt@rhmfirm.com>; Sloan Youkstetter <sloan@rhmfirm.com>
**Subject:** RE: Northern Holdings, LLC's lack of deposits (8: 20-bk-13014-MW)


Roksana,


Can you send us evidence now of deposits made in December?


Marilyn


**From:** Roksana D. Moradi-Brovia, Esq. <roksana@rhmfirm.com>
**Sent:** Monday, December 28, 2020 11:01 AM
**To:** Sorensen, Marilyn (USTP) <Marilyn.Sorensen@UST.DOJ.GOV>
**Cc:** Goldenberg, Nancy (USTP) <Nancy.Goldenberg@UST.DOJ.GOV>; Matt Resnik
<matt@rhmfirm.com>; Sloan Youkstetter <sloan@rhmfirm.com>
**Subject:** Re: Northern Holdings, LLC's lack of deposits (8: 20-bk-13014-MW)


Hi, the first page of each account has a note with an asterisk re the deposits being made in
Dec.


The loan was called therefore there is no current monthly mortgage payment amount. We
can list that information and put the contract rate?


Please let me know, thanks!


**- Roksana D. Moradi-Brovia, Esq.\*** | *Partner*


*\*Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization*


**EXHIBIT "I"**                                        **234**

**RESNIK HAYES MORADI LLP**

17609 Ventura Boulevard, Suite 314
Encino, CA 91316
**Direct Line:** (818) 933-2843
**Main Line:** (818) 285-0100
**Facsimile:** (818) 855-7013

**RESNIK HAYES MORADI LLP**
510 West Sixth Street, Suite 1220
Los Angeles, CA 90014
**Telephone:** (213) 572-0800
**Facsimile:** (213) 572-0860

www.RHMFirm.com

www.CentralDistrictInsider.com

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain
confidential and/or legally privileged information and is covered by the Electronic
Communications Privacy Act, 18 U.S.C. §§ 2510-2521. The information contained herein
is intended only for use by the individual or entity named above. Unauthorized
interception, review, use or disclosure is prohibited. If you are not the intended recipient,
please destroy this email after advising by reply that you erroneously received this, and
that it has been destroyed and permanently deleted from all of your email servers and
work stations. The receipt by anyone other than the designated recipient does not waive
the attorney-client privilege or work-product doctrine.

On Mon, Dec 28, 2020 at 8:28 AM Sorensen, Marilyn (USTP)
<Marilyn.Sorensen@usdoj.gov> wrote:

Good Morning Roksana,

The November Operating Report lists no deposits of money which is contrary to what
the Debtor projected (see attached). The Debtor listed four sources of income for
November 2020 in its projection, totaling $40,000 for the month, but none of those
receipts were shown in the Operating Report. What is the Debtor doing to collect these
obligations? Any information you can provide us with regard to this issue would be

**EXHIBIT "I"**                                                    **235**

greatly appreciated.

Also, please look at Section II, which should identify the monthly mortgage payment(s) but instead lists the full balance. Can you update this portion of the report please?

Thank you,

Marilyn

Exhibit "J"

1   Roksana D. Moradi-Brovia (Bar No. 266572)
    W. Sloan Youkstetter (Bar No. 296681)
2   **RESNIK HAYES MORADI LLP**
    17609 Ventura Blvd., Suite 314
3   Encino, CA 91316
    **Telephone:** (818) 285-0100
4   **Facsimile:** (818) 855-7013
    roksana@RHMFirm.com
5   sloan@RHMFirm.com

6   *Attorneys for Debtor*
    Northern Holdings, LLC
7

8                   **UNITED STATES BANKRUPTCY COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                        **SATNA ANA DIVISION**

11  In re:                              | Case No. 8:20-bk-13014-MW
12                                      | Chapter 11
13      NORTHERN HOLDING, LLC,          | **STATUS REPORT; DECLARATION
14                              Debtor. | OF LEROY CODDING IN SUPPORT
                                        | THEREOF**
15                                      |
16                                      | Date: February 24, 2021
                                        | Time: 9:00 a.m.
17                                      | Place: Courtroom 6C
                                        |         411 W. Fourth Street
18                                      |         Santa Ana, CA 92701

19          **TO THE HONORABLE MARK S. WALLACE, UNITED STATES**

20  **BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE AND HIS COUNSEL**

21  **OF RECORD; AND ALL CREDITORS AND PARTIES IN INTEREST:**

22          Northern Holdings, LLC, the "Debtor" and "Debtor-in-Possession" ("DIP") in the

23  above referenced Chapter 11 case, hereby submits its Status Report as follows:

24  ///

25  ///

26  ///

27  ///

28  ///

**RESNIK HAYES
MORADI LLP**

EXHIBIT "J"                                        237

## 1.    INTRODUCTION

The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq on October 28, 2020.  The Debtor is operating its business and managing its financial affairs as a DIP pursuant to §§1107 and 1108 of the Bankruptcy Code.

The Debtor is a Minnesota LLC; it was created for the purpose of acquiring and restructuring a wine importer/distribution company in St. Paul, MN. Leroy Codding is the sole and managing member of the Debtor.

The Debtor currently owns and operates the following real properties which it acquired from Erich Russell on October 27, 2020:

| **"Live Oak Property"**<br><br>2380 Live Oak Road<br>Paso Robles, CA  93446<br><br>*2 homes on the property.* | FMV $9,700,000<br><br>1st TD:<br>Farm Credit West, FLCA [hereinafter "Farm Credit"] (cross-collateralized with 1172 and Texas Road)<br>$19,040,509.25 (per Farm Credit's Motion for Relief)<br><br>Property Taxes:<br>County of San Luis Obispo County Tax Collector<br>$13,625.84 |
| --- | --- |
| **"1172 Property"**<br><br>1172 San Marcos Road<br>Paso Robles, CA 93446<br><br>*Winery facility (42,000 sq ft) and residential apartment.* | FMV $11,500,000<br><br>1st TD:<br>Farm Credit (cross-collateralized with Live Oak and Texas Road)<br>$19,040,509.25 (per Farm Credit's Motion for Relief)<br><br>Property Taxes:<br>County of San Luis Obispo County Tax Collector<br>$3,200,000 |

EXHIBIT "J"

238

| "Texas Road Property" | FMV $4,300,000 |
|---|---|
| APN 027-145-022 | 1st TD: |
| | Farm Credit (cross-collateralized with |
| 42-acre vineyard (permits obtained for a single-family residence but no plan to proceed with construction at this point). | 1172 and Live Oak) $19,040,509.25 (per Farm Credit's Motion for Relief) |
| | Property Taxes: County of San Luis Obispo County Tax Collector $6,618.26 |

The Debtor also owns equipment: various pumps and irrigation capital equipment; trellis systems, miscellaneous winery equipment valued at about $2,500,000.

This case was filed in order to stop a foreclosure sale of the Debtor's real properties by lienholder Farm Credit and so that it can otherwise reorganize its financial affairs.

## 2.    PROGRESS SINCE LAST STATUS CONFERENCE

The Debtor filed its *Application to Employ Resnik Hayes Moradi LLP as General Bankruptcy Counsel* on November 17, 2020 (Docket No. 25); the application was approved on January 4, 2021 (Docket No. 40).

The Debtor gave notice of the claims bar date of March 31, 2021 (Scheduling Order is Docket No. 47) to all required parties in interest on January 18, 2021 (Docket No. 43).

Farm Credit filed its *Motion for Relief from the Automatic Stay under 11 U.S.C. §362(d)(1), (2), and (4)* (the "Motion for Relief") on November 6, 2020 [Docket No. 11]. After review of the Debtor's *Objection* thereto [Docket No. 24] and the *Supplemental Declaration* in support of the Objection [Docket No. 28], and Farm Credit's *Reply* [Docket No. 27)], the Court entered its *Order Continuing Hearing on Motion for Relief from Stay* [Docket No. 32] on December 2, 2020, continuing the hearing on the Motion for Relief to March 22, 2020.

As set forth in the initial Status Report (Docket No. 38) and various pleadings filed since that time, the Debtor has outlined the following as its plan for financial

**RESNIK HAYES**
**MORADI LLP**

reorganization: refinance, sale and/or lease of the Debtor's three real properties as quickly as possible.

To that end, the Debtor entered into a *Real Estate Consulting and Advisory Services Agreement* ("Agreement") with Hilco Real Estate, LLC ("Hilco"). Hilco's role shall be to develop a sales strategy with the Debtor and to market the Live Oak and 1172 Properties for sale (reserve price is $30,500,000), to negotiate the terms of the sales on behalf of the Debtor and to advise and consult the Debtor regarding these transactions and process. Hilco will market the properties for sale through an accelerated sales process; the bid deadline/auction is anticipated to be or within eight weeks after entry of the order approving its employment tin this case.

The Debtor has decided to work with Hilco for a variety of reasons, one of which is that Hilco has been employed in many bankruptcy cases and is familiar with the Chapter 11 process, making it an optimal "partner" to execute the Debtor's plans to sell/refinance.

The application to employ Hilco has been drafted and the Debtor expects to file it within the next week.

The Debtor has also been actively negotiating with third party growers Broken Earth Winery and WarRoom Ventures to lease vineyard blocks at the Texas Road Property. This incremental business would result in additional income of approximately $12,000 per month and a windfall of $80,000 to $110,000 for harvest in September and October. The Debtor is also trying to secure a planting/fruit sales contract with Justin Winery.[1] These efforts are slated to generate significant additional income for the Debtor and assist in the process of securing a new loan.

///

///

///

///

---

[1] Justin Winery is part of the Wonderful Company.

RESNIK HAYES
MORADI LLP

EXHIBIT "J"

240

The Debtor has received the following rental income since the case was filed: all rents are being segregated in the Debtor's bank accounts.

| | Live Oak Unit #1 | Live Oak Unit #2 | 1172 winery facility | 1172 apartment |
|---|---|---|---|---|
| **Tenant** | None - the unit is currently being marketed for rent. Mr. Codding personally funded the renovations which are now complete. | Erich Russell | Rabbit Ridge Wine | Bill Tolar (tenant was using drop box for rents and checks accumulated, new arrangement for timely payments now made) |
| **Rental Amount** | N/A | $12,000 | $15,000 | $1,600 |
| **Date Nov. Rent Received** | N/A | 11/1/2020 | 10/29/2020 | 11/4/2020 |
| **Date Nov. Rent Deposited** | N/A | 12/2020 | 12/2020 | 1/28/2021 |
| **Date Dec. Rent Received** | N/A | 11/1/2020 | 12/3/2020 | 12/5/2020 |
| **Date Dec. Rent Deposited** | N/A | 12/28/2020 | 12/28/2020 | 1/28/2021 |
| **Date Jan. Rent Received** | N/A | 11/1/2020 | 12/5/2020 | 1/4/2021 |
| **Date Jan. Rent Deposited** | N/A | 1/22/2021 | 1/22/2021 | 1/28/2021 |

Several of the rent checks were deposited late (but were timely tendered by the tenants) because Mr. Codding was quarantining for two weeks; once he received his negative COVID-19 test result, the checks were deposited.

Because the Debtor is selling the Live Oak and 1172 properties and is actively looking for financing for Texas Road, it believes that any sale/financing will pay all postpetition property taxes in full and it has therefore not yet paid the property taxes.

## 3. DISCLOSURE STATEMENT AND PLAN

At the preliminary Status Conference held in this case on January 13, 2021, the Court set a deadline of July 31, 2021, for the Debtor to file its disclosure statement describing chapter 11 plan of reorganization ("Disclosure Statement") and chapter 11 plan of reorganization ("Plan"), and a deadline of November 30, 2021 by which the Debtor must confirm a Plan (Scheduling Order is Docket No. 47).

The Debtor filed its *Motion for Order Extending Debtor's Exclusivity Period to File a Chapter 11 Plan of Reorganization* on January 18, 2021 (Docket No. 42), seeking to

**RESNIK HAYES MORADI LLP**

extend the period in which the Debtor has the exclusive right to file a Plan by 120 days (from February 25, 2021, through and including June 25, 2021), and extending the period in which the Debtor has the exclusive right to solicit acceptance of a Plan by 150 days (from April 26, 2021, through and including September 23, 2021). Farm Credit filed an *Objection* thereto on January 25, 2021 (Docket No. 50) and the Debtor filed its *Reply* on February 2, 2021 (Docket No. 51). The motion was heard and granted at the hearing held on February 8, 2021.

## 4. U.S. TRUSTEE ("UST") COMPLIANCE

The Debtor believes that it is in substantial compliance with its obligations as a DIP at this time; the December Monthly Operating Report was filed on January 18, 2021 (Docket No. 45).

The Debtor has been in recent communications with the UST regarding certain amendments to the previously filed MORs and the Debtor is working on those edits with its MOR preparer, Debbie Tyrell. The amendments relate to various payments that Mr. Codding made on behalf of the Debtor, which are categorized as gifts but are in any event payments made on behalf of the Debtor and which are therefore subject to UST quarterly fees. Additional corrections related to the balance sheets have also been discussed.

Dated: February 10, 2021

**RESNIK HAYES MORADI LLP**

By: ___/s/ Roksana D. Moradi-Brovia___
**Roksana D. Moradi-Brovia**
**W. Sloan Youkstetter**
*Attorneys for Debtor*
Northern Holdings, LLC

RESNIK HAYES
MORADI LLP

EXHIBIT "J"

242

## DECLARATION OF LEROY CODDING

I, Leroy Codding, declare as follows:

1.    I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto.  Where facts are alleged upon information and belief, I believe them to be true.

2.    I am the sole and managing member and the custodian of records of Northern Holdings, LLC, the "Debtor" and "Debtor-in-Possession" ("DIP") in this Chapter 11 case. I am authorized to make decisions for the Debtor.

3.    The Debtor commenced this case on October 28, 2020.

4.    The Debtor is a Minnesota LLC; it was created for the purpose of acquiring and restructuring a wine importer/distribution company in St. Paul, MN.

5.    The Debtor currently owns and operates the following real properties which it acquired from Erich Russell on October 27, 2020:

| "Live Oak Property" | FMV $9,700,000 |
|---|---|
| 2380 Live Oak Road<br>Paso Robles, CA  93446<br><br>*2 homes on the property.* | 1st TD:<br>Farm Credit West, FLCA [hereinafter "Farm Credit"] (cross-collateralized with 1172 and Texas Road)<br>$19,040,509.25 (per Farm Credit's Motion for Relief)<br><br>Property Taxes:<br>County of San Luis Obispo County Tax Collector<br>$13,625.84 |
| "1172 Property" | FMV $11,500,000 |
| 1172 San Marcos Road<br>Paso Robles, CA 93446<br><br>*Winery facility (42,000 sq ft) and residential apartment.* | 1st TD:<br>Farm Credit (cross-collateralized with Live Oak and Texas Road)<br>$19,040,509.25 (per Farm Credit's Motion for Relief) |

**RESNIK HAYES**
**MORADI LLP**

**EXHIBIT "J"**

243

| | |
|---|---|
| | Property Taxes:<br>County of San Luis Obispo County Tax Collector<br>$3,200,000 |
| **"Texas Road Property"**<br><br>APN 027-145-022<br><br>*42-acre vineyard (permits obtained for a single-family residence but no plan to proceed with construction at this point).* | FMV $4,300,000<br><br>1st TD:<br>Farm Credit (cross-collateralized with 1172 and Live Oak)<br>$19,040,509.25 (per Farm Credit's Motion for Relief)<br><br>Property Taxes:<br>County of San Luis Obispo County Tax Collector<br>$6,618.26 |

6.    The Debtor also owns equipment: various pumps and irrigation capital equipment; trellis systems, miscellaneous winery equipment valued at about $2,500,000.

7.    This case was filed in order to stop a foreclosure sale of the Debtor's real properties by lienholder Farm Credit and so that it can otherwise reorganize its financial affairs.

8.    The Debtor filed its *Application to Employ Resnik Hayes Moradi LLP as General Bankruptcy Counsel* on November 17, 2020 (Docket No. 25); the application was approved on January 4, 2021 (Docket No. 40).

9.    The Debtor gave notice of the claims bar date of March 31, 2021 (Scheduling Order is Docket No. 47) to all required parties in interest on January 18, 2021 (Docket No. 43).

10.    Farm Credit filed its *Motion for Relief from the Automatic Stay under 11 U.S.C. §362(d)(1), (2), and (4)* (the "Motion for Relief") on November 6, 2020 [Docket No. 11]. After review of the Debtor's *Objection* thereto [Docket No. 24] and the *Supplemental Declaration* in support of the Objection [Docket No. 28], and Farm Credit's *Reply* [Docket No. 27]], the Court entered its *Order Continuing Hearing on Motion for*

**RESNIK HAYES**
**MORADI LLP**

EXHIBIT "J"

244

*Relief from Stay* [Docket No. 32] on December 2, 2020, continuing the hearing on the Motion for Relief to March 22, 2020.

11.    As set forth in the initial Status Report (Docket No. 38) and various pleadings filed since that time, the Debtor has outlined the following as its plan for financial reorganization: refinance, sale and/or lease of the Debtor's three real properties as quickly as possible.

12.    To that end, I negotiated on behalf of the Debtor a *Real Estate Consulting and Advisory Services Agreement* ("Agreement") with Hilco Real Estate, LLC ("Hilco"). Hilco's role shall be to develop a sales strategy with the Debtor and to market the Live Oak and 1172 Properties for sale (reserve price is $30,500,000), to negotiate the terms of the sales on behalf of the Debtor and to advise and consult the Debtor regarding these transactions and process.

13.    Hilco will market the properties for sale through an accelerated sales process; the bid deadline/auction is anticipated to be or within eight weeks after entry of the order approving its employment tin this case.

14.    The Debtor has decided to work with Hilco for a variety of reasons, one of which is that Hilco has been employed in many bankruptcy cases and is familiar with the Chapter 11 process, and I therefore believe that it is an optimal "partner" to execute the Debtor's plans to sell/refinance.

15.    The application to employ Hilco has been drafted and the Debtor expects to file it within the next week.

16.    I have also been actively negotiating on behalf of the Debtor with third party growers Broken Earth Winery and WarRoom Ventures to lease vineyard blocks at the Texas Road Property. This incremental business would result in additional income of approximately $12,000 per month and a windfall of $80,000 to $110,000 for harvest in September and October. The Debtor is also trying to secure a planting/fruit sales contract with Justin Winery.[2] These efforts are slated to generate significant additional income for

---

[2] Justin Winery is part of the Wonderful Company.

**RESNIK HAYES
MORADI LLP**

the Debtor and assist in the process of securing a new loan.

17.    The Debtor received the following rental income since the case was filed: all rents are being segregated in the Debtor's bank accounts. Several of the rent checks were deposited late (but were timely tendered by the tenants) because I was quarantining for two weeks; once I received my negative COVID-19 test result, the checks were deposited.

|  | Live Oak Unit #1 | Live Oak Unit #2 | 1172 winery facility | 1172 apartment |
|---|---|---|---|---|
| **Tenant** | None - the unit is currently being marketed for rent. Mr. Codding personally funded the renovations which are now complete. | Erich Russell | Rabbit Ridge Wine | Bill Tolar (tenant was using drop box for rents and checks accumulated, new arrangement for timely payments now made) |
| **Rental Amount** | N/A | $12,000 | $15,000 | $1,600 |
| **Date Nov. Rent Received** | N/A | 11/1/2020 | 10/29/2020 | 11/4/2020 |
| **Date Nov. Rent Deposited** | N/A | 12/2020 | 12/2020 | 1/28/2021 |
| **Date Dec. Rent Received** | N/A | 11/1/2020 | 12/3/2020 | 12/5/2020 |
| **Date Dec. Rent Deposited** | N/A | 12/28/2020 | 12/28/2020 | 1/28/2021 |
| **Date Jan. Rent Received** | N/A | 11/1/2020 | 12/5/2020 | 1/4/2021 |
| **Date Jan. Rent Deposited** | N/A | 1/22/2021 | 1/22/2021 | 1/28/2021 |

18.    Because the Debtor is selling the Live Oak and 1172 properties and is actively looking for financing for Texas Road, it believes that any sale/financing will pay all postpetition property taxes in full and it has therefore not yet paid the taxes.

///
///
///
///
///
///
///

**RESNIK HAYES
MORADI LLP**

19.     The Debtor filed its *Motion for Order Extending Debtor's Exclusivity Period to File a Chapter 11 Plan of Reorganization* on January 18, 2021 (Docket No. 42), seeking to extend the period in which the Debtor has the exclusive right to file a Plan by 120 days (from February 25, 2021, through and including June 25, 2021), and extending the period in which the Debtor has the exclusive right to solicit acceptance of a Plan by 150 days (from April 26, 2021, through and including September 23, 2021).  Farm Credit filed an *Objection* thereto on January 25, 2021 (Docket No. 50) and the Debtor filed its *Reply* on February 2, 2021 (Docket No. 51). The motion was heard and granted at the hearing held on February 8, 2021.

20.     I believe that the Debtor is in substantial compliance with its obligations as a DIP at this time; the December Monthly Operating Report was filed on January 18, 2021 (Docket No. 45).

21.     The Debtor has been in recent communications with the UST regarding certain amendments to the previously filed MORs and I am working on those edits with the Debtor's MOR preparer, Debbie Tyrell. The amendments relate to various payments that I made on behalf of the Debtor, which are categorized as gifts but are in any event payments made on behalf of the Debtor and which I understand are therefore subject to UST quarterly fees. Additional corrections related to the balance sheets have also been discussed.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this February ___, 2021 at _____, California.

By:    SEE NEXT PAGE

**Leroy Codding**
*Declarant*

RESNIK HAYES
MORADI LLP

EXHIBIT "J"

247

19.     The Debtor filed its *Motion for Order Extending Debtor's Exclusivity Period to File a Chapter 11 Plan of Reorganization* on January 18, 2021 (Docket No. 42), seeking to extend the period in which the Debtor has the exclusive right to file a Plan by 120 days (from February 25, 2021, through and including June 25, 2021), and extending the period in which the Debtor has the exclusive right to solicit acceptance of a Plan by 150 days (from April 26, 2021, through and including September 23, 2021).  Farm Credit filed an *Objection* thereto on January 25, 2021 (Docket No. 50) and the Debtor filed its *Reply* on February 2, 2021 (Docket No. 51). The motion was heard and granted at the hearing held on February 8, 2021.

20.     I believe that the Debtor is in substantial compliance with its obligations as a DIP at this time; the December Monthly Operating Report was filed on January 18, 2021 (Docket No. 45).

21.     The Debtor has been in recent communications with the UST regarding certain amendments to the previously filed MORs and I am working on those edits with the Debtor's MOR preparer, Debbie Tyrell. The amendments relate to various payments that I made on behalf of the Debtor, which are categorized as gifts but are in any event payments made on behalf of the Debtor and which I understand are therefore subject to UST quarterly fees. Additional corrections related to the balance sheets have also been discussed.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this February _9th_ 2021 at _____ Paso Robles _____, California.

By: _____

**Leroy Codding**
*Declarant*

**RESNIK HAYES**
**MORADI LLP**

EXHIBIT "J"                                                    248

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (specify): <u>STATUS REPORT; DECLARATION OF LEROY</u> <u>CODDING IN SUPPORT THEREOF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 2/10/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (date) 2/10/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

No <u>Judge's Copy</u> required for documents less than 25-pages per GENERAL ORDER 20-06 - IN RE: PROCEDURES FOR PHASED REOPENING DURING COVID-19 PUBLIC EMERGENCY.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 2/10/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/10/2021 | Ja'Nita Fisher | /s/ Ja'Nita Fisher |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

EXHIBIT "J"

**F 9013-3.1.PROOF.SERVICE**

249

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) [CONTINUED]:**

- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **Michael J Gomez**    mgomez@frandzel.com, dmoore@frandzel.com
- **Roksana D. Moradi-Brovia**    roksana@rhmfirm.com,
  matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla
  @rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rh
  mfirm.com;sloan@rhmfirm.com
- **Matthew D. Resnik**    matt@rhmfirm.com,
  roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;prisc
  illa@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@
  rhmfirm.com;sloan@rhmfirm.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Reed S Waddell**    rwaddell@frandzel.com, sking@frandzel.com
- **Gerrick Warrington**    gwarrington@frandzel.com, sking@frandzel.com

2. **SERVED BY UNITED STATES MAIL [CONTINUED]:**

Northern Holding, LLC
13217 Jamboree Rd #429
Tustin CA 92782

ALL CREDITORS:

Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA 95812

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Employment Development Dept.
Bankruptcy Group MIC 92E
Po Box 826880
Sacramento, CA 94280

California Department of Tax and Fee
Administration
Account Information Group MIC:29
P.O. Box 942879
Sacramento, CA 94279

U. S. Securities and Exchange Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

Attorney General
United States Department of Justice
Ben Franklin Station

P. O. Box 683
Washington, DC 20044

Civil Process Clerk
United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

Bank of America
PO Box 15019
Wilmington, DE 19850

Capital One
PO Box 60599
City of Industry, CA 91716

Electro-Steam Generator Corp.
50 Indel Ave.
Rancocas, NJ 08073

Erich Russell
2380 Live Oak Road
Paso Robles, CA 93446

Farm Credit West
3755 Atherton Rd
11707 Fair Oaks Blvd

Rocklin, CA 95765

Farm Credit West, FLCA
c/o Frandzel Robins Bloom & Csato, L.C.
Attn: Michael J. Gomez,Reed Waddell
and Gerrick Warrington
1000 Wilshire Boulevard, 19th Floor
Los Angeles, California 90017

Mortgage Lender Services as Agent
Farm Credit West, FLCA, as Trustee
11707 Fair Oaks Blvd
Fair Oaks, CA 95628

PG&E
Po Box 99700
Sacramento, CA 95899

San Luis Obispo Tax Collector
1055 Monterey St Room D290
San Luis Obispo, CA 93408

Sunbelt Rentals
Po Box 409211
Atlanta, GA 30384

West Coast Wine Partners
134 Church Street

# Exhibit "K"

**Goldenberg, Nancy  (USTP)**

| | |
|---|---|
| **From:** | Roksana D. Moradi-Brovia, Esq. <roksana@rhmfirm.com> |
| **Sent:** | Tuesday, February 2, 2021 12:09 PM |
| **To:** | Sorensen, Marilyn  (USTP) |
| **Cc:** | Sloan Youkstetter; Goldenberg, Nancy  (USTP); Matt Resnik |
| **Subject:** | Re: Ms. Tyrell/ Northern Holding, LLC (8: 20-bk13014-MW) |

Hi Marilyn,

We have agreement from the UST in the other divisions that Mr. Tyrell is not a "professional" and we therefore do not employ her as MOR preparer for the estate. I know that in Santa Ana we have done it both ways.

Mr. Codding has been paying her himself - those payments will be reflected in the MORs ("payment on behalf of the debtor") per your email earlier today. She typically charges about $150-300 per month depending on how many conversations/drafts she needs to prepare.

Please give me your thoughts on whether we should prepare an application to employ her, thanks.


- **Roksana D. Moradi-Brovia, Esq.*** | *Partner*


*\*Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization*


**RESNIK HAYES MORADI LLP**

17609 Ventura Boulevard, Suite 314
Encino, CA 91316
**Direct Line:** (818) 933-2843
**Main Line:** (818) 285-0100
**Facsimile:** (818) 855-7013

**RESNIK HAYES MORADI LLP**
510 West Sixth Street, Suite 1220
Los Angeles, CA 90014
**Telephone:** (213) 572-0800
**Facsimile:** (213) 572-0860


www.RHMFirm.com

www.CentralDistrictInsider.com




1
**EXHIBIT "K"**                                            252

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. The information contained herein is intended only for use by the individual or entity named above. Unauthorized interception, review, use or disclosure is prohibited. If you are not the intended recipient, please destroy this email after advising by reply that you erroneously received this, and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the designated recipient does not waive the attorney-client privilege or work-product doctrine.

On Tue, Feb 2, 2021 at 11:50 AM Sorensen, Marilyn (USTP) <Marilyn.Sorensen@usdoj.gov> wrote:

Roksana,

Your earlier e-mail mentioned that Mr. Codding is meeting tomorrow with a Ms. Tyrell.  What services will Ms. Tyrell render to the Debtor?  No application to employ her appears to have been filed.  Has she been paid any money?  If so, when and who paid the funds?

Thank you,

Marilyn

**Marilyn S. Sorensen**
Bankruptcy Analyst
Dept. of Justice/ U.S. Trustee
Ronald Reagan Fed. Bldg. & U.S. Courtho...
411 W 4th Street
Suite 7160
Santa Ana, CA 92701-8000

(714) 338-3471 (st
(714) 338-3408 (vici)

Exhibit "L"

| Attorney or Party Name, Address, Telephone and FAX | |
| --- | --- |
| Roksana D. Moradi (Bar No. 266572)<br>RESNIK HAYES MORADI LLP<br>17609 Ventura Blvd., Suite 314<br>Encino, CA 91316<br>Telephone: (818)285-0100<br>Facsimile: (818) 855-7013<br><br>☐ Pro Se Debtor | |
| **OFFICE OF THE UNITED STATES TRUSTEE<br>LOS ANGELES DIVISION** | **SUBMIT TO UNITED STATES TRUSTEE<br>– DO NOT FILE WITH COURT** |
| In Re:<br><br>**Northern Holdings, LLC**<br><br>Debtor-In-Possession. | Case Number:<br>8:20-bk-13014-MW |
| | **DECLARATION OF DEBTOR REGARDING<br>COMPLIANCE WITH UNITED STATES<br>TRUSTEE GUIDELINES AND<br>REQUIREMENTS FOR CHAPTER 11<br>DEBTORS IN POSSESSION** |

---

**Privacy Policy [Privacy Act of 1974, as amended (5 U.S.C 552a) and LBR 1002-1(e)].**

*Declarant acknowledges that they have redacted all personally identifiable information contained in this declaration and its attachments and further acknowledges that is the responsibility of the filing party, not the United States Trustee Program, to ensure compliance with this policy.*

*(1)     All "personal identifiers" must be redacted from documents filed with the USTP, including attachments. "Personal identifiers" are considered to be the following:*

*(A)     Social Security Numbers. If an individual's Social Security number (SSN), or Individual Tax Payer Identification Numbers (ITIN) must be included in the document, only the last four digits of that number should be used.*

*(B)     Financial Account Numbers. Only the last four digits of these numbers should be used;*

*(C)     Dates of Birth. If an individual's date of birth must be included in the document, only the year should be used; and*

*(D)     Names of Minor Children. If the name of a minor child must be mentioned, only the initials of that child should be used.*

---

1. **REAL PROPERTY**

   1.1.     For each property that debtor owns, leases, has an interest in, or is in the process of purchasing, including debtor's personal residence, declarant has attached the following documentation:

   **Check All That Apply:**

   ☐     1.1.1.     Debtor owns a personal residence. A Real Property Questionnaire for Principal Residence (USTLA-5.1) is attached hereto.

   ☑     1.1.2.     Debtor owns, leases, has an interest in, or is in the process of purchasing a total of **four (4) or less** parcels of real property. For each such property, declarant has attached a Real Property Questionnaire (USTLA-5.2).

   ☐     1.1.3.     Debtor owns, has an interest in, or is in the process of purchasing a total of **five (5) or more** parcels of real property. Attached is an Owned Property Summary Sheet (USTLA-5.3) which identifies all such parcels of real property.

   ☐     1.1.4.     Debtor leases **five (5) or more** parcels of real property. Attached is a Leased Properties Summary Sheet (USTLA-5.4)

Effective September 1, 2011

*USTLA 3*

EXHIBIT "L"

| In Re: | Northern Holdings, LLC | Case No.: |
|---|---|---|
| | Debtor. | **8:20-bk-13014-MW** |

## 2. **BANK ACCOUNT INFORMATION**

2.1. Debtor has closed all pre-petition bank accounts indicated below. For each account that is closed, Debtor has attached a copy of a bank statement evidencing that the account has been closed. For each account that has not been closed, debtor has provided a detailed explanation as to why each account has not been closed.

    2.1.1. Account Name: Debtor did not have a prepetition bank account
        Depository:
        Last 4 digits of Account Number:
        Date of Closure:
        Closing Balance:
        Explanation if account has not been closed:

    2.1.2. Account Name:
        Depository:
        Last 4 digits of Account Number:
        Date of Closure:
        Closing Balance:
        Explanation if account has not been closed:

    2.1.3. Account Name:
        Depository:
        Last 4 digits of Account Number:
        Date of Closure:
        Closing Balance:
        Explanation if account has not been closed:

☐ Additional sheets are attached hereto, marked Attachment 2.1, and incorporated herein by reference.

2.2. All funds from the above-referenced pre-petition bank accounts were transferred to the following Chapter 11 debtor in possession bank accounts:

    2.2.1. Account Name: Debtor-in-Possession General Account
        Depository: Farmers & Merchants Bank
        Last 4 digits of Account Number: In process
        Opening Date:
        Initial Deposit:
        The beginning balance of this account differs from the ending balance of the pre-petition account because:

| In Re: | Northern Holdings, LLC | Case No.: 8:20-bk-13014-MW |
|---|---|---|
| | Debtor. | |

2.2.2.    Account Name:   Debtor-in-Possession Live Oak Cash Coll.

Depository:  Farmers & Merchants Bank

Last 4 digits of Account Number:   In process

Opening Date:

Initial Deposit:

The beginning balance of this account differs from the ending balance of the pre-petition account because:

2.2.3.    Account Name:   Debtor-in-Possession TX Rd. Cash Coll.

Depository:  Farmers & Merchants Bank

Last 4 digits of Account Number:   In process

Opening Date:

Initial Deposit:

The beginning balance of this account differs from the ending balance of the pre-petition account because:

☑ Additional sheets are attached hereto, marked Attachment 2.2, and incorporated herein by reference.

## 3.   INSURANCE COVERAGE

3.1.    Debtor will maintain appropriate insurance coverage for all estate property, including vacant land, throughout the pendency of this proceeding.

3.2.    Debtor has named the United States Trustee, 725 S. Figueroa Street, Suite 2600, Los Angeles, CA 90017, as an *additional interest party* on each and every insurance policy listed herein and any other policies, throughout the pendency of this proceeding.

3.3.    If, for any reason, an insurance policy shall lapse, not be renewed, or fails to be in full force and effect, debtor will *immediately* provide updated proof of insurance to the United States Trustee.

3.4.    The following policies are in effect as of the date of this declaration.

| | Name of Insurance Carrier | Type of Insurance | Policy Number |
|---|---|---|---|
| 3.4.1. | Federal Insurance Company | General Liability | 3605-90-82 WCE |
| 3.4.2. | | | |
| 3.4.3. | | | |
| 3.4.4. | | | |

3.5.    *COPIES OF THE DECLARATION PAGE(S) for each policy listed herein are attached hereto as Attachment 3.5.  Each declaration page(s) reflects (1) the name of insured, the additional interest party(ies), type and extent of coverage; policy expiration date; and the account or policy number (or other identifying information).*

## Attachment 2.2.4  BANK ACCOUNT INFORMATION

| | |
|---|---|
| Account Name: | Debtor-in-Possession 1172 Cash Coll. |
| Depository: | Farmers & Merchants Bank |
| Last 4 digits of Account Number: | In process |
| Opening Date: | |
| Initial Deposit: | |

EXHIBIT "L"                    257

| In Re: | Northern Holdings, LLC | Case No.: | 8:20-bk-13014-MW |
|---|---|---|---|
| | Debtor. | | |

## 4. PROOF OF REQUIRED CERTIFICATES AND LICENSES

4.1.  Debtor will maintain all appropriate certificates and licenses required by federal, state and local law for the lawful operation of debtor's business.

4.2.  The following certificates and licenses are in effect as of the date of this declaration:

| | Type of Certificate or License | Issuing Authority |
|---|---|---|
| 4.2.1. | N/A | |
| 4.2.2. | | |
| 4.2.3. | | |
| 4.2.4. | | |

4.3.  *Attached hereto as Attachment 4 is a copy, or other proof, of each license or certificate listed above.*

## 5. LIST OF INSIDERS

The following constitutes a complete list of all insiders of the debtors, as that term is defined by 11 U.S.C. Section 101(31):

| | Name of Person | Relationship to Debtor |
|---|---|---|
| 5.1.1. | Lee Codding | Managing Member & Sole Owner |
| 5.1.2. | | |
| 5.1.3. | | |

☐  Additional sheets are attached hereto, marked Attachment 5, and incorporated herein by reference.

## 6. FINANCIAL STATEMENTS

Debtor has the following financial statements that were issued in the two year period prior to the filing of this bankruptcy:

| | Audited | Unaudited |
|---|---|---|
| 6.1.1. | | |
| 6.1.2. | | |
| 6.1.3. | | |
| 6.1.4. | | |
| 6.1.5. | | |
| 6.1.6. | | |
| 6.1.7. | | |

☑  Debtor **HAS NOT** issued any financial statements in the two year period prior to the filing of this bankruptcy.

## 7. HEALTH CARE BUSINESS

☑  Debtor **IS NOT** a health care business as defined by 11 U.S.C. Section 101(27A).

☐  Debtor **IS** a health care business as defined by 11 U.S.C. Section 101(27A).

| In Re: | Northern Holdings, LLC | Case No.: | 8:20-bk-13014-MW |
|---|---|---|---|
| | Debtor. | | |

## 8. TRUST AGREEMENTS

☑ Debtor **IS NOT** a party to a trust agreement or a beneficiary under a trust agreement that holds property.

☐ Debtor **IS** a party to a trust agreement, or is a beneficiary under a trust agreement that holds property. Copies of all such trust agreements are attached hereto as Attachment 8.

## 9. RECORDATION OF CHAPTER 11 PETITION

☐ Debtor **DOES NOT** hold an interest in real property.

☐ Debtor **HAS** recorded a copy of the Chapter 11 petition in all counties in which it holds an interest in real property. Copies (or conformed copies) of each recorded petition are attached hereto as Attachment 9.

☑ Debtor has not been able to fulfill this requirement because:

In process

## 10. FEDERAL AND STATE TAX RETURNS

Debtor has filed the following tax returns (list last two years for which returns have been filed). *Copies will be provided at the Initial Debtor Interview.*

| Tax Year | Form Number and Name of Return *(i.e., 1040, Individual Income Tax Return)* | Taxing Agency's Name *(i.e., IRS)* |
|---|---|---|
| 2013 | 1065 & 510 | IRS & FTB |
| 2014 | 1065 & 510 | IRS & FTB |
| | | |
| | | |

☑ Current tax returns have not been filed because:

In process

## 11. EMPLOYEE BENEFIT PLANS

Attached hereto and marked Attachment 11 is a fully executed Employee Benefit Plan Questionnaire.

☑ **BUSINESS ENTITIES**: I, am the authorized agent of the debtor named in this case, declare under penalty of perjury that I have read the foregoing Declaration, and the information provided is true and correct to the best of my knowledge, information, and belief. I further declare that I have been authorized to file this declaration on behalf of the debtor.

DATED: 11/3/2020

_____
Signature of Authorized Individual

Lenny Cobling - member/manager
Printed Name of Authorized Individual

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
OFFICE OF THE U.S. TRUSTEE, 411 West 4th St., #7160 Santa Ana, CA 92701

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE TO DISMISS OR CONVERT CASE PURSUANT TO 11 U.S.C. §1112(b); DECLARATIONS OF NANCY S. GOLDENBERG AND MARILYN S. SORENSEN; POINTS AND AUTHORITIES AND EXHIBITS** will be served in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 16, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated Below:

- **Nancy S Goldenberg**   nancy.goldenberg@usdoj.gov
- **Michael J Gomez**   mgomez@frandzel.com, dmoore@frandzel.com
- **Roksana D. Moradi-Brovia**   roksana@rhmfirm.com,
  matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Matthew D. Resnik**   matt@rhmfirm.com,
  roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Reed S Waddell**   rwaddell@frandzel.com, sking@frandzel.com
- **Gerrick Warrington**   gwarrington@frandzel.com, sking@frandzel.com

☐ Service information continued on attached page

**2.  I SERVED BY UNITED STATES MAIL**: On **February 16, 2021**, I will be served on the persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge underline will be completed no later than 24 hours after the document is filed

**Northern Holding, LLC**
Attn: Leroy Codding
13217 Jamboree Road, #429
Tustin, CA 92782

☐ Service information continued on attached page

**3. I SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR**  (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

| 02/16/21 | Jaimee Zayicek | /s/ Jaimee Zayicek |
|----------|----------------|---------------------|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

PETER C. ANDERSON
United States Trustee
Nancy S. Goldenberg (Bar No. 167544)
Attorney for the U.S. Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA  92701-8000
Telephone: (714) 338-3400
Facsimile: (714) 338-3421
Nancy.Goldenberg@usdoj.gov

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>NORTHERN HOLDING, LLC,<br><br>Debtor. | CASE NUMBER: **8:20-bk-13014-MW**<br><br>CHAPTER 11<br><br>NOTICE OF HEARING |

TO THE CREDITORS AND OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that the following hearing will be held on
**March 22, 2021 at 2:00 p.m.**

*Notice of Motion and Motion by United States Trustee Motion to Dismiss or Convert Case Pursuant To 11 U.S.C. Section 1112(B); Declarations Of Nancy S. Goldenberg and Marilyn S. Sorensen In Support Thereof;*

**And because of the COVID-19 pandemic, Judge Wallace will conduct his hearings using**

**Courtcall. Information on how to participate in the hearing using Courtcall is provided below.**

Online registration with CourtCall is available. For those who want to register online, simply go to www.Courtcall.com and there you can follow the instructions for online registration. It is imperative that parties register with CourtCall as early as possible to permit sufficient time for CourtCall to process your request and for the Court to be notified by CourtCall that you are appearing in a matter. You can also contact CourtCall *directly* by telephoning (866) 582-6878.

Please use a landline for higher reception and clarity. Speaker phones are prohibited. After CourtCall has connected your phone line to the Courtroom, please put your phone on mute until your calendar number is called to avoid interfering with other hearings in progress.

Objections, if any, to the above shall be in writing and filed with the Court and served upon the court party named in the upper left-hand corner of this notice at least fourteen (14) days prior to the hearing date. See Local Bankruptcy Rule 9013-1(f)&(h).

DATED:  2/16/21                                KATHLEEN J. CAMPBELL
                                               Clerk of Court