| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Paul F. Ready, SB# 107469<br>1254 Marsh Street<br>PO Box 1443<br>San Luis Obispo, CA 93406<br>Telephone: 805-541-1626<br>Fax: 805-541-0769<br>Email: pfready@farmerandready.com<br><br>☐ *Individual appearing without attorney*<br>☑ *Attorney for:  Movant, Adler Belmont Group, Inc.* | |

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

| In re:<br><br>   **Northern Holding, LLC** | CASE NO.: 8:20-bk-13014-MW<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(PERSONAL PROPERTY)** |
| Debtor(s). | DATE:  **August 2, 2021**<br>TIME:  **9:00 a.m.**<br>COURTROOM:  **6C** |

| **Movant:**     Adler Belmont Group, Inc. |
|---|

1.  **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012          ☑ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2.  Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3.  To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 1          **F 4001-1.RFS.PP.MOTION**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☑ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____ ; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 7·6·21

**Farmer & Ready**
Printed Law Firm Name (if applicable)

**Paul F. Ready**
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1.  Movant has a perfected security interest in the Property.

2.  **The Property at Issue (Property):**

    a.  ☐   Vehicle (*year, manufacture, type, and model*):

        *Vehicle Identification Number:*
        *Location of vehicle (if known):*

    b.  ☐   Equipment (manufacturer, type, and characteristics):

        *Serial number(s):*

        *Location (if known):*

    c.  ☑   Other Personal Property (*type, identifying information, and location*): **General Liability Policy CA00004156801; Excess Liability Policy GX00000426701; also, see Exhibit "A".**

3.  **Bankruptcy Case History:**

    a.  ☑   An voluntary bankruptcy petition ☐ An involuntary bankruptcy petition
        under ☐ 7 ☑ 11 ☐ 12 ☐ 13 was filed on (date) 10/28/2020.

    b.  ☑   An order to convert this case to chapter ☑ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (date) 6/15/2021.

    c.  ☐   Plan was confirmed on (*date*) _____.

4.  **Grounds for Relief from Stay:**

    a.  ☑   Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1) ☐   Movant's interest in the Property is not adequately protected.

            (A) ☐   Movant's interest in the collateral is not protected by an adequate equity cushion.

            (B) ☐   The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

            (C) ☐   Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

            (D) ☐   other (*see attached continuation page*).

        (2) ☐   The bankruptcy case was filed in bad faith.

            (A) ☐   Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

            (B) ☐   The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

            (C) ☐   A non-individual entity was created just prior to bankruptcy petition date for the sole purpose of filing this bankruptcy case.

            (D) ☐   Other bankruptcy cases were filed in which an interest in the Property was asserted.

            (E) ☐   The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

            (F) ☐   Other (see attached continuation page).

        (3) ☐   (*Chapter 12 or 13 cases only*) All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 for payments due.
            ☐ postpetition preconfirmation ☐ postpetition postconfirmation.

        (4) ☐   The lease has matured, been rejected or deemed rejected by operation of law.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(5) ☐   The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(6) ☐   The Movant regained possession of the Property on *(date)* _____, which is
      ☐ prepetiton ☐ postpetition.

(7) ☑   For other cause for relief from stay, see attached continuation page.

b. ☑   Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. ☐ **Grounds for Annulment of the Stay**. Movant took postpetition actions against the Property or the Debtor.

   a. ☐   These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions,

   b. ☐   Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

   c. ☐   Others *(specify)*:

6. ☑   **Evidence in Support of Motion:** *Declaration(s) must be signed under the penalty of perjury and attached to this motion)*

   a.   The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

   b. ☑   Supplemental declaration(s).

   c. ☐   The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

   d. ☐   Other:

7.   **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.   Relief from the stay is granted under: ☑ 11 U.S.C. § 362(d)(1) ☐ 11 U.S.C. § 362(d)(2)

2. ☐   Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3. ☐   Confirmation that there is no stay in effect.

4. ☐   The stay is annulled retroactive to the petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐   The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☑   The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐   The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8. ☐   The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9. ☐   The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐   The order is binding and effective in any future bankruptcy case, no matter who the debtor may be
     ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐   If relief from stay is not granted, the court order adequate protection.

12. ☐   See continuation page for other relief requested.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Date:  7·6·21

**Farmer & Ready**
Print name of law firm

**Paul F. Ready**
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_June 2014_                              Page 5          **F 4001-1.RFS.PP.MOTION**

## CONTINUATION OF PARAGRAPH 4(a)(7)

4 (a)(7)

The debtor, through Leroy Codding, it's member-manager, falsely represented to Movant that Northern Holding was not involved in a bankruptcy proceeding, and then utilized an insufficient fund check in the amount of $57,062.32 to secure five insurance policies for the benefit of the debtor. It was not until after the down payment check bounced that the Movant became aware of the Debtor's pending bankruptcy, and the Movant has been unable to cancel the policy as a result of the automatic stay under 11 U.S.C. 362. There is a secured creditor who is fully capable of insuring their collateral for the benefit of the estate, and good cause exists to allow Movant to cancel he wrongfully and fraudulently obtained policies of insurance.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 6                 **F 4001-1.RFS.PP.MOTION**

# PERSONAL PROPERTY DECLARATION

I, (name of declarant) Cary Adler, declare:

1. I have personal knowledge of the matters set forth in this Declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property that is subject of this motion because (specify):

   a. ☐ I am the Movant.

   b. ☑ I am employed by the Movant as (title and capacity):  **An insurance agent.**

   c. ☐ Other (specify):

2. a. ☑ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   a. ☐ Vehicle (year, manufacturer, type, model, and year):

      Vehicle Identification Number:
      Location of vehicle (if known):

   b. ☐ Equipment (manufacturer, type, and characteristics):

      Serial number(s):
      Location (if known):

   c. ☑ Other Personal Property (type, identifying information, and location):  **General Liability Policy CA 00004156801; Excess Liability Policy GX 00000426701; also, see Exhibit "A".**

4. The nature of Debtor's interest in the Property is:

   a. ☐ Sole owner
   b. ☐ Co-owner
   c. ☐ Lessee
   d. ☑ Other (specify):  As additional named insured.
   e. ☑ Debtor ☐ did  ☑ did not  list the Property in the schedules filed in this case.

5. The lease matured or was rejected on (date) _____:

   a. ☐ rejected
      (1) ☐ by operation of law.
      (2) ☐ by order of the court
   b. ☐ matured.

6. ~~Movant has a perfected security interest in the Property.~~

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a. ☐ A true and correct copy of the promissory note or other document that evidences the debt owed by the Debtor to Movant is attached as Exhibit _____

b. ☐ The Property is a motor vehicle, boat, or other property for which a title certificate is provided for by state law. True and correct copies of the following items are attached to this motion:

    (1) ☐ Certificate of title ("pink slip") (Exhibit __).

    (2) ☐ Vehicle or other lease agreement (Exhibit __).

    (3) ☐ Security agreement attached (Exhibit __).

    (4) ☐ Other evidence of a security interest (Exhibit __).

c. ☐ The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided for by state law. True and correct copies of the following items are attached to this motion:

    (1) ☐ Security agreement (Exhibit __).

    (2) ☐ UCC-1 financing statement (Exhibit __).

    (3) ☐ UCC financing statement search results (Exhibit __).

    (4) ☐ Recorded or filed leases (Exhibit __).

    (5) ☐ Other evidence of perfection of a security interest (Exhibit __).

d. ☐ The Property is consumer goods. True and correct copies of the following items are attached to this motion:

    (1) ☐ Credit application (Exhibit __).

    (2) ☐ Purchase agreement (Exhibit __).

    (3) ☐ Account statement showing payments made and balance due (Exhibit __).

    (4) ☐ Other evidence of perfection of a security interest (*if necessary under state law*) (Exhibit __).

e. ☐ Other liens against the Property are attached as (Exhibit _____).

7. Status of Movant's debt:

    a. The amount of the monthly payment: $_____.

    b. Number of payments that became due and were not tendered:☐ prepetition ☐ postpetition

    c. Total amount in arrears: $_____.

    d. Last payment received on (*date*): _____

    e. Future payments due by time of anticipated hearing date (*if applicable*):
An additional payment of $____ will come due on ____, and on the __ day of each month thereafter. If the payment is not received by the __ day of the month, a late charge of $__ would be due under the terms of the loan.

8. ☐ Attached hereto as exhibit _____ is a true and correct copy of a POSTPETITION payment history that accurately reflects the dates and amounts of all payments made by the Debtor since the petition date.

9. Amount of Movant's debt:

| | | | |
|---|---|---|---|
| a. | Principal:.................................................................... | $ | 52,367.32 |
| b. | Accrued interest:......................................................... | $ | |
| c. | Costs (attorney's fees, late charges, other costs):............. | $ | |
| d. | Advances (property taxes, insurance):............................. | $ | |
| e. | TOTAL CLAIM as of _____ :................................... | $ | 52,367.32 |

10. ☑ (*Chapter 7 and 11 cases only*) Valuation: The fair market value of the Property is: $0.00.

    This valuation is based upon the following supporting evidence:

    a. ☐ This is the value indicated for collateral of this year, make, model, and general features in the reference guide most commonly used source for valuation data used by Movant in the ordinary course of its business for determining the value of this type of collateral. True and correct copies of the relevant excerpts of the most recent edition are attached as Exhibit _____.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 8                    **F 4001-1.RFS.PP.MOTION**

b. ☐ This is the value determined by an appraisal or other expert evaluation. True and correct copies of the expert's report and/or declarations attached as Exhibit _____.

c. ☐ The Debtor's admissions in the Debtor's Schedules filed in the case. True and correct copies of the relevant portions of the Debtor's Schedules are attached as Exhibit ___.

d. ☑ Other basis for valuation (specify): The property consists of nothing but insurance policies purchased by means of a bad check in the amount of $52,367.32 delivered to Movant, which was rejected based upon insufficient funds. The policies were also procured by fraud as the applicant failed to disclose the Debtor's pending Chapter 11.

---

**NOTE:** If valuation is contested, supplemental declarations providing additional foundation for the opinions of value should be submitted.

---

11. Calculation of equity in Property:

a. ☑ **11 U.S.C. § 362(d)(1) - Equity Cushion:**

   I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $0.00 and is 0% of the fair market value of the Property.

b. ☑ **11 U.S.C. § 362(d)(2)(A) - Equity**

   By subtracting the total amount of all liens from the value of the Property as set forth in Paragraph 11 above, I calculate that the Debtor's equity in the Property is $0.00.

12. ☑ The fair market value of the Property is declining because: The property has no value and is of no benefit to this estate and unnecessary for an effective reorganization. The automatic stay is effectively preventing the cancellation of the policies, despite: (i) the request of the primary insured to cancel three of the policies; (ii) failure of the insured to pay the $52,367.32 premium; and, (iii) fraud.

13. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

14. ☐ Movant regained possession of the Property on (date) _____, which is: ☐ prepetition ☐ postpetition.

15. ☐ (Chapter 12 or 13 cases only) Status of Movant's debt and other bankruptcy case information:

a. The 341(a) meeting currently scheduled for (or concluded on) (date) _____
   A plan confirmation hearing is currently scheduled for (or concluded on) (date): _____
   The plan confirmed on (if applicable) (date) _____

b. Postpetition <u>preconfirmation</u> payments due BUT REMAINING UNPAID after the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. <u>Postconfirmation</u> payments due BUT REMAINING UNPAID after the plan confirmation date (if applicable):

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

|  |  | $ | $ |
|--|--|--|--|
|  |  | $ | $ |

d. Postpetition advances or other charges due but unpaid:          $
   (*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:          $
   (*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:          $[     ]

             TOTAL POSTCONFIRMATION DELINQUENCY:          $

g. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.The plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or13 trustee regarding receipt of payments under the plan (attach LBR form F 4001-1.DEC.AGENT.TRUSTEE).

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation toinsure the collateral under the terms of Movant's contract with Debtor.

17. ☐ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs(or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☐ Multiple bankruptcy cases affecting the Property:

      1. Case name: _____
         Chapter: _____ Case number: _____
         Date filed: _____ Date Discharged: _____ Date dismissed: _____
         Relief from stay regarding the Property ☐ was ☐ was not granted.

      2. Case name: _____
         Chapter: _____ Case number: _____
         Date filed: _____ Date Discharged: _____ Date dismissed: _____
         Relief from stay regarding the Property ☐ was ☐ was not granted.

      3. Case name: _____
         Chapter: _____ Case number: _____
         Date filed: _____ Date discharged: _____ Date dismissed: _____
         Relief from stay regarding the Property ☐ was ☐ was not granted.

   ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew the bankruptcy case had been filed, Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 10              **F 4001-1.RFS.PP.MOTION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 2, 2021 | Cary Adler | _V. Adler_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 11                    **F 4001-1.RFS.PP.MOTION**

# EXHIBIT A

| Policy # | Term | Type | Company | Cost |
|---|---|---|---|---|
| CPPE69708000 | 04/15/2021 – 04/15/2022 | Commercial Property | American Empire Surplus Lines Ins Co | $83,451.63 |
| BME12S064197TIL21 | 04/15/2021 – 04/15/2022 | Equipment Breakdown | Travelers Property Casualty Co of America | $15,677.00 |
| SF21CARZ087L501 | 04/15/2021 – 04/15/2022 | Wine Stock STP | Navigators Insurance Co | $25,650.00 |
| CA00004156801 | 04/15/2021 – 04/15/2022 | General Liability | Admiral Insurance Company | $9,265.64 |
| GX00000426701 | 04/15/2021 – 04/15/2022 | Excess Liability | Admiral Insurance Company | $9,333.78 |

## SUPPLEMENTAL DECLARATION OF CARY ADLER
## IN SUPPORT OF MOTION FOR RELIEF

I, Cary Adler, hereby declare,

1.     That I have personal knowledge as to all of the following facts and if called to testify to the same would do so competently.

2.     That I am a principal of the Movant, Adler Belmont Group, Inc., and a licensed insurance broker under California Law.

3.     That on or about February 2, 2021 I provided Lee Codding, who represented himself as the President of Rabbit Ridge Wine Sales, Inc., and the sole member of Northern Holding, LLC, with a "Risk Survey" questionnaire for his completion with respect to his inquiry as to obtaining various policies of insurance for Rabbit Ridge Wine Sales, Inc. ("RRWS"), as primary insured, and the debtor, Northern Holding, LLC as an additional named insured.

4.     As part of the process of obtaining insurance, on March 9, 2021 Mr. Codding completed and returned the "Risk Survey" to me, a true and correct copy of the relevant portions of which is attached hereto as Exhibit "A". At page 2 of 54, Mr. Codding represented that the applicant had never been involved in a bankruptcy procedure.

5.     At page 51 of 54, Mr. Codding further represented to me that his style of business was" fair, hardworking, honest" and "ambitious".

6.     Notwithstanding those representations, on June 18, 2021 I discovered that Northern Holding, LLC, was in bankruptcy, and subsequently discovered that as of March 9, 2021 it was a Chapter 11 Debtor-in-Possession, and the subject of a motion by the U.S. Trustee to have that case dismissed or converted to a Chapter 7 proceeding.

7.     Based upon the Risk Survey, on April 15, 2021, on behalf of Movant, I placed 5 different insurance policies for the account of RRWS and Northern Holding, LLC, as follows:

    i)    Primary Insured: RRWS
          Additional Named Insured: Northern Holding, LLC
          Policy Type: Commercial Property
          Policy Number: CPPE69708000
          Premium Due: $83,451.63

ii)   Primary Insured: RRWS
Additional Named Insured: Northern Holding, LLC
Policy Type: Wine Stock STP
Policy Number: SF21CARZ087L501
Premium Due: $26,650.00

iii)   Primary Insured: RRWS
Additional Named Insured: Northern Holding, LLC
Policy Type: Equipment Breakdown
Policy Number: BME12S064197TIL21
Premium Due: $15,677.00

iv)   Primary Insured: RRWS
Additional Named Insured: Northern Holding, LLC
Policy Type: General Liability
Policy Number: CA00004156801
Premium Due: $9,265.64

v)   Primary Insured: RRWS
Additional Named Insured: Northern Holding, LLC
Policy Type: Excess Liability
Policy Number: GX0000426701
Premium Due: 9,333.78

8.     The total premiums due on the foregoing policies was $143,378.05. The initial down payment due was $52,067.32, and I arranged Premium financing for the $91,310.73 unpaid premium balance.

9.     I had no knowledge of Northern Holding, LLC's pending bankruptcy at any time prior to June 18, 2021.

10.     On May 27, 2021, Mr. Codding on behalf of Northern Holding, LLC directly deposited the check attached hereto as Exhibit "B" into the Movant's trust account. The check does not indicate that Northern Holding, LLC maintained their account as a "Debtor-in-Possession". I had previously provided Mr. Codding with wiring instructions for payment of the $52,067.32 down payment, so he was aware of the account information necessary to directly deposit the check into Movant's trust account. Mr. Codding sent me the email attached hereto as Exhibit "C" explaining what he had done.

11.     I waited two business days for the check to clear, and thereafter forwarded funds from Movant's trust account to World Wide Facilities, the surplus insurance policy broker, so that all of the policies listed in #7 (the "Policies") could be bound and issued. I learned the very next day, June 3, 2021, that the Northern Holding, LLC check had bounced

based upon insufficient funds, a true and correct copy of that notice is attached hereto as Exhibit "D".

12.    On June 3rd, 2021 I requested Mr. Codding on behalf of Northern Holding, LLC to wire sufficient funds necessary to cover their bad check and advised him that if funds were not received that day I would be cancelling all of the Policies.

13.    On June 7, 2021 $9,300.00 was wired to Movant's trust account.

14.    I commenced the necessary process for cancelling the Policies following the failure of Northern Holding to wire the funds necessary to cover their NSF $52,067.32 check.

15.    On June 18, 2021, I learned for the first time that Northern Holding was a Chapter 7 bankruptcy, by means of an email I received from Pam Kraus, a true and correct copy of which is attached hereto as Exhibit "E". One June 20, 2021 she sent me another email advising me that cancellation of the five unpaid-for policies would be a violation of the automatic stay. A true and correct copy of that email is attached hereto as Exhibit "F".

16.    On June 28, 2021, I received requests from the primary insured, Rabbit Ridge Wine Sales, Inc. to cancel three of the policies effective April 15, 2021. True and correct copies of those requests are attached hereto collectively as Exhibit "G".

17.    That based upon the misrepresentations of Mr. Codding on behalf of the Debtor, and the Trustee's insistence that the cancellation of the policies would be a violation of the automatic stay, I retained the services of Farmer & Ready in order to move the court for relief from stay so as to allow the Movant to cancel the Policies and to mitigate my personal liability for the failure of Northern Holding, LLC to deposit good funds into the Movant's trust account.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed this _2nd_ day of July, 2021 at San Luis Obispo, California.

_____
Cary Adler

# EXHIBIT A

2/2/2021

Risk Survey

*[handwritten: TD Cars By 2/12]*

**Category: Agribusiness Risk: Wineries**

### GENERAL INFORMATION

*[handwritten: Need: equip list balance sheet 1172 (case copy)]*

Account: | Rabbit Ridge Wine Sales, Inc.

Account number: | 2262

Agency: Adler Belmont Dye Insurance Services, Inc.

Agency number: | 08798

Producer: | Cary Adler

Producer number: 0G09892

Legal business name(s)

| Rabbit Ridge Wine Sales, Inc.

Northern Holding LLC

Mailing address:

13217 Jamboree Rd., Suite 429

Tustin, CA 92782

*[handwritten: Vineyard 300 Acres
o 80 Farmed
o 240 Fallow Land
Not Harvested]*

Email: | lecoddingiv@icloud.com

Website: | www.rabbitridgewinery.com

Type of entity:

|  |  |  |  |  |
|---|---|---|---|---|
| ___ Individual | X | Corporation |  | Sub-S Corp. |
| ___ Partnership | ___ | Joint Venture |  |  |
| ___ Not-for-profit |  | Limited Liability Company |  |  |

*[handwritten: Assessors Number 026-104-001]*

SIC Code(s): 2084

NAICS Code(s): | 312130

Federal ID Number: 592343 7783 *[handwritten: ?]*

When did the applicant start business operations? | *[handwritten: 1981 / Inc 2001]*

When did the present management assume control? 10/27/2020

How many years experience does the owner have in this type of business?

How many years experience does the manager have in this type of business?   20

Has the applicant ever been involved in a bankruptcy procedure?        Yes          No

If yes, explain including the type of bankruptcy, the filing date, and the resolution.


Names of subsidiary companies or joint ventures that are not part of this application:

None at this time


| Important People | Name | Phone Number |
| --- | --- | --- |
| Owner/Principal | Leroy Codding | 952-220-8216 |
| Other Decision Makers | | |
| Plant and Grounds | | |
| Financial | Steven Jones | 661-877-7525 |
| Legal | | |
| Claims | Lee Codding | 952-220-8216 |


The applicant's primary operations are:

Winery & Vineyard


The applicant's secondary and/or incidental operations are:

TASTING ROOM


The applicant used to be involved in the following operations, but they have been discontinued:

2/2/2021                                              Risk Survey

Is there any part of the applicant's operation where a specific temperature or humidity level must be maintained?         Yes         No

If yes, answer the following:

        Describe the temperature/humidity controlled operation.

        How long can the temperature/humidity range be maintained following a breakdown?
Hours

        Are backup systems in place to help control the temperature/humidity?         Yes         No

        What probably happens when the temperature/humidity are outside the controlled boundaries?

## MANAGEMENT PHILOSOPHY QUESTIONNAIRE

What is the applicant's mission statement?

*To optimize operations and realize the vision of a 40 year family enterprise.*

To what extent do employees embrace that mission statement?

*100%*

What is the applicant's style of business?

*fair, hard working, honest, ambitious*

What is the applicant's philosophy concerning insurance?

# EXHIBIT B



# EXHIBIT C

**Paul F Ready**

| | |
|---|---|
| **From:** | Lee Codding <lecoddingiv@icloud.com> |
| **Sent:** | Friday, May 28, 2021 8:12 AM |
| **To:** | Cary Adler |
| **Subject:** | Updating |

Hi Cary,

Quick update for you. I was waiting for incoming wire to send my wire. It is in process from a very reliable vendor who owes us money on terms, but hadn't hit as of close of business yesterday.

So, on a flyer I went ahead and made the deposit at Pacific Premier. Playing it so close isn't my preference or style but I really want to avoid ten-day cancellation/renewal status for a variety of reasons. Thank you for bearing with me on all this. The amount of the deposit was about double what I was expecting on this finance plan so I had to do some scrambling. My apologies.

Will be tied up in investor/buyer/ joint venture partner meetings on site all day. Just wanted to let you know what was up for my end of things.

Thank you and best,
Lee

1

# EXHIBIT D

**PACIFIC PREMIER BANK**

# Notice of Special Handling
# CHARGEBACK

Date: 06/02/21
Account: ⬛⬛⬛3256
Page: 1 of 2

**ADLER BELMONT GROUP, INC.**
**TRUST ACCOUNT**
**369 MARSH ST STE 200**
**SAN LUIS OBISPO CA 93401-3820**

Your account has been charged for the attached deposited check(s) that has been returned for the reason shown with each item.

| Date | Amount | Deposit Amt | Fee | Reason |
|------|--------|-------------|-----|--------|
| 05/27/2021 | 52,067.32 | 52,067.32 | 15.00 | NSF - Not Sufficent Funds |

Your account has been charged a fee of: **$ 15.00**     If you have any questions regarding this notice please call your local branch.



Item# 5250286934461 06/02/2021 $52,067.32
Reason: NSF - Not Sufficient Funds

# EXHIBIT E

**Paul F Ready**

| | |
|---|---|
| **From:** | Pam Kraus <pkraus@marshackhays.com> |
| **Sent:** | Friday, June 18, 2021 2:08 PM |
| **To:** | David Wood |
| **Cc:** | Cary Adler; Pam Kraus; Jessica Harkness |
| **Subject:** | RE: Northern Holding |
| **Attachments:** | ACORD Form 20210607-130926 (1).pdf |

Hi Cary, I am writing on behalf of Richard Marshack, the court appointed bankruptcy Trustee. The certificate of insurance, Lee provided yesterday, is attached.

Can you please tell me:

1. Status of the insurance policy(ies);
2. Amount owed now and going forward;
3. Due date;
4. Any other terms we should be aware of.

Your assistance is appreciated. Thank you

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

**From:** Pam Kraus <pkraus@marshackhays.com>
**Sent:** Friday, June 18, 2021 1:51 PM
**To:** Lee Codding <lecoddingiv@icloud.com>; David Wood <DWood@marshackhays.com>
**Cc:** Matt Resnik <matt@rhmfirm.com>; Richard Marshack <RMarshack@MarshackHays.com>; Cary Adler <cary@adlerbelmontgroup.com>; Pam Kraus <pkraus@marshackhays.com>
**Subject:** RE: Northern Holding

David, what information do we need from Cary?

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
Direct Dial 530-295-1044
Office 949-333-7777
pkraus@marshackhays.com

**From:** Lee Codding <lecoddingiv@icloud.com>
**Sent:** Friday, June 18, 2021 1:25 PM

1

**To:** David Wood <DWood@marshackhays.com>
**Cc:** Matt Resnik <matt@rhmfirm.com>; Richard Marshack <RMarshack@MarshackHays.com>; Pam Kraus <pkrauś@marshackhays.com>; Cary Adler <cary@adlerbelmontgroup.com>
**Subject:** Re: Northern Holding

Pam,

Cary Adler is broker. He is in copy.

805/540-3900

I'm happy to discuss any time. We just need to figure out which entity needs to pay what portion of the premium finance package.

I'll follow your lead.

Thank you,
Lee

On Jun 18, 2021, at 1:15 PM, David Wood <DWood@marshackhays.com> wrote:

Lee, can you provide Pam the number for the insurance broker asap? Pam, can you call and get the information we need.

# EXHIBIT F

Cc: Pam Kraus <pkraus@marshackhays.com>; David Wood <DWood@marshackhays.com>; Cary Adler
<Cary@AdlerBelmontGroup.com>; documents+marshack@txitrustee.com
Subject: Bankruptcy Estate of Northern Holdings Insurance #20-13014
Importance: High

To whom it may concern,

On June 15, 2021, Richard A. Marshack was appointed as the Chapter 7 Trustee in the Bankruptcy Case of *In re Northern Holdings*, Case No. 8:20-bk-13014-MW currently pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division ("Bankruptcy Court") by the Office of the United States Trustee. The Trustee has recently learned that either the Debtor or its affiliate and/or tenant is a beneficiary to five (5) separate insurance policies with your office and that the policies may be subject to cancellation by your office because of non-payment for the past two (2) months.

Please be advised that cancellation of any of the policies may be considered a violation of the automatic stay imposed by 11 U.S.C. 362. Specifically, The filing of a bankruptcy petition creates an automatic stay for "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Insurance policies for which the debtor is an insured party are property of the estate to which the automatic stay applies. *See, e.g., In re Minoco Group of Companies*, 799 F.2d 517, 519 (9th Cir. 1986) ("[C]ancellation of the insurance policies … was automatically stayed by section 362(a)(3)."). Specifically, an insurance policy is property of the estate "if the debtor's estate is worth more with them than without them." *Pintlar Corp. v. Fidelity & Casualty Co. (In re Pintlar Corp.)*, 124 F.3d 1310, 1313 (9th Cir. 1997) (citing *Minoco*); *see also In re Computer Communications*, 824 F.2d 725, 729 (9th Cir. 1987) ("This court has held that insurance contracts are embraced in the statutory definition of 'property.'"). In the *Minoco* case, the insurance companies terminated a directors and officers policy postpetition without seeking relief from the automatic stay. On appeal, the Ninth Circuit held that this cancellation of the insurance policy was a violation of the automatic stay. *Minoco* has never been overruled or disagreed with in this circuit: "the Ninth Circuit has determined that a debtor's insurance policies are property of the estate." *Groshong v. Sapp (In re MILA, Inc.)*, 423 B.R. 537, 542 (B.A.P. 9th Cir. 2010).

Stated otherwise, even if the policies are in the name of Rabbit Ridge Wine Sales Inc., or any other party but the Debtor is an insured, cancellation of the policies at this time without obtaining relief from stay is a violation of the automatic stay. The Trustee requests that the policies remain in place at this time, and the policies may not be cancelled absent further order of the Bankruptcy Court.

That being said, the Trustee is currently working with various parties to obtain and provide you payment of the two (2) outstanding monthly premiums.

To be specific, Richard Marshack, the Chapter 7 Trustee, and his counsel, Marshack Hays, LLP have been working with the Farm Bank and their attorneys. They have expressed a willingness to pay for future insurance and other expenses (to preserve their collateral) and we are in the process of obtaining more specific information and budgets so they can submit the information to their management team. Please be patient with us. We should have tentative consent early in the week and a more finalize consent after my Wednesday meeting with certain consultants and professionals that are helping to shape our budget.

Please call our office as soon as you receive this correspondence. Thank you

Pam Kraus
Trustee Case Administrator
Paralegal
Marshack Hays LLP
**Direct Dial 530-295-1044**
Office 949-333-7777
pkraus@marshackhays.com

# EXHIBIT G

# ACORD®

## CANCELLATION REQUEST / POLICY RELEASE

DATE (MM/DD/YYYY)
06/28/2021

| PRODUCER | PHONE (A/C, No, Ext): (805) 540-3900 | COMPANY NAME AND ADDRESS | NAIC CODE: 25674 |
|---|---|---|---|
| Adler Belmont Group, Inc. | 0G09892 | Travelers Property Casualty Co of Am | |
| 369 Marsh Street | | 725 S. Figueroa Street | |
| Suite 200 | | 19th Floor | |
| San Luis Obispo    CA  93401 | | Los Angeles    CA  90017 | |

| CODE: | SUB CODE: | POLICY TYPE |
|---|---|---|
| AGENCY CUSTOMER ID:  00002262 | | Commercial Property |

| INSURED NAME AND ADDRESS | CANCELLED POLICY INFORMATION |
|---|---|

**INSURED NAME AND ADDRESS**

Rabbit Ridge Wine Sales, Inc.
13217 Jamboree Rd.
Suite 429
Tustin                        CA  92782

**CANCELLED POLICY INFORMATION**

POLICY NUMBER
BME12S064197TIL21

| EFFECTIVE DATE AND HOUR OF CANCELLATION | CANCELLATION DATE 04/15/2021 | TIME 12:01 | ☒ AM / PM |
|---|---|---|---|
| POLICY TERM | EFFECTIVE DATE 04/15/2021 | EXPIRATION DATE 04/15/2022 | |

[ ] **CANCELLATION REQUEST**
**(Policy attached)**

[X] **POLICY RELEASE (Complete SIGNATURES section below)**

The undersigned agrees that:

The above referenced policy is lost, destroyed or being retained.

No claims of any type will be made against the Insurance Company, its agents or its representatives,

under this policy for losses which occur after the date of cancellation shown above.

Any premium adjustment will be made in accordance with the terms and conditions of the policy.

### SIGNATURES

| WITNESS | DATE | SIGNATURE OF NAMED INSURED | 6/28/2021 DATE |
|---|---|---|---|
| WITNESS | DATE | SIGNATURE OF NAMED INSURED | DATE |

| [ ] LIENHOLDER  [ ] MORTGAGEE  [ ] LOSS PAYEE  [ ] LENDER'S LOSS PAYABLE | AUTHORIZED SIGNATURE (Not applicable in NH per RSA 412:5 I) | TITLE | DATE |
|---|---|---|---|
| [ ] LIENHOLDER  [ ] MORTGAGEE  [ ] LOSS PAYEE  [ ] LENDER'S LOSS PAYABLE | AUTHORIZED SIGNATURE (Not applicable in NH per RSA 412:5 I) | TITLE | DATE |

**This representation is true and accurate, and I understand that any misrepresentation may be deemed a fraudulent act.**

### FOR AGENCY / COMPANY USE

| REASON FOR CANCELLATION | METHOD OF CANCELLATION |
|---|---|

| [ ] NOT TAKEN | [X] OTHER (Identify) | [X] FLAT | FULL TERM PREMIUM  $ |
|---|---|---|---|
| [ ] REQUESTED BY INSURED | Non-payment | [ ] SHORT RATE | |
| [ ] REWRITTEN (Complete below) | | [ ] PRO RATA | UNEARNED FACTOR |
| COMPANY | | | |

| POLICY NUMBER | EFFECTIVE DATE | | RETURN PREMIUM  $ |
|---|---|---|---|
| | | [ ] PREMIUM CALCULATION SUBJECT TO AUDIT | |

REMARKS (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

New York Only: If you do not keep your auto insurance in force during the entire registration period, your motor vehicle registration will be suspended. If your vehicle is still uninsured after 90 days, your driver's license will be suspended. To avoid these penalties, you must surrender your registration certificate and plates before your insurance expires. By law, we must report the termination of auto insurance coverage to the Department of Motor Vehicles.

| NAME AND ADDRESS | REQUEST / RELEASE DISTRIBUTION |
|---|---|

**NAME AND ADDRESS**

Rabbit Ridge Wine Sales, Inc.
13217 Jamboree Rd.
Suite 429
Tustin                        CA  92782

**REQUEST / RELEASE DISTRIBUTION**

[X] INSURED   [ ] LOSS PAYEE   [ ] LENDER'S LOSS PAYABLE
[ ] MORTGAGEE   [ ] LIENHOLDER
[ ] COMPANY   [ ] FINANCE COMPANY

| PRODUCER'S SIGNATURE | DATE 06/28/2021 |
|---|---|

ACORD 35 (2017/05)

© 1988-2017 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

Supplemental Declaration
Exhibit G
Page 33

# ACORD®

## CANCELLATION REQUEST / POLICY RELEASE

DATE (MM/DD/YYYY)
06/28/2021

| PRODUCER | PHONE (A/C, No, Ext): (805) 540-3900 | COMPANY NAME AND ADDRESS | NAIC CODE: 24856 |
|---|---|---|---|
| Adler Belmont Group, Inc. | 0G09892 | Admiral Insurance Company | |
| 369 Marsh Street | | 725 S. Figueroa Street | |
| Suite 200 | | 19th Floor | |
| San Luis Obispo    CA  93401 | | Los Angeles    CA  90017 | |

| CODE: | SUB CODE: | POLICY TYPE |
|---|---|---|
| AGENCY CUSTOMER ID: 00002262 | | Umbrella(C) |

**INSURED NAME AND ADDRESS**

Rabbit Ridge Wine Sales, Inc.
13217 Jamboree Rd.
Suite 429
Tustin                        CA  92782

**CANCELLED POLICY INFORMATION**

POLICY NUMBER
GX00000426701

| EFFECTIVE DATE AND HOUR OF CANCELLATION | CANCELLATION DATE 04/15/2021 | TIME 12:01 | ☒ AM ☐ PM |
|---|---|---|---|
| POLICY TERM | EFFECTIVE DATE 04/15/2021 | EXPIRATION DATE 04/15/2022 | |

☐ **CANCELLATION REQUEST** (Policy attached)

☒ **POLICY RELEASE (Complete SIGNATURES section below)**

The undersigned agrees that:

The above referenced policy is lost, destroyed or being retained.

No claims of any type will be made against the Insurance Company, its agents or its representatives,

under this policy for losses which occur after the date of cancellation shown above.

Any premium adjustment will be made in accordance with the terms and conditions of the policy.

**SIGNATURES**

| WITNESS | DATE | SIGNATURE OF NAMED INSURED | 6/28/2021 DATE |
|---|---|---|---|
| WITNESS | DATE | SIGNATURE OF NAMED INSURED | DATE |
| ☐ LIENHOLDER  ☐ MORTGAGEE  ☐ LOSS PAYEE  ☐ LENDER'S LOSS PAYABLE | | AUTHORIZED SIGNATURE (Not applicable in NH per RSA 412:5 I) | TITLE   DATE |
| ☐ LIENHOLDER  ☐ MORTGAGEE  ☐ LOSS PAYEE  ☐ LENDER'S LOSS PAYABLE | | AUTHORIZED SIGNATURE (Not applicable in NH per RSA 412:5 I) | TITLE   DATE |

**This representation is true and accurate, and I understand that any misrepresentation may be deemed a fraudulent act.**

**FOR AGENCY / COMPANY USE**

**REASON FOR CANCELLATION**

☐ NOT TAKEN
☐ REQUESTED BY INSURED
☐ REWRITTEN (Complete below)
☒ OTHER (Identify) Non-payment

**METHOD OF CANCELLATION**

☒ FLAT
☐ SHORT RATE
☐ PRO RATA
☐ PREMIUM CALCULATION SUBJECT TO AUDIT

| COMPANY | | |
|---|---|---|
| POLICY NUMBER | EFFECTIVE DATE | |

| FULL TERM PREMIUM | $ |
| UNEARNED FACTOR | |
| RETURN PREMIUM | $ |

**REMARKS (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**

New York Only: If you do not keep your auto insurance in force during the entire registration period, your motor vehicle registration will be suspended. If your vehicle is still uninsured after 90 days, your driver's license will be suspended. To avoid these penalties, you must surrender your registration certificate and plates before your insurance expires. By law, we must report the termination of auto insurance coverage to the Department of Motor Vehicles.

**NAME AND ADDRESS**

Rabbit Ridge Wine Sales, Inc.
13217 Jamboree Rd.
Suite 429
Tustin                        CA  92782

**REQUEST / RELEASE DISTRIBUTION**

☒ INSURED
☐ MORTGAGEE
☐ COMPANY
☐ LOSS PAYEE
☐ LIENHOLDER
☐ FINANCE COMPANY
☐ LENDER'S LOSS PAYABLE

PRODUCER'S SIGNATURE

DATE
06/28/2021

ACORD 35 (2017/05)

© 1988-2017 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

Supplemental Declaration
Exhibit G
Page 34

# ACORD® CANCELLATION REQUEST / POLICY RELEASE

**DATE (MM/DD/YYYY)**
06/28/2021

| PRODUCER | | COMPANY NAME AND ADDRESS | |
|---|---|---|---|
| **PHONE (A/C, No. Ext):** (805) 540-3900 | | | **NAIC CODE:** 42307 |

**PRODUCER**
Adler Belmont Group, Inc.    0G09892
369 Marsh Street
Suite 200
San Luis Obispo    CA    93401

**COMPANY NAME AND ADDRESS**
Navigators Insurance Co.
725 S. Figueroa Street
19th Floor
Los Angeles    CA    90017

| CODE: | SUB CODE: |
|---|---|
| **AGENCY CUSTOMER ID:** 00002262 | |

**POLICY TYPE**
Commercial Property

**INSURED NAME AND ADDRESS**
Rabbit Ridge Wine Sales, Inc.
13217 Jamboree Rd.
Suite 429
Tustin    CA    92782

## CANCELLED POLICY INFORMATION

**POLICY NUMBER**
SF21CARZ087L501

| EFFECTIVE DATE AND HOUR OF CANCELLATION | CANCELLATION DATE | TIME | ☒ AM / PM |
|---|---|---|---|
| | 04/15/2021 | 12:01 | |
| POLICY TERM | EFFECTIVE DATE 04/15/2021 | EXPIRATION DATE 04/15/2022 | |

☐ **CANCELLATION REQUEST (Policy attached)**

☒ **POLICY RELEASE (Complete SIGNATURES section below)**

The undersigned agrees that:

The above referenced policy is lost, destroyed or being retained.

No claims of any type will be made against the Insurance Company, its agents or its representatives,

under this policy for losses which occur after the date of cancellation shown above.

Any premium adjustment will be made in accordance with the terms and conditions of the policy.

## SIGNATURES

| WITNESS | DATE | SIGNATURE OF NAMED INSURED | 6/28/2021 DATE |
|---|---|---|---|
| WITNESS | DATE | SIGNATURE OF NAMED INSURED | DATE |

| ☐ LIENHOLDER ☐ MORTGAGEE ☐ LOSS PAYEE ☐ LENDER'S LOSS PAYABLE | AUTHORIZED SIGNATURE (Not applicable in NH per RSA 412:5 I) | TITLE | DATE |
|---|---|---|---|
| ☐ LIENHOLDER ☐ MORTGAGEE ☐ LOSS PAYEE ☐ LENDER'S LOSS PAYABLE | AUTHORIZED SIGNATURE (Not applicable in NH per RSA 412:5 I) | TITLE | DATE |

**This representation is true and accurate, and I understand that any misrepresentation may be deemed a fraudulent act.**

## FOR AGENCY / COMPANY USE

**REASON FOR CANCELLATION**

☐ NOT TAKEN
☒ OTHER (Identify)    Non-payment
☐ REQUESTED BY INSURED
☐ REWRITTEN (Complete below)

**COMPANY**

| POLICY NUMBER | EFFECTIVE DATE |
|---|---|

**METHOD OF CANCELLATION**

☒ FLAT
☐ SHORT RATE
☐ PRO RATA
☐ PREMIUM CALCULATION SUBJECT TO AUDIT

| FULL TERM PREMIUM | $ |
|---|---|
| UNEARNED FACTOR | |
| RETURN PREMIUM | $ |

**REMARKS (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**

New York Only: If you do not keep your auto insurance in force during the entire registration period, your motor vehicle registration will be suspended. If your vehicle is still uninsured after 90 days, your driver's license will be suspended. To avoid these penalties, you must surrender your registration certificate and plates before your insurance expires. By law, we must report the termination of auto insurance coverage to the Department of Motor Vehicles.

## NAME AND ADDRESS

Rabbit Ridge Wine Sales, Inc.
13217 Jamboree Rd.
Suite 429
Tustin    CA    92782

## REQUEST / RELEASE DISTRIBUTION

☒ INSURED        ☐ LOSS PAYEE        ☐ LENDER'S LOSS PAYABLE
☐ MORTGAGEE    ☐ LIENHOLDER
☐ COMPANY      ☐ FINANCE COMPANY

**PRODUCER'S SIGNATURE**    **DATE** 06/28/2021

**ACORD 35 (2017/05)**

© 1988-2017 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1254 Marsh Street, San Luis Obispo, CA  93401.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 6, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Nancy S Goldenberg**   nancy.goldenberg@usdoj.gov **(Attorney for U.S. Trustee)**
- **Michael J Gomez**   mgomez@frandzel.com, dmoore@frandzel.com **(Attorney for Farm Credit West)**
- **Tinho Mang**   tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com **(Courtesy NEF)**
- **Richard A Marshack (TR)**   pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com **(Chapter 7 Trustee)**
- **Roksana D. Moradi-Brovia**   roksana@rhmfirm.com,
  matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@r
  hmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com **(Attorney for Debtor)**
- **Matthew D. Resnik**   matt@rhmfirm.com,
  roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardi
  s@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com **(Attorney for Debtor)**
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov **(U.S. Trustee)**
- **Reed S Waddell**   rwaddell@frandzel.com, sking@frandzel.com **(Attorney for Farm Credit West)**
- **Gerrick Warrington**   gwarrington@frandzel.com, sking@frandzel.com **(Attorney for Farm Credit West)**
- **David Wood**   dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com **(Courtesy NEF)**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) July 6, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Judge's Copy: | Debtor: | Manual Notice List: |
|---|---|---|
| Honorable Mark S. Wallace | Northern Holding, LLC | Tom Prountzos |
| U.S. Bankruptcy Court | 13217 Jamboree Rd. #429 | Goodman Neuman Hamilton LLP |
| Ronald Reagan Federal Building | Tustin, CA 92782 | One Post Street Suite 2100 |
| 411 W. Fourth Street | | San Francisco, CA 94104 |
| Suite 6135 | | |
| Santa Ana, CA 92701 | | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

**Manual Notice List:**

Resnik Hayes Moradi LLP
17609 Ventura Blvd Ste 314
Encino, CA 91316

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/6/2021 | Tamara L. Wickstrom | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**