1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  DAVID A. WOOD, #272406
   dwood@marshackhays.com
3  TINHO MANG, #322146
   tmang@marshackhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt
5  Irvine, California 92620
   Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK
8

9                    UNITED STATES BANKRUPTCY COURT

10          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11

12  In re                                    Case No. 8:20-bk-13014-MW

13  NORTHERN HOLDING, LLC,                   Chapter 7

14           Debtor.                         APPLICATION BY CHAPTER 7 TRUSTEE
                                             TO EMPLOY MARSHACK HAYS LLP AS
15                                           GENERAL COUNSEL; AND
                                             DECLARATION OF D. EDWARD HAYS IN
16                                           SUPPORT

17                                           [No Hearing Required Pursuant to Local
                                             Bankruptcy Rule 2014-1]

18

19  TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE

20  OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

21          Richard A. Marshack, solely in his capacity as Chapter 7 Trustee ("Trustee") of the

22  Bankruptcy Estate ("Estate") of Northern Holding, LLC ("Debtor"), respectfully submits this

23  application ("Application") for entry of an order authorizing the employment of Marshack Hays LLP

24  ("Firm"), as the Trustee's and the Estate's general counsel in this case pursuant to 11 U.S.C. § 327,

25  effective as of June 15, 2021. In support of this Application, the Trustee respectfully represents as

26  follows:

27

28

                                               1
                APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4833-2572-3362,v.1/1015-142

**A.    Statement of Facts**

**1.    Background Information**

Debtor was formed in or around October 2020, and is the title owner of three real properties located at: (a) 1172 San Marcos Road, Paso Robles, CA ("San Marcos Property"), which includes a turnkey winery production facility, (b) real property located at APN 027-145-022 in Paso Robles, CA ("Texas Road Property") and (c) 2380 Live Oak Road, Paso Robles, CA ("Live Oak Property") (collectively, "Properties"). The Properties have mixed uses but generally are involved in the production of wine. There is a large residence located at the Live Oak Property in addition to dozens of acres of vineyards.

Erich Russell ("Mr. Russell") was the owner and operator of Rabbit Ridge Winery ("Rabbit Ridge"), which was as of October 2020 located at the San Marcos Property. To finance his business operations, Mr. Russell borrowed substantial sums of money from Farm Credit West, FLCA ("FCW"), which were secured certain assets including substantially all assets of Rabbit Ridge and the Properties.

Prior to a foreclosure of the Properties by FCW, Mr. Russell filed an individual Chapter 11 case, initiating bankruptcy case number 9:20-bk-10035-DS ("Individual Case"). The Individual Case was dismissed for cause.

A subsequent foreclosure sale for the Properties was scheduled by FCW for October 29, 2020. Prior to the foreclosure date, Mr. Russell and FCW continued to discuss a possible forbearance and an extension of the foreclosure date.

On or about October 28, 2020, Mr. Russell signed quitclaim deeds transferring the Properties to Debtor. These quitclaim deeds were recorded on the same date.

On October 28, 2020, Debtor filed a voluntary petition for bankruptcy under Chapter 11 of Title 11 of the United States Code, initiating the above-captioned bankruptcy proceeding.

On October 29, 2020, as Dk. No. 5, FCW filed a notice of continuation of perfection of security interest and demand to sequester cash collateral. No motion or stipulation to use cash collateral has ever been filed in this case.

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4833-2572-3362,v.1/1015-142

On November 6, 2020, as Dk. No. 11, FCW filed a motion for relief from the automatic stay regarding the Properties ("Stay Relief Motion"). The hearing on the Stay Relief Motion has been trailed and is currently set for August 2, 2021, with interim partial relief granted by the Court.

On February 16, 2021, as Dk. No. 60, the Office of the United States Trustee ("OUST") filed a motion to dismiss or convert the case for cause pursuant to 11 U.S.C. § 1112(b).

On March 31, 2021, as Dk. No. 104, Debtor filed a monthly operating report for the month of February ("February MOR"). This was the last monthly operating report ever filed by Debtor.

On June 15, 2021, as Dk. No. 116, the Court entered an order converting the case to Chapter 7. Richard A. Marshack (previously defined as "Trustee") was appointed as the Chapter 7 trustee.

The Trustee has requested that the Debtor immediately produce a report pursuant to FRBP 1019 regarding post-petition debts. No report has been received to date.

## 2.    Necessity of General Counsel

Trustee requires the assistance of general counsel to, among other things, investigate, analyze, and advise him regarding Estate assets and liabilities including, but not limited to operational issues, the value of the Properties, and potential avoidance actions. The Firm is knowledgeable and experienced in representing Chapter 7 Trustees in these areas and in providing representation for all aspects of a Chapter 7 bankruptcy case. The Firm may be required to assist the Trustee in the following matters:

(1)    To analyze and evaluate the best course of action with respect to the Properties and including a potential sale or abandonment, and recovery of possession and control of the Properties from unauthorized third parties;

(2)    To analyze and evaluate potential avoidance actions;

(3)    To analyze and evaluate other potential assets in the case such as leases or unexpired contracts for use of the Properties, and to seek collection of amounts due and owing to Debtor;

(4)    To conduct an analysis regarding alleged bad conduct by Mr. Russell and Rabbit Ridge prior to the formation of the Debtor, including the transfer of assets to Debtor shortly before the filing of this instant bankruptcy case;

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

(5)    To represent the interests of the Estate in relation to the secured claims of FCW and to assist with preservation of FCW's real and cash collaterals, which are property of the Estate;

(6)    To represent the Trustee in any proceedings or hearings in the Bankruptcy Court or in any other action where the rights of the Estate or the Trustee may be litigated or affected;

(7)    To conduct examinations of the Debtor and its PMKs, witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders;

(8)    To prepare on behalf of the Trustee any necessary applications, motions, answers, orders, reports, and other legal papers; and

(9)    To perform all legal services incidental and necessary for the smooth administration of the Estate.

**B.    Requirements for Application to Employ Professional**

Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 2014-1 of the Local Bankruptcy Rules ("LBR"), there follows a summary of the proposed employment of the Firm. Should the Office of the United States Trustee, the Court, or any party in interest request additional information, the Firm will provide a supplemental declaration prior to any hearing on this Application

**1.    LBR 2014-1(b)(1)(A) and LBR 2014-1(b)(3)(B) Employment and Compensation.**

Pursuant to LBR 2014-1(b)(1)(A), "[a]n application seeking approval of employment of a professional person pursuant to 11 U.S.C. §§ 327, 328, 1103(a), or 1114 must comply with the requirements of FRBP 2014 and 6003(a) and be filed with the court. The application must specify unambiguously whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330." Pursuant to LBR 2014-1(b)(3)(B), the Notice of the Application must also "[s]tate whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4833-2572-3362,v.1/1015-142

The Trustee seeks to employ the Firm pursuant to 11 U.S.C. § 327. The Firm will seek compensation pursuant to 11 U.S.C. §§ 330 and 331, and will not be seeking compensation under 11 U.S.C. § 328.

## 2.    FRBP 2014.

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States Trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

The Trustee is seeking employment of the Firm. A copy of this Application will be served on the Office of the United States Trustee.

### a.    FRBP 2014 - Facts Showing the Necessity for the Employment.

As set forth above, the Trustee requires the assistance of counsel to examine the value of the Properties and any other assets of the Debtor, and to assist with obtaining the necessary court authorization to administer these Properties, including if feasible a sale of the Properties, and to negotiate with the various creditors in this case to maximize the value for the creditors of the Debtor.

### (i)    FRBP 2014 and LBR 2014-1(b)(3)(A) - Name of the Person to Be Employed.

In addition to the provisions of Rule 2014 of the FRBP, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the purpose and scope for which it is being employed."

The Trustee seeks to employ the law firm of Marshack Hays LLP. Pursuant to FRBP 2014(b), partners, members, and regular associates of the Firm will act as attorneys for the

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4833-2572-3362,v.1/1015-142

Estate without further order of the court.

The professionals and paraprofessionals who may render services in connection with the Firm's representation of the Estate are identified in the Firm's billing detail, to be submitted with each application for allowance of fees and reimbursement of costs, by their initials. Those persons are:

| Partners | Of Counsel | Paralegals |
|---|---|---|
| Richard A. Marshack[1] | Kristine A. Thagard | Pamela Kraus |
| D. Edward Hays | Matthew W. Grimshaw | Chanel Mendoza |
| Chad V. Haes | Associates | Layla Buchanan |
| David A. Wood | Judith E. Marshack | Cynthia Bastida |
| | Laila Masud | Kathleen Frederick |
| | Tinho Mang | |

## b.    FRBP 2014 and LBR 2014-1(b)(3)(A) - Reasons for the Selection.

The Trustee believes that the Firm is well-qualified to render the requested professional services to the Estate. The Firm comprises attorneys who have extensive experience in insolvency, bankruptcy, the assessment of assets, the recovery and liquidation of assets, as well as litigation matters of the type that may need to be pursued. The Firm is experienced in debtor/creditor matters, including the representation of Chapter 7 trustees in bankruptcy cases. The members of the Firm have a combined Bankruptcy Court practice of decades, and the Firm has handled most issues that routinely arise in the context of a bankruptcy case, including securing Chapter 11 assets for a limited period until liquidation is possible, negotiations with lienholders and lenders, and liquidation of valuable real property in seven-figure complicated real estate transactions. The Firm also has substantial experience litigating real property issues in bankruptcy cases including representing the Chapter 7 Trustee in the case of *In re Brace* where the California Supreme Court held that joint tenancy property owned by a married debtor was presumptively community property which result was contrary to the previous 9th Circuit case of *In re Summers* (9th Cir. 2003) 332 F.3d 1240. *See, In re Brace*, 9 Cal.5th 903 (2020). For further specifics, please refer to paragraph 3 *infra*.

---

[1] Mr. Marshack will not be providing any professional services billed by the Firm, as he is the Trustee. This information is provided for informational purposes only.

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

4833-2572-3362,v.1/1015-142

1      All attorneys comprising or associated with the Firm who will appear in this case are duly

2  admitted to practice law in the courts of the State of California, the United States District Court for

3  the Central District of California, and this Court. One of the Firm's partners, D. Edward Hays, is

4  also a certified bankruptcy specialist with the State Bar of California. A biography of each

5  professional of the Firm and a list of the current hourly billing rates is attached as **Exhibit 1** to the

6  Declaration of D. Edward Hays ("Hays Declaration").

7      The Firm and each of the members, associates, and paralegals who will work on this case

8  are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local

9  Bankruptcy Rules.

10     **c.**     **FRBP 2014 and LBR 2014-1(b)(3)(A) - Professional Services to**

11          **be Rendered.**

12    In this case, the Trustee requires assistance of counsel to:

13    (1)    To analyze and evaluate the best course of action with respect to the Properties and

14        including a potential sale or abandonment, and recovery of possession and control of

15        the Properties from unauthorized third parties;

16    (2)    To analyze and evaluate potential avoidance actions;

17    (3)    To analyze and evaluate other potential assets in the case such as leases or unexpired

18        contracts for use of the Properties, and to seek collection of amounts due and owing

19        to Debtor;

20    (4)    To conduct an analysis regarding alleged bad conduct by Mr. Russell and Rabbit

21        Ridge prior to the formation of the Debtor, including the transfer of assets to Debtor

22        shortly before the filing of this instant bankruptcy case;

23    (5)    To represent the interests of the Estate in relation to the secured claims of FCW and

24        to assist with preservation of FCW's real and cash collaterals, which are property of

25        the Estate;

26    (6)    To represent the Trustee in any proceedings or hearings in the Bankruptcy Court or in

27        any other action where the rights of the Estate or the Trustee may be litigated or

28        affected;

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4833-2572-3362,v.1/1015-142

(7)    To conduct examinations of the Debtor and its PMKs, witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders;

(8)    To prepare on behalf of the Trustee any necessary applications, motions, answers, orders, reports, and other legal papers; and

(9)    To perform all legal services incidental and necessary for the smooth administration of the Estate.

### d.    FRBP 2014 and LBR 2014-1(b)(3)(C) - Proposed Arrangement Compensation.

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(C) provides that the Notice of the Application must "[d]escribe the arrangements for compensation, including the hourly rate of each professional to render services, source of the fees, the source and amount of any retainer, the date on which it was paid, and any provision regarding replenishment thereof[.]"

The Firm will render services to the Trustee at the Firm's regular hourly rates, which may be adjusted from time to time. The Firm's current hourly billing rates are as follows:

| Partners | Rates | Associates | Rates | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack[2] | $650 | Judith E. Marshack | $410 | Pamela Kraus | $280 |
| D. Edward Hays | $650 | Laila Masud | $390 | Chanel Mendoza | $260 |
| Chad V. Haes | $490 | Tinho Mang | $350 | Layla Buchanan | $260 |
| David A. Wood | $490 | | | Cynthia Bastida | $260 |
| Of Counsel | | | | Kathleen Frederick | $200 |
| Kristine A. Thagard | $550 | | | | |
| Matthew W. Grimshaw | $550 | | | | |

The Firm will be compensated from assets of the Estate, if any, and will not be compensated

---

[2] Mr. Marshack will not be providing any professional services billed by the Firm, as he is the Trustee. This information is provided for informational purposes only.

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4833-2572-3362,v.1/1015-142

1  absent the Estate's receipt or recovery of such assets. The Firm has received no retainer for the

2  services to be performed in this case and has agreed that no retainer will be paid.

3       The Firm understands that its compensation in this case is subject to approval by the

4  Bankruptcy Court. In compliance with 11 U.S.C. §§ 330 and 331, the Firm intends to file interim

5  and final applications for allowance of fees and reimbursement of costs as and when appropriate.

6       The Firm has advised the Trustee that the Firm has not shared or agreed to share any

7  compensation to be received in this case with any other person, except among partners of the Firm.

8  ### e.    FRBP 2014 - Firm's Connections and Associations.

9       Except as disclosed herein and to the best of the Firm's knowledge, neither the Firm, nor

10  any of the attorneys or paraprofessionals comprising or employed by it, has any connection with

11  Debtors or Debtors' attorneys or accountants, Debtors' creditors, or any other party in interest, or

12  their respective attorneys or accountants. The Firm ran a conflict(s) check prior to the filing of this

13  employment application and identified no disqualifying connections.

14       Based on the foregoing, the Trustee believes that the Firm is a "disinterested person" within

15  the meaning of 11 U.S.C. § 101(14).

16       The Firm does not have an interest adverse to the Debtor or the bankruptcy Estate. As of the

17  Petition Date, the Firm was not a creditor of the Estate and was not owed any funds by Debtor.

18       To the best of the Firm's knowledge, and as set forth in the attached Hays Declaration, none

19  of the attorneys comprising or employed by the Firm has any connection with any judge of the

20  United States Bankruptcy Court for the Central District of California, the United States Trustee, or

21  any person currently employed in the Office of the United States Trustee, except that: (1) Richard A.

22  Marshack, a member of the Firm, is a panel Chapter 7 trustee in unrelated cases; (2) applicant has

23  served as general counsel to Richard A. Marshack, in his capacity as a Chapter 7 Trustee in

24  unrelated cases; (3) several of the Firm's attorneys have served as law clerks or externs to various

25  Bankruptcy Judges in this District, but none of the attorneys clerked for the Court in this particular

26  case; and (4) two judges of the United States Bankruptcy Court for the Central District of California

27  (but not the judge in this case) have performed civil marriage ceremonies for members of the Firm or

28  their family members pursuant to California Family Code § 400(b)(3)(C).

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

### f.    LBR 2014-1(b)(1)(B) – Disinterestedness of the Firm.

Pursuant to LBR 2014-1(b)(1)(B), "The application must be accompanied by a declaration of the person to be employed establishing disinterestedness or disclosing the nature of any interest held by such person." The Hays Declaration submitted with this Application provides information establishing the Firm's disinterestedness.

### g.    LBR 2014-1(b)(1)(C) – Service on Office of the United States Trustee.

Pursuant to LBR 2014-1(b)(1)(C), "The United States Trustee must be served, in accordance with LBR 2002-2(a), with a copy of the application and supporting declaration not later than the day it is filed with the court. No hearing is required unless requested by the United States trustee or a party in interest, or as otherwise ordered by the court." As set forth in the sworn Proof of Service filed contemporaneously with this document, the Firm served a copy of this Application on the Office of the United States Trustee on the date this Application was filed with the Court.

### 3.    Cause Exists for the Employment of the Trustee's Firm.

The requirements for a firm to be employed by a bankruptcy trustee are set forth in 11 U.S.C. § 327(a): "the trustee, with the court's approval, may employ one or more attorneys… that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." While trustees who are attorneys may seek to employ themselves as counsel for the estate if it is in the best interests of the estate, the Trustee here does not seek to employ himself individually as his own attorney, and will not render or seek compensation for legal services in connection with this case in his capacity as an attorney with the Firm. 11 U.S.C. § 327(d).

Implicit in the recognition that a Trustee may himself be employed as counsel for the estate he represents is that a Trustee may employ a firm of which he is a member as counsel for the estate he represents. As recognized in *In re Butler Industries, Inc.*, 101 B.R. 194 (Bankr. C.D. Cal. 1989), *aff'd*, 114 B.R. 695 (C.D. Cal. 1990), cause may exist for a Trustee to retain the services of the firm with which he is professionally affiliated. Trustee seeks to employ his own firm for the reasons set forth above and for the following:

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4833-2572-3362,v.1/1015-142

**i.      The Firm is Familiar with the Issues of the Case:** The Firm is familiar with the issues of this case and has undertaken investigation from and after the Trustee's appointment. As soon as he was contacted to be appointed as the trustee in this case, the Trustee mobilized the Firm to immediately investigate the Debtor, examine the Properties (including a personal visit to the Properties by Mr. Wood, a partner of the Firm), negotiate with secured creditors, and formulate a strategy for case administration. As a result of their investigation and research, the Firm's attorneys already have an in-depth knowledge of the facts and legal issues in this case. Moreover, the Firm has deep familiarity with the issues particular to bankruptcy as it relates to distressed property and is eminently qualified to represent the Estate.

**ii.      Specific Experience:** The Firm's emphasis is in bankruptcy practice and debtor and creditor matters, and because of its experience with real properties worth anywhere from tens of thousands to tens of millions of dollars, the Trustee believes that the Firm is well-qualified to render the services requested. The Firm's attorneys have experience with the issues that the Trustee will face in this case (including specifically the complexities of preserving and administering the value of real property for creditors, untangling pre-petition bad conduct, and prosecuting protracted litigation), and the Firm has a demonstrable history of success in representing bankruptcy estates with similar issues as are presented in this case. The Firm has represented other bankruptcy trustees in cases involving similar issues as set forth in the Firm's resume submitted in connection with this Application, and has successfully represented trustees in recovering assets which could be administered for bankruptcy estates. The Firm has represented trustees, creditors' committees, and creditors: (1) in more than 4 years of litigation regarding the validity of a $25 million note and deed of trust secured against valuable 660 acres of real property in Rancho Mirage that was well-suited to

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

4833-2572-3362,v.1/1015-142

1   be developed into a resort (*see In re Stradella*, 8:10-bk-23193-CB); (2)

2   handling the preservation and sale of an 182-unit mobile home park, which

3   was built over a sealed landfill and was subject to extensive multiparty state

4   court litigation (including alter ego claims against the Debtor's principals and

5   litigious cross-insurance claims, all of which were settled by the Trustee) (*see*

6   *In re Friendly Village*, 8:18-bk-13638-ES); (3) involving mechanic's lien

7   issues in a case for a 60% completed hotel located in the heart of downtown

8   Palm Springs known as the Andaz Hotel (*see In re RE Palm Springs II*, 20-

9   31972-sgj11); (4) in the sale of a mobile home park after the tenants received

10  a judgment in excess of $8 million, which sale was complicated due to

11  geological problems with the property (*see In re Capistrano Terrace,* 8:11-bk-

12  19767-MW); (5) prosecuting complex litigation against the Debtor's insiders

13  and taxing agencies, which has to date resulted in recoveries of nearly $2

14  million for the benefit of creditors (*see In re Rajysan*, 9:17-bk-11363-DS); and

15  (6) representing the Chapter 7 Trustee in a case where Debtor was the owner

16  of real property and had been in the process of developing the property into a

17  storage facility and office complex.  The Debtor had pledged the property in

18  two separate deeds of trust to secure more than $20 million in loans. There

19  were also multiple junior mechanics' liens recorded against the property. The

20  Firm assisted the Trustee in marketing the property, obtaining the consent of

21  secured lenders to a market-value sale (that was insufficient to pay the secured

22  claims in full), and obtaining a $500,000 carve-out for the benefit of creditors

23  (*In re Guthrie-Leach, LLC,* 6:09-bk-20323-BB). The Firm, especially Kristine

24

25

26

27

28

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4833-2572-3362,v.1/1015-142

1  A. Thagard, of counsel with the Firm, has also represented clients in

2  prosecuting and defending mechanics' lien claims in state court litigation.

3  **iii.    No Objections Filed:** The notice of this Application to employ the

4  Firm will be served in accordance with Local Bankruptcy Rule 2014-2.

5  **iv.    Coordination/Costs:** Costs will be reduced as a result of

6  coordination of efforts by staff members familiar with both Trustee and his

7  staff, and legal matters associated with the case. Moreover, creditors will

8  benefit because correspondence and meetings between the Trustee and outside

9  counsel would not be as efficient as in-office communications between the

10  Trustee and the Firm. The Firm employs a practice of no-charging inter-office

11  communications.

12  As set forth above, "cause," as outlined in *In re Butler Industries, Inc.*, 101 B.R. 194 (Bankr.

13  C.D. Cal. 1989), *aff'd*, 114 B.R. 695 (C.D. Cal. 1990), exists in this case for Trustee to retain the

14  services of the Firm with which he is professionally affiliated.

15  **C.    Conclusion**

16  The Trustee requests that he be authorized to employ the Firm, as its general counsel

17  pursuant to 11 U.S.C. § 327 at the Firm's hourly rates with any compensation and reimbursement of

18  costs to be paid by the Estate only upon application to and approval by the Court pursuant to 11

19  U.S.C. §§ 330 and 331.

20

21  Dated: July  15 2021                     Respectfully submitted,

22                                           By: _____
                                                RICHARD A. MARSHACK
23                                              Chapter 7 Trustee

24

25  Dated: July 15, 2021                     MARSHACK HAYS LLP

26                                           By: __/s/__D. Edward Hays_____
                                                D. EDWARD HAYS
27                                              DAVID A. WOOD
                                                Attorneys for Chapter 11 Trustee,
28                                              RICHARD A. MARSHACK

## Declaration of D. Edward Hays

I, D. EDWARD HAYS, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

3.      I am a founding partner of the law firm of Marshack Hays LLP ("Firm") and maintain offices at 870 Roosevelt, Irvine, California, 92620.

4.      I make this Declaration in support of the Application of Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Northern Holding, LLC ("Debtor"), Case No. 8:20-bk-13014-MW.

5.      If called as a witness, I could and would competently testify to the following of my own personal knowledge.

6.      The Trustee has asked that the Firm serve as his counsel in connection with the administration of the Estate. The Firm is well-qualified to do so. The Trustee himself, an attorney with the Firm, will not render or invoice any services on behalf of the Firm.

7.      The Firm comprises attorneys who have extensive experience in most aspects of insolvency, bankruptcy, and corporate reorganization and is well-qualified to represent the Trustee in proceedings of this nature. The Firm is experienced in debtor/creditor matters, including the representation of trustees in bankruptcy cases. The members of the Firm have a combined Bankruptcy Court practice of decades, and the Firm has handled many of the issues that routinely arise in the context of a bankruptcy case.

8.      The Trustee requested the assistance of attorneys in this Firm to, among other things, investigate, analyze, and advise him regarding Estate assets including, but not limited to, the Properties, affiliates of the Debtor, and potential avoidance actions.

9.      All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. A biography of each professional of the Firm with billing rates is attached as Exhibit 1 and incorporated by this reference.

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4833-2572-3362,v.1/1015-142

10. The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

11. The Firm's current hourly billing rates are as follows:

| | |
|---|---|
| Partners | $490 to $650 |
| Associates | $350 to $410 |
| Paralegals | $200 to $280 |

12. The Firm has not received a retainer for the services that it will perform in this matter.

13. The Firm understands that its compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. §§ 327, 330, and 331.

14. The Firm has not shared or agreed to share any compensation to be received by it in the case with any other person, except as among partners of the Firm.

15. The Firm's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization. The Firm does not have a "commercial" practice outside of bankruptcy.

16. From its inception, the Firm has maintained databases of all bankruptcy cases in which it has been employed, through document management and billing systems. For every new potential case where the Firm is employed, a search of these databases of the Debtor(s) and all creditors is performed to ascertain if the Firm has any previous relationship that would prevent its employment in the case.

17. The Firm completed a conflicts check prior to submitting the Application by using the information provided by the Debtor in its petition against the Firm's databases. Prior to the filing of this application, the Firm ran a conflicts check and did not identify any disqualifying conflicts of interest. As a result, the Firm is confident that no relationship was identified that would prevent employment in this matter.

18. The Firm has been employed by the Trustee in several cases in the past. The Firm believes it is a "disinterested person" as that term is defined in 11 U.S.C. §101(14).

19. To the best of my knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's

15

creditors, or any other outside party in interest, or their respective attorneys or accountants, except that: (1) Richard A. Marshack, a member of the Firm, is a panel Chapter 7 trustee in unrelated cases; (2) applicant has served as general counsel to Richard A. Marshack, in his capacity as a Chapter 7 Trustee in unrelated cases; (3) several of the Firm's attorneys have served as law clerks or externs to various Bankruptcy Judges in this District, but none of the attorneys clerked for the Court in this particular case; and (4) two judges of the United States Bankruptcy Court for the Central District of California have performed civil marriage ceremonies for members of the Firm or their family members pursuant to California Family Code § 400(b)(3)(C).

20.     The Firm has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of Debtor.

21.     The Firm is not and was not, within two (2) years before the date of the filing of Debtor's petition, a director, officer or employee of the Debtor or of any investment banker for any security of Debtor.

22.     As of the Petition Date, the Firm was not a creditor of the Estate, an equity security holder, or an insider of Debtor. The Firm has no pre-petition claim against Debtor's Estate and was not owed any funds by Debtor.

23.     The Firm neither holds nor represents any interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or an investment banker for any security of Debtor, or for any other reason. The Firm does not have an interest adverse to Debtor or the bankruptcy Estate.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 15, 2021.

/s/ D. Edward Hays
D. EDWARD HAYS

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4833-2572-3362,v.1/1015-142

**EXHIBIT 1**

## PARTNERS

### RICHARD A. MARSHACK

Richard A. Marshack is a founding member of the firm of Marshack Hays LLP. He was born in Las Vegas, Nevada, June 21, 1958. He graduated from University of California at Irvine in 1979 with a Bachelor of Arts degree and California Western School of Law (J.D. Magna Cum Laude, 1982). Recipient, American Jurisprudence Award: Agency and Partnership. Staff Writer, 1980-1981 and Lead Articles Editor, 1981-1982 California Western Law Review. He was admitted to the California Bar in 1982 and the U. S. District Court, Central and Southern Districts of California and U. S. Court of Appeals, Ninth Circuit, 1984.

Mr. Marshack was Law Clerk to the Honorable Folger Johnson, Chief Judge, United States Bankruptcy Court, District of Oregon, 1982-1984, and an Adjunct Professor: Bankruptcy Law, Western States University College of Law, Bankruptcy Law, 1993; Bankruptcy Law, University of California, Irvine, 1985-1992.

Mr. Marshack has authored several articles, including: "The Toxic Claim: Using Bankruptcy Law to Limit Environmental Liabilities," California Bankruptcy Journal, Volume 19, Number 3, 1991; "Recent Developments Under Section 546 of the Bankruptcy Code," Tactics for Unsecured Creditors of Bankrupt Debtors," California Lawyer 21, August, 1984; "Adequate Protection for the Unsecured Creditor Under the Bankruptcy Code", Commercial Law Journal 621, December 1983; "Recent Developments for Reclaiming Goods Under the Bankruptcy Code and the Uniform Commercial Code, "Uniform Commercial Code Law Journal 187, July, 1983; "Reclamation of Goods Under the Bankruptcy Code," Oregon Debtor-Creditor News Letter, I, July 1983; "*Sindell vs. Abbot Laboratories*: Is Market Share Liability the Best Remedy to the DES Controversy" California Western Law Review 143, 1981.

Memberships: Orange County Bankruptcy Forum, Director and President 1995-96; Orange County Bar Association (Commercial Law & Bankruptcy Section), Chairman, 1989; California State Bar Association; Commercial Law League of America; Los Angeles Bankruptcy Forum.

*Panel Bankruptcy Trustee for U.S. Bankruptcy Court, Central District of California,* 1985 - *Present.*

### D. EDWARD HAYS

D. Edward Hays, is a founding member of the firm of Marshack Hays LLP. He was born in Los Angeles, California. He graduated with honors from California State University at Fullerton in 1989 with a Bachelor of Arts degree in Business. He graduated from the University of Southern California Law Center in 1992 where he was a member of the Hale Moot Court Honors program. Mr. Hays was admitted to practice in 1992. Ed has been certified as a bankruptcy law specialist by the State Bar of California.

Mr. Hays currently serves on the Board of Directors for the following organizations: Legal Aid Society of Orange County; and University of Southern California Law School Annual Fund. He has previously served on the Board for the Cal State University Fullerton Alumni Association; and the Cal State University Fullerton Philanthropic Foundation. In 2004-2005, Mr. Hays served as the President of the Cal State Fullerton Alumni Association and was selected that year as a CSUF Volunteer of the Year. In 2004, Mr. Hays was the Chair of the Resolutions Committee for the Orange County Bar Association and has served as a delegate to the State Bar Conference on behalf of Orange County every year since 1995.

Ed focuses his practice on bankruptcy and litigation matters. In 2000 and 2017, he was the Chair of the Commercial Law & Bankruptcy Section of the Orange County Bar Association. He also has served as a Director or member of the following organizations: the Inland Empire Bankruptcy Forum; the Orange County Bankruptcy Forum; the William P. Gray Legion Lex American Inns of Court, the Federal Bar Association, and the Executive Council for the College of Business at Cal State Fullerton. In 1998 and 1999, Mr. Hays also served as a Judge Pro Tem for the Superior Court of the State of California, County of Los Angeles. Ed has been selected on numerous occasions to present continuing education lectures on various legal topics including bankruptcy, litigation, exemptions, and legal research. He also served on the Central District Task Force for Amendments to the Local Bankruptcy Rules.

In 2004, Ed won the State Bar 5k race and, in 2005 and 2006, was the runner-up. He also actively participates in endurance events completing full-distance Ironman Triathlons in 2000 and 2003; eight half-Ironman races between 1999 and 2016; and a 50- mile ultra-run in 2009; and multiple marathons across the world including New York, Los Angeles, Rome, St. George, and the Madison Valley in Montana.

Ed's published cases include: *In re Brace*, 9 Cal.5th 903 (Cal. Supreme Court 2020); Jue v. Liu (In re Liu), 611 B.R. 864 (9th Cir. BAP 2020); *In re Nolan*, __ B.R. __ (Bankr. C.D.Cal. 2020); *In re Roger*, 393 F.Supp.3d 940 (Distr. Cal. 2019); *Naylor v. Farrell (In re Farrell)*, 610 B.R. 317 (Bankr. C.D.Cal. 2019); *Slaieh v. Simons*, 548 B.R. 28 (Distr. Cal. 2018); *Brace v. Speier*, 908 F.3d 531 (9th Cir. 2018); *Cal. Corr. Peace Officers Ass'n Ben. Trust Fund v. Corbett (In re Corbett)*, 2017 U.S.Distr. Lexis 108925 (E.D.Cal. 2017), *Brace v. Speier (In re Brace)*, 566 B.R. 13 (9th Cir. BAP 2017); *In re DRI Cos.*, 552 B.R. 195 (Bankr. C.D.Cal. 2016); *Stahl v. Whelan Elec., Inc. (In re Modtech Holdings)*, 503 B.R. 737 (Bankr. C.D.Cal. 2013); *In re Cusimano*, 2013 WL 9736597 (Bankr. C.D.Cal. 2013); *In re Cass*, 476 B.R. 602 (Bankr. C.D. Cal. 2012); *In re Four Star Financial Services, Inc.*, 444 B.R. 428 (Bankr. C.D. Cal. 2011) *rev'd* 469 B.R. 30 (C.D. Cal. 2012); *In re Rinard*, 451 B.R. 12 (Bankr. C.D. Cal. 2011); *In re Dick Cepek*, 339 B.R. 730 (9th Cir. BAP 2006); *In re Dudley*, 249 F.3d 1170 (9th Cir. 2001); *In re Kim*, 257 B.R. 680 (9th Cir. BAP 2000); *In re Kuraishi*, 237 B.R. 172 (Bankr. C.D. Cal. 1999); *Blonder v. Cumberland Engineering*, (1999) 71 Cal.App.4th 1057, 84 Cal.Rptr.2d 216; *In re Metz*, 225 B.R. 173 (9th Cir. BAP 1998); *In re National Environmental Waste Corporation*, 191 B.R. 832 (Bankr. C.D. Cal. 1996) *aff'd* 129 F.3d 1052 (9th Cir. 1997); *In re Turner*, 186 B.R. 108 (9th Cir. BAP 1995); and *In re Continental Capital & Credit*, 158 B.R. 828 (Bankr. C.D. Cal. 1993).

Ed and his wife, Sarah Cate Hays, have also co-authored the following law review articles published in the California Bankruptcy Journal:

- *The Client Without a Remedy and the Windfall Estate – The Case for Debtor Ownership of Malpractice Claims Against Bankruptcy Counsel* (32 Cal. Bank. J. 65 (2012));
- *The Same Love – Marriage Equality in Bankruptcy Post-DOMA and the Evolving Rights of Registered Domestic Partners* (33 Cal. Bank. J. 49 (2014)); and
- *Good Help Is Hard to Fund: The Problem of Earned Upon Receipt Retainers and Pre-Funded Litigation in Bankruptcy* (33 Cal. Bankr. J. 421 (2016)).

## CHAD V. HAES

Chad V. Haes focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights. Mr. Haes' litigation experience includes representing institutional lenders in actions related to lien priority and wrongful foreclosure, prosecuting and enforcing mechanic's liens, seeking unlawful detainer judgments on behalf of secured lenders and representing creditors, debtors and trustees in the bankruptcy context.

Mr. Haes is a California native who earned his Bachelor of Arts degree from Azusa Pacific University in 2004 and his law degree from Southwestern Law School in 2008. Prior to joining Marshack Hays, Mr. Haes served a two-year term as the judicial law clerk to the Honorable Meredith A. Jury of the United States Bankruptcy Court for the Central District of California, Riverside Division. Mr. Haes also externed for Honorable Samuel L. Bufford of the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

While in law school, Mr. Haes was a member of the Moot Court Honors Program and the recipient of the John J. Schumacher full-tuition scholarship, the Equal Justice America fellowship, the Wiley W. Manuel Award for Pro Bono Legal Services and the CALI Excellence Award for Constitutional Law. Mr. Haes was also selected as a finalist oralist and finalist writer in the Southwestern First-Year Intramural Moot Court Competition and a finalist oralist in the Rendigs National Products Liability Moot Court Competition.

## DAVID A. WOOD

David A. Wood focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights.

Mr. Wood earned his Bachelor of Arts degree from Biola University in 2003, where he graduated magna cum laude. Thereafter, Mr. Wood was a senior associate at Alfred Gobar Associates, a firm specializing in developing econometric modeling systems to evaluate land development opportunities, and the existence of economic blight. He earned his law degree from Chapman University School of Law in 2010, where he graduated in the top 6% of his class. Prior to joining Marshack Hays, Mr. Wood served a two-and-a-half year term as the judicial law clerk to the Honorable Erithe A. Smith of the United States Bankruptcy Court for the Central District of California, Santa Ana Division. Mr. Wood also externed for Honorable Theodor C. Albert of the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

While in law school, Mr. Wood was a symposium editor for the Chapman Law Review and the recipient of the CALI Excellence Award for Immigration Law and Select Topics in American Law.

## ATTORNEYS

**KRISTINE A. THAGARD** focuses her practice on contract, construction, loan enforcement (including lender's right to insurance proceeds and guarantees), purchase and sale transactions, partnership dispute, toxic cleanup and environmental contamination, broker malfeasance, fiduciary duty (broker/agent, partnership and trust), and insurance (negotiation, bad faith, and declaratory relief). She has significant litigation experience in multi-party complex construction defect actions, all aspects of general/commercial liability defense (construction, product and premise liability), subrogation, and real estate (broker/agent, contract, title, contract and fraud).

Ms. Thagard was born in Lynwood, California and graduated cum laude from Menlo College where she served on the Board of Trustees for 9 years. She received her J.D. from the University of Southern California in 1980. While in law school she served as a judicial extern to the Honorable Robert Kingsly, Second Appellate District Court of Appeal. She is admitted to practice in both California (1980) and Nevada (2001) as well as the Federal Courts of both states. She also holds a California Real Estate Broker's License.

**MATTHEW W. GRIMSHAW** focuses his practice on insolvency law and litigation. He represents parties in all aspects of bankruptcy matters and out-of-court restructurings. He also has significant experience litigating and advising clients on issues resulting from the debtor-creditor relationship, including the enforcement of notes and guarantees, writs of attachment, receiverships, wrongful foreclosures, mortgage elimination scams, and injunctions.

Mr. Grimshaw was born in Mesa, Arizona. He graduated from Brigham Young University with a Bachelor of Arts degree in Economics. He graduated with honors from Willamette University College of Law, where he served as the editor-in-chief of the school's Journal of International Law and Dispute Resolution. Mr. Grimshaw was admitted to practice law in California in 2000.

Mr. Grimshaw served a two-year term as a judicial law clerk to the Honorable John E. Ryan. During his first year, Mr. Grimshaw served as Judge Ryan's trial law clerk. During his second year, when Judge Ryan was the chief judge of the Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals, Mr. Grimshaw served as his appellate law clerk.

Mr. Grimshaw has been asked on many occasions to present lectures on various subjects, including bankruptcy, creditors' rights, and legal ethics. He has published numerous articles on bankruptcy-related topics. In 2006, he was also appointed by Ninth Circuit Court of Appeals to serve on the committee that evaluated candidates and made recommendations as to who should fill existing vacancies on the United States Bankruptcy Court for the Central District of California.

Mr. Grimshaw is a long-time member of the Board of Directors for the Orange County Bankruptcy Forum. He also served as Chair of the Commercial Law and Bankruptcy Section of the Orange County Bar Association.

Mr. Grimshaw enjoys spending time with his family, reading, and traveling. Mr. Grimshaw is conversant in Spanish. He is an Eagle Scout and continues to be actively involved with the Boy Scouts of America.

4820-8433-8821, v. 2/9999-100

**JUDITH E. MARSHACK** is an Associate with Marshack Hays LLP. She was born in Inglewood, CA. Ms. Marshack graduated from the California State University, Long Beach in 1982 and from Western State University, College of Law in 1992, and was admitted to practice law in 1992.

**LAILA MASUD** focuses her practice in bankruptcy and business litigation, including lender liability and creditors' rights.

Ms. Masud graduated cum laude from the University of California, Irvine in 2012. She earned her law degree from Pepperdine University School of Law in 2016. She was admitted to practice law in California in 2016. Prior to joining Marshack Hays, Ms. Masud served as a judicial law clerk to the Honorable Thomas B. Donovan at the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

During law school, as an extern for the Honorable Vincent P. Zurzolo at the United States Bankruptcy Court for the Central District of California, Los Angeles Division, she served on the Rules Committee where she conducted research and wrote on various issues of bankruptcy law, including local court forms, rules and procedures. She also served as a student leader and was nominated for The Parris Institute for Professional Formation Award for Excellence in Leadership and Excellence in Peacemaking. In 2020, Ms. Masud served as the youngest President of the OCBA's Commercial Law and Bankruptcy Section. Ms. Masud is also a member of the International Women's Insolvency & Restructuring Confederation and in August 2020 Ms. Masud was profiled in the Orange County Business Journal for Woman in Law. Ms. Masud is conversant in Spanish, Urdu and Hindi.

**TINHO MANG** is an attorney at Marshack Hays. He recently earned his Juris Doctorate from the University of Southern California, Gould School of Law, and prior to that, graduated *magna cum laude* from the University of California, Los Angeles. While at law school, Mr. Mang served as the Executive Senior Editor of the Southern California Review of Law and Social Justice. He also served two full-time summers and one part-time fall semester as an extern in the United States Bankruptcy Court for the Central District of California for the Honorable Scott C. Clarkson. During his externship in bankruptcy court, Mr. Mang developed a deep appreciation for the intricacies of bankruptcy practice, participating substantially in a wide variety of bankruptcy matters ranging from Chapter 11 confirmations, adversarial proceedings for lien avoidance, and a trial seeking to avoid a preferential or fraudulent transfer.

Mr. Mang was sworn in as a member of the California State Bar on November 27, 2018.

## PARALEGALS AND TRUSTEE ADMINISTRATORS

**PAMELA KRAUS**, Trustee Case Administrator and Paralegal 1990 to Present; Education: Coastline Community College, Costa Mesa (A.A. 2004); Legal Assistant Training Program, Coastline Community College, American Bar Association Certification (Completion 2004). Member: Orange County Paralegal Association; Orange County Bankruptcy Forum; National Association of Bankruptcy Trustees.

**CHANEL MENDOZA**, Experience: Ms. Mendoza is a seasoned litigation and bankruptcy Legal Assistant/Paralegal. She has more than twenty years of law related experience comprising of workers' compensation, personal injury, business litigation, employment law, and bankruptcy, all while working under the direct supervision of active members of the California State Bar. Ms. Mendoza has also worked fourteen of those years under the direction and supervision of Marshack Hays LLP's founding partner, D. Edward Hays. Ms. Mendoza has federal and state court experience, including extensive trial and appellate knowledge. Ms. Mendoza is a former Board Member of NALS and is a current member of the National Notary Association and Orange County Legal Secretaries Association, Inc.

**LAYLA BUCHANAN**, Experience: Ms. Buchanan is a Senior Paralegal with Marshack Hays LLP and has over twenty years of law related experience. Ms. Buchanan has worked extensively in civil, bankruptcy and family law, working under the direct supervision of active members of the California State Bar. Ms. Buchanan obtained her Paralegal Certificate from Coastline Community College's ABA accredited program. Member: Orange County Legal Secretaries Association, Orange County Paralegal Association, and a current member of the National Notary Association. Ms. Buchanan has extensive knowledge in all aspects of state and federal court litigation and bankruptcy practices.

**CYNTHIA BASTIDA**, Experience: Ms. Bastida has over twenty years of experience working as a Legal Assistant/Paralegal. She has her Paralegal Certificate (completion in 1991) and earned a Bachelor of Arts in Psychology from California State University Fullerton in 2004. She has a wide range of experience from civil litigation, bankruptcy, product liability, lemon law, real estate and corporate law as well as eminent domain. Her skills include: Legal research, trial preparation along with drafting numerous fee applications, petitions, proofs of claim, notices, motions and discovery. Cynthia is a member of Orange County Legal Secretary Association (OCLSA).

**LAURIE MCPHERSON**, Trustee Case Administrator 2007 to present; Trustee field agent and/paraprofessional 1988 to 2007; Experience: Twenty years of law related experience as a bankruptcy trustee paraprofessional working under the direct supervision of active members of the California State Bar and attorneys who practice in federal courts located in California.

**KATHLEEN FREDERICK**, Experience: Mrs. Frederick is a Junior Paralegal with Marshack Hays LLP. Mrs. Frederick graduated from the University of California, Los Angeles in 2008 with a bachelor's degree in English. She obtained her Paralegal Certificate from Coastline Community College's ABA accredited program in May of 2018. She has been working with the firm for more than five years and has over ten years legal experience. Mrs. Frederick is a member of the Orange County Paralegal Association and the National Association of Legal Assistants.

EXHIBIT 1, PAGE 22

Billing Rates:

| Partners | Rates | Associates | Rate | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $650 | Judith E. Marshack | $410 | Pamela Kraus | $280 |
| D. Edward Hays | $650 | Laila Masud | $390 | Chanel Mendoza | $260 |
| Chad V. Haes | $490 | Tinho Mang | $350 | Layla Buchanan | $260 |
| David A. Wood | $490 | | | Cynthia Bastida | $260 |
| Of Counsel | | | | Kathleen Frederick | $200 |
| Kristine A. Thagard | $550 | | | | |
| Matthew W. Grimshaw | $550 | | | | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL; AND DECLARATION OF D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 15, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **July 15, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
NORTHERN HOLDING, LLC
13217 JAMBOREE RD #429
TUSTIN, CA 92782

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 15, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**PURSUANT TO LBR 5005-2(d) AND COURT MANUAL APPENDIX F SECTION 2.2, NON-HEARING MOTIONS WHEN THE RESPONSE DEADLINE HAS NOT PASSED WILL NOT BE SERVED UPON THE JUDGE.**

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 15, 2021 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: CONTINUED:
   - **ATTORNEY FOR U.S. TRUSTEE (SA):** Nancy S Goldenberg nancy.goldenberg@usdoj.gov
   - **ATTORNEY FOR CREDITOR FARM CREDIT WEST, FLCA:** Michael J Gomez mgomez@frandzel.com, dmoore@frandzel.com
   - **INTERESTED PARTY COURTESY NEF:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
   - **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
   - **INTERESTED PARTY COURTESY NEF:** Elissa Miller emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
   - **ATTORNEY FOR DEBTOR NORTHERN HOLDING LLC:** Roksana D. Moradi-Brovia roksana@rhmfirm.com, matt@rhmfirm.com; janita@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; sloan@rhmfirm.com
   - **ATTORNEY FOR CREDITOR ADLER BELMONT GROUP, INC.:** Paul F Ready tamara@farmerandready.com
   - **ATTORNEY FOR DEBTOR NORTHERN HOLDING LLC:** Matthew D. Resnik matt@rhmfirm.com, roksana@rhmfirm.com; janita@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; sloan@rhmfirm.com
   - **UNITED STATES TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
   - **ATTORNEY FOR CREDITOR FARM CREDIT WEST, FLCA:** Reed S Waddell rwaddell@frandzel.com, sking@frandzel.com
   - **ATTORNEY FOR CREDITOR FARM CREDIT WEST, FLCA:** Gerrick Warrington gwarrington@frandzel.com, sking@frandzel.com
   - **INTERESTED PARTY COURTESY NEF:** David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**