Elissa D. Miller (CA Bar No. 120029)
  emiller@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Bank Direct Capital Finance

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:20-bk-13014-MW |
| NORTHERN HOLDING, LLC, | Chapter 7 |
| Debtor. | **NOTICE OF HEARING ON SHORTENED TIME RE MOVING PARTY, BANK DIRECT CAPITAL FINANCE'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** |

Date:    August 4, 2021
Time:    9:00 a.m.
Place:    Courtroom 6C
            411 W. Fourth Street
            Santa Ana, CA 92701

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL INTERESTED PARTIES:**

    **PLEASE TAKE NOTICE** that on July 21, 2021, the United States Bankruptcy Court, the Honorable Mark S. Wallace, presiding, entered its "Order Granting Application and Setting Hearing On Shortened Notice" (the "OST") [Docket No. 150] with respect to Moving Party, Bank Direct Capital Finance's "Notice Of Motion And Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (Personal Property)" (the "Motion") [Docket No. 145].

EDM 2715343V1

**PLEASE TAKE FURTHER NOTICE** that attached hereto as Exhibit "A" is a true and correct copy of the OST.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as Exhibit "B" is a true and correct copy of the Motion.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as Exhibit "C" is a true and correct copy of the Memorandum of Points and Authorities in support of the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the OST, a hearing on the Motion shall take place on August 4, 2021, at 9:00 a.m., Pacific Time, or as soon thereafter as the matter may be heard, in Courtroom "6C" of the above-entitled Court, located at 411 W. Fourth Street, Santa Ana, California 92701, before the Honorable Mark S. Wallace, United States Bankruptcy Judge, presiding.

**PLEASE TAKE FURTHER NOTICE** that the Motion is made and based upon the moving papers, the attached memorandum of points and authorities and the supporting declaration of Richard Twardowski, all judicially noticeable facts, the arguments and representations of counsel, and any oral or documentary evidence presented prior to or at the scheduled hearing.

**PLEASE TAKE FURTHER NOTICE** that, any opposition to the Motion shall be writing and must be filed with the Court and served upon all interested parties via Overnight Mail and Email no later than August 2, 2021 at 5:00 p.m.

**PLEASE TAKE FURTHER NOTICE** that any replies may be made orally at the hearing.

DATED: July 22, 2021                    Respectfully submitted,

                                        **Sulmeyer**Kupetz
                                        A Professional Corporation


                                        By:  /s/ Elissa D. Miller
                                             Elissa D. Miller
                                             Attorneys for Bank Direct Capital Finance

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

EDM 2715343v1

**EXHIBIT A**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Elissa D. Miller (CA Bar No. 120029)<br>  emiller@sulmeyerlaw.com<br>SulmeyerKupetz<br>A Professional Corporation<br>333 South Grand Ave., Suite 3400<br>Los Angeles, California 90071-1406<br>Telephone: 213.626.2311<br>Facsimile: 213.629.4520<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for*: Bank Direct Capital Finance | **FILED & ENTERED**<br><br>**JUL 21 2021**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY jle        DEPUTY CLERK<br><br>~~CHANGES MADE BY COURT~~ |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA** – SANTA ANA DIVISION

| In re:<br><br>NORTHERN HOLDING, LLC,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:20-bk-13014-MW<br>CHAPTER: 7<br><br>**ORDER:**<br><br>☒ **GRANTING APPLICATION AND SETTING HEARING ON SHORTENED NOTICE**<br><br>☐ **DENYING APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**<br><br>**[LBR 9075-1(b)]** |
|---|---|

**Movant** (*name*):  Bank Direct Capital Finance

1.  Movant filed the following motion together with supporting declarations and (if any) supporting documents:

    a.  *Title of motion*: Notice of Motion and Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (Personal Property) [Docket No. 145]

    b.  *Date of filing of motion:* July 20, 2021

2.  Pursuant to LBR 9075-1(b), movant also filed an Application for Order Setting Hearing on Shortened Notice (Application) together with supporting declaration(s):

    *Date of filing of Application*: July 20,. 2021

3.  Based upon the court's review of the Application, it is ordered that:

    a.  ☐ The Application is denied. The motion may be brought on regular notice pursuant to LBRs.

    b.  ☒ The Application is granted, and it is further ordered:

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                            Page 1                            **F 9075-1.1.ORDER.SHORT.NOTICE**
                                                                                              0003

(1) ☒  A hearing on the motion will take place as follows:

| | |
|---|---|
| **Hearing date:** August 4, 2021 | **Place:** |
| **Time:** 9:00 a.m. | ☐ 255 East Temple Street, Los Angeles, CA 90012 |
| **Courtroom:** 6C | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
| | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☒ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |

(2) ☒  No later than the deadlines given, **telephonic notice** of the hearing must be provided to all
persons/entities listed:

| (A) _Deadlines:_ | (B) _Persons/entities to be provided with telephonic notice:_ |
|---|---|
| Date: July 22, 2021 | Debtor, Farm Credit West |
| Time: Noon | |
| | ☐ See attached page |
| | (C) _Telephonic notice is also required upon_ the United States trustee |

(3) ☒  No later than the deadlines given, **written notice of the hearing** and a **copy of this order** must be
served upon all persons/entities listed using:    ☐ one of the methods checked    ☒ all of the
methods checked

(A)  ☐ Personal Delivery    ☒ Overnight Mail    ☐ First class mail    ☐ Facsimile*    ☒ Email*

| (B) _Deadlines:_ | (C) _Persons/entities to be served with written notice and a copy of this order:_ |
|---|---|
| Date: 5:00 p.m. | Debtor, Farm Credit West |
| Time: July 22, 2021 | |
| | ☐ See attached page |
| | (D) _Service is also required upon:_ |
| | -- United States trustee _(electronic service is not permitted)_ |
| | -- Judge's copy personally delivered to chambers |
| | _(see Court Manual for address)_ |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_December 2013_                    Page 2                    **F 9075-1.1.ORDER.SHORT.NOTICE**

0004

(4) ☒ No later than the deadlines given, a copy of the motion, declarations, and supporting documents (if any), must be served on all persons/entities listed using: ☐ one of the methods checked    ☒ all of the methods checked

(A) ☐ Personal Delivery   ☒ Overnight Mail   ☐ First Class Mail   ☐ Facsimile*   ☒ Email*

| (B) *Deadlines:* | (C) *Persons/entities to be served with motion, declarations, supporting documents:* |
|---|---|
| Date: July 22, 2021 | Debtor, Farm Credit West |
| Time: 5:00 pm |  |
|  | ☐ See attached page |
|  | (D) *Service is also required upon:* |
|  | -- United States trustee *(no electronic service permitted)* |
|  | -- Judge's copy personally delivered to chambers *(see Court Manual for address)* |

(5) ☒ Regarding **opposition to the motion**

☐ opposition to the motion may be made **orally** at the hearing

☒ no later than the deadlines given, **written opposition to the motion** must be filed with the court and served upon all persons/entities listed using: ☐ one of the methods checked    ☐ all of the methods checked

(A) ☐ Personal Delivery   ☒ Overnight Mail   ☐ First Class Mail   ☐ Facsimile*   ☒ Email*

| (B) *Deadlines:* | (C) *Persons/entities to be served with written opposition to the motion:* |
|---|---|
| Date: August 2, 2021 | -- movant's attorney (or movant, if movant is not represented by an attorney) |
| Time: 5:00 pm |  |
|  | (D) *Service is also required upon:* |
|  | -- United States trustee *(electronic service is not permitted)* |
|  | -- Judge's copy personally delivered to chambers *(see Court Manual for address)* |

(6) ☒ Regarding a **reply to an opposition:**

☒ a reply to opposition may be made **orally** at the hearing.

☐ no later than the deadlines given, a **written reply to an opposition** must be filed with the court and served on all persons/entities listed using: ☐ one of the methods checked    ☐ all of the methods checked

(A) ☐ Personal Delivery   ☐ Overnight Mail   ☐ First Class Mail   ☐ Facsimile*   ☐ Email*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                    Page 3                    **F 9075-1.1.ORDER.SHORT.NOTICE**

0005

| (B) _Deadlines:_ <br><br> Date: <br><br> Time: | (C) _Persons/entities to be served with written reply to opposition:_ <br> -- All persons/entities who filed a written opposition <br><br><br> (D) _Service is also required upon:_ <br> -- United States trustee _(electronic service is not permitted)_ <br> -- Judge's Copy personally delivered to chambers <br> _(see Court Manual for address)_ |
|---|---|

(7) ☐  Other requirements:

(8) ☒  No later than the deadlines given, movant must file a **Declaration of Notice and Service** establishing that telephonic notice, written notice, and service of the motion and this order was completed as set forth above, and a **judge's copy** of the Declaration of Notice and Service must be personally delivered to the judge's chambers:

| ☒ at least 2 days before the hearing. <br><br> ☐ no later than:        Date:                Time: |
|---|

\* Service by electronic means (facsimile or email) requires compliance with F.R.Civ.P. 5(b)(2)(E).

<center>###</center>

Date: July 21, 2021

_Mark S. Wallace_
Mark S. Wallace
United States Bankruptcy Judge

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_December 2013_                                Page 4                **F 9075-1.1.ORDER.SHORT.NOTICE**

0006

# EXHIBIT B

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Elissa D. Miller (CA Bar No. 120029)<br>    emiller@sulmeyerlaw.com<br>**Sulmeyer**Kupetz, A Professional Corporation<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Tel:  213-626-2311<br>Fax: 213-629-4520<br><br>☐  *Individual appearing without attorney*<br>☒  *Attorney for:* Bank Direct Capital Finance | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

</div>

| In re:<br><br>NORTHERN HOLDING, LLC,<br><br><br><br><br><br><br><br><div align="right">Debtor(s).</div> | CASE NO.: 8:20-bk-13014-MW<br>CHAPTER: 7<br><br><div align="center">**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)**</div><br>DATE:<br>TIME:<br>COURTROOM: |

**Movant:** Bank Direct Capital Finance

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012    ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties) , their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay, as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1 .RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 1                    **F 4001-1.RFS.PP.MOTION**

0007

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7. ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☒ An application for order setting hearing on shortened notice and remains pending. After the court has ruled on that application, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 7/20/2021

**Sulmeyer**Kupetz, A Professional Corporation
Printed name of law firm (if applicable)

Elissa D. Miller
Printed name of individual Movant or attorney for Movant

/s/ Elissa D. Miller
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1. Movant has a perfected security interest in the Property.

2. **The Property at Issue (Property):**

   a. ☐ Vehicle (*year, manufacturer, type, and model*):

      *Vehicle Identification Number:*
      *Location of vehicle (if known):*

   b. ☐ Equipment (*manufacturer, type, and characteristics*):

      *Serial number(s):*

      *Location (if known):*

   c. ☒ Other Personal Property *(type, identifying information, and location):*
      Unearned Insurance Premiums on policies obtained by Rabbit Ridge who has defaulted on the financing.
      Debtor is an additional insured on the insurance policies financed. Debtor is not the borrower.

3. **Bankruptcy Case History:**

   a. ☒ A voluntary bankruptcy petition  ☐ An involuntary bankruptcy petition
      under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13 was filed on (*date*) 10/28/20____.

   b. ☒ An order to convert this case to chapter  ☒ 7  ☐ 11  ☐ 12  ☐ 13 was entered on (*date*) 6/15/2021____.

   c. ☐ Plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

      (1) ☒ Movant's interest in the Property is not adequately protected.

         (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant
            sufficient to protect Movant's interest against that decline.

         (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's
            obligation to insure the collateral under the terms of Movant's contract with Debtor.

         (D) ☐ Other (*see attached continuation page*).

      (2) ☐ The bankruptcy case was filed in bad faith.

         (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
            commencement documents.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 3                                   **F 4001-1.RFS.PP.MOTION**

0009

(B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

(D) ☐ Other bankruptcy cases were filed in which an interest in the Property was asserted.

(E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(3) ☐ *(Chapter 12 or 13 cases only)* All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due
☐ postpetition preconfirmation   ☐ postpetition postconfirmation.

(4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

(5) ☐ The Debtor filed a statement of intention that indicates the Debtor intends to surrender the Property.

(6) ☐ Movant regained possession of the Property on (*date*)_____ , which is
☐ prepetition ☐ postpetition.

(7) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew that the bankruptcy petition had been filed and Movant would have been entitled to relief from stay to proceed with those actions,

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

c. ☐ Other (*specify*):

6. ☒ **Evidence in Support of Motion: (*Declaration(s) must be signed under penalty of perjury and attached to this motion*)**

a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in the Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) 1.

d. ☐ Other:

7. **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 4                    F 4001-1.RFS.PP.MOTION

0010

**Movant requests the following relief:**

1. Relief from the stay is granted under:   ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)

2. ☐ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☒ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ If relief from stay is not granted, the court orders adequate protection.

12. ☒ See continuation page for other relief requested

Date: 7/20/2021

SulmeyerKupetz, A Professional Corporation
Print name of law firm

Elissa D. Miller
Print name of individual Movant or attorney for Movant

/s/ Elissa D. Miller
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 5                          F 4001-1.RFS.PP.MOTION

0011

# PERSONAL PROPERTY DECLARATION

I, *(name of declarant)* <u>Richard Twardowski</u>                    , declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property *(specify)*:

    a.  ☐  I am the Movant.

    b.  ☒  I am employed by Movant as *(title and capacity)*: Senior Portfolio Management Specialist

    c.  ☐  Other *(specify)*:

2.  a.  ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b.  ☐  Other (see attached):

3.  The Property is:

    a.  ☐  Vehicle *(year, manufacturer, type, model and year)*:

        *Vehicle Identification Number*:
        *Location of vehicle (if known)*:

    b.  ☐  Equipment *(manufacturer, type, and characteristics)*:

        *Serial number*(s):
        *Location (if known)*:

    c.  ☒  Other personal property *(type, identifying information, and location)*:
        Unearned Insurance Premiums on policies obtained by Rabbit Ridge who has defaulted on the financing. Debtor is an additional insured on the insurance policies financed.  Debtor is not the borrower.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  The nature of Debtor's interest in the Property is:

   a.  ☐  Sole owner

   b.  ☐  Co-owner (*specify*):

   c.  ☐  Lessee

   d.  ☒  Other (*specify*): Debtor is an additional insured on the insurance policies financed.  It is not the borrower.

   e.  ☐  Debtor ☐ did ☐ did not  list the Property in the schedules filed in this case.

5.  ☐  The lease matured or was rejected on (*date*) _____:

   a.  ☐  rejected

     (1) ☐  by operation of law.

     (2) ☐  by order of the court.

   b.  ☐  matured.

6.  Movant has a perfected security interest in the Property.

   a.  ☒  A true and correct copy of the promissory note or other document that evidences the debt owed by the Debtor to Movant is attached as Exhibit <u>1</u>.

   b.  ☐  The Property is a motor vehicle, boat, or other personal property for which a certificate of title is provided for by state law. True and correct copies of the following items are attached to this motion:

     (1) ☐  Certificate of title ("pink slip") (Exhibit _____).

     (2) ☐  Vehicle or other lease agreement (Exhibit _____).

     (3) ☐  Security agreement (Exhibit _____).

     (4) ☐  Other evidence of a security interest (Exhibit _____).

   c.  ☐  The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided for by state law. True and correct copies of the following items are attached to this motion:

     (1) ☐  Security agreement (Exhibit _____).

     (2) ☐  UCC-1 financing statement (Exhibit _____).

     (3) ☐  UCC financing statement search results (Exhibit _____).

     (4) ☐  Recorded or filed leases (Exhibit _____).

     (5) ☒  Other evidence of perfection of a security interest (Exhibit <u>2</u>.)

   d.  ☐  The Property is consumer goods. True and correct copies of the following items are attached to this motion:

     (1) ☐  Credit application (Exhibit _____).

     (2) ☐  Purchase agreement (Exhibit _____).

     (3) ☐  Account statement showing payments made and balance due (Exhibit _____).

     (4) ☐  Other evidence of perfection of a security interest (*if necessary under state law*) (Exhibit _____).

   e.  ☐  Other liens against the Property are attached as Exhibit _____.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

7. Status of Movant's debt:

   a. The amount of the monthly payment: $ 9,384.06 _____ .

   b. Number of payments that became due and were not tendered: ☐ prepetition ☒ postpetition. 2

   c. Total amount in arrears: $ 19,826.12 _____ .

   d. Last payment received on (*date*): 06/19/2021____ .

   e. Future payments due by the anticipated hearing date (*if applicable*): 08/15/2021____
      An additional payment of $ 9,384.06 _____ will come due on (*date*) 8/15/2021____ , and on
      the _____15th_____ day of each month thereafter. If the payment is not received by the 20th _____
      day of the month, a late charge of $469.20 _____ will be charged under the terms of the loan.

8. ☒ Attached as Exhibit 3 is a true and correct copy of a POSTPETITION payment history that accurately
   reflects the dates and amounts of all payments made by the Debtor since the petition date and late charges
   applied.

9. Amount of Movant's debt:
   a. Principal: ................................................................................. $ _____ 83,483.71
   b. Accrued interest: ...................................................................... $ _____ 972.37
   c. Costs (attorney's fees, late charges, other costs): ................... $ _____ 998.40
   d. Advances (property taxes, insurance): .................................... $ _____
   e. TOTAL CLAIM as of 7/20/2021_____ : ...................................... $ _____ 85,454.74

10. ☒ (*Chapter 7 and 11 cases only*) Valuation: The fair market value of the Property is: $ _____ 106,431.05 .
    This valuation is based upon the following supporting evidence:

    a. ☐ This is the value stated for property of this year, make, model, and general features in the reference guide
       most commonly used source for valuation data used by Movant in the ordinary course of its business for
       determining the value of this type of property. True and correct copies of the relevant excerpts of the most
       recent edition of the reference guide are attached as Exhibit _____.

    b. ☐ This is the value determined by an appraisal or other expert evaluation. True and correct copies of the
       expert's report and/or declaration are attached as Exhibit _____.

    c. ☐ The Debtor's admissions in the Debtor's schedules filed in the case. True and correct copies of the relevant
       portions of the Debtor's schedules are attached as Exhibit _____.

    d. ☒ Other basis for valuation (*specify*):
       This is the unearned premium remaining as of July 20, 2021.  The Debtor is not a borrower under the
       policy - it is simply an additional insured.

    +------------------------------------------------------------------------------+
    | **NOTE:**   If valuation is contested, supplemental declarations providing   |
    |             additional foundation for the opinions of value should be        |
    |             submitted.                                                       |
    +------------------------------------------------------------------------------+

11. Calculation of equity in Property:

    a. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion: As of hearing date of August 16, 2021**

       I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s)
       senior to Movant's debt is $ 0.00 _____ and is 0.00% of the fair market value of the
       Property.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                  Page 8                                  **F 4001-1.RFS.PP.MOTION**
                                                                                                    0014

b.  ☐ **11 U.S.C. § 362(d)(2)(A) - Equity**:

By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 10 above, I calculate that the Debtor's equity in the Property is $ _____.

12. ☒ The fair market value of the Property is declining because:
Each day that the policies remain extant, the unearned premium declines by $384.878

13. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

14. ☐ Movant regained possession of the Property on (*date*)_____, which is:  ☐ prepetition  ☐ postpetition.

15. ☐ (*Chapter 12 or 13 cases only*) Status of Movant's debt and other bankruptcy case information:

a.  The 341(a) meeting of creditors is currently scheduled for (or concluded on) (*date*) _____
A plan confirmation hearing is currently scheduled for (or concluded on) (*date*)_____
The plan was confirmed on (*if applicable*) (*date*) _____

b.  Postpetition <u>preconfirmation</u> payments due BUT REMAINING UNPAID after the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c.  <u>Postconfirmation</u> payments due BUT REMAINING UNPAID after the plan confirmation date *(if applicable)*:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                    $
(*For details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs:                                           $            Unknown at this time
(*For details of type and amount, see Exhibit* )

f.  Less suspense account or partial paid balance:                     $ [                    ]

TOTAL POSTPETITION DELINQUENCY:                   $

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 9                              **F 4001-1.RFS.PP.MOTION**

0015

g. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. The plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001-1.DEC.AGENT.TRUSTEE)*.

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

17. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other *(specify)*:


18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property:

(1) Case name:_____
Chapter: _____    Case number:_____
Date filed: _____    Date discharged: _____    Date dismissed: _____
Relief from stay regarding the Property ☐ was   ☐ was not granted.

(2) Case name:_____
Chapter: _____    Case number:_____
Date filed: _____    Date discharged: _____    Date dismissed:_____
Relief from stay regarding the Property ☐ was   ☐ was not granted.

(3) Case name:_____
Chapter: _____    Case number:_____
Date filed: _____    Date discharged: _____    Date dismissed: _____
Relief from stay regarding the Property ☐ was   ☐ was not granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 10                                   **F 4001-1.RFS.PP.MOTION**

0016

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

7/20/21        RICHARD  TWARDOWSKI        _____
Date                    *Printed Name*                              *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 11                    **F 4001-1.RFS.PP.MOTION**

0017

# Continuation Page

Request for Relief Paragraph 12:

Bank Direct requests that the Court grant it relief from stay so that it may take such action as is necessary to cancel the premiums and collect on its collateral – the unearned premiums.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1    ### **DECLARATION OF RICHARD TWARDOWSKI**

2    I, Richard Twardowski, declare:

3    1.    I am an individual over the age of 18.  I am the Senior Portfolio

4    Management Specialist of Bank Direct Capital Finance ("Bank').   I have personal

5    knowledge of the facts set forth herein, and if called upon to testify to these facts, I would

6    and could competently do so.

7    2.    I have been employed by Bank for approximately 14 years, and have

8    maintained my present position for approximately 1 year.  Prior to this position, I served

9    as Vice President, Portfolio Management.  In both my present and prior positions, I was

10   and am in charge of generating and then monitoring and collecting on Bank's premium

11   finance agreements including those in default.  I am responsible for premium finance

12   agreements for the entire country.

13   3.    In my capacity as the Senior Portfolio Management Specialist, my duties

14   and responsibilities also include overseeing the records for Bank as they pertain to

15   accounts handled by including the records of Bank as they pertain to the Premium

16   Finance Agreement entered between Rabbit Ridge Wine Sales, Inc. ("Rabbit") with

17   regard to five insurance policies on which the Debtor Northern Holdings, LLC ("Debtor")

18   is named as an additional insured.  I am required to know, and in fact I have personal

19   knowledge of, the duties of the Bank employees and record keeping methods used by

20   these employees who are responsible for maintaining the files and documents, including

21   payment history and finance agreements for borrowers of Bank, including Rabbit.

22   4.    The exhibits attached hereto are from the books and records of Bank.  I

23   have personal knowledge of the duties of Bank employees and record keeping methods

24   used by these employees who are responsible for processing the financing agreements

25   and notices given to insurance companies for which Return Premiums are pledged to

26   Bank.

27   5.    The business records of Bank referred to in this declaration are prepared

28   and kept by Bank in the ordinary course of Bank's business.  The entries made in such

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX  213.629.4520

EDM 2713097v1

0019

1   business records were made at or near the time of the occurrence of the events

2   recorded.  Furthermore, these business records are, in all instances, kept in a safe and

3   secure location and all said business records were made by persons who have a

4   business duty to Bank to make such records.

5       6.      Attached hereto and incorporated herein by reference as **Exhibit 1** is a true

6   and correct copy of the Premium Finance Agreement ("PFA") entered between Bank  and

7   Rabbit on or about April 22, 2021.  Pursuant to the terms of the PFA, Bank agreed to

8   finance for Rabbit the purchase of insurance policies with total premiums of $143,378.05.

9   In entering into the PFA, Rabbit represented and warranted that it was the only insured

10  on the policy.  The PFA requires that all insureds, not just borrower, execute the PFA.

11      7.      After entering into the PFA, Bank loan proceeds to the carriers in payment

12  of the premiums.  Thus, Bank financed $91,310.73.73 of the premiums.

13      8.      Only after entering into the PFA, and forwarding the net premiums to the

14  carriers did I and Bank learn that Debtor was an additional insured on each of the policies

15  and that Debtor was in bankruptcy.  This is contrary to the representations and warranties

16  made in paragraph 2 of the PFA that "the Insured is not insolvent nor presently the

17  subject of any insolvency proceedings."  I also learned that the down payment for the

18  policies paid to Rabbit's broker was returned for non-sufficient funds and that the Broker

19  was filing a Motion for relief from stay to cancel the policies.

20      9.      Pursuant to the terms of the PFA, Rabbit was required to repay Bank by

21  making ten (10) monthly payments of $9,384.06 each commencing May 15, 2021.  As

22  noted on the PFA, each policy was for a twelve month period.

23      10.     Pursuant to the terms of the PFA, Debtor secured its obligations to Bank by

24  granting to Bank a security interest in any and all unearned premiums and dividends

25  which may become payable under the insurance policies for which the premiums were

26  being financed ("Return Premiums").

27      11.     Based on my approximately 14 years of experience in collecting on

28  premium finance agreements in default, I am familiar with the laws around the country for

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

0020

perfecting security interests in return premiums.  Pursuant to California Finance Code, §18591 and California Commercial Code § 9312(b)(4), Bank perfected its security interest in the Return Premiums by mailing written notice of the PFA to each of the five (5) insurance companies whose premiums were financed pursuant to the PFA.[1] Attached hereto collectively as **Exhibit 2** and incorporated herein by reference are true and correct copies of the notice sent to each of the insurance companies.  The date on the notices is placed thereon as the notices are prepared and mailed to the insurers by person or persons at Bank whose responsibility is to prepare and mail such notices, and reflects the date of such mailing.

12.    Attached hereto as **Exhibit 3** and incorporated herein by reference is the Account Transaction History for Rabbit for the PFA.  This report reflects the current principal balance, payments made, the date of payments and late charges, as applicable on the account.  This report is generated by the Bank computer system.  The information is input in the system by persons whose job it is at Bank to input finance data into the computer accurately and completely.  Bank relies on this system to generate amounts owning on finance agreements and for purposes of collecting on such agreements.

13.    As reflected on the Account Transaction History, Rabbit failed to make the first payment when due on May 15, 2021.  It then made the first  payment by e-check which was returned based on an invalid or closed account.  It continued to make payments which were later reversed.  To date, Rabbit has made one only payment that was not reversed, the payment made by credit card on June 19, 2021 for the payment due on May 15, 2021.  Rabbit has not made the payments due on July or July 15, 2021. I am familiar with the manner in which return premiums are calculated under insurance contracts and the rate such Return Premiums diminish.   Based on my review of Bank's files, I calculated the balance of refund premiums under the contracts financed and the

---

[1]  Although not required by Finance Code Section 185901, such notice constitutes perfection of Bank's security interests in the Return Premiums in compliance with California Uniform Commercial Code §9312(b)(4)

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

0021

1 | daily diminishment in value. Each day that an insurance policy remains extant, the value

2 | of the return premium declines. At inception, Rabbit owed Bank the sum of $93,840.60

3 | and the value of its collateral was approximately $143,000. Bank's position has declined

4 | since so that as of July 20, 2021, the value of the unearned premiums is approximately

5 | $106,431.05 and Bank is owed $85,454.74. Based upon the fact that the insurance

6 | policies remain in full force and effect, the value of Bank's collateral decreases at the rate

7 | of $384.87 per day.

8 |     **14.** By reason of the missed June and July, 2021 installment payments, Rabbit

9 | is in default under the PFAs and, pursuant to paragraph 3 and 9 of the terms and

10 | conditions attached to and made a part of the PFA, in the event of a default, Bank has

11 | the right to cancel the policies financed and to apply any resulting Return Premiums to

12 | the amounts owing.

13 |     **15.** As a result of the continuing decline in value of the Return Premiums, Bank

14 | is now in a position where, if the motion is heard on regular notice, when taking into

15 | account continuing late fees, attorneys fees and costs Bank will be undersecured.

16 | Bank's position worsens each day that it is not allowed to cancel the insurance policies

17 | and enforce its rights under the PFAs.

18 |     **16.** Based on the foregoing, Bank respectfully requests that this Court enter an

19 | order approving the stipulation allowing Debtor to pay Bank's payments to preserve its

20 | insurance.

21 |     I declare under penalty of perjury under the laws of the United States of America

22 | that the foregoing is true and correct.

23 |     Executed this _20th_ day of July, 2021 at _Lake Forest, Illinois_

24 |

25 |

26 |                     Richard Twardowski

27 |

28 |

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

EDM 2713097v1

-4-

EXHIBIT 1



**COMMERCIAL INSURANCE PREMIUM
FINANCE AND SECURITY AGREEMENT**

THIS COMMERCIAL INSURANCE PREMIUM FINANCE AND SECURITY AGREEMENT (this "Agreement") is between Insured named below as borrower and BankDirect Capital Finance, a division of Texas Capital Bank, N.A. ("BankDirect") as lender, concerning the financing of the premium(s) for one or more commercial insurance policies listed in the Schedule of Policies below (the "Loan"). The terms of this Agreement are stated below and on all subsequent pages of this document.

| **Insured / Borrower** ("Insured") Name & Business Address (as stated in Policy) | **Insured's Agent or Broker** ("Agent") Name & Business Address |
|---|---|
| Rabbit Ridge Wine Sales, Inc.<br>13217 Jamboree Rd.<br>Tustin, CA 92782 | Adler Belmont Dye Insurance Services, Inc.<br>369 Marsh Street<br>Ste 200<br>San Luis Obispo, CA 93401 |
| Telephone Number:  952-220-8216    Taxpayer ID #:  XXXXX7640 | Telephone Number:  805-540-3900    Agency Code:  18419 |

## SCHEDULE OF POLICIES (each, a "Policy")

| Policy Prefix and Number | Effective Date of Policy MM/DD/YY | Name & City of Insurance Company and Name & City of General or Policy Issuing Agent or Company Office | Type of Coverage | Policy Subject to Audit (√) | Policy Term in Months Covered | Min Earned Prem % | Days to Cancel | Short Rate (√) | Premium Amounts |
|---|---|---|---|---|---|---|---|---|---|
| CA0000415 6801 | 4/15/2021 | Admiral Insurance Company Worldwide Facilities LLC - Los Angeles 725 S Figueroa St 19th Floor Los Angeles, CA 90017 | GENERAL LIABILITY | | 12 | 25% | 10 | | Premium:  $8,635.00<br>Policy Fee:  $0.00<br>Broker Fee:  $350.00<br>Tax/Stamp:  $280.64<br>Inspection:  $0.00 |

*Additional Policies are listed on the attached Schedule of Policies*    **TOTAL PREMIUMS**    $143,378.05

| TOTAL PREMIUMS | DOWN PAYMENT | UNPAID PREMIUM BALANCE | FLORIDA DOC STAMP TAX Applicable in Florida only | AMOUNT FINANCED Amount of Loan provided to or on behalf of Insured | FINANCE CHARGE The dollar amount of interest the Loan will cost over the term of the Loan | TOTAL OF PAYMENTS Amount of interest and principal which will have been paid on the Loan after making all scheduled Loan payments | ANNUAL PERCENTAGE INTEREST RATE The cost of interest on the Loan as a yearly percentage rate. |
|---|---|---|---|---|---|---|---|
| $143,378.05 | $52,067.32 | $91,310.73 | $0.00 | $91,310.73 | $2,529.87 | $93,840.60 | 6% |

| **Payment Schedule:**<br>The Loan payment schedule will be: | Number of Loan Payments | Amount of Each Loan Payment* | When Loan Payments are Due ("Due Dates") | |
|---|---|---|---|---|
| | | | First Due Date | Subsequent  Monthly  Due Dates** |
| | 10 | $9,384.06 | 5/15/2021 | 15th |

*Non-payment of the Loan may result in cancellation of any Policy.  **Subsequent payments are due on the same day of each succeeding period until paid in full.

**Prepayment:** Insured may prepay the outstanding principal balance of the Loan in full at any time. If Insured prepays the Loan in full, Insured will receive a refund of the unearned finance charge, calculated according to the Rule of 78's or the actuarial method as provided by applicable law. Minimum refund is $1.

**Security Interest:** Insured assigns and grants a security interest to BankDirect as security for payment of all amounts payable under this Agreement, in all of Insured's right, title and interest in and to each Policy and all amounts which are or may become payable to Insured under or with reference to the Policies including, among other things, any gross unearned premiums, dividend payments, and all payments on account of loss which results in reduction of any unearned premium in accordance with the term(s) of said Policies.

**Delinquency Charge:** Insured agrees to pay a delinquency charge to BankDirect on any payment required to be made by Insured hereunder which is not received by BankDirect within five (5) days of its due date, unless a longer period is specified under applicable law, in which case the delinquency charge will be imposed on any payment not received by BankDirect within this longer period. The delinquency charge will be the lesser of: (1) 5% of the overdue amount; or (2) the maximum delinquency charge allowed by applicable law.

**Service Fee:** The amounts and rates referenced on this page do not include the service fee referred to on page two of this document.

**Cancellation Charge:** If a default results in cancellation of a Policy, Insured agrees to pay a cancellation charge of $25 or the maximum amount permitted by applicable law.

**IMPORTANT INFORMATION ABOUT YOUR LOAN:** To help the Federal government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify and record information that identifies the Insured. We will require such information as we deem necessary to allow us to properly identify you, such as your name, address and Taxpayer ID # (TIN).

NOTICE TO INSURED:
**1.  DO NOT SIGN THIS AGREEMENT UNTIL YOU READ ALL PAGES OF THE AGREEMENT AND FILL IN ANY BLANK SPACES.  2. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT.  3. YOU UNDERSTAND AND HAVE RECEIVED A COPY OF THIS AGREEMENT, WHICH IS TO PROTECT YOUR LEGAL RIGHTS. 4. UNDER THE LAW, YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS TO OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE. 5. SEE ADDITIONAL PAGES FOR IMPORTANT INFORMATION.**

**REPRESENTATIONS AND WARRANTIES:**
The undersigned Agent and Insured have read the Representations and Warranties on page two of this document, make all such representations and warranties and understand that BankDirect will rely on all such representations and warranties in determining whether or not to accept this Agreement, and agree to be bound by the terms of this Agreement.  Insured further acknowledges that upon satisfactory completion of the Agreement, the undersigned Agent will receive from BankDirect  $847.50  for the origination and administration of this Agreement.

All Insureds must sign as named in Policies. If corporation, authorized officers must sign; if partnership, partner must sign as such; signatory acting in representative capacity represents that has authorized this transaction and has authorized signatory to receive all notices hereunder. By signing below Insured agrees to make all payments required by this Agreement and to be bound by all provisions of this Agreement, including those on page two. Insured is not required to enter into an insurance premium financing arrangement as a condition to the purchase of any insurance policy.

*Cary Adler*
(Signature of Agent)

Insurance Broker          4/22/2021
(Title)                              (Date)

Leroy Lee Codding (Apr 22, 2021 18:22 PDT)
(Signature of Insured)

Leroy Lee Codding          Apr 22, 2021
(Printed Name & Title)          (Date)

BANKDIRECT 3B 040114 -DS

0024

Insured (jointly and severally if more than one) agrees as follows:

**1. Promise to Pay.** In consideration of the payment by BankDirect of the Amount Financed, Insured agrees to pay the Down Payment to the insurance company(ies) listed in the Schedule of Policies, and Insured agrees to pay to the order of BankDirect all of the principal amount of the Loan, all interest thereon and all other amounts payable by Insured hereunder in accordance with the Payment Schedule and the other terms of this Agreement.

**2. Representations and Warranties.** Insured represents and warrants that: (a) the Policies are in full force and effect; (b) the proceeds of the Loan are to be used to purchase insurance for business or commercial purposes; (c) all information provided herein or in connection with this Agreement is true, correct, complete and not misleading; (d) Insured has no indebtedness to the insurers issuing the Policies; (e) Insured is not insolvent nor presently the subject of any insolvency proceeding; and (f) the person signing this Agreement on behalf of Insured is authorized to do so.

**3. Power of Attorney.** Insured hereby irrevocably appoints BankDirect as Attorney-in-Fact with full power of substitution and full authority upon the occurrence of an Event of Default (defined below) to: (i) effect cancellation of the Policies, (ii) receive any unearned premium or other amounts with respect to the Policies assigned as security herein, (iii) sign any check or draft issued therefore in Insured's name and to direct the insurance companies to make said check or draft payable to BankDirect and (iv) sign any other instrument or document in the name of and on behalf of Insured to effectuate the purposes of this Agreement. Insured agrees that this appointment and authority cannot be revoked and is coupled with an interest and will terminate only after Insured's obligations under this Agreement are paid in full. Insured agrees that proof of mailing any notice hereunder constitutes proof of receipt of such notice.

**4. Payments Received after Notice of Cancellation.** Insured agrees that any payments made and accepted after a Notice of Cancellation has been sent to any insurance company do not constitute reinstatement or obligate BankDirect to request reinstatement of such insurance Policy(ies), and Insured acknowledges that BankDirect has no authority or duty to reinstate coverage, and that such payments may be applied to Insured's obligations hereunder or under any other agreement with BankDirect, and any such payments will not affect BankDirect's rights or remedies under this Agreement.

**5. Assignments.** Insured agrees not to assign any rights, interests or obligations under any Policy or this Agreement without the prior written consent of BankDirect, except that Insured's consent is not required for the rights or interests of mortgagees and loss payees. BankDirect may assign its rights and interests under this Agreement without Insured's consent, and all rights and interests conferred upon BankDirect under this Agreement shall inure to BankDirect's successors and assigns.

**6. Insufficient Funds (NSF) Fees.** If an Insured's check or electronic funding is dishonored for any reason, Insured agrees to pay BankDirect a fee equal to $25 or the maximum amount permitted by applicable law.

**7. Default.** An Event of Default occurs when: (a) Insured does not pay any installment according to the terms of this Agreement or any other agreement; (b) Insured fails to comply with any of the terms of the Agreement; (c) any of the Policies are cancelled for any reason; (d) Insured or its insurance companies are insolvent or involved in a bankruptcy or similar proceeding as a debtor; (e) premiums increase under any of the Policies and Insured fails to pay such increased premiums within thirty (30) days of the notification; or (f) Insured is in default under any other agreement with BankDirect.

**8. Rights Upon Default.** If an Event of Default occurs, BankDirect may at its option pursue any and all rights and remedies available, including but not limited to, the following: demand and receive immediate payment of the Loan and any other unpaid amounts due under this Agreement regardless of whether BankDirect has received any refund of unearned premium. BankDirect may take all necessary actions to enforce payment of any unpaid amounts due hereunder. To the extent not prohibited or limited by applicable law, BankDirect is entitled to collection costs and expenses paid or incurred by BankDirect as a result of or in connection with enforcing its rights and remedies under this Agreement and applicable law and to reasonable attorneys' fees if this Agreement is referred to an attorney who is not a salaried employee of BankDirect for collection or enforcement. BankDirect may cancel any or all of the Policies and collect any unearned premiums or other amounts payable under said Policies. Unearned premiums shall be payable to BankDirect only.

**9. Right of Offset.** BankDirect may offset and deduct from any amounts BankDirect owes to Insured with respect to any Policies financed hereunder, any amounts which Insured owes to BankDirect under this Agreement or any other agreement to the extent permitted by applicable law.

**10. Finance Charge.** The Finance Charge includes interest on the outstanding principal amount of the Loan. The Finance Charge is computed using a 365-day year. Interest on the Loan shall accrue from the Effective Date of this Agreement or the earliest policy effective date indicated in the Schedule of Policies, whichever is earlier, and continue to accrue until the Loan is paid in full. If BankDirect terminates this Agreement after an Event of Default, Insured will pay interest on the outstanding principal balance of the Loan at the maximum rate permitted under applicable law from the date of such termination until Insured pays the Loan and all other amounts due under this Agreement in full.

**11. Service Fee.** Insured shall pay to BankDirect a nonrefundable service fee on each Due Date in an amount equal to $0.00 in connection with administering the Loan.

**12. Additional Premiums.** Insured agrees to promptly pay to each applicable insurance company any additional premiums due on any Policy.

**13. Agent.** Agent is not the agent of BankDirect and Agent cannot bind BankDirect in any way. BankDirect is not Agent of any insurer and is not liable for any acts or omissions of any insurer. Agent is the agent of Insured, and Insured acknowledges that it has chosen to do business with Agent and the insurance companies issuing the Policies, and that the insolvency, fraud, defalcation or other action or failure to act by any of them shall not relieve or diminish Insured's obligations to BankDirect hereunder.

**14. Corrections.** Except if prohibited by applicable law, BankDirect may correct any errors or omissions in this Agreement and if not known or corrected at the time of signature by or for Insured.

**15. Force or Effect.** This Agreement shall have no force or effect until accepted in writing by BankDirect.

**16. Limitation of Liability: Claims Against BankDirect.** Neither BANKDIRECT nor its assignee shall be liable for any loss or damage to the Insured by reason of failure of any insurance company to issue or maintain in force any of the Policies or by reason of the exercise by BANKDIRECT or its assignee of the rights conferred herein, including but not limited to BANKDIRECT's exercise of the right of cancellation, except in the event of willful or intentional misconduct by BANKDIRECT.

**17. Governing Law.** This Agreement is governed by and construed and interpreted in accordance with the laws of the state where BankDirect accepts this Agreement. BankDirect shall, at its option, prosecute any action to enforce its rights and remedies hereunder in the Circuit Court of Cook County, Illinois, and Insured (i) irrevocably waives any objection to such venue and (ii) will honor any order issued by or judgment enforced in such court.

**18. Miscellaneous.** All rights and remedies in this Agreement are cumulative and not exclusive. If any provision of this Agreement is determined to be invalid or unenforceable under applicable law, the remaining provisions of this Agreement shall continue to be in full force and effect. This Agreement constitutes the entire agreement between BankDirect and Insured with respect to its subject matter and may not be modified except as agreed upon in writing. BankDirect's acceptance of late or partial payments shall not be deemed a waiver by BankDirect of any provisions of this Agreement, and BankDirect is entitled to require Insured to strictly comply with the terms hereof. If any amount contracted for or received by BankDirect hereunder is determined to violate any applicable law, BankDirect may return such prohibited amount to Insured without any further liability therefor or in respect thereof to the fullest extent permitted by law. Any electronic signature or electronic record may be used in the formation of this Agreement, and the signatures of Insured and Agent and the record of this Agreement may be in electronic form (as those terms are used in the Uniform Electronic Transactions Act). A photocopy, a facsimile or other paper or electronic record of this Agreement shall have the same legal effect as a manually signed copy.

## 19. CALIFORNIA RESIDENTS: FOR INFORMATION CONTACT THE DEPARTMENT OF CORPORATIONS, STATE OF CALIFORNIA.

Insured agrees that, in accordance with Section 18608 of the California Financial Code, BankDirect's liability to Insured upon the exercise of BankDirect's authority to cancel the Policies shall be limited to the amount of the principal balance of this loan, except in the event of BankDirect's willful failure to mail the notice of cancellation required under California law.

**New York Residents:** No charges imposed for obtaining and servicing the financed policies, pursuant to Section 2119 (formerly 129) of the New York Insurance Laws, are financed hereunder unless specified in the Schedule of Policies.

---

**In connection with the Policies scheduled herein, Agent represents and warrants to BankDirect and its successors and assigns that:**

**1. Payment.** Agent shall remit all funds received from BankDirect and Insured promptly to the insurance company(ies) issuing the financed policy(ies). Agent shall segregate and hold all payments received by it from Insured or any insurance company listed in the Schedule of Policies with respect to the Loan or this Agreement in trust for BankDirect, shall have no right or interest in any such payments and shall immediately deliver all such payments to BankDirect for application to Insured's obligations hereunder.

**2. Signatures Genuine.** Insured's signature on both pages of this Agreement is genuine and authorized.

**3. Authorization By Insured.** If this Agreement has been signed by Agent on behalf of Insured, Agent has been fully authorized to sign this Agreement on behalf of Insured and Insured has authorized this transaction. Agent has given Insured a complete copy of this Agreement.

**4. Authority of Agent.** For each Policy, Agent signing this Agreement is either the authorized policy-issuing agent of the issuing insurance company(ies) or the broker placing the coverage directly with the issuing insurance company(ies), except as indicated on the Schedule of Policies. The person signing this Agreement on behalf of Agent is authorized to do so. Agent is neither authorized to receive any payments from Insured under this Agreement nor to make any representations to Insured for or on behalf of BankDirect.

**5. Not Agent of BankDirect.** Agent is not an agent of BankDirect and is not authorized to bind BankDirect and has not made any representation to the contrary.

**6. Recognition of Assignment.** Agent recognizes the security interest granted in this Agreement, whereby Insured assigns to BankDirect all unearned premiums, dividends and certain loss payments. Upon cancellation of any of the Policies, Agent agrees to pay BankDirect all unearned commissions and unearned premiums upon receipt. If such funds are not remitted to BankDirect within ten (10) days of receipt by Agent, Agent agrees to pay BankDirect interest on such funds at the maximum rate permitted under applicable law. Agent shall not deduct any amounts which Insured owes to Agent from any amounts owing to BankDirect hereunder.

**7. Down Payment.** The down payment and any other payments due from Insured which Agent has agreed to collect, have been collected from Insured.

**8. Policies:** (a) are all cancelable by standard short-rate or pro-rata tables; (b) are not audit or reporting form policies or policies subject to retrospective rating, unless so indicated on the Schedule of Policies in this Agreement, and if so indicated, the deposit premiums are not less than the anticipated premiums to be earned for the full term of the Policies; (c) upon cancellation by Insured or BankDirect, do not require advance notice of cancellation to any party, other than any notice required to be given by BankDirect; (d) are in full force and effect and the premiums indicated are correct for the term of the Policies; (e) have not been financed on an installment payment plan provided by the insurance company(ies); (f) are all cancelable policies; (g) are written for a term of at least one year; (h) are not for personal, family or household purposes; and (i) have no exceptions other than those indicated and comply with BankDirect's eligibility requirements. All information in this Agreement pertaining to the Policies is complete and correct.

**9. Insured:** (a) has not paid for the Policies other than as described in this Agreement; (b) has received a copy of this Agreement; and (c) is not the subject of any proceeding in bankruptcy, receivership or insolvency, or if Insured is the subject of such a proceeding, it is noted on the Agreement in the space in which Insured's name and address is placed. All information in this Agreement pertaining to Insured is complete and correct.

**10. Miscellaneous.** Agent agrees to indemnify and pay BankDirect for and hold BankDirect harmless from and against any losses, costs, damages, fees and expenses (including reasonable attorneys' fees, court costs and collection costs) paid or incurred by BankDirect or its assignee as a result of or in connection with any untrue or misleading representation or warranty made by Agent hereunder, any breach by Agent of this Agreement, any error committed by Agent in completing or failing to complete any portion of this Agreement, or any violation by Agent of any applicable law. Agent shall promptly notify BankDirect of any unpaid increased premiums for the Policies. This Agreement is a valid and enforceable agreement between BankDirect and Agent and there are no defenses to it.

Name of Insured: Rabbit Ridge Wine Sales, Inc.    Total Premiums: $143,378.98

## Schedule of Policies

| POLICY PREFIX AND NUMBER | EFFECTIVE DATE OF POLICY MM/DD/YY | NAME & CITY OF INSURANCE COMPANY AND NAME & CITY OF GENERAL AGENT OR COMPANY OFFICE | TYPE OF COVERAGE | POLICIES SUBJECT TO AUDIT (✓) | TERM IN MONTHS COVERED | MIN EARNED PREM | DAYS TO CANCEL | SHORT RATE (✓) | PREMIUM AMOUNTS | |
|---|---|---|---|---|---|---|---|---|---|---|
| GX00000426701 | 4/15/2021 | Admiral Insurance Company Worldwide Facilities LLC - Los Angeles 725 S Figueroa St 19th Floor Los Angeles, CA 90017 | EXCESS LIABILITY | | 12 | 25% | 10 | | Premium: Policy Fee: Broker Fee: Tax/Stamp: Inspection: | $8,701.00 $0.00 $350.00 $282.78 $0.00 |
| CPPE69708000 | 4/15/2021 | American Empire Surplus Lines Ins Co Worldwide Facilities LLC - Los Angeles 725 S Figueroa St 19th Floor Los Angeles, CA 90017 | PROPERTY (COMMERCIAL) | | 12 | 35% | 10 | | Premium: Policy Fee: Broker Fee: Tax/Stamp: Inspection: | $79,300.00 $0.00 $800.00 $2,601.63 $750.00 |
| BME12S064197TIL21 | 4/15/2021 | Travelers Property Casualty Co of America Worldwide Facilities LLC - Los Angeles 725 S Figueroa St 19th Floor Los Angeles, CA 90017 | MECHANICAL BREAKDOWN PROTECTION | | 12 | 25% | 10 | | Premium: Policy Fee: Broker Fee: Tax/Stamp: Inspection: | $15,677.00 $0.00 $0.00 $0.00 $0.00 |
| SF21CARZ087L501 | 4/15/2021 | Navigators Insurance Company Worldwide Facilities LLC - Los Angeles 725 S Figueroa St 19th Floor Los Angeles, CA 90017 | STOCK THROUGHPUT | | 12 | 100% | 10 | | Premium: Policy Fee: Broker Fee: Tax/Stamp: Inspection: | $25,000.00 $0.00 $650.00 $0.00 $0.00 |
| | | | | | | | | | Premium: Policy Fee: Broker Fee: Tax/Stamp: Inspection: | |
| | | | | | | | | | Premium: Policy Fee: Broker Fee: Tax/Stamp: Inspection: | |
| | | | | | | | | | Premium: Policy Fee: Broker Fee: Tax/Stamp: Inspection: | |
| | | | | | | | | | Premium: Policy Fee: Broker Fee: Tax/Stamp: Inspection: | |
| | | | | | | | | | Premium: Policy Fee: Broker Fee: Tax/Stamp: Inspection: | |
| | | | | | | | | | Premium: Policy Fee: Broker Fee: Tax/Stamp: Inspection: | |
| | | | | | | | | PAGE 3 TOTALS | | $134,112.41 |

0026

EXHIBIT 2

**ADVICE OF FINANCED PREMIUM**

| FINANCED POLICY | |
|---|---|
| Loan Number: | 907606 |
| Policy Number: | CA00004156801 |
| Effective Date: | 4/15/2021 |
| Term in Months: | 12 |
| Type of Coverage: | GENERAL LIABILITY |
| Insurance Co: | Admiral Insurance Company |
| MGA: | Worldwide Facilities LLC - Los Angeles |
| Gross Premium: | $8,635.00 |
| Notice Date: | 4/29/2021 |

Rabbit Ridge Wine Sales, Inc. "BK-7"
13217 Jamboree Rd.
Tustin CA 92782

Admiral Insurance Company
10801-2 N MOPAC EXPY BLDG 250
Austin TX 78759

Adler Belmont Group, Inc. DBA: Adler Belmont Insurance
Brokers
369 Marsh Street Ste 200
San Luis Obispo CA 93401

*PLEASE MARK YOUR RECORDS TO INDICATE
BANKDIRECT'S INTEREST IN THE ABOVE-
REFERENCED FINANCED POLICY*

BankDirect Capital Finance, a division of Texas Capital Bank, N.A., Company (hereinafter "BankDirect") hereby notifies you of the premium finance agreement (the "Agreement") the subject of which is the above-referenced financed policy (the "Financed Policy"). The Agreement has been signed by the above referenced insured (the "Insured") or on behalf of the Insured by a legally authorized party. BankDirect has accepted the Agreement, and will advance funds to pay all or part of the premiums on the Financed Policy. Please take notice concerning:

1. POWER OF ATTORNEY. The Agreement contains a power of attorney or other authority which, in the event of default on the Agreement, grants to BankDirect the Insured's right to cancel the Financed Policy. This power of attorney also grants to BankDirect the authority to execute and deliver on behalf of the Insured any documents, forms, or notices relating to the Financed Policy.
2. BANKDIRECT'S RIGHTS TO RETURN OF GROSS UNEARNED PREMIUMS AND CERTAIN LOSS PAYMENTS. The Agreement assigns to BankDirect and gives BankDirect the right to directly receive all return of gross unearned premiums and dividends resulting from cancellation, endorsement or modification of the Financed Policy by any party, and also assigns to BankDirect any loss payments which reduce return premiums (subject to mortgagee or loss payee interests in these loss payments).
3. ASSIGNMENTS. The Agreement provides that BankDirect may sell or assign its interest in the Agreement and the Financed Policy. The Agreement requires the written permission of BankDirect for the Insured to assign the Financed Policy.

In accordance with this notice and/or the appropriate premium finance statute, please notify BankDirect at once if:

a. POLICY TERMS DIFFER. Notify BankDirect if the Financed Policy is not in force, or the terms or provisions of the Financed Policy differ from those indicated above, or
b. NON-STANDARD PREMIUM REFUND PROVISIONS EXIST. Notify BankDirect if the Financed Policy provides that return premiums are calculated by a method other than the standard pro rata or short rate tables over the policy term indicated above, or if earning of the premium could be affected by claims, or
c. THIRD-PARTY NOTIFICATION IS REQUIRED FOR CANCELLATION. Notify BankDirect if the Financed Policy contains provisions which would prohibit the Insured or BankDirect from effecting cancellation without waiting periods for notifications to third parties.

Should cancellation be necessary, BankDirect will stipulate the cancellation effective date, as provided by the appropriate premium finance statute and BankDirect's prior notices to the Insured. *All parties receiving copies of the Notice should contact BankDirect regarding any discrepancies in the information presented herein within 10 days of the date of this notice. In the absence of such advice and any other contingencies, BankDirect will issue the Financed Policy premium to the Agent or Broker indicated above.*

**BankDirect**
CAPITAL FINANCE
a division of Texas Capital Bank, N.A
Two Conway Park, 150 North Field Drive, Suite 190
Lake Forest, IL 60045
Phone: 877-226-5456 Fax: 877-226-5297 ContactUs@bankdirectcapital.com

BDCF AFP 0711

0028

ADVICE OF FINANCED PREMIUM

| FINANCED POLICY | |
|---|---|
| Loan Number: | 907606 |
| Policy Number: | GX00000426701 |
| Effective Date: | 4/15/2021 |
| Term in Months: | 12 |
| Type of Coverage: | EXCESS LIABILITY |
| Insurance Co: | Admiral Insurance Company |
| MGA: | Worldwide Facilities LLC - Los Angeles |
| Gross Premium: | $8,701.00 |
| Notice Date: | 4/29/2021 |

Rabbit Ridge Wine Sales, Inc. "BK-7"
13217 Jamboree Rd.
Tustin CA 92782

Admiral Insurance Company
10801-2 N MOPAC EXPY BLDG 250
Austin TX 78759

Adler Belmont Group, Inc. DBA: Adler Belmont Insurance
Brokers
369 Marsh Street Ste 200
San Luis Obispo CA 93401

*PLEASE MARK YOUR RECORDS TO INDICATE
BANKDIRECT'S INTEREST IN THE ABOVE-
REFERENCED FINANCED POLICY*

BankDirect Capital Finance, a division of Texas Capital Bank, N.A., Company (hereinafter "BankDirect") hereby notifies you of the premium finance agreement (the "Agreement") the subject of which is the above-referenced financed policy (the "Financed Policy"). The Agreement has been signed by the above referenced insured (the "Insured") or on behalf of the Insured by a legally authorized party. BankDirect has accepted the Agreement, and will advance funds to pay all or part of the premiums on the Financed Policy. Please take notice concerning:

1. POWER OF ATTORNEY. The Agreement contains a power of attorney or other authority which, in the event of default on the Agreement, grants to BankDirect the Insured's right to cancel the Financed Policy. This power of attorney also grants to BankDirect the authority to execute and deliver on behalf of the Insured any documents, forms, or notices relating to the Financed Policy.
2. BANKDIRECT'S RIGHTS TO RETURN OF GROSS UNEARNED PREMIUMS AND CERTAIN LOSS PAYMENTS. The Agreement assigns to BankDirect and gives BankDirect the right to directly receive all return of gross unearned premiums and dividends resulting from cancellation, endorsement or modification of the Financed Policy by any party, and also assigns to BankDirect any loss payments which reduce return premiums (subject to mortgagee or loss payee interests in these loss payments).
3. ASSIGNMENTS. The Agreement provides that BankDirect may sell or assign its interest in the Agreement and the Financed Policy. The Agreement requires the written permission of BankDirect for the Insured to assign the Financed Policy.

In accordance with this notice and/or the appropriate premium finance statute, please notify BankDirect at once if:

a. POLICY TERMS DIFFER. Notify BankDirect if the Financed Policy is not in force, or the terms or provisions of the Financed Policy differ from those indicated above, or
b. NON-STANDARD PREMIUM REFUND PROVISIONS EXIST. Notify BankDirect if the Financed Policy provides that return premiums are calculated by a method other than the standard pro rata or short rate tables over the policy term indicated above, or if earning of the premium could be affected by claims, or
c. THIRD-PARTY NOTIFICATION IS REQUIRED FOR CANCELLATION. Notify BankDirect if the Financed Policy contains provisions which would prohibit the Insured or BankDirect from effecting cancellation without waiting periods for notifications to third parties.

Should cancellation be necessary, BankDirect will stipulate the cancellation effective date, as provided by the appropriate premium finance statute and BankDirect's prior notices to the Insured. *All parties receiving copies of the Notice should contact BankDirect regarding any discrepancies in the information presented herein within 10 days of the date of this notice. In the absence of such advice and any other contingencies, BankDirect will issue the Financed Policy premium to the Agent or Broker indicated above.*

**BankDirect**
CAPITAL FINANCE
**a division of Texas Capital Bank, N.A**
**Two Conway Park, 150 North Field Drive, Suite 190**
**Lake Forest, IL 60045**
**Phone: 877-226-5456 Fax: 877-226-5297 ContactUs@bankdirectcapital.com**

BDCF AFP 0711

0029

ADVICE OF FINANCED PREMIUM

Rabbit Ridge Wine Sales, Inc. "BK-7"
13217 Jamboree Rd.
Tustin CA 92782

Travelers Property Casualty Co of America
One Tower Square
Hartford CT 06183

Adler Belmont Group, Inc. DBA: Adler Belmont Insurance
Brokers
369 Marsh Street Ste 200
San Luis Obispo CA 93401

| | FINANCED POLICY |
|---|---|
| Loan Number: | 907606 |
| Policy Number: | BME12S064197TIL21 |
| Effective Date: | 4/15/2021 |
| Term in Months: | 12 |
| Type of Coverage: | MECHANICAL BREAKDOWN PROTECTION |
| Insurance Co: | Travelers Property Casualty Co of America |
| MGA: | Worldwide Facilities LLC - Los Angeles |
| Gross Premium: | $15,677.00 |
| Notice Date: | 4/29/2021 |

*PLEASE MARK YOUR RECORDS TO INDICATE BANKDIRECT'S INTEREST IN THE ABOVE-REFERENCED FINANCED POLICY*

BankDirect Capital Finance, a division of Texas Capital Bank, N.A., Company (hereinafter "BankDirect") hereby notifies you of the premium finance agreement (the "Agreement") the subject of which is the above-referenced financed policy (the "Financed Policy"). The Agreement has been signed by the above referenced insured (the "Insured") or on behalf of the Insured by a legally authorized party. BankDirect has accepted the Agreement, and will advance funds to pay all or part of the premiums on the Financed Policy. Please take notice concerning:

1. POWER OF ATTORNEY. The Agreement contains a power of attorney or other authority which, in the event of default on the Agreement, grants to BankDirect the Insured's right to cancel the Financed Policy. This power of attorney also grants to BankDirect the authority to execute and deliver on behalf of the Insured any documents, forms, or notices relating to the Financed Policy.
2. BANKDIRECT'S RIGHTS TO RETURN OF GROSS UNEARNED PREMIUMS AND CERTAIN LOSS PAYMENTS. The Agreement assigns to BankDirect and gives BankDirect the right to directly receive all return of gross unearned premiums and dividends resulting from cancellation, endorsement or modification of the Financed Policy by any party, and also assigns to BankDirect any loss payments which reduce return premiums (subject to mortgagee or loss payee interests in these loss payments).
3. ASSIGNMENTS. The Agreement provides that BankDirect may sell or assign its interest in the Agreement and the Financed Policy. The Agreement requires the written permission of BankDirect for the Insured to assign the Financed Policy.

In accordance with this notice and/or the appropriate premium finance statute, please notify BankDirect at once if:

a. POLICY TERMS DIFFER. Notify BankDirect if the Financed Policy is not in force, or the terms or provisions of the Financed Policy differ from those indicated above, or
b. NON-STANDARD PREMIUM REFUND PROVISIONS EXIST. Notify BankDirect if the Financed Policy provides that return premiums are calculated by a method other than the standard pro rata or short rate tables over the policy term indicated above, or if earning of the premium could be affected by claims, or
c. THIRD-PARTY NOTIFICATION IS REQUIRED FOR CANCELLATION. Notify BankDirect if the Financed Policy contains provisions which would prohibit the Insured or BankDirect from effecting cancellation without waiting periods for notifications to third parties.

Should cancellation be necessary, BankDirect will stipulate the cancellation effective date, as provided by the appropriate premium finance statute and BankDirect's prior notices to the Insured. *All parties receiving copies of the Notice should contact BankDirect regarding any discrepancies in the information presented herein within 10 days of the date of this notice. In the absence of such advice and any other contingencies, BankDirect will issue the Financed Policy premium to the Agent or Broker indicated above.*



**BankDirect**
CAPITAL FINANCE
**a division of Texas Capital Bank, N.A**
**Two Conway Park, 150 North Field Drive, Suite 190**
**Lake Forest, IL 60045**
**Phone: 877-226-5456 Fax: 877-226-5297 ContactUs@bankdirectcapital.com**

BDCF AFP 0711

0030

ADVICE FINANCED PREMIUM

Rabbit Ridge Wine Sales, Inc. "BK-7"
13217 Jamboree Rd.
Tustin CA 92782

| FINANCED POLICY | |
|---|---|
| Loan Number: | 907606 |
| Policy Number: | SF21CARZ087L501 |
| Effective Date: | 04/15/2021 |
| Term in Months: | 12 |
| Type of Coverage: | STOCK THROUGHPUT |
| Insurance Co: | Navigators Insurance Company |
| MGA: | Worldwide Facilities LLC - Los Angeles |
| Gross Premium: | $25,000.00 |
| Notice Date: | 04/29/2021 |

Navigators Insurance Company
400 Atlantic Street 8th Floor
Stamford CT 06901

*PLEASE MARK YOUR RECORDS TO INDICATE
BANKDIRECT'S INTEREST IN THE ABOVE-
REFERENCED FINANCED POLICY*

Adler Belmont Group, Inc. DBA: Adler Belmont Insurance Brokers
369 Marsh Street Ste 200
San Luis Obispo CA 93401

BankDirect Capital Finance, a division of Texas Capital Bank, N.A., Company (hereinafter "BankDirect") hereby notifies you of the premium finance agreement (the "Agreement") the subject of which is the above-referenced financed policy (the "Financed Policy"). The Agreement has been signed by the above referenced insured (the "Insured") or on behalf of the Insured by a legally authorized party. BankDirect has accepted the Agreement, and will advance funds to pay all or part of the premiums on the Financed Policy. Please take notice concerning:

1. POWER OF ATTORNEY. The Agreement contains a power of attorney or other authority which, in the event of default on the Agreement, grants to BankDirect the Insured's right to cancel the Financed Policy. This power of attorney also grants to BankDirect the authority to execute and deliver on behalf of the Insured any documents, forms, or notices relating to the Financed Policy.
2. BANKDIRECT'S RIGHTS TO RETURN OF GROSS UNEARNED PREMIUMS AND CERTAIN LOSS PAYMENTS. The Agreement assigns to BankDirect and gives BankDirect the right to directly receive all return of gross unearned premiums and dividends resulting from cancellation, endorsement or modification of the Financed Policy by any party, and also assigns to BankDirect any loss payments which reduce return premiums (subject to mortgagee or loss payee interests in these loss payments).
3. ASSIGNMENTS. The Agreement provides that BankDirect may sell or assign its interest in the Agreement and the Financed Policy. The Agreement requires the written permission of BankDirect for the Insured to assign the Financed Policy.

In accordance with this notice and/or the appropriate premium finance statute, please notify BankDirect at once if:

a. POLICY TERMS DIFFER. Notify BankDirect if the Financed Policy is not in force, or the terms or provisions of the Financed Policy differ from those indicated above, or
b. NON-STANDARD PREMIUM REFUND PROVISIONS EXIST. Notify BankDirect if the Financed Policy provides that return premiums are calculated by a method other than the standard pro rata or short rate tables over the policy term indicated above, or if earning of the premium could be affected by claims, or
c. THIRD-PARTY NOTIFICATION IS REQUIRED FOR CANCELLATION. Notify BankDirect if the Financed Policy contains provisions which would prohibit the Insured or BankDirect from effecting cancellation without waiting periods for notifications to third parties.

Should cancellation be necessary, BankDirect will stipulate the cancellation effective date, as provided by the appropriate premium finance statute and BankDirect's prior notices to the Insured. *All parties receiving copies of the Notice should contact BankDirect regarding any discrepancies in the information presented herein within 10 days of the date of this notice. In the absence of such advice and any other contingencies, BankDirect will issue the Financed Policy premium to the Agent or Broker indicated above.*

**Bank*D*irect**
*CAPITAL FINANCE*
**a division of Texas Capital Bank, N.A.**
**Two Conway Park, 150 North Field Drive, Suite 190**
**Lake Forest, IL 60045**
**Phone: 877-226-5456 Fax: 877-226-5297 ContactUs@bankdirectcapital.com**

BDCF AFP 0711

0031

ADVICE OF FINANCED PREMIUM

Rabbit Ridge Wine Sales, Inc. "BK-7"
13217 Jamboree Rd.
Tustin CA 92782

| FINANCED POLICY | |
| --- | --- |
| Loan Number: | 907606 |
| Policy Number: | CPPE69708000 |
| Effective Date: | 04/15/2021 |
| Term in Months: | 12 |
| Type of Coverage: | PROPERTY (COMMERCIAL) |
| Insurance Co: | American Empire Surplus Lines Ins Co |
| MGA: | Worldwide Facilities LLC - Los Angeles |
| Gross Premium: | $79,300.00 |
| Notice Date: | 04/29/2021 |

American Empire Surplus Lines Ins Co
301 East Fourth Street
Cincinnati OH 45202

*PLEASE MARK YOUR RECORDS TO INDICATE BANKDIRECT'S INTEREST IN THE ABOVE-REFERENCED FINANCED POLICY*

Adler Belmont Group, Inc. DBA: Adler Belmont Insurance Brokers
369 Marsh Street Ste 200
San Luis Obispo CA 93401

BankDirect Capital Finance, a division of Texas Capital Bank, N.A., Company (hereinafter "BankDirect") hereby notifies you of the premium finance agreement (the "Agreement") the subject of which is the above-referenced financed policy (the "Financed Policy"). The Agreement has been signed by the above referenced insured (the "Insured") or on behalf of the Insured by a legally authorized party. BankDirect has accepted the Agreement, and will advance funds to pay all or part of the premiums on the Financed Policy. Please take notice concerning:

1. POWER OF ATTORNEY. The Agreement contains a power of attorney or other authority which, in the event of default on the Agreement, grants to BankDirect the Insured's right to cancel the Financed Policy. This power of attorney also grants to BankDirect the authority to execute and deliver on behalf of the Insured any documents, forms, or notices relating to the Financed Policy.
2. BANKDIRECT'S RIGHTS TO RETURN OF GROSS UNEARNED PREMIUMS AND CERTAIN LOSS PAYMENTS. The Agreement assigns to BankDirect and gives BankDirect the right to directly receive all return of gross unearned premiums and dividends resulting from cancellation, endorsement or modification of the Financed Policy by any party, and also assigns to BankDirect any loss payments which reduce return premiums (subject to mortgagee or loss payee interests in these loss payments).
3. ASSIGNMENTS. The Agreement provides that BankDirect may sell or assign its interest in the Agreement and the Financed Policy. The Agreement requires the written permission of BankDirect for the Insured to assign the Financed Policy.

In accordance with this notice and/or the appropriate premium finance statute, please notify BankDirect at once if:

a. POLICY TERMS DIFFER. Notify BankDirect if the Financed Policy is not in force, or the terms or provisions of the Financed Policy differ from those indicated above, or
b. NON-STANDARD PREMIUM REFUND PROVISIONS EXIST. Notify BankDirect if the Financed Policy provides that return premiums are calculated by a method other than the standard pro rata or short rate tables over the policy term indicated above, or if earning of the premium could be affected by claims, or
c. THIRD-PARTY NOTIFICATION IS REQUIRED FOR CANCELLATION. Notify BankDirect if the Financed Policy contains provisions which would prohibit the Insured or BankDirect from effecting cancellation without waiting periods for notifications to third parties.

Should cancellation be necessary, BankDirect will stipulate the cancellation effective date, as provided by the appropriate premium finance statute and BankDirect's prior notices to the Insured. *All parties receiving copies of the Notice should contact BankDirect regarding any discrepancies in the information presented herein within 10 days of the date of this notice. In the absence of such advice and any other contingencies, BankDirect will issue the Financed Policy premium to the Agent or Broker indicated above.*

**BankDirect**
CAPITAL FINANCE
**a division of Texas Capital Bank, N.A.**
**Two Conway Park, 150 North Field Drive, Suite 190**
**Lake Forest, IL 60045**
**Phone: 877-226-5456 Fax: 877-226-5297 ContactUs@bankdirectcapital.com**

BDCF AFP 0711

0032

EXHIBIT 3

## Account Transaction History #907606 (Rabbit Ridge Wine Sales, Inc. "BK-7")

Click on a payment description for printable receipt

☐ Show Account Notes   ☑ Show Account Status   ☑ Show Balance After Each Transaction (including fees)

| Date | Activity | Transaction Code | Amount | Balance | Description/Note | User | |
|---|---|---|---|---|---|---|---|
| 4/29/2021 12:42:30 PM | Activation | | | $93,840.60 | Account Activated | flopez1 | |
| 4/29/2021 12:42:30 PM | Status | | | | Current | flopez1 | |
| 5/20/2021 7:21:55 AM | Status | | | | Intent To Cancel | System | |
| 5/26/2021 4:00:41 PM | Late Fee | LF22287082 | $469.20 | $94,309.80 | | fprokeith | Reve |
| 5/27/2021 4:33:53 PM | Installment | RCPT7760706 | $9,853.26 | $84,456.54 | Insured: eCheck | lecodding4 | |
| 5/27/2021 4:33:53 PM | Status | | | | Current | System | |
| 6/3/2021 9:41:07 AM | Reversal | RCPT7772742 | ($9,853.26) | $94,309.80 | Insured: eCheck invalid or closed account | kylena | |
| 6/3/2021 9:41:07 AM | Status | | | | Intent To Cancel | kylena | |
| 6/3/2021 11:39:45 AM | Convenience Fee | OF22330549 | $10.00 | $84,456.54 | | lecodding4 | Reve |
| 6/3/2021 11:39:45 AM | Installment | RCPT7772893 | $9,863.26 | $94,446.54 | Insured: eCheck | lecodding4 | |
| 6/3/2021 11:39:45 AM | Status | | | | Current | System | |
| 6/9/2021 9:23:09 AM | Convenience Fee | OF22357680 | ($10.00) | $94,309.80 | Reverse entry | kylena | |
| 6/9/2021 9:23:09 AM | Reversal | RCPT7781622 | ($9,863.26) | $94,319.80 | Insured: eCheck Uncollected NSF | kylena | |
| 6/9/2021 9:23:09 AM | Status | | | | Intent To Cancel | kylena | |
| 6/9/2021 9:23:11 AM | NSF Fee | NSF22357679 | $15.00 | $94,324.80 | for reversal of eCheck | kylena | Reve |
| 6/9/2021 9:23:14 AM | Convenience Fee | OF22357681 | $10.00 | $94,334.80 | Adjustment | kylena | |
| 6/9/2021 3:12:41 PM | Convenience Fee | OF22362269 | $10.00 | $84,456.54 | | lecodding4 | Reve |
| 6/9/2021 3:12:41 PM | Installment | RCPT7782698 | $9,888.26 | $84,446.54 | Insured: eCheck | lecodding4 | |
| 6/9/2021 3:12:41 PM | Status | | | | Current | System | |
| 6/15/2021 8:52:16 AM | Convenience Fee | OF22386107 | ($10.00) | $94,334.80 | Reverse entry | kylena | |
| 6/15/2021 8:52:16 AM | Reversal | RCPT7790650 | ($9,888.26) | $94,344.80 | Insured: eCheck invalid or closed account | kylena | |
| 6/15/2021 8:52:16 AM | Status | | | | Intent To Cancel | kylena | |
| 6/15/2021 8:52:21 AM | Convenience Fee | OF22386109 | $10.00 | $94,344.80 | Adjustment | kylena | |
| 6/16/2021 3:30:34 AM | Status | | | | Cancelled | System | |
| 6/16/2021 3:30:34 AM | Cancel Fee | CF22392880 | $25.00 | $94,369.80 | | robertb | Reve |
| 6/19/2021 3:19:34 PM | Convenience Fee | OF22412742 | $281.53 | $84,985.54 | | lecodding4 | Reve |
| 6/19/2021 3:19:34 PM | Installment | RCPT7796887 | $9,665.79 | $84,985.54 | Insured: Credit Card | lecodding4 | |
| 6/19/2021 3:19:34 PM | Status | | | | Current | lecodding4 | |
| 6/21/2021 3:31:49 AM | Status | | | | Intent To Cancel | System | |
| 6/26/2021 2:30:55 AM | Late Fee | LF22446486 | $469.20 | $85,454.74 | | robertb | Reve |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 20, 2021 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 20, 2021 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Overnight Mail**
The Honorable Mark S. Wallace
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 6135
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 20, 2021 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Michael J Gomez on behalf of Creditor Farm Credit West, FLCA
mgomez@frandzel.com, dmoore@frandzel.com

Tinho Mang on behalf of Interested Party Courtesy NEF
tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Elissa Miller on behalf of Interested Party Elissa D. Miller
emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Roksana D. Moradi-Brovia on behalf of Debtor Northern Holding, LLC
roksana@rhmfirm.com,
matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Paul F Ready on behalf of Creditor Adler Belmont Group, Inc.
tamara@farmerandready.com

Matthew D. Resnik on behalf of Debtor Northern Holding, LLC
matt@rhmfirm.com,
roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Reed S Waddell on behalf of Creditor Farm Credit West, FLCA
rwaddell@frandzel.com, sking@frandzel.com

Gerrick Warrington on behalf of Creditor Farm Credit West, FLCA
gwarrington@frandzel.com, sking@frandzel.com

David Wood on behalf of Interested Party Courtesy NEF
dwood@marshackhays.com,
dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 14                        F 4001-1.RFS.PP.MOTION

0036

**EXHIBIT C**

Elissa D. Miller (CA Bar No. 120029)
  emiller@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Bank Direct Capital Finance

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| In re | Case No. 8:20-bk-13014-MW |
|---|---|
| NORTHERN HOLDING, LLC, | Chapter 7 |
| Debtors. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** (with supporting declarations) **(PERSONAL PROPERTY)** |
| | [Relates to Docket No. 145] |
| | Date: [TBD]<br>Time: [TBD]<br>Place: 411 W. Fourth Street<br>Santa Ana, CA 92701 |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

## MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT

## OF BANK DIRECT CAPITAL FINANCE MOTION FOR RELIEF STAY

### I.

### INTRODUCTION

Moving party Bank Direct Capital Finance ("Bank") is entitled to an order for relief from stay in this case.   Bank has a security interest in unearned insurance premiums for insurance it financed on behalf of Rabbit Ridge Wine Sales, Inc.  Rabbit Ridge Debtor Northern Holdings, LLC ("Debtor") is solely an additional insured on the policies financed. The value of Bank's interest in the unearned premiums is diminishing rapidly at a rate of $384.87 per day so that between the effect date of the Policies financed to the date of filing this motion, the value of the property in which Bank has an interest has declined by in excess of $36,000.00.  Rabbit Ridge continues to default on the premiums.  Thus, Immediately relief from stay is necessary to protect Bank.

On August 2, 2021, this Court will hear the Motion for Relief from Stay filed by Adler Belmont Group, Inc. ("Adler").  [Dkt. No. 130]  Adler is the broker who placed this insurance and arranged for Bank to finance the premiums.  As set forth in that Motion, Adler seeks relief from stay to cancel the same policies which are at issue in this motion due to the fact that the down payment Rabbit provided to Adler and which it then then forwarded to the insurance companies as the down payment on the Policies was returned for Non-Sufficient Funds.

Bank has no objection to the granting of that motion and joins in Adler's request. To the extent that that motion is granted and the policies cancelled, this Motion will be mooted.

### II.

### FACTUAL BACKGROUND

Debtor Northern Holdings, LLC ("Debtor") commenced this case by filing a voluntary petition for relief under title 11, Chapter 11 of the United States Code on October 28, 2020  (the "Petition Date").   On June 15, 2021, the case was converted to

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    one under Chapter 7 and Richard Marshack was appointed the Trustee.

2         Postpetition, on or about April 15, 2021, Rabbit Ridge Wine Sales, Inc. ("Rabbit"),

3    through its broker Adler, arranged for the issuance of five (5) insurance policies with total

4    premiums of $143,378.05.  Rabbit paid a down payment of $52,067.32 and entered into a

5    Premium Finance Agreement ("PFA") with Bank for Bank to finance the balance of the

6    premiums which, with finance charges totaled $93,840.60. A true and correct copy of the

7    PFA is attached to the Declaration of Richard Twardowski **as Exhibit 1** and is

8    incorporated herein by this reference.

9         Pursuant to the express terms of the PFA Rabbit secured its obligations to Bank

10   by granting to Bank a security interest in any and all unearned premiums and dividends

11   which may become payable under the insurance policies for which the premiums were

12   being financed ("Return Premiums").  At all times, Rabbit was located in California.  Thus,

13   pursuant to California Financial and Insurance Code, §18591 and California Commercial

14   Code § 9312(b)(4), Bank perfected its security interest in the Return Premiums by mailing

15   written notice of the PFA to each of the insurance companies whose premiums were

16   financed pursuant to the PFA.[1]   A true and correct copy of the notice sent to each of the

17   insurance companies whose premiums were financed by the PFA are attached to the

18   Declaration of Richard Twardowski as **Exhibit 2** and incorporated herein by this

19   reference.

20        Pursuant to the terms of the PFA, Rabbit was required to make a down payment of

21   $52,067.32 and ten (10) monthly payments of $9,384.06 due on the 15th day of each

22   month commencing on May 15, 2021.

23        As set forth in Adler's Motion for Relief from Stay, although Rabbit initially sent

24   checks to Adler for the Down Payment, the checks were returned for non-sufficient funds

25   and were not replaced.  As set forth in the attached Declaration of Richard Twardowski,

26   _____

27   [1]  Although not required, such notice constitutes perfection of Bank's security interests in
     the Return Premiums in compliance with California Uniform Commercial Code

28   §9312(b)(4)

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1  and as reflected on the Account Transaction History attached thereto as **Exhibit 3**,

2  Rabbit failed to make the first payment when due on May 15, 2021.  It then made

3  payment by e-check which was returned based on an invalid or closed account.

4  Thereafter, it continued to make payments which were later reversed.  To date, Rabbit

5  has made one payment by credit card on June 19, 2021 that was not reversed.

6       Other than the first payment for May, 2021 which they did not pay until June 19,

7  2021, Rabbit has failed to make any payments due.  In other words, Rabbit is delinquent

8  on the June and July, 2021 payment.

9       Since inception, the value of Bank's collateral has been declining.  At inception,

10  Rabbit owed Bank the sum of $93,840.60 and the value of its collateral was

11  approximately $143,000.  Bank's position has declined since so that as of July 20, 2021,

12  the value of the unearned premiums is approximately $106,431.05 and Bank is owed

13  $85,454.74.  Based upon the fact that the insurance policies remain in full force and

14  effect, the value of Bank's collateral decreases at the rate of $384.87 per day. If this

15  motion is heard on regular notice on the first date available, August 16, 2021, Bank will

16  be undersecured when taking into account accruing late fees and attorneys fees and

17  costs.

8  <center>**III.**</center>

9  <center>**BANK IS ENTITLED TO RELIEF FROM THE STAY**</center>

20  <center>**TO FORECLOSE ON ITS COLLATERAL**</center>

21  **A.**    **Cause Exists to Warrant Relief from The Automatic Stay.**

22  Section 362(d)(1) of the United States Bankruptcy Code provides, in pertinent part:

23      On request of a party in interest and after notice and a
    hearing, the court shall grant relief from the stay provided

24      under subsection (a) of this section, such as by terminating,
    annulling, modifying or conditioning such stay --

25      (1)    for cause, including the lack of adequate protection of

26             an interest in property of such party in interest.

27

28  11 U.S.C. § 362(d)(1).

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1    In the instant situation, the fact that the Debtor is not the borrower, the borrower

2  Rabbit, bounced the check for the down payment to the Broker, coupled with the fact that

3  Rabbit is not timely paying the monthly finance amount when due, coupled with the lack

4  of adequate protection and the rapidly declining value of the collateral held by Bank ,

5  constitute sufficient cause to grant Bank relief from the stay so that Bank may exercise its

6  right to cancel the insurance policies and to apply the resulting premium refunds to the

7  amounts owing from Rabbit.

8    Bank's secured interest in the collateral is not adequately protected.  On date the

9  PFA was entered (without knowledge to Bank that an additional insured was a debtor

10  under chapter 11 of the bankruptcy code) Bank's security approximately equaled Rabbit's

11  obligation to it. That position has been completed eroded as premiums are earned by the

12  carriers at the rate of $384.87 per day.  As a result, Bank is now or will be shortly

13  undersecured.

14    The court in the case, In re Cooley, 37 B.R. 590 (Bankr. Pa. 1984), stated that the

15  term "adequate protection" as contemplated by section 362(d)(1), means that a secured

16  creditor must be given reasonable assurance that the value of its secured interest in an

17  item of property is, and will continue to be protected by debtor.  In the instant case,

18  Bank's secured interest is obviously not protected by the Debtor or Rabbit and Bank has

19  not been given any assurance that the value of its secured interest in the unearned

20  premiums will remain.

21    To the contrary, Debtor and Rabbit are in default on the Premium Finance

22  Agreement while the estate has enjoyed and continues to enjoy insurance coverage at

23  Bank's expense.  As a result of Debtor's default, the value of Bank's interest in the Return

24  Premiums is not only not "protected" but declining.  Based on the foregoing, Bank is not

25  adequately protected within the meaning of section 362(d)(1), and therefore cause exists

26  to grant Bank's request for relief from the stay.

27  / / /

28  / / /

**B.    Bank Is Entitled To Adequate Protection Of Its Interest.**

In addition to the cause which exists to support Bank's request for relief from the automatic stay, Bank is entitled to adequate protection in the form of a payment to cure all outstanding arrearages to the extent that the Trustee wants to maintain the benefits of the insurance.

Section 361 of the Bankruptcy Code provides, in pertinent part, as follows:

> When adequate protection is required under section 362 . . .
> of this title of an interest of an entity in property, such
> adequate protection may be provided by --
>
> (1)    requiring the trustee to make a cash payment or
>        periodic cash payments to such entity, to the extent
>        that such stay under section 362 of this title . . . results
>        in a decrease in the value of such entity's interest in
>        such property. . .

11 U.S.C. § 361(1).

In order to adequately protect its interests in the value of its ever depleting collateral, Bank is entitled to immediate payments to cure the outstanding arrearages under the PFA.

In In re Hilyard Drilling Co., Inc., 58 B.R. 616 (Bankr. W.D. Ark. 1985), the court awarded the secured creditor adequate protection in the following form: (1) the debtor was required to pay to the creditor all premiums earned but not paid by the debtor since the filing of the petition up to the date of the court's decision; and (2) the debtor was further required to pay, at least monthly, all premiums as they accrued.  The court determined that this payment structure constituted adequate protection on the unexpired insurance policy, as to which the automatic stay was not "relaxed."

A similar conclusion was drawn by the court in In re U.S. Repeating Arms Company, 67 B.R. 990 (Bankr. D. Conn. 1986).  In U.S. Repeating the insurance financier's collateral had diminished to zero.  The court determined that simply granting "TIFCO" relief from the stay would no longer protect TIFCO.  The court therefore ordered that relief be granted pursuant to section 362(d)(1) to permit TIFCO to obtain payment of an $81,000.00 escrow fund, and further ordered the debtor to file and serve upon all

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1   parties in interest an offer of adequate protection sufficient to preserve the value of

2   TIFCO's secured position <u>as of the commencement of the case</u>. <u>Id</u>. at 1000.

3       Case law has overwhelmingly established that protection is to be afforded based

4   on the secured claim and status existing as of the commencement of the case. <u>See e.g.</u>,

5   <u>In re Flagler-at-First Associates, Ltd.</u>, 114 B.R. 297, 303 (Bankr. S.D. Fla. 1990) (an

6   undersecured creditor has the right to receive protection for any decline in the value of its

7   collateral during the automatic stay); <u>In re Craddock-Terry Shoe Corp.</u>, 98 B.R. 250, 255

8   (Bankr. W.D. Va. 1988) (case law has overwhelmingly established that what is protected

9   is the decrease [in value] attributable to the stay, and therefore since the filing of the

10  petition); <u>In re U.S. Repeating Arms Co.</u>, 67 B.R. 990, 1000 (Bankr. D. Conn. 1986); <u>In re</u>

11  <u>Island Helicopter Corp.</u>, 63 B.R. 809, 816 (Bankr. E.D.N.Y. 1986) (a debtor is required to

12  maintain the value of the secured creditor's interests in its collateral during the pendency

13  of the bankruptcy); <u>In re Berg</u>, 42 B.R. 335, 338 (Bankr. D.C. 1984) (the value of a

14  creditor's secured position as it existed at the commencement of the case is to be

15  protected throughout the case); <u>In re Philadelphia Consumer Discount Co.</u>, 37 B.R. 946,

16  950 (Bankr. D.C. 1984) (the interest and property that must be protected by the Debtor is

17  the value of collateral at the time of the petition); <u>In re Auto-Train Corp.</u>, 9 B.R. 159, 166

18  (Bankr. D.C. 1981) (the collateral has a stated and fixed value; namely, at the

19  commencement of the case the unearned premiums had a readily calculated value; for

20  each day thereafter, the collateral, by nature of and by reference to the provisions of the

21  agreement, declines at a delay per diem rate); <u>Matter of Mulcahy</u>, 5 B.R. 558, 563

22  (Bankr. D. Conn. 1980) (adequate protection calls for the preservation of the value of a

23  party's interest in property of the estate as it existed at the commencement of the case).

24      In the instant case, neither the Debtor nor the Trustee are the borrower. However,

25  Bank is entitled to the same treatment as the secured creditors in the above cited cases.

26  As noted, the Bank was not alerted to the fact that not it's borrower but an additional

27  insured under the premium's finance was a Chapter 11 Debtor. Now that the case has

28  converted, the Trustee is enjoying the benefits of insurance notwithstanding that the

1    Debtor has not an has never paid the amounts financed.  At this time, the estate must

2    pay the financed premiums in order to keep the insurance current and to protect Bank.

3    Absent payment, the Bank is not adequately protected.

4                                                    **IV.**

5                                          <u>**CONCLUSION**</u>

6            Based on the foregoing, Bank Direct Capital Finance respectfully requests that this

7    Court grant it relief from the automatic stay to exercise its right to cancel the insurance

8    policies issued in favor of Rabbit Ridge Wine Sales, Inc. and which also insure Debtor

9    and to apply the resulting return premiums to the amounts owing Bank.

10   DATED: July 20, 2021                    Respectfully submitted,

11                                           **Sulmeyer**Kupetz
                                             A Professional Corporation
12

13

14                                           By:  /s/ Elissa D. Miller
                                                  Elissa D. Miller
15                                                Attorneys for Bank Direct Capital Finance

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 20, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 20, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Overnight Mail**
The Honorable Mark S. Wallace
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 6135
Santa Ana, CA 92701

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| July 20, 2021 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 2713122v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**
0045

**ADDITIONAL SERVICE INFORMATION** (if needed):

**1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Michael J Gomez on behalf of Creditor Farm Credit West, FLCA
mgomez@frandzel.com, dmoore@frandzel.com

Tinho Mang on behalf of Interested Party Courtesy NEF
tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Elissa Miller on behalf of Interested Party Elissa D. Miller
emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Roksana D. Moradi-Brovia on behalf of Debtor Northern Holding, LLC
roksana@rhmfirm.com,
matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Paul F Ready on behalf of Creditor Adler Belmont Group, Inc.
tamara@farmerandready.com

Matthew D. Resnik on behalf of Debtor Northern Holding, LLC
matt@rhmfirm.com,
roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Reed S Waddell on behalf of Creditor Farm Credit West, FLCA
rwaddell@frandzel.com, sking@frandzel.com

Gerrick Warrington on behalf of Creditor Farm Credit West, FLCA
gwarrington@frandzel.com, sking@frandzel.com

David Wood on behalf of Interested Party Courtesy NEF
dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

CC 2713122v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**
                                                                                          0046

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF HEARING ON SHORTENED TIME RE MOVING PARTY, BANK DIRECT CAPITAL FINANCE'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 22, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 22, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Via Personal Delivery**
The Honorable Mark S. Wallace
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 6135
Santa Ana, CA 92701

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| July 22, 2021 | Cheryl Caldwell | /s/Cheryl Caldwell |
| *Date* | *Printed Name* | *Signature* |

CC 2713122v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

<u>ADDITIONAL SERVICE INFORMATION</u> (if needed):

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Michael J Gomez on behalf of Creditor Farm Credit West, FLCA
mgomez@frandzel.com, dmoore@frandzel.com

Tinho Mang on behalf of Interested Party Courtesy NEF
tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Elissa Miller on behalf of Interested Party Elissa D. Miller
emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Roksana D. Moradi-Brovia on behalf of Debtor Northern Holding, LLC
roksana@rhmfirm.com,
matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Paul F Ready on behalf of Creditor Adler Belmont Group, Inc.
tamara@farmerandready.com

Matthew D. Resnik on behalf of Debtor Northern Holding, LLC
matt@rhmfirm.com,
roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Reed S Waddell on behalf of Creditor Farm Credit West, FLCA
rwaddell@frandzel.com, sking@frandzel.com

Gerrick Warrington on behalf of Creditor Farm Credit West, FLCA
gwarrington@frandzel.com, sking@frandzel.com

David Wood on behalf of Interested Party Courtesy NEF
dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

CC 2713122v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY OVERNIGHT MAIL AND EMAIL**

**Debtor**
Northern Holding, LLC
13217 Jamboree Rd #429
Tustin, CA 92782-9158

**Attorney for Debtor**
Matthew D. Resnik
Resnik Hayes Moradi
17609 Ventura Blvd. Suite 314
Encino, CA 91316
matt@rhmfirm.com

Nancy S Goldenberg
United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500
nancy.goldenberg@usdoj.gov

**Attorney for Far West Credit**
Reed S. Waddell
Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Blvd., 19th Floor
Los Angeles, CA 90017
rwaddell@frandzel.com

CC 2713122v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**