D. EDWARD HAYS, #162507
ehays@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:20-bk-13014-MW |
| NORTHERN HOLDING, LLC, | Chapter 7 |
| Debtor. | APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY BICHER & ASSOCIATES AS THE ESTATE'S FIELD AGENT; DECLARATION OF LORI J. ENSLEY IN SUPPORT |
| | [NO HEARING REQUIRED PURSUANT TO RULE 9013-1(O) OF THE LOCAL BANKRUPTCY RULES] |

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

  Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Northern Holding, LLC ("Debtor"), respectfully submits this application (the "Application") for entry of an order authorizing the employment of Bicher & Associates ("Bicher" or the "Firm") as the Trustee's and the Estate's field agent in this case pursuant to 11 U.S.C. §§ 327 & 330.

  In support of this Application, the Trustee respectfully represents as follows:

## 1. Statement of Facts

### A. Background Information

October 28, 2020, Debtor filed a voluntary petition for bankruptcy under Chapter 11 of Title 11 of the United States Code, initiating the above-captioned bankruptcy proceeding.

On November 10, 2020, as Dk. No. 17, the Debtor filed its schedules and statement of financial affairs ("Schedules"). Pursuant to the Schedules, Debtor owns real estate and various personal property assets located at 2380 Live Oak Rd., Paso Robles, CA ("Live Oak Property"); (2) 1172 San Marcos Road, Paso Robles, CA 93446 ("San Marcos Property"), and (3) real property located at APN 027-145-022 in Paso Robles, CA ("Texas Road Property," collectively with the Live Oak Property and the San Marcos Property, the "Properties").

The Properties can essentially be divided into two separate groups: (1) the Live Oak Property which contains a 7,500 square-foot luxury residence (Mr. Russell and his spouse reside at the Live Oak Property) which is located within a 160-acre vineyard property; and (2) San Marcos and the Texas Road Properties, which are adjoining properties with a combined total of approximately 360 acres of vineyard properties and a 47,000 square foot wine production facility which is permitted to process over 400,000 cases of wine per year.

On February 16, 2021, as Dk. No. 60, the Office of the United States Trustee ("OUST") filed a motion to dismiss or convert the case for cause pursuant to 11 U.S.C. § 1112(b). On June 15, 2021, as Dk. No. 116, the Court entered an order converting the case to Chapter 7. Upon conversion, the Trustee was appointed.

Trustee requires the assistance of the Firm to assist Trustee with, among other tasks, physically cataloguing, inventorying, and/or monitoring assets on the Properties, including the investigation of avoidable transfers.

### A. Necessity of Field Agent and possible forensic accounting

The Trustee requires the assistance of the Firm to assist with:

- Perform an immediate physical inspection and inventory of all personal property assets and all items at the Properties (which has already been completed);

- Determine sources of recovery for estate including analyzing accounts receivable balances, avoidable transfers, insider transactions, preference actions and other potential claims by analyzing Debtor's books and records and source information;
- Perform solvency analyses to determine when the Debtor became insolvent;
- Provide litigation support as requested;
- Support the Trustee and Trustee's professionals' efforts to maximize recovery for creditors through financial and other analysis; and
- Any other services mutually agreed upon by the Trustee and Bicher.

**2.    Requirements for Application to Employ Professional**

Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 2014-1 of the Local Bankruptcy Rules ("LBR"), there follows a summary of the proposed employment of the Firm. Should the Office of the United States Trustee, the Court, or any party in interest request additional information, the Firm will provide a supplemental declaration prior to any hearing on this Application.

**B.    LBR 2014-1(b)(1)(A) and LBR 2014-1(b)(3)(B) Employment and Compensation**

Pursuant to LBR 2014-1(b)(1)(A), "[a]n application seeking approval of employment of a professional person pursuant to 11 U.S.C. §§ 327, 328, 1103(a), or 1114 must comply with the requirements of FRBP 2014 and 6003(a) and be filed with the court. The application must specify unambiguously whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

Pursuant to LBR 2014-1(b)(3)(B), the Notice of the Application must also "[s]tate whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

The Trustee seeks employment the Firm pursuant to 11 U.S.C. §327. The Firm will seek compensation pursuant to 11 U.S.C. §§330 and 331.

**C.    FRBP 2014**

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The

application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States Trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

The Trustee is seeking employment of the Firm. A copy of this Application will be served on the Office of the United States Trustee.

### i.  FRBP 2014 and LBR 2014-1(b)(3)(A) - Name of the Person to Be Employed

In addition to the provisions of Rule 2014 of the FRBP, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the purpose and scope for which it is being employed."

The Trustee seeks to employ Bicher & Associates. The professionals who may render services in connection with the Firm's representation of the Estate are identified in the Firm's billing detail, to be submitted with each application for allowance of fees and reimbursement of costs, by their initials. Those persons are Robert F. Bicher and Lori J. Ensley.

### ii.  FRBP 2014 and LBR 2014-1(b)(3)(A) - Reasons for the Selection

Trustee believes that the Firm is well-qualified to render the requested professional services to the Estate. The Firm comprises professionals who have extensive experience in insolvency, bankruptcy, and corporate reorganization. The Firm is experienced in debtor/creditor matters, including the representation of trustees in bankruptcy cases. The members of the Firm have over 20 years of practice.

A biography of each professional of the Firm and a list of the current hourly billing rates is attached as Exhibit "1" to the Declaration of Lori J. Ensley ("Ensley Declaration").

### iii. FRBP 2014 and LBR 2014-1(b)(3)(C) - Proposed Arrangement Compensation

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(C) provides that the Notice of the Application must "[d]escribe the arrangements for compensation, including the hourly rate of each professional to render services, source of the fees, the source and amount of any retainer, the date on which it was paid, and any provision regarding replenishment thereof[.]"

The Firm will render services to Trustee at the Firm's regular hourly rates, which may be adjusted from time to time. Ms. Ensley's current hourly billing rate is $95 for field agent services and her rate for professional and/or forensic rates is $230. The Firm will be compensated from assets of the Estate, if any, and will not be compensated absent the Estate's receipt or recovery of such assets. The Firm has received no retainer for the services to be performed in this case, and has agreed that no retainer will be paid.

Subject to 11 U.S.C. § 327(a), the Trustee requests that the Court approve a procedure where as the Estate receives available unencumbered cash and/or via consent of Farm Credit West, the Trustee is authorized to pay up to 80% of the invoiced field agent services and 100% of invoiced expenses, to the Firm on a monthly basis, with final approval of such compensation and reimbursement of costs to be determined upon noticed applications and approval by the Court pursuant to 11 U.S.C. § 330 and 331.

The Firm understands that its compensation in this case is subject to approval by the Bankruptcy Court. In compliance with 11 U.S.C. §§ 330 and 331, the Firm intends to file interim and final applications for allowance of fees and reimbursement of costs as and when appropriate.

The Firm has advised Trustee that the Firm has not shared or agreed to share any compensation to be received by it in this case with any other person, except as among partners of the Firm.

### iv. FRBP 2014 - Firm's Connections and Associations

Except as disclosed herein and to the best of the Firm's knowledge, neither the Firm, nor any of the employees or professionals comprising or employed by it, has any connection with Debtor or

Debtor's attorneys or accountants, Debtor's creditors, or any other party in interest, or their respective attorneys or accountants.

Based on the foregoing, Trustee believes that the Firm is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

The Firm does not have an interest adverse to the Debtor or the bankruptcy Estate. As of the Petition Date, the Firm was not a creditor of the Estate and was not owed any funds by Debtor.

To the best of the Firm's knowledge, and as set forth in the attached Ensley Declaration, none of the professionals comprising or employed by the Firm have any connection with any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

### D.  LBR 2014-1(b)(1)(B) – Disinterestedness of the Firm

Pursuant to LBR 2014-1(b)(1)(B), "The application must be accompanied by a declaration of the person to be employed establishing disinterestedness or disclosing the nature of any interest held by such person." The Ensley Declaration submitted with this Application provides information establishing the Firm's disinterestedness.

### E.  LBR 2014-1(b)(1)(C) – Service on Office of the United States Trustee

Pursuant to LBR 2014-1(b)(1)(C), "The United States Trustee must be served, in accordance with LBR 2002-2(a), with a copy of the application and supporting declaration not later than the day it is filed with the court. No hearing is required unless requested by the United States trustee or a party in interest, or as otherwise ordered by the court." As set forth in the sworn Proof of Service filed contemporaneously with this document, a copy of this Application will be served on the Office of the United States Trustee on the date this Application was filed with the Court.

## 3.  Conclusion

For the foregoing, Trustee requests the Court enter an order:

1. Approving the Trustee's Application;

2. Authorizing Trustee to employ the Firm as its field agent pursuant to 11 U.S.C. § 327 at the Firm's hourly rates with any compensation and reimbursement of costs to be paid by the

1 | Estate on a monthly basis pursuant to the procedure described above, subject to final approval of the

2 | Court upon application to the Court pursuant to 11 U.S.C. §§ 330 and 331; and

3 |     3.    For any such other and further relief as the Court deems just and proper.

DATED: August 6, 2021

By /s/ *signature*
RICHARD A. MARSHACK
Chapter 7 Trustee for the Bankruptcy Estate of
NORTHERN HOLDING LLC

MARSHACK HAYS LLP

DATED: August 6, 2021

By: /s/ Tinho Mang
D. EDWARD HAYS
DAVID A. WOOD
TINHO MANG
Attorneys for Chapter 7 Trustee
RICHARD A. MARSHACK

# Declaration of Lori J. Ensley

I, LORI J. ENSLEY, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. I am a Principal with Bicher & Associates, the Trustee's proposed field agent in this case.

3. I make this Declaration in support of the Application to Employ Bicher & Associates as the Estate's field agent ("Application") filed by Richard A. Marshack, Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Estate") Northern Holding, LLC ("Debtor").

4. If called as a witness, I could and would competently testify to the following of my own personal knowledge.

5. Trustee has asked that the Firm serve as Trustee's and the Estate's field agent in connection with the investigation of assets, solvency and administration of assets of the Estate. The Firm is well-qualified to do so.

6. The Firm is well-qualified to serve as the Trustee's field agent in this case. I and the Firm have been involved in dozens of prior bankruptcy cases and served as a field agent for bankruptcy trustees for over two decades, and provided valuable assistance and analysis in connection with dozens of prior bankruptcy cases. The members of the Firm have over 20 years of experience in the areas of corporate restructuring, financial analysis and forensic accounting, specifically with an emphasis on bankruptcy-specific issues.

7. Trustee requested the assistance of the Firm to:

- Perform an immediate inventory of all personal property assets and all items at the Properties, which inventory was already completed by the Firm;
- Determine sources of recovery for estate including analyzing accounts receivable balances, avoidable transfers, insider transactions, preference actions and other potential claims by analyzing Debtor's books and records and source information;
- Perform solvency analyses to determine when the Debtor became insolvent;
- Provide litigation support as requested;

- Support the Trustee and Trustee's professionals' efforts to maximize recovery for creditors through financial and other analysis; and

- Any other services mutually agreed upon by the Trustee and Bicher.

8. A biography of each professional of the Firm with billing rates is attached as Exhibit "1" and incorporated by this reference.

9. My current hourly billing rate is $95 for field agent services and my rate for professional and/or forensic rate is $230. While Mr. Bicher's typical forensic accounting rate is $320 per hour, he has also agreed to lower his hourly rate to $230 per hour to represent the Estate in this case.

10. The Firm has not received a retainer for the services that it will perform in this matter.

11. The Firm understands that its compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. §§ 327, 330, and 331.

12. The Firm requests authorization for the Trustee to pay up to 80% of the invoiced field agent services and 100% of invoiced expenses, to the Firm on a monthly basis, with interim and final approval of such compensation and reimbursement of costs to be determined upon noticed applications and approval by the Court pursuant to 11 U.S.C. § 330 and 331.

13. The Firm has not shared or agreed to share any compensation to be received by it in the case with any other person, except as among partners of the Firm.

14. The Firm completed a conflicts check prior to submitting this Application.

15. To the best of my knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants.

16. The Firm is not and was not an investment banker for any outstanding security of the Debtor.

17. The Firm has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of Debtor, or an attorney for such an investment

banker in connection with the offer, sale or issuance of any security of Debtor.

18. The Firm is not and was not, within two (2) years before the date of the filing of Debtor's petition, a director, officer or employee of the Debtor or of any investment banker for any security of Debtor.

19. As of the Petition Date, the Firm was not a creditor of the Estate, an equity security holder, or an insider of Debtor. The Firm has no pre-petition claim against Debtor's Estate and was not owed any funds by Debtor.

20. The Firm neither holds nor represents any interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or an investment banker for any security of Debtor, or for any other reason.

21. To the best of my knowledge, none of the persons employed by the Firm have any connection to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that the Firm has previously served as field agent to Richard A. Marshack, the Trustee in this case, in connection with other, unrelated bankruptcy cases.

22. The Firm does not have an interest adverse to Debtor or the bankruptcy Estate.

23. Based on the foregoing, Trustee believes that the Firm is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 3, 2021.

*/s/ Lori J. Ensley*
LORI J. ENSLEY

**EXHIBIT 1**

ROBERT F. BICHER III

EDUCATION:  Graduated Phi Beta Kappa with High Honors in 1975 from the University of California Riverside with a Bachelor of Science of Administrative Sciences, specializing in finance and accounting, and from the Graduate School of Administration (now known as the Graduate School of Management) of the University of California Riverside in 1978 with a Masters of Administration in Business Administration, specializing in finance.

EXPERIENCE:  Mr. Bicher's experience includes: three years as a financial consultant for investment management firms; five years as a full-time faculty member at California State University San Bernardino, teaching graduate and undergraduate finance and marketing; four years with the Office of the United States Trustee as Senior Bankruptcy Analyst, administering over 3,000 Chapter 11 cases; and thirty-three years performing financial consulting and turnaround management services as Interim CEO/President, Liquidating Agent, Disbursing Agent, Claims Agent/Administrator, Forensic Accounting, and Court ordered Examiner for financially distressed companies, Trustees, Receivers, and Chapter 11 Debtors.  Mr. Bicher has directly managed and controlled various types of operations including, but not limited to, manufacturing, retail, medical practices, advertising, real estate, mortgage, and service businesses.

LORI J. ENSLEY

EDUCATION:  Graduated in 1983 from the University of California Los Angeles with a Bachelor of Arts in English and minor in Economics.

EXPERIENCE:  Ms. Ensley's experience includes nine years of accounting experience as a staff accountant, cost analyst, and controller for various companies; three years as director of operations for a manufacturing and advertising firm; and twenty-eight years as a financial/turnaround management consultant with Robert F. Bicher & Associates.  Ms. Ensley has overseen a variety of business operations including, but not limited to, manufacturing, retail, medical practices, advertising, real estate, mortgage, and service businesses.  In addition, Ms. Ensley has assisted numerous Chapter 11 Debtors with United States Trustee Compliance Requirements and provided services for Chapter 11 and 7 Trustees in Southern California, including Operations, Forensic Accounting, and Preference and Claims Analysis.

REFERENCES:

| | |
|---|---|
| JEFFREY W. BROKER, ESQ.<br>BROKER & ASSOCIATES | (949) 222-2000 |
| ALAN J. FRIEDMAN, ESQ.<br>SHULMAN BASTIAN FRIEDMAN & BUI | (949) 340-3400 |
| RICHARD A. MARSHACK, ESQ.<br>MARSHACK HAYS, LLP | (949) 333-7777 |
| DAVID WOOD, ESQ.<br>MARSHACK HAYS, LLP | (949) 333-7777 |
| NANETTE D. SANDERS, ESQ.<br>RINGSTAD & SANDERS | (949) 851-7450 |
| TODD C. RINGSTAD, ESQ.<br>RINGSTAD & SANDERS | (949) 851-7450 |
| LEONARD M. SHULMAN, ESQ.<br>SHULMAN BASTIAN FRIEDMAN & BUI | (949) 340-3400 |
| LYNDA T. BUI, ESQ.<br>SHULMAN BASTIAN FRIEDMAN & BUI | (949) 340-3400 |
| SAM LESLIE, CPA<br>LEA ACCOUNTANCY | (323) 987-5780 |

Current Billing Rates

Professional Services:

| | |
|---|---|
| Robert F. Bicher | $ 320.00/Hour |
| Lori J. Ensley | $ 230.00/Hour |

Agent Services:

| | |
|---|---|
| Robert F. Bicher | $ 95.00/Hour |
| Lori J. Ensley | $ 95.00/Hour |

EXHIBIT 1, PAGE 14

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY BICHER & ASSOCIATES AS THE ESTATE'S FIELD AGENT; DECLARATION OF LORI J. ENSLEY IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 6, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On **August 6, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
NORTHERN HOLDING, LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT,
OR TO ANY OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE SERVICE
13217 JAMBOREE RD #429
TUSTIN, CA 92782

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 6, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**PURSUANT TO LBR 5005-2(d) AND COURT MANUAL APPENDIX F SECTION 2.2, NON-HEARING MOTIONS WHEN THE RESPONSE DEADLINE HAS NOT PASSED WILL NOT BE SERVED UPON THE JUDGE.**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 6, 2021 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                            F 9013-3.1.PROOF.SERVICE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR U.S. TRUSTEE (SA):** Nancy S Goldenberg nancy.goldenberg@usdoj.gov
   - **ATTORNEY FOR CREDITOR FARM CREDIT WEST, FLCA:** Michael J Gomez mgomez@frandzel.com, dmoore@frandzel.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
   - **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
   - **ATTORNEY FOR INTERESTED PARTY BANK DIRECT CAPITAL FINANCE:** Elissa Miller emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
   - **ATTORNEY FOR DEBTOR NORTHERN HOLDING LLC:** Roksana D. Moradi-Brovia roksana@rhmfirm.com, matt@rhmfirm.com; janita@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; sloan@rhmfirm.com
   - **ATTORNEY FOR CREDITOR ADLER BELMONT GROUP, INC.:** Paul F Ready tamara@farmerandready.com
   - **ATTORNEY FOR DEBTOR NORTHERN HOLDING LLC:** Matthew D. Resnik matt@rhmfirm.com, roksana@rhmfirm.com; janita@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; sloan@rhmfirm.com
   - **UNITED STATES TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
   - **ATTORNEY FOR CREDITOR FARM CREDIT WEST, FLCA:** Reed S Waddell rwaddell@frandzel.com, sking@frandzel.com
   - **ATTORNEY FOR CREDITOR FARM CREDIT WEST, FLCA:** Gerrick Warrington gwarrington@frandzel.com, sking@frandzel.com
   - **INTERESTED PARTY COURTESY NEF:** David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**