D. EDWARD HAYS, #162507
ehays@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:20-bk-13014-MW |
| NORTHERN HOLDING, LLC, | Chapter 7 |
| Debtor. | CHAPTER 7 TRUSTEE'S MOTION TO SET CHAPTER 11 ADMINISTRATIVE CLAIMS BAR DATE; MEMORANDUM OF POINTS AND AUTHORITIES |
| | [NO HEARING REQUIRED PURSUANT TO RULE 9013-1(O) OF THE LOCAL BANKRUPTCY RULES] |

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Northern Holding, LLC ("Debtor"), moves this Court for an order setting a bar date for all individuals and entities who believe they hold claims entitled to administrative priority, if any, to file and set for hearing applications for payment of fees and expenses and/or requests for payment of administrative claims ("Motion").

**1.     Summary of Argument**

A trustee administering a chapter 7 estate must ascertain which creditors assert claims against the estate, and the validity of those claims. To ascertain the scope and extent of administrative priority claims against Debtor, Trustee files this motion seeking an order (1) approving an

administrative claims bar date of October 29, 2021 for Chapter 11 administrative creditors to seek approval of their claims by filing a motion or stipulation; (2) approving the notice procedures described below; and (3) setting a hearing date for allowance or disallowance of Chapter 11 administrative priority claims. The establishment of a claims bar date will ensure the timely administration of this estate and that the Trustee has the correct payoff amounts for each claimant.

**2.     Procedural Background**

On October 28, 2020, Debtor filed a voluntary petition for bankruptcy under Chapter 11 of Title 11 of the United States Code, initiating the above-captioned bankruptcy proceeding. Debtor operated as a debtor-in-possession from October 28, 2020 to June 15, 2021, when the case was converted ("Chapter 11 Period").

On February 16, 2021, as Dk. No. 60, the Office of the United States Trustee ("OUST") filed a motion to dismiss or convert the case for cause pursuant to 11 U.S.C. § 1112(b).

On June 15, 2021, as Dk. No. 116, the Court entered an order converting the case to Chapter 7. Richard A. Marshack (previously defined as "Trustee") was appointed as the Chapter 7 trustee.

On June 25, 2021, as Dk. No. 126, Debtor filed its final report of postpetition debts and account pursuant to FRBP 1019.

The Trustee respectfully requests that, pursuant to 11 U.S.C § 105(a) and Rule 1019(6) of the Federal Rules of Bankruptcy Procedure, the Court enter an order (1) establishing October 29, 2021, as the deadline for filing motions or stipulations for allowance of Chapter 11 administrative expenses against the Estate ("Administrative Claims Bar Date"); (2) approving the notice procedures described below; and (3) setting a hearing date for allowance or disallowance of Chapter 11 administrative priority claims.

Provided that notice is proper to such creditor(s), the Administrative Claims Bar Date should result in the automatic disallowance of untimely-filed administrative priority claims for the Chapter 11 Period. The Trustee also requests that the Court set a hearing date of November 22, 2021 at 2:00 p.m. for all hearings on the allowance or disallowance of any Chapter 11 administrative claim.

**3.    Legal Argument**

**A.    There is good cause to establish an administrative claims bar date.**

Administrative expenses shall be allowed "after notice and hearing." 11 U.S.C. § 503(b). Notice and a hearing is a requirement before administrative expenses may be paid by the Trustee. *See, e.g., Dreyfuss v. Cory (In re Cloobeck)*, 788 F.3d 1243, 1245-47 (9th Cir. 2015); *see In re Dant & Russell, Inc.*, 853 F.2d 700, 706-07 (9th Cir. 1988). "A request for payment of an administrative expense incurred before conversion of the case is timely filed under § 503(a) of the Code if it is filed before conversion ***or a time fixed by the court***…" FRBP 1019(6) (emphasis added). This Court has authority pursuant to Rule 1019 and 11 U.S.C. § 105(a) to fix a deadline for specific administrative claimants to file their motions for allowance of administrative expenses. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title…").

The establishment of a bar date for the filing of Chapter 11 administrative priority proofs of claim and motions or stipulations for the allowance of such claims will enable the Trustee to determine the full number and amount of allowed Chapter 11 administrative claims. These determinations will be essential to the Trustee's ability to make distributions to any other creditors in this case (although it is unclear to what extent there may be general unsecured creditors in this case). Because this case cannot be concluded without a final determination of post-petition administrative claims, setting a bar date is essential to concluding this case. As such, the Court should enter an order establishing the Administrative Claims Bar Date.

**B.    Proposed Notice Procedures**

The Trustee proposes the following notice procedures: If the Court approves this Motion, the Trustee will prepare and serve a notice to relevant parties as to, among other things: (1) the date of entry of an order setting the Administrative Claims Bar Date; (2) the Administrative Claims Bar Date of October 29, 2021; and (3) the need to file appropriate motions with the Court on or before the Administrative Claims Bar Date.

The Trustee proposes to serve the notice of Administrative Claims Bar Date within seven days after the entry of an order granting this Motion, by regular mail to: (a) all known creditors,

including all purported administrative or post-petition creditors listed on the FRBP 1019 report and, if also known, their counsel; (b) all parties on the service list described in Rule 2002-1(c) of the Local Bankruptcy Rules ("LBR"); (c) all equity security holders; (d) any indenture trustees; (e) the United States Trustee; and (f) all taxing and regulatory authorities for the jurisdictions in which the Debtor did business.

**4.    Conclusion**

Based on the foregoing, the Trustee respectfully requests that the Court enter an order:

1. Granting the Motion;

2. Providing that the last day for administrative claimants to file a motion and/or application requesting allowance and payment of fees and reimbursement of expenses incurred during the Chapter 11 Period is October 29, 2021, and that all such motions and/or applications shall be set for hearing as promptly thereafter as the Court's calendar allows;

3. Approving the notice procedures set forth herein and directing notice of the Administrative Claims Bar Date to be served within seven (7) days of the entry of an order granting the Motion;

4. Automatically disallowing proofs of claim on a Chapter 11 administrative priority basis unless a motion or stipulation is timely filed by the Administrative Claims Bar Date;

5. Setting a hearing for November 22, 2021 on the allowance or disallowance of any timely filed Chapter 11 administrative claim; and

6. Such other and further relief as the Court may deem just and proper.

Dated: August 9, 2021                    MARSHACK HAYS LLP

                                         By: /s/ Tinho Mang
                                             D. EDWARD HAYS
                                             DAVID A. WOOD
                                             TINHO MANG
                                             Attorneys for Chapter 7 Trustee
                                             RICHARD A. MARSHACK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **CHAPTER 7 TRUSTEE'S MOTION TO SET CHAPTER 11 ADMINISTRATIVE CLAIMS BAR DATE; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 9, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **August 9, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
NORTHERN HOLDING, LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT,
OR TO ANY OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE SERVICE
13217 JAMBOREE RD #429
TUSTIN, CA 92782

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 9, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**PURSUANT TO LBR 5005-2(d) AND COURT MANUAL APPENDIX F SECTION 2.2, NON-HEARING MOTIONS WHEN THE RESPONSE DEADLINE HAS NOT PASSED WILL NOT BE SERVED UPON THE JUDGE.**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 9, 2021 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR U.S. TRUSTEE (SA):** Nancy S Goldenberg nancy.goldenberg@usdoj.gov
   - **ATTORNEY FOR CREDITOR FARM CREDIT WEST, FLCA:** Michael J Gomez mgomez@frandzel.com, dmoore@frandzel.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
   - **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
   - **ATTORNEY FOR INTERESTED PARTY BANK DIRECT CAPITAL FINANCE:** Elissa Miller emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
   - **ATTORNEY FOR DEBTOR NORTHERN HOLDING LLC:** Roksana D. Moradi-Brovia roksana@rhmfirm.com, matt@rhmfirm.com; janita@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; sloan@rhmfirm.com
   - **ATTORNEY FOR CREDITOR ADLER BELMONT GROUP, INC.:** Paul F Ready tamara@farmerandready.com
   - **ATTORNEY FOR DEBTOR NORTHERN HOLDING LLC:** Matthew D. Resnik matt@rhmfirm.com, roksana@rhmfirm.com; janita@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; sloan@rhmfirm.com
   - **UNITED STATES TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
   - **ATTORNEY FOR CREDITOR FARM CREDIT WEST, FLCA:** Reed S Waddell rwaddell@frandzel.com, sking@frandzel.com
   - **ATTORNEY FOR CREDITOR FARM CREDIT WEST, FLCA:** Gerrick Warrington gwarrington@frandzel.com, sking@frandzel.com
   - **INTERESTED PARTY COURTESY NEF:** David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.