Kari L. Ley, Cal. Bar No. 142899
The Law Offices of Kari L. Ley
264 Clovis Avenue, Suite 208
Clovis, California 93612
Telephone (559)324-6545
Facsimile (559)324-6548
Email Ley1238@att.net

Attorney for Creditor ERICH RUSSELL

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>NORTHERN HOLDING, LLC,<br><br>                    Debtor. | Case No. 8:20-bk-13014-MW<br><br>Chapter 7<br><br>**ERICH AND JOANNE RUSSELL OPPOSITION TO TRUSTEE MOTION FOR ORDER FOR TURNOVER OF 2380 LIVE OAK ROAD RESIDENCE**<br><br>Hearing Set For:<br><br>Date: August 30, 2021<br>Time: 2:00 p.m.<br>Place: Courtroom 6C<br>       United States Bankruptcy Court<br>       411 W. Fourth Street<br>       Santa Ana, CA 92701 |

Erich and Joanne Russell hereby oppose the Trustee's Motion for Order for Turnover of the residence commonly known as 2380 Live Oak Road, Paso Robles, CA on the following grounds:

-1-

### 1. THE MOTION MUST BE DENIED AS AN ADVERSARY PROCEEDING IS THE REQUIRED PROCEDURE TO DETERMINE THE TURNOVER OF THE 2380 LIVE OAK RESIDENCE.

Erich and Joanne Russell hereby object to the Motion for Order for Turnover of the 2380 Live Oak Road residence as any such request is required to be brought as an adversary proceeding rather than a motion. Bankruptcy Rule 7001 provides in relevant part:

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code [11 USCS § 554(b) or 725], Rule 2017, or Rule 6002. [Emphasis added];

**Notes of Advisory Committee.** The rules in Part VII govern the procedural aspects of litigation involving the matters referred to in this Rule 7001. These Part VII rules are based on the premise that to the extent possible practice before the bankruptcy courts and the district courts should be the same. These rules either incorporate or are adaptations of most of the Federal Rules of Civil Procedure. Although the Part VII rules of the former Bankruptcy Rules also relied heavily on the Fed. R. Civ. P., the former Part VII rules departed from the civil practice in two significant ways: a trial or pretrial conference had to be scheduled as soon as the adversary proceeding was filed and pleadings had to be filed within periods shorter than those established by the Fed. R. Civ. P. These departures from the civil practice have been eliminated.

Since the case was brought as a contested matter pursuant to Bankruptcy Rule 9014 rather than as adversary proceeding, court does not have authority to enter turnover order in this matter since recovery of property is plainly specified as type of action which must be brought as adversary proceeding under Bankruptcy Rule 7001. In re Williams, 171 B.R. 420, Bankr. L. Rep. (CCH) ¶76110, 1994 Bankr. LEXIS 1258 (Bankr. S.D. Ga. 1994).

Pursuant to Bankruptcy Rule 7001, which states that action to turn over property is adversary proceeding governed by Part VII of Bankruptcy Rules and selectively incorporates

Federal Rules of Civil Procedure, adversary proceeding to recover property repossessed by creditor should not have gone forward without answer to complaint, let alone gone to judgment without discovery, pretrial proceedings, or trial. In re Ferguson, 67 B.R. 246, 1986 U.S. Dist. LEXIS 18804 (D. Kan. 1986).

Action by debtor under Bankruptcy Rule 7001 for turn-over of money or property in which debtor has interest must be initiated by adversary proceeding, not by motion. In re Estes, 185 B.R. 745, 1995 Bankr. LEXIS 1103 (Bankr. W.D. Ky. 1995), aff'd, Holywell Corp. v. Smith, 95 F.3d 57, 1996 U.S. App. LEXIS 19255 (11th Cir. 1996).

Fed. R. Bankr. P. 9014, which only applies to contested matter "not otherwise covered" by Bankruptcy Rules, did not apply to trustee's corrected motion, pursuant to 11 USCS § 542(a), for order requiring turnover of property of bankruptcy estate that trustee believed was in possession of non-debtor entities, because motion sought recovery of property and was squarely within Fed. R. Bankr. P. 7001(1); therefore, motion was denied because such relief could only be sought by adversary proceeding under Fed. R. Bankr. P. 7001(1). In re World Wide Fin. Servs., 49 Bankr. Ct. Dec. (LRP) 119, 2008 Bankr. LEXIS 391 (Bankr. E.D. Mich. Jan. 23, 2008).

As set forth above, the motion for turnover of the 2380 Live Oak Road residence is required to be pursued by an adversary proceeding NOT a motion. As such, the motion must be denied.

The false emergency claimed by the Trustee lacks factual or legal support. As set forth above an "emergency" does not justify an exception to the adversary proceeding requirement. In addition, assuming arguendo, a claimed "emergency" constituted an exception to the required adversary proceeding requirement under Bankruptcy Rule 7001, no such "emergency" exists. Noticeably missing from the motion is ANY evidence that an "emergency" regarding the possession of the 2380 Live Oak Road residence exists. There is no evidence that there is an accepted and agreed upon agreement to purchase the property, and that immediate possession of the two houses on the property are required for the sale. Noticeably missing from the motion is the alleged purchase agreement to support those contentions. In addition, the only interested buyer (the Riboli family) is not even interested in the current possession of the houses. To date

their due diligence has focused solely the vineyard and water supply to the Live Oak property. In addition, the Riboli family has requested a new well be drilled (at the cost of Farm Credit West "FCW") on the Live Oak property as part of it's due diligence and if FCW refuses to do so they will not purchase the property. So the Trustee's claim of an actual purchase agreement and an "emergency" lacks factual support.

### 2.  CONTRARY TO THE CLAIMS OF THE TRUSTEE RENT FOR THE 2380 LIVEOAK ROAD RESIDENCE HAS BEEN PAID.

The Trustee falsely claims that rent has not been paid by the Russells or Garretts for their occupancy of the two houses. The Agreement to Purchase a Corporation and Real Estate (Exhibit 2 to the motion) wherein Mr. Russell agreed to sell the real property to Northern Holding, LLC, provided that $163,050 in cash would be left in the account, Mr. Russell would be paid $6,803,050, and the parties would execute a lease regarding the residences on the Live Oak property that would be effective on close. Pursuant to the Agreement to Purchase Northern Holding, LLC, and Erich and Joanne Russell entered into a Residential Lease/Rental Agreement (a copy of which is attached as Exhibit 3 to the motion). The Lease Agreement expressly provides that the $12,000 monthly rental amount would be paid "from vineyard consulting income". Noticeably missing from the motion is a copy of the Consulting Agreement. The Trustee ignores the express terms of the Lease Agreement regarding the payment of rent and seems to believe that Mr. Russell's extensive winemaking and farming experience and services are of no value. Without Mr. Russell's tireless efforts in producing the 2021 wine grape crop and operating the winery the property would be in dire condition, and the crop and wine LOST forever. Moreover, the industry rate for the services provided by the Russells is well in excess of $15,000 salary and $12,000 rental credit the Russells were to receive under the consulting agreement.

**3. CONTRARY TO THE UNAUTHORIZED LATE FILED BRIEF OF THE TRUSTEE, THE REQUESTED TURNOVER ORDER AND REQUESTED EVICTION OF THE RUSSELLS VIOLATES THE AUGUST 3, 2021 CDC ORDER.**

In the Trustee's late filed August 9, 2021, supplemental brief in support of his motion the Trustee falsely claims that the August 3, 2021 CDC Order is not applicable to the 2380 Live Oak Road residence or the Russells. The Trustee is incorrect. The August 3, 2021 CDC Order provides in relevant part:

> "Covered person" means any tenant, lessee, or resident of a residential
> property who provides to their landlord, the owner of the residential property, or
> other person with a legal right to pursue eviction or a possessory action,
> a declaration under penalty of perjury indicating that:
>
> (1) The individual has used best efforts to obtain all available governmental
> assistance for rent or housing;
>
> (2) The individual either (i) earned no more than $99,000 (or $198,000 if filing
> jointly) in Calendar Year 2020 or expects to earn no more than$99,000 in annual
> income for CalendarYear2021(or nomorethan$198,000 if filing a joint tax return,
> (ii)was not required to report any income in 2020 to the U.S. Internal Revenue
> Service, or (iii) received an Economic Impact Payment (stimulus check)
>
> (3) The individual is unable to pay the full rent or make a full housing payment
> due to substantial loss of household income, loss of compensable hours of
> work or wages, a layoff, or extraordinary out-of-pocket medical expenses;
>
> (4) The individual is using best efforts to make timely partial rent payments
> that are as close to the full rent payment as the individual's circumstances
> may permit, taking into account other nondiscretionary expenses;
>
> (5) Eviction would likely render the individual homeless or force the individual
> to move into and reside in close quarters in a new congregate or shared living
> setting because the individual has no other available housing options; and
>
> (6) The individual resides in a U.S. county experiencing substantial or high rates of
> community transmission levels of SARS CoV-2 as defined by CDC.

The Russells have delivered the required Declarations to the Debtor Northern Holding, LLC, and the Trustee.

-5-

"Evict" and "Eviction" means any action by a landlord, owner of a residential property, or other person with a legal right to pursue eviction or possessory action, to remove or cause the removal of a covered person from a residential property. This definition also does not prohibit foreclosure on a home mortgage.

This motion and the requested action by the Trustees falls within this definition.

"Residential property" means any property leased for residential purposes, including any house, building, mobile home or land in a mobile home park or similar dwelling leased for residential purposes, but shall not include any hotel, motel, or other guest house rented to a temporary guest or seasonal tenant as defined under the laws of the state, territorial, tribal, or local jurisdiction.

The 2380 Live Oak residence falls within this definition.

The Trustee's reliance on In re Machevsky 2021 Bankr Lexis 31 is misplaced. First the case was Not for publication. Second the case is factually distinguishable. In that case, it was the debtor that resided at the property - not a tenant. In addition, the Debtor had already been ordered by the Court to turn the property over. Neither of those facts exist in this case.

For each of the reasons set forth above the motion should be denied.

Dated: August 16, 2021                    Respectfully submitted,

                                          /s/ Kari L. Ley
                                          Kari L. Ley, Attorney for Erich Russell and
                                          Joanne Russell

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
264 Clovis Avenue, Suite 208, Clovis CA 93612

A true and correct copy of the foregoing document entitled (*specify*): ERICH AND JOANNE RUSSELL OPPOSITION TO TRUSTEE MOTION FOR ORDER FOR TURNOVER OF 2380 LIVE OAK RESIDENCE

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __08/16/2021__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
  Tinho Mang, Marshack Hays, LLC, 870 Rossevelt, Irvine CA 92620

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __08/16/2021__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Mark S. Wallace
United States Bankruptcy Court Central District of California
411 West Fourth Street, Suite 6135
Sanat Ana, California 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/16/2021 | Kari L. Ley | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**