1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  DAVID A. WOOD, #272406
   dwood@marshackhays.com
3  TINHO MANG, #322146
   tmang@marshackhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt
5  Irvine, CA 92620
   Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK
8

9                    UNITED STATES BANKRUPTCY COURT

10         CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11  In re                                Case No. 8:20-bk-13014-MW

12  NORTHERN HOLDING, LLC,                Chapter 7

13       Debtor.                          REPLY IN SUPPORT OF CHAPTER 7
                                          TRUSTEE'S MOTION FOR ORDER
14                                        COMPELLING TURNOVER OF ESTATE
                                          PROPERTY PURSUANT TO 11 U.S.C.
15                                        § 542(A) AND FOR DETERMINATION
                                          THAT EVICTION MORATORIA DO NOT
16                                        APPLY TO TURNOVER OF
                                          BANKRUPTCY ESTATE PROPERTY
17
                                          Date: August 30, 2021
18                                        Time: 2:00 p.m.
                                          Ctrm: 6C
19                                        Address: 411 W. Fourth Street, Santa Ana,
                                          CA 92701
20

21  TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE

22  OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

23         Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy

24  Estate ("Estate") of Northern Holding, LLC ("Debtor"), files this reply in support of his motion [Dk.

25  162] ("Motion") to compel turnover of Estate property from Erich Russell, Joanne Russell, Brice

26  Garrett, Sarah Garrett, and all other unknown and unauthorized occupants of 2380 Live Oak Road,

27  Paso Robles, CA ("Live Oak Property"), and (as supplemented ) for a determination that the newly-

28

issued moratoria on evictions issued by the U.S. Centers for Disease Control and Prevention ("CDC") which was signed one day after the Motion was filed.

## 1.    Summary of Reply

Anyone in possession of property of the estate "shall deliver to the trustee, and account for, such property or the value of such property." The opposition filed on behalf of Erich Russell and Joanne Russell (but not the other respondents, Brice Garrett and Sarah Garrett) cites no authority for its arguments and attaches no evidence excusing the mandatory provisions of turnover. Notwithstanding the procedural and substantive objections raised in opposition to the Motion, the Court has the discretion to grant the relief requested by the Trustee.

## 2.    Background Facts

Erich Russell, Joanne Russell, Brice Garrett, Sarah Garrett (collectively, "Occupants") reside at the real property located at and commonly known as 2380 Live Oak Road, Paso Robles, CA (previously defined as "Live Oak Property"). Erich Russell and Joanne Russell ("Russells") live in the larger 7,500 square foot residence at the Live Oak Property, and their children Brice Garrett and Sarah Garrett ("Garretts") live in a separate, smaller home located at the Live Oak Property. The Live Oak Property including both residences constitute property of the bankruptcy estate.

None of the Occupants have ever paid any rent in cash to the Estate or the Trustee. Instead, the Russells take the position that any rent obligation is offset by an alleged $12,000 monthly consulting fee owed to the Russells by Debtor. A true and correct, executed copy of the document repeatedly referred to as a consulting agreement by the Russells is attached to the Declaration of Tinho Mang ("Mang Declaration") as Exhibit "1."

The supposed consulting agreement (bearing a signature date of October 27, 2020) contains no agreement from Northern Holding, LLC (Debtor) to pay compensation to the Russells. Moreover, the supposed consulting agreement does not appear to obligate the Russells to provide services to Debtor. Rather, the scope of work only mentions "Russell/Rabbit Ridge."

Also, on or around October 27, 2020, the Russells transferred and quitclaimed substantially encumbered real properties (including the Live Oak Property) to Debtor with no contemporaneous

1

1  exchange of cash. Instead, it appeared that the transfer was for the assumption of debt and creation

2  of obligations by Debtor in favor of the Russells in the total amount of approximately $30 million.

3       On October 28, 2020, Debtor filed a voluntary petition for bankruptcy under Chapter 11 of

4  Title 11 of the United States Code, initiating the above-captioned bankruptcy case.

5       While Debtor operated as a debtor-in-possession, the Occupants remained in possession of

6  the Live Oak Property. Some time around March 1, 2021, the Garretts moved into the Live Oak

7  Property, as reflected in Debtor's February 2021 monthly operating report filed on March 31, 2021.

8  A true and correct copy of the February 2021 operating report is attached to the Mang Declaration as

9  Exhibit "2." Specifically, page 27 of the operating report states that "Brice Garrett moved in 3/1/21"

10  and has a monthly rental obligation of $1,200. *See* Mang Decl., Exh. 2 at 27.

11       On June 15, 2021, as Dk. No. 116, the Court entered an order converting the case to Chapter

12  7. Richard A. Marshack is the duly-appointed and acting Chapter 7 trustee.

13       After weeks of negotiations regarding turnover of the Live Oak Property without any

14  substantive response from the Russells or the Occupants, Trustee was left with no choice but to file

15  the Motion for turnover on August 2, 2021, as Dk. No. 162. The hearing on the Motion was set for

16  August 30, 2021.

17       On August 3, 2021, the United States Centers for Disease Control and Prevention ("CDC")

18  issued a new moratorium on evictions due to the delta variant of the novel COVID-19 coronavirus

19  ("Reissued CDC Order").

20       On August 9, 2021, as Dk. No. 185, Trustee filed and served a supplemental brief regarding

21  the application of the Reissued CDC Order. The supplemental brief was filed and served 21 days

22  prior to the hearing on the Motion and the Trustee respectfully requests that the supplemental

23  evidence and arguments be considered by the Court because the Reissued CDC Order did not exist

24  on the date that the Motion was filed.

25       Notice of the Motion was served on Erich Russell, Joanne Russell, Brice Garrett, Sarah

26  Garrett (i.e. all occupants of the Live Oak Property), and Kari Ley, Esq., attorney for Erich Russell.

27  A true and correct copy of the notice of motion and attached proof of service is attached to the Mang

28  Declaration as Exhibit "3."

REPLY IN SUPPORT OF TURNOVER MOTION FOR LIVE OAK PROPERTY
4824-2330-5952,v.1

After the filing of the Motion, Mr. Ley contacted undersigned counsel and sent a letter essentially taking the position that the turnover motion was meritless and should be denied in its entirety. A true and correct copy of the letter from Mr. Ley is attached to the Mang Declaration as Exhibit "4."

Mr. Ley also informed undersigned counsel that the Garretts had received actual notice of the Motion but that he did not represent the Garretts. See, Mang Declaration.

On August 17, 2021, as Dk. No. 193, an opposition to the Motion was filed on behalf of the Russells. As Dk. Nos. 194-195, two declarations were filed in support of the opposition.

Negotiations regarding the stipulated turnover of the Live Oak Property and terms for such turnover remain ongoing. Trustee has circulated a further stipulation for turnover to counsel for the Russells but no actual agreement has yet been reached. Trustee therefore files this reply to preserve the Estate's rights.

## 3.    Legal Argument

"Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a). "§ 542 provides, with just a few exceptions, that an entity (other than a custodian) in possession of property of the bankruptcy estate 'shall deliver to the trustee, and account for' that property." *City of Chicago v. Fulton*, 141 S.Ct. 585, 589 (2021).

### A.    The opposition was late-filed.

"[E]ach interested party opposing or responding to the motion must file and serve the response (Response) on the moving party and the United States trustee not later than 14 days before the date designated for hearing." Local Bankruptcy Rule 9013-1(f)(1).

The opposition filed by the Russells was filed on August 17, 2021, which is 13 days prior to the scheduled hearing on the Motion, and fifteen days after the Motion was filed. The opposition is

1   thus one day late and is untimely. The Court may in its discretion disregard the filing of the

2   opposition. *See* Local Bankruptcy Rule 9013-1(h).

3       **B.    The requirement of an adversary proceeding for turnover**

4           **from a third party nondebtor can be waived by the Court.**

5           As cited in the Motion, while FRBP 7001 provides that a proceeding to recover property

6   from a non-debtor entity is an adversary proceeding, the Court may waive that requirement. *See In re*

7   *Gerwer*, 898 F.2d 730, 734 (9th Cir. 1990) ("Austein contends that Bankruptcy Rule 7001 requires

8   an adversary proceeding to recover property… and that therefore the Trustee erroneously proceeded

9   by motion… Austein was not harmed [because the proceeding was a contested matter]…"). *See also*,

10  *Darby v. Zimmerman (In re Popp)*, 323 B.R. 260, 269 (B.A.P. 9th Cir. 2005) ["It is unclear,

11  however, if *Rodeo* forbids a bankruptcy court from ever making such a finding in a contested matter

12  (as opposed to an adversary proceeding) or whether Rodeo employs prudential principles of efficient

13  dispute resolution to channel disputes over issues such as ownership into a single, appropriate

14  forum."]. Without regard to whether the entity in control of property of the estate is a debtor or non-

15  debtor, turnover is a requirement imposed by the Bankruptcy Code. *See Weber v. SEFCU (In re*

16  *Weber)*, 719 F.3d 72, 80-81 (2d Cir. 2013). The requirement of an adversary proceeding does not

17  appear to be an absolute mandate, as discussed by Justice Sotomayor in her concurrence in *Fulton*:

18          The trouble with §542(a), however, is that turnover proceedings can be quite slow. The
            Federal Rules of Bankruptcy Procedure treat most "proceeding[s] to recover . . .
19          property" as "adversary proceedings." Rule 7001(1). Such actions are, in simplified
            terms, "essentially full civil lawsuits carried out under the umbrella of [a] bankruptcy
20          case." *Bullard v. Blue Hills Bank*, 575 U. S. 496, 505, 135 S. Ct. 1686, 191 L. Ed. 2d
            621 (2015). Because adversary proceedings require more process, they take more time.
21          Of the turnover proceedings filed after July 2019 and concluding before June 2020, the
            average case was pending for over 100 days. See Administrative Office of the United
22          States Courts, Time Intervals in Months From Filing to Closing of Adversary
            Proceedings Filed Under 11 U.S.C. §542 for the 12-Month Period Ending June 30,
23          2020, Washington, DC: Sept. 25, 2020.

24          One hundred days is a long time to wait for a creditor to return your car, especially
            when you need that car to get to work so you can earn an income and make your
25          bankruptcy-plan payments. To address this problem, some courts have adopted
            strategies to hurry things along. At least one bankruptcy court has held that §542(a)'s
26          turnover obligation is automatic even absent a court order. *See In re Larimer*, 27 B. R.
            514, 516 (Idaho 1983). Other courts apparently will permit debtors to seek turnover by
27          simple motion, in lieu of filing a full adversary proceeding, at least where the creditor
            has received adequate notice. See Tr. of Oral Arg. 81 (counsel for the City stating that
28          "[i]n most bankruptcy courts, if a creditor responds to a motion [for turnover] by"
            arguing that the debtor should have instituted an adversary proceeding, the bankruptcy
            judge will ask whether the creditor received "actual notice"); Brief for United States as

1
2
3
4
5

> Amicus Curiae 32 (reporting that "some courts have granted [turnover] orders based solely on a motion"); *but see, e.g., In re Denby-Peterson*, 941 F. 3d 115, 128-131 (3d Cir. 2019) (holding that debtors must seek turnover through adversary proceedings). Similarly, even when a turnover request does take the form of an adversary proceeding, bankruptcy courts may find it prudent to expedite proceedings or order preliminary relief requiring temporary turnover. *See, e.g., In re Reid*, 423 B.R. 726, 727-728 (Bkrtcy. Ct. ED Pa. 2010); *see generally* 10 COLLIER ON BANKRUPTCY ¶ 7065.02 (16th ed. 2019).

6   *Fulton*, 141 S.Ct. at 594-95 (Sotomayor, J.) (concurring) (emphasis added).

7        Here, all of the Occupants received actual notice of the Motion and there was an opposition

8   filed by the Russells to the Motion. The Ninth Circuit has never ruled that an adversary proceeding is

9   an absolute requirement to obtaining a turnover order from a non-debtor party. Instead, the Ninth

10  Circuit in *Gerwer* specifically overruled that procedural argument. More specifically, the key inquiry

11  should be whether the respondent to the turnover motion is afforded adequate due process before the

12  entry of an adverse order. *See Starky v. Birdsell (In re Starky)*, 522 B.R. 220, 228-29 (B.A.P. 9th Cir.

13  2014) (In a dispute over the procedural requirement of an adversary proceeding under FRBP

14  7001(2), the BAP reasoned that "[t]he issue then becomes whether some of the procedural difference

15  between contested matters and adversary proceedings prejudiced the Debtors in any meaningful

16  way.").

17       The Russells seek to assert a mere procedural argument that the Trustee failed to file an

18  adversary proceeding instead of a motion for turnover, and thus the Motion should be denied

19  pursuant to FRBP 7001(1). Instead, in furtherance of delay which will damage the Estate, the

20  Russells contend that Trustee should be required to file a separate adversary proceeding which

21  would re-start the responsive deadline for the Russells to file an answer to the turnover complaint.

22  But, the facts are clear that the Russells are in continuing, unauthorized possession and control of

23  property of the Estate to the severe detriment of creditors.

24       None of the cases cited by the opposition are binding on this Court. Instead, the decisions

25  from the Ninth Circuit cited above make it clear that, at least in this circuit, a turnover order can be

26  issued by motion so long as adequate process is afforded to respondents. All of the Occupants have

27  received actual notice of the Motion and had 14 days (as opposed to the minimum of 7 days) to file a

28  response or opposition to the Motion. To the extent that the Court finds that additional process is due

REPLY IN SUPPORT OF TURNOVER MOTION FOR LIVE OAK PROPERTY
4824-2330-5952,v.1

to the Occupants, Trustee respectfully requests that the Court simply provide a continuance of the hearing on the Motion and provide a schedule for any further briefing the Court may find necessary. Otherwise, Occupants will undoubtedly use further delay tactics to hamper the Trustee's administration of Estate property. If the Court determines that an adversary proceeding is required to obtain turnover from the Occupants, and that no basis for waiver of the requirement exists in this case, Trustee will file such an adversary proceeding.

### i.      Trustee has not claimed or alleged an emergency.

The opposition states that "[t]he false emergency claimed by the Trustee lacks factual or legal support." Opposition [Dk. 193] at 3:19.

The Motion does not claim any emergency nor does the scare-quoted word "emergency" appear in the Motion. The Motion was filed on 28 days' notice (more than the minimum 21 days' notice) without any request for an order shortening time. Trustee fully admits that no sale documents have been signed,[1] because the interested buyer party is conducting due diligence on the growing conditions at the Live Oak Property. Trustee, however, requires turnover and full possession of the Live Oak Property in order to consummate a sale – the buyer is unwilling to even entertain an offer until the Live Oak Property has been vacated or there is an order providing that Trustee may seek a writ of assistance to remove all occupants from the Live Oak Property. Trustee is not subdividing the Live Oak Property in connection with a sale, and the Riboli parties will not purchase the Live Oak Property with unauthorized, uncooperative occupants.

### ii.      The Garretts apparently have not filed an opposition.

Counsel for the Garretts informed undersigned counsel that the Garretts were aware of the Motion and had a strong objection to the Motion (although no one has ever reached out to the Trustee or counsel regarding the Garretts' basis for opposing the Motion). Pursuant to the Local Rules, failure to timely file an opposition or response may be construed as consent to the relief requested in the motion. The Court may exercise its discretion to deem the Garretts' failure to file a response or opposition to the Motion to be consent to the relief requested in the Motion pursuant to

---

[1] The Opposition falsely states that the Trustee claimed "an actual purchase agreement" where no such claim appears in the Motion. *See* Opposition [Dk. 193] at 4:4-5.

REPLY IN SUPPORT OF TURNOVER MOTION FOR LIVE OAK PROPERTY

4824-2330-5952,v.1

1   LBR 9013-1(h), and issue an order as requested in the Motion to compel turnover from the Garretts.

2   ## C.    The Russells' position that rent has been prepaid or is offset by

3   ## consulting fees is meritless.

4       In response to Trustee's demand for an order directing payment of delinquent or unpaid

5   rental obligations, the Russells apparently are taking the position that there is a $12,000 monthly

6   "rental credit" under a "consulting agreement." *See* Opposition [Dk. 193] at 4:24-25. After asserting

7   an apparent defense to payment of rent, the Opposition then complains that "[n]oticeably missing

8   from the motion is a copy of the Consulting Agreement." *See* Opposition [Dk. 193] at 4:18. The

9   burden of production is not on the Trustee to prove up and then knock down any asserted defense by

10  the Occupants. Nonetheless, a copy of the document apparently referred to as a consulting agreement

11  is attached to the Mang Declaration as Exhibit "1."

12  ### i.    No consulting agreement was attached to the opposition.

13      "A Response must be a complete written statement of all reasons in opposition thereto or in

14  support, declarations and copies of all evidence on which the responding party intends to rely, and

15  any responding memorandum of points and authorities." Local Bankruptcy Rule 9013-1(f)(2).

16  "Factual contentions involved in any motion, opposition or other response to a motion, or reply,

17  must be presented, heard, and determined upon declarations and other written evidence." Local

18  Bankruptcy Rule 9013-1(i).

19      The Russells assert a defense to nonpayment of rent based on an alleged consulting

20  agreement. No consulting agreement, however, was attached to their opposition. The Russells'

21  failure to attach a consulting agreement should result in the Court overruling their asserted defense

22  to nonpayment.

23  ### ii.    The document asserted to be a consulting agreement does not

24  ### obligate the Debtor.

25      Rent is owed by the Russells to the Debtor under the Live Oak Lease (as defined in the

26  Motion), a lease executed one day prior to bankruptcy which obligated the Russells to pay $12,000

27  per month to the Debtor, Northern Holding, LLC. The document referred to as a consulting

28  agreement, however, is entitled "Scope of Work: Russell/ Rabbit Ridge: Founder Roles" and does

---

7

1   not contain language which obligates either the Russells or the Debtor or any other entity to provide

2   services or compensation. The four subheadings of the document are "Objectives," "Duration,"

3   "Deliverables," and "Specifications." The document is signed by Joanne Russell, Erich Russell, and

4   Lee Codding and the notary's certificate appended to the document crosses out the section for

5   "Capacity(ies) Claimed by Signer(s)" which indicates that the document was signed in each

6   signatory's individual capacity.

7        Trustee does not agree that this document is a valid consulting agreement which obligates the

8   Debtor. The face of the document does not appear to obligate the Debtor to do anything at all. Thus,

9   any contrary argument by the Russells that they have a consulting agreement which results in a

10  complete rent offset is unsupported by any evidence and should be overruled.

11  ### iii.      There is no evidence that the Russells are providing any value

12  ### or benefit to the Estate.

13       Even if there were a valid, operative consulting agreement (which there is insufficient

14  evidence to prove), there is no evidence attached to the Opposition to support that any value or

15  benefit has been received by the Trustee or the Estate from the Russells. The argument in the

16  Opposition that "the industry rate for the services provided by the Russells is well in excess of

17  $15,000 salary and $12,000 rental credit" is wholly unsupported by any evidence. Even the

18  declaration of Erich Russell filed as Dk. No. 194 fails to identify the services, value, and benefit

19  provided to the Estate by Mr. Russell.

20  ### iv.      The Garretts have not raised any defense to nonpayment of

21  ### rent.

22       According to the February 2021 monthly operating report, the monthly rental obligation for

23  the Garretts for their occupancy of a portion of the Live Oak Property was $1,200. No rent has ever

24  been paid to the Trustee by the Garretts and they have not provided the Trustee with any reason for

25  their nonpayment of the rent state in the monthly operating report. Trustee is unaware of any written

26  rental agreement for the Garretts and there is no evidence of one in the Opposition. In summary,

27  there is no valid defense to turnover justifying any further delays.

28

REPLY IN SUPPORT OF TURNOVER MOTION FOR LIVE OAK PROPERTY

4824-2330-5952,v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**D.    The Reissued CDC Order does not apply in this case – and the Russells' last-ditch declarations contradict their position that rent is current.**

As explained in the Trustee's supplemental brief filed and served on August 9, 2021, the Reissued CDC Order does not apply to turnover proceedings in bankruptcy. *In re Machevsky*, 2021 Bankr. LEXIS 31 (Bankr. C.D. Cal. Jan. 8, 2021) [interpreting a previous version of the CDC order]. The Bankruptcy Code and its turnover obligations fall well outside the definition of an eviction for nonpayment of rent due to the COVID-19 pandemic. Trustee's authority to seek a turnover order is simply inappositely compared to a residential eviction by a landlord, and as argued in the supplemental brief, the Court should find that the Reissued CDC Order does not apply to any turnover obligations or turnover order for the Live Oak Property. In fact, the Reissued CDC Order specifically provides that "This Order does not apply… to the extent its application is prohibited by Federal court order." Reissued CDC Order at 13.

As for the Russells' claim that they are qualified "covered persons" under the meaning of the Reissued CDC Order, their declarations in support of this end are contradictory on their face to the Russells' otherwise declared position. Basically, the Russells are taking the position in the first half of the opposition that rent is current and completely offset by consulting income. In the second half of the opposition, they take the opposite position that they are unable to pay rent because of a substantial loss in income. Second, the declarant for the CDC declarations must check a box in both column A and column B to qualify as a "covered person." However, the declarations only check the box for "My work hours or wages have been cut" which is completely nonsensical in light of the fact that the Russells were owner-operators of Rabbit Ridge and the only reason that their wages or hours would be cut is if they cut those hours themselves (not to mention that there is no reason that the cut in wages or hours is attributable to the COVID-19 pandemic which began (at least in full effect in the United States) in March 2020, seven months prior to the bankruptcy petition date. These positions are completely contradictory and the declarations attached to the Russell Declaration are lacking any sort of credibility. *Cf.* Reissued CDC Order at 14 ("This Order does not preclude a

REPLY IN SUPPORT OF TURNOVER MOTION FOR LIVE OAK PROPERTY
4824-2330-5952,v.1

1  landlord from challenging the truthfulness of a tenant's, lessee's, or resident's declaration in court,

2  as permitted under state or local law.").

3  ### i.    No declarations were ever provided by the Garretts.

4  Even if the Court finds that the Reissued CDC Order might apply to the Live Oak Property,

5  the Garretts plainly do not qualify as covered persons under the Reissued CDC Order because no

6  qualifying declaration was ever transmitted to the Trustee. Thus, the Court should determine that the

7  Garretts do not qualify as covered persons within the meaning of the Reissued CDC Order.

8  ## 4.    Conclusion

9  There is no procedural bar to the Court issuing the determination requested by the Trustee in

10  the Motion, as timely supplemented, that the Reissued CDC Order does not apply in this case, for all

11  of the unrebutted reasons stated in the Motion and supplement. As for the procedural objection to the

12  issuance of a turnover order against the Occupants by way of motion rather than adversary

13  proceeding, this objection elevates form over substance and can and should be waived by the Court.

14  There is no evidence or argument that presents any *prima facie* defense to turnover.

15  The fact is that the Occupants all received actual notice of the turnover motion, have actual

16  notice of their turnover obligations, filed substantive responses (or waived any objection by not

17  filing a substantive response), and will not be prejudiced by the disposition of this matter by motion

18  as opposed to adversary proceeding. On the other hand, the Estate will be greatly prejudiced by the

19  multi-month delay of filing and prosecuting an adversary proceeding for turnover from the

20  Occupants where they have no defense to their continued unauthorized occupancy and only seek to

21  delay and hamper the Trustee's administration.

22

23  DATED: August 23, 2021          MARSHACK HAYS LLP

24                                           /s/ Tinho Mang
                                    By:_____
25                                         D. EDWARD HAYS
                                           TINHO MANG
26                                         Attorneys for Chapter 7 Trustee
                                           RICHARD A. MARSHACK
27

28

REPLY IN SUPPORT OF TURNOVER MOTION FOR LIVE OAK PROPERTY
4824-2330-5952,v.1

# Declaration of Tinho Mang

I, TINHO MANG, declare and state as follows:

1.      I am an associate attorney in the law firm Marshack Hays LLP, counsel of record for Richard A. Marshack, the Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Northern Holding, LLC ("Debtor").

2.      I am an individual over 18 years of age and competent to make this declaration. Except as set forth as matters of judicial notice, I have personal knowledge of the matters set forth in this Declaration, and if called upon to do so I could and would competently testify to these facts.

3.      All terms not defined herein are used as they are defined in the Motion.

4.      A true and correct copy of a document which I am informed is the document referred to by the Russells as a consulting agreement providing a defense to payment of rent is attached as Exhibit "1."

5.      A true and correct copy of the Debtor's February 2021 monthly operating report is attached as Exhibit "2."

6.      A true and correct copy of the notice of motion and proof of service for the Motion which shows that the notice of Motion was mailed to all Occupants is attached as Exhibit "3."

7.      I corresponded via e-mail and telephone calls with the attorney for Erich Russell and Joanne Russell ("Russells"), Mr. Kari Ley, regarding the filing of the Motion and the Russells' response to the Motion. A true and correct copy of the letter sent to me by Mr. Ley on August 9, 2021 is attached as Exhibit "4."

8.      Mr. Ley also informed me that the Russells' children Brice Garrett and Sarah Garrett had received a copy of the Motion and objected to the Trustee's demand for turnover. However, to the best of my knowledge, no response has ever been received by me or the Trustee's office regarding the motion for turnover.

9.      According to the February 2021 monthly operating report, the Garretts are responsible for payment of rent at the rate of $1,200 per month. I was informed by the Debtor's principal Lee Codding that there is no written rental agreement for the Live Oak Property.

REPLY TO MOTION FOR TURNOVER OF LIVE OAK
4824-2330-5952,v.1

10.     To the best of my knowledge, no declaration from Brice Garrett or Sarah Garrett regarding the application of the moratorium on evictions issued by the CDC has ever been received by myself, my office, or the Trustee's office.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 23, 2021.

_/s/ Tinho Mang_____
TINHO MANG

REPLY TO MOTION FOR TURNOVER OF LIVE OAK

4824-2330-5952,v.1

# EXHIBIT 1

October, 2020

## Scope of Work: Russell/ Rabbit Ridge: Founder Roles

### Objectives

- To continue as founders to execute best practices and robust business development in operations, branding, DTC, wine club, compliance and farming.

- To enable business recapitalization and merger with new partner entity.

- To ensure security and longevity of family wine legacy in Russell, Rabbit Ridge and others.

- To provide strategy for sales channel and, as needed, DTC sales and marketing/branding optimizing business development and brand equity.

### Duration

- Beginning effective October 27, 2020.

### Deliverables

Continue optimal operations of winery, vineyard and facility.

Continue leading operations team with collaboration from Steven Jones and Lee Codding.

Partner to meet business development objectives.

Maximize business value to ensure optimal return on equities exchange for notes due seller.

Work on fine-tuning business in interim to maximize valuation on merger.

### Specifications

Russell combined monthly value received of $27,000; $15,000 cash and $12,000 value of residential lease on Russell Live Oak Villa.

By: _____
Joanne Russell

By: _____
Erich Russell

By: _____ 10/27/2020
Lee Codding

1                                           Northern Holding, LLC

EXHIBIT 1
Page 14

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**          CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of _San Luis Obispo_ )

On _Oct 27, 2020_ before me, _Christine M. Voshal_ _notary public_ ,
_____Date_____   ____Here Insert Name and Title of the Officer____

personally appeared _Joanne Russell, Erich Russell,_
_Leroy Codding_
_____Name(s) of Signer(s)_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

CHRISTINE M. VOSHAL
Notary Public – California
San Luis Obispo County
Commission # 2203267
My Comm. Expires Jul 27, 2021

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
_Signature of Notary Public_

_Place Notary Seal Above_
─────────── **OPTIONAL** ───────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Scope of Work / Rabbit Ridge / Russell_
Document Date: _10/27/2020_                          Number of Pages: _ONe_
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual        ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual        ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

EXHIBIT 1
Page 15

# EXHIBIT 2

Case 8:20-bk-13014-MW    Doc 104    Filed 03/31/21    Entered 03/31/21 12:14:16    Desc
Main Document    Page 1 of 30

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>Northern Holding, LLC<br><br><div align="right">Debtor(s).</div> | CHAPTER 11 (BUSINESS)<br><br>Case Number:        8:20-bk-13014-MW<br>Operating Report Number: 5<br>For the Month Ending:   2/28/2021 |
|---|---|

## I. CASH RECEIPTS AND DISBURSEMENTS
## A. GENERAL DIP ACCOUNT

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS                9,705.00

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL                     10.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:                                                   9,695.00

4.  RECEIPTS DURING CURRENT PERIOD:
    \*Custom Crush Income - for amounts billed in January         11,402.00
    \*Custom Crush Income - for amounts billed in February         2,061.14
    \*Custom Crush Revenue billed at net-30 day terms.
    The remaining Custom Crush Revenue billed in March is $10,294.86 - payment is due in March.
    The remaining Custom Crush Revenue billed in March is $9,658.00 - payment is due in April.
    \*\*Transfers from 1172 Property DIP Account (7686)         15,550.00
    \*\*Made in error, see comments on page 7 (1st page of the 1172 Property account).

    TOTAL RECEIPTS THIS PERIOD:                                  29,013.14

5.  BALANCE:                                                             38,708.14

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    Transfers to Other DIP Accounts (from page 2)         503.96
    Disbursements (from page 2)                          34,030.72

    TOTAL DISBURSEMENTS THIS PERIOD:\*\*\*                        34,534.68

7.  ENDING BALANCE:                                                      4,173.46

8. General DIP Account Number:              xxxxxx3473
                                            Wells Fargo Bank, N.A.
   Depository Name & Location:              P.O. Box 6995
                                            Portland, OR  97228-6995

\*   All receipts must be deposited into the general account.

\*\*  Include receipts from the sale of any real or personal property out of the                siness; attach an exhibit specifying what was sold,
    to whom, terms, and date of Court Order or Report of Sale.

EXHIBIT 2
Page 17

TOTAL DISBURSEMENTS FROM GENERAL DIP ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| 2/17/2021 | 1304 | Nevarez Farm Labor | Farm Labor | | 5,721.12 | 5,721.12 |
| 2/26/2021 | 1307 | Nevarez Farm Labor | Farm Labor | | 6,416.40 | 6,416.40 |
| 2/2/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 4,000.00 | 4,000.00 |
| 2/8/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 5,000.00 | 5,000.00 |
| 2/10/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 4,900.00 | 4,900.00 |
| 2/12/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 300.00 | 300.00 |
| 2/16/2021 | EFT | xxxxxx7686 | Paso Robles Inn Transaction Error - Managing Member reimbursed the 1172 Property account on 2/26/21 | 503.96 | | 503.96 |
| 2/16/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 300.00 | 300.00 |
| 2/16/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 300.00 | 300.00 |
| 2/17/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 1,000.00 | 1,000.00 |
| 2/18/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 300.00 | 300.00 |
| 2/19/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 300.00 | 300.00 |
| 2/22/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 300.00 | 300.00 |
| 2/22/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 300.00 | 300.00 |
| 2/22/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 300.00 | 300.00 |
| 2/23/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 900.00 | 900.00 |
| 2/24/2021 | Cash | Nevarez Farm Labor | Farm Labor | | 650.00 | 650.00 |
| 2/26/2021 | EFT | Chubb Insurance | Service Fee | | 1.95 | 1.95 |
| 2/26/2021 | EFT | Chubb Insurance | Insurance Expense | | 3,041.25 | 3,041.25 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | TOTAL DISBURSEMENTS THIS PERIOD: | 503.96 | 34,030.72 | $34,534.68 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

EXHIBIT 2
Page 18

GENERAL DDA ACCOUNT

## BANK RECONCILIATION

| Bank statement Date: | 2/28/2021 | Balance on Statement: | $4,173.46 |
|---|---|---|---|

Plus deposits in transit (a):

| | Deposit Date | Deposit Amount | |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| TOTAL DEPOSITS IN TRANSIT | | | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount | |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| TOTAL OUTSTANDING CHECKS: | | | 0.00 |

Bank statement Adjustments:

Explanation of Adjustments-

| ADJUSTED BANK BALANCE: | $4,173.46 |
|---|---|

\* It is acceptable to replace this form with a similar form

\*\* Please attach a detailed explanation of any bank statement adjustment

EXHIBIT 2
Page 19

Case 8:20-bk-13014-MW   Doc 104   Filed 03/31/21   Entered 03/31/21 12:14:16   Desc
Main Document    Page 4 of 30

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re: | CHAPTER 11 (BUSINESS) |
|---|---|
| Northern Holding, LLC | Case Number:           8:20-bk-13014-MW |
| | Operating Report Number: 5 |
| Debtor(s). | For the Month Ending:    2/28/2021 |

I. CASH RECEIPTS AND DISBURSEMENTS
A. TEXAS ROAD PROPERTY CASH COLLATERAL DIP ACCOUNT

1. *TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS     12,025.00
   *$12K is Live Oak Property rental income deposited into this account in error in December.

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL     12,012.00
ACCOUNT REPORTS

3. BEGINNING BALANCE:                                   13.00

4. RECEIPTS DURING CURRENT PERIOD:
   Grape Sales                             0.00

   TOTAL RECEIPTS THIS PERIOD:                      0.00

5. BALANCE:                                            13.00

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   Transfers to other DIP accounts (from page 2)             0.00
   Disbursements (from page 2)                       10.00

   TOTAL DISBURSEMENTS THIS PERIOD:***          10.00

7. ENDING BALANCE:                                3.00

8. Texas Road Property CC DIP Account Number:    xxxxxx7678

| | Wells Fargo Bank, N.A. |
|---|---|
| Depository Name & Location: | P.O. Box 6995 |
| | Portland, OR  97228-6995 |

\*   All receipts must be deposited into the general account.

\*\*   Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold, to whom, terms, and date of Court Order or Report of Sale.

\*\*\*This amount should be the same as the total from page 2.

EXHIBIT 2
Page 20

Case 8:20-bk-13014-MW    Doc 104    Filed 03/31/21    Entered 03/31/21 12:14:16    Desc
Main Document    Page 5 of 30

TOTAL DISBURSEMENTS FROM TEXAS ROAD PROPERTY CASH COLLATERAL DIP ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| 2/26/2021 | EFT | Wells Fargo | Monthly Service Fee | | 10.00 | 10.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 0.00 | 10.00 | $10.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

EXHIBIT 2
Page 21

TEXAS ROAD PROPERTY CASH COLLATERAL DIP ACCOUNT

BANK RECONCILIATION

| | | | |
|---|---|---|---|
| Bank statement Date: | 2/28/2021 | Balance on Statement: | $3.00 |

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |

TOTAL DEPOSITS IN TRANSIT                                0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL OUTSTANDING CHECKS:                                0.00

Bank statement Adjustments:
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                $3.00

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

EXHIBIT 2
Page 22

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>Northern Holding, LLC<br><br><div align=right>Debtor(s).</div> | CHAPTER 11 (BUSINESS)<br><br>Case Number:    8:20-bk-13014-MW<br>Operating Report Number: 5<br>For the Month Ending:  2/28/2021 |
|---|---|

### I. CASH RECEIPTS AND DISBURSEMENTS
### A. 1172 PROPERTY CASH COLLATERAL DIP ACCOUNT

1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS      33,625.00

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL      0.00
ACCOUNT REPORTS

3. BEGINNING BALANCE:      33,625.00

4. RECEIPTS DURING CURRENT PERIOD:
Winery Facility Rental Income      30,000.00
*Apartment Unit Rental Income      2,055.04
*See rents attachment at page 27
*Contribution from Managing Member      14,641.00
Managing Member Reimbursement - See page 2      503.96

TOTAL RECEIPTS THIS PERIOD:      47,200.00

5. BALANCE:      80,825.00

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
*Transfers to General DIP & Deposit Return      30,550.00
**Includes $15,000.00 Deposit Return**
Disbursements (from page 2)      12.00

TOTAL DISBURSEMENTS THIS PERIOD:***      30,562.00

7. ENDING BALANCE:      50,263.00

8. 1172 Property CC DIP Account Number:      xxxxxx7686
     Wells Fargo Bank, N.A.
Depository Name & Location:      P.O. Box 6995
     Portland, OR  97228-6995

\* All receipts must be deposited into the general account.

\*\* Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
   to whom, terms, and date of Court Order or Report of Sale.

\*\*\*This amount should be the same as the total from page 2.

EXHIBIT 2
Page 23

Case 8:20-bk-13014-MW    Doc 104    Filed 03/31/21    Entered 03/31/21 12:14:16    Desc
Main Document    Page 8 of 30

TOTAL DISBURSEMENTS FROM 1172 PROPERTY CASH COLLATERAL DIP ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| 2/2/2021 | EFT | Wells Fargo | Deposited Item Return Fee | | 12.00 | 12.00 |
| 2/2/2021 | EFT | xxxxxx7686 | 1/29/21 Deposit Returned | 15,000.00 | | 15,000.00 |
| 2/10/2021 | EFT | xxxxxx3473 | *Transfer to General DIP | 10,000.00 | | 10,000.00 |
| 2/12/2021 | EFT | xxxxxx3473 | *Transfer to General DIP | 1,700.00 | | 1,700.00 |
| 2/16/2021 | EFT | xxxxxx3473 | *Transfer to General DIP | 500.00 | | 500.00 |
| 2/17/2021 | EFT | xxxxxx3473 | *Transfer to General DIP | 600.00 | | 600.00 |
| 2/19/2021 | EFT | xxxxxx3473 | *Transfer to General DIP | 650.00 | | 650.00 |
| 2/22/2021 | EFT | xxxxxx3473 | *Transfer to General DIP | 1,200.00 | | 1,200.00 |
| 2/23/2021 | EFT | xxxxxx3473 | *Transfer to General DIP | 900.00 | | 900.00 |
| | | | *The above charges total $15,550.00 and were made out of this account in error.  The Managing Member replaced funds totaling $14,641.00 on 2/26/21 and the remaining $909.00 will be replaced on 3/31/21. | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 30,550.00 | 12.00 | $30,562.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will
be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

EXHIBIT 2
Page 24

1172 PROPERTY CASH COLLATERAL BANK ACCOUNT
### BANK RECONCILIATION

Bank statement Date: _____2/28/2021_____    Balance on Statement: _____$50,263.00

Plus deposits in transit (a):

| Deposit Date | Deposit Amount | |
|---|---|---|
| _____ | _____ | |
| _____ | _____ | |
| _____ | _____ | |
| _____ | _____ | |
| _____ | _____ | |

TOTAL DEPOSITS IN TRANSIT                                            | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                           | 0.00 |

Bank statement Adjustments:                    _____
Explanation of Adjustments-

|  |
|---|

ADJUSTED BANK BALANCE:                                          | $50,263.00 |

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

EXHIBIT 2
Page 25

Case 8:20-bk-13014-MW   Doc 104   Filed 03/31/21   Entered 03/31/21 12:14:16   Desc
Main Document    Page 10 of 30

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>Northern Holding, LLC<br><br><div align="right">Debtor(s).</div> | CHAPTER 11 (BUSINESS)<br><br>Case Number:        8:20-bk-13014-MW<br>Operating Report Number:  5<br>For the Month Ending:   2/28/2021 |
| --- | --- |

### I. CASH RECEIPTS AND DISBURSEMENTS
### A. LIVE OAK PROPERTY CASH COLLATERAL DIP ACCOUNT

1.  TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS      39,025.00

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL      15,000.00
ACCOUNT REPORTS

3.  BEGINNING BALANCE:      24,025.00

4.  RECEIPTS DURING CURRENT PERIOD:
   *Unit 1 Rental Income      0.00
   *See rents attachment at page 27
   **Unit 2 Rental Income      0.00
   **Brice Garrett moved in 3/1/21, rent is $1,200.00/mo.
   Grape Sales      0.00

   TOTAL RECEIPTS THIS PERIOD:      0.00

5.  BALANCE:      24,025.00

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   1/29/21 Rent Check Returned (from page 2)      24,000.00
   Disbursements (from page 2)      22.00
   TOTAL DISBURSEMENTS THIS PERIOD:***      24,022.00

7.  ENDING BALANCE:      3.00

8.  Live Oak Property CC DIP Account Number:      xxxxxx7694

   Depository Name & Location:      Wells Fargo Bank, N.A.
                              P.O. Box 6995
                              Portland, OR  97228-6995

*   All receipts must be deposited into the general account.

**  Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
    to whom, terms, and date of Court Order or Report of Sale.

***This amount should be the same as the total from page 2.

EXHIBIT 2
Page 26

Case 8:20-bk-13014-MW    Doc 104    Filed 03/31/21    Entered 03/31/21 12:14:16    Desc
Main Document      Page 11 of 30

TOTAL DISBURSEMENTS FROM LIVE OAK PROPERTY CASH COLLATERAL DIP ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| 2/2/2021 | EFT | Wells Fargo | Deposited Item Returned Fee | | 12.00 | 12.00 |
| 2/2/2021 | EFT | xxxxxx7694 | 1/29/20 Rent Check Returned | 24,000.00 | | 24,000.00 |
| 2/26/2021 | EFT | Wells Fargo | Monthly Service Fee | | 10.00 | 10.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | TOTAL DISBURSEMENTS THIS PERIOD: | 24,000.00 | 22.00 | $24,022.00 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will
be filled in for you.
** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

EXHIBIT 2
Page 27

LIVE OAK PROPERTY & CASH COLLATERAL DIP ACCOUNT
BANK RECONCILIATION

| Bank statement Date: | 2/28/2021 | Balance on Statement: | $3.00 |
|---|---|---|---|

Plus deposits in transit (a):

| | Deposit Date | Deposit Amount | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| TOTAL DEPOSITS IN TRANSIT | | | 0.00 |
|---|---|---|---|

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| TOTAL OUTSTANDING CHECKS: | | | 0.00 |
|---|---|---|---|

Bank statement Adjustments:
Explanation of Adjustments-

| ADJUSTED BANK BALANCE: | | | $3.00 |
|---|---|---|---|

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

EXHIBIT 2
Page 28

# Wells Fargo Combined Statement of Accounts

February 28, 2021  ■  Page 1 of 9

**WELLS FARGO**

NORTHERN HOLDING LLC
GENERAL ACCOUNT
DEBTOR IN POSSESSION
CH11 CASE #20-13014 (CCA)
13217 JAMBOREE RD # 429
TUSTIN CA 92782-9158

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
*We accept all relay calls, including 711*

**1-800-CALL-WELLS**  (1-800-225-5935)

*En español: 1-877-337-7454*

*Online:* wellsfargo.com/biz

*Write:*  Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR  97228-6995

## Your Business and Wells Fargo

Visit wellsfargoworks.com to explore videos, articles, infographics, interactive tools, and other resources on the topics of business growth, credit, cash flow management, business planning, technology, marketing, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ✓ |
| Online Statements | ✓ |
| Business Bill Pay | ☐ |
| Business Spending Report | ✓ |
| Overdraft Protection | ☐ |

## Summary of accounts

### Checking/Prepaid and Savings

| Account | Page | Account number | Ending balance last statement | Ending balance this statement |
|---|---|---|---|---|
| Initiate Business Checking℠ | 2 | 3473 | 9,695.00 | 4,173.46 |
| Initiate Business Checking℠ | 4 | 7678 | 13.00 | 3.00 |
| Initiate Business Checking℠ | 5 | 7686 | 33,625.00 | 50,263.00 |
| Initiate Business Checking℠ | 7 | 7694 | 24,025.00 | 3.00 |
| | **Total deposit accounts** | | **$67,358.00** | **$54,442.46** |

(114)

EXHIBIT 2
Page 29

February 28, 2021 ▪ Page 2 of 9

**WELLS FARGO**

# Initiate Business Checking℠

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 2/1 | $9,695.00 |
| Deposits/Credits | 29,013.14 |
| Withdrawals/Debits | - 34,534.68 |
| **Ending balance on 2/28** | **$4,173.46** |

Account number:    3473

**NORTHERN HOLDING LLC**
**GENERAL ACCOUNT**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

California account terms and conditions apply

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 2/2 | | Withdrawal Made In A Branch/Store | | 4,000.00 | 5,695.00 |
| 2/8 | | Withdrawal Made In A Branch/Store | | 5,000.00 | 695.00 |
| 2/10 | | Online Transfer From Northern Holding LLC Business Checking xxxxxx7686 Ref #Ib09St54NW on 02/10/21 | 10,000.00 | | |
| 2/10 | | Withdrawal Made In A Branch/Store | | 4,900.00 | 5,795.00 |
| 2/12 | | Online Transfer From Northern Holding LLC Business Checking xxxxxx7686 Ref #Ib09T7Hc37 on 02/12/21 | 1,700.00 | | |
| 2/12 | | ATM Withdrawal authorized on 02/12 546 Spring Street Paso Robles CA 0009061 ATM ID 0756A Card 1273 | | 300.00 | 7,195.00 |
| 2/16 | | Online Transfer From Northern Holding LLC Business Checking xxxxxx7686 Ref #Ib09Tzdqgw on 02/16/21 | 500.00 | | |
| 2/16 | | Purchase authorized on 02/12 Paso Robles Inn 8052382660 CA S461043679417032 Card 1273 | | 503.96 | |
| 2/16 | | ATM Withdrawal authorized on 02/15 546 Spring Street Paso Robles CA 0000522 ATM ID 0756B Card 1273 | | 300.00 | |
| 2/16 | | ATM Withdrawal authorized on 02/16 546 Spring Street Paso Robles CA 0002937 ATM ID 0756B Card 1273 | | 300.00 | 6,591.04 |
| 2/17 | | Online Transfer From Northern Holding LLC Business Checking xxxxxx7686 Ref #Ib09V6Fdxw on 02/17/21 | 600.00 | | |
| 2/17 | | Cash eWithdrawal in Branch/Store 02/17/2021 17:00 Pm 546 Spring St Paso Robles CA 1273 | | 1,000.00 | |
| 2/17 | 1304 | Check | | 5,721.12 | 469.92 |
| 2/18 | | ATM Withdrawal authorized on 02/18 546 Spring Street Paso Robles CA 0001216 ATM ID 0756A Card 1273 | | 300.00 | 169.92 |
| 2/19 | | Online Transfer From Northern Holding LLC Business Checking xxxxxx7686 Ref #Ib09Vjmbw2 on 02/19/21 | 650.00 | | |
| 2/19 | | ATM Withdrawal authorized on 02/19 546 Spring Street Paso Robles CA 0001538 ATM ID 0756A Card 1273 | | 300.00 | 519.92 |
| 2/22 | | Online Transfer From Northern Holding LLC Business Checking xxxxxx7686 Ref #Ib09W2Vvjs on 02/22/21 | 1,200.00 | | |
| 2/22 | | ATM Withdrawal authorized on 02/21 Edinger & Beach Huntington Bc CA 0004670 ATM ID 0820L Card 1273 | | 300.00 | |
| 2/22 | | ATM Withdrawal authorized on 02/22 100 Orange Orange CA 0001787 ATM ID 2686L Card 1273 | | 300.00 | |
| 2/22 | | ATM Withdrawal authorized on 02/22 273 East 10th St Gilroy CA 0000138 ATM ID 0481E Card 1273 | | 300.00 | 819.92 |

EXHIBIT 2
Page 30

February 28, 2021 ■ Page 3 of 9

**WELLS FARGO**

## Transaction history (continued)

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 2/23 | | Online Transfer From Northern Holding LLC Business Checking xxxxxx7686 Ref #Ib09W9Fgxj on 02/23/21 | 900.00 | | |
| 2/23 | | ATM Withdrawal authorized on 02/23 546 Spring Street Paso Robles CA 0007870 ATM ID 1797x Card 1273 | | 900.00 | 819.92 |
| 2/24 | | Edeposit IN Branch/Store 02/24/21 03:30:15 Pm 546 Spring St Paso Robles CA 1273 | 7,389.94 | | |
| 2/24 | | ATM Withdrawal authorized on 02/24 546 Spring Street Paso Robles CA 0006618 ATM ID 0756N Card 1273 | | 650.00 | 7,559.86 |
| 2/26 | | Edeposit IN Branch/Store 02/26/21 12:19:01 Pm 665 Marsh St San Luis Obispo CA 1273 | 6,073.20 | | |
| 2/26 | < | Business to Business ACH Debit - Chubb-Ci Ins.Prem 210225 Ci Chubb, Chubb | | 1.95 | |
| 2/26 | < | Business to Business ACH Debit - Chubb-Ci Ins.Prem 210225 Ci Chubb, Chubb | | 3,041.25 | |
| 2/26 | 1307 | Check | | 6,416.40 | 4,173.46 |
| Ending balance on 2/28 | | | | | 4,173.46 |
| **Totals** | | | **$29,013.14** | **$34,534.68** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your*

### Summary of checks written   (checks listed are also displayed in the preceding Transaction history)

| Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|
| 1304 | 2/17 | 5,721.12 | 1307 * | 2/26 | 6,416.40 |

\* Gap in check sequence.

### Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 02/01/2021 - 02/28/2021 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|
| **How to avoid the monthly service fee** | Minimum required | This fee period |
| Have any **ONE** of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $4,418.00 ☑ |
| · Minimum daily balance | $500.00 | $169.92 ☐ |

The Monthly service fee summary fee period ending date shown above includes a Saturday, Sunday, or holiday which are non-business days. Transactions occurring after the last business day of the month will be included in your next fee period.
C1/C1

### Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 20 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

EXHIBIT 2
Page 31

February 28, 2021 ■ Page 4 of 9



### Other Wells Fargo Benefits

Our National Business Banking Center customer service number 1-800-CALL-WELLS (1-800-225-5935) hours of operation have temporarily changed to 7:00 a.m. to 11:00 p.m. Eastern Time, Monday through Saturday and Sunday 9:00 a.m. to 10:00 p.m. Eastern Time. Access to our automated banking system, the ability to report a fraud claim on your business credit or debit card, and access to report a lost or stolen business card will continue to be available 24 hours a day, 7 days per week. Thank you for banking with Wells Fargo. We appreciate your business.

 IMPORTANT ACCOUNT INFORMATION

Effective on or after April 1, 2021, Wells Fargo will no longer issue temporary debit cards, including Wells Fargo Instant Issue Debit Cards, Wells Fargo Business Instant Issue Debit Cards, and EasyPay Instant Cards. If you need a replacement card, you may request one by signing on to Wells Fargo Online® or calling the number on your statement. Once requested, replacement cards arrive by mail in 5 to 7 calendar days. You may add your Wells Fargo Debit Card or EasyPay Card to a Wells Fargo-supported digital wallet on your mobile device so you can make secure, convenient purchases in stores, online, and in apps, and access Wells Fargo ATMs while you wait for your replacement card. For more details on digital wallets, please visit **wellsfargo.com/mobile/payments.** Availability may be affected by your mobile carrier's coverage area. Your mobile carrier's message and data rates may apply. Some ATMs within secure locations may require a physical card for entry.

Effective on or after April 1, 2021, the ATM Access Code feature will no longer be available to access your accounts at Wells Fargo ATMs. You may continue to access Wells Fargo ATMs using your Wells Fargo Debit, ATM or EasyPay Card, or with a Wells Fargo-supported digital wallet on your mobile device. For more information about adding your card to a digital wallet, please visit wellsfargo.com/mobile/payments. Availability may be affected by your mobile carrier's coverage area. Your mobile carrier's message and data rates may apply. Some ATMs within secure locations may require a physical card for entry. Note: After the ATM Access Code feature for accessing Wells Fargo accounts is discontinued, the "Use an Access Code" button may continue to be displayed on Wells Fargo ATMs to support other services.

## Initiate Business Checking<sup>SM</sup>

| Statement period activity summary | | Account number: | 7678 |
|---|---|---|---|

| Statement period activity summary | |
|---|---|
| Beginning balance on 2/1 | $13.00 |
| Deposits/Credits | 0.00 |
| Withdrawals/Debits | - 10.00 |
| **Ending balance on 2/28** | **$3.00** |

**NORTHERN HOLDING LLC**
**CASH COLLATERAL 1**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

### Overdraft Protection

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

EXHIBIT 2
Page 32

February 28, 2021  ■  Page 5 of 9

**WELLS FARGO**

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 2/26 | | Monthly Service Fee | | 10.00 | 3.00 |
| **Ending balance on 2/28** | | | | | 3.00 |
| **Totals** | | | **$0.00** | **$10.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 02/01/2021 - 02/28/2021 | Standard monthly service fee $10.00 | You paid $10.00 |
|---|---|---|
| **How to avoid the monthly service fee** | Minimum required | This fee period |
| Have any **ONE** of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $13.00 ☐ |
| · Minimum daily balance | $500.00 | $13.00 ☐ |

*The Monthly service fee summary fee period ending date shown above includes a Saturday, Sunday, or holiday which are non-business days. Transactions occurring after the last business day of the month will be included in your next fee period.*
C1/C1

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 0 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

# Initiate Business Checking℠

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 2/1 | $33,825.00 |
| Deposits/Credits | 47,200.00 |
| Withdrawals/Debits | - 30,562.00 |
| **Ending balance on 2/28** | **$50,263.00** |

Account number:    **7686**

**NORTHERN HOLDING LLC**
**CASH COLLATERAL 2**
**DEBTOR IN POSSESSION**
**CH11 CASE #20-13014 (CCA)**

California account terms and conditions apply

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**
This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

EXHIBIT 2
Page 33

February 28, 2021 ■ Page 6 of 9

**WELLS
FARGO**

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|--------------|-------------|-------------------|---------------------|----------------------|
| 2/2 | | Cashed/Deposited Item Retn Unpaid Fee | | 12.00 | |
| 2/2 | | Deposited Item Retn Unpaid - Paper 210202 | | 15,000.00 | 18,613.00 |
| 2/10 | | Online Transfer to Northern Holding LLC Business Checking xxxxxx3473 Ref #Ib09St54NW on 02/10/21 | | 10,000.00 | 8,613.00 |
| 2/12 | | Online Transfer to Northern Holding LLC Business Checking xxxxxx3473 Ref #Ib09T7Hc37 on 02/12/21 | | 1,700.00 | 6,913.00 |
| 2/16 | | Online Transfer to Northern Holding LLC Business Checking xxxxxx3473 Ref #Ib09Tzdqgw on 02/16/21 | | 500.00 | 6,413.00 |
| 2/17 | | Online Transfer to Northern Holding LLC Business Checking xxxxxx3473 Ref #Ib09V6Fdxw on 02/17/21 | | 600.00 | 5,813.00 |
| 2/19 | | Online Transfer to Northern Holding LLC Business Checking xxxxxx3473 Ref #Ib09Vjmbw2 on 02/19/21 | | 650.00 | 5,163.00 |
| 2/22 | | Online Transfer to Northern Holding LLC Business Checking xxxxxx3473 Ref #Ib09W2Vvjs on 02/22/21 | | 1,200.00 | 3,963.00 |
| 2/23 | | Online Transfer to Northern Holding LLC Business Checking xxxxxx3473 Ref #Ib09W9Fgxj on 02/23/21 | | 900.00 | 3,063.00 |
| 2/26 | | Deposit Made In A Branch/Store | 47,200.00 | | 50,263.00 |
| Ending balance on 2/28 | | | | | 50,263.00 |
| **Totals** | | | **$47,200.00** | **$30,562.00** | |

The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your
transactions posted.  If you had insufficient available funds when a transaction posted, fees may have been assessed.

## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a
link to these documents, and answers to common monthly service fee questions.

| Fee period 02/01/2021 - 02/28/2021 | Standard monthly service fee $10.00 | You paid $0.00 |
|------------------------------------|-------------------------------------|----------------|
| How to avoid the monthly service fee | Minimum required | This fee period |
| Have any ONE of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $15,174.00 ☑ |
| · Minimum daily balance | $500.00 | $3,063.00 ☑ |

The Monthly service fee summary fee period ending date shown above includes a Saturday, Sunday, or holiday which are non-business days.
Transactions occurring after the last business day of the month will be included in your next fee period.
C1/C1

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|----------------------------|------------|----------------|--------------|-------------------------------------|--------------------------|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 11 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

EXHIBIT 2
Page 34

Case 8:20-bk-13014-MW    Doc 104    Filed 03/31/21    Entered 03/31/21 12:14:16    Desc
Main Document        Page 19 of 30

February 28, 2021 ▪ Page 7 of 9

**WELLS FARGO**

## Initiate Business Checking℠

### Statement period activity summary

| | |
|---|---|
| Beginning balance on 2/1 | $24,025.00 |
| Deposits/Credits | 0.00 |
| Withdrawals/Debits | - 24,022.00 |
| **Ending balance on 2/28** | **$3.00** |

Account number:      7694

NORTHERN HOLDING LLC
CASH COLLATERAL 3
DEBTOR IN POSSESSION
CH11 CASE #20-13014 (CCA)

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

### Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 2/2 | | Cashed/Deposited Item Retn Unpaid Fee | | 12.00 | |
| 2/2 | | Deposited Item Retn Unpaid - Paper 210202 | | 24,000.00 | 13.00 |
| 2/26 | | Monthly Service Fee | | 10.00 | 3.00 |
| **Ending balance on 2/28** | | | | | 3.00 |
| **Totals** | | | **$0.00** | **$24,022.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

### Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 02/01/2021 - 02/28/2021 | Standard monthly service fee $10.00 | You paid $10.00 |
|---|---|---|
| **How to avoid the monthly service fee** | Minimum required | This fee period |
| Have any **ONE** of the following account requirements | | |
| ·   Average ledger balance | $1,000.00 | $871.00 ☐ |
| ·   Minimum daily balance | $500.00 | $13.00 ☐ |

*The Monthly service fee summary fee period ending date shown above includes a Saturday, Sunday, or holiday which are non-business days. Transactions occurring after the last business day of the month will be included in your next fee period.*

C1/C1

EXHIBIT 2
Page 35

February 28, 2021 ■ Page 8 of 9

WELLS
FARGO

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 1 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

EXHIBIT 2
Page 36

February 28, 2021 ■ Page 9 of 9



---

### General statement policies for Wells Fargo Bank

■ **Notice:** Wells Fargo Bank, N.A. may furnish information about accounts belonging to individuals, including sole proprietorships, to consumer reporting agencies. If this applies to you, you have the right to dispute the accuracy of information that we have reported by writing to us at: Overdraft Collections and Recovery, P.O. Box 5058, Portland, OR 97208-5058.

You must describe the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation. In the case of information that relates to an identity theft, you will need to provide us with an identity theft report.

---

### Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance.

2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**

**A.** The ending balance
shown on your statement . . . . . . . . . . . . . . . . . . . . $ _____

**ADD**

**B.** Any deposits listed in your          $ _____
register or transfers into          $ _____
your account which are not          $ _____
shown on your statement.          + $ _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**SUBTRACT**

**C.** The total outstanding checks and
withdrawals from the chart above . . . . . . . . . . . . . - $ _____

**CALCULATE THE ENDING BALANCE**
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register . . . . . . . . . . . . . . . . . . . . . . . $ . _____

| Number | Items Outstanding | Amount |
|--------|-------------------|--------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | Total amount $ |  |

©2010 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. NMLSR ID 399801

Sheet Seq = 0015444

EXHIBIT 2
Page 37

Case 8:20-bk-13014-MW    Doc 104    Filed 03/31/21    Entered 03/31/21 12:14:16    Desc
Main Document    Page 22 of 30

I. DISBURSEMENTS SCHEDULE (continued)

ENDING BALANCES FOR THE PERIOD:

(Provide a copy of monthly account statements for each of the below)

|  |  |
|---|---|
| General DIP Account (3473): | 4,173.46 |
| Texas Road Property Cash Collateral DIP Account (7678): | 3.00 |
| 1172 Property Cash Collateral DIP Account (7686): | 50,263.00 |
| Live Oak Property Cash Collateral DIP Account (7694): | 3.00 |
| **Petty Cash (from below): | 0.00 |

TOTAL CASH AVAILABLE:                                    54,442.46

Petty Cash Transactions:

| Date | Purpose | Amount |
|------|---------|--------|
| N/A  |         |        |
|      |         |        |
|      |         |        |
|      |         |        |
|      |         |        |

TOTAL PETTY CASH TRANSACTIONS:                              0.00

* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#
** Attach Exhibit Itemizing all petty cash transactions

EXHIBIT 2
Page 38

Case 8:20-bk-13014-MW    Doc 104    Filed 03/31/21    Entered 03/31/21 12:14:16    Desc
Main Document    Page 23 of 50

## II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS
### AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| *Farm Credit West, FLCA (Cross-Collateralized Lien on 1172, Live Oak, & Texas Road) | N/A | 19,800,000.00 | N/A | N/A |
| *Note was called and therefore there is no monthly mortgage payment amount due. The pre-default mortgage payment is unknown as the Debtor is not the borrower and does not have access to this information. The lienholder has not provided this information either, see Motion for Relief at Docket No. 11. | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

## III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax:    N/A
Total Wages Paid:    N/A

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | N/A | 0.00 | N/A |
| State Withholding | N/A | 0.00 | N/A |
| FICA- Employer's Share | N/A | 0.00 | N/A |
| FICA- Employee's Share | N/A | 0.00 | N/A |
| Federal Unemployment | N/A | 0.00 | N/A |
| Sales and Use | N/A | 0.00 | N/A |
| Real Property | N/A | 0.00 | N/A |
| TOTAL: | 0.00 | 0.00 | |

EXHIBIT 2
Page 39

Case 8:20-bk-13014-MW    Doc 104    Filed 03/31/21    Entered 03/31/21 12:14:16    Desc
Main Document    Page 24 of 30

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable | Accounts Receivable | |
|---|---|---|---|
|  | Post-Petition | Pre-Petition | Post-Petition |
| 30 days or less | 0.00 | N/A | 0.00 |
| 31 - 60 days | 0.00 | N/A | 0.00 |
| 61 - 90 days | 0.00 | N/A | 0.00 |
| 91 - 120 days | 0.00 | N/A | 0.00 |
| Over 120 days | N/A | N/A | N/A |
| TOTAL: | 0.00 | 0.00 | 0.00 |

## V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | Chubb Insurance | 1,000,000/5,839,100 | 4/15/2021 | 4/15/2021 |
| Worker's Compensation | N/A | | | |
| Casualty | N/A | | | |
| Vehicle | N/A | | | |

## VI. UNITED STATES TRUSTEE QUARTERLY FEES
## (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 31-Dec-2020 | 0.00 | 325.00 | 28-Jan-2021 | 325.00 | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  |  |  |  | 0.00 |
|  |  | 325.00 |  | 325.00 | 0.00 |

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court.  Post-Petition
Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

EXHIBIT 2
Page 40

Case 8:20-bk-13014-MW    Doc 104    Filed 03/31/21    Entered 03/31/21 12:14:16    Desc
Main Document       Page 25 of 30

## VII SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VIII. SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

EXHIBIT 2
Page 41

Case 8:20-bk-13014-MW   Doc 104   Filed 03/31/21   Entered 03/31/21 12:14:16   Desc
Main Document    Page 26 of 30

INCOME STATEMENT
(ACCRUAL BASIS ONLY)

|  | Current Month | Cumulative Post-Petition |
|---|---|---|
| **\*Sales/Revenue:** | | |
| **\*Please See Attachment on Page 27** | | |
| Custom Crush Income | 9,658.00 | 43,096.00 |
| Rental Income | 28,600.00 | 114,400.00 |
| Grape Sales | 0.00 | 0.00 |
| Less: Returns/Discounts | 0.00 | 0.00 |
| Net Sales/Revenue | 38,258.00 | 157,496.00 |
| | | |
| Cost of Goods Sold: | | |
| Beginning Inventory at cost | 0.00 | 0.00 |
| Purchases | 0.00 | 0.00 |
| Less: Ending Inventory at cost | 0.00 | 0.00 |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| | | |
| Gross Profit | 38,258.00 | 157,496.00 |
| | | |
| Other Operating Income (Itemize) | 0.00 | 0.00 |
| | | |
| **\*Operating Expenses:** | | |
| **\*Please See Attachment on Pages 28** | | |
| \*Farm Labor | 30,987.52 | 30,987.52 |
| Other Taxes (Itemize) | 0.00 | 0.00 |
| Depreciation and Amortization | Unknown | Unknown |
| Rent Expense - Real Property | 0.00 | 0.00 |
| Lease Expense - Personal Property Insurance | 0.00 | 0.00 |
| Real Property Taxes | 3,041.25 | 3,041.25 |
| Telephone and Utilities | 0.00 | 0.00 |
| Repairs and Maintenance | 0.00 | 0.00 |
| Miscellaneous Operating Expenses (Itemize) | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| Total Operating Expenses | 34,028.77 | 34,028.77 |
| Net Gain/(Loss) from Operations | 4,229.23 | 123,467.23 |
| | | |
| **\*Non-Operating Income:** | | |
| **\*Please See Attachment on Page 28** | | |
| Interest Income | 0.00 | 0.00 |
| \*Contributions from Managing Member | 14,641.00 | 14,741.00 |
| Other (Itemize) | 0.00 | 0.00 |
| Total Non-Operating income | 14,641.00 | 14,741.00 |
| | | |
| Non-Operating Expenses: | | |
| Legal and Professional (Itemize) | 0.00 | 0.00 |
| Bank/Service Fees | 45.95 | 67.95 |
| Other (Itemize) | 0.00 | 0.00 |
| Total Non-Operating Expenses | 45.95 | 67.95 |
| | | |
| **NET INCOME/(LOSS)** | 18,824.28 | 138,140.28 |

EXHIBIT 2
Page 42

| | Live Oak Unit #1 | Live Oak Unit #2 | Comments | 1172 Winery facility | Comments | 1172 Apartment | Comments |
|---|---|---|---|---|---|---|---|
| **Tenant** | Brice Garrett moved in 3/1/21 | Erich Russell | | Rabbit Ridge Wine | | Bill Tolar | |
| **Rental Amount** | $1,200 | $12,000 | | $15,000 | | $1,600 | |
| Date Nov. Rent Received | N/A | 11/1/2020 | | 10/29/2020 | | 11/4/2020 | |
| **Date Nov. Rent Deposited** | N/A | 12/30/2020 | *Deposit Returned 1/4/21; Collection Efforts Underway* | 12/30/2020 | | 1/29/2021 | |
| Date Dec. Rent Received | N/A | 12/1/2020 | | 12/3/2020 | | 12/5/2020 | |
| **Date Dec. Rent Deposited** | N/A | 1/29/2021 | *Deposit Returned 2/2/21; Collection Efforts Underway* | 1/29/2021 | Deposit Returned 2/2/21 & Replaced 2/26/21 | 1/29/2021 | |
| Date Jan. Rent Received | N/A | 1/29/2021 | | 2/26/2021 | | 1/4/2021 | |
| **Date Jan. Rent Deposited** | N/A | 1/29/2021 | *Deposit Returned 2/2/21; Collection Efforts Underway* | 2/26/2021 | | 1/29/2021 | $600 was paid 1/4/2021 and deposited on 1/29/2021; remainder of $1,200 paid and desposited on 2/26/2021 |
| Date Feb. Rent Received | N/A | | | 3/30/2021 | | 2/26/2021 | |
| **Date Feb. Rent Deposited** | N/A | | | 3/30/2021 | | 2/26/2021 | $855 (of $1,600) paid and deposited 2/26/2021 |

EXHIBIT 2
Page 43

Case 8:20-bk-13014-MW   Doc 104   Filed 03/31/21   Entered 03/31/21 12:14:16   Desc
Main Document       Page 28 of 30

Table 1

| Codding PERSONAL Funds Gifted to NHC for Company Expenses | | | | | | |
|---|---|---|---|---|---|---|
| Date | Amount | Reference | Date | | | |
| | | | | | | |
| 11/21/2020 | $2,165.00 | Insurance | 11/21/2021 | | | |
| 12/1/2020 | $500.00 | MOR retainer | 12/1/2002 | | | |
| 12/15/2020 | $2,165.00 | Insurance | 12/15/2021 | | | |
| 1/13/2021 | $200.00 | MOR replenish | 1/13/2021 | | | |
| 1/20/2021 | $2,165.00 | Insurance | 1/20/2021 | | | |
| 1/28/2021 | $325.00 | Quarterly Trustee Fee | 1/28/2021 | | | |
| 2/27/2021 | $14641.00 | Farming expense – labor contractor | 2/27/2021 | $503.96 Refund additional to that deposit from member for Paso Robles inn charge made in error on general account | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| Running total | $22,161.00 | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

EXHIBIT 2
Page 44

Case 8:20-bk-13014-MW    Doc 104    Filed 03/31/21    Entered 03/31/21 12:14:16    Desc
Main Document      Page 29 of 30

X. BALANCE SHEET
(ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
| Unrestricted Cash | 43,096.00 | |
| Restricted Cash | 11,440.00 | |
| Accounts Receivable | 0.00 | |
| Inventory | 0.00 | |
| Notes Receivable | 0.00 | |
| Prepaid Expenses | 0.00 | |
| Other (Itemize) | 0.00 | |
| Total Current Assets | | 54,536.00 |
| | | |
| Property, Plant, and Equipment | 28,000,000.00 | |
| Accumulated Depreciation/Depletion | Unknown | |
| Net Property, Plant, and Equipment | | 28,000,000.00 |
| | | |
| Other Assets (Net of Amortization): | | |
| Due from Insiders | 0.00 | |
| Other (Itemize) | 0.00 | |
| Total Other Assets | | 0.00 |
| | | |
| TOTAL ASSETS | | 28,054,536.00 |
| | | |
| LIABILITIES | | |
| Post-petition Liabilities: | | |
| Accounts Payable | 0.00 | |
| Taxes Payable | 0.00 | |
| Notes Payable | 0.00 | |
| Professional fees | 0.00 | |
| Secured Debt | 0.00 | |
| Other (Itemize) | 0.00 | |
| Total Post-petition Liabilities | | 0.00 |
| | | |
| Pre-petition Liabilities: | | |
| Secured Liabilities | 23,020,244.10 | |
| Priority Liabilities | 0.00 | |
| Unsecured Liabilities | 6,440,000.00 | |
| Other (Itemize) | 0.00 | |
| Total Pre-petition Liabilities | | 29,460,244.10 |
| | | |
| TOTAL LIABILITIES | | 29,460,244.10 |
| | | |
| EQUITY: | | |
| Pre-petition Owners' Equity | (1,543,848.38) | |
| Post-petition Profit/(Loss) | 138,140.28 | |
| Direct Charges to Equity | 0.00 | |
| TOTAL EQUITY | | (1,405,708.10) |
| | | |
| TOTAL LIABILITIES & EQUITY | | 28,054,536.00 |

EXHIBIT 2
Page 45

VI. QUESTIONNAIRE

|   |   | No | Yes |
|---|---|----|-----|
| 1. | Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court?  If "Yes", explain below: | X | ___ |

|   |   | No | Yes |
|---|---|----|-----|
| 2. | Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization?  If "Yes", explain below: | | X |

3. State what progress was made during the reporting period toward filing a plan of reorganization
Farming efforts continue to protect asset value an income stream. Hilco ready to engage in manage sale of assets- pending court approval

4. Describe potential future developments which may have a significant impact on the case:
HilCo anticipates having property marketed with competing bids received by 90 days out.

5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.  None

|   |   | No | Yes |
|---|---|----|-----|
| 6. | Did you receive any exempt income this month, which is not set forth in the operating report?  If "Yes", please set forth the amounts and sources of the income below. | X | ___ |

I,  Leroy Codding, Managing Member
declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

_____          3/15/2021
Principal for Debtor-in-Possession                Date

Revised December 2011                                              USTSV-MORB

Page 30 of 30

EXHIBIT 2
Page 46

# EXHIBIT 3

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  DAVID A. WOOD, #272406
   dwood@marshackhays.com
3  TINHO MANG, #322146
   tmang@marshackhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt
5  Irvine, CA 92620
   Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK
8

9                 UNITED STATES BANKRUPTCY COURT

10      CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11 | In re                          | Case No. 8:20-bk-13014-MW
12 | NORTHERN HOLDING, LLC,         | Chapter 7
13 |        Debtor.                 | NOTICE OF MOTION FOR ORDER
14 |                                | COMPELLING TURNOVER OF ESTATE
   |                                | PROPERTY PURSUANT TO 11 U.S.C. §
15 |                                | 542(A) AND FOR DETERMINATION
   |                                | THAT EVICTION MORATORIA DO NOT
16 |                                | APPLY TO TURNOVER OF
   |                                | BANKRUPTCY ESTATE PROPERTY
17 |                                | Hearing:
18 |                                | Date: August 30, 2021
   |                                | Time: 2:00 p.m.
19 |                                | Ctrm: 6C
   |                                | Address: 411 W. Fourth Street, Santa Ana,
20 |                                | CA 92701

21 TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE

22 OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

23        PLEASE TAKE NOTICE that Richard A. Marshack, in his capacity as Chapter 7 Trustee

24 ("Trustee") of the Bankruptcy Estate ("Estate") of Northern Holding, LLC ("Debtor"), has filed a

25 motion for an order (A) compelling turnover of real estate and various personal property assets

26 located at 2380 Live Oak Rd., Paso Robles, CA ("Live Oak Property"); (2) 1172 San Marcos Road,

27 Paso Robles, CA 93446 ("San Marcos Property"), and (3) real property located at APN 027-145-022

28 in Paso Robles, CA ("Texas Road Property," collectively with the Live Oak Property and the San

                                      1

                                              EXHIBIT 3
                                              Page 48

1   Marcos Property, the "Properties"); and (B) establishing procedures for enforcement of the turnover

2   ("Motion"). Trustee needs possession of the Properties so that he deliver possession of the Properties

3   to any interested buyer without delay for the benefit of the Estate. The Motion is scheduled for the

4   date and time listed on page 1 of the Motion.

5       In this case, property of the Estate principally includes the Properties, which combined,

6   consist of over 470 acres of vineyards, a 7,500 square-foot residence, and 45,000 square-foot wine

7   production facility in Paso Robles, CA. The Properties are currently occupied by Rabbit Ridge

8   Winery and the family of Erich Russell, who allegedly have leases with Debtor that were entered

9   into the day prior to the Petition Date, have refused to turn over possession and vacate, and have

10   failed to pay post-petition rent and failed to pay the post-petition monthly insurance premiums.

11       The failure to turn over the Properties is harming the Estate because no party has made any

12   post-petition rent payments nor were monthly insurance premiums for general liability, excess

13   liability, and property insurance ever paid. Both the Trustee and the principal secured creditor in this

14   case, Farm Credit West, FCLA ("FCW") believes that the continued occupancy of the Properties by

15   parties failing to adequately maintain the Properties or pay any compensation to the Estate results in

16   irreparable harm to the Estate. Additionally, the Trustee has received an offer on the Live Oak

17   Property from a serious, sophisticated party, the Riboli family which operates the San Antonio

18   Winery – and this buyer is deep into its due diligence, including conducting site tests. One of the

19   conditions for the sale of the Live Oak Property is that the Trustee can deliver immediate possession

20   of the Live Oak Property to the buyer. Since his appointment, the Trustee has demanded that Mr.

21   Russell and his family sign a stipulation for turnover of the Properties, including and especially the

22   Live Oak Property, with a continued and sustained lack of a substantive response (i.e. yes or no).

23   The Trustee sought to negotiate in good faith and believes that, at this point, the Russells are simply

24   engaging in bad faith delay tactics. The Court should enter an order directing all occupants of the

25   Live Oak Property, including the Russells and their adult children (who are also living rent-free at

26   the Live Oak Property) to vacate the Properties and remove all personal possessions no later than

27   September 1, 2021.

28   / / /

EXHIBIT 3
Page 49

1    Furthermore, to effectuate any turnover order, Trustee is informed that the United States

2  Marshals Service ("Marshals") also requires a specific finding from the Court that no moratorium on

3  evictions, including the recently-expired moratorium issued by the director of the Centers for

4  Disease Control and Prevention ("CDC") applies, in the event that a writ of assistance is necessary

5  to enforce the turnover order.

6    The complete scope and terms of the relief are detailed in the Motion a copy of which can be

7  obtained by contacting D. Edward Hays or Tinho Mang whose contact information is listed in the

8  top left-hand corner of the first page of this Notice.

9    The Motion is based upon this Notice, the Declaration of Richard A. Marshack,

10  memorandum of points and authorities, the pleadings and files in the Debtor's bankruptcy case, and

11  upon such further oral and documentary evidence as may be presented to the Court. **If you do not**

12  **oppose the motion described above, then you need take no further action.**

13    PLEASE TAKE FURTHER NOTICE that any opposition or other responsive pleadings

14  must be in the form as required by Rules 9013-1(f) and (o) of the Local Bankruptcy Rules and filed

15  with the Clerk of the above-entitled Court no later than 14 days prior to the hearing with a copy

16  served on the professionals at the addresses indicated above. A copy of any response or request for

17  hearing must be served on Marshack Hays LLP to the attention of D. Edward Hays, David A. Wood

18  and Tinho Mang at the address indicated above and served on the Office of the United States

19  Trustee, 411 W. Fourth Street, Suite 7160, Santa Ana, CA 92701. Failure to timely respond may be

20  deemed as acceptance of the proposed employment. *See* LBR 9013-1(h).

21

22   Dated: August 2, 2021              MARSHACK HAYS LLP
                                          /s/ Tinho Mang
23                                     By:_____
                                          D. EDWARD HAYS
24                                        DAVID A. WOOD
                                          TINHO MANG
25                                        Attorneys for Chapter 7 Trustee
                                          RICHARD A. MARSHACK
26

27

28

4837-0183-4931, v. 1

EXHIBIT 3
Page 50

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A TRUE AND CORRECT COPY OF THE FOREGOING DOCUMENT ENTITLED: NOTICE OF MOTION FOR
ORDER COMPELLING TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(A) AND
FOR DETERMINATION THAT EVICTION MORATORIA DO NOT APPLY TO TURNOVER OF
BANKRUPTCY ESTATE PROPERTY WILL BE SERVED OR WAS SERVED **(A)** ON THE JUDGE IN CHAMBERS
IN THE FORM AND MANNER REQUIRED BY LBR 5005-2(D); AND **(B)** IN THE MANNER STATED BELOW:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August
2, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **August 2, 2021**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR**
NORTHERN HOLDING, LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT,
OR TO ANY OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE SERVICE
13217 JAMBOREE RD #429
TUSTIN, CA 92782

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 2, 2021**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

**VIA PERSONAL DELIVERY: PRESIDING JUDGE'S COPY**
HONORABLE MARK S. WALLACE
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 6135 / COURTROOM 6C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 2, 2021 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT 3**
Page 51

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR U.S. TRUSTEE (SA):** Nancy S Goldenberg nancy.goldenberg@usdoj.gov
- **ATTORNEY FOR CREDITOR FARM CREDIT WEST, FLCA:** Michael J Gomez mgomez@frandzel.com, dmoore@frandzel.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR INTERESTED PARTY BANK DIRECT CAPITAL FINANCE:** Elissa Miller emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
- **ATTORNEY FOR DEBTOR NORTHERN HOLDING LLC:** Roksana D. Moradi-Brovia roksana@rhmfirm.com, matt@rhmfirm.com; janita@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; sloan@rhmfirm.com
- **ATTORNEY FOR CREDITOR ADLER BELMONT GROUP, INC.:** Paul F Ready tamara@farmerandready.com
- **ATTORNEY FOR DEBTOR NORTHERN HOLDING LLC:** Matthew D. Resnik matt@rhmfirm.com, roksana@rhmfirm.com; janita@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; sloan@rhmfirm.com
- **UNITED STATES TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CREDITOR FARM CREDIT WEST, FLCA:** Reed S Waddell rwaddell@frandzel.com, sking@frandzel.com
- **ATTORNEY FOR CREDITOR FARM CREDIT WEST, FLCA:** Gerrick Warrington gwarrington@frandzel.com, sking@frandzel.com
- **INTERESTED PARTY COURTESY NEF:** David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

| **INTERESTED PARTY** | **INTERESTED PARTY** | **INTERESTED PARTY** |
|---|---|---|
| ERICH RUSSELL<br>C/O KARI L. LEY, ATTORNEY AT LAW<br>264 CLOVIS AVENUE, SUITE 208<br>CLOVIS, CA 93612 | ERICH RUSSELL<br>2380 LIVE OAK ROAD<br>PASO ROBLES, CA 93446-9693 | JOANNE RUSSELL<br>2380 LIVE OAK ROAD<br>PASO ROBLES, CA 93446-9693 |
| **SECURED CREDITOR** | **SECURED CREDITOR / POC ADDRESS** | **SECURED CREDITOR / POC ADDRESS** |
| FARM CREDIT WEST<br>3755 ATHERTON RD<br>11707 FAIR OAKS BLVD<br>ROCKLIN, CA 95765 | FARM CREDIT WEST, FLCA<br>C/O MICHAEL J. GOMEZ<br>FRANDZEL ROBINS BLOOM & CSATO, L.C.<br>1000 WILSHIRE BOULEVARD, 19TH FLOOR<br>LOS ANGELES, CA 90017-2457 | FARM CREDIT WEST, FLCA<br>ATTN: KEVIN E. RALPH<br>3755 ATHERTON DRIVE<br>ROCKLIN CA 95765-3701 |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                         **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 3
Page 52

**SECURED CREDITOR / POC ADDRESS**
JAMES W. HAMILTON ACTTC
SAN LUIS OBISPO TAX
COLLECTOR
1055 MONTEREY STREET
SUITE D-290
SAN LUIS OBISPO CA 93408-1003

**SECURED CREDITOR**
MORTGAGE LENDER SERVICES AS
AGENT
FARM CREDIT WEST, FLCA, AS
TRUSTEE
11707 FAIR OAKS BLVD
FAIR OAKS, CA 95628-2816

**CREDITOR**
ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF
JUSTICE
BEN FRANKLIN STATION
P.O. BOX 683
WASHINGTON, DC 20044

**CREDITOR**
BANK OF AMERICA
PO BOX 15019
WILMINGTON, DE 19850-5019

**CREDITOR**
CALIFORNIA DEPT OF TAX AND FEE
ADMI
SPECIAL OPS, MIC 29
PO BOX 942879
SACRAMENTO, CA 94279-0005

**CREDITOR**
CAPITAL ONE
P.O. BOX 60599
CITY OF INDUSTRY, CA 91716-0599

**CREDITOR**
CIVIL PROCESS CLERK
UNITED STATES ATTORNEY'S
OFFICE
FEDERAL BUILDING, ROOM 7516
300 NORTH LOS ANGELES
STREET
LOS ANGELES, CA 90012

**CREDITOR**
ELECTRO-STEAM GENERATOR CORP.
50 INDEL AVENUE
RANCOCAS, NJ 08073

**CREDITOR / POC ADDRESS**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

**NO ADDR PROVIDED CREDITOR**
HILCO REAL ESTATE, LLC
5 REVERE DRIVE, SUITE 320
NORTHBROOK, IL 60062

**CREDITOR / POC ADDRESS**
INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

**OTHER PROFESSIONAL**
LEE CODDING
13217 JAMBOREE RD #429
TUSTIN, CA 92782

**CREDITOR**
PG&E
P.O. BOX 99700
SACRAMENTO, CA 95899-7300

**CREDITOR**
RABBIT RIDGE WINE SALES, INC.
179 NIBLICK RD, #406
PASO ROBLES, CA 93446-9693

**CREDITOR**
SUNBELT RENTALS
P.O. BOX 409211
ATLANTA, GA 30384-9211

**CREDITOR**
THOMAS K RACKERBY
C/O TOM PROUNTZOS
GOODMAN NEUMAN HAMILTON
LLP
ONE POST STREET, SUITE 2100
SAN FRANCISCO, CA 94104

**CREDITOR**
WEST COAST WINE PARTNERS
134 CHURCH STREET
SONOMA, CA 95476-6612

**INTERESTED PARTY**
ALL OCCUPANTS OF
2380 LIVE OAK RD.
PASO ROBLES, CA CA 93446-9693

**INTERESTED PARTY**
BRICE GARRETT
2380 LIVE OAK RD.
PASO ROBLES, CA

**INTERESTED PARTY**
SARAH GARRETT
2380 LIVE OAK RD.
PASO ROBLES, CA

**INTERESTED PARTY**
ALL OCCUPANTS OF
1172 SAN MARCOS ROAD
PASO ROBLES, CA 93466

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 3
Page 53

**EXHIBIT 4**

THE LAW OFFICES OF
## KARI L. LEY

| | |
|---|---|
| 264 CLOVIS AVENUE, SUITE 208 | 330 JAMES WAY, SUITE 170 |
| CLOVIS, CALIFORNIA 93612 | PISMO BEACH, CALIFORNIA 93449 |
| TELEPHONE : (559) 324-6545 | TELEPHONE: (805) 295-5550 |
| FACSIMILE:   (559) 324-6548 | FACSIMILE:   (805) 295-5551 |

August 9, 2021

Via Email tmang@marshackhays.com

Mr. Tinho Mang, Esq.
Marshack Hays LLP
870 Roosevelt
Irvine, California 92620

      Re:     In Re Northern Holding, LLC, United States Bankruptcy Court Central District of
                 California - Santa Ana Division Case 8:20-bk-13014 - MW
                 Motion for Turnover Order Scheduled for Hearing August 30, 2021.

Dear Mr. Mang:

      I represent creditor Erich Russell in the above case. I am sending you this letter in an attempt to resolve the dubious turnover motion filed by your office in the above mentioned matter.

      The first concern I have is whether the Bankruptcy Court even has jurisdiction over this matter as it applies to Erich Russell, Joanne Russell, Brice Garrett, and Sarah Garrett individually. While the Court may arguably have personal jurisdiction over Mr. Russell based on the Proof of Claim he filed in the case, it does not have personal jurisdiction over Joanne Russell or the Garretts. As admitted in your moving papers an Adversary Proceeding would normally be required to bring all parties and issues before the Court. Your office has failed to file the necessary Adversary Proceeding (falsely claiming an emergency - which is both legally and factually unsupported)  or personally serving the Russells or Garretts. At that time they would be allowed to file a response and request a trial on the issues. If required to oppose the motion we will insist that an Adversary Proceeding be filed, personally served, and request a jury trial in District Court. Hopefully that can be avoided.

      The second concern I have with the motion is that it claims there is an accepted and agreed upon agreement to purchase the property, and that immediate possession of the two houses on the property are required for the sale. Noticeably missing from your motion is the alleged purchase agreement to support your contentions. It is my understanding that no purchase agreement has been entered into or signed. It is also my understanding that the only interested buyer (the Riboli family) is not even interested in the current possession of the houses. To date their due diligence has focused solely the vineyard and water supply to the Live Oak property.  In addition, it is my understanding that the Riboli family has requested a new well be drilled (at the cost of Farm Credit West "FCW") on the Live Oak property as part of it's due diligence and if FCW refuses to do so they will not purchase the property. So your claim of an actual purchase agreement and an "emergency" lacks factual support.

      The third concern I have is your baseless claim that rent has not been paid by the Russells or Garretts for their occupancy of the two houses. The Agreement to Purchase a Corporation and Real Estate (Exhibit 2 to your motion) wherein Mr. Russell agreed to sell the real property to Northern

1

EXHIBIT 4
Page 55

Holding, LLC,  provided that $163,050 in cash would be left in the account, Mr. Russell would be paid $6,803,050, and the parties would execute a lease regarding the residences on the Live Oak property that would be effective on close. Pursuant to the Agreement to Purchase Northern Holding, LLC, and Erich and Joanne Russell entered into a Residential Lease/Rental Agreement (a copy of which is attached as Exhibit 3 to your motion). The Lease Agreement expressly provides that the $12,000 monthly rental amount would be paid "from vineyard consulting income". Noticeably missing from your motion is a copy of the vineyard and winery consulting agreement which provided the services to be performed by the Russells and their compensation. Your office seems to believe that Mr. Russell's extensive winemaking and farming experience and services are of no value. Without Mr. Russell's knowledge, expertise and tireless efforts in producing the 2021 wine grape crop and operating the winery the property would be in dire condition, and the crop and wine LOST forever. Moreover, the industry rate for the services provided by the Russells is well in excess of $15,000 salary and $12,000 rental credit the Russells were to receive under the consulting agreement.

This brings me to my fourth concern regarding your motion. The grape harvest and wine making season begins in mid to late September. If you attempt to evict and fire Mr. Russell who is going to do that work?

My fifth concern regarding your motion is the current California and Federal eviction moratoriums and protection currently in effect that you baselessly argue are inapplicable. The Russells and Garretts  would have eviction protections under both California and Federal law.

My sixth concern regarding your motion (as well as your office's overall handling of this case) is your complete failure to realize and/or  appreciate the benefits to the Russells of allowing FCW to conduct it's trustee sale. Under California law upon conducting the trustee sale the Russells will be protected by the California anti deficiency and single action rule statutes. Your office's efforts to sell the property for less than fair market or the amount owed to FCW deprives the Russells of this substantial protection and we will fight any efforts you make to sell the property in bankruptcy unless FCW agrees to waive any deficiency claims against the Russells. It is currently our preference that the FCW trustee sale be allowed to go forward

As set forth above there are numerous flaws and substantial issues with your turnover motion which may take months to properly and finally resolve. Notwithstanding, Mr. and Mrs. Russell would be willing to stipulate to vacate the 2380 Live Oak primary residence on or before January 1, 2022 (the deadline in the Lease Agreement)  to give them the time necessary to find a new place to live and sort through 25 years of accumulated property. Mr. Russell is also willing to continue performing the farming and wine making services under the vineyard and winery consulting agreement through that time at the agreed upon monthly $15,000 salary and $12,000 rental credit or other mutually agreeable fee or arrangement. It is my understanding the Garretts would also like to continue living at the second Live Oak residence that they have made substantial improvements to past that date and would be willing to enter into a lease agreement with the new owner when and if that happens. Please let me know your thoughts and positions ASAP as the substantial opposition to your motion is due Monday August 16.

Sincerely,

Kari L. Ley

cc Mr. Erich Russell and Mrs. Joanne Russell

EXHIBIT 4
Page 56

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **REPLY IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR ORDER COMPELLING TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(A) AND FOR DETERMINATION THAT EVICTION MORATORIA DO NOT APPLY TO TURNOVER OF BANKRUPTCY ESTATE PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 23, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

&boxtimes; Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **August 23, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
NORTHERN HOLDING, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY APPOINTMENT
OR LAW TO RECEIVE SERVICE
13217 JAMBOREE RD #429
TUSTIN, CA 92782

**U.S. TRUSTEE**
UNITED STATES TRUSTEE (SA)
411 W FOURTH ST., SUITE 7160
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 23, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY: PRESIDING JUDGE'S COPY**
HONORABLE MARK S. WALLACE
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 6135 / COURTROOM 6C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 23, 2021 | Layla Buchanan | /s/ Layla Buchanan |
| --- | --- | --- |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **William H Brownstein**    Brownsteinlaw.bill@gmail.com
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **Michael J Gomez**    mgomez@frandzel.com, dmoore@frandzel.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Kari L Ley**    Ley1238@att.net
- **Tinho Mang**    tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Elissa Miller**    emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- **Roksana D. Moradi-Brovia**    roksana@rhmfirm.com,
  matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@r
  hmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Paul F Ready**    tamara@farmerandready.com
- **Matthew D. Resnik**    matt@rhmfirm.com,
  roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardi
  s@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Reed S Waddell**    rwaddell@frandzel.com, sking@frandzel.com
- **Gerrick Warrington**    gwarrington@frandzel.com, sking@frandzel.com
- **David Wood**    dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**