D. EDWARD HAYS, #162507
ehays@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

**FILED & ENTERED**

**SEP 07 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** jle    **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>NORTHERN HOLDING, LLC,<br><br>Debtor. | Case No. 8:20-bk-13014-MW<br><br>Chapter 7<br><br>ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE FARM OPERATOR AGREEMENT AND FOR ORDER TO OPERATE DEBTOR'S BUSINESS FOR THE LIMITED PURPOSE OF COMPLETING FALL 2021 HARVEST OF CURRENT CROP OF FRUIT<br><br>▪ EXHIBIT ATTACHED (SIGNATURE PAGE)<br>Hearing:<br>Date:  August 30, 2021<br>Time:  2:00 p.m.<br>Place: Courtroom 6C[1]<br>            411 W. Fourth Street<br>            Santa Ana, CA 92701 |

On August 30, 2021, at 2:00 p.m., the unopposed motion (the "Motion") for entry of an order approving motion to approve a farm operator agreement and for an order authorizing the Trustee to operate the Debtor's business for the limited period of time and for the sole purpose of completing the harvest of the current crop of fruit growing on Debtor's land, filed by

---

[1] Effective as of July 19, 2021, in-person hearing appearances are allowed before Judge Wallace. Otherwise, telephonic appearances are permitted pursuant to the Court's procedures.

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Northern Holding, LLC ("Debtor"), on August 9, 2021, as Dk. No. 186, was heard before the Honorable Mark S. Wallace, United States Bankruptcy Judge. No opposition to the Motion was filed. At the hearing, Tinho Mang appeared on behalf of the Trustee. Reed S. Waddell appeared on behalf of Farm Credit West, FCLA ("FCW"), and the stipulated terms for the use of cash collateral were read into the record and confirmed by FCW. For the reasons set forth in the Motion, and stated on the record, the Court enters its order as follows:

IT IS ORDERED that:

1. The Motion is granted;

2. The farm operator agreement attached to the Motion as Exhibit "1" is approved;

3. The Trustee is authorized to operate the Debtor's business through Leroy Codding for the limited purpose of completing the Fall 2021 harvest pursuant to 11 U.S.C. § 721 to the extent necessary to complete the fall 2021 harvest, with such authorization to terminate at the earliest of: (a) the completion of the fall 2021 harvest; or (b) October 31, 2021;

4. Trustee is authorized to cancel all currently existing grape sales agreements and to renegotiate all such agreements, including entering into and executing any reasonably prudent subsequent grape sales agreements without further order of the Court;

5. The proceeds of all sales of agricultural products ("Crop") grown on: (1) 2380 Live Oak Road, Paso Robles, CA; (2) 1172 San Marcos Road, Paso Robles, CA; and (3) APN 027-145-022 (collectively, the "Properties") shall be paid directly to the Estate and the Trustee is authorized to receive and hold all gross proceeds of the sale of any Crop from the Properties to be disbursed as stated below without further order of the Court;

6. As FCW has consented to such use, Trustee is authorized to, upon receipt of proceeds from the sale of Crop, use cash collateral to pay and reimburse actual and reasonable expenses incurred for harvesting and selling the crops. As stated on the record, the following stipulated provisions are approved:

//

2

    a. All Crops constitute the collateral of FCW and all proceeds of the sale of Crops constitutes FCW's cash collateral;

    b. Pursuant to the consent of FCW, the Trustee may pay and use FCW's cash collateral for the following line items ONLY:

        i. Reasonable reimbursement of farming expenses incurred and actually paid by the Trustee's operator but in no event shall expense reimbursements exceed $400,000;

        ii. All professional expenses of the Trustee reasonably related to the farming operations of the Debtor, including attorneys' fees, the Trustee's compensation pursuant to 11 U.S.C. § 326, and the proposed 5% compensation for the Operator, which amounts shall be segregated by the Trustee and held pending final approval of compensation;

        iii. 50% of all net proceeds over and above the reimbursements listed in paragraphs 6(b)(i)-(ii) may be held by the Trustee as a reserve for the Estate to pay any other unsecured creditor;

        iv. The remaining 50% of net proceeds shall be immediately remitted to FCW without further court order.

###

Date: September 7, 2021

Mark S. Wallace
United States Bankruptcy Judge

3

SIGNATURE PAGE TO ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE FARM OPERATOR AGREEMENT AND FOR ORDER TO OPERATE DEBTOR'S BUSINESS FOR THE LIMITED PURPOSE OF COMPLETING FALL 2021 HARVEST OF CURRENT CROP OF FRUIT

Approved as to Form:

FRANDZEL ROBINS BLOOM & CSATO, L.C.

_____
REED S. WADDELL, Counsel for
FARM CREDIT WEST, FLCA

4

SIGNATURE PAGE TO ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE FARM OPERATOR AGREEMENT AND FOR ORDER TO OPERATE DEBTOR'S BUSINESS FOR THE LIMITED PURPOSE OF COMPLETING FALL 2021 HARVEST OF CURRENT CROP OF FRUIT

Approved as to Form:

FRANDZEL ROBINS BLOOM & CSATO, L.C.

[*See attached signature page*]

_____
REED S. WADDELL, Counsel for
FARM CREDIT WEST, FLCA

4