D. EDWARD HAYS, #162507
ehays@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

FILED & ENTERED

SEP 13 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

NORTHERN HOLDING, LLC,

Debtor.

Case No. 8:20-bk-13014-MW

Chapter 7

ORDER GRANTING MOTION FOR ORDER COMPELLING TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(A) AND FOR DETERMINATION THAT EVICTION MORATORIA DO NOT APPLY TO TURNOVER OF BANKRUPTCY ESTATE PROPERTY

- EXHIBIT ATTACHED (SIGNATURE PAGE)

<u>Hearing:</u>
Date: August 30, 2021
Time: 2:00 p.m.
Place: 6C[1]
    411 W. Fourth Street, Santa Ana, CA

On August 30, 2021, at 2:00 p.m., the motion (the "Motion") for entry of an order (A) compelling turnover of real estate and various personal property assets located at 2380 Live Oak Rd., Paso Robles, CA ("Live Oak Property"); (2) 1172 San Marcos Road, Paso Robles, CA 93446 ("San Marcos Property"), and (3) real property located at APN 027-145-022 in Paso Robles, CA

---

[1] Effective as of July 19, 2021, in-person hearing appearances are allowed before Judge Wallace. Otherwise, telephonic appearances are permitted pursuant to the Court's procedures.

1

("Texas Road Property," collectively with the Live Oak Property and the San Marcos Property, the "Properties"); and (B) establishing procedures for enforcement of the turnover, filed by Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Northern Holding, LLC ("Debtor"), on August 2, 2021, as Dk. No. 162, was heard before the Honorable Mark S. Wallace, United States Bankruptcy Judge. The Court considered the Motion, the supplemental brief filed on August 9, 2021, as Docket No. 185 regarding the CDC moratorium on evictions as of August 3, 2021, the Opposition filed by Erich Russell and Joanne Russell, the Trustee's reply, and the request for judicial notice filed on August 27, 2021 as Docket No. 202 attaching a decision from the United States Supreme Court.

At the hearing, Tinho Mang appeared on behalf of the Trustee. Kari Ley appeared on behalf of Joanne Russell and Erich Russell. Reed S. Waddell appeared on behalf of Farm Credit West, FCLA ("FCW"). For the reasons set forth in the Trustee's reply, and as modified on the record and by the stipulation filed as Docket No. 207 ("Russell Stipulation"), the Court enters its order as follows:

IT IS ORDERED that:

1. The Motion is granted in its entirety as to Sarah Garrett and Brice Garrett ("Garretts");

2. The Garretts must vacate and turn over possession of the Properties to the Trustee, including specifically the Live Oak Property and the residence located thereon, by midnight within seven days of entry of this order ("Garrett Turnover Deadline").

3. The Russell Stipulation is approved in its entirety.

4. As set forth in the Russell Stipulation, Joanne Russell and Erich Russell ("Russells") must vacate and turn over possession of the Properties to the Trustee, including specifically the Live Oak Property and the residence located thereon, by 11:59 p.m. on November 15, 2021 ("Russell Turnover Deadline"). Pursuant to stipulation, the lease agreement entered into between the Debtor and the Russells on October 27, 2020 ("Live Oak Lease") is terminated and all right and interest of the Russells under the Live Oak Lease, including any leasehold, equitable, reversionary, or possessory interest, is terminated.

5. No moratorium on evictions, whether under state or federal law, applies to the Russells or the Garretts (collectively, "Occupants").

6. Occupants are expressly prohibited from damaging the Properties or removing any Estate property, including fixtures, appliances, inventory, machinery, and equipment.

7. The Russells shall not interfere with the Trustee's access or control of the Live Oak Property and shall comply with all requests for access by the Trustee. The Russells shall not obstruct or conceal any information from the Trustee regarding the Live Oak Property. The Russells shall permit showings of the Live Oak Property by the Trustee upon 24 hours' notice.

8. The Garretts shall pay and turn over unpaid, delinquent rent at the rate of $1,200 per month to the Trustee. The rent shall be calculated based on an occupancy starting date of March 1, 2021 and shall continue at the rate of $1,200 per month, pro-rated for any month of partial occupancy. As of September 1, 2021, past due, unpaid rent equals $7,200. The clerk of court may issue an abstract of judgment in accordance with the past due, unpaid rent obligations.

9. Upon full performance of the terms in the stipulation, including the timely move-out and turnover of the Properties by the Russells, the Trustee is authorized to waive any claim for delinquent or unpaid rent arising under the Live Oak Lease at the rate of $12,000 per month, effective as of the Russell Turnover Deadline, without further Court order.

10. Pursuant to Federal Rule of Bankruptcy Procedure 7070, the Clerk of Court is authorized to issue a Writ of Assistance consistent with this Order should any Occupants fail to voluntarily vacate the Properties by the stated deadlines above, and the Trustee is authorized to seek relief on an *ex parte* basis and request procedures for the disposal of personal property. The Clerk of Court may also issue a writ of execution consistent with this Order to enforce the turnover of rents.

/ / /

/ / /

The United States Marshals Service and local law enforcement are authorized to effectuate an eviction of all Occupants to turn over possession of the Properties to the Trustee or his agents should the Occupants fail to comply with the deadlines stated herein, including the use of any reasonable force necessary to effectuate such order.

###

Date: September 13, 2021

Mark S. Wallace
United States Bankruptcy Judge

SIGNATURE PAGE TO ORDER GRANTING MOTION FOR ORDER COMPELLING TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(A) AND FOR DETERMINATION THAT EVICTION MORATORIA DO NOT APPLY TO TURNOVER OF BANKRUPTCY ESTATE PROPERTY

Approved as to Form:

FRANDZEL ROBINS BLOOM & CSATO, L.C.

_/s/ signature_
REED S. WADDELL, Counsel for
FARM CREDIT WEST, FLCA

THE LAW OFFICES OF KARI L. LEY

_____
KARI L. LEY, Counsel for
ERICH RUSSELL and JOANNE RUSSELL

5

SIGNATURE PAGE TO ORDER GRANTING MOTION FOR ORDER COMPELLING TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(A) AND FOR DETERMINATION THAT EVICTION MORATORIA DO NOT APPLY TO TURNOVER OF BANKRUPTCY ESTATE PROPERTY

Approved as to Form:

FRANDZEL ROBINS BLOOM & CSATO, L.C.

_____
REED S. WADDELL, Counsel for
FARM CREDIT WEST, FLCA

THE LAW OFFICES OF KARI L. LEY

_____/s/ Kari L. Ley_____ 9-10-21
KARI L. LEY, Counsel for
ERICH RUSSELL and JOANNE RUSSELL

5

SIGNATURE PAGE TO ORDER GRANTING MOTION FOR ORDER COMPELLING TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(A) AND FOR DETERMINATION THAT EVICTION MORATORIA DO NOT APPLY TO TURNOVER OF BANKRUPTCY ESTATE PROPERTY

Approved as to Form:

FRANDZEL ROBINS BLOOM & CSATO, L.C.

[*See Attached Signature Page*]

_____
REED S. WADDELL, Counsel for
FARM CREDIT WEST, FLCA

THE LAW OFFICES OF KARI L. LEY

[*See Attached Signature Page*]

_____
KARI L. LEY, Counsel for
ERICH RUSSELL and JOANNE RUSSELL