KRISTINE A. THAGARD, #94401
kthagard@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

**FILED & ENTERED**

MAR 04 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY duarte    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

NORTHERN HOLDING, LLC,

    Debtor.

Case No. 8:20-bk-13014-ES

Chapter 7

ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER (1) AUTHORIZING SALE OF REAL PROPERTY LOCATED AT 2380 LIVE OAK ROAD, PASO ROBLES, CA: (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (C) SUBJECT TO OVERBID; (D) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. §363(M); AND (2) AUTHORIZING AMENDMENT TO PURCHASE AND SALE AGREEMENT

- EXHIBIT ATTACHED (SIGNATURES PAGE)

Date:    February 9, 2022[1]
Time:    2:00 p.m.
Ctrm:    6C
Location:  United States Bankruptcy Court
          411 West Fourth Street
          Santa Ana, CA 92701-4593

---

[1] Hearing Date specially set with permission.

1

ORDER APPROVING SALE OF PROPERTY

4833-0726-0118,v.1

On February 9, 2022, at 2:00 p.m., the Court held a hearing on the motion filed by Richard A. Marshack, the duly appointed and acting chapter 7 trustee ("Trustee")[2] for the bankruptcy estate ("Estate") of Northern Holding, LLC ("Debtor"), entitled *"Chapter 7 Trustee's Motion for Order (1) Authorizing Sale of Real Property Located at 2380 Live Oak Road, Paso Robles, CA (A) Outside The Ordinary Course Of Business; (B) Free And Clear Of Liens and Encumbrances; (C) Subject to Overbids; and (D) For Determination of Good Faith Purchasers Under § 363(M; and (2) Authorizing Amendment to Purchase and Sale Agreement"* filed on January 19, 2022, as docket number 278 ("Motion"). Appearances were as noted on the record.

On October 20, 2021, as Dk. No. 238, the Court entered an order granting the Bid Procedure Motion. At the hearing on the Motion, the Court inquired if there were any overbidders. The Court hearing no overbids regarding the real property commonly known as 2380 Live Oak Road, Paso Robles, CA ("Live Oak Property" or "Property") confirmed that Riboli Paso Robles, LLC ("Buyer") was the successful bidder at the price of $9,100,000.

The Property is legally described as follows:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

THE NORTHEAST 1/4 OF SECTION 12, TOWNSHIP 27 SOUTH, RANGE 11 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL 1A:

AN EASEMENT FOR UTILITY PURPOSES BEGINNING AT LIVE OAK ROAD AND EXTENDING NORTH OVER THE EAST 10.00 FEET ON THE NORTHEAST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 12, TOWNSHIP 27 SOUTH, RANGE 11 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL 1B:

AN EASEMENT TO PROVIDE INGRESS, EGRESS, PUBLIC UTILITIES AND INCIDENTAL PURPOSES TO THE SOUTHWEST 1/4 OF THE NORTHEAST ¼ AND

---

[2] All terms not otherwise defined herein are used as they are defined in the Motion.

THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 12, TOWNSHIP 27 SOUTH, RANGE 11 EAST, MOUNT DIABLO BASE AND MERIDIAN, OVER, UNDER AND UPON A STRIP OF LAND 30.00 FEET WIDE LOCATED IN THE SOUTHEAST 1/4 OF SECTION 12, TOWNSHIP 27 SOUTH, RANGE 11 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF, AND LYING EQUALLY ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTERLINE:

BEGINNING AT THE EAST 1/4 CORNER OF SAID SECTION 12, SAID CORNER BEING SHOWN AS A 1/2 INCH REBAR CAPPED RCE 14994 IN BOOK 1 PAGE 159 OF OFFICIAL RECORDS; THENCE ALONG THE NORTHERLY LINE OF THE SOUTHEAST 1/4 OF SAID SECTION 12, SOUTH 89°29'51" WEST, 1,393.11 FEET, MORE OR LESS, TO THE SOUTHWEST CORNER OF THE SOUTHEAST 1/4 OF THE NORTHEAST 1/4 OF SAID SECTION 12 AND THE TRUE POINT OF BEGINNING; THENCE LEAVING SAID NORTHERLY LINE SOUTH 20°22'08" WEST, 701.76 FEET TO A POINT WHICH BEARS SOUTH 70°16' EAST, 17.00 FEET FROM THE CENTER OF A 48 INCH LIVE OAK TREE; THENCE SOUTH 10°30'20" WEST, 341.71 FEET TO A POINT WHICH BEARS SOUTH 79°29' EAST, 15.00 FEET FROM THE CENTER OF A CATTLE GUARD; THENCE SOUTH 79°29' EAST, TO THE CENTER OF LIVE OAK ROAD (COUNTY ROAD NO, M5262).

THE SIDE LINES OF THE ABOVE MENTIONED 30.00 FOOT STRIP SHALL BE LENGTHENED AND SHORTENED TO MEET THE BEGINNING AND ENDING BOUNDARY LINES.

APN: 026-342-039

Based on the evidence submitted in support of the Motion, the Court determines that the Property was subjected to a thorough and commercially reasonable marketing process, and $9,100,000 represents a reasonable and fair market value for the purchase of the Property.

After consideration of the Motion, the declarations and exhibits in support of the Motion, the conditional opposition to the Motion filed by Farm Credit West, FCLA ("FCW"), and the arguments of counsel at the hearing, the Court finds that it has jurisdiction to enter this order, and finds good cause to grant the Motion for the reasons set forth in the Motion and on the record during the hearing. Based on the proof of service of the Motion, and the declaratory evidence attached to the Motion, the Court finds that service of the Motion and notice of the Motion was adequate and proper. The Court incorporates its findings of fact and conclusions of law filed as Docket No. **291** and accordingly, the Court ORDERS as follows:

1. The Motion is granted;

2. No party other than FCW, which has conditionally consented to the sale, having appeared or presented any evidence to the contrary pursuant to 11 U.S.C. § 363(p)(2), the Live Oak Property is property of the Estate which may be sold and administered by Trustee;

3. Trustee is authorized to sell the Live Oak Property pursuant to 11 U.S.C. § 363 and is further authorized to pay from escrow, pursuant to demands submitted to escrow, all liens and encumbrances to the extent provided for in the Motion, including specifically all charges and costs agreed by FCW to be paid in exchange for a release of the Live Oak Property as collateral from FCW DOT 1 (Recording No.[3] 2007-19418) and FCW DOT 2 (Recording No. 2009-5727), which liens shall be paid to the extent of the agreement between FCW and Trustee;

4. Trustee is authorized to sign all documents necessary to consummate the sale and close escrow, including, but not limited to, the purchase and sale agreement, grant deed and escrow instructions, and any amendments;

5. Trustee is authorized to make distributions from the sale of the Live Oak Property in accordance with the stipulated terms with FCW, including that:

   a. Trustee is authorized to pay all customary costs of sale;

   b. Trustee is authorized to pay all property taxes incurred on account of the Live Oak Property out of escrow, to be divided between buyer and seller according to the customary practices for the purchase of similarly situated real property;

   c. Trustee is authorized to pay a broker's commission equal to 1.75% of the sale price out of escrow to Onyx;

   d. Trustee is authorized to pay a broker's commission equal to 1.75% of the sale price out of escrow to Hilco;

   e. Trustee is authorized to receive the reduced compensation equal to 2.25% of the purchase price out of escrow, to be held pending further order;

   f. Trustee is authorized to receive $100,000 out of escrow and hold such amount for the purpose of paying attorneys' fees;

---

[3] All recording numbers herein shall refer to documents recorded with the San Luis Obispo County Recorder's Office.

|     |     |                                                                                                     |
| --- | --- | --------------------------------------------------------------------------------------------------- |
|     | g.  | Trustee is authorized to receive $6,770.78 out of escrow for the Estate as a reimbursement for insurance premiums advanced on behalf of the Estate, once the Trustee submits evidence satisfactory to FCW that this cost was paid for the Estate; |
|     | h.  | Trustee is authorized to receive $15,000 out of escrow for the Estate as a further reserve for future insurance costs, and may return such funds (if unused) to FCW without further order of the Court; |
|     | i.  | Trustee is authorized to receive and hold $30,000 out of escrow for the Estate as a miscellaneous contribution; |
|     | j.  | Trustee is authorized to receive $12,000 out of escrow for the purpose of paying the fees and expenses of Lori Ensley, his field agent; |
|     | k.  | Pursuant to the Stipulation filed as Docket No. 284 and express consent by FCW, Trustee is further authorized to receive and hold $6,000 for the purpose of paying attorneys' fees for the initial investigation into reducing property tax liabilities for the San Marcos Property, but such funds will be immediately disbursed by the Trustee to FCW should FCW foreclose on the Property, as set forth in the Stipulation; and |
|     | l.  | Trustee is authorized to disburse all remaining funds out of escrow to FCW on account of its secured claim, and may adjust and reduce in his business discretion any line item above to ensure that FCW receives no less than $8,250,000 out of escrow; |

6. The sale is in the best interest of the Estate, and the final bid price in the amount of $9,100,000 is a fair market price for the Live Oak Property;

7. Satisfactory declaratory evidence having been provided to the Court of good faith and lack of collusion, Buyer is a good faith purchaser entitled to protection under 11 U.S.C. § 363(m);

8. Except as set forth below in paragraphs 9 through 12, the Property is sold free and clear of all liens, claims, and interests of any creditor which consents to the sale pursuant to 11 U.S.C. § 363(f)(2);

9. The Property is sold free and clear of FCW DOT 1 recorded as document no. 2007-19418, pursuant to 11 U.S.C. § 363(f)(2), upon payment out of escrow to FCW in satisfaction of the agreed-upon provisions in Paragraph 5;

10. The Property is sold free and clear of FCW DOT 2 recorded as document no. 2009-5727, pursuant to 11 U.S.C. § 363(f), upon payment out of escrow to FCW in satisfaction of the agreed-upon provisions in Paragraph 5;

11. The Property is sold free and clear of FCW DOT 3 recorded as document no. 2010-11915, pursuant to 11 U.S.C. § 363(f), upon payment out of escrow to FCW in satisfaction of the agreed-upon provisions in Paragraph 5;

12. The Property is sold free and clear of FCW Advance recorded as document no. 2010-66312, pursuant to 11 U.S.C. § 363(f), upon payment out of escrow to FCW in satisfaction of the agreed-upon provisions in Paragraph 5;

13. The Property is sold free and clear any interest of Erich Russell and Joanne Russell;

14. The Property is sold free and clear of any interest of any non-Debtor third party arising from the Agreement To Purchase and Sell a Corporation and Real Estate, recorded as document no. 2020-61134;

15. The Property is sold free and clear of any interest of any non-Debtor third party arising from the Assumption and Assignment Agreement, recorded as document no. 2020-61135;

16. The Property is sold free and clear of any interest of any non-Debtor third party arising from the Assumption and Assignment Agreement, recorded as document no. 2020-61136;

17. The Property is sold free and clear of any claim that the Property is subject to a trust or lien that might be created under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a, et seq. ("PACA");

18. The Property is sold free and clear of any claim that the Property is subject to a trust or lien that might be created under the Packers and Stockyards Act, 7 U.S.C. §§ 181 *et seq.*, or under similar state laws;

19. The Property is sold free and clear of any rights of any parties in possession of the Property;

20. Except for FCW, the Property is sold free and clear of any interest of any party receiving notice of the hearing who failed to present any evidence of the validity, priority, and extent of its claims or liens against the Property, including but not limited to LeRoy E. Codding IV, Rabbit Ridge Wine Sales, Inc., and any affiliates, principals, employees, or subsidiaries of LeRoy E. Codding IV or Rabbit Ridge Wine Sales, Inc.;

21. The Motion is granted and the Purchase and Sale Agreement and Escrow Instructions, including addendums and amendments attached to the Motion as **Exhibits "1" and "2"** are approved, and Trustee is authorized to execute the PSA, its exhibits and any further necessary amendments thereto;

22. The sale of the Property shall be "as-is" and "where-is" with all faults and without warranty, representation, or recourse whatsoever;

23. The 14-day stay regarding the effectiveness of the order is waived; and

24. This Court retains jurisdiction: (a) to interpret, enforce, and implement the terms and provisions of this sale; and (b) to resolve any disputes arising under or related to this order.

### 

Date: March 4, 2022

Erithe Smith
United States Bankruptcy Judge

SIGNATURE PAGE TO ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER (1) AUTHORIZING SALE OF REAL PROPERTY LOCATED AT 2380 LIVE OAK ROAD, PASO ROBLES, CA: (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (C) SUBJECT TO OVERBID; (D) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. §363(M); AND (2) AUTHORIZING AMENDMENT TO PURCHASE AND SALE AGREEMENT

APPROVED AS TO FORM:

FRANDZEL ROBINS BLOOM & CSATO, L.C.

_/s/ Michael J. Gomez_____
MICHAEL J. GOMEZ
REED S. WADDELL, Attorneys for
FARM CREDIT WEST, FLCA

SULMEYER KUPETZ

_____
VICTOR A. SAHN
STEVE BURNELL, Attorneys for
RIBOLI PASO ROBLES, LLC

8
ORDER APPROVING SALE OF PROPERTY

4833-0726-0118,v.1

SIGNATURE PAGE TO ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER (1) AUTHORIZING SALE OF REAL PROPERTY LOCATED AT 2380 LIVE OAK ROAD, PASO ROBLES, CA: (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (C) SUBJECT TO OVERBID; (D) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. §363(M); AND (2) AUTHORIZING AMENDMENT TO PURCHASE AND SALE AGREEMENT

APPROVED AS TO FORM:

FRANDZEL ROBINS BLOOM & CSATO, L.C.

_____
MICHAEL J. GOMEZ
REED S. WADDELL, Attorneys for
FARM CREDIT WEST, FLCA

SULMEYER KUPETZ

_____
VICTOR A. SAHN
STEVE BURNELL, Attorneys for
RIBOLI PASO ROBLES, LLC

8
ORDER APPROVING SALE OF PROPERTY

4833-0726-0118,v.1

SIGNATURE PAGE TO ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER (1) AUTHORIZING SALE OF REAL PROPERTY LOCATED AT 2380 LIVE OAK ROAD, PASO ROBLES, CA: (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (C) SUBJECT TO OVERBID; (D) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. §363(M); AND (2) AUTHORIZING AMENDMENT TO PURCHASE AND SALE AGREEMENT

APPROVED AS TO FORM:

FRANDZEL ROBINS BLOOM & CSATO, L.C.

[*See Attached Signature Page*]

_____
MICHAEL J. GOMEZ
REED S. WADDELL, Attorneys for
FARM CREDIT WEST, FLCA

SULMEYER KUPETZ

[*See Attached Signature Page*]

_____
VICTOR A. SAHN
STEVE BURNELL, Attorneys for
RIBOLI PASO ROBLES, LLC

8
ORDER APPROVING SALE OF PROPERTY

4833-0726-0118,v.1