D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt Avenue
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

General Counsel for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>NORTHERN HOLDING, LLC,<br><br>Debtor. | Case No. 8:20-bk-13014-SC<br><br>Chapter 7<br><br>TRUSTEE'S STATUS REPORT REGARDING ONGOING CIVIL CONTEMPT PROCEEDINGS<br><br>[OSC DOCKET NO. 359]<br><br>Hearing<br>Date:      July 12, 2023<br>Time:      11:00 a.m.<br>Ctrm:      5C – via ZoomGov<br>Location:  United States Bankruptcy Court<br>           411 West Fourth Street<br>           Santa Ana, CA 92701-4593 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, the chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of

Northern Holding, LLC ("Debtor"), submits this status report regarding the ongoing civil contempt

proceedings against LeRoy E. Codding, IV ("Codding").

## 1.    Factual Restatement

On October 28, 2020, Debtor filed a voluntary petition for bankruptcy under Chapter 11 of

Title 11 of the United States Code, initiating the above-captioned bankruptcy case. Codding was the

managing member of Debtor. Codding is also the managing member of Fluid Wine Fund I, LLC, a

1  Nevada limited liability company ("FWF"), which is the 100% shareholder of Rabbit Ridge Wine

2  Sales, Inc. ("Rabbit Ridge").

3        On June 15, 2021 ("Conversion Date"), the case was converted to Chapter 7. Richard A.

4  Marshack was appointed as the Chapter 7 trustee of the converted case.

5        On August 9, 2021, as Dk. No. 184, a stipulation ("Turnover Stipulation") signed by Trustee

6  and Codding (on behalf of Rabbit Ridge) was filed, where Codding, on behalf of Rabbit Ridge,

7  agreed to entry of an order for turnover of real property commonly known as 1172 San Marcos Road

8  ("San Marcos Property"), and adjacent real property APN No. 027-145-022 ("Texas Road

9  Property").

10        Also on August 9, 2021, as Dk. No. 186, Trustee filed a motion to authorize operations of on

11  Estate properties for the limited purpose of growing, cultivating, and harvesting grapes for the Fall

12  2021 period ("Operate Motion"). Attached to the Operate Motion was a declaration by Codding,

13  signed by Codding, and also a farm operator agreement ("Farm Agreement") signed by Trustee and

14  Codding. The Farm Agreement was jointly drafted by Trustee and Codding. In connection with the

15  Operate Motion, Trustee negotiated a stipulated agreement to use cash collateral with secured

16  creditor Farm Credit West, FLCA (now AgWest Farm Credit, FCLA), which was read into the

17  record at the hearing on the Operate Motion.

18        On August 23, 2021, as Dk. No. 196, the Court entered an order approving the Turnover

19  Stipulation ("Turnover Order").

20        On September 7, 2021, as Dk. No. 211, the Court entered an order approving the Operate

21  Motion and the Farm Agreement ("Operate Order"). Under the Operate Order, Codding was

22  authorized to operate a farming business on the San Marcos Property, Texas Road Property, and a

23  third parcel commonly known as 2380 Live Oak Road, Paso Robles, CA ("Live Oak Property" and

24  together with the other two properties, the "Properties").

25        Between August 26, 2021 and November 24, 2021, Codding and/or Rabbit Ridge directly

26  received funds from the sale of grapes grown on and harvested from the Properties in 2021, in the

27  total amount of $140,931.91. Trustee never provided any authorization to Codding or Rabbit Ridge

28

4877-7732-6389.v.2-1015-146

1  to directly receive any funds from farming operations.

2      On April 1, 2022, as Dk. No. 304, Trustee filed a motion for issuance of an order to show

3  cause re: civil contempt ("OSC Motion"), arguing that Codding's actions violated both the Turnover

4  Order and the Operate Order.

5      On July 1, 2022, as Dk. No. 350, Codding filed an opposition to the OSC Motion.

6      On October 26, 2022, as Dk. No. 359, the Court entered an order to show cause against

7  Codding (previously defined as "OSC"), setting an evidentiary hearing for February 16, 2023, which

8  was eventually continued to May 11, 2023. Trial briefs and evidence was submitted to the Court.

9      On May 11, 2023, the Court conducted a hearing on the OSC, and testimony of witnesses

10  was presented both in person and over ZoomGov. At the conclusion of the hearing, Trustee and

11  Codding entered into stipulated terms to resolve the OSC, which were read into the record. The

12  Court set a continued hearing date for June 15, 2023, at 11:00 a.m.

13      On May 12, 2023, as Dk. No. 394, Trustee filed a stipulation signed by Codding which

14  memorialized and supplemented the terms read into the record ("Contempt Stipulation"). A true and

15  correct copy of the Contempt Stipulation is attached to the Request for Judicial Notice ("RJN") as

16  Exhibit "1." The Contempt Stipulation provided that Codding would, *inter alia*: (1) provide a "full

17  and complete list of any and all vendors, contractors, and invoices which have not been paid in full

18  for any work solely for maintatinig and harvesting grapes from the Properties from August 1, 2021

19  through November 1, 2021 ('Operating Period'), and shall provide contact information for each

20  vendor, contractor , and invoice, and a copy of such invoice"; and (2) pay $140,000 in

21  compensatory sanctions to the Estate, with an option to pay $100,000 by June 1, 2023 with the

22  remaining balance to be waived.

23      On May 16, 2023, as Dk. No. 397, secured creditor AgWest Farm Credit, FCLA ("FCW")

24  filed an objection to the Contempt Stipulation.

25      On May 17, 2023, Codding sent multiple e-mail correspondences to Trustee providing

26  invoices and information regarding the outstanding unpaid contractors and services for the

27  Operating Period.

28

STATUS REPORT RE: CONTEMPT

On May 23, 2023, as Dk. No. 401, the Court entered an order advancing the continued hearing on the OSC to June 14, 2023, at 11:00 a.m. – via ZoomGov, and providing a briefing schedule on FCW's objection to the Contempt Stipulation.

No funds were received by Trustee by 4:59 p.m. Pacific Prevailing Time on June 1, 2023, despite multiple correspondences exchanged between Codding and Trustee regarding the details for delivering payment.

On June 2, 2023, as Dk. No. 405, Trustee and FCW filed a stipulation to resolve FCW's objection to the Contempt Stipulation ("Objection Stipulation").

On June 2, 2023, as Dk. No. 406, the Court entered an order approving the Contempt Stipulation as modified by the Objection Stipulation ("OSC Order"). A true and correct copy of the OSC Order is attached to the RJN as Exhibit "2." The tentative ruling posted in advance of the June 14, 2023 hearing excused appearances, and no appearances were made.

No funds were paid to Trustee by June 15, 2023. Trustee has not received any payments from Codding or any other entity on his behalf to date.

## 2.    Status Report by Trustee

Trustee has been receiving updates from Codding via e-mail on every business day. Codding represented to Trustee that he was in the process of securing funding to make the stipulated payment to the Estate, but no details have been forthcoming. Trustee will leave it to Codding to provide a status update in his own words below.

On June 27, 2023, Trustee was contacted by a trucking company named Skikos Trucking. The representative of Skikos Trucking informed Trustee that there were outstanding invoices in approximately the amount of $19,000 owed by Codding's entity Fluid Wine Fund and also Debtor. Trustee has requested but not yet received a copy of the invoices, and does not know if this company is arguably owed money for farm operating expenses. Codding did not disclose Skikos Trucking as an unpaid vendor. Codding contends, as stated below, that Skikos Trucking is not an Estate creditor.

/ / /

4877-7732-6389v.2-1015-146

## 3.     Status Report by Codding[1]

1) To raise funds for payment to the Trustee, which were never under my control, personally but were reinvested in the 2021 farming effort, I went to a family member. They have a pending real estate transaction. It will provide funding for this, but it's taking too long, as real estate transactions do. For that reason I engaged a bridge lender who is a private party. They are in process of documenting and finalizing vetting on collateral of distinct real property. We have an agreement in place and they have the funds. This is just a matter of process and timing, not in my control. I'm pushing on this with extreme urgency and diligence. Will continue with daily updates to Trustee.

2) Skikos Trucking is not as unpaid vendor related to the estate or farming contract. They have nothing to do with the estate or the trustee. That's all business that occurred post 2021 harvest. It is in no way related. I admire their collections efforts but they are misguided and misdirected. I'm handling via the Fluid entity which also has nothing to do with the case. To be clear, Skikos was excluded from my vendor submission list because they are in no way party to the 2021 harvest, or the estate in any manner.

DATED: June 28, 2023

MARSHACK HAYS LLP

By: _/s/ Tinho Mang_____
D. EDWARD HAYS
TINHO MANG
Attorneys for Chapter 7 Trustee
RICHARD A. MARSHACK

---

[1] The text in this section comes from an e-mail dated June 28, 2023 at 8:23 a.m. from lecoddingiv@icloud.com which contains Codding's comments. The comments are reproduced verbatim with minor formatting adjustments. The e-mail is attached as Exhibit "3."

STATUS REPORT RE: CONTEMPT
4877-7732-6389v.2-1015-146

# REQUEST FOR JUDICAL NOTICE

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Northern Holding, LLC, hereby requests, pursuant to Federal Rule of Evidence 201, that this Court take judicial notice of the following documents:

| EXHIBIT | DESCRIPTION |
| --- | --- |
| 1. | Stipulation filed May 12, 2023, as Dk. No. 394, between Trustee and Codding re: Consent to Adjudication of Civil Contempt and Reimbursement to Estate |
| 2. | Order filed June 2, 2023, as Dk. No. 406, Approving Stipulation between Trustee and Agwest Farm Credit FCLA re: Resolution of Creditors' Objection to Contempt Stipulation |

DATED: June 28, 2023                MARSHACK HAYS LLP


By:  */s/ Tinho Mang*
     D. EDWARD HAYS
     TINHO MANG
     General Counsel for Chapter 7 Trustee,
     RICHARD A. MARSHACK

4872-9284-9000, v. 1

4877-7732-6389v.2-1015-146

**EXHIBIT 1**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt Avenue
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>NORTHERN HOLDING, LLC,<br><br>       Debtor. | Case No. 8:20-bk-13014-SC<br><br>Chapter 7<br><br>STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND LEROY E. CODDING, IV RE: CONSENT TO ADJUDICATION OF CIVIL CONTEMPT AND REIMBURSEMENT TO ESTATE<br><br>_Continued_ Hearing on OSC:<br><br>Date: June 15, 2023<br>Time: 11:00 a.m.<br>Ctrm: 5C – IN PERSON<br>Address: 411 W. Fourth Street, Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

This stipulation ("Stipulation") is entered into between Richard A. Marshack, in his capacity

as Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Northern Holding, LLC

("Debtor"), and Leroy Emerson Codding, IV ("Codding"), an individual in his individual capacity

and in his capacity as the managing member of Fluid Wine Fund I, LLC, a Nevada limited liability

company and as chief executive officer of Rabbit Ridge Wine Sales, Inc., on the other hand. The

Trustee and Codding (together, the "Parties") stipulate to the following:

EXHIBIT 1, PAGE 7

**Recitals**

A.    On October 28, 2020, Debtor filed a voluntary petition for bankruptcy under Chapter 11 of Title 11 of the United States Code, initiating the above-captioned bankruptcy case. Codding was the managing member of Debtor. Codding is also the managing member of Fluid Wine Fund I, LLC, a Nevada limited liability company ("FWF"), which is the 100% shareholder of Rabbit Ridge Wine Sales, Inc. ("Rabbit Ridge").

B.    On March 22, 2021, Farm Credit West, FCLA ("FCW") filed a proof of claim, which was assigned claim number 4-1. FCW's proof of claim was filed as secured claim in the amount of $19,760,789.62. Attached to the proof of claim was a UCC-1 financing statement and continuation statements, identifying the collateral as "All now existing and after acquired goods, farm products, inventory, bulk and cased wine inventory, accounts, accounts receivable, documents, payable intangibles, chattel paper, and general intangibles, trademarks, together with all crops, growing or to be grown on that certain real property…"

C.    Prior to the Conversion Date, Codding entered into an oral contract with Nevarez Farm Labor ("Nevarez") to provide farm labor services at Debtor's properties. Nevarez contends that the services performed at Codding's request were not paid in full.

D.    On June 15, 2021 ("Conversion Date"), the case was converted to Chapter 7. Richard A. Marshack was appointed as the Chapter 7 trustee of the converted case.

E.    On August 9, 2021, as Dk. No. 184, a stipulation ("Turnover Stipulation") signed by Trustee and Codding (on behalf of Rabbit Ridge) was filed, where Codding, on behalf of Rabbit Ridge, agreed to entry of an order for turnover of real property commonly known as 1172 San Marcos Road ("San Marcos Property"), and adjacent real property APN No. 027-145-022 ("Texas Road Property").

F.    Also on August 9, 2021, as Dk. No. 186, Trustee filed a motion to authorize operations of on Estate properties for the limited purpose of growing, cultivating, and harvesting grapes for the Fall 2021 period ("Operate Motion"). Attached to the Operate Motion was a declaration by Codding, signed by Codding, and also a farm operator agreement ("Farm Agreement") signed by Trustee and Codding. The Farm Agreement was jointly drafted by Trustee

EXHIBIT 1, PAGE 8

and Codding. In connection with the Operate Motion, Trustee negotiated a stipulated agreement to use cash collateral with FCW, which was read into the record at the hearing on the Operate Motion.

G.    On August 23, 2021, as Dk. No. 196, the Court entered an order approving the Turnover Stipulation ("Turnover Order").

H.    On September 7, 2021, as Dk. No. 211, the Court entered an order approving the Operate Motion and the Farm Agreement ("Operate Order"). The Operate Order provided, *inter alia*:

> "The Trustee is authorized to operate the Debtor's business through Leroy Codding for the limited purpose of completing the Fall 2021 harvest pursuant to 11 U.S.C. § 721 to the extent necessary to complete the Fall 2021 harvest, with such authorization to terminate at the earliest of: (a) the completion of the fall 2021 harvest; or (b) October 31, 2021" and
>
> "The proceeds of all agricultural products ('Crop') grown on [Estate properties] shall be paid directly to the Estate and the Trustee is authorized to receive and hold all gross proceeds of the sale of any Crop from the Properties to be disbursed as stated below without further order of the Court."

I.    Under the Operate Order, Codding was authorized to operate a farming business on the San Marcos Property, Texas Road Property, and a third parcel commonly known as 2380 Live Oak Road, Paso Robles, CA ("Live Oak Property" and together with the other two properties, the "Properties").

J.    In September 2021, Codding entered into an oral contract with Azcona Harvesting LLC, Emerald Valley Labor, and SoMoCo Labor Supply (collectively, "Harvesters") to provide farm labor at the Properties and assist with harvesting grapes.

K.    Codding informed Harvesters that the work should be invoiced to Fluid Wine Fund I, LLC, a limited liability company owned by Codding. Harvesters contend that their invoices have not been paid.

L.    Between August 26, 2021 and November 24, 2021, Rabbit Ridge directly received funds from the sale of grapes grown on and harvested from the Properties in 2021, as follows:

| Date | Customer | Amount |
|---|---|---|
| 8/26/2021 | Nicora Wine | $20,000 |
| 8/26/2021 | Nicora Wine | $20,000 |
| 8/26/2021 | Nicora Wine | $4,000 |
| 9/10/2021 | Cathartes Aura LLC dba Anarchy Wine Company | $30,000 |

3

STIPULATION RE: CIVIL CONTEMPT

| 9/22/2021 | Pali Wine | $27,471.90 |
| 9/30/2021 | Graveyard Vineyards | $3,285 |
| 10/22/2021 | Pali Wine | $3,877.52 |
| 10/22/2021 | Sycamore Ranch Vineyard & Winery LLC | $2,250 |
| 10/26/2021 | O'Neill Beverages Co. LLC dba O'Neill Vintners & Distillers | $22,297.89 |
| 11/23/2021 | Adelaida Springs Ranch/Rangeland Wines | $7,752 |
| | TOTAL | $140,931.91 |

M.      The funds listed in the table above were received directly by Rabbit Ridge pursuant to instructions given by Codding. Trustee never provided any authorization to Codding or Rabbit Ridge to directly receive any funds from farming operations.

N.      On December 9, 2021, Trustee sent his agent Lori Ensley to the Properties to assist with securing the Properties. On that date, employees of Rabbit Ridge were working inside the San Marcos Property and using winery equipment. The Rabbit Ridge employees were working in the San Marcos Property at Codding's direction.

O.      Trustee contends that the actions taken by Codding violated the Operate Order, the Turnover Order, and the automatic stay of 11 U.S.C. § 362(a)(3).

P.      On April 1, 2022, as Dk. No. 304, Trustee filed a motion for issuance of an order to show cause re: civil contempt ("OSC Motion").

Q.      On July 1, 2022, as Dk. No. 350, Codding filed an opposition to the OSC Motion.

R.      On October 26, 2022, as Dk. No. 359, the Court entered an order to show cause against Codding ("OSC"), setting an evidentiary hearing for February 16, 2023.

S.      On December 8, 2022, as Dk. No. 365, Codding's counsel Goe Forsythe & Hodges LLP ("GFH") filed a motion to withdraw as counsel ("Withdrawal Motion").

T.      On January 3, 2023, as Dk. No. 373, the Court entered an order continuing the hearing on the OSC to April 20, 2023.

U.      On January 4, 2023, as Dk. No. 375, the Court entered an order granting the Withdrawal Motion.

V.      On March 20, 2023, as Dk. No. 380, the Court entered an order further continuing the

EXHIBIT 1, PAGE 10

1  evidentiary hearing to May 11, 2023.

2       W.    On May 11, 2023, the Court conducted a hearing on the OSC, and testimony of

3  witnesses was presented both in person and over ZoomGov. At the conclusion of the hearing, the

4  Parties entered into stipulated terms to resolve the OSC, which were read into the record. This

5  Stipulation serves to supplement the stipulated terms stated on the record.

6       WHEREFORE, the Parties agree as follows:

7       1.    Codding, in his individual capacity and in his capacity as managing member of FWF,

8  and chief executive officer of Rabbit Ridge, stipulates that Leroy E. Codding, IV, Fluid Wine Fund

9  I, LLC, and Rabbit Ridge Wine Sales, Inc. have joint and several liability for payment of $140,000

10 to the Bankruptcy Estate of Northern Holding, LLC.

11      2.    Codding, in his individual capacity and in his capacity as managing member of FWF,

12 and chief executive officer of Rabbit Ridge, waives all rights of reimbursement from the Estate, all

13 claims for a distribution of any kind from the Estate, and all claims for payment from the Estate.

14 Codding, in his individual capacity and in his capacity as managing member of FWF, and chief

15 executive officer of Rabbit Ridge, waives all claims against the Trustee and Trustee's professionals

16 of any kind. This waiver includes but is not limited to a waiver of all rights to recover any operating

17 expenses for the Properties either as an administrative expense under 11 U.S.C. § 503, a waiver of

18 all rights of reimbursement under the Farm Agreement, and a waiver of all claims for actual,

19 consequential, or punitive damages that can be asserted against the Estate for any reason.

20      3.    No later than 11:59 p.m. Pacific Prevailing Time on Wednesday, May 17, 2023,

21 Codding shall provide to Trustee a full and complete list of any and all vendors, contractors, and

22 invoices which have not been paid in full for any work solely for maintaining and harvesting grapes

23 from the Properties from August 1, 2021 through November 1, 2021 ("Operating Period"), and shall

24 provide contact information for each vendor, contractor, and invoice, and a copy of such invoice.

25 Codding understands that if vendors, contractors, or invoices are included which DO NOT arise

26 from farming operations for the Operating Period (but are instead for, e.g., wine processing,

27 marketing, or handling of non-Estate property), this may serve as the basis for a separate contempt

28 proceeding. No later than May 22, 2023, Trustee shall file a declaration regarding Codding's

EXHIBIT 1, PAGE 11

compliance with this paragraph. If Codding has not provided a list of vendors, contractors, and invoices, the Court shall enter an order adjudicating Codding in civil contempt and consider the imposition of appropriate compensatory and coercive sanctions, including the award of compensatory damages including reasonable attorneys' fees, or civil incarceration to coerce Codding to comply with the Court's orders.

4.      If $100,000 is received by the Estate on behalf of Codding, FWF, or Rabbit Ridge by 11:59 p.m. Pacific Prevailing Time on June 1, 2023, either in the form of certified funds or verified funds, the remaining balance owed to the Estate shall be waived.

5.      If $140,000 is not received by the Estate by 11:59 p.m. Pacific Prevailing Time on June 14, 2023, either in the form of certified funds or verified funds, the Court shall enter an order adjudicating Codding in civil contempt and consider the imposition of appropriate compensatory and coercive sanctions, including the award of compensatory damages including reasonable attorneys' fees, or civil incarceration to coerce Codding to comply with the Court's orders.

6.      If payment pursuant to paragraphs 4-5 is not timely made by June 15, 2023, or if there is a material default in this Stipulation, Codding agrees that Trustee may lodge a judgment to aid in enforcement of any unpaid funds or unperformed obligation owed under this Stipulation, under terms consistent with this Stipulation.

7.      Of the funds paid to the Estate, $40,000 shall be allocated to payment of Trustee's attorneys' fees for the prosecution of the contempt proceeding, and no lien of any kind shall attach to such portion of the funds, including the liens of FCW. The remainder of the funds paid under this Stipulation shall be allocated to grape sale proceeds which are currently held in a segregated account by Trustee. All funds shall be held by Trustee pending further order of the Court.

8.      Unless otherwise ordered by the Court, the Parties shall appear in person on June 15, 2023, at 11:00 a.m., for a continued hearing on the OSC and to advise the Court regarding the status of the obligations under this Stipulation. Trustee shall not be required to attend in person unless ordered by the Court, but may appear through counsel.

9.      The Parties consent to the entry of an order approving this Stipulation in substantially the form of the order attached hereto as Exhibit "1."

EXHIBIT 1, PAGE 12

10.    This Stipulation contains the entire agreement of the Parties. In the event of any inconsistency between an order of the Court and this Stipulation, the Court's order shall control. Time is of the essence for the terms of this Stipulation.

11.    Prior to signing this Stipulation, Codding represents that he has read every provision of this Stipulation and been given an opportunity to review, revise, and modify any portion of this Stipulation with which he has a dispute. Prior to signing this Stipulation, Codding has been informed of his right to seek the advice of independent counsel and has been provided an opportunity to seek the advice of counsel.

12.    This Stipulation may be executed in one or more counterparts and facsimile or electronic signatures may be used in filing this document with the Court.

Dated: May 12, 2023

By: _____
RICHARD A. MARSHACK
Chapter 7 Trustee

Dated: May 12, 2023

By: _____
LEROY E. CODDING, IV
individually

Dated: May 12, 2023

By: _____
LEROY E. CODDING, IV
Managing Member for
FLUID WINE FUND I, LLC

Dated: May 12, 2023

By: _____
LEROY E. CODDING, IV
Chief Executive Officer for
RABBIT RIDGE WINE SALES, INC.

Presented by:    MARSHACK HAYS LLP

Dated: May 12, 2023

By: _/s/ Tinho Mang_____
D. EDWARD HAYS
TINHO MANG
Attorneys for Chapter 7 Trustee
RICHARD A. MARSHACK

STIPULATION RE: CIVIL CONTEMPT

EXHIBIT 1, PAGE 13

**EXHIBIT "1"**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt Avenue
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>NORTHERN HOLDING, LLC,<br><br>        Debtor. | Case No. 8:20-bk-13014-SC<br><br>Chapter 7<br><br>ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND LEROY E. CODDING, IV RE: CONSENT TO ADJUDICATION OF CIVIL CONTEMPT AND REIMBURSEMENT TO ESTATE<br><br>*Continued* Hearing on OSC:<br><br>Date: June 15, 2023<br>Time: 11:00 a.m.<br>Ctrm: 5C – IN PERSON<br>Address: 411 W. Fourth Street, Santa Ana, CA 92701 |

On May 11, 2023, the Court conducted an in-person evidentiary hearing on the matter of the Order to Show Cause entered on October 26, 2022, as Docket No. 359 ("OSC"). Tinho Mang of Marshack Hays LLP appeared on behalf of the Chapter 7 Trustee and moving party, Richard A. Marshack ("Trustee"), who was also present. Respondent Leroy E. Codding, IV ("Respondent") appeared *in pro per*. Respondent presented an oral motion for an emergency continuance of the hearing, which was denied. The Court heard opening statements of the parties and witnesses were called and examined by Trustee. At the conclusion of the day's proceedings, the Court indicated that it was inclined to continue the matter for further testimonial evidence. Prior to the hearing being adjourned, Trustee and Respondent stated terms in principle for an agreement to resolve the OSC.

1   The hearing was continued to June 15, 2023, at 11:00 a.m.

2       The Court has reviewed the stipulation ("Stipulation") entered into between Richard A.

3 Marshack, in his capacity as Chapter 7 Trustee of the bankruptcy estate ("Estate") of Northern

4 Holding, LLC ("Debtor"), and Leroy Emerson Codding, IV ("Codding"), an individual in his

5 individual capacity and in his capacity as the managing member of Fluid Wine Fund I, LLC, a

6 Nevada limited liability company and as chief executive officer of Rabbit Ridge Wine Sales, Inc., on

7 the other hand, filed on May ___, 2023, as Docket No. ___.

8       Good cause appearing, the Court enters its order as follows:

9 IT IS ORDERED:

10     1.    The Stipulation is approved.

11     2.    Leroy E. Codding, IV, Fluid Wine Fund I, LLC ("FWF"), and Rabbit Ridge Wine

12 Sales, Inc. ("Rabbit Ridge") have joint and several liability for payment of $140,000 to the

13 Bankruptcy Estate of Northern Holding, LLC.

14     3.    Codding shall have no claim of any kind against the Estate, the Trustee, and/or

15 Trustee's professionals and agents.

16     4.    FWF shall have no claim of any kind against the Estate, the Trustee, and/or Trustee's

17 professionals and agents.

18     5.    Rabbit Ridge shall have no claim of any kind against the Estate, the Trustee, and/or

19 Trustee's professionals and agents.

20     6.    By May 17, 2023, at 11:59 p.m. Pacific Prevailing Time, Codding shall provide to

21 Trustee a full and complete list of any and all vendors, contractors, and invoices which have not

22 been paid in full for any work solely for maintaining and harvesting grapes from the Properties from

23 August 1, 2021 through November 1, 2021 ("Operating Period"), and shall provide contact

24 information for each vendor, contractor, and invoice, and a copy of such invoice. If vendors,

25 contractors, or invoices are included which DO NOT arise from farming operations for the

26 Operating Period (but are instead for, e.g., wine processing, marketing, or handling of non-Estate

27 property), this may serve as the basis for a separate contempt proceeding. No later than May 22,

28 2023, Trustee shall file a declaration regarding Codding's compliance with this paragraph. If

2

ORDER APPROVING STIPULATION RE: CIVIL CONTEMPT

Codding has not provided a list of vendors, contractors, and invoices, the Court shall enter an order adjudicating Codding in civil contempt and consider the imposition of appropriate compensatory and coercive sanctions, including the award of compensatory damages including reasonable attorneys' fees, or civil incarceration to coerce Codding to comply with the Court's orders.

7.    If $100,000 is received by the Estate on behalf of Codding, FWF, or Rabbit Ridge by 11:59 p.m. Pacific Prevailing Time on June 1, 2023, either in the form of certified funds or verified funds, the remaining balance owed to the Estate shall be waived.

8.    If $140,000 is not received by the Estate by 11:59 p.m. Pacific Prevailing Time on June 14, 2023, either in the form of certified funds or verified funds, the Court shall enter an order adjudicating Codding in civil contempt and consider the imposition of appropriate compensatory and coercive sanctions, including the award of compensatory damages including reasonable attorneys' fees, or civil incarceration to coerce Codding to comply with the Court's orders.

9.    If payment is not timely made by June 15, 2023, or if there is a material default in the Stipulation, Trustee may lodge a judgment to aid in enforcement of any unpaid funds or unperformed obligation owed under this Stipulation, under terms consistent with this Order.

10.    Of the funds paid to the Estate, $40,000 shall be allocated to payment of Trustee's attorneys' fees for the prosecution of the contempt proceeding, and no lien of any kind shall attach to such portion of the funds, including the liens of FCW. The remainder of the funds paid under this Stipulation shall be allocated to grape sale proceeds which are currently held in a segregated account by Trustee.

11.    The Parties shall appear in person on June 15, 2023, at 11:00 a.m., for a continued hearing on the OSC and to advise the Court regarding the status of the obligations under this Stipulation. Trustee shall not be required to attend in person unless ordered by the Court, but may appear through counsel.

####

3
ORDER APPROVING STIPULATION RE: CIVIL CONTEMPT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled**: STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND LEROY E. CODDING, IV RE: CONSENT TO ADJUDICATION OF CIVIL CONTEMPT AND REIMBURSEMENT TO ESTATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **May 12, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On  **May 12, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **DEBTOR** | **INTERESTED PARTY** | **SECURED CREDITOR / PROOF OF CLAIM 4-1 ADDRESS** |
|---|---|---|
| NORTHERN HOLDING, LLC ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE 13217 JAMBOREE RD #429 TUSTIN, CA 92782 | LEE CODDING 13217 JAMBOREE ROAD, #429 TUSTIN, CA 92782 | FARM CREDIT WEST, FCLA FRANDZEL ROBINS BLOOM & CSATO, L.C. ATTENTION: MICHAEL GOMEZ 1000 WILSHIRE BOULEVARD, 19TH FLOOR LOS ANGELES, CA  90017 |

| **SECURED CREDITOR / PROOF OF CLAIM 4-1 ADDRESS** | **SECURED CREDITOR** |
|---|---|
| FARM CREDIT WEST, FCLA ATTENTION: KEVIN E. RALPH 3755 ATHERTON DRIVE ROCKLIN, CA  95765 | FARM CREDIT WEST ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE 3755 ATHERTON RD 11707 FAIR OAKS BLVD ROCKLIN, CA 95765 |

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  **May 12, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
US BANKRUPTCY COURT
411 WEST FOURTH STREET, SUITE 5-097
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 12, 2023 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 1, PAGE 18

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **William H Brownstein**    Brownsteinlaw.bill@gmail.com
- **Steve Burnell**    Steve.Burnell@gmlaw.com,
  sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;cheryl.caldwell@gmlaw.com;denise.walker@gmlaw.com
- **ATTORNEY FOR INTERESTED PARTY LEE CODDING: Robert P Goe**    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **Michael J Gomez**    mgomez@frandzel.com, dmoore@frandzel.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Kari L Ley**    Ley1238@att.net
- **Tinho Mang**    tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Elissa Miller**    elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com
- **Roksana D. Moradi-Brovia**    Roksana@rhmfirm.com,
  matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Paul F Ready**    becky@farmerandready.com
- **Matthew D. Resnik**    Matt@rhmfirm.com,
  roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Victor A Sahn**    victor.sahn@gmlaw.com,
  vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmlaw.com
- **Kristine A Thagard**    kthagard@marshackhays.com,
  kthagard@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Reed S Waddell**    rwaddell@frandzel.com, sking@frandzel.com
- **Gerrick Warrington**    gwarrington@frandzel.com, achase@frandzel.com
- **David Wood**    dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

4870-6853-1548

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
                                                **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT 2**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt Avenue
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee
RICHARD A. MARSHACK

**FILED & ENTERED**

**JUN 02 2023**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>NORTHERN HOLDING, LLC,<br><br>Debtor. | Case No. 8:20-bk-13014-SC<br><br>Chapter 7<br><br>ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND AGWEST FARM CREDIT, FCLA RE: RESOLUTION OF CREDITOR'S OBJECTION TO CONTEMPT STIPULATION<br><br>_Continued_ Hearing on OSC:<br><br>Date: June 14, 2023<br>Time: 11:00 a.m.<br>Ctrm: 5C – Via ZoomGov<br>Address: 411 W. Fourth Street, Santa Ana, CA 92701 |

On May 11, 2023, the Court conducted an in-person evidentiary hearing on the matter of the Order to Show Cause entered on October 26, 2022, as Docket No. 359 ("OSC"). Tinho Mang of Marshack Hays LLP appeared on behalf of the Chapter 7 Trustee and moving party, Richard A. Marshack ("Trustee"), who was also present. Respondent Leroy E. Codding, IV ("Respondent") appeared in pro per. Respondent presented an oral motion for an emergency continuance of the hearing, which was denied. The Court heard opening statements of the parties and witnesses were called and examined by Trustee. At the conclusion of the day's proceedings, the Court indicated that it was inclined to continue the matter for further testimonial evidence. Prior to the hearing being adjourned, Trustee and Respondent stated terms in principle for an agreement to resolve the OSC.

ORDER APPROVING STIPULATION

1    The hearing was continued to June 15, 2023, at 11:00 a.m.

2    The Court has reviewed the stipulation ("Stipulation") entered into between Richard A.

3   Marshack, in his capacity as Chapter 7 Trustee of the bankruptcy estate ("Estate") of Northern

4   Holding, LLC ("Debtor"), and Leroy Emerson Codding, IV ("Codding"), an individual in his

5   individual capacity and in his capacity as the managing member of Fluid Wine Fund I, LLC, a

6   Nevada limited liability company and as chief executive officer of Rabbit Ridge Wine Sales, Inc., on

7   the other hand, filed on May 12, 2023, as Docket No. 394.

8    The Court has also reviewed the *Stipulation Between Chapter 7 Trustee And Agwest Farm*

9   *Credit, FCLA Re: Resolution Of Creditor's Objection To Contempt Stipulation* (Docket No. 405)

10  ("FCW Stipulation" and together with the Stipulation, the "Stipulations").

11  Good cause appearing, the Court enters its order as follows:

12    IT IS ORDERED:

13    1.    The Stipulations are APPROVED and incorporated herein, except for paragraph 7 of

14  the Stipulation (Docket No. 394), which is hereby STRICKEN in its entirety and not incorporated

15  into this order or approved.

16    2.    The Court hereby retains jurisdiction to interpret and enforce the Stipulations and this

17  Order approving them.

18    3.    Leroy E. Codding, IV, Fluid Wine Fund I, LLC ("FWF"), and Rabbit Ridge Wine

19  Sales, Inc. ("Rabbit Ridge") have joint and several liability for payment of $140,000 to the

20  Bankruptcy Estate of Northern Holding, LLC.

21    4.    Codding shall have no claim of any kind against the Estate, the Trustee, and/or

22  Trustee's professionals and agents.

23    5.    FWF shall have no claim of any kind against the Estate, the Trustee, and/or Trustee's

24  professionals and agents.

25    6.    Rabbit Ridge shall have no claim of any kind against the Estate, the Trustee, and/or

26  Trustee's professionals and agents.

27    7.    By May 17, 2023, at 11:59 p.m. Pacific Prevailing Time, Codding shall provide to

28  Trustee a full and complete list of any and all vendors, contractors, and invoices which have not

ORDER APPROVING STIPULATION

1  been paid in full for any work solely for maintaining and harvesting grapes from the Properties from

2  August 1, 2021 through November 1, 2021 ("Operating Period"), and shall provide contact

3  information for each vendor, contractor, and invoice, and a copy of such invoice. If vendors,

4  contractors, or invoices are included which DO NOT arise from farming operations for the

5  Operating Period (but are instead for, e.g., wine processing, marketing, or handling of non-Estate

6  property), this may serve as the basis for a separate contempt proceeding. If Codding has not

7  provided a list of vendors, contractors, and invoices, the Court shall enter an order adjudicating

8  Codding in civil contempt and consider the imposition of appropriate compensatory and coercive

9  sanctions, including the award of compensatory damages including reasonable attorneys' fees, or

10 civil incarceration to coerce Codding to comply with the Court's orders.

11        8.       If $100,000 is received by the Estate on behalf of Codding, FWF, or Rabbit Ridge by

12 11:59 p.m. Pacific Prevailing Time on June 1, 2023, either in the form of certified funds or verified

13 funds, the remaining balance owed to the Estate shall be waived.

14        9.       If $140,000 is not received by the Estate by 11:59 p.m. Pacific Prevailing Time on

15 June 14, 2023, either in the form of certified funds or verified funds, the Court shall enter an order

16 adjudicating Codding in civil contempt and consider the imposition of appropriate compensatory and

17 coercive sanctions, including the award of compensatory damages including reasonable attorneys'

18 fees, or civil incarceration to coerce Codding to comply with the Court's orders.

19        10.      If payment is not timely made by June 15, 2023, or if there is a material default in the

20 Stipulation, Trustee may lodge a judgment to aid in enforcement of any unpaid funds or

21 unperformed obligation owed under this Stipulation, under terms consistent with this Order.

22        11.      The funds received by Trustee from Codding shall be received and deposited by

23 Trustee, to be held pending further order of the Court.

24 / / /

25 / / /

26

27

28

4929137v1 | 100967-0004 3

ORDER APPROVING STIPULATION

EXHIBIT 2, PAGE 22

12.    Trustee and Respondent shall appear via ZoomGov on June 14, 2023, at 11:00 a.m., for a continued hearing on the OSC and to advise the Court regarding the status of the obligations under this Stipulation. FCW is not required to attend such hearing.

### ###

Date: June 2, 2023

Scott C. Clarkson
United States Bankruptcy Judge

4929137v1 | 100967-0004 4

ORDER APPROVING STIPULATION

**EXHIBIT 3**

**Layla Buchanan**

| | |
|---|---|
| **From:** | Lee Codding <lecoddingiv@icloud.com> |
| **Sent:** | Wednesday, June 28, 2023 8:28 AM |
| **To:** | Tinho Mang |
| **Cc:** | Richard Marshack |
| **Subject:** | Re: 6/26 Update |
| **Attachments:** | 06-27-23 Marshack - Northern - Joint Status Report Re Civil Contempt 4887-3550-2188 v.1.docx |

Tinho,

Trust you received my date from yesterday, apologies for the late hour. Busy times.


Please find my statement for inclusion in the joint status report below. Thank in advance for including this in the filing. I look forward to providing you another update today!

Statement for inclusion in joint status update:

1)
To raise funds for payment to the Trustee, which were never under my control, personally but were reinvested in the 2021 farming effort, I went to a family member. They have a pending real estate transaction. It will provide funding for this, but it's taking too long, as real estate transactions do.
For that reason I engaged a bridge lender who is a private party. They are in process of documenting and finalizing vetting on collateral of distinct real property. We have an agreement in place and they have the funds. This is just a matter of process and timing, not in my control. I'm pushing on this with extreme urgency and diligence. Will continue with daily updates to Trustee.

2)
Skikos Trucking is not as unpaid vendor related to the estate or farming contract. They have nothing to do with the estate or the trustee. That's all business that occurred post 2021 harvest. It is in no way related. I admire their collections efforts but they are misguided and misdirected. I'm handling via the Fluid entity which also has nothing to do with the case.
To be clear, Skikos was excluded from my vendor submission list because they are in no way party to the 2021 harvest, or the estate in any manner.



Lee Codding
Paso Robles, Calif.
lecoddingiv@icloud.com




On Jun 27, 2023, at 8:04 PM, Tinho Mang <tmang@marshackhays.com> wrote:


Hi Lee,

I did not receive a report today from you. Attached is the joint status report; please fill out where indicated and sign on the line indicated as well. We will handle filing. Thanks.

EXHIBIT 3, PAGE 24

Tinho

---

**From:** Lee Codding <lecoddingiv@icloud.com>
**Sent:** Monday, June 26, 2023 9:20 PM
**To:** Tinho Mang <tmang@marshackhays.com>
**Cc:** Richard Marshack <RMarshack@MarshackHays.com>
**Subject:** Re: 6/26 Update

Hi Tinho,

Thank you, appreciated.

Will do so. Will also continue with daily reports to your office.

Best regards,
Lee


Lee Codding
Paso Robles, Calif.
lecoddingiv@icloud.com


On Jun 26, 2023, at 7:13 PM, Tinho Mang <tmang@marshackhays.com> wrote:

Hi Lee,

We will have a status report due on Wednesday regarding compliance with the stipulated order. The most that I can put in my status report is that you have not yet paid but are working on securing funding. Tomorrow I will circulate to you a form for a status report where you should fill in what you would like to tell the court regarding your efforts to secure funding.

Tinho

---

**From:** Lee Codding <lecoddingiv@icloud.com>
**Sent:** Monday, June 26, 2023 5:58 PM
**To:** Richard Marshack <RMarshack@MarshackHays.com>; Tinho Mang <tmang@marshackhays.com>
**Subject:** 6/26 Update

Gentlemen,

Hope you had a great weekend and Monday got your week off to a good start.

Meeting today with bridge lender went off without a hitch. Title and recording will take a few days time because I have to have a legal involved and everything memorialized.

EXHIBIT 3, PAGE 25

Once funds move, I'll have cashiers check issued, and either Fedex or walk in. Will keep
you posted on the timing in the coming days – will continue updating daily.

Thank you,
Lee

Lee Codding
Paso Robles, Calif.
lecoddingiv@icloud.com

EXHIBIT 3, PAGE 26

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled**: TRUSTEE'S STATUS REPORT REGARDING ONGOING
CIVIL CONTEMPT PROCEEDINGS** will be served or was served **(a)** on the judge in chambers in the form and manner
required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June
28, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
                                                                               ☒  Service information continued on attached page
**2.  SERVED BY UNITED STATES MAIL**: On **June 28, 2023**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| **DEBTOR** | **INTERESTED PARTY** | **SECURED CREDITOR / PROOF OF CLAIM 4-1 ADDRESS** |
|---|---|---|
| NORTHERN HOLDING, LLC | LEE CODDING | FARM CREDIT WEST, FCLA |
| ATTN: OFFICER, A MANAGING OR GENERAL | 13217 JAMBOREE ROAD, | FRANDZEL ROBINS BLOOM & |
| AGENT, OR TO ANY OTHER AGENT | #429 | CSATO, L.C. |
| AUTHORIZED BY APPOINTMENT OR LAW TO | TUSTIN, CA 92782 | ATTENTION: MICHAEL GOMEZ |
| RECEIVE SERVICE | | 1000 WILSHIRE BOULEVARD, |
| 13217 JAMBOREE RD #429 | | 19TH FLOOR |
| TUSTIN, CA 92782 | | LOS ANGELES, CA  90017 |

| **SECURED CREDITOR / PROOF OF CLAIM 4-1 ADDRESS** | **SECURED CREDITOR** |
|---|---|
| FARM CREDIT WEST, FCLA | FARM CREDIT WEST |
| ATTENTION: KEVIN E. RALPH | ATTN: OFFICER, A |
| 3755 ATHERTON DRIVE | MANAGING OR GENERAL |
| ROCKLIN, CA  95765 | AGENT, OR TO ANY OTHER |
| | AGENT AUTHORIZED BY |
| | APPOINTMENT OR LAW TO |
| | RECEIVE SERVICE |
| | 3755 ATHERTON RD |
| | 11707 FAIR OAKS BLVD |
| | ROCKLIN, CA 95765 |

                                                                               ☐  Service information continued on attached page
**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:  Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **June 28, 2023**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.
**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
US BANKRUPTCY COURT
411 WEST FOURTH STREET, SUITE 5-097
SANTA ANA, CA 92701-4593
                                                                               ☐  Service information continued on attached page
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 28, 2023 | Layla Buchanan | _/s/ Layla Buchanan_ |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **William H Brownstein**    Brownsteinlaw.bill@gmail.com
- **Steve Burnell**    Steve.Burnell@gmail.com,
  sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;cheryl.caldwell@gmlaw.com;denise.walker@gmlaw.com
- **ATTORNEY FOR INTERESTED PARTY LEE CODDING: Robert P Goe**    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **Michael J Gomez**    mgomez@frandzel.com, dmoore@frandzel.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Kari L Ley**    Ley1238@att.net
- **Tinho Mang**    tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Elissa Miller**    elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com
- **Roksana D. Moradi-Brovia**    Roksana@rhmfirm.com,
  matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Paul F Ready**    becky@farmerandready.com
- **Matthew D. Resnik**    Matt@rhmfirm.com,
  roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Victor A Sahn**    victor.sahn@gmlaw.com,
  vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmlaw.com
- **Kristine A Thagard**    kthagard@marshackhays.com,
  kthagard@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Reed S Waddell**    rwaddell@frandzel.com, sking@frandzel.com
- **Gerrick Warrington**    gwarrington@frandzel.com, achase@frandzel.com
- **David Wood**    dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

4870-6853-1548
4878-3681-2132, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                      **F 9013-3.1.PROOF.SERVICE**