D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

General Counsel for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re<br><br>NORTHERN HOLDING, LLC,<br><br>Debtor. | Case No. 8:20-bk-13014-SC<br><br>Chapter 7<br><br>TRUSTEE'S STATUS REPORT REGARDING ONGOING CIVIL CONTEMPT PROCEEDINGS<br><br>[CONTEMPT ORDER DOCKET NO. 424]<br><br><u>Continued Hearing</u><br>Date:     November 12, 2024<br>Time:     11:00 a.m.<br>Ctrm:     5C<br>Location: United States Bankruptcy Court<br>             411 West Fourth Street<br>             Santa Ana, CA 92701-4593 |
|---|---|

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, the chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of Northern Holding, LLC ("Debtor"), submits this status report regarding the ongoing civil contempt proceedings against LeRoy E. Codding, IV ("Codding"), in advance of the hearing on November 12, 2024.

**1.    Brief Factual Restatement**

On October 28, 2020, Debtor filed a voluntary petition for bankruptcy under Chapter 11 of Title 11 of the United States Code, initiating the above-captioned bankruptcy case. Codding was the managing member of Debtor.

1  On May 11, 2023, the Court conducted a hearing on an order to show cause re: civil contempt, and testimony of witnesses was presented both in person and over ZoomGov. At the conclusion of the hearing, Trustee and Codding entered into stipulated terms to resolve the OSC, which were read into the record. The Court set a continued hearing date for June 15, 2023, at 11:00 a.m.

On May 12, 2023, as Dk. No. 394, Trustee filed a stipulation signed by Codding which memorialized and supplemented the terms read into the record ("Contempt Stipulation"). The Contempt Stipulation provided that Codding would pay up to $140,000 to the Estate by June 14, 2023, or otherwise would agree to be adjudicated in contempt.

On May 16, 2023, as Dk. No. 397, secured creditor AgWest Farm Credit, FLCA ("FCW") filed an objection to the Contempt Stipulation, regarding the treatment of the contempt sanctions. This objection was later resolved by stipulation.

No funds were received by June 14, 2023.

On July 28, 2023, as Dk. No. 416, the parties filed a subsequent stipulation providing an increased payment of $160,000 to be made by September 12, 2023, by Codding, which stipulation was approved by an order of the Court entered as Docket No. 417.

No funds were received by September 12, 2023.

On September 13, 2023, as Dk. No. 421, a further status report was filed where Codding offered to pay an increased amount of $170,000. However, no funds were received by the date of the continued hearing on September 27, 2023. At the hearing, the Court found that Codding should be adjudicated in civil contempt, and set a continued hearing for October 18, 2023.

On October 5, 2023, as Dk. No. 424, the Court entered an order adjudicating Codding in civil contempt ("Contempt Order"). The Contempt Order provided that the agreed amount of $170,000 must be paid by Codding no later than October 7, 2023, at 11:50 p.m. Pacific Prevailing Time.

No funds were received by October 7, 2023. At the hearing on October 18, 2023, the Court set a further continued hearing for November 8, 2023, based in part on Codding's representation that he would obtain funds by October 31, 2023.

No funds were received by October 31, 2023.

On November 6, 2023, as Dk. No. 430, Trustee filed a status report regarding Codding's updated statement that he would obtain a cashier's check for $170,000 by Friday, November 10, which was two days after the scheduled hearing. Based on Codding's representation, the parties jointly requested that the hearing be continued for approximately one week. Based on the status report, the Court vacated the hearing on November 8, 2023, and set a further hearing on November 16, 2023, at 11:00 a.m.

No cashier's check was received by Trustee by November 10, 2023.

On November 14, 2023, as Dk. No. 434, Trustee filed a status report regarding Codding's updated statement that he would obtain a cashier's check for $175,000 by Friday, November 15, which was two days prior to the scheduled hearing. Based on Codding's representation, the parties jointly requested that the hearing be continued for approximately one week. Based on the status report, the Court vacated the hearing on November 16, 2023, and set a further hearing on December 6, 2023, at 11:00 a.m. Codding informed Trustee on December 4, 2023, that he had an attorney meeting on December 6, 2023, at 2:00 p.m. (i.e. three hours after the hearing), to assist with obtaining the loan.

No funds received by Trustee by the continued hearing on December 6, 2023. The Court continued the hearing to January 9, 2024, at 11:00 a.m., with a status report due seven days in advance.

On January 2, 2024, as Docket No. 441, Trustee filed an updated status report with the Court.

At the hearing on January 9, 2024, the Court imposed additional sanctions of $200 per day on Codding for his continuing failure to turn over and pay the monetary sanctions to Trustee, and, after hearing Trustee's concerns about Codding's obfuscation, also directed Codding to make the third parties available to communicate with Trustee.

On January 10, 2024, as Dk. No. 442, the Court entered an order providing for additional monetary sanctions of $200 per day starting from January 9, 2024.

On January 19, 2024, as Dk. No. 444, Trustee submitted a further status report stating that

based on Trustee's investigation, it appeared that Codding had made material misrepresentations to both the Court and the Trustee regarding his ability to obtain a loan secured by real property owned by his stepfather, Charles Munch. In summary, Trustee and his counsel spoke with the purported lender for Codding's loan, and the attorneys representing the trustees of the Charles Munch family trusts, and was informed that Codding had never told the trust attorneys that he intended on obtaining a portion of the proceeds from a loan which was intended for the benefit of Charles Munch. Based on this conversation, Trustee believed that Codding had made material misrepresentations to the Court.

On January 26, 2024, as Dk. No. 446, Trustee filed, as a courtesy to Codding, certain documents that he requested to be filed in response to Trustee's allegations of misrepresentations.

On February 1, 2024, as Dk. No. 447, the Court entered an order continuing the status conference to February 27, 2024, and suspending the additional monetary sanctions of $200 per day.

On February 20, 2024, as Dk. No. 451, Trustee submitted a further status report stating that based on Trustee's investigation, it appeared that Codding may have made material misrepresentations to the Court regarding the loan.

On February 20, 2024, as Dk. No. 452, Trustee filed, as a courtesy to Codding, certain documents that he requested to be filed in response to Trustee's allegations of misrepresentations.

On April 2, 2024, as Dk. No. 467, the Court entered an order re further adjudication of civil contempt ("April 2 Order").

On April 11, 2024, as Dk. No. 470, the Court entered an order modifying the April 2 Order and Setting Continued Status Conference on Contempt.

On May 28, 2024, as Dk. No. 475, the Court entered an order continuing the status conference to July 2, 2024.

On August 16, 2024, as Dk. No. 480, the Court entered an order continuing the status conference to September 10, 2024. The status conference has now been continued to November 12, 2024.

## 2. Status Report

On April 2, 2024, Trustee's counsel contacted the United States Marshals Service ("Marshals") asking for information on the status of the Marshals locating Codding. Counsel was forwarded to the Marshals' office in Los Angeles and informed that the Los Angeles office would be the one to enforce the body detention order.

On April 3, 2024, counsel received a voicemail from Deputy Rojas from the Marshals' Los Angeles office stating that so long as the body detention order had been issued and delivered, that it would be executed "whenever we get the time."

On June 26, 2024, Trustee and counsel again contacted the Marshals' office via telephone and spoke with Deputy Cabanas in the Santa Ana office, and a copy of the body detention order was e-mailed to Deputy Cabanas and Trustee was informed that the Marshals would immediately seek to locate Codding.

On August 19, 2024, Trustee and counsel again contacted the Marshals' office and requested an update. Deputy Cabanas informed Trustee that the Santa Ana office would not be able to handle the request, but that the Los Angeles office would handle the body detention order. Trustee left a voicemail for Deputy Marshal Picou at the Los Angeles office requesting an update and offering assistance.

Between August 19-23, 2024, Trustee provided information upon request to Deputy Marshal Picou for last known residences.

Trustee also has not received any communications from Mr. Codding since March 2024.

The above information was previously provided in prior status reports; comments below this line are for further developments.

On September 19, 2024, Trustee received some information that Mr. Codding was residing in the Eastern District of California. Trustee informed Deputy Marshal Picou and he informed Trustee that the body detention paperwork would be transferred to the Eastern District of California for processing. No further updates have been received. A voicemail to the Civil Division for the U.S. Marshals Service of the Eastern District of California has not yet been returned.

Separately, a creditor in this estate has received a response from Mr. Codding in September 2024 after serving notice on 1605 Commerce Way, Paso Robles, CA 93446.

DATED: November 7, 2024          MARSHACK HAYS WOOD LLP

By: */s/ Tinho Mang*
    D. EDWARD HAYS
    TINHO MANG
    Attorneys for Chapter 7 Trustee
    RICHARD A. MARSHACK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **TRUSTEE'S STATUS REPORT REGARDING ONGOING CIVIL CONTEMPT PROCEEDINGS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 7, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **November 7, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
NORTHERN HOLDING, LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE
13217 JAMBOREE RD #429
TUSTIN, CA 92782

**INTERESTED PARTY**
LEE CODDING
13217 JAMBOREE ROAD, #429
TUSTIN, CA 92782

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 7, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

**Email:** lecoddingiv@icloud.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 7, 2024 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **William H Brownstein**    Brownsteinlaw.bill@gmail.com
- **Steve Burnell**    Steve.Burnell@gmlaw.com, sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;cheryl.caldwell@gmlaw.com;denise.walker@gmlaw.com
- **Kevin W Coleman**    kcoleman@nutihart.com, admin@nutihart.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **Michael J Gomez**    mgomez@frandzel.com, dmoore@frandzel.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Kari L Ley**    Ley1238@att.net
- **Tinho Mang**    tmang@marshackhays.com, tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Elissa Miller**    elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com
- **Paul William Moncrief**    Paul@Moncriefhart.com
- **Roksana D. Moradi-Brovia**    Roksana@rhmfirm.com, matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Paul F Ready**    becky@farmerandready.com
- **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Victor A Sahn**    victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmlaw.com
- **Kristine A Thagard**    kthagard@marshackhays.com, kthagard@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Reed S Waddell**    rwaddell@frandzel.com, sking@frandzel.com
- **Gerrick Warrington**    gwarrington@frandzel.com, achase@frandzel.com
- **David Wood**    dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;alinares@ecf.courtdrive.com

4880-6560-2531, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**