D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

FILED & ENTERED

MAR 12 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte     DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>NORTHERN HOLDING, LLC,<br><br>Debtor. | Case No. 8:20-bk-13014-SC<br><br>Chapter 7<br><br>ORDER SETTING CONTINUED STATUS CONFERENCE ON CONTEMPT<br><br>[ORDERS CONTINUING HEARING AND FOR PERSONAL APPEARANCE OF LEROY CODDING – DK. 453, 463, 467, 470, 475, 480, 485, 495]<br><br>Status Hearing on Contempt<br>Date:    March 11, 2025<br>Time:   11:00 a.m.<br>Ctrm:   5C<br>Address: 411 W. Fourth Street<br>              Santa Ana, CA 92701<br><br>*Continued* Status Hearing on Contempt:<br>Date:    March 25, 2025<br>Time:   12:00 p.m. (noon)<br>Ctrm:   5C<br>Address: 411 W. Fourth Street<br>              Santa Ana, CA 92701 |

On March 11, 2025, at 11:00 a.m., the Court held a continued hearing on its order adjudicating Leroy Emerson Codding, IV ("Codding") in civil contempt, which order was entered on October 5, 2023, as Docket No. 424 ("Sanctions Order").

Separately, on February 28, 2024, as Docket No. 453, the Court entered an order directing Codding to personally appear on March 12, 2024, at 11:00 a.m. ("Order for Personal Appearance"),

1

but Codding did not appear. On March 19, 2024, as Docket No. 463, the Court entered an order adjudicating Codding in contempt of the Order for Personal Appearance and directing Codding to appear in person on March 26, 2024, at 11:00 a.m. in order to purge his contempt of the Order for Personal Appearance and imposing a sanction of $1,000 ("March 19 Order"), but Codding did not appear on March 26. The Court further entered an order on April 2, 2024, as Docket No. 467 ("April 2 Order"), directing Codding to appear on April 9, 2024, at 11:00 a.m., and imposing additional sanctions of $1,500, but Codding did not appear on April 9. The Court further entered an order on April 11, 2024, as Docket No. 470, setting additional dates ("April 11 Order"). The Court entered a further order on May 28, 2024, setting additional dates ("May 28 Order"). On August 16, 2024, as Dk. No. 480, the Court set a continued status conference and requiring appearances ("August 16 Order"). On November 8, 2024, as Dk. No. 485, the Court entered an order setting a further continued status conference on February 18, 2025 ("November 8 Order").

At the hearing on March 11, 2025, at 11:00 a.m., Tinho Mang of Marshack Hays Wood LLP appeared on behalf of Richard A. Marshack, Chapter 7 Trustee ("Trustee"). Mr. Codding appeared in the custody of the United States Marshals Service ("Marshals") and spoke on the record regarding his representations to the Court about coming into compliance with the Court's prior orders. Specifically, Mr. Codding represented to the Court on the record that if he was released from custody, he would voluntarily return and appear before the Court every two weeks and deliver $10,000 in certified funds to the Trustee every two weeks until all funds required to be repaid were repaid. On March 11, 2025, as Docket No. 495, the Court entered its order directing the Marshals to release Mr. Codding and imposing additional monetary sanctions ("Release Order").

Good cause appearing, based on the oral representations made to the Court by Mr. Codding, and for the reasons discussed on the record, the Court enters its order as follows:

**IT IS ORDERED THAT**:

1. Leroy Emerson Codding, IV remains in civil contempt of the Sanctions Order. Specifically, Mr. Codding has not turned over the funds that he was ordered to turn over, in the amount of $174,600, consisting of $170,000 in the amount he agreed to turn over by October 7, 2023, at 11:59 p.m. Pacific Prevailing Time, and $4,600 in daily monetary sanctions for his prior

adjudicated contempt of the Sanctions Order. Mr. Codding may purge his contempt of the Sanctions Order by paying all monetary sanctions which are due and owing to the Trustee. All payments shall be made in the form of verified or certified funds (such as a cashier's check or money order) made payable to "Richard A. Marshack, Chapter 7 Trustee" and drawn from a reputable financial institution. Trustee has no obligation to attempt to negotiate any unverified funds such as a personal check.

2. A continued hearing on the unpurged contempt of Leroy E. Codding, IV is set for March 25, 2025, at 12:00 p.m. Trustee shall file a status report seven (7) days in advance of the continued hearing.

3. All prior orders of this Court remain in full force and effect. If Mr. Codding violates any of the conditions that he voluntarily placed on himself, Trustee may immediately inform the Court to seek the issuance of necessary and appropriate coercive sanctions in the Court's discretion. Specifically:

    a. Mr. Codding agreed on the record that he would, upon retrieving his cellular phone, contact Trustee's counsel Tinho Mang and provide his location through the Apple application "Find My" to Trustee's counsel no later than the close of business on March 12, 2025, and keep such location tracking active until his civil contempt has been purged.

    b. Mr. Codding stated that his current telephone number was 408-348-3963 and his current mailing address was 158 N. Center Street, Orange, CA, and that he would immediately inform the Trustee if he were to move.

    c. Mr. Codding represented to the Court that he would return to the Court every two weeks and pay $10,000 to the Trustee every two weeks until all compensatory sanctions were paid in full.

4. Pursuant to the Release Order, Mr. Codding was sanctioned the amount of $20,000 in compensatory damages, which amount shall be paid *in addition to* all other amounts previously ordered.

5. The Court reserves jurisdiction to impose any additional coercive sanctions that it deems necessary and appropriate under the circumstances. Nothing in this order limits any previously imposed sanctions entered against Mr. Codding.

6. The provisions of this order are civil and not criminal in nature and are designed only to coerce compliance with this Court's orders and judgments.

###

Date: March 12, 2025

Scott C. Clarkson
United States Bankruptcy Judge

4864-9027-4787, v. 1